**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

EASTERN DISTRICT OF WASHINGTON

Case number *(if known)* ____________ Chapter **11**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/20**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

**1. Debtor's name** — **Easterday Ranches, Inc.**

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN) — **91-0927242**

**4. Debtor's address**

**Principal place of business**

**5235 N. Industrial Way**
**Pasco, WA 99301**
Number, Street, City, State & ZIP Code

**Franklin**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

**152330 S. Nine Canyon Road**
**Kennewick, WA 99337**
Number, Street, City, State & ZIP Code

**5. Debtor's website** (URL) — **www.easterdayfarms.com**

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:

21-00141-WLH11 Doc 1 Filed 02/01/21 Entered 02/01/21 12:49:07 Pg 1 of 68

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**1121**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

District ______ When ______ Case number ______

District ______ When ______ Case number ______

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

Debtor ______ Relationship ______

District ______ When ______ Case number, if known ______

21-00141-WLH11 Doc 1 Filed 02/01/21 Entered 02/01/21 12:49:07 Pg 2 of 68

**11. Why is the case filed in *this district?***

*Check all that apply:*

- [x] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- [ ] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- [ ] No
- [x] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard?
- [ ] It needs to be physically secured or protected from the weather.
- [x] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- [ ] Other

**Where is the property?** **152330 S. Nine Canyon Road Kennewick, WA, 99337-0000**
Number, Street, City, State & ZIP Code

*See Rider 1 for additional locations of personal property that requires immediate attention

**Is the property insured?**

- [ ] No
- [x] Yes. Insurance agency **Mutual of Enumclaw Insurance Company**
  Contact name **Payne West Insurance, Inc.**
  Phone **509-946-6161**

## Statistical and administrative information

**13. Debtor's estimation of available funds**

. *Check one:*

- [x] Funds will be available for distribution to unsecured creditors.
- [ ] After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ■ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

Rider 1 to Voluntary Petition

Additional Locations of Personal Property that Requires Immediate Attention

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- 8230 Blanton Rd., Eltopia, WA  99330

- 1499 Rd 12.5W, Royal City, WA  99357

- 515 Bellflower Rd., Mesa, WA  99343

- 4021 West Klamath, Basin City, WA  99343

- 16001 Rd D SE, Othello, WA  99344

- 11701 R-170, Mesa, WA  99343.

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 02/01/21
MM / DD / YYYY

X [signature]
Signature of authorized representative of debtor

**Peter Richter and T. Scott Avila**
Printed name

Title **Chief Restructuring Officers**

**18. Signature of attorney**

X [signature]
Signature of attorney for debtor

Date ______
MM / DD / YYYY

**Thomas A. Buford**
Printed name

**Bush Kornfeld LLP**
Firm name

**601 Union Street**
**Suite 5000**
**Seattle, WA 98101**
Number, Street, City, State & ZIP Code

Contact phone **206-292-2110** Email address **tbuford@bskd.com**

**WSBA 52969**
Bar number and State

Debtor Easterday Ranches, Inc.
Name

Case number (*if known*)

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 02/01/21
MM / DD / YYYY

X
Signature of authorized representative of debtor

**Peter Richter and T. Scott Avila**
Printed name

Title **Chief Restructuring Officers**

**18. Signature of attorney**

X
Signature of attorney for debtor

Date
MM / DD / YYYY

**Thomas A. Buford**
Printed name

**Bush Kornfeld LLP**
Firm name

**601 Union Street**
**Suite 5000**
**Seattle, WA 98101**
Number, Street, City, State & ZIP Code

Contact phone **206-292-2110** Email address **tbuford@bskd.com**

**WSBA 52969**
Bar number and State

**CERTIFICATE OF SECRETARY**

**Regarding**
**Resolutions of the**
**Board of Directors of**
**EASTERDAY RANCHES, INC.**

**ADOPTED JANUARY 31, 2021**

The undersigned hereby certifies that he is the duly elected and qualified acting Secretary of the Easterday Ranches, Inc., a Washington corporation (the "***Company***"), and further certifies in such capacity that attached hereto as **Exhibit A** is a true, complete and correct copy of resolutions of the board of directors of the Company. Such resolutions have not been amended, modified or rescinded since their adoption and remain in full force and effect as of the date hereof.

**IN WITNESS WHEREOF**, the undersigned has executed this Secretary's Certificate as of the date first set forth above.

Name: Peter Richter
Title: Secretary

DOCS_NY:42169.1 20375/001

**EXHIBIT A**

**RESOLUTIONS OF THE BOARD OF DIRECTORS OF EASTERDAY RANCHES, INC. (the "Company")**

**ADOPTED JANUARY 31, 2021**

## I APPOINTMENT OF OFFICERS

**WHEREAS,** Cody Allen Easterday, Debby Easterday and Karen L. Easterday have resigned from all officer positions held with the Company;

**NOW, THEREFORE, BE IT RESOLVED**, that effective immediately each of the following individuals is hereby appointed to the officer position(s) set forth next to his name below, to serve in such office at the pleasure of the Board until his resignation or removal, with such duties as the Board shall prescribe:

T. Scott Avila Co-Chief Restructuring Officer

Peter Richter Co-Chief Restructuring Officer and Secretary

**RESOLVED,** that the engagement letter by and between Paladin Management Group, LLC and the Company in substantially the form attached hereto as Attachment 1 (the "***Paladin Letter***"), providing for, among other things, the services of Messrs. Avila and Richter, be and hereby is approved and authorized in its entirety;

**RESOLVED**, that the Co-Chief Restructuring Officers, the Secretary and the Treasurer (each, an "***Authorized Officer***") be, and each of them hereby is, authorized on behalf of the Company to execute the Paladin Letter.

## II. CHAPTER 11 PROCEEDINGS

**WHEREAS**, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

**WHEREAS**, the Board has reviewed the materials presented by the management of and the advisors to the Company regarding the possible need to liquidate the Company, and has analyzed each of the strategic alternatives available to it, and the impact of the foregoing on the Company's business and its stakeholders;

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, stockholders and other stakeholders that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***");

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to execute the Paladin Letter and to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and

perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case;

**RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the law firm of Pachulski Stang Ziehl & Jones LLP ("***PSZ&J***") as bankruptcy counsel to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the rights of the Company in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PSZ&J;

**RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the law firm of Bush Kornfeld LLP ("***BK***") as Washington State, general and litigation counsel to represent and assist the Company and to take any and all actions to advance the rights of the Company in connection with the bankruptcy and any matters relating to the Company, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of BK;

**RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the law firm of Davis Wright Tremaine LLP ("***DWT***") as special counsel to represent and assist the Company and to take any and all actions to advance the rights of the Company in connection with the bankruptcy and any other matters relating to the Company, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of DWT;

**RESOLVED**, that each of T. Scott Avila and Peter Richter of Paladin Management Group, as Co-Chief Restructuring Officer of the Company, shall be an Authorized Officer (as defined in these resolutions), and is hereby authorized to make decisions with respect to all aspects of the management and operation of the Company's business including, without limitation, organization, human resources, logistics, finance, administration, and oversight and prosecution of the Company's bankruptcy case, including, but not limited to, bankruptcy-related reporting requirements, filing of Statement of Financial Affairs, Schedule of Assets and Liabilities, filing of a chapter 11 plan and related disclosure statement, claims management, managing outside professionals and such other aspects as they may identify, in such manner as they deem necessary or appropriate in each of their sole and reasonable discretion consistent with the business judgment rule, subject only to appropriate governance by the applicable Board, in accordance with the Company's articles of incorporation, by-laws, applicable laws and applicable bankruptcy law and orders of the Court;

**RESOLVED**, that the Authorized Officers of the Company be, and hereby are, authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute

appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of a chapter 11 plan and related disclosure statement;

**RESOLVED**, that any and all actions heretofore taken by any Authorized Officer or the directors of the Company in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects; and

**RESOLVED**, that in connection with the commencement of the chapter 11 case by the Company, the Authorized Officers be and hereby are, authorized and empowered on behalf of, and in the name of, the Company, to negotiate, execute and deliver a cash collateral or other financing arrangement and the related guarantees thereto (including, in connection therewith, such notes, security agreements and other agreements or instruments as such officers consider appropriate) on the terms and conditions such officer or officers executing the same may consider necessary, proper or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Company and any affiliates.



