ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)**
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*
**Pro Hac Vice* Application Pending

*Proposed Attorneys for the Chapter 11
Debtors and Debtors in Possession*

HONORABLE WHITMAN L. HOLT

HEARING DATE: February 17, 2021
HEARING TIME: 2:00 p.m. PST
RESPONSE DUE: At Hearing
LOCATION: Telephonic

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Lead Case No. 21-00141-11<br>Jointly Administered<br><br>**NOTICE AND MOTION OF DEBTOR EASTERDAY RANCHES, INC. FOR THE ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE TERM SHEET WITH TYSON FRESH MEATS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES** |

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

DOCS_SF:105043.8 20375/002
MOTION FOR ORDER AUTHORIZING AND
APPROVING TERM SHEET – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**PLEASE TAKE NOTICE** that Easterday Ranches, Inc., a debtor and debtor in possession in the above-captioned chapter 11 cases, hereby files this notice and *Motion of Debtor Easterday Ranches, Inc. for the Entry of an Order Authorizing and Approving the Term Sheet with Tyson Fresh Meats, Inc.* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on this Notice and Motion, the arguments of counsel, and any other admissible evidence properly brought before this Court at or before the hearing on his Motion.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on **February 17, 2021 at 2:00 p.m. (Pacific Time)** by telephone as set forth below.

**PLEASE TAKE FURTHER NOTICE that, pursuant to court orders responding to the COVID-19 pandemic, any party that wishes to address the court, or appear without addressing the court, must appear by telephonic appearance. The telephone conference call-in number is (877) 402-9757, Access Code: 7036041.**

Dated: February 16, 2021      BUSH KORNFELD LLP

                              */s/ Thomas A. Buford, III*
                              _____
                              THOMAS A. BUFORD, III (WSBA 52969)
                              BUSH KORNFELD LLP

                              RICHARD M. PACHULSKI (admitted *pro hac vice*)
                              JEFFREY W. DULBERG (admitted *pro hac vice*)
                              JASON H. ROSELL (*pro hac vice* pending)
                              PACHULSKI STANG ZIEHL & JONES LLP

                              *Proposed Attorneys for*
                              *Debtors and Debtors in Possession*

DOCS_SF:105043.8 20375/002
MOTION FOR ORDER AUTHORIZING AND
APPROVING TERM SHEET – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## RELIEF REQUESTED

Easteraday Ranches, Inc., a debtor and debtor in possession (the "Debtor" or "Ranches") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby moves (this "Motion"), pursuant to sections 105 and 363(b) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order authorizing the Debtor to enter into and honor that certain *Term Sheet – Cattle Move* dated February 16, 2021 (the "Term Sheet") by and between the Debtor and Tyson Fresh Meats, Inc. ("Tyson"). A true and correct copy of the Term Sheet is attached hereto as **Exhibit A**.

In support of this Motion, the Debtor submits the declaration of T. Scott Avila, Co-Chief Restructuring Officer of the Debtor, filed concurrently herewith. In further support of the Motion, the Debtor respectfully represents as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

## JURISDICTION AND VENUE

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief sought herein are sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## BACKGROUND

**A.    Background**

On February 1, 2021 (the "Ranches Petition Date"), Ranches filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before this court.

On February 8, 2021 (the "Farms Petition Date", together with the Ranches Petition Date, the "Petition Dates"), Debtor Easteraday Farms, a Washington general

DOCS_SF:105043.8 20375/002
MOTION FOR ORDER AUTHORIZING AND
APPROVING TERM SHEET – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

partnership ("<u>Farms</u>" and together with Ranches, the "<u>Debtors</u>"), also filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before this court.

The Debtors continue to operate and manage their business and affairs as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

Additional information about the Debtors' historical business operations, capital structure, and the events leading up to the commencement of these Chapter 11 Cases, is set forth in the *Declaration of T. Scott Avila in Support of First Day Motions* [Docket No. 93], which is incorporated herein by reference.

