**So Ordered.**

**Dated: February 18th, 2021**



Whitman L. Holt
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Lead Case No. 21-00141-11<br>Jointly Administered<br><br>**ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO ENTER INTO THE TERM SHEET WITH TYSON FRESH MEATS, INC.** |

This matter having come before the court upon the motion (the "Motion")[2] of debtor and debtor in possession Easterday Ranches, Inc. ("Ranches") for the entry of an order, pursuant to sections 105 and 363(b) of Title 11 of the United States Code and Federal Rule of Bankruptcy Procedure 6004, authorizing Ranches to enter into and honor that certain *Term Sheet – Cattle Move* dated February 16, 2021 (the "Term Sheet") by and between Ranches and Tyson Fresh Meats, Inc. ("Tyson"). The court

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

ORDER APPROVING TERM SHEET—CATTLE MOVE
DOCS_NY:42309.8 20375/001

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

having reviewed the Motion and the Term Sheet, and in consideration of the arguments of counsel at the hearing on the Motion, and the evidence submitted in support thereof, finds good cause to grant the relief requested in the Motion, as set forth herein.

**IT IS HEREBY ORDERED THAT:**

1. The Motion [Docket No. 149] is hereby **GRANTED**, as set forth below.

2. The Term Sheet attached hereto as Exhibit 1 and the terms therein are hereby approved, as modified hereby.

3. Ranches is hereby authorized, but not directed, to enter into and honor the terms and conditions of the Term Sheet.

4. Ranches and Tyson are hereby authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order. For the avoidance of doubt, Tyson is authorized to perform the "Initial Transfer," pursuant to the terms and conditions of the Term Sheet.

5. Notwithstanding anything to the contrary in the Term Sheet, Ranches shall not transfer more than approximately 12,000 Cattle to Tyson outside the ordinary course of business absent further order of the court on regular notice (unless the court shortens time for cause).

6. Notwithstanding anything to the contrary in the Term Sheet, Ranches shall promptly file on the docket in this case a notice of any additional Advance Requests approved by Tyson (aside from the initial Advance Request referenced in Exhibit B to the Term Sheet).

7. Notwithstanding anything to the contrary in the Term Sheet, (a) Ranches will make available to parties in interest who assert interests in or liens against the Cattle (upon reasonable request in writing) the reporting respecting the Cattle provided to Tyson by Ranches consistent with paragraph 9 of the Term Sheet and (b) Tyson will make available to Ranches and parties in interest who assert interests in or

ORDER APPROVING TERM SHEET—CATTLE MOVE -2

DOCS_NY:42309.8 20375/001

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 174    Filed 02/18/21    Entered 02/18/21 11:17:19    Pg 2 of 11

liens against the Cattle (upon reasonable request in writing) the records respecting the Cattle prepared by Tyson consistent with paragraph 9 of the Term Sheet.

8. Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules of the United States Bankruptcy Court for the Eastern District of Washington to the contrary, this order shall be effective upon entry.

9. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to Ranches' estate.

10. The stay imposed pursuant to Bankruptcy Rule 6004(h) is waived.

11. The court shall retain jurisdiction and power to hear and determine all matters arising from or related to the implementation of this order or the transfer of the Cattle.

//END OF ORDER//

ORDER APPROVING TERM SHEET—CATTLE MOVE -3

DOCS_NY:42309.8 20375/001

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11　　Doc 174　　Filed 02/18/21　　Entered 02/18/21 11:17:19　　Pg 3 of 11

PRESENTED BY:

/s/ Thomas A. Buford
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
JASON H. ROSELL (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Proposed Attorneys for
Debtors and Debtors in Possession*

ORDER APPROVING TERM SHEET—CATTLE MOVE -4

DOCS_NY:42309.8 20375/001

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 174    Filed 02/18/21    Entered 02/18/21 11:17:19    Pg 4 of 11

# **EXHIBIT 1**

**Term Sheet**

DOCS_NY:42309.8 20375/001

# TERM SHEET

# CATTLE MOVE

February 16, 2021

1. **Parties**: Easterday Ranches, Inc. ("***Ranches***"), debtor and debtor in possession in Case No. 21-00141-WLH11, Bankruptcy Court for the Eastern District of Washington ("***Bankruptcy Court***"); and Tyson Fresh Meats, Inc. ("***Tyson***").

