Alan D. Smith (WSBA 24964)
Bradley A. Cosman  (*pro hac vice to be submitted*)
James F. Williams (WSBA 23613)
Nitika Arora (WSBA 54084)
PERKINS COIE LLP
1201 Third Avenue
Seattle, WA  98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
E-mail:  ADSmith@perkinscoie.com
BCosman@perkinscoie.com
JWilliams@perkinscoie.com
NArora@perkinscoie.com

Attorneys for Creditor Tyson Fresh Meats, Inc.

HON. WHITMAN L. HOLT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br>EASTERDAY RANCHES, INC.,<br>　　　　　Debtor. | Chapter 11<br><br>Case No. 21-00141-11 WLH11<br><br>**STIPULATED PROTECTIVE ORDER** |

1. **<u>PURPOSES AND LIMITATIONS</u>**

　　Discovery in this case is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## 2. "CONFIDENTIAL" MATERIAL

As used in this Order, "Confidential Information" means any document, or any portion thereof, which contains confidential or proprietary business, commercial, research, personal, product or financial content belonging to the producing party, and which is designated as "CONFIDENTIAL" for purposes of this case. Confidential Information may fall within one or more of the following categories: (a) information prohibited from disclosure by statute or contractual agreement; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; or (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms. The parties will make reasonable efforts to ensure that information or documents that are available to the public are not designated as Confidential Information.

## 3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

## 4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

**4.1 Basic Principles**. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this

case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**4.2** **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this case;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this case;

(c) experts and consultants to whom disclosure is reasonably necessary for this case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating

party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**4.3** **Filing Confidential Material**. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

**5. DESIGNATING PROTECTED MATERIAL**

**5.1** **Manner and Timing of Designations**. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing

party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

    b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

    c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

  **5.2** **<u>Inadvertent Failures to Designate</u>**. An inadvertent failure to designate a document as Confidential does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

# 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1 Timing of Challenges**. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2 Meet and Confer**. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

**6.3 Judicial Intervention**. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

    b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. LIMITATIONS ON WAIVER OF PRIVILEGE

**9.1 Clawback of Inadvertent Disclosure**. This Order is entered, *inter alia*, pursuant to Federal Rule of Evidence 502(d). If a party or non-party that produces or otherwise discloses information in connection with this case (the

"Producing Party") thereafter claims that such information is protected by any privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding. By entering this Protective Order, the Court intends to provide the maximum protection allowed by Rule 502(d).

a) **Assertion of a Clawback**. Any Producing Party may request in writing, the return of any Disclosed Protected Information by identifying it and stating the basis for withholding such material or information from production.

b) **Clawbacks Before Deposition**. To the extent a party believes a clawback made prior to a scheduled deposition impacts that deposition, the parties will meet and confer and a party may seek guidance from the court if the meet and confer does not reach a successful resolution.

c) **Clawback Process**. Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of Disclosed Protected Information.

i. If a Producing Party requests the return of such Disclosed Protected Information then in the custody of one or more parties, the receiving parties shall—unless it contests the claim of attorney-client privilege or work product protection in accordance with this Order – within ten (10) business days of receipt of written notice (i) destroy or return to the Producing Party the Disclosed Protected Information and all copies thereof, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.

ii. **Challenging a Clawback**. If a party seeks to challenge a Producing Party's request to return such Disclosed Protected Information, that party shall notify the Producing Party or non-party that it wishes to challenge the claim of privilege or work product protection and has sequestered the material until the issue can be resolved. The parties agree to meet and confer regarding the claim of privilege. If, at the conclusion of the meet and confer process, the parties are still not in agreement, they may bring the issue to the court. A party challenging a clawback request under this paragraph may rely upon Rule 502(b) and use the clawed back document and its contents for the purpose of filing or responding to a motion with the court to determine whether or not: (i) the document is privileged or work product; and/or (ii) any privileges have been waived pursuant to Rule 502(b), only in accordance with the provisions of Fed. R. Civ. P. 26(b)(5)(B). For any such filing, the Disclosed Protected Information at issue shall be filed under seal.

