ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
MAXIM B. LITVAK (CA Bar #215852)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
mlitvak@pszjlaw.com

*Admitted *Pro Hac Vice*

*Proposed Attorneys for the Chapter 11
Debtors and Debtors in Possession*

HONORABLE WHITMAN L. HOLT

HEARING DATE: MARCH 3, 2021
HEARING TIME: 11:00 a.m. PST
RESPONSE DUE: At Hearing
LOCATION: Telephonic

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Lead Case No. 21-00141-WLH11<br>Jointly Administered<br><br>**NOTICE AND MOTION OF DEBTOR EASTERDAY RANCHES, INC. FOR THE ENTRY OF AN ORDER AUTHORIZING AND APPROVING SETTLEMENT TERM SHEET WITH TYSON FRESH MEATS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES** |

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

DOCS_SF:105089.2 20375/002

MOTION FOR ORDER AUTHORIZING AND
APPROVING SETTLEMENT TERM SHEET –
Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb24k5016p

**PLEASE TAKE NOTICE** that Easterday Ranches, Inc., a debtor and debtor in possession in the above-captioned chapter 11 cases, hereby files this notice and *Motion of Debtor Easterday Ranches, Inc. for the Entry of an Order Authorizing and Approving Settlement Term Sheet with Tyson Fresh Meats, Inc.* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on this Notice and Motion, the arguments of counsel, and any other admissible evidence properly brought before this Court at or before the hearing on his Motion.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on **Wednesday, March 3, 2021 at 11:00 a.m. (Pacific Time)** by telephone as set forth below.

**PLEASE TAKE FURTHER NOTICE that, pursuant to court orders responding to the COVID-19 pandemic, any party that wishes to address the court, or appear without addressing the court, must appear by telephonic appearance. The telephone conference call-in number is (877) 402-9757, Access Code: 7036041.**

Dated: February 25, 2021

BUSH KORNFELD LLP

*/s/ Thomas A. Buford*

THOMAS A. BUFORD, III (WSBA 52969)
RICHARD B. KEETON (WSBA 51537)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
MAXIM B. LITVAK (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Proposed Attorneys for*
*Debtors and Debtors in Possession*

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## **RELIEF REQUESTED**

Easterday Ranches, Inc., a debtor and debtor in possession (the "<u>Debtor</u>" or "<u>Ranches</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>"), hereby moves (this "<u>Motion</u>"), pursuant to sections 105 and 363(b) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for the entry of an order authorizing the Debtor to enter into and honor that certain *Binding Settlement Term Sheet* dated February 24, 2021 (the "<u>Settlement Term Sheet</u>"), by and between the Debtor and Tyson Fresh Meats, Inc. ("<u>Tyson</u>"). A true and correct copy of the Settlement Term Sheet is attached hereto as **Exhibit A**.

In support of this Motion, the Debtor submits the declaration of T. Scott Avila, Co-Chief Restructuring Officer of the Debtor, filed concurrently herewith. In further support of the Motion, the Debtor respectfully represents as follows:

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **JURISDICTION AND VENUE**

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief sought herein are sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019.

## **BACKGROUND**

**A.    Background**

On February 1, 2021 (the "<u>Ranches Petition Date</u>"), Ranches filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before this court.

DOCS_SF:105089.2 20375/002
MOTION FOR ORDER AUTHORIZING AND
APPROVING SETTLEMENT TERM SHEET –
Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

On February 8, 2021, Debtor Easterday Farms, a Washington general partnership ("Farms" and together with Ranches, the "Debtors"), also filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before this court.

The Debtors continue to operate and manage their business and affairs as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

Additional information about the Debtors' historical business operations, capital structure, and the events leading up to the commencement of these Chapter 11 Cases, is set forth in the *Declaration of T. Scott Avila in Support of First Day Motions* [Docket No. 93], which is incorporated herein by reference.

**B.      The Proposed Settlement Term Sheet**

On February 8, 2021, Tyson filed its *Motion for Appointment of Chapter 11 Trustee* in the Ranches case [Docket No. 79] (the "Trustee Motion").

Ranches and Tyson are parties to that certain *Cattle Feeding Agreement*, dated February 20, 2017 (as subsequently amended or supplemented, including though the Cattle Term Sheet (as defined below) and the Settlement Term Sheet, the "Cattle Feeding Agreement"), whereby Ranches is required to, among other things, purchase and raise cattle on behalf of Tyson.

After the Ranches Petition Date, the Debtor and Tyson engaged in negotiations concerning Tyson's ability to move certain cattle from Ranches' feedlots to third party grow lots in exchange for economic consideration necessary for the Debtor to appropriately care for the cattle. These discussions culminated in the execution of that certain *Cattle Move Term Sheet* between the Debtor and Tyson dated February 18, 2021 (as may be modified under its own terms, the "Cattle Term Sheet"). On February 14, 2021, this court entered an order approving the Cattle Term Sheet [Docket No. 174].

DOCS_SF:105089.2 20375/002
MOTION FOR ORDER AUTHORIZING AND
APPROVING SETTLEMENT TERM SHEET –
Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Since approval of the Cattle Term Sheet, the Debtor and Tyson continued their negotiations regarding a broader settlement, which includes withdrawal of the Trustee Motion. The proposed resolution between the parties is encompassed in the Settlement Term Sheet, the material terms of which are as follows:

| | |
|---|---|
| **Cattle Term Sheet** | Tyson will continue to fund weekly advances to Debtor for the care and maintenance of cattle and associated overhead on the conditions set forth in the *Cattle Term Sheet* on a weekly basis. To the extent of any conflict between the terms of the Cattle Term Sheet and the Settlement Term Sheet, the Settlement Term Sheet shall control. In the event the Settlement Term Sheet is not approved by the court, any funding made prior to the date thereof, and the funding made on an interim basis pursuant to the Settlement Term Sheet pending court approval, shall be governed by the Cattle Term Sheet |
| **Approved Budget** | The initial approved budget (the "Approved Budget") for Debtor with respect to Tyson advances and the use of such funds is attached to the Settlement Term Sheet as Exhibit A. Debtor may use advances only in accordance with the Approved Budget. The Approved Budget reflects Debtor's current best estimate of receipts and disbursements relating to cattle for the projected period, subject to final reconciliation. Debtor reserves the right to propose an amended, revised, or updated budget more frequently than contemplated below, based on actual results and revised projections, provided that any such amendment, revision, or update is subject to Tyson's express reasonable approval. |
| | On the 7th and the 22nd day (or the next business day) of each month to occur after approval of the Settlement Term Sheet by the Bankruptcy Court, Debtor will provide Tyson with a report showing actual cash receipts and disbursements of Debtor under the Approved Budget as of the 15th day of each month and on the last day of each month, and a written explanation of all material variances, and a proposed reconciliation of budget-to-actual amounts ("Reconciliation"). Further, Debtor may update and roll-forward the proposed Approved Budget twice each month by the dates noted in the foregoing sentence or at such other interval as agreed to by Tyson and Debtor. Any such updated proposed Approved Budget shall be subject to Tyson's express reasonable approval. To the extent a Reconciliation shows that prior Tyson advances exceeded the Debtor's actual expenditures, such excess advances shall be automatically applied against and reduce the next advance amount. |

DOCS_SF:105089.2 20375/002

MOTION FOR ORDER AUTHORIZING AND
APPROVING SETTLEMENT TERM SHEET –
Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb24k5016p

| | |
|---|---|
| **Billing** | Debtor will bill Tyson twice per month in the ordinary course pursuant to the Cattle Feeding Agreement, for the period from and after February 1, 2021 (provided, however, that Tyson shall not be liable for any amounts arising on a postpetition basis under the "true-up" provisions at the section called "Settlement and Return on Investment" in the Cattle Feeding Agreement), and such billings shall be automatically applied against the advances.

Any advances that are not repaid from actual billings for the care and maintenance of the cattle and associated overhead shall constitute an allowed administrative expense claim against Debtor. To the extent of any deficiency in Tyson advances to Debtor against actual billings, Tyson shall fund the difference to Debtor. |
| **Operations; Herd Disposition** | Debtor will continue operating its business in the ordinary course subject to the terms of the Settlement Term Sheet, and subject to the Bankruptcy Code. Without limiting the generality of the foregoing, Debtor will continue to operate its feedlots for the benefit of cattle thereon as of the Petition Date (but will not purchase any other cattle or accept any other cattle for growing and feeding), will continue to feed and grow the cattle in its possession as of the Petition Date (the "Herd"), and will deliver cattle to Tyson's (or its affiliate's) packinghouse or make available the cattle for transport by Tyson to other locations off Debtor's premises, all in accordance with the Cattle Feeding Agreement.

The actual and necessary expenses of preserving and maintaining the Herd will be funded through advances on the conditions set forth in the Cattle Term Sheet (as modified by the Settlement Term Sheet).

The "true-up" provisions at the section called "Settlement and Return on Investment" in the Cattle Feeding Agreement are hereby eliminated for purposes of any postpetition claims or obligations. The true-up shall not be applied to any cattle transferred to Tyson by Debtor at any time on a postpetition basis, or otherwise affect the relationship between Tyson and Debtor except in computing Tyson's prepetition claims against the estate. |
| **Withdrawal of Trustee Motion / Reservation of Rights** | Prior to the date hereof, Tyson has filed the Trustee Motion. Upon court approval the Settlement Term Sheet, Tyson shall withdraw the Trustee Motion and Tyson agrees not to renew its request for a trustee (or assist anyone else with a trustee motion in Debtor's or any other affiliate's case) prior to: (a) the occurrence of a breach by Debtor of its obligations under the Settlement Term Sheet or (b) based upon acts or omissions of Debtor found by the Bankruptcy Court to constitute willful |

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb24k5016p

| | |
|---|---|
| | misconduct or gross negligence occurring on a postpetition basis.

The transfer of cattle to Tyson is without prejudice to the rights and defenses of any party in interest, whether party hereto or otherwise, regarding ownership of the cattle, the value of the cattle, any costs or expenses incurred with respect to the cattle, or any liens or set off rights that may be asserted with respect to the cattle or the proceeds thereof. Notwithstanding anything to the contrary herein, nothing herein shall be construed as an assumption or ratification of the Cattle Feeding Agreement by Debtor; provided that without Tyson's prior written consent Debtor shall not reject the Cattle Feeding Agreement prior to the Trigger Date, provided that a breach of the Settlement Term Sheet by Debtor will not be considered in determining the Trigger Date for purposes of this paragraph.

Notwithstanding the foregoing, Debtor shall not commence litigation (or assist anyone else with litigation) against Tyson relating to the foregoing reserved rights prior to the Trigger Date, a breach of the Settlement Term Sheet by Tyson, or the filing of another Trustee Motion by Tyson. Debtor shall endeavor to engage in good faith negotiations with Tyson in an effort to resolve such litigation claims prior to proposing or confirming a chapter 11 plan by Debtor. |
| **Trigger Date** | All commitments of Tyson to fund advances under the Cattle Term Sheet and hereunder shall be deemed terminated on the earliest to occur of:

(i) removal of the last cattle from Debtor's custody, possession, or control;

(ii) June 30, 2021;

(iii) material breach of the Settlement Term Sheet by Debtor;

(iv) Debtor lacks authority to use cash collateral to fund the care and maintenance of the cattle; or

(v) willful misconduct or gross negligence in Debtor's postpetition operation of the estate.

The date on which the earliest of clauses (i) through (v) above occurs is the "Trigger Date."

Debtor's obligations under the Settlement Term Sheet shall terminate upon a breach of the Settlement Term Sheet by Tyson. |

DOCS_SF:105089.2 20375/002

MOTION FOR ORDER AUTHORIZING AND
APPROVING SETTLEMENT TERM SHEET –
Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| Case Milestones | Debtor must comply with the following milestones (each, a "Case Milestone") with respect to its chapter 11 case: |
| --- | --- |
| | (a) Tyson acknowledges that Skye Root of Root Agricultural Advisory is an acceptable broker and/or real estate agent in order to assist Debtor to sell its real estate assets through one or more sales under Bankruptcy Code § 363; no later than 30 days after the date hereof, Debtor must file an application seeking approval of the retention of such person(s); and no later than 45 days after the date of filing of such application, an approval order must be entered. |
| | (b) No later than 30 days after the date hereof, Debtor must file a motion for approval of sale procedures related to a sale of all or substantially all of Debtor's real estate assets ("Sale Procedure Motion"). Debtor must obtain an order from the Bankruptcy Court approving the Sale Procedure Motion no later than 45 days after filing the Sale Procedure Motion. |
| | (c) No later than June 15, 2021, Debtor must file a motion for approval of the sale (through one or more sales) of all or substantially all of Debtor's real estate assets; and no later than July 15, 2021, Debtor must obtain an order from the Bankruptcy Court approving such sale(s). |
| | (d) No later than July 1, 2021, Borrower must file a chapter 11 plan of reorganization ("Plan") and accompanying disclosure statement ("Disclosure Statement"). The Bankruptcy Court must enter an order approving the Disclosure Statement on or before August 15, 2021, and must enter an order confirming the Plan no later than October 15, 2021, and the effective date of the Plan must have occurred on or prior to the date which is 30 days after entry of the order confirming the Plan. |

## **RELIEF REQUESTED**

By this Motion, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019, the Debtor requests the entry of an order, substantially in the form of **Exhibit B** attached hereto, authorizing the Debtor to enter into and honor the Settlement Term Sheet.

DOCS_SF:105089.2 20375/002
MOTION FOR ORDER AUTHORIZING AND
APPROVING SETTLEMENT TERM SHEET –
Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb24k5016p

## BASIS FOR RELIEF REQUESTED

### A.  Applicable Standard for Approval of Compromise Under Rule 9019

Bankruptcy Rule 9019(a) provides in relevant part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In reviewing proposed settlements, the standard that courts applied under the former Bankruptcy Act also applies under the Bankruptcy Code. *See In re Carla Leather, Inc.*, 44 B.R. 457, 466 (Bankr. S.D.N.Y. 1984), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985). The U.S. Supreme Court stated in *Protective Committee v. Anderson*, 390 U.S. 414 (1968), that in order to approve a proposed settlement under the Bankruptcy Act, a court must have found that the settlement was "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Carla Leather*, 44 B.R. at 466.

A court, however, should not substitute its own judgment for the judgment of a trustee or a debtor. *Id*. at 465. In reviewing a proposed settlement, a court is not "to decide the numerous questions of law and fact . . . but rather to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983). "When assessing a compromise, courts need not rule upon disputed facts and questions of law, but rather only canvass the issues. A mini trial on the merits is not required." *In re Schmitt*, 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997) (citations omitted).

The Ninth Circuit has held that in considering a proposed compromise, the Court must evaluate the following factors: (i) the probability of success; (ii) the difficulties, if any, of collection; (iii) the complexity of litigation involved, and the

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

expense, inconvenience and delay in necessarily attending to it; and (iv) the paramount interests of creditors. *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988) (quoting *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom*).

Each of the foregoing factors, as they apply to the proposed Settlement Term Sheet, is discussed below.

### i. The Probability of Success Factor Favors a Compromise

Through the Settlement Term Sheet, the Debtor and Tyson have agreed on a long-term funding arrangement and resolution of the Trustee Motion, while preserving various rights of the parties and other parties in interest with respect to the cattle in the Debtor's custody, possession, or control since the commencement of this case. Consistent with the Cattle Term Sheet that the court recently approved, Tyson will continue to advance funds to the Debtor in order to reimburse the estate for the cost of caring and maintaining the cattle and associated overhead, except now such funding will be in place in accordance with the Approved Budget through June 30, 2021 or such other date as the parties may agree. All advances and billings will be subject to reconciliation and the Approved Budget is subject to change based on actual costs and expenses that the Debtor may incur or is projected to incur. At the same time, Tyson will withdraw the Trustee Motion, which would avoid the risks, costs, delays, and uncertainties associated with that contested matter. The parties and the estate can then focus on the important tasks of preserving the cattle and otherwise maximizing the value of the estate's assets.

### ii. The Difficulties of Collection Factor Supports the Agreed Funding Under the Proposed Settlement Term Sheet

Under the proposed Settlement Term Sheet, Tyson has agreed to fund the Debtor's costs for the cattle pursuant to the Approved Budget through June 30, 2021.

DOCS_SF:105089.2 20375/002

MOTION FOR ORDER AUTHORIZING AND
APPROVING SETTLEMENT TERM SHEET –
Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb24k5016p

Although the Debtor would have expected such funding from Tyson under the Cattle Term Sheet, there was no long-term commitment from Tyson to make advances, aside from week-to-week funding. This point has now been addressed under the Settlement Term Sheet.

### iii. The Litigation Associated with the Trustee Motion Would Be Costly, Complex, and Time-Consuming

Tyson and the Debtor have served extensive discovery on each other and intend to conduct multiple depositions relating to the multitude of issues in dispute under the Trustee Motion. The proposed Settlement Term Sheet resolves all such issues and will save the estate considerable expense, time, and uncertainty associated with litigating the Trustee Motion.

### iv. The Paramount Interests of Creditors Support the Proposed Settlement Term Sheet

The Debtor's creditors will benefit from the proposed Settlement Term Sheet because it provides an orderly means to dispose of the cattle in the Debtor's custody, possession, or control while reimbursing the estate for the costs associated therewith. Further, the proposed Settlement Term Sheet results in a withdrawal of the Trustee Motion, which thereby avoids the need for costly litigation.

## B. The Settlement Term Sheet is a Sound Exercise of the Debtor's Business Judgment

Section 363 of the Bankruptcy Code provides, in relevant part, that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Under applicable case law throughout the country, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on part of the debtor, such use should be approved. *See*, *e.g.*, *In re Equity*

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb24k5016p

*Funding Corp. of Am.*, 519 F.2d 1274, 1277 (9th Cir. 1975); *In re Claar Cellars LLC*, 2020 Bankr. LEXIS 682, at *9 (Bankr. E.D. Wash. Mar. 13, 2020) (the business judgment standard "is a 'deferential' standard pursuant to which a 'bankruptcy court will generally approve' a reasoned decision by the debtor.") (citations omitted); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.3d 513, 515 (7th Cir. 1991); *In re Delaware & Hudson R.R. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)); *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)) ("[T]he business judgment rule is a 'presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the actions were in the best interests of the company.'").

Additionally, the court's general equitable powers codified in section 105(a) of the Bankruptcy Code provide ample authority for the relief requested herein. Section 105(a) of the Bankruptcy Code empowers the court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). *See also United States v. Energy Resources Co.*, 495 U.S. 545, 549 (1990); *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1070 (9th Cir. 2004) (acknowledging equitable powers of bankruptcy courts pursuant to section 105(a) of the Bankruptcy Code); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code.").

The Debtor submits that entry into the Settlement Term Sheet and any use of estate property contemplated thereunder is supported by the Debtor's sound exercise

DOCS_SF:105089.2 20375/002

MOTION FOR ORDER AUTHORIZING AND
APPROVING SETTLEMENT TERM SHEET –
Page 12

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

of its business judgment. The Settlement Term Sheet will provide needed long-term funding to the Debtor in order to satisfy the ongoing administrative burden on this estate of feeding and caring for thousands of head of Cattle. At the same time, the Settlement Term Sheet will avoid unnecessary, costly, and time-consuming litigation over the Trustee Motion while preserving the rights of the Debtor and other parties in interest with respect to the cattle. Thus, the Debtor urges the Court to approve the Settlement Term Sheet.

C.    **Waiver of Any Applicable Stay**

The Debtor also requests that the court waive any stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief sought in this Motion will preserve value for the Debtor's estate. Accordingly, the Debtor requests that the court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

Nothing in the proposed order or this Motion (i) is intended nor does it constitute any agreement or an admission as to the validity of any claim against the Debtor and its estate, (ii) may impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority, or amount of any claim against the Debtor and its estate, or (iii) may be construed as an assumption or ratification of the Cattle Feeding Agreement by the Debtor.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, and such additional reasons as may be advanced at or prior to the hearing regarding this Motion, the Debtor

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb24k5016p

respectfully requests that the court enter an order (i) authorizing the Debtor to enter into and honor the terms and conditions of the Settlement Term Sheet and (ii) granting such other and further relief as may be just and proper under the circumstances.

Dated: February 25, 2021

BUSH KORNFELD LLP

*/s/ Thomas A. Buford*

THOMAS A. BUFORD, III (WSBA 52969)
RICHARD B. KEETON (WSBA 51537)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
MAXIM B. LITVAK (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Proposed Attorneys for*
*Debtors and Debtors in Possession*

DOCS_SF:105089.2 20375/002
MOTION FOR ORDER AUTHORIZING AND
APPROVING SETTLEMENT TERM SHEET –
Page 14

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb24k5016p

21-00141-WLH11    Doc 216    Filed 02/25/21    Entered 02/25/21 16:38:38    Pg 14 of 38

# EXHIBIT A

## Settlement Term Sheet

DOCS_SF:105089.2 20375/002

eb24k5016p

**EASTERDAY RANCHES, INC.**
**Binding Settlement Term Sheet**

**February 24, 2021**

| | |
|---|---|
| **Debtor** | Easterday Ranches, Inc., debtor in possession in Chapter 11 Case No. 21-00141 WLH11 in the U.S. Bankruptcy Court for the Eastern District of Washington (the "**Bankruptcy Court**"). The voluntary petition was filed February 1, 2021 ("**Petition Date**"). <br><br> This Term Sheet is subject to the approval of the Bankruptcy Court, which shall be sought by Debtor (with Tyson's support) on expedited notice to the extent possible. |
| **Tyson** | Tyson Fresh Meats, Inc. or its designee |
| **Cattle Term Sheet** | Tyson will continue to fund weekly advances to Debtor for the care and maintenance of cattle and associated overhead on the conditions set forth in the *Cattle Move Term Sheet* between Debtor and Tyson dated February 16, 2021 (as may be modified under its own terms, the "**Cattle Term Sheet**") on a weekly basis. To the extent of any conflict between the terms of the Cattle Term Sheet and this Term Sheet, this Term Sheet shall control. In the event this Term Sheet is not approved by the Bankruptcy Court, any funding made prior to the date hereof, and the funding made on an interim basis pursuant to this Term Sheet pending Bankruptcy Court approval, shall be governed by the Cattle Term Sheet. |
| **Approved Budget** | The initial approved budget (the "**Approved Budget**") for Debtor with respect to Tyson advances and the use of such funds is attached hereto as **Exhibit A**. Debtor may use advances only in accordance with the Approved Budget. The Approved Budget reflects Debtor's current best estimate of receipts and disbursements relating to cattle for the projected period, subject to final reconciliation. Debtor reserves the right to propose an amended, revised, or updated budget more frequently than contemplated below, based on actual results and revised projections, provided that any such amendment, revision, or update is subject to Tyson's express reasonable approval. |

1

eb24k401k5

| | |
|---|---|
| | On the 7th and the 22nd day (or the next business day) of each month to occur after approval of this Term Sheet by the Bankruptcy Court, Debtor will provide Tyson with a report showing actual cash receipts and disbursements of Debtor under the Approved Budget as of the 15th day of each month and on the last day of each month, a written explanation of all material variances, and a proposed reconciliation of budget-to-actual amounts ("**Reconciliation**"). Further, Debtor may update and roll-forward the proposed Approved Budget twice each month by the dates noted in the foregoing sentence or at such other interval as agreed to by Tyson and Debtor. Any such updated proposed Approved Budget shall be subject to Tyson's express reasonable approval. To the extent a Reconciliation shows that prior Tyson advances exceeded the Debtor's actual expenditures, such excess advances shall be automatically applied against and reduce the next advance amount. |
| **Billing** | Debtor will bill Tyson twice per month in the ordinary course pursuant to the *Cattle Feeding Agreement* between Debtor and Tyson dated as of February 20, 2017 (as amended to date, including through the Cattle Term Sheet and this Term Sheet, the "**Cattle Feeding Agreement**"), for the period from and after February 1, 2021 (provided, however, that Tyson shall not be liable for any amounts arising on a postpetition basis under the "true-up" provisions at the section called "Settlement and Return on Investment" in the Cattle Feeding Agreement), and such billings shall be automatically applied against the advances. |
| | Any advances that are not repaid from actual billings for the care and maintenance of the cattle and associated overhead shall constitute an allowed administrative expense claim against Debtor. To the extent of any deficiency in Tyson advances to Debtor against actual billings, Tyson shall fund the difference to Debtor. |
| **Operations; Herd Disposition** | Debtor will continue operating its business in the ordinary course subject to the terms of this Term Sheet, and subject to the Bankruptcy Code. Without limiting the generality of the foregoing, Debtor will continue to operate its feedlots for the benefit of cattle thereon as of the Petition Date (but will not purchase any other cattle |

eb24k401k5

| | or accept any other cattle for growing and feeding), will continue to feed and grow the cattle in its possession as of the Petition Date (the "**Herd**"), and will deliver cattle to Tyson's (or its affiliate's) packinghouse or make available the cattle for transport by Tyson to other locations off Debtor's premises, all in accordance with the Cattle Feeding Agreement.<br><br>The actual and necessary expenses of preserving and maintaining the Herd will be funded through advances on the conditions set forth in the Cattle Term Sheet (as modified by this Term Sheet).<br><br>The "true-up" provisions at the section called "Settlement and Return on Investment" in the Cattle Feeding Agreement are hereby eliminated for purposes of any postpetition claims or obligations. The true-up shall not be applied to any cattle transferred to Tyson by Debtor at any time on a postpetition basis, or otherwise affect the relationship between Tyson and Debtor except in computing Tyson's prepetition claims against the estate. |
|---|---|
| **Withdrawal of Trustee Motion / Reservation of Rights** | Prior to the date hereof, Tyson has filed a Motion for Appointment of Trustee (the "**Trustee Motion**"). Upon Bankruptcy Court approval of this Term Sheet, Tyson shall withdraw the Trustee Motion and Tyson agrees not to renew its request for a trustee (or assist anyone else with a trustee motion in Debtor's or any other affiliate's case) prior to: (a) the occurrence of a breach by Debtor of its obligations under this Term Sheet or (b) based upon acts or omissions of Debtor found by the Bankruptcy Court to constitute willful misconduct or gross negligence occurring on a postpetition basis.<br><br>The transfer of cattle to Tyson is without prejudice to the rights and defenses of any party in interest, whether party hereto or otherwise, regarding ownership of the cattle, the value of the cattle, any costs or expenses incurred with respect to the cattle, or any liens or set off rights that may be asserted with respect to the cattle or the proceeds thereof. Notwithstanding anything to the contrary herein, nothing herein shall be construed as an assumption or ratification of the Cattle Feeding Agreement by Debtor; provided that without Tyson's prior written consent Debtor shall not reject the Cattle Feeding Agreement prior to the Trigger Date, provided |

eb24k401k5

| | |
|---|---|
| | that a breach of this Term Sheet by Debtor will not be considered in determining the Trigger Date for purposes of this paragraph.<br><br>Notwithstanding the foregoing, Debtor shall not commence litigation (or assist anyone else with litigation) against Tyson relating to the foregoing reserved rights prior to the Trigger Date, a breach of this Term Sheet by Tyson, or the filing of another Trustee Motion by Tyson. Debtor shall endeavor to engage in good faith negotiations with Tyson in an effort to resolve such litigation claims prior to proposing or confirming a chapter 11 plan by Debtor. |
| **Trigger Date** | All commitments of Tyson to fund advances under the Cattle Term Sheet and hereunder shall be deemed terminated on the earliest to occur of:<br><br>(i) removal of the last cattle from Debtor's custody, possession, or control;<br><br>(ii) June 30, 2021;<br><br>(iii) material breach of this Term Sheet by Debtor;<br><br>(iv) Debtor lacks authority to use cash collateral to fund the care and maintenance of the cattle; or<br><br>(v) willful misconduct or gross negligence in Debtor's postpetition operation of the estate.<br><br>The date on which the earliest of clauses (i) through (v) above occurs is the "**Trigger Date.**"<br><br>Debtor's obligations under this Term Sheet shall terminate upon a breach of this Term Sheet by Tyson. |
| **Case Milestones** | Debtor must comply with the following milestones (each, a "**Case Milestone**") with respect to its chapter 11 case:<br><br>(a) Tyson acknowledges that Skye Root of Root Agricultural Advisory is an acceptable broker and/or real estate agent in order to assist Debtor to sell its real estate assets through one or more sales under Bankruptcy Code § 363; no later than 30 days after the date hereof, Debtor must file an application seeking approval of the retention of |

4

such person(s); and no later than 45 days after the date of filing of such application, an approval order must be entered.

(b) No later than 30 days after the date hereof, Debtor must file a motion for approval of sale procedures related to a sale of all or substantially all of Debtor's real estate assets ("**Sale Procedure Motion**"). Debtor must obtain an order from the Bankruptcy Court approving the Sale Procedure Motion no later than 45 days after filing the Sale Procedure Motion.

(c) No later than June 15, 2021, Debtor must file a motion for approval of the sale (through one or more sales) of all or substantially all of Debtor's real estate assets; and no later than July 15, 2021, Debtor must obtain an order from the Bankruptcy Court approving such sale(s).

(d) No later than July 1, 2021, Borrower must file a chapter 11 plan of reorganization ("**Plan**") and accompanying disclosure statement ("**Disclosure Statement**"). The Bankruptcy Court must enter an order approving the Disclosure Statement on or before August 15, 2021, and must enter an order confirming the Plan no later than October 15, 2021, and the effective date of the Plan must have occurred on or prior to the date which is 30 days after entry of the order confirming the Plan.

SIGNATURE PAGE TO FOLLOW

eb24k401k5

Dated: February 24, 2021

| TYSON FRESH MEATS, INC. ("Tyson") | EASTERDAY RANCHES, INC. ("Debtor") |
|---|---|
| By ___Steve Stouffer___<br>Steve Stouffer, Chief Executive Officer | By _____<br>Peter Richter, Co-Chief Restructuring Officer |

Dated: February 24, 2021

| TYSON FRESH MEATS, INC. ("Tyson") | EASTERDAY RANCHES, INC. ("Debtor") |
|---|---|
| By _____<br>Shane Miller, Chief<br>Operating Officer | By _____<br>Peter Richter, Co-Chief Restructuring<br>Officer |

6

# **EXHIBIT A**

## **Approved Budget**

DOCS_SF:105084.5 20375/002

## Easterday Ranches
## Tyson Cash Projection
## 2/23/2021 - 6/30/2021

| ($000s) | (2 Weeks) Actual 2/15/21 | (1 Week) Actual 2/22/21 | (1 Week) Projected 2/28/21 | (2 Weeks) Projected 3/15/21 | (2 Weeks) Projected 3/31/21 | (2 Weeks) Projected 4/15/21 | (2 Weeks) Projected 4/30/21 | (2 Weeks) Projected 5/15/21 | (2 Weeks) Projected 5/31/21 | (2 Weeks) Projected 6/15/21 | (2 Weeks) Projected 6/30/21 | 5 Months Projected Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Receipts** | | | | | | | | | | | | |
| Tyson Advances | $ 1,750 | $ 1,396 | $ 1,396 | $ 1,860 | $ 2,156 | $ 1,698 | $ 1,377 | $ 1,067 | $ 712 | $ 424 | $ 239 | $ 14,076 |
| **Operating Disbursements** | | | | | | | | | | | | |
| Feed - 3rd Party (paid/consumed) | 439 | 360 | 500 | 1,047 | 1,011 | 813 | 657 | 475 | 344 | 190 | 115 | 5,953 |
| Feed - Farms (paid/consumed) | 986 | 405 | 500 | 698 | 674 | 542 | 438 | 316 | 229 | 127 | 77 | 4,993 |
| Salaries, Wages & Benefits | 5 | 171 | 220 | 191 | 187 | 148 | 122 | 86 | 64 | 35 | 21 | 1,249 |
| Maintenance | - | - | 50 | 74 | 61 | 58 | 40 | 34 | 21 | 13 | 7 | 357 |
| Freight | - | - | 50 | 72 | 59 | 56 | 39 | 33 | 20 | 13 | 7 | 349 |
| Fuel/Propane | - | 60 | 30 | 58 | 49 | 45 | 32 | 26 | 17 | 11 | 6 | 333 |
| Repairs | - | - | 80 | 57 | 48 | 44 | 31 | 26 | 16 | 10 | 5 | 316 |
| Supplies | - | 0 | 50 | 22 | 21 | 17 | 13 | 10 | 7 | 4 | 2 | 148 |
| North Feedlot Rent | - | - | - | - | - | - | - | 87 | - | 46 | - | 140 |
| Utilities & Deposits | - | - | 22 | - | 22 | - | 14 | - | - | 7 | - | 68 |
| Other Miscellaneous | - | 8 | 37 | 18 | 28 | 14 | 18 | 8 | 10 | 3 | 3 | 148 |
| Total Operating Disbursements | 1,430 | 1,004 | 1,539 | 2,238 | 2,160 | 1,738 | 1,404 | 1,101 | 735 | 453 | 253 | 14,054 |
| **Net Cash Flow** | $ 320 | $ 392 | $ (143) | $ (378) | $ (4) | $ (39) | $ (27) | $ (35) | $ (23) | $ (28) | $ (14) | $ 21 |

# <u>EXHIBIT B</u>

**Proposed Order**

DOCS_SF:105089.2 20375/002

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-WLH11 |
| Debtors.[1] | Jointly Administered |
| | **[PROPOSED] ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO ENTER INTO SETTLEMENT TERM SHEET WITH TYSON FRESH MEATS, INC.** |

     This matter having come before the court upon the motion (the "Motion")[2] of debtor and debtor in possession Easterday Ranches, Inc. ( "Ranches") for the entry of an order, pursuant to sections 105 and 363(b) of Title 11 of the United States Code and Federal Rules of Bankruptcy Procedure 6004 and 9019, authorizing Ranches to enter into and honor that certain *Binding Settlement Term Sheet* dated February 24, 2021 (the "Settlement Term Sheet"), by and between Ranches and Tyson Fresh Meats,

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

ORDER APPROVING SETTLEMENT TERM SHEET

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb24k70117

Inc. ("Tyson"). The court having reviewed the Motion and the Settlement Term Sheet, and in consideration of the arguments of counsel at the hearing on the Motion, and the evidence submitted in support thereof, finds good cause to grant the relief requested in the Motion, as set forth herein.

**IT IS HEREBY ORDERED THAT:**

1.    The Motion [Docket No. ___] is hereby **GRANTED**, as set forth below.

2.    The Settlement Term Sheet attached hereto as **Exhibit 1** and the terms therein are hereby approved.

3.    Ranches is hereby authorized, but not directed, to enter into and honor the terms and conditions of the Settlement Term Sheet.

4.    The Trustee Motion is deemed withdrawn.

5.    Ranches and Tyson are hereby authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order.

6.    Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules of the United States Bankruptcy Court for the Eastern District of Washington to the contrary, this order shall be effective upon entry.

7.    The stay imposed pursuant to Bankruptcy Rule 6004(h) is waived.

8.    The court shall retain jurisdiction and power to hear and determine all matters arising from or related to the implementation of this order or the transfer of the Cattle.

/// END OF ORDER ///

ORDER APPROVING SETTLEMENT TERM SHEET -2

DOCS_SF:105090.2 20375/002

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb24k70117

PRESENTED BY:

/s/
_____
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
MAXIM B. LITVAK (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Proposed Attorneys for*
*Debtors and Debtors in Possession*

ORDER APPROVING SETTLEMENT TERM SHEET -3

DOCS_SF:105090.2 20375/002

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb24k70117

# EXHIBIT 1

**Term Sheet**

**[Filed Separately]**

DOCS_SF:105090.2 20375/002

eb24k70117

# EASTERDAY RANCHES, INC.
## Binding Settlement Term Sheet

### February 24, 2021

| | |
|---|---|
| **Debtor** | Easterday Ranches, Inc., debtor in possession in Chapter 11 Case No. 21-00141 WLH11 in the U.S. Bankruptcy Court for the Eastern District of Washington (the "**Bankruptcy Court**"). The voluntary petition was filed February 1, 2021 ("**Petition Date**").<br><br>This Term Sheet is subject to the approval of the Bankruptcy Court, which shall be sought by Debtor (with Tyson's support) on expedited notice to the extent possible. |
| **Tyson** | Tyson Fresh Meats, Inc. or its designee |
| **Cattle Term Sheet** | Tyson will continue to fund weekly advances to Debtor for the care and maintenance of cattle and associated overhead on the conditions set forth in the *Cattle Move Term Sheet* between Debtor and Tyson dated February 16, 2021 (as may be modified under its own terms, the "**Cattle Term Sheet**") on a weekly basis. To the extent of any conflict between the terms of the Cattle Term Sheet and this Term Sheet, this Term Sheet shall control. In the event this Term Sheet is not approved by the Bankruptcy Court, any funding made prior to the date hereof, and the funding made on an interim basis pursuant to this Term Sheet pending Bankruptcy Court approval, shall be governed by the Cattle Term Sheet. |
| **Approved Budget** | The initial approved budget (the "**Approved Budget**") for Debtor with respect to Tyson advances and the use of such funds is attached hereto as **Exhibit A**. Debtor may use advances only in accordance with the Approved Budget. The Approved Budget reflects Debtor's current best estimate of receipts and disbursements relating to cattle for the projected period, subject to final reconciliation. Debtor reserves the right to propose an amended, revised, or updated budget more frequently than contemplated below, based on actual results and revised projections, provided that any such amendment, revision, or update is subject to Tyson's express reasonable approval. |

1

| | |
|---|---|
| | On the 7th and the 22nd day (or the next business day) of each month to occur after approval of this Term Sheet by the Bankruptcy Court, Debtor will provide Tyson with a report showing actual cash receipts and disbursements of Debtor under the Approved Budget as of the 15th day of each month and on the last day of each month, a written explanation of all material variances, and a proposed reconciliation of budget-to-actual amounts ("**Reconciliation**"). Further, Debtor may update and roll-forward the proposed Approved Budget twice each month by the dates noted in the foregoing sentence or at such other interval as agreed to by Tyson and Debtor. Any such updated proposed Approved Budget shall be subject to Tyson's express reasonable approval. To the extent a Reconciliation shows that prior Tyson advances exceeded the Debtor's actual expenditures, such excess advances shall be automatically applied against and reduce the next advance amount. |
| **Billing** | Debtor will bill Tyson twice per month in the ordinary course pursuant to the *Cattle Feeding Agreement* between Debtor and Tyson dated as of February 20, 2017 (as amended to date, including through the Cattle Term Sheet and this Term Sheet, the "**Cattle Feeding Agreement**"), for the period from and after February 1, 2021 (provided, however, that Tyson shall not be liable for any amounts arising on a postpetition basis under the "true-up" provisions at the section called "Settlement and Return on Investment" in the Cattle Feeding Agreement), and such billings shall be automatically applied against the advances. <br><br> Any advances that are not repaid from actual billings for the care and maintenance of the cattle and associated overhead shall constitute an allowed administrative expense claim against Debtor. To the extent of any deficiency in Tyson advances to Debtor against actual billings, Tyson shall fund the difference to Debtor. |
| **Operations; Herd Disposition** | Debtor will continue operating its business in the ordinary course subject to the terms of this Term Sheet, and subject to the Bankruptcy Code. Without limiting the generality of the foregoing, Debtor will continue to operate its feedlots for the benefit of cattle thereon as of the Petition Date (but will not purchase any other cattle |

2

eb24k401k5

| | |
|---|---|
| | or accept any other cattle for growing and feeding), will continue to feed and grow the cattle in its possession as of the Petition Date (the "**Herd**"), and will deliver cattle to Tyson's (or its affiliate's) packinghouse or make available the cattle for transport by Tyson to other locations off Debtor's premises, all in accordance with the Cattle Feeding Agreement. |
| | The actual and necessary expenses of preserving and maintaining the Herd will be funded through advances on the conditions set forth in the Cattle Term Sheet (as modified by this Term Sheet). |
| | The "true-up" provisions at the section called "Settlement and Return on Investment" in the Cattle Feeding Agreement are hereby eliminated for purposes of any postpetition claims or obligations. The true-up shall not be applied to any cattle transferred to Tyson by Debtor at any time on a postpetition basis, or otherwise affect the relationship between Tyson and Debtor except in computing Tyson's prepetition claims against the estate. |
| **Withdrawal of Trustee Motion / Reservation of Rights** | Prior to the date hereof, Tyson has filed a Motion for Appointment of Trustee (the "**Trustee Motion**"). Upon Bankruptcy Court approval of this Term Sheet, Tyson shall withdraw the Trustee Motion and Tyson agrees not to renew its request for a trustee (or assist anyone else with a trustee motion in Debtor's or any other affiliate's case) prior to: (a) the occurrence of a breach by Debtor of its obligations under this Term Sheet or (b) based upon acts or omissions of Debtor found by the Bankruptcy Court to constitute willful misconduct or gross negligence occurring on a postpetition basis. |
| | The transfer of cattle to Tyson is without prejudice to the rights and defenses of any party in interest, whether party hereto or otherwise, regarding ownership of the cattle, the value of the cattle, any costs or expenses incurred with respect to the cattle, or any liens or set off rights that may be asserted with respect to the cattle or the proceeds thereof. Notwithstanding anything to the contrary herein, nothing herein shall be construed as an assumption or ratification of the Cattle Feeding Agreement by Debtor; provided that without Tyson's prior written consent Debtor shall not reject the Cattle Feeding Agreement prior to the Trigger Date, provided |

eb24k401k5

| | |
|---|---|
| | that a breach of this Term Sheet by Debtor will not be considered in determining the Trigger Date for purposes of this paragraph. |
| | Notwithstanding the foregoing, Debtor shall not commence litigation (or assist anyone else with litigation) against Tyson relating to the foregoing reserved rights prior to the Trigger Date, a breach of this Term Sheet by Tyson, or the filing of another Trustee Motion by Tyson. Debtor shall endeavor to engage in good faith negotiations with Tyson in an effort to resolve such litigation claims prior to proposing or confirming a chapter 11 plan by Debtor. |
| **Trigger Date** | All commitments of Tyson to fund advances under the Cattle Term Sheet and hereunder shall be deemed terminated on the earliest to occur of: |
| | (i) removal of the last cattle from Debtor's custody, possession, or control; |
| | (ii) June 30, 2021; |
| | (iii) material breach of this Term Sheet by Debtor; |
| | (iv) Debtor lacks authority to use cash collateral to fund the care and maintenance of the cattle; or |
| | (v) willful misconduct or gross negligence in Debtor's postpetition operation of the estate. |
| | The date on which the earliest of clauses (i) through (v) above occurs is the "**Trigger Date.**" |
| | Debtor's obligations under this Term Sheet shall terminate upon a breach of this Term Sheet by Tyson. |
| **Case Milestones** | Debtor must comply with the following milestones (each, a "**Case Milestone**") with respect to its chapter 11 case: |
| | (a) Tyson acknowledges that Skye Root of Root Agricultural Advisory is an acceptable broker and/or real estate agent in order to assist Debtor to sell its real estate assets through one or more sales under Bankruptcy Code § 363; no later than 30 days after the date hereof, Debtor must file an application seeking approval of the retention of |

4

such person(s); and no later than 45 days after the date of filing of such application, an approval order must be entered.

(b) No later than 30 days after the date hereof, Debtor must file a motion for approval of sale procedures related to a sale of all or substantially all of Debtor's real estate assets ("**Sale Procedure Motion**"). Debtor must obtain an order from the Bankruptcy Court approving the Sale Procedure Motion no later than 45 days after filing the Sale Procedure Motion.

(c) No later than June 15, 2021, Debtor must file a motion for approval of the sale (through one or more sales) of all or substantially all of Debtor's real estate assets; and no later than July 15, 2021, Debtor must obtain an order from the Bankruptcy Court approving such sale(s).

(d) No later than July 1, 2021, Borrower must file a chapter 11 plan of reorganization ("**Plan**") and accompanying disclosure statement ("**Disclosure Statement**"). The Bankruptcy Court must enter an order approving the Disclosure Statement on or before August 15, 2021, and must enter an order confirming the Plan no later than October 15, 2021, and the effective date of the Plan must have occurred on or prior to the date which is 30 days after entry of the order confirming the Plan.

SIGNATURE PAGE TO FOLLOW

5

Dated: February 24, 2021

| TYSON FRESH MEATS, INC. ("Tyson") | EASTERDAY RANCHES, INC. ("Debtor") |
|---|---|
| By _Steve Stouffer_<br>Steve Stouffer, Chief Executive Officer | By _____<br>Peter Richter, Co-Chief Restructuring Officer |

Dated: February 24, 2021

| TYSON FRESH MEATS, INC. ("Tyson") | EASTERDAY RANCHES, INC. ("Debtor") |
|---|---|
| By _____<br>Shane Miller, Chief<br>Operating Officer | By _____<br>Peter Richter, Co-Chief Restructuring<br>Officer |

6

# EXHIBIT A

## Approved Budget

# Easterday Ranches
## Tyson Cash Projection
### 2/23/2021 - 6/30/2021

| ($000s) | (2 Weeks) Actual 2/15/21 | (1 Week) Actual 2/22/21 | (1 Week) Projected 2/28/21 | (2 Weeks) Projected 3/15/21 | (2 Weeks) Projected 3/31/21 | (2 Weeks) Projected 4/15/21 | (2 Weeks) Projected 4/30/21 | (2 Weeks) Projected 5/15/21 | (2 Weeks) Projected 5/31/21 | (2 Weeks) Projected 6/15/21 | (2 Weeks) Projected 6/30/21 | 5 Months Projected Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Receipts** | | | | | | | | | | | | |
| Tyson Advances | $ 1,750 | $ 1,396 | $ 1,396 | $ 1,860 | $ 2,156 | $ 1,698 | $ 1,377 | $ 1,067 | $ 712 | $ 424 | $ 239 | $ 14,076 |
| **Operating Disbursements** | | | | | | | | | | | | |
| Feed - 3rd Party (paid/consumed) | 439 | 360 | 500 | 1,047 | 1,011 | 813 | 657 | 475 | 344 | 190 | 115 | 5,953 |
| Feed - Farms (paid/consumed) | 986 | 405 | 500 | 698 | 674 | 542 | 438 | 316 | 229 | 127 | 77 | 4,993 |
| Salaries, Wages & Benefits | 5 | 171 | 220 | 191 | 187 | 148 | 122 | 86 | 64 | 35 | 21 | 1,249 |
| Maintenance | - | - | 50 | 74 | 61 | 58 | 40 | 34 | 21 | 13 | 7 | 357 |
| Freight | - | - | 50 | 72 | 59 | 56 | 39 | 33 | 20 | 13 | 7 | 349 |
| Fuel/Propane | - | 60 | 30 | 58 | 49 | 45 | 32 | 26 | 17 | 11 | 6 | 333 |
| Repairs | - | - | 80 | 57 | 48 | 44 | 31 | 26 | 16 | 10 | 5 | 316 |
| Supplies | - | 0 | 50 | 22 | 21 | 17 | 13 | 10 | 7 | 4 | 2 | 148 |
| North Feedlot Rent | - | - | - | - | - | - | - | 87 | - | 46 | 5 | 140 |
| Utilities & Deposits | - | - | 22 | - | 22 | - | 14 | 14 | - | 7 | 6 | 68 |
| Other Miscellaneous | - | 8 | 37 | 18 | 28 | 14 | 18 | 18 | 10 | 3 | 3 | 148 |
| Total Operating Disbursements | 1,430 | 1,004 | 1,539 | 2,238 | 2,160 | 1,738 | 1,404 | 1,101 | 735 | 453 | 253 | 14,054 |
| **Net Cash Flow** | $ 320 | $ 392 | $ (143) | $ (378) | $ (4) | $ (39) | $ (27) | $ (35) | $ (23) | $ (28) | $ (14) | $ 21 |