**So Ordered.**

**Dated: March 4th, 2021**



Whitman L. Holt
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Lead Case No. 21-00141-WLH11<br>Jointly Administered<br><br>**ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO ENTER INTO SETTLEMENT TERM SHEET WITH TYSON FRESH MEATS, INC.** |

This matter having come before the court upon the motion (the "Motion")[2] of debtor and debtor in possession Easterday Ranches, Inc. ("Ranches") for the entry of an order, pursuant to sections 105 and 363(b) of Title 11 of the United States Code and Federal Rules of Bankruptcy Procedure 6004 and 9019, authorizing Ranches to enter into and honor that certain *Binding Settlement Term Sheet* dated February 24, 2021 (the "Settlement Term Sheet"), by and between Ranches and Tyson Fresh Meats, Inc.

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

ORDER APPROVING SETTLEMENT TERM SHEET

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec04be01dt

21-00141-WLH11    Doc 265    Filed 03/04/21    Entered 03/04/21 11:51:53    Pg 1 of 14

("Tyson"). The court having reviewed the Motion and the Settlement Term Sheet, the response filed by the Official Committee of Unsecured Creditors of Easterday Ranches (the "Committee") appearing at Docket No. 253 and the response filed by Segale Properties LLC ("Segale") appearing at Docket No. 255 and in consideration of the arguments of counsel at the hearing on the Motion, and the evidence submitted in support thereof, finds good cause to grant the relief requested in the Motion, as set forth herein.

**IT IS HEREBY ORDERED THAT:**

1. The Motion [Docket No. 216] is hereby **GRANTED**, as set forth below.

2. The Settlement Term Sheet attached hereto as **Exhibit 1** and the terms therein are hereby approved.

3. Ranches is hereby authorized, but not directed, to enter into and honor the terms and conditions of the Settlement Term Sheet.

4. The Trustee Motion is deemed withdrawn.

5. Ranches and Tyson are hereby authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order.

6. Notwithstanding anything to the contrary therein, the Settlement Term Sheet does not limit the right of Ranches, Tyson, the Committee or any other party in interest to seek appropriate relief from the court with respect to the amount, subject, or proposed recipient of any payment made or contemplated under the Approved Budget.

7. Notwithstanding anything to the contrary therein, the Settlement Term Sheet does not limit the right of any party in interest, including but not limited to the Committee or Segale, to conduct appropriate and reasonable discovery of facts or circumstances involving Ranches or its relationship with Tyson or, concomitantly, the ability or obligation of any party in interest, including Ranches and Tyson, to respond to such discovery as appropriate. Nothing in this Order restricts or limits the rights of

ORDER APPROVING SETTLEMENT TERM SHEET - 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec04be01dt

21-00141-WLH11    Doc 265    Filed 03/04/21    Entered 03/04/21 11:51:53    Pg 2 of 14

any party from exercising its right to conduct discovery pursuant to the Federal Rules of Bankruptcy Procedure or any other relevant federal or state corollary.

8. Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules of the United States Bankruptcy Court for the Eastern District of Washington to the contrary, this order shall be effective upon entry.

9. The stay imposed pursuant to Bankruptcy Rule 6004(h) is waived.

10. The court shall retain jurisdiction and power to hear and determine all matters arising from or related to the implementation of this order or the transfer of the Cattle.

/// END OF ORDER ///

ORDER APPROVING SETTLEMENT TERM SHEET - 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec04be01dt

21-00141-WLH11    Doc 265    Filed 03/04/21    Entered 03/04/21 11:51:53    Pg 3 of 14

PRESENTED BY:

/s/ Thomas A. Buford
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
MAXIM B. LITVAK (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Proposed Attorneys for*
*Debtors and Debtors in Possession*

\* Change made by court

ORDER APPROVING SETTLEMENT TERM SHEET - 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec04be01dt

21-00141-WLH11   Doc 265   Filed 03/04/21   Entered 03/04/21 11:51:53   Pg 4 of 14

# **EXHIBIT 1**

**Term Sheet**

# EASTERDAY RANCHES, INC.
## Binding Settlement Term Sheet

### February 24, 2021

| Debtor | Easterday Ranches, Inc., debtor in possession in Chapter 11 Case No. 21-00141 WLH11 in the U.S. Bankruptcy Court for the Eastern District of Washington (the "**Bankruptcy Court**"). The voluntary petition was filed February 1, 2021 ("**Petition Date**").<br><br>This Term Sheet is subject to the approval of the Bankruptcy Court, which shall be sought by Debtor (with Tyson's support) on expedited notice to the extent possible. |
|---|---|
| **Tyson** | Tyson Fresh Meats, Inc. or its designee |
| **Cattle Term Sheet** | Tyson will continue to fund weekly advances to Debtor for the care and maintenance of cattle and associated overhead on the conditions set forth in the *Cattle Move Term Sheet* between Debtor and Tyson dated February 16, 2021 (as may be modified under its own terms, the "**Cattle Term Sheet**") on a weekly basis. To the extent of any conflict between the terms of the Cattle Term Sheet and this Term Sheet, this Term Sheet shall control. In the event this Term Sheet is not approved by the Bankruptcy Court, any funding made prior to the date hereof, and the funding made on an interim basis pursuant to this Term Sheet pending Bankruptcy Court approval, shall be governed by the Cattle Term Sheet. |
| **Approved Budget** | The initial approved budget (the "**Approved Budget**") for Debtor with respect to Tyson advances and the use of such funds is attached hereto as **Exhibit A**. Debtor may use advances only in accordance with the Approved Budget. The Approved Budget reflects Debtor's current best estimate of receipts and disbursements relating to cattle for the projected period, subject to final reconciliation. Debtor reserves the right to propose an amended, revised, or updated budget more frequently than contemplated below, based on actual results and revised projections, provided that any such amendment, revision, or update is subject to Tyson's express reasonable approval. |

1

|   |   |
|---|---|
|   | On the 7th and the 22nd day (or the next business day) of each month to occur after approval of this Term Sheet by the Bankruptcy Court, Debtor will provide Tyson with a report showing actual cash receipts and disbursements of Debtor under the Approved Budget as of the 15th day of each month and on the last day of each month, a written explanation of all material variances, and a proposed reconciliation of budget-to-actual amounts ("**Reconciliation**"). Further, Debtor may update and roll-forward the proposed Approved Budget twice each month by the dates noted in the foregoing sentence or at such other interval as agreed to by Tyson and Debtor. Any such updated proposed Approved Budget shall be subject to Tyson's express reasonable approval. To the extent a Reconciliation shows that prior Tyson advances exceeded the Debtor's actual expenditures, such excess advances shall be automatically applied against and reduce the next advance amount. |
| **Billing** | Debtor will bill Tyson twice per month in the ordinary course pursuant to the *Cattle Feeding Agreement* between Debtor and Tyson dated as of February 20, 2017 (as amended to date, including through the Cattle Term Sheet and this Term Sheet, the "**Cattle Feeding Agreement**"), for the period from and after February 1, 2021 (provided, however, that Tyson shall not be liable for any amounts arising on a postpetition basis under the "true-up" provisions at the section called "Settlement and Return on Investment" in the Cattle Feeding Agreement), and such billings shall be automatically applied against the advances.<br><br>Any advances that are not repaid from actual billings for the care and maintenance of the cattle and associated overhead shall constitute an allowed administrative expense claim against Debtor. To the extent of any deficiency in Tyson advances to Debtor against actual billings, Tyson shall fund the difference to Debtor. |
| **Operations; Herd Disposition** | Debtor will continue operating its business in the ordinary course subject to the terms of this Term Sheet, and subject to the Bankruptcy Code. Without limiting the generality of the foregoing, Debtor will continue to operate its feedlots for the benefit of cattle thereon as of the Petition Date (but will not purchase any other cattle |

eb24k401k5

21-00141-WLH11    Doc 265    Filed 03/04/21    Entered 03/04/21 11:51:53    Pg 7 of 14

|  | or accept any other cattle for growing and feeding), will continue to feed and grow the cattle in its possession as of the Petition Date (the "**Herd**"), and will deliver cattle to Tyson's (or its affiliate's) packinghouse or make available the cattle for transport by Tyson to other locations off Debtor's premises, all in accordance with the Cattle Feeding Agreement. |
|---|---|
|  | The actual and necessary expenses of preserving and maintaining the Herd will be funded through advances on the conditions set forth in the Cattle Term Sheet (as modified by this Term Sheet). |
|  | The "true-up" provisions at the section called "Settlement and Return on Investment" in the Cattle Feeding Agreement are hereby eliminated for purposes of any postpetition claims or obligations. The true-up shall not be applied to any cattle transferred to Tyson by Debtor at any time on a postpetition basis, or otherwise affect the relationship between Tyson and Debtor except in computing Tyson's prepetition claims against the estate. |
| **Withdrawal of Trustee Motion / Reservation of Rights** | Prior to the date hereof, Tyson has filed a Motion for Appointment of Trustee (the "**Trustee Motion**"). Upon Bankruptcy Court approval of this Term Sheet, Tyson shall withdraw the Trustee Motion and Tyson agrees not to renew its request for a trustee (or assist anyone else with a trustee motion in Debtor's or any other affiliate's case) prior to: (a) the occurrence of a breach by Debtor of its obligations under this Term Sheet or (b) based upon acts or omissions of Debtor found by the Bankruptcy Court to constitute willful misconduct or gross negligence occurring on a postpetition basis. |
|  | The transfer of cattle to Tyson is without prejudice to the rights and defenses of any party in interest, whether party hereto or otherwise, regarding ownership of the cattle, the value of the cattle, any costs or expenses incurred with respect to the cattle, or any liens or set off rights that may be asserted with respect to the cattle or the proceeds thereof. Notwithstanding anything to the contrary herein, nothing herein shall be construed as an assumption or ratification of the Cattle Feeding Agreement by Debtor; provided that without Tyson's prior written consent Debtor shall not reject the Cattle Feeding Agreement prior to the Trigger Date, provided |

3

eb24k401k5

21-00141-WLH11    Doc 265    Filed 03/04/21    Entered 03/04/21 11:51:53    Pg 8 of 14

|  | that a breach of this Term Sheet by Debtor will not be considered in determining the Trigger Date for purposes of this paragraph. |
|---|---|
|  | Notwithstanding the foregoing, Debtor shall not commence litigation (or assist anyone else with litigation) against Tyson relating to the foregoing reserved rights prior to the Trigger Date, a breach of this Term Sheet by Tyson, or the filing of another Trustee Motion by Tyson. Debtor shall endeavor to engage in good faith negotiations with Tyson in an effort to resolve such litigation claims prior to proposing or confirming a chapter 11 plan by Debtor. |
| **Trigger Date** | All commitments of Tyson to fund advances under the Cattle Term Sheet and hereunder shall be deemed terminated on the earliest to occur of:<br><br>(i) removal of the last cattle from Debtor's custody, possession, or control;<br><br>(ii) June 30, 2021;<br><br>(iii) material breach of this Term Sheet by Debtor;<br><br>(iv) Debtor lacks authority to use cash collateral to fund the care and maintenance of the cattle; or<br><br>(v) willful misconduct or gross negligence in Debtor's postpetition operation of the estate.<br><br>The date on which the earliest of clauses (i) through (v) above occurs is the "**Trigger Date.**"<br><br>Debtor's obligations under this Term Sheet shall terminate upon a breach of this Term Sheet by Tyson. |
| **Case Milestones** | Debtor must comply with the following milestones (each, a "**Case Milestone**") with respect to its chapter 11 case:<br><br>(a) Tyson acknowledges that Skye Root of Root Agricultural Advisory is an acceptable broker and/or real estate agent in order to assist Debtor to sell its real estate assets through one or more sales under Bankruptcy Code § 363; no later than 30 days after the date hereof, Debtor must file an application seeking approval of the retention of |

4

eb24k401k5

21-00141-WLH11    Doc 265    Filed 03/04/21    Entered 03/04/21 11:51:53    Pg 9 of 14

|  | such person(s); and no later than 45 days after the date of filing of such application, an approval order must be entered. |
|---|---|
|  | (b) No later than 30 days after the date hereof, Debtor must file a motion for approval of sale procedures related to a sale of all or substantially all of Debtor's real estate assets ("**Sale Procedure Motion**"). Debtor must obtain an order from the Bankruptcy Court approving the Sale Procedure Motion no later than 45 days after filing the Sale Procedure Motion. |
|  | (c) No later than June 15, 2021, Debtor must file a motion for approval of the sale (through one or more sales) of all or substantially all of Debtor's real estate assets; and no later than July 15, 2021, Debtor must obtain an order from the Bankruptcy Court approving such sale(s). |
|  | (d) No later than July 1, 2021, Borrower must file a chapter 11 plan of reorganization ("**Plan**") and accompanying disclosure statement ("**Disclosure Statement**"). The Bankruptcy Court must enter an order approving the Disclosure Statement on or before August 15, 2021, and must enter an order confirming the Plan no later than October 15, 2021, and the effective date of the Plan must have occurred on or prior to the date which is 30 days after entry of the order confirming the Plan. |

SIGNATURE PAGE TO FOLLOW

eb24k401k5

21-00141-WLH11    Doc 265    Filed 03/04/21    Entered 03/04/21 11:51:53    Pg 10 of 14

Dated: February 24, 2021

| TYSON FRESH MEATS, INC. ("Tyson") | EASTERDAY RANCHES, INC. ("Debtor") |
|---|---|
| By *[signature: Steve Stouffer]*<br>Steve Stouffer, Chief Executive Officer | By _____<br>Peter Richter, Co-Chief Restructuring Officer |

6

21-00141-WLH11    Doc 265    Filed 03/04/21    Entered 03/04/21 11:51:53    Pg 11 of 14

Dated: February 24, 2021

| TYSON FRESH MEATS, INC. ("Tyson") | EASTERDAY RANCHES, INC. ("Debtor") |
|---|---|
| By _____<br>Shane Miller, Chief Operating Officer | By *[signature]*<br>Peter Richter, Co-Chief Restructuring Officer |

# **EXHIBIT A**

## Approved Budget

DOCS_SF:105084.5 20375/002
eb24k401k5

# Easterday Ranches
## Tyson Cash Projection
## 2/23/2021 - 6/30/2021

($000s)

| | (2 Weeks) Actual 2/15/21 | (1 Week) Actual 2/22/21 | (1 Week) Projected 2/28/21 | (2 Weeks) Projected 3/15/21 | (2 Weeks) Projected 3/31/21 | (2 Weeks) Projected 4/15/21 | (2 Weeks) Projected 4/30/21 | (2 Weeks) Projected 5/15/21 | (2 Weeks) Projected 5/31/21 | (2 Weeks) Projected 6/15/21 | (2 Weeks) Projected 6/30/21 | 5 Months Projected Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Receipts** | | | | | | | | | | | | |
| Tyson Advances | $ 1,750 | $ 1,396 | $ 1,396 | $ 1,860 | $ 2,156 | $ 1,698 | $ 1,377 | $ 1,067 | $ 712 | $ 424 | $ 239 | $ 14,076 |
| **Operating Disbursements** | | | | | | | | | | | | |
| Feed - 3rd Party (paid/consumed) | 439 | 360 | 500 | 1,047 | 1,011 | 813 | 657 | 475 | 344 | 190 | 115 | 5,953 |
| Feed - Farms (paid/consumed) | 986 | 405 | 500 | 698 | 674 | 542 | 438 | 316 | 229 | 127 | 77 | 4,993 |
| Salaries, Wages & Benefits | 5 | 171 | 220 | 191 | 187 | 148 | 122 | 86 | 64 | 35 | 21 | 1,249 |
| Maintenance | - | - | 50 | 74 | 61 | 58 | 40 | 34 | 21 | 13 | 7 | 357 |
| Freight | - | - | 50 | 72 | 59 | 56 | 39 | 33 | 20 | 13 | 7 | 349 |
| Fuel/Propane | - | 60 | 30 | 58 | 49 | 45 | 32 | 26 | 17 | 11 | 6 | 333 |
| Repairs | - | - | 80 | 57 | 48 | 44 | 31 | 26 | 16 | 10 | 5 | 316 |
| Supplies | - | 0 | 50 | 22 | 21 | 17 | 13 | 10 | 7 | 4 | 2 | 148 |
| North Feedlot Rent | - | - | - | - | - | - | - | 87 | - | 46 | 6 | 140 |
| Utilities & Deposits | - | - | 22 | - | 22 | - | 14 | - | 7 | - | 3 | 68 |
| Other Miscellaneous | - | 8 | 37 | 18 | 28 | 14 | 18 | 8 | 10 | 3 | 3 | 148 |
| Total Operating Disbursements | 1,430 | 1,004 | 1,539 | 2,238 | 2,160 | 1,738 | 1,404 | 1,101 | 735 | 453 | 253 | 14,054 |
| Net Cash Flow | $ 320 | $ 392 | $ (143) | $ (378) | $ (4) | $ (39) | $ (27) | $ (35) | $ (23) | $ (28) | $ (14) | $ 21 |