Steven H. Sackmann
Roger W. Bailey
BAILEY & BUSEY PLLC
411 N. 2nd Street
Yakima, Washington 98901

Phone:        509.248.4282
Facsimile:    509.575.5661
E-Mail:       roger.bailey.attorney@gmail.com

*Counsel for Weyns Farms & Sunray Farms*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>Easterday Ranches, Inc.<br><br>Debtor[1]. | Case No.   21-00141-WLH11<br><br>**MOTION FOR ADEQUATE PROTECTION**<br><br>**&**<br><br>**OBJECTION TO DEBTORS FINAL MOTIONS TO USE CASH COLLATERAL**<br><br>***WITH REQUEST TO SHORTEN TIME FOR NOTICE AND OBJECTIONS*** |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, In. (21-00141-WLH11) and Easterday Farms, a Washington general partnership (21-00176-WLH11).



411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

Weyns Farms, LLC (**"Weyns"**) and Sunray Farms, LLC (**"Sunray"**) (collectively **"Lien Claimants"**) move the Court for adequate protection of their Washington State preparer lien rights. The motion is made pursuant to 11 U.S.C. §361 and is supported by the Declarations of Kees Weyns and Jake Wardenaar.

**1.    Factual Background:**

1.1    Easterday Ranches, Inc. (**"Ranches"**) filed for bankruptcy protection on February 1, 2021.

1.2    Easterday Farms (**"Farms"**) filed for bankruptcy protection on February 8, 2021.

1.3    Ranches was in the business of purchasing, feeding and caring for cattle pursuant to a pre-petition feeding agreement with Tyson.

1.4    Post-petition Ranches and Farms have operated pursuant to interim cash collateral orders (**"Interim Orders"**). The Debtor has proposed final cash collateral orders which would provide for additional cash collateral usage for Ranches through June, 2021 and for Farms through April 2, 2021.



ADEQUATE PROTECTION MOTION - 2 -

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

1.5    Debtors indicated at the interim cash collateral hearings that to the extent the Debtors were utilizing feed post-petition (whether or not that feed was delivered pre-petition) that feed would be paid for.

1.6    According to the Interim Order, Ranches was authorized to pay for approximately $5.0 million in "feed" between the date of filing and the beginning of March.

1.7    The proposed final cash collateral budget (**"Final Budget"**) proposes an additional $7.7 million in feed will be utilized through June, 2021. Of the feed described in the Final Budget, approximately $4.6 million would be paid to "3rd Parties" and $3.1 million would be paid to Easterday Farms.

1.8    To date, neither Weyns nor Sunray have received any post-petition payment from Ranches. It is unclear whether any other parties have received post-petition feed payments from Ranches.[2]

1.9    Weyns delivered the following feed to Ranches during 2020:

    Triticale:                10,848 Tons

    Corn Sileage:            7,609 Tons

    High Moisture Corn:   339,283 Bushels

---

[2] The Lien Claimants have asked for this information and the Debtor has indicated it is working on putting together responsive information.

ADEQUATE PROTECTION MOTION - 3

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

21-00141-WLH11    Doc 273    Filed 03/04/21    Entered 03/04/21 19:37:11    Pg 3 of 14

1.10 Sunray delivered the following feed to Ranches during 2020:

| | |
|---|---|
| Triticale: | 2,550 Tons |
| Corn Sileage | 4,469 Tons |
| Field Corn: | 632 Tons |

1.11 Weyns remains unpaid for its 2020 feed deliveries in the following amounts:

| | |
|---|---|
| Triticale: | $ 247,771.97 |
| Corn Sileage: | $ 217,252.37 |
| High Moisture Corn: | $1,819,484.00 |

1.12 Sunray remains unpaid for its 2020 feed deliveries in the following amounts:

| | |
|---|---|
| Triticale: | $ 29,131.28 |
| Corn Sileage: | $ 63,793.98 |
| Field Corn: | $ 43,978.81 |

1.13 Weyns and Sunray have filed lien statements with the Washington Dept. of Licensing with respect to the Triticale, Corn Sileage and Field Corn. Weyns filed its lien statement on January 29, 2021, and amended its lien statement on March 4, 2021, to correct addition errors. Weyns filed its

ADEQUATE PROTECTION MOTION - 4

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

21-00141-WLH11    Doc 273    Filed 03/04/21    Entered 03/04/21 19:37:11    Pg 4 of 14

notice of lien statement on March 4, 2021. Sunray filed its lien statement on January 5, 2021 and filed its notice of lien statement on February 23, 2021. A lien statement and notice relative to the Ranches/Weyns high moisture corn contract was filed March 4, 2021, however, payment is not due under that contract until May 15/June 15, 2021.[3]

    1.14   Weyns delivered feed to four (4) separate locations: (a) the North lot; (b) the Camas lot; (c) the Allred lot; and (d) the Weyns lot. Specifically, Weyns delivered the following feed:

| | |
|---|---|
| North Lot: | 6,209.29 tons High Moisture Corn |
| | 2,585 tons Triticale |
| Camas Lot: | 1,266 tons Triticale |
| Allred Lot: | 3,032 tons High Moisture Corn |
| | 894 tons Triticale |
| Weyns Lot: | 12,175 tons of Triticale and Corn Silage |

    1.15   Much of the feed delivered by Weyns and Sunray remained in existence on the date of filing.

---

[3] Half of the payment is due May 15 and half is due June 15.



BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

1.15.1 Weyns believes there is between 7,000-7,200 tons of Triticale and Corn Silage on the Weyns feedlot. This feed has not been commingled with feed delivered by any other party.

1.15.2 In addition, Weyns believes there is between 650-1000 tons of high moisture corn and between 1,500-2,000 tons of Triticale and Corn Silage on the Allred feedlot. This feed was provided by Sunray and Weyns and was not commingled with feed from any third parties.

1.16 Ranches maintained a limited amount of cattle on the Allred lot since the bankruptcy petition was filed. The cattle were fed from the feed delivered by Weyns and Sunray. The cattle have all been removed as of March 4, 2021.

1.17 Since the filing of the petition, Ranches has, upon information and belief, continued to utilize feed in existence on the date of the bankruptcy petition for purposes of feeding the remaining cattle allegedly owned by Tyson.

1.18 According to its budgets the only source of income for Ranches is from "advances" made by Tyson. During the period contemplated by the Final Budget, Tyson will advance approximately $9.5 million to Ranches.



Under the Final Budget most of the funds received from Tyson will be utilized in one form or another in paying expenses, such that the projected ending cash balance on June 30, 2021 is $627,000.

1.19   The Lien Claimants have requested the following information: (a) how much feed was owned by Ranches on the date of the bankruptcy filing – and where was the feed located; (b) how much remained due to third parties who delivered feed to the Debtor pre-petition on the date of the bankruptcy filing; (c) how much of the pre-petition feed has been utilized post-petition; (d) how much has the Debtor paid to Easterday Farms or the third party suppliers for feed under the Interim Order; and (e) how will payments to third party feed suppliers be made under the Final Budget.  The Debtor has indicated that it is working on assembling some or all of this information but it is not currently available.

## II.   Motion for Adequate Protection

2.1   RCW 6.13.030 provides as follows:

Starting on the date a producer delivers grain, hay, or straw to a preparer, the producer has a first priority statutory lien, referred to as a "preparer lien." This preparer lien shall continue twenty days after payment for the product is due and remains unpaid, without filing any notice of lien, for the contract price, if any, or the fair market value of the products delivered. The preparer



ADEQUATE PROTECTION MOTION - 7 -

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

21-00141-WLH11    Doc 273    Filed 03/04/21    Entered 03/04/21 19:37:11    Pg 7 of 14

lien attaches to the agricultural products delivered by the producer to the preparer, and to the preparer's accounts receivable.

2.2 Weyns and Sunray are both producers who delivered feed to Ranches.[4] It is unclear from information provided whether Debtor claims the feed is owned by Farms or Ranches. If Farms owns the feed, then this motion for adequate protection and objection should apply to Ranches and to Farms. Delivery of the feed automatically gives rise to the preparer lien, which remains a perfected, first priority lien against agricultural products delivered by the producer and the preparer's accounts receivable, until 20 days after payment is due. The lien continues in priority if it is filed with the Washington Dept. of Licensing within twenty (20) days after payment is due.

2.3 Weyns and Sunray are entitled to preparer's liens pursuant to RCW 6.13.030 to secure the full unpaid balance of their claims.

2.4 At the emergency cash collateral hearing on February 3, 2021, Sunray and Weyns raised the issue of a lack of adequate protection of their liens. Ranches argued that the Lien Claimants were adequately protected because the Debtor would be paying for all feed utilized post-petition (i.e. any

---

[4] Ranches is a preparer under RCW 6.13.010(6).

ADEQUATE PROTECTION MOTION - 8

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

21-00141-WLH11　Doc 273　Filed 03/04/21　Entered 03/04/21 19:37:11　Pg 8 of 14

diminution in feed would be offset by a cash payment to a feed supplier). After the emergency hearing the Debtor agreed to include Weyns and Sunray as adequate protection parties under the Ranches and Farms final cash collateral orders. The Debtors have circulated a proposed order that does in fact provide that Weyns/Sunray are entitled to an adequate protection lien to the extent of diminution in value. The adequate protection lien essentially covers all assets of the Ranches and Farms estates except for avoidance claims. Unfortunately, there is little clarity on what assets the Ranches and Farms estates own and how much equity, if any, these estates have in owned assets. As a result of the lack of information, Ranches and Farms have not demonstrated that the adequate protection collateral is sufficient to protect the Lien Claimants.

2.5 There is no evidence that Ranches has in fact paid feed suppliers for feed that was utilized post-petition. It is clear that at least some of the feed provided by the Lien Claimants has been utilized post-petition without any payment being made to the Lien Claimants.[5]

---

[5] The Lien Claimants know this is the case because the only feed available at the Allred feedlot was produced by Weyns/Sunray and the cattle located on the Allred feedlot have been continuously fed since the petition date.

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

2..6     With regard to the adequate protection lien, it is unclear what the nature or extent of the adequate protection collateral is.  It does not appear based upon information provided that Ranches has any: (a) accounts receivable (other than those which would be subject to a set-off claim by Tyson); (b) significant equity in equipment; or (c) unencumbered property. The Lien Claimants have been told there is equity in certain real estate, but given the complex ownership structure described by the Debtors at the status conference on March 3, 2021 in combination with the pre-existing liens in favor of pre-petition lenders it is not at all clear that the Lien Claimants are protected.  At best, it appears that the Lien Claimants are being asked to substitute their first position liens against feed to potential junior interests in real estate.

2.7     Fundamentally the Debtor's proposal fails to provide adequate protection to the Lien Claimants.  The Lien Claimants analyze the situation as follows:

2.7.1 The Lien Claimants are being asked to allow their collateral to be utilized by the Debtor to feed the Tyson cattle (which doesn't appear to provide any substantial benefit to the estate);



BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

ADEQUATE PROTECTION MOTION -10-

2.7.2 No corresponding receivable from Tyson is created in the process;

2.7.3 Virtually all cash paid by Tyson under the Final Budget is utilized in operations;

2.7.4 Lien Claimants do not receive any of the payments carved out for "Feed" or "3rd Party Feed" under the Interim Order or Final Budget; and

2.7.5 Lien Claimants may receive payment to the extent their collateral is diminished from equity in real estate or other unspecified collateral.

2.8 The clearest way in which to provide adequate protection to the Lien Claimants (and others similarly situated) would be to require the Debtor to place cash, in an amount equal to the value of the feed that has been utilized since the filing (or which will be utilized under the Final Budget), in a segregated account, for the benefit of all existing or potential lien claimants (**"Feed Reserve Fund"**). At the same time the court should establish procedures governing claims to the Feed Reserve Fund which provide for a

ADEQUATE PROTECTION MOTION -11-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

21-00141-WLH11    Doc 273    Filed 03/04/21    Entered 03/04/21 19:37:11    Pg 11 of 14

relatively quick proving up of claims and distribution of funds to eligible suppliers.

2.9 In addition, if the Debtor sells portions of its inventory of feed, it should be required to place those funds in the Feed Reserve Fund pending a determination as to who is entitled to the funds.

2.10 Without the Feed Reserve Fund or some other adequate protection[6], the Lien Claimants (and others similarly situated) are effectively being asked to finance the care and finishing of Tyson's cattle without any assurance they will ultimately be paid.

2.11 As described above, the Lien Claimants have identifiable feed on both the Allred and Weyns feedlots. An additional source of adequate protection would be for the Debtor to obtain Court approval to abandon those feed piles to the Lien Claimants, with the Lien Claimants being required to apply any payments received against their lien claims.

2.12 The use of the property is outside the ordinary course of the Debtor's business because it is being used to enable a liquidation (largely for

---

[6] In an operating case one would expect existing feed to be replaced with new feed – which could then provide the adequate protection for use of the existing feed. From all accounts this case will be a liquidation and the Debtor are not purchasing any new feed that won't be utilized in the process of feeding out the Tyson cattle.



ADEQUATE PROTECTION MOTION - 12 -

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

Tyson's benefit). As pointed out above, if this were an ordinary course transaction the feed being utilized would be replaced with new feed.

2.13  Under 11 U.S.C. §§361, 363, the Lien Claimants are entitled to adequate protection. The Debtor's proposal simply doesn't provide it.

### 3.  Objection to Use of Cash Collateral

3.1  The Debtors have requested the Court enter final cash collateral orders that approve the Final Budgets and implicitly allow the Debtors to continue utilizing the Lien Claimants collateral without any protection. The Lien Claimants understand that the remaining cattle need to be fed. Rather than approving the Debtors' proposed budgets, the Lien Claimants believe the court should grant a one-week extension of the use of cash collateral (in accordance with the Debtors' budgets) with payment for any feed utilized during that week to be placed in a Feed Reserve Fund.

3.2  As a condition to additional use of cash collateral the Debtor should be required to provide the information described in ¶1.19, above to the court and parties in interest. Without that information it is impossible to determine whether the Lien Claimants are adequately protected.

///End of Body of Document///



BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

ADEQUATE PROTECTION MOTION -13-

DATED this 4th day of March, 2021

/s/ Roger W. Bailey
Steven H. Sackmann (WSBA 00618)
Roger W. Bailey (WSBA 26121)
Bailey & Busey PLLC
Counsel for Weyns/Sunray

ADEQUATE PROTECTION MOTION -14-

BAILEY BUSEY
BB
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

21-00141-WLH11    Doc 273    Filed 03/04/21    Entered 03/04/21 19:37:11    Pg 14 of 14