January 31, 2021

Easterday Ranches, Inc.
Easterday Farms Partnership
1427 N. First Avenue
Pasco, WA 99301

Re: Engagement of Paladin Management Group, LLC – Chief Restructuring Officer Services

To Whom it May Concern:

This Letter of Agreement ("Agreement") confirms the terms under which each of Easterday Farms Partnership and Easterday Ranches, Inc. (each, a "Client," and collectively, the "Company" or "you") is engaging Paladin Management Group, LLC, a Nevada Limited Liability Company ("Paladin," "we," or "us") to provide the Company with Chief Restructuring Officers, assisted by other personnel of Paladin, to perform the services specified below. This Agreement is effective upon the later of (i) approval of this Engagement Letter by each Company's governing body (i.e., its Board of Directors or managing partner), and (ii) the date that a Directors' and Officers' Liability insurance policy that is reasonably acceptable to us is first bound ("Effective Date").

**1. Chief Restructuring Officer**

Paladin will make Scott Avila and Peter Richter available to serve as the co-Chief Restructuring Officers (the "CROs") for each Client. The CROs will report directly to the Board of Directors for Easterday Ranches, Inc., and to the Governing Body with respect to Easterday Farms Partnership (the "Board"). Each of the CROs will have the authority to act on behalf of the Company granted to the CROs by the Board and will owe the duties imposed on an officer of a company under applicable law. Each of the CROs will remain at all times an employee or independent contractor of Paladin and will not become an employee of the Company.

**2. Scope of Services**

Subject to the approval and direction of the Board, the CROs will provide the following services as authorized by the Board and as agreed by Paladin ("CROs Services"):

- Assist in identifying various strategic restructuring strategies and assessing the business and financial impact of those strategies.
- Assist in developing and implementing cash management and cash flow forecasting processes.

- Assist in assessing the Company's liquidity outlook, debt service capacity and appropriate capital structure.
- Assist in the design and implementation of a restructuring plan.
- Subject to the limitations contained herein and in Appendix A, assist with the preparation of financial forecasts and reports that may be required by the Company's Board, lenders and stakeholders.
- Assist with strategic communications and negotiations with the Company's lenders, significant vendors, and other stakeholders.
- Assist in the sale or the monetization of the Company's assets.
- Assist the Company in considering, authorizing, filing, and administering cases under chapter 11 of the U.S. Bankruptcy Code.
- Provide such further advice and support as the parties agree.

**3. <u>CROs Support Services</u>**

Paladin will make available such additional Paladin personnel as Paladin deems necessary or appropriate to assist and support the CROs in the performance of the CROs Services. The Paladin personnel will remain at all times employees or independent contractors of Paladin and will not become employees of the Company.

**4. <u>Retainer and Compensation</u>**

The Company has paid Paladin a retainer or retainers in connection with a prior engagement (the "Retainer") upon the execution of this Agreement. The balance of the Retainer, after accounting for fees accrued on account of the prior engagement, will be retained by Paladin in connection with this Agreement. The Company will be billed for Services on an hourly basis in accordance with the General Terms (defined below). Paladin Personnel's professional fees range from $350 to $795 per hour, depending on the personnel assigned to the particular task. The CROs's rate will be $795 per hour, subject to adjustments as set forth in the General Terms.

**5. <u>Term</u>**

This Agreement shall remain in effect until terminated by either party. This Agreement may be terminated at any time by either party upon written notice to the other party.

**6. <u>General Terms and Conditions</u>**

The General Terms and Conditions set forth in Appendix A (the "General Terms") are incorporated herein by reference and set forth additional terms and conditions of the parties' agreement. The Company acknowledges that it has read and agrees to the General Terms.

**7. <u>Superseding Terms</u>**

This Agreement supersedes any and all prior understandings, agreements, retentions, or undertakings between the Parties or with respect to any of the Company's affiliates with respect to Paladin's services, including but not limited to that certain Engagement Letter dated December 23, 2020, all of which are hereby terminated and expunged.

BY EXECUTION OF THIS LETTER OF AGREEMENT, the Parties agree to be bound by the terms of this Agreement, including the General Terms.

The undersigned each represent and warrant that they have the requisite authority to bind the party on whose behalf they have signed, and that this Agreement is enforceable against such party.

EASTERDAY RANCHES, INC.
EASTERDAY FARMS PARTNERSHIP

By: ______________________________

Its: ______________________________

Date: ____________________________

PALADIN MANAGEMENT GROUP, LLC

By: ______________________

Its: Managing Partner

Date: ____________________________

## Appendix A

General Terms and Conditions – CROs Services Agreement
Paladin Management Group, LLC

1. Retainer and Compensation

(a) Hourly Billing. The Company will be billed for Services on an hourly basis at the current hourly rate of the Paladin Personnel performing the Services. Paladin adjusts its hourly rates periodically. The Company agrees to pay the hourly rates as reasonably adjusted. Paladin's fees and expenses will be billed to the Company as often as weekly and are payable upon receipt. Billable Services include services provided to the Company by Paladin Personnel prior to the Effective Date of the Agreement and after termination of the engagement.

(b) Retainer. The Retainer ensures payment of Paladin's fees. Paladin may apply the Retainer to unpaid invoices without prior notice. Paladin may increase the Retainer based upon changing circumstances. The Company shall replenish the Retainer upon Paladin's request. The Retainer will not accrue interest. The balance of the Retainer after payment of Paladin's final invoice, if any, will be returned to the Company.

(c) Travel. The Company will be responsible for Paladin Personnel travel time and expenses, including travel time and expenses incurred in traveling to and from the Paladin Personnel's home offices to the Company's offices. Paladin will bill travel time at one-half of the applicable hourly rate; provided that Paladin will bill travel time at its normal hourly rates to the extent Paladin Personnel are performing Services while traveling.

(d) Expenses. The Company will pay or reimburse Paladin, as applicable, for all documented out-of-pocket expenses reasonably incurred by Paladin and Paladin Personnel in the performance of the Services through the termination date and the reasonable expenses incurred in connection with the Services after the termination date such as travel, and other expenses. Such expenses shall include travel, meals and lodging, delivery services, etc. In addition, in states where Paladin is obligated to collect sales taxes on professional services, such taxes will be billed to the Company.

2. Paladin Personnel

Except as otherwise provided in this Agreement, the Services may be performed by such employees, agents or independent contractors of Paladin, or of any subsidiary or affiliate of Paladin, as Paladin may determine. References to "Paladin Personnel" herein include those employees, agents, and independent contractors of Paladin and its subsidiaries or affiliates that perform Services for the Company.

3. Independent Contractor Status

Paladin shall serve as an independent contractor under this Agreement. Paladin will have exclusive control over the management and operation of the Services provided by Paladin Personnel and will be responsible for hiring, supervising and paying the wages or other compensation due to the Paladin Personal in connection with this Agreement. No Paladin Personnel will be employed or engaged by the Company either as a director, officer, member, manager, partner, control person, employee, representative, agent or independent contractor, or in any other capacity; provided that the CROs will serve as an officer of the Company. No Paladin Personnel will be entitled to receive from the Company any compensation, vacation pay, sick leave, retirement, pension or social security benefits, workers' compensation, disability, unemployment insurance benefits or any other employee benefits. Paladin will be responsible for all employment, withholding, income and other taxes incurred in connection with the Services.

4. Company Acknowledgements.

The Company acknowledges and agrees that neither Paladin, nor any Paladin Personnel, make any representations, guarantees or predictions that, inter alia: (i) An appropriate restructuring proposal or strategic alternative can be formulated; (ii) Any restructuring proposal or strategic alternative formulated by Paladin will achieve the intended results or will be more successful than other possible restructuring proposals or strategic alternatives; (iii) Restructuring is the best course of action for the Company; (iv) Any restructuring proposal or strategic alternative formulated by Paladin will be accepted by the Board, or the Company's creditors, shareholders and other stakeholders. The Company further acknowledges that numerous factors affect the

Company's actual financial and operational results, and that these results may materially and adversely differ from the objectives of the restructuring plan or strategy formulated or proposed by Paladin.

5. Accuracy and Completeness of Information

The Company is responsible for providing Paladin with accurate and complete information and materials. The Company will provide Paladin with full access to all Company personnel, books and records, including those of the Company's attorneys, accountants, other agents and third-party representatives, that Paladin Personnel reasonably request in connection with the performance of the Services. Paladin Personnel are entitled to rely on the accuracy of the information and materials provided and shall have no duty to verify the reliability, accuracy or completeness of such information. The Company is responsible for the accuracy and reliability of any plans, strategies, forecasts, quantitative financial models, projections and related computations prepared by Paladin in reliance upon any inaccurate or incomplete information or materials provided. Paladin shall incur no liability to the Company or any third-party arising out of any unreliable, inaccurate or incomplete information or materials provided by the Company.

6. Company Responsibilities

The Company will make all decisions relating to whether the Company pursues or does not pursue a particular restructuring proposal, transaction, plan or strategy. The Company is responsible for the implementation and outcome of any restructuring proposal, transaction, plan or strategy pursued by the Company. The Company is responsible for any Work Product (as defined in Section 12) that is modified in any material respect without Paladin's approval.

7. Excluded Services

Neither Paladin nor any Paladin Personnel will perform any of the following services: insurance advice; investment advice; asset management services, legal, tax or regulatory advice or services; or accounting or audit services, including any financial statement reporting services that are subject to the rules of the AICPA, SEC or other state or national professional or regulatory body.

8. Bankruptcy Proceedings

In the event the Board resolves to file for bankruptcy under Chapter 11 of the Bankruptcy Code or has reason to believe an involuntary petition is likely to be filed, the following provisions shall apply:

(a) Approval of Engagement. The Company will promptly seek the Bankruptcy Court's approval of Paladin's engagement under this Agreement. The application, proposed order and other supporting documents submitted to the Bankruptcy Court seeking such approval must be satisfactory to Paladin in all respects.

(b) Bankruptcy Services. The term Services as used in this Agreement shall include the services provided by Paladin Personnel in connection with any Bankruptcy Court proceedings ("Bankruptcy Services"). The term "Services" as used herein shall include the Bankruptcy Services.

(c) Retainer. Paladin may increase the Retainer amount to account for the additional Bankruptcy Services and the Company shall promptly pay Paladin the additional Retainer amount.

(d) Reimbursement of Costs. Subject to the approval of the Bankruptcy Court, the Company shall pay or reimburse Paladin for all costs reasonably incurred by Paladin or Paladin Personnel in connection with the Bankruptcy Services, including attorney fees.

9. Insurance, Indemnification & Limitation of Liability

As an inducement to Paladin to agree to the Engagement and as further consideration for the Services, each of the Clients jointly and severally agrees to indemnify, insure, defend and limit Paladin's liability as provided below.

(a) Indemnification. Each of the Clients will indemnify, defend and hold harmless Paladin and its affiliates and their respective former and present members, managers, directors, officers, employees, agents, independent contractors and controlling persons (each an "Indemnified Party" and collectively, the "Indemnified Parties") to the fullest extent permitted by law against any and all liability (including legal fees and other costs reasonably incurred in the course of investigating, preparing or defending any action or claim asserted against an Indemnified Party), arising out of or relating to the Services performed under this Agreement and the Company's restructuring efforts generally; provided that such indemnity shall not apply to

(i) any loss, claim, damage, liability or expense to the extent it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from such Indemnified Party's gross negligence or willful misconduct, or breach of the confidentiality obligations contained in this Agreement, and (ii) any claim by the Client(s) against Paladin as to Paladin's breach of its obligations under this Agreement.

(b) Limitation of Liability. No Indemnified Party will have any liability for special, consequential, incidental or exemplary damages or loss (including lost profits, savings or business opportunity). The Indemnified Parties' aggregate liability is limited to and shall not exceed the total fees paid to Paladin by the Company for Services under this Agreement.

(c) Additional Indemnification of the CROs. Indemnification of CROs. The Company shall indemnify the CROs to the same extent as the most favorable indemnification it extends to its officers or managers.

(d) The Company agrees that it will not, without the prior consent of the Indemnified Party, settle or compromise or consent to the entry of any judgment in any pending or threatened claim, action, suit or proceeding in respect of which such Indemnified Party seeks indemnification hereunder (whether or not such Indemnified Party is an actual party to such claim, action, suit or proceedings) unless such settlement, compromise or consent includes an unconditional release of such Indemnified Party from all liabilities arising out of such claim, action, suit or proceeding.

(e) The indemnification and limited liability provisions contained in this Agreement shall survive and remain in full force and effect upon the termination of this Agreement and the filing of a petition under Chapter 7 or 11 of the United States Bankruptcy Code (or the conversion of an existing ease to one under a different chapter).

(f) The rights provided herein are in addition to and shall not be deemed exclusive of any other rights to which the Indemnified Parties may be entitled under this Agreement, applicable law or otherwise.

10. Conflicts

Paladin is not currently aware of any relationships with other clients that create actual or potential conflicts of interest with the Company. However, because Paladin serves clients on an international basis, it is possible that Paladin has rendered services to entities or individuals who are in competition with the Company or whose interests potentially conflict with the Company's interests, including creditors of the Company. Nothing in this Agreement prevents Paladin from providing services to such other entities or individuals now or in the future, provided Paladin makes appropriate arrangements to ensure that the confidentiality of the Company's information is maintained. Further, Paladin will not represent the interests of any entities or individuals whose interests are known by Paladin to directly conflict with the Company's interests in connection with any matter in which Paladin is currently providing services to the Company.

11. Confidential Information

Paladin acknowledges and agrees that Paladin Personnel will have access to certain Confidential Information belonging to the Company the disclosure or the use of which in a manner that does not serve the interests of the Company will cause irreparable damage and loss to the Company. For these reasons, Paladin covenants and agrees as follows:

(a) Use of Confidential Information. Except as otherwise expressly provided herein, Paladin will use the Confidential Information only in connection with the performance of the Services. Paladin will use reasonable efforts to maintain the confidentiality of the Confidential Information.

(b) Confidential Information.

i. "Confidential Information" means any data or information that is proprietary to the Company and/or its affiliates that is not generally known to the public, whether in tangible or intangible form, in any and all mediums, including, but not limited to: (i) financial information, projections, operations, sales estimates, business plans and performance results, marketing strategies, and business plans; (ii) plans for products or services, and customer or supplier lists; (iii) any scientific or technical information, invention, design, process, procedure, formula, improvement, technology or method; (iv) any concepts, reports, data, know-how, works-in-progress, designs, development tools, specifications, computer software, source code, object code, flow charts,

databases, inventions, information and trade secrets; (v) any other information that should reasonably be recognized as confidential information of the Company; and (vi) any Work Product excluding the Engagement Tools (as those terms are defined in Section 12). Confidential Information need not be novel, unique, patentable, copyrightable or constitute a trade secret in order to be designated Confidential Information.

ii. Confidential Information shall not include information which: (i) was lawfully possessed by Paladin prior to receiving the Confidential Information from the Company; (ii) becomes rightfully known by Paladin from a third-party source not under an obligation to Company to maintain confidentiality; (ii) is generally known by the public through no fault of or failure to act by Paladin inconsistent with its obligations under this Agreement; (iv) is required to be disclosed in a judicial or administrative proceeding, or is otherwise requested or required to be disclosed by law or regulation, although the requirements of paragraph 4 hereof shall apply prior to any disclosure being made; and (v) is or has been developed by employees, consultants or agents of Paladin without violation of the terms of this Agreement, including the Engagement Tools.

(c) Permitted Disclosures. Paladin may make reasonable disclosures of Work Product pursuant to and in accordance with Section 12(g) below. In addition, Paladin may make reasonable disclosures of Confidential Information: (i) to third parties in connection with the performance of its services under this Agreement so long as such disclosures are made pursuant to a confidentiality agreement in form and substance satisfactory to the Company or otherwise with the knowledge and consent of the Company; (ii) in connection with any dispute between Paladin and the Company under or concerning this Agreement, and (iii) pursuant to any request by FINRA, the Securities and Exchange Commission or any other regulatory authority, or pursuant to any order, subpoena or other regulatory or legal process. Paladin shall have the unrestricted right to use and disclose the Engagement Tools, and Paladin shall have the right to use the Company's name and logo, and to provide a description of the services provided by Paladin under this Agreement, in Paladin's public marketing materials.

(d) Compelled Disclosure of Confidential Information. In the event that Paladin becomes legally compelled to disclose any Confidential Information, Paladin shall provide the Company with prompt notice thereof prior to any disclosure of Confidential Information so that the Company may contest such requirement or seek a protective order or other appropriate remedy. Paladin shall use its reasonable best efforts to assist Company in such efforts. In the event that disclosure is required, Paladin will furnish only that portion of the Confidential Information which is legally required.

(e) Warranty Regarding Authority to Disclose Confidential Information, Indemnification. The Company represents and warrants to Paladin that it has the authority to disclose the Confidential Information to Paladin and agrees to indemnify and defend Paladin against any claims or liability arising out of the Company's disclosure of the Confidential Information to Paladin and/or Paladin's use and disclosure of the Confidential Information pursuant to and in accordance with this Agreement.

(f) Survival. The rights and obligations of the Parties under this Agreement shall survive the termination of this Agreement and remain binding for a period of one (1) year from the termination date.

(g) Injunctive Relief. Paladin acknowledges and agrees a violation of this Agreement could cause irreparable injury to the Company and as there is no adequate remedy at law for such violation, the Company may, in addition to any other remedies available to it at law or in equity, enjoin Paladin in a court of equity for violating or threatening to violate this Agreement.

(h) Ownership of Confidential Information. All Confidential Information disclosed to Paladin by the Company shall remain the property of the Company.

(i) Return or Destruction of Confidential Information. Upon written request of the Company, Paladin shall promptly return to the Company all Confidential Information and documents received or otherwise obtained from the Company and all copies and excerpts of the same. Upon written request of the Company, Paladin shall also permanently destroy all electronic and digital versions of the Confidential Information and the documents.

(j) This Agreement shall supersede any preexisting Confidentiality and/or Nondisclosure of Confidential Information Agreement between Paladin and the Company.

12. Work Product; Engagement Tools

(a)  Work Product. Work Product refers to all work product created or produced by Paladin Personnel directly for the Company and delivered to the Company as part of this Engagement, including advice, analyses, financial models, reports, strategies, plans, proposals, and presentation materials.

(b)  Engagement Tools.  Engagement Tools includes all methodologies, processes, techniques, ideas, concepts, know-how, procedures, software, templates, models and other intellectual property created, acquired or developed by Paladin Personnel independently of or in connection with this Engagement that are employed by Paladin Personnel in the development and creation of the Work Product.

(c)  Ownership and License. The Engagement Tools are the sole and exclusive property of Paladin. The Company shall not acquire any interest in the Engagement Tools except that Paladin grants the Company a royalty free, worldwide, perpetual, non-transferable license to use the Engagement Tools to the extent they are contained in the Work Product.  The Work Product, excluding the Engagement Tools contained therein, is the sole and exclusive property of the Company.

(d)  No Third-Party Beneficiaries. The Work Product is intended solely for the use and benefit of the Company and this Agreement shall not be interpreted as conferring any rights on any other individual as a third-party beneficiary or otherwise.

(e)  Time and Data Sensitive Material.  The Company acknowledges that the appropriateness, accuracy and reliability of the Work Product is specific to factors existing at the time the Work Product is developed and that any changes in those factors including those resulting from the passage of time, and any modifications to the Work Product can materially affect the appropriateness, accuracy and reliability of the Work Product.

(f)  Non-Disclosure. The Company covenants and agrees not to disclose Work Product to any persons other than the Company's equity holders, board members, managers, officers, employees, attorneys, agents and other representative, unless:

   i.   Paladin consents to the disclosure;
   ii.  The Work Product contains no material modifications that have not been approved by Paladin; and
   iii. The disclosure includes a disclaimer approved by Paladin.

(g)  Non-Responsibility; Indemnification.  Neither Paladin nor any Indemnified Party (as defined in Section 9) shall be liable for, and the Company shall indemnify, defend, and hold the Indemnified Parties harmless against, any claims, damages or expense, including attorney fees, arising out of the disclosure of Work Product by the Company or any of its representatives that is not authorized pursuant to subparagraph (f).

13. Alternative Dispute Resolution Procedure

The parties agree to arbitrate any claims or disputes concerning, relating to, or arising out of this Agreement, except claims or disputes: (i) where the amount in controversy exceeds $500,000; or (ii) where the Company, or any individual or other entity comprising the Company, files a voluntary bankruptcy under title 11 of the United States Code, or has an involuntary bankruptcy petition under title 11 of the United States Code filed against it.

If the alternative dispute resolution procedure applies, then any claim or dispute concerning, relating to or arising out of this Agreement shall be determined by arbitration in Washoe County, Nevada before a sole retired judge arbitrator in accordance with the laws of the State of Nevada. The arbitration shall be administered by and heard before JAMS pursuant to its Streamlined Arbitration Rules and Procedures. Judgment on the award may be entered in any court having jurisdiction. The arbitrator shall, in the award, allocate all the costs of the arbitration, including the fees of the arbitrator and the reasonable attorneys' fees and costs of the prevailing party against the party who did not prevail.

14. Non-Solicitation

For a period of six (6) months after the later of: (i) the completion of all services to be provided by Paladin under this Agreement; or (ii) termination of this Agreement, the Company, including any affiliates thereof, shall not hire, retain or utilize (other than through Paladin) the services of any current or former employee or independent contractor of Paladin who provided services under this Agreement at any time. The Company agrees and acknowledges that Paladin's remedy at law for any breach of the provisions of this Section would be inadequate and that for any breach of such provisions Paladin will, in addition to such other remedies as may be available to it at law or in equity, be entitled to injunctive relief and to enforce its rights by an action for specific performance to the extent permitted by law.

15. No Partnership, Joint Venture, or Agency Relationship; Independent Judgment

Nothing in this Agreement shall be construed as creating a partnership, joint venture or agency relationship between Paladin or Paladin Personnel, and the Company. Paladin shall have no authority to act for or on behalf of the Company. Further, the Company acknowledges and agrees that the Company's Board and executive officers are sophisticated individuals who have the knowledge and experience required to make decisions independently of the advice provided by Paladin or the CROs. The Company covenants and agrees that it will exercise independent judgment in making decisions relating to any restructuring plan, business strategy or other transaction proposed by Paladin or the CROs.

16. Company's Joint and Several Liability; Right of Setoff

If the Company consists of one or more individuals or entities, then the Company's obligations under this Agreement shall be joint and several obligations of each individual or entity comprising the "Company." Each such individual or entity shall execute this Agreement. Without limiting any other remedy that may be available to Paladin under this Agreement or applicable law, where the "Company" under this Agreement consists of more than one individual or entity, then Paladin shall have against each such individual or entity a right of setoff (notwithstanding any lack of mutuality) under which Paladin may set off against any claim against Paladin by any individual or entity comprising the Company group, all of the claims that Paladin may have against any or all of the individuals or other entities that comprise the Company.

17. Attorneys' Fees and Expenses

Should a party institute legal action to enforce any of the terms of this Agreement, the non-prevailing party shall pay to the prevailing party all reasonable costs, damages, and expenses, including attorneys' fees, expended or incurred by the prevailing party.

18. Consent; Entire Agreement

In any instance under this Agreement where a party's consent is permitted or required to be given, such consent shall not be withheld unreasonably. This Agreement contains the entire Agreement of the parties with respect to its subject matter and supersedes all prior agreements and understandings between the Company and Paladin with respect to such subject matter. Any modification of or supplement to this Agreement shall be effective only if such modification or supplement is in writing and signed by all parties.

19. Multiple Originals

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document. This Agreement may be executed by facsimile signatures or signatures forwarded via email.

20. Governing Law; Venue

This Agreement shall be governed by and construed and interpreted in accordance with the laws of Nevada (without regard to conflict of laws principles). Venue for all purposes shall be Washoe County, Nevada.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Easterday Ranches, Inc.** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF WASHINGTON |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration **Corporate Ownership Statement, List of Equity Holders, Creditor Matrix Verification**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 02/01/21

X [signature]

Signature of individual signing on behalf of debtor

**Peter Richter and T. Scott Avila**

Printed name

**Chief Restructuring Officers**

Position or relationship to debtor

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

| Fill in this information to identify the case: |
|---|
| Debtor name **Easterday Ranches, Inc.** |
| United States Bankruptcy Court for the: EASTERN DISTRICT OF WASHINGTON |
| Case number (if known) |

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration **Corporate Ownership Statement, List of Equity Holders, Creditor Matrix Verification**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **02/01/21** X ____________________
Signature of individual signing on behalf of debtor

**Peter Richter and T. Scott Avila**
Printed name

**Chief Restructuring Officers**
Position or relationship to debtor

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

| Fill in this information to identify the case: |
|---|
| Debtor name Easterday Ranches, Inc. |
| United States Bankruptcy Court for the: Eastern District of Washington (State) |
| Case number (If known): 21- |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims, on a consolidated basis.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | Tyson Fresh Meats, Inc.<br>800 Stevens Port Drive<br>Dakota Dunes, SD 57049 | Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Phone: 206.359.8410<br>Attn: Alan D. Smith:<br>adsmith@perkinscoie.com<br>Attn: Bradley Cosman<br>bcosman@perkinscoie.com | Litigation | C,U,D | | | At least $225,000,000.00 |
| 2. | Segale Properties<br>P.O. Box 88028<br>Tukwilla, WA 98138 | Contact: E. Olson<br>Tel: 206-575-2000<br>Email:<br>Eolson@segaleproperties.com | Money Loaned | | | | $8,647,408.57 |
| 3. | Animal Health International<br>1654 S First St<br>Sunnyside, WA 98944 | Contact: Latoya Laso<br>Tel: 509-837-3590<br>Email:<br>latoya.laso@animalhealthinternational.com | Trade Debt | | | | $1,081,633.63 |
| 4. | Sun Basin Operations-CHS<br>P.O. Box 608<br>Quincy, WA 98848 | Contact: Jamie Nguyen<br>Tel: 509-542-9604<br>Email:<br>Jamie.Nguyen@chsinc.com | Trade Debt | | | | $489,869.55 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5. | Cenex Harvest States<br>300 West Feedville Road<br>Hermiston, OR 97838 | Contact: Troy Odvody<br>Tel: 800-700-2295<br>Email:<br>troy.odvody@chsinc.com | Trade Debt | | | | $274,596.14 |
| 6. | Pacific Ag Products LLC<br>400 Capitol Mall Ste 2060<br>Sacramento, CA 95814 | Contact: Andrea Aquilio<br>Tel: 916-403-2756<br>Email:<br>AAQuilio@pacificethanol.com | Trade Debt | | | | $213,298.30 |
| 7. | ITC Services<br>4172 N Frontage Rd E<br>Moses Lake, WA 98837 | Contact: Diana G.<br>Tel: 509-766-7024<br>Email:<br>dianag@inlandtarp.com_ | Trade Debt | | | | $145,374.93 |
| 8. | Western Stockmen's LB 413058<br>JR Simplot Company<br>P.O. Box 35143<br>Seattle, WA 98124-5143 | Contact: Cindy Smith<br>Tel: 541-969-3543<br>Email:<br>cindy.a.smith@simplot.com | Trade Debt | | | | $140,784.19 |
| 9. | Brad Curtis Farms LLC<br>8853 Langford<br>Mesa, WA 99343 | Contact: Brad Curtis<br>Tel: 509-521-3030<br>Email: bcurtis@eltopia.com | Trade Debt | C,U,D | | | $125,000.00 |
| 10 | Pegram Construction, Inc.<br>P.O. Box 418<br>Othello, WA 99344 | Contact: Doyle Pegram<br>Tel: 509-488-2246<br>Email:<br>doyle@pegramconstruction.com | Trade Debt | | | | $123,984.00 |
| 11 | Tri-Cities Grain<br>600 Tank Farm Road<br>Pasco, WA 99301 | Contact: Damon Filan<br>Tel: 545-0900<br>Email: Damon@tcgrain.com | Trade Debt | | | | $106,616.06 |
| 12 | Copenhaver Construction, Inc.<br>22393 SR 2 East<br>Creston, WA 99117 | Tel: 509-636-2800<br>Email:<br>copenhavercci@gmail.com | Trade Debt | | | | $75,625.00 |
| 13 | Viterra Canada Inc. 2625 Victoria Ave Regina, Saskatchewan Canada S4T 7T9 | Contact: Kimberly Banilevic-Lamb<br>Tel: 306-569-4581<br>Email: kimberly.banilevic-lamb@viterra.com | Trade Debt | C,U,D | | | $77,410.08 |
| 14 | Production Animal Consultation LLC<br>307 S Main<br>Scott City, KS 67871 | Contact: Lisa Taylor<br>Tel: 785-672-7490<br>Email:<br>accounting@pacdvms.com | Trade Debt | | | | $56,309.49 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | Layne Of Washington, Inc.<br>P.O. Box 610<br>Pasco, WA 99301 | Tel: 509-545-9546<br>Email: laynepump@aol.com | Trade Debt | | | | $44,000.00 |
| 16 | Empire Rubber & Supply<br>P.O. Box 14950<br>Portland, OR 97293-0950 | Tel: 503-235-8461<br>Email:<br>erspasco@empirerubber.com | Trade Debt | | | | $17,030.96 |
| 17 | ECS Northwest LLC<br>P.O. Box 4180<br>Pasco, WA 99302-4180 | Contact: Jeremy<br>Tel: 509-430-8788<br>Email: jeremy@ecsnw.com | Trade Debt | | | | $16,530.94 |
| 18 | Oregon Trail Veterinary Clinic<br>80489 Highway 395<br>North Hermiston, OR 97838 | Tel: 541-567-1138<br>Email:<br>Oregontrailvet@gmail.com | Trade Debt | | | | $15,405.89 |
| 19 | Tarp-It, Inc.<br>3000 Wilson Creek Rd<br>Ellensburg, WA 98926 | Tel: 509-962-4664<br>Email: jgy6969@gmail.com | Trade Debt | | | | $10,600.45 |
| 20 | Yakima Mechanical Services<br>205 So. 4th Ave<br>Yakima, WA 98902 | Tel: 509-469-2773<br>Email:<br>yakmec205@gmail.com | Trade Debt | | | | $10,167.09 |

Thomas A. Buford, III (WSBA 52969)
Bush Kornfeld LLP
601 Union St., Suite 5000
Seattle, WA 98101
Telephone: (206) 292-2110
Email: tbuford@bskd.com

Richard M. Pachulski (*Pro Hac Vice* Pending)
Alan J. Kornfeld (*Pro Hac Vice* Pending)
Jeffrey W. Dulberg (*Pro Hac Vice* Pending)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/ 277-6910
Facsimile: 310/ 201-0760
Email: rpachulski@pszjlaw.com
akornfeld@pszjlaw.com
jdulberg@pszjlaw.com

*Proposed Attorneys for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF WASHINGTON**

In re:

EASTERDAY RANCHES, INC.

Debtor.

Chapter 11

Case No. 21-_____ (___)

**LIST OF EQUITY SECURITY HOLDERS**

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this Chapter 11 Case:

| Name and Last Known Address or Place of Business of Holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Cody A. Easterday<br>830 Bellflower Road<br>Mesa, WA 99343-9564 | | 25% | Shareholder |
| Debby Easterday<br>830 Bellflower Road<br>Mesa, WA 99343-9564 | | 25% | Shareholder |
| Karen L. Easterday<br>830 Bellflower Road<br>Mesa, WA 99343-9564 | | 50% | Shareholder |

Thomas A. Buford, III (WSBA 52969)
Bush Kornfeld LLP
601 Union St., Suite 5000
Seattle, WA 98101
Telephone: (206) 292-2110
Email: tbuford@bskd.com

Richard M. Pachulski (*Pro Hac Vice* Pending)
Alan J. Kornfeld (*Pro Hac Vice* Pending)
Jeffrey W. Dulberg (*Pro Hac Vice* Pending)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: rpachulski@pszjlaw.com
akornfeld@pszjlaw.com
jdulberg@pszjlaw.com

*Proposed Attorneys for Debtor and Debtor in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF WASHINGTON**

| In re: | Chapter 11 |
|---|---|
| EASTERDAY RANCHES, INC. | Case No. 21-_____ (___) |
| Debtor. | **CERTIFICATION OF CREDITOR MATRIX** |

Pursuant to Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure, the above captioned Debtor hereby certifies that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtor's creditors. To the best of the Debtor's knowledge, the *Creditor Matrix* is complete, correct, and consistent with the Debtor's books and records.

The information contained herein is based upon a review of the Debtor's books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtor.

Thomas A. Buford, III (WSBA 52969)
Bush Kornfeld LLP
601 Union St., Suite 5000
Seattle, WA 98101
Telephone: (206) 292-2110
Email: tbuford@bskd.com

Richard M. Pachulski (*Pro Hac Vice* Pending)
Alan J. Kornfeld (*Pro Hac Vice* Pending)
Jeffrey W. Dulberg (*Pro Hac Vice* Pending)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: rpachulski@pszjlaw.com
akornfeld@pszjlaw.com
jdulberg@pszjlaw.com

*Proposed Attorneys for Debtor and Debtor in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>EASTERDAY RANCHES, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 21-_____ (___)<br><br>**CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1 AND LOCAL BANKRUPTCY RULE 1007-1** |

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☒ None [*check if applicable*]

Name:
Address:

A & M Supply
P.O. Box 1166
Hermiston, OR 97838


A.V. Labs, Inc.
64 N Broadway Ave
Othello, WA 99344


AAA Concrete, Inc.
PO Box 908
Spokane WA 99210


AAW Auto Parts
606 Boeing Street
Pasco, WA 99301-7117


AB Livestock LLC
Matt Buyers
1555 Shoreline Drive
Suite 320
Boise, ID  83702


AFLAC
1932 Wynnton Road
Columbus, GA 31999-0797


Agri Northwest
PO Box 2308
Tri-Cities, WA 99302-2308


Agri-Service Northwest
P.O. Box 299
Eltopia, WA 99330

All American Propane
50 W Summit St
Othello, WA 99344

Ally Commercial Department
12850 W Gran Bay Parkway
Jacksonville, FL 32258

AMB Tools and Equipment, Inc.
608 W Nob Hill Blvd
Yakima, WA 98902

American General Life Insurance
P.O. Box 0798
Carol Stream IL 60132-0798

American Radiator
204 North Oregon
Pasco, WA 99301

American Rock Products, Inc.
P.O. Box 742347
Los Angeles, CA 90074

AmeriGas-Kennewick
204 N Fruitland St
Kennewick, WA 99336

Animal Health International
1654 S First St
Sunnyside, WA 98944


Applied Industrial Tech
P.O. Box 100538
Pasadena, CA 91189-0538


Arnold Garza Trucking
1611 W. Lee Rd
Othello, WA 99344


Asuris Northwest Health
PO Box 2597
Portland, OR 97208-2597


Attorney General's Office
Bankruptcy & Collections Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104


AXA Equitable Life Insurance Company
1290 Avenue of the Americas, 16th Floor
New York, NY 10104


AXA Insurance
P.O. Box 430
Othello, WA 99344


B & B Express
7519 W Kennewick Ave
Kennewick, WA 99336

Baker Commodities, Inc.
P.O. Box 58368
Seattle, WA 98138-1368


Basin City Auto Parts, Inc.
P.O. Box 627
Connell, WA 99326


Basin Disposal, Inc.
P.O. Box 3850
Pasco, WA 99302-3850


Basin Feed & Supply
1331 E Nelson Rd
Moses Lake, WA 98937


Basin Sod, Inc.
13218 Hwy 395
Eltopia, WA 99330-7989


Battery Systems
12322 Monarch St
Garden Grove CA 92841-2909


Benton County Building Department
102206 E Wiser Parkway
Kennewick, WA 99338

Benton County Clean Air Authority
526 S Clodfelter Rd
Kennewick, WA 99336


Benton County PUD
P.O. Box 6270
Kennewick, WA 99336-0270


Benton County Treasurer
P.O. Box 630
Prosser, WA 99350-0630


Big Bend Electric Cooperative, Inc.
P.O. Box 348
Ritzville, WA 99169-0348


Big D's Construction
3902 N Swallow Ave
Pasco, WA 99301


Bird Control Systems
27350 SW 95th Ave Ste 3022
Wilsonville, OR 97070-77


Bison Pipe & Supply
PO Box 258
Jerome, ID 83338-0258


BJ Hydraulics Inc.
6590 South M-43 Highway
Delton MI 49046

BJK Truck Parts, LLC
80862 Highway #395 N
Hermiston, OR 97838


Blue Banner Truck Wash, LLC
PO Box 5887
Pasco, WA 99302


Blueline Equipment
1605 E Mead Ave
Yakima, WA 98903


BobCat of Pasco
P.O. Box 94098
Seattle, WA 98124-9498


Brad Curtis Farms LLC
8853 Langford
Mesa, WA  99343


Brandt Nutrition Systems, LLC
430 Southshore Drive
Lake Winnebago, MO 64034


Bridgestone Americas
62861 Collections Center Drive
Chicago, IL 60693


Byrnes Oil
P.O. Box 700
Pendleton, OR 97801

C & A Logistics
P.O. Box 766
Othello, WA 99344


C & G Cattle Company
Camas & Gretchen Uebelacker
1824 W Foley Road
Othello, WA 99344


Casaday Bee-Line
1708 W Lewis St
Pasco, WA 99301


Cascadia International, LLC
P.O. Box 1196
Tacoma, WA 98401


Cattle-Fax
9110 E Nichols Ave Ste 301
Centennial, CO 90112


Cenex Harvest States
300 West Feedville Road
Hermiston, OR 97838


Central Hose and Fittings
2214 N 4th Ave
Pasco, WA 99301

Central Machinery - Equip Acct
PO Box 2838
Pasco, WA 99302


Central Machinery Sales
PO Box 1217
Moses Lake, WA 98837


CenturyLink
P.O. Box 4300
Carol Stream, IL 60197-4300


CH2O International
8820 Old Hwy 99 SE
Olympia, WA 98501


CHS Capital, LLC dba CHSC MN,
a Minnesota LLC
5500 Cenex Drive
Inner Grove Heights, MN 55077


City of Pasco
525 North 3rd Avenue


Clearwater Napa
5819 W Clearwater Ave
Kennewick, WA 99336


Clemente Garza Trucking
P.O. Box 1226
Othello, WA 99344

Cody A. Easterday
5235 Industrial Way
Pasco, WA  99301


Coleman Oil Company
529 E Kennewick Ave
Kennewick, WA 99336


Columbia Basin Belt & Rubber LLC
2220 E Hillsboro St Ste B
Pasco WA 99301-9811


Columbia Basin Garage Doors LLC
2603 N Harrington Rd
West Richland, WA 99353


Columbia Electric Supply
P.O. Box 398855
San Francisco, CA 94139-8855


Columbia Grain and Feed
P.O. Box 2361
Pasco, WA 99301


Columbia Pump Company
3510 Stearman Ave
Pasco WA 99301

Columbia Rigging Corp
2407 East A Street
Pasco, WA 99301


Commercial Tire
P.O. Box 970
Meridian, ID 83680


Commodities Plus II, LLC
5207 E 3rd Ave
Spokane Valley, WA 99212


Commodity Futures Trading Commission
1155 21st St NW
Washington, DC 20581


Connell Auto Parts
P.O. Box 973
Connell WA 99326


Connell Grain Growers
3132 Road  O NE
Moses Lake, WA 98837


Conrado Garza Trucking
P.O. Box 766
Othello, WA 99344


Consolidated Disposal Services
PO Box 1154
Ephrata, WA 98823

Copenhaver Construction, Inc.
22393 SR 2 East
Creston, WA 99117


Country Hedging
P.O. Box 64089
St. Paul, MN 55164-0089


Crane Bergdahl
Attorney At Law
P.O. Box 2755
Pasco, WA 99302


Cubby's Electric Motor & Pump Repair
1716 West A Street
Pasco, WA 99301


Day Wireless Systems
2608 W Sylvester
Pasco, WA 99301


DeLaval Dairy Service
2761 E Edison Ste B
Sunnyside, WA 98944-1320


Department of Agriculture
P.O. Box 4395, Unit 17
Portland, OR 97208-4395

Department of Justice
United States Attorney's Office
Eastern District of Washington
PO Box 1494
Spokane, WA 99210-1494


Department of Labor & Industries
Collections
P.O. Box 44171
Olympia, WA 98504-4171


Department of Labor & Industry
P.O. Box 44410
Olympia WA 98504-4410


Department of Licensing
P.O. Box 9228
Olympia, WA 98507-9228


Department of Transportation
Risk Management Office
P.O. Box 47418
Olympia, WA 98504-7418


Desert Rain Irrigation
5573 Road 11 SW
Royal City, WA 99357


DLL Finance, LLC
Brenda Entriken
PO Box 2000
Johnston, IA 50131

DOL/ Franklin Co Auditor
P.O. Box 1451
Pasco, WA 99301-1451


Easterday Diesel & Mfg
51 Bellflower Rd
Mesa, WA 99343


Easterday Farms
5235 N Industrial Way
Pasco, WA 99301


Eastern Oregon Telecom, LLC
PO Box 930
Hermiston OR 97838-0848


ECS Northwest LLC
P.O. Box 4180
Pasco, WA 99302-4180


Empire Heavy Equipment Repair, Inc.
3071 E Edison
Sunnyside, WA 98944


Empire Rubber & Supply
P.O. Box 14950
Portland, OR 97293-0950


Employment Security Department
UI Tax Admin
P.O. Box 9046
Olympia, WA 98507-9046

Employment Security Dept
P.O. Box 34467
Seattle, WA 98124-1467


English Hay Company
510 Bellflower Rd
Mesa, WA 99343


Equitable Agrifinance
JP Morgan Chase
131 S Dearborn, 6th Floor
Chicago, IL 60603


Equitable AgriFinance
Erin Plumb JP Morgan Chase
131 S Dearborn, 6th Floor
Chicago, IL 60603


Equitable AgriFinance
Erin Plumb
JP Morgan Chase
131 S Dearborn, 6th Floor
Chicago, IL 60603


Equitable Financial Life Insurance Company
1290 Avenue of the Americas, 16th Floor
New York, NY 10104


Etter McMahon Lamberson Oreskovich
618 W Riverside Ave
Suite 210
Spokane, WA 99201

Ferguson Enterprises, Inc.
PO Box 847411
Dallas TX 75284-7411

Franklin County Treasurer
P.O. Box 1011
Pasco, WA 99301

Franklin County Treasurer
1016 N. 4th Avenue
Pasco, WA 99301

Freeman Farms, LLC
1085 S. Athey Road
Othello, WA 99344

Frontier Performance Lubricants
P.O. Box 1777
Lodi, CA 95241

G & R Ag Products, Inc.
P.O. Box 966
Pasco, WA 99301-0966

Grainger
Dept 808012744
PO Box 419267
Kansas City, MO 64141-6267

Grant County PUD
P.O Box 878
Ephrata, WA  98823


Greeneye LLC
Box 12607
Grand Forks, ND 58208


H & N Electric Timken
Motor & Crane Svc
Dept 1234- PO Box 121234
Dallas, TX 75312-1234


H.D. Fowler Company
P.O. Box 84368
Seattle, WA 98124-5668


Hagerman, Inc.
82891 Bud Draper Drive
Umatilla, OR 97882


Harbor Freight Tools
P.O. Box 748076
Los Angeles, CA 90074-8076


Holland & Hart LLP
Robert A. Faucher, Esq.
PO Box 2527
Boise, ID 83701-2527


Honda Yamaha Cycletown
P.O. Box 946
Hermiston, OR 97838

Hydrotex
PO Box 678195
Dallas TX 75267-8195


IMV Imaging North America
2900 43rd Street NW Ste 600
Rochester, Minnesota 55901


Industrial Iron Works
PO Box 748
Okanogan, WA 98840


Ingersoll Rand
15768 Collections Center DR
Chicago IL 60693


Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346


International Belt & Rubber
4132 B Place NW
Auburn, WA 98001-2445


International Trade Solutions
P.O. Box 12607
Grand Forks, ND 58208

Irrigation Specialist
P.O. Box 2544
Pasco, WA 99302


ITC Services
4172 N Frontage Rd E
Moses Lake, WA 98837


J & L Hydraulics
1120 W Lewis ST
Pasco, WA 99301


JD's Truck Repair Inc.
1210 S Grey Ave.
Pasco, WA 99301


Jeffrey Shawver
P.O. Box 61
Connell WA 99326


Jim's Pacific Garages, Inc.
2708 N Commercial Ave
Pasco, WA 99301


Joel Tuttle JTT Farms
6701 Eltopia West Rd
Eltopia, WA 99330


Jones Manufacturing Co
PO Box 38
Beemer, NE 68716

JUB Engineers, Inc.
2810 W Clearwater Ave Ste 201
Kennewick, WA 99336

Kaman Industrial Technologies
P.O. Box 74566
Chicago, IL 60690

Kennewick Industrial Supply
113 E Columbia Drive
Kennewick, WA 99336

Kennewick Ranch & Home
845 Columbia Center Blvd
Kennewick, WA 99336

Kenworth Sales Company
2402 N Commercial Ave
Pasco, WA 99301

Kimball Midwest
Dept L-2780
Columbus, OH 43260-2780

Kuo Testing Labs, Inc.
337 South 1st
Othello, WA 99344

L & H Branding Irons
P.O. Box 639
Mandan ND 58554

Lad Irrigation
P.O. Box 880
Moses Lake, WA 98837

Layne of Washington, Inc.
P.O. Box 610
Pasco, WA 99301

Lithia Dodge
PO Box 4186
Portland OR 97208-4186

LocalTel Communications
343 Grant Road
East Wenatchee, WA 98802

Lourdes Occupational Health Center
P.O. Box 94331
Seattle, WA 98124

M & M Bolt Company
1315 N Oregon Ave
Unit 101
Pasco, WA.99301

Mack Financial Services
P.O. Box 7247-0236
Philadelphia, PA 19170-0236

Marion County Public Works
Transportation Permits Section
5155 Silverton Road NE
Salem, OR 97305


Mascott Equipment
200 S 20th Ave
Pasco, WA 99301


Mid Columbia Forklift
PO Box 9667
Yakima, WA 98909


Midwest PMS LLC
11347 Business Park Cir
Firestone, CO 80504


Mighty Johns Portable Toilet
P.O. Box 5481
Kennewick, WA 99336


Milne Nail, Power Tool & Repair
1303 W Lewis Street
Pasco, WA 99301


Mobile Fleet Service
P.O. Box 10828
Yakima, WA 98909-1828

Monarch Machine
P.O. Box 810
Pasco, WA 99301-0810


Murphy & Buchal LLP
3425 SE Yamhill Street St 100
Portland, OR 97214


Nationwide Trust Company, FSB
P.O. Box 183046
Columbus, OH 43218-3046


Nelson Cattle Carriers LLC
P.O. Box 125
Fort Rock, OR 97735


Newhouse Mfg. Co.
1048 N 6th Street
Redmond, OR  97756


Nick Desmarais Excavation
P.O. Box 1060
Connell, WA 99326


Noland Door Company
 30472 Oldfield St
Hermiston, OR 97838


Norco
P.O. Box 413124
Salt Lake City, UT 84141-3124

North Coast Electric
P.O. Box 748177
Los Angeles, CA 90074-8177


Northstar Clean Concepts Hotsy
633 N Helena Street
Spokane, WA 99202


Northwest CPA Group PLLC
1333 Columbia Park Trail, Ste 210
Richland WA 99352


Northwest Equipment Sales, Inc.
2405 South Janeen St.
Boise, ID 83709


Northwest Farm Supply
P.O. Box 941
Hermiston, OR 97838


NW Mixer Feeders
PO Box 326
Caldwell, ID 83606


Office of the Attorney General
Bankruptcy & Collections Unit
800 Fifth Avenue Suite 2000
Seattle, WA 98104

Oil Re-refining Company, Inc.
4150 N Suttle Rd
Portland OR 97217-7717

Oregon Department of Agriculture
PO Box 4395 Unit 17
Portland OR 97208-9982

Oregon Department of Revenue
955 Center Street NE
Salem, OR 97301

Oregon Department of Transportation
Motor Carrier Division
3930 Fairview Industrial Drive SE
Salem, OR 97302-1166

Oregon Trail Veterinary Clinic
80489 Highway 395 North
Hermiston, OR 97838

Othello Auto Parts
1175 S 1st Ave
Othello, WA 99344

Othello Welding
2680 S Broadway Ave
Othello, WA 99344

Oxarc
P.O. Box 2605
Spokane, WA 99220-2605

Pacific Ag Products LLC
400 Capitol Mall Ste 2060
Sacramento, CA 95814


Pacific Steel
P.O. Box 3035
Pasco, WA 99302-3035


Pacwest Machinery LLC
8207 South 216th Street
Kent, WA 98032


Pape Machinery, Inc.
PO Box 35144 #5077
Seattle, WA 98124-5144


Paradise Bottled Water
6202 W Deschutes Ave
Kennewick, WA 99336


Parts City Auto Supply
PO Box 998
Royal City, WA 99357


Pasco Auto Parts-Napa
1724 W Lewis St
Pasco, WA 99301

Pasco Auto Wrecking
3602 East A Street
Pasco, WA 99301


Pasco Machine Co, Inc.
518 West Columbia
Pasco, WA 99301


Payne West Insurance
PO Box 4386
Missoula, MT 59806


PDM Steel Service Centers, Inc.
1785 Schurman Way
Woodland, WA 98674


Pegram Construction, Inc.
P.O. Box 418
Othello, WA 99344


Perfection Glass 1238
Coumbia Park Trail
Richland, WA 99352


PerforMix Nutrition Systems
2201 N 20th Street
Nampa, ID 83687


Perkins Coie LLP
Alan D. Smith, Esq.
1201 Third Avenue, Suite 4900
Seattle, WA 98101

PGT
16 Buckingham Terrace
Lake Oswego, OR 97034

Pro Auto Glass
1351 Wyman Street
Richland, WA 99354

Pro Build
PO Box 94190
Seattle, WA 94190

Production Animal Consultation LLC
307 S Main
Scott City, KS 67871

Prudential Asset Resources
2100 Ross Avenue Ste
2500 Dallas TX 75201

Quarter Circle Cattle Company
PO Box 31121
Billings MT 59107

Quill Corporation
P.O. Box 37600
Philadelphia, PA 19101-0600

Rabo AgriFinance
P.O. Box 790077
Saint Louis, MO 63179-0077

Rabo Agrifinance, Inc.,
as Collateral Agent
10100 Trinity Pkwy., Suite 400
Stockton, CA 95219

Rabo Agrifinance, Inc.,
as Collateral Agent
P.O. Box 411995
St. Louis, MO 63141

Rabo Agrifinance, Inc., as Mortgagee
12443 Olive Blvd, Suite 50
St. Louis, MO 63141

Rabo Agrifinance, LLC
14767 N. Outer 40 Rd., Suite 400
Chesterfield, MO 63017

RaboBank Visa Card
PO Box 790408
St Louis, MO 63179-0408

Randy Allred Livestock LLC
14368 Road 12.5 SW
Royal City, WA 99357

Rangeview Ag Labor LLC
PO Box 547
Othello, WA  99344

Razor Tech LLC
802 S Maitland Ave
Pasco, WA 99301


RDO Equipment
P.O. Box 2445
Pasco, WA 99302


Regency Mill Services, LLC
14510 Garrision Dr
Amarillo, TX 79118


Rexel USA dba Platt Electric
P.O. Box 418759
Boston, MI 02241-8759


RiverTech Irrigation
80568 Hwy. 395 N
Hermiston, OR  97838


Robert A. Faucher, Esq.
PO Box 2527
Biose, ID 83701-2527


Rockmount Research & Alloys, Inc.
PO Box 35142 #2807
Seattle, WA 98124


Rogers Surveying, Inc.
1455 Columbia Park Trail

Ste 201
Richland, WA 99352


S.S. EQ., Inc.
New Holland Pasco
P. O. Box 967
Pasco, WA 99301


SAS Auto Electric
2810 W 10th
Kennewick, WA 99336


Scales NW LLC
39120 West Scio Road
Scio, OR  97374


Schreiner-Tuttle Farms
11701 Rd 170
Mesa, WA 99343


Segale Properties
P.O. Box 88028
Tukwilla, WA 98138


Servi-Tech, Inc.
Box 1397
Dodge City, KS 67801


Shayne Carlisle Concrete Construction
4705 W Octave
Pasco, WA 99302

Sherwin-Williams
2518 W Kennewick Ave
Kennewick, WA 99336


Signs By Sue
1215 S 10th
Pasco, WA 99301


Sineco Construction LLC
79544 Powerline Rd
Hermiston OR 97838


Six States Distributors TruckPro LLC
28534 Network Place
Chicago, IL 60673-1285


Smith Equipment & Welding
P.O. Box 625
Prineville, OR 97754


SMK Tri-Cities
PO Box 2548
Pasco, WA 99302


Star Rentals & Sales
P.O. Box 3875
Seattle, WA 98124-3875

Star Touch Wireless Internet
454 W Stuart
Bellingham, WA 98226


State of Idaho
Over Legal Transportation Department
P.O. Box 34
Boise, ID 83731


State of Washington Department of Ecology
P.O. Box 47611
Olympia, WA 98504-7611


Sun Basin Operations-CHS
P.O. Box 608
Quincy, WA 98848


Sunray Farms, LLC
PO Box 776
Royal City, WA 99357


Tacoma Screw Products, Inc.
2001 Center Street
Tacoma WA 98409-7895


TankMax Inc.
1206 E Lytle Street
Pasco, WA 99301-4310


Tarp-It, Inc.
3000 Wilson Creek Rd
Ellensburg, WA 98926

TCF National Bank
PO Box 77077
Minneapolis MN 55480-7777

Teton West of Washington, LLC
5806 N Industrial Way, Suite B
Pasco, WA 99301

The Prudential Insurance Company of America
2100 Ross Avenue, Suite 2500
Dallas, TX 75201

Thomas L. Palotas
Pepple Cantu Schmidt PLLC
801 Second Avenue, Suite 700
Seattle, WA 98104

Total Scale Service Inc.
P.O. Box 5156
Boise, ID 83705

Townsend Controls and Electric LLC
2040 N Commercial Ave
Pasco, WA 99301

Transport Equipment, Inc.
5615 East 3rd Ave
Spokane, WA 99212

Tri Cities Grain, LLC
600 Tank Farm Road
Pasco, WA 99301


Tri-Cities Battery
5900 W Clearwater
Kennewick, WA 99336


Tri-Cities Diesel Injection Service
707 S Oregon Ave
Pasco, WA 99301


Tri-City Forge
5917 Tyre Dr
Pasco, WA 99301


Tri-City Truck Parts
3275 Travel Plaza Way
Pasco, WA 99301


Twin City Metals, Inc.
P.O. Box 6484
Kennewick, WA 99336


Tyson Fresh Meats, Inc.
800 Stevens Port Drive
Dakota Dunes, SD 57049


Tyson Meats Corporation
Jessica Hede  (DD 723)
800 Stevens Port Dr
Dakota Dunes, SD 57049

U.S. Bank
P.O. Box 790408
St Louis, MO 63179-0408


U.S. Linen & Uniforms
1106 Harding
Richland, WA 99352


U.S. Small Business Administration
1545 Hawkins Blvd., Suite 202
El Paso, TX 79925


U.S. Treasury
Secretary of the Treasury
1500 Pennsylvania Ave. NW
Washington, DC 20220


United States Attorney's Office
Attn: Bankruptcy Assistant
U.S. Courthouse
700 Stewart St., Room 5220
Seattle, WA 98101


US Small Business Administration
Seattle District Office (Attn: District Counsel)
2401 Fourth Avenue, Suite 450
Seattle, WA 98121


USDA Farm Service Agency
316 W. Boone Ave., Suite 568
Spokane, WA 99201

USDA-APHIS Wildlife Services
3060 Bell Road NE
Moses Lake, WA 98837

Viterra Canada Inc.
2625 Victoria Ave
Regina, Saskatchewan Canada S4T 7T9

WA State Department of Labor & Industries
3rd Floor Legal
PO Box 44170
Olympia, WA 98504-4170

WA State Department of Revenue
Bankruptcy / Claims Unit
2101 Fourth Avenue #1400
Seattle, WA 98121-2300

WA State Dept of Ecology
P.O. Box 47611
Olympia WA 98504-7611

WA State Division of Child Support
PO Box 11520
Tacoma, WA 98411

WA State Employment Security Department
Insolvency Unit
PO Box 9046
Olympia, WA 98507-9046

WA. State Support Registry
Division of Child Support
P.O. Box 9162
Olympia, WA 98507-9162


Wagner Transportation
P.O. Box 192
Twin Falls, ID 83303-0192


Wallowa County Grain Growers
P.O. Box 190
Enterprise OR 97828


Walt's Wholesale Meats, Inc.
350 S Pekin Rd
Woodland, WA 98674


Ward Bros., Inc.
1531 Ironwood Rd.
Eltopia, WA 99330


Washington Cattle Feeders Assoc
P.O. Box 10831
Yakima, WA 98909


Washington State Dept of Ag
P.O. Box 42560
Olympia, WA 98504-2560

Washington State Dept of Health
P.O. Box 1099
Olympia, WA 98507-1009

Washington Trust Bank
Lukins & Annis
Trevor R. Pincock, Esq.
717 W. Sprague Avenue
Suite 1600
Spokane, WA 99201-0466

Washington Trust Bank
W. Benjamin Cox
Kennewick Financial Center
3250 West Clearwater
Kennewick, WA 99336

Washington Trust Bank
W. Benjamin Cox
PO Box 2127
Spokane, WA 99210-2127

Waste Management
P.O. Box 541065
Los Angeles, CA 90054-1065

Weaver Exterminating
P.O. Box 426
Yakima, WA 98907

Welding Tech
3115 E Ermina Ave
Spokane, WA 99207

Wentland Diesel
84455 Highway 11
Milton-Freewater, OR 97862


Western Integrated Technologies
PO Box 749748
Los Angeles, CA 90074-9748


Western Peterbilt GWP Holdings, LLC
P.O. Box 35144 #1022
Seattle, WA 98124-5144


Western States
P.O. Box 3805
Seattle, WA 98124-3805


Western Stockmen's LB 413058
JR Simplot Company
P.O. Box 35143
Seattle, WA 98124-5143


Western Trailers
PO Box 5598
Boise, ID 83705


Weyns Farms, LLC
8289 Kulm Road SE
Othello, WA 99344

Whiteman Lumber
32859 E Canyon Rd
Cataldo, ID 83810


Wild Country Construction
PO Box 83
Malin, OR 97632


Woodpecker Truck
P.O. Box 1306
Pendleton, OR 97801


Worldwide Express
PO Box 101903
Pasadena CA 91189


Yakima Mechanical Services
205 So. 4th Ave
Yakima, WA 98902


Yokohama Tire Corporation
P.O. Box 31001-2137
Pasadena CA 91110-2137


Ziply Fiber
PO Box 740416
Cincinnati OH 45274-0416