**B.**    **The Proposed Term Sheet**

Ranches and Tyson are parties to that certain *Cattle Feeding Agreement*, dated February 20, 2017 (as subsequently amended or supplemented, the "<u>Cattle Feeding Agreement</u>"), whereby Ranches is required to, among other things, purchase and raise cattle on behalf of Tyson.

The Debtor and Tyson have engaged in negotiations concerning Tyson's ability to move certain cattle from Ranches' feedlots to third party grow lots in exchange for economic consideration necessary for the Debtor to appropriately care for the cattle. These discussions have culminated in the execution of the binding Term Sheet, subject to the approval of the court, the material terms of which are set forth below in summary form:

     i.    <u>Cattle</u>.  The parties estimate that there are approximately 52,000 cattle on Ranches' feedlots.  Term Sheet at § 2.

    ii.    <u>Transfer Schedule</u>.  Approximately 12,000 cattle (the "<u>Cattle</u>") will be transferred from Ranches' feedlots to third party grow lots pursuant to the transfer schedule set forth on <u>Exhibit A</u> (the "<u>Transfer Schedule</u>") of the Term Sheet.  The parties may agree in writing to modify the Transfer Schedule.  Term Sheet at § 3.

DOCS_SF:105043.8 20375/002
MOTION FOR ORDER AUTHORIZING AND
APPROVING TERM SHEET – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11   Doc 149   Filed 02/16/21   Entered 02/16/21 11:39:24   Pg 4 of 21

iii.    <u>Initial Transfer</u>. Commencing February 12, 2021 through February 17, 2021, Tyson will move approximately 3,336 Cattle from the Basin City Lot to a third party lot designated by Tyson and identified to Ranches. Term Sheet at § 6.[2]

iv.    <u>Post-Transfer Responsibility</u>. Ranches will continue caring for and maintaining the Cattle on Ranches' feedlots and grow lots in the ordinary course of business consistent with past practices. Once Cattle are loaded onto trucks for transfer to locations designated by Tyson in accordance with the Transfer Schedule, Tyson will bear all risk of loss due to casualty, death, accident, weather, acts of God, or otherwise. All third party transportation costs are Tyson's responsibility, provided that Tyson reserve the right to assert such expenses as part of tis prepetition claim against Ranches and Ranches, and its estate, reserve all reciprocal rights, including, but not limited to, challenging the reasonableness of such expenses. Term Sheet at § 7.

v.    <u>Reservation of Rights</u>. The transfer of Cattle is without prejudice to the rights and defenses of any party in interest, whether party to the Term Sheet or otherwise, regarding ownership of the Cattle, the value of the Cattle, or liens or set off rights that may be asserted with respect to the Cattle or the proceeds thereof. Term Sheet at § 8.

vi.    <u>Tyson Advances</u>. Attached as <u>Exhibit B</u> to the Term Sheet is a Tyson Advance Request (the "<u>Advance Request</u>"). Tyson agrees to pay the amounts set forth in the Advance Request as prepayments against Tyson's payment obligations arising postpetition under the Cattle Feeding Agreement, as modified by the Term Sheet. Tyson acknowledges and agrees that (a) the amounts set forth in the Advance Request are the amounts for costs that will be due and payable under the Cattle Feeding Agreement for the period by the Advance Request, absent a change in the underlying assumptions respecting operations at Ranches after the date of the Term Sheet; (b) Tyson will be permitted to credit any advances against amounts due from Tyson to Ranches under the

---

[2]    Due to weather and road conditions, the parties may be required to alter the transfer schedule.

DOCS_SF:105043.8 20375/002

MOTION FOR ORDER AUTHORIZING AND
APPROVING TERM SHEET – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Cattle Feeding Agreement, as modified by the Term Sheet; (c) the "true-up" provisions at the section called "Settlement and Return on Investment" in the Cattle Feeding Agreement shall not be applied on a postpetition basis to the Cattle transferred to Tyson by Ranches from February 1, 2021 through the period covered by the Advance Request, or used to reduce amounts due for such postpetition periods under the Cattle Feeding Agreement as modified hereby, and (d) notwithstanding any subsequent rejection or modification of the Cattle Feeding Agreement, Tyson will be prohibited from taking a set off of the amounts funded in accordance with the Advance Request against any prepetition amounts due to Tyson. The Advance Request may be extended, amended, or otherwise modified after the date of the Term Sheet upon the written agreement of the parties thereto. Ranches will bill Tyson in the ordinary course pursuant to the Cattle Feeding Agreement, for the period from and after February 1, 2021, and the Tyson Funding and other postpetition advances by Tyson will be applied by Ranches against such postpetition billings. Term Sheet at § 10.[3]

For the avoidance of doubt, the Advance Request governs the relationship between the Debtor and Tyson and does not affect the terms and conditions of the court's *Interim Order Authorizing Debtor [Easterday Ranches, Inc.] to Use Cash Collateral and Granting Adequate Protection* [Docket No. 56] (the "Ranches Interim Cash Collateral Order") or the budget approved therein. The Debtor will continue to honor its obligations under the Ranches Interim Cash Collateral Order.

## **RELIEF REQUESTED**

By this Motion, the Debtor requests the entry of an order, substantially in the form of **Exhibit B** attached hereto, authorizing the Debtor to enter into and honor the Term Sheet. Although the Debtor believes that the terms and conditions of the Term

---

[3] The Advance Request attached as Exhibit B to the Term Sheet is for one week. However, the parties are in ongoing negotiations and the Advance Request remains subject to approval by the Debtor's board of directors.

DOCS_SF:105043.8 20375/002
MOTION FOR ORDER AUTHORIZING AND
APPROVING TERM SHEET – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Sheet may constitute an ordinary course of business transaction, out of an abundance of caution, the Debtor seeks authority of the court to enter into and honor the Term Sheet in accordance with sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004.

## BASIS FOR RELIEF REQUESTED

### A.   The Term Sheet is a Sound Exercise of the Debtor's Business Judgment

Section 363 of the Bankruptcy Code provides, in relevant part, that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Under applicable case law throughout the country, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on part of the debtor, such use should be approved. *See*, *e.g.*, *In re Equity Funding Corp. of Am.*, 519 F.2d 1274, 1277 (9th Cir. 1975); *In re Claar Cellars LLC*, 2020 Bankr. LEXIS 682, at *9 (Bankr. E.D. Wash. Mar. 13, 2020) (the business judgment standard "is a 'deferential' standard pursuant to which a 'bankruptcy court will generally approve' a reasoned decision by the debtor.") (citations omitted); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.3d 513, 515 (7th Cir. 1991); *In re Delaware & Hudson R.R. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)); *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)) ("[T]he business judgment rule is a 'presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the actions were in the best interests of the company.'").

DOCS_SF:105043.8 20375/002
MOTION FOR ORDER AUTHORIZING AND
APPROVING TERM SHEET – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11   Doc 149   Filed 02/16/21   Entered 02/16/21 11:39:24   Pg 7 of 21

Additionally, the court's general equitable powers codified in section 105(a) of the Bankruptcy Code provide ample authority for the relief requested herein. Section 105(a) of the Bankruptcy Code empowers the court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). *See also United States v. Energy Resources Co.*, 495 U.S. 545, 549 (1990); *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1070 (9th Cir. 2004) (acknowledging equitable powers of bankruptcy courts pursuant to section 105(a) of the Bankruptcy Code); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code.").

Entry into the Term Sheet will provide needed funding to the Debtor in order to satisfy the ongoing administrative burden on this estate of feeding and caring for thousands of head of Cattle. At the same time, the Term Sheet will preserve all rights of the parties, including the Debtor's estate, regarding ownership of the Cattle, the value of the Cattle, or liens or set off rights that may be asserted with respect to the Cattle or the proceeds thereof. Finally, the Term Sheet creates an organized framework for the Debtor and Tyson to further scale down the Debtor's operations – the costs of which will be borne by Tyson. Thus, the Debtor submits that the Term Sheet constitutes a sound exercise of its business judgment and should be approved.

**B.**     **<u>Satisfaction of Bankruptcy Rule 6003</u>**

This Motion is brought within 21 days of the Ranches Petition Date. As such, Bankruptcy Rule 6003 provides that the relief requested in this Motion may only be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. As discussed above, the relief requested herein is necessary to the health and safety of thousands of head of Cattle and the organized removal of the

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Cattle from the Debtor's feedlots. Therefore, Bankruptcy Rule 6003 is satisfied to the extent that it is applicable.

## C.     Waiver of Any Applicable Stay

The Debtor also requests that the court waive any stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief sought in this Motion is designed to preserve value for the Debtor's estate and establish a framework for the orderly transition of the Cattle out the Debtor's feedlots. Accordingly, the Debtor requests that the court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

Nothing in the proposed order or this Motion (i) is intended nor does it constitute any agreement or an admission as to the validity of any claim against the Debtor and its estate, (ii) may impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority, or amount of any claim against the Debtor and its estate, or (iii) may be construed as an assumption or ratification of the Cattle Feeding Agreement by the Debtor.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, and such additional reasons as may be advanced at or prior to the hearing regarding this Motion, the Debtor respectfully requests that the court enter an order (i) authorizing the Debtor to enter into and honor the terms and conditions of the Term Sheet and (ii) granting such other and further relief as may be just and proper under the circumstances.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Dated: February 16, 2021

BUSH KORNFELD LLP

*/s/ Thomas A. Buford, III*

THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
JASON H. ROSELL (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP

*Proposed Attorneys for*
*Debtors and Debtors in Possession*

DOCS_SF:105043.8 20375/002

MOTION FOR ORDER AUTHORIZING AND
APPROVING TERM SHEET – Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# EXHIBIT A

## Term Sheet

DOCS_SF:105043.8 20375/002

<u>**TERM SHEET**</u>

<u>**CATTLE MOVE**</u>

February 16, 2021

1.  **<u>Parties</u>**:  Easterday Ranches, Inc. ("***Ranches***"), debtor and debtor in possession in Case No. 21-00141-WLH11, Bankruptcy Court for the Eastern District of Washington ("***Bankruptcy Court***"); and Tyson Fresh Meats, Inc. ("***Tyson***").

2.  **<u>Cattle</u>**:  All cattle currently on Ranches' feedlots (the "***Cattle***").  The parties estimate there are approximately 52,000 Cattle at the time of this Term Sheet.

3.  **<u>Anticipated Schedule</u>**:  See attached **<u>Exhibit A</u>** for the anticipated schedule of transfer of approximately 12,000 of the Cattle from Ranches' properties to feedlots and grow lots unaffiliated with Ranches (the "***Transfer Schedule***").  The parties may agree, in a writing signed by both parties, to modifications to the Transfer Schedule, including changes in timing and number of Cattle moved, without further order of the Bankruptcy Court, provided, however, that such modifications must otherwise be consistent with the terms of the Approval Order (as defined in Section 5 herein) except as so permitted therein.

4.  **<u>Effectiveness</u>**:  This is intended to be a binding Term Sheet, subject only to approval by the Bankruptcy Court. The parties hereto shall cooperate in seeking its prompt approval.

5.  **<u>Process</u>**:  Ranches will prepare and file a motion requesting that the Bankruptcy Court issue an order ("***Approval Order***") approving this Term Sheet at a hearing previously scheduled by the Bankruptcy Court to occur on February 17, 2021 at 2:00 p.m.  The proposed Approval Order will include a waiver of Federal Rule of Bankruptcy Procedure ("***FRBP***") 6004(h) and any other stay of effectiveness imposed by the Bankruptcy Code or FRBP.

6.  **<u>Initial Transfer</u>**.  Commencing February 12, 2021 through February 17, 2021, Tyson will move approximately 3,336 Cattle from the Basin City Lot to a third party lot designated by Tyson and identified to Ranches.  Such initial transfer is reflected on the Transfer Schedule, is included within the terms hereof, and will be covered by the proposed Approval Order.

7.  **<u>Post-Transfer Responsibility</u>**.  Ranches will continue caring for and maintaining the Cattle on Ranches' feedlots and grow lots in the ordinary course of business consistent with past practices.  Once Cattle are loaded onto trucks for transfer to locations designated by Tyson in accordance with the Transfer Schedule, Tyson will bear all risk of loss due to casualty, death, accident, weather, acts of God, or otherwise.  For the avoidance of any doubt, Tyson is exclusively responsible for the health, welfare, and feeding of Cattle once loaded onto trucks for transfer to locations designated by Tyson in accordance with the Transfer Schedule. Any import or health certificates related to the Cattle, and all third party transportation costs are Tyson's responsibility, provided that Tyson reserves the right to assert such expenses as part of its prepetition claim against

Ranches and Ranches, and its estate, reserves all reciprocal rights, including, but not limited to challenging the reasonableness of such expenses.

8. **Reservation of Rights**. The transfer of Cattle is without prejudice to the rights and defenses of any party in interest, whether party hereto or otherwise, regarding ownership of the Cattle, the value of the Cattle, or liens or set off rights that may be asserted with respect to the Cattle or the proceeds thereof. Notwithstanding anything to the contrary herein, nothing herein shall be construed as an assumption or ratification of the Cattle Feeding Agreement by Ranches.

9. **Maintenance of Records**. Ranches will (a) maintain all regularly-maintained records currently in its possession respecting the Cattle; (b) continue its pre-petition record keeping practices relating to the Cattle, including without limitation its practice of tracking lot movement, inventory by lot, and cumulative costs by lot and reporting all such information to Tyson on a monthly basis; and (c) continue its pre-petition practice of tracking all feed bills and other costs (inclusive of allocated overhead) by lot, and reporting all such information to Tyson on a semi-monthly basis. Ranches will make such records available to Tyson at all times subject to reasonable request. Tyson will maintain records customary in the industry respecting each lot of Cattle, including but not limited to identification, transfer costs, post-transfer feed, medicine, and all other costs associated with Cattle feeding and growing, and including market price upon disposition of the Cattle.

10. **Tyson Advances**. Attached hereto as **Exhibit B** is a Tyson Advance Request (the "***Advance Request***"). Tyson agrees to pay the amounts set forth in the Advance Request as prepayments against Tyson payment obligations arising postpetition under the Cattle Feeding Agreement as modified hereby. Tyson acknowledges and agrees that (a) the amounts set forth in the Advance Request are the amounts for costs that will be due and payable under the Cattle Feeding Agreement for the period covered by the Advance Request, absent a change in the underlying assumptions respecting operations at Ranches after the date hereof; (b) Tyson will be permitted to credit any advances against amounts due from Tyson to Ranches under the Cattle Feeding Agreement as modified hereby; (c) the "true-up" provisions at the section called "Settlement and Return on Investment" in the Cattle Feeding Agreement shall not be applied on a postpetition basis to the Cattle transferred to Tyson by Ranches from February 1, 2021 through the period covered by the Advance Request, or used to reduce amounts due for such postpetition periods under the Cattle Feeding Agreement as modified hereby, and (d) notwithstanding any subsequent rejection or modification of the Cattle Feeding Agreement, Tyson will be prohibited from taking a set off of the amounts funded in accordance with the Advance Request against any prepetition amounts due to Tyson. The Advance Request may be extended, amended, or otherwise modified after the date hereof upon the written agreement of the parties hereto. Ranches will bill Tyson in the ordinary course pursuant to the Cattle Feeding Agreement, for the period from and after February 1, 2021, and the Tyson Funding and other postpetition advances by Tyson will be applied by Ranches against such postpetition billings.

DOCS_LA:335935.2 20375/002

Executed as of February 16, 2021.

**Easterday Ranches, Inc.,**
**Debtor-in-Possession**


By _____
Peter Richter, Co-CRO

**Tyson Fresh Meats, Inc.**


By _____
Shane Miller, Chief Operating Officer

DOCS_LA:335935.2 20375/002

# EXHIBIT A

# TRANSFER SCHEDULE

**3rd Party Cattle Movement**
**Current Plan (weather permitting)**
**Sequence of Movement**

| Growyard | Current # of head (less deads) | Estimated Movement | Feedyard | Notes & Estimated Movement Dates |
|---|---|---|---|---|
| Basin City | 3,336 | 1,801 | Camas | February 12th-February 17th |
| | | 1,535 | Para | |
| English | 2,785 | 2,785 | Simplot | February 18th-23rd |
| Tuttle | 944 | 944 | Simplot | February 24th-25th |
| Allred | 1,951 | 1,610 | Simplot | February 26th-March 1st |
| South Lot | 27,080 | 3,156 | Simplot | March 2nd-March 5th Light end cattle only |
| **Totals** | | **11,831** | | |

Remainder of cattle (approx. 40,000) will be grown to maturity on Ranches grow lots and delivered to Tyson's Pasco processing plant at maturity.

Note: Weather has caused certain delays in certain of the transfers from the Basin City lot, which will necessitate moves from Allred to be accelerated and Basin City final transfers to be pushed back.

## EXHIBIT B

## ADVANCE REQUEST

| TYSON ADVANCE REQUEST One Week Ended 2/21/2021 | | |
|---|---|---|
| ($000s) | | Week 1 |
| Estimated Normal Course Feed & Operating Costs | $ | 1,346 |
| Cattle Transport Cost | | 51 |
| Total Requested Tyson Advance | $ | 1,396 |

DOCS_LA:335935.5 20375/002

# EXHIBIT B

**Proposed Order**

DOCS_SF:105043.8 20375/002

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re | Chapter 11 |
|---|---|
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-11 |
| Debtors.[1] | Jointly Administered |
| | **[PROPOSED] ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO ENTER INTO THE TERM SHEET WITH TYSON FRESH MEATS, INC.** |

    This matter having come before the court upon the motion (the "Motion")[2] of debtor and debtor in possession Easterday Ranches, Inc. ( "Ranches") for the entry of an order, pursuant to sections 105 and 363(b) of Title 11 of the United States Code and Federal Rule of Bankruptcy Procedure 6004, authorizing Ranches to enter into and honor that certain *Term Sheet – Cattle Move* dated February 16, 2021 (the "Term Sheet") by and between Ranches and Tyson Fresh Meats, Inc. ("Tyson"). The court

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

ORDER APPROVING TERM SHEET—CATTLE MOVE
DOCS_NY:42309.6 20375/001

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 149    Filed 02/16/21    Entered 02/16/21 11:39:24    Pg 18 of 21

having reviewed the Motion and the Term Sheet, and in consideration of the arguments of counsel at the hearing on the Motion, and the evidence submitted in support thereof, finds good cause to grant the relief requested in the Motion, as set forth herein.

**IT IS HEREBY ORDERED THAT:**

1. The Motion [Docket No. ____] is hereby **GRANTED**.

2. The Term Sheet attached hereto as <u>Exhibit 1</u> and the terms therein are hereby approved.

3. Ranches is hereby authorized, but not directed, to enter into and honor the terms and conditions of the Term Sheet.

4. Ranches and Tyson are hereby authorized to take all actions necessary to effectuate the relief granted pursuant to this order. For the avoidance of doubt, Tyson is authorized to perform the "Initial Transfer," pursuant to the terms and conditions of the Term Sheet.

5. Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules of the United States Bankruptcy Court for the Eastern District of Washington to the contrary, this order shall be effective upon entry.

6. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to Ranches' estate.

7. The stay imposed pursuant to Bankruptcy Rule 6004(h) is waived.

8. The court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order.

//END OF ORDER//

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

PRESENTED BY:

/s/
_____
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
JASON H. ROSELL (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Proposed Attorneys for*
*Debtors and Debtors in Possession*

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# EXHIBIT 1

**Term Sheet**

**[Filed Separately]**