2. **Cattle**: All cattle currently on Ranches' feedlots (the "***Cattle***"). The parties estimate there are approximately 52,000 Cattle at the time of this Term Sheet.

3. **Anticipated Schedule**: See attached **Exhibit A** for the anticipated schedule of transfer of approximately 12,000 of the Cattle from Ranches' properties to feedlots and grow lots unaffiliated with Ranches (the "***Transfer Schedule***"). The parties may agree, in a writing signed by both parties, to modifications to the Transfer Schedule, including changes in timing and number of Cattle moved, without further order of the Bankruptcy Court, provided, however, that such modifications must otherwise be consistent with the terms of the Approval Order (as defined in Section 5 herein) except as so permitted therein.

4. **Effectiveness**: This is intended to be a binding Term Sheet, subject only to approval by the Bankruptcy Court. The parties hereto shall cooperate in seeking its prompt approval.

5. **Process**: Ranches will prepare and file a motion requesting that the Bankruptcy Court issue an order ("***Approval Order***") approving this Term Sheet at a hearing previously scheduled by the Bankruptcy Court to occur on February 17, 2021 at 2:00 p.m. The proposed Approval Order will include a waiver of Federal Rule of Bankruptcy Procedure ("***FRBP***") 6004(h) and any other stay of effectiveness imposed by the Bankruptcy Code or FRBP.

6. **Initial Transfer**. Commencing February 12, 2021 through February 17, 2021, Tyson will move approximately 3,336 Cattle from the Basin City Lot to a third party lot designated by Tyson and identified to Ranches. Such initial transfer is reflected on the Transfer Schedule, is included within the terms hereof, and will be covered by the proposed Approval Order.

7. **Post-Transfer Responsibility**. Ranches will continue caring for and maintaining the Cattle on Ranches' feedlots and grow lots in the ordinary course of business consistent with past practices. Once Cattle are loaded onto trucks for transfer to locations designated by Tyson in accordance with the Transfer Schedule, Tyson will bear all risk of loss due to casualty, death, accident, weather, acts of God, or otherwise. For the avoidance of any doubt, Tyson is exclusively responsible for the health, welfare, and feeding of Cattle once loaded onto trucks for transfer to locations designated by Tyson in accordance with the Transfer Schedule. Any import or health certificates related to the Cattle, and all third party transportation costs are Tyson's responsibility, provided that Tyson reserves the right to assert such expenses as part of its prepetition claim against

Ranches and Ranches, and its estate, reserves all reciprocal rights, including, but not limited to challenging the reasonableness of such expenses.

8. **Reservation of Rights**.  The transfer of Cattle is without prejudice to the rights and defenses of any party in interest, whether party hereto or otherwise, regarding ownership of the Cattle, the value of the Cattle, or liens or set off rights that may be asserted with respect to the Cattle or the proceeds thereof.  Notwithstanding anything to the contrary herein, nothing herein shall be construed as an assumption or ratification of the Cattle Feeding Agreement by Ranches.

9. **Maintenance of Records**.  Ranches will (a) maintain all regularly-maintained records currently in its possession respecting the Cattle; (b) continue its pre-petition record keeping practices relating to the Cattle, including without limitation its practice of tracking lot movement, inventory by lot, and cumulative costs by lot and reporting all such information to Tyson on a monthly basis; and (c) continue its pre-petition practice of tracking all feed bills and other costs (inclusive of allocated overhead) by lot, and reporting all such information to Tyson on a semi-monthly basis.  Ranches will make such records available to Tyson at all times subject to reasonable request.  Tyson will maintain records customary in the industry respecting each lot of Cattle, including but not limited to identification, transfer costs, post-transfer feed, medicine, and all other costs associated with Cattle feeding and growing, and including market price upon disposition of the Cattle.

10. **Tyson Advances**.  Attached hereto as **Exhibit B** is a Tyson Advance Request (the "***Advance Request***").  Tyson agrees to pay the amounts set forth in the Advance Request as prepayments against Tyson payment obligations arising postpetition under the Cattle Feeding Agreement as modified hereby.  Tyson acknowledges and agrees that (a) the amounts set forth in the Advance Request are the amounts for costs that will be due and payable under the Cattle Feeding Agreement for the period covered by the Advance Request, absent a change in the underlying assumptions respecting operations at Ranches after the date hereof; (b) Tyson will be permitted to credit any advances against amounts due from Tyson to Ranches under the Cattle Feeding Agreement as modified hereby; (c) the "true-up" provisions at the section called "Settlement and Return on Investment" in the Cattle Feeding Agreement shall not be applied on a postpetition basis to the Cattle transferred to Tyson by Ranches from February 1, 2021 through the period covered by the Advance Request, or used to reduce amounts due for such postpetition periods under the Cattle Feeding Agreement as modified hereby, and (d) notwithstanding any subsequent rejection or modification of the Cattle Feeding Agreement, Tyson will be prohibited from taking a set off of the amounts funded in accordance with the Advance Request against any prepetition amounts due to Tyson.  The Advance Request may be extended, amended, or otherwise modified after the date hereof upon the written agreement of the parties hereto.  Ranches will bill Tyson in the ordinary course pursuant to the Cattle Feeding Agreement, for the period from and after February 1, 2021, and the Tyson Funding and other postpetition advances by Tyson will be applied by Ranches against such postpetition billings.

Executed as of February 16, 2021.

**Easterday Ranches, Inc.,**
**Debtor-in-Possession**

By /s/ Peter Richter
Peter Richter, Co-CRO

**Tyson Fresh Meats, Inc.**

By _____
Shane Miller, Chief Operating Officer

Executed as of February 16, 2021.

| | |
|---|---|
| **Easterday Ranches, Inc.,**<br>**Debtor-in-Possession** | **Tyson Fresh Meats, Inc.** |
| By _____<br>Peter Richter, Co-CRO | By *[signature: Shane Miller]*<br>Shane Miller, Chief Operating Officer |

# EXHIBIT A

# TRANSFER SCHEDULE

**3rd Party Cattle Movement**
**Current Plan (weather permitting)**
**Sequence of Movement**

| Growyard | Current # of head (less deads) | Estimated Movement | Feedyard | Notes & Estimated Movement Dates |
|---|---|---|---|---|
| Basin City | 3,336 | 1,801 | Camas | February 12th-February 17th |
|  |  | 1,535 | Para |  |
| English | 2,785 | 2,785 | Simplot | February 18th-23rd |
| Tuttle | 944 | 944 | Simplot | February 24th-25th |
| Allred | 1,951 | 1,610 | Simplot | February 26th-March 1st |
| South Lot | 27,080 | 3,156 | Simplot | March 2nd-March 5th<br>Light end cattle only |
| **Totals** |  | **11,831** |  |  |

Remainder of cattle (approx. 40,000) will be grown to maturity on Ranches grow lots and delivered to Tyson's Pasco processing plant at maturity.

Note: Weather has caused certain delays in certain of the transfers from the Basin City lot, which will necessitate moves from Allred to be accelerated and Basin City final transfers to be pushed back.

# EXHIBIT B

# ADVANCE REQUEST

**TYSON ADVANCE REQUEST**
**One Week Ended 2/21/2021**

| ($000s) | Week 1 |
|---|---|
| Estimated Normal Course Feed & Operating Costs | $ 1,346 |
| Cattle Transport Cost | 51 |
| Total Requested Tyson Advance | $ 1,396 |