iii. **Presumptive Loss of Clawback After Use.** Nothing in this Section 9 precludes a party who challenges the clawback of Disclosed Protected Information from arguing under Federal Rule for Evidence 502(b) that the circumstances under which the information was disclosed or used amounted to an intentional waiver of privilege or that the party who seeks to claw back the information failed to take reasonable steps to prevent disclosure or to rectify the error. Without limiting the foregoing, a party seeking to claw back Disclosed Protected Information under this Section shall be presumed to have lost the right to claw back under this Section if (1) the Disclosed Protected Information, or document containing such information, is used by any party in a deposition, hearing, or court filing in this action (with the exception of a motion to determine the existence of any privilege), or specifically referred to in the body of an expert

report served in this action, (2) the party seeking to claw back the information was represented at the deposition or hearing, was a party to the motion or other proceeding in connection with which the court filing was made, or was a subject of the opinions expressed in the expert report, and (3) such party fails to claw back the information pursuant to this Order within 21 calendar days of its use or, in the case of a document first used by a Party on an exhibit list, within the time prescribed by the trial court for objections to such pretrial filings, if less than 21 days.

    iv. The parties may stipulate to extend the time periods set forth in sub-paragraphs (a) and (c).

    v. Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

    vi. The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

  **9.2 <u>Deletion from Electronic Database.</u>** Where a party agrees to or is ordered to destroy a clawed back document, the party must instruct their e-discovery vendor to delete the document entirely from their e-discovery database and delete other copies of the clawed back document. To the extent that it is not technologically feasible for a receiving party to destroy a clawed back document (for example, if the clawed back document is part of a production provided on read-only production media such that the clawed back document cannot be

destroyed without destroying the entire production media), the Parties will meet and confer as to an acceptable alternative approach.

**9.3** **Receiving Party's Obligation.** Without waiving the ability to challenge a clawback under this Order, a party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10.** **NON-TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this case, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 22, 2021      *s/James F. Williams*
James F. Williams, WSBA No. 23613
Alan D. Smith (WSBA 24964)
Bradley A. Cosman  (*pro hac vice* to be submitted)
Nitika Arora, WSBA No. 54084
PERKINS COIE LLP

STIPULATED PROTECTIVE ORDER - 11
151531810.2

21-00141-WLH11    Doc 185    Filed 02/22/21    Entered 02/22/21 18:16:07    Pg 11 of 14

1201 Third Avenue
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
E-mail: JWilliams@perkinscoie.com
ADSmith@perkinscoie.com
BCosman@perkinscoie.com
NArora@perkinscoie.com

Attorneys for Creditor Tyson Fresh Meats, Inc.

DATED: February 22, 2021

*s/Thomas A. Buford, III*
Thomas A. Buford, III (WSBA #52969)
Armand J. Kornfeld (WSBA #17214)
Richard B. Keeton (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

*s/Alan J. Kornfeld*
Alan J. Kornfeld (Admitted *Pro Hac Vice*)
Richard M. Pachulski (Admitted *Pro Hac Vice*)
Maxim B. Litvak (Admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/ 277-6910
Facsimile: 310/ 201-0760
Emails: rpachulski@pszjlaw.com
akornfeld@pszjlaw.com, and
mlitvak@pszjlaw.com

*Proposed Attorneys for the Chapter 11 Debtor and Debtor in Possession*

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the

attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED:_____

                                                     _____
                                                     HONORABLE WHITMAN L. HOLT
                                                   United States Bankruptcy Court Judge

STIPULATED PROTECTIVE ORDER - 13
151531810.2

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Bankruptcy Court for the Eastern District of Washington on [date] in the case of *In re: Easterday Ranches, Inc.*, Case No. 21-00141 WLH11. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this case.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 14
151531810.2