ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com, tbuford@bskd.com,
and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
MAXIM B. LITVAK (CA Bar #215852)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for the Chapter 11*
*Debtors and Debtors in Possession*

HONORABLE WHITMAN L. HOLT

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC., et al.,[1]<br><br>Debtors. | No. 21-00141-WLH11<br><br>NOTICE OF FILING OF ***REVISED*** REDLINED AND CLEAN VERSIONS OF PROPOSED FINAL ORDERS AUTHORIZING DEBTORS TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141-WLH11) and Easterday Farms, a Washington general partnership (21-00176-WLH11).

DOCS_SF:105226.1 20375/001
NOTICE OF FILING OF REVISED REDLINED AND CLEAN
VERSIONS OF PROPOSED FINAL CASH COLLATERAL
ORDERS– Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**PLEASE TAKE NOTICE** that on February 1, 2021, debtor Easterday Ranches, Inc. ("Ranches") filed its *Emergency Motion for Interim and Final Orders Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection* [Dkt. No. 12] (the "Ranches Cash Collateral Motion").

**PLEASE TAKE FURTHER NOTICE** that on February 3, 2021, the court entered an *Interim Order Authorizing Debtor* [Ranches] *to Use Cash Collateral and Granting Adequate Protection* [Dkt. No. 56].

**PLEASE TAKE FURTHER NOTICE** that on February 8, 2021, debtor Easterday Farms, a Washington general partnership ("Farms") filed its *Emergency Motion for Interim and Final Orders Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection* [Dkt. No. 91] (the "Farms Cash Collateral Motion").

**PLEASE TAKE FURTHER NOTICE** that on February 12, 2021, the court entered an *Interim Order Authorizing Debtor Easterday Farms to Use Cash Collateral and Granting Adequate Protection* [Dkt. No. 142].

**PLEASE TAKE FURTHER NOTICE** that on March 5, 2021, Debtors Ranches and Farms submitted their *Notice of Filing of Redlined and Clean Versions of Proposed Final Orders Authorizing Debtors to Use Cash Collateral and Granting Adequate Protection* [Dkt. No. 299] (the "Original Notice").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby submit for approval by the court the attached ***revised*** proposed forms of Final Orders in connection with the Ranches Cash Collateral Motion and the Farms Cash Collateral Motion, respectively, both redlined against the versions filed with the Original Notice and new clean versions.

DOCS_SF:105226.1 20375/001
NOTICE OF FILING OF REVISED REDLINED AND CLEAN
VERSIONS OF PROPOSED FINAL CASH COLLATERAL
ORDERS– Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec22j6017h

21-00141-WLH11    Doc 425    Filed 03/22/21    Entered 03/22/21 14:55:11    Pg 2 of 51

1      **PLEASE TAKE FURTHER NOTICE** that attached hereto as **<u>Exhibit A</u>** is a

2 redlined proposed form of Final Order on the Ranches Cash Collateral Motion (the

3 redline is against the version filed with the Original Notice), and attached hereto as

4 **<u>Exhibit B</u>** is a clean version of the proposed form of Final Order on the Ranches Cash

5 Collateral Motion.

6      **PLEASE TAKE FURTHER NOTICE** that attached hereto as **<u>Exhibit C</u>** is a

7 redlined proposed form of Final Order on the Farms Cash Collateral Motion (the

8 redline is against the version filed with the Original Notice), and attached hereto as

9 **<u>Exhibit D</u>** is a clean version of the proposed form of Final Order on the Farms Cash

10 Collateral Motion.

11      DATED this 22nd day of March, 2021.

12                                  BUSH KORNFELD LLP

13                                  */s/ Thomas A. Buford*

14                                  THOMAS A. BUFORD, III (WSBA 52969)
                                 BUSH KORNFELD LLP

15

16                                  RICHARD M. PACHULSKI (admitted *pro hac vice*)
                                 JEFFREY W. DULBERG (admitted *pro hac vice*)

17                                  MAXIM B. LITVAK (admitted *pro hac vice*)
                                 PACHULSKI STANG ZIEHL & JONES LLP

18                                  *Attorneys for the Chapter 11*

19                                  *Debtor and Debtor-in-Possession*

20

21

22

23

B U S H   K O R N F E L D LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec22j6017h

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF WASHINGTON**

In re:

EASTERDAY RANCHES, INC., *et al.*

Debtors.[1]

Chapter 11

Lead Case No. 21-00141 (WLH)

**[PROPOSED] FINAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

Upon the motion (the "Motion")[2] of one of the above-captioned debtors and debtors in possession, Easterday Ranches, Inc. (the "Debtor"), under sections 361, 363, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-3 of the United States Bankruptcy Court Eastern District of Washington Local Rules ("LBR"), for interim and final orders authorizing the Debtor to use

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

**FINAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

DOCS_SF:105111.6105111.8 20375/002

**EXHIBIT A**

cash collateral in which Washington Trust Bank ("<u>Washington Trust</u>"), CHS Capital, LLC ("<u>CHS</u>"),  Prudential Insurance Company of America ("<u>Prudential</u>"), Equitable Financial Life Insurance Company f/k/a AXA Equitable Life Insurance Company ("<u>Equitable Financial</u>") (Washington Trust, CHS, Prudential, and Equitable Financial, collectively the "<u>Cash Collateral Lenders</u>"), Weyns Farms, LLC ("<u>Weyns Farms</u>"), Sunray Farms, LLC ("<u>Sunray Farms</u>"), J.R. Simplot Company ("<u>Simplot</u>"), and Brad Curtis (Weyns Farms, Sunray Farms, Simplot, and Brad Curtis, together with the Cash Collateral Lenders, together the "<u>Cash Collateral Parties</u>"), may assert an interest, including any funds to be advanced by Tyson Fresh Meats, Inc. ("<u>Tyson</u>") to the Debtor, and granting adequate protection.

The Debtor has served notice of the Motion as is appropriate under the circumstances, as required under sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001(b), and LBR 4001-3.  The Office of U.S. Trustee has appointed the Official Committee of Unsecured Creditors (the "<u>Committee</u>") in the Debtor's case.

An emergency interim hearing on the Motion having been held by this court on February 3, 2021 and an interim order having been entered on February 3, 2021 [ECF No. 56].  A final hearing on the Motion having been held on March 8,23, 2021.  Upon the record made by the Debtor at such final hearing, after considering the Motion and the arguments and evidence presented, and after due deliberation and consideration and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, ORDERED AND ADJUDGED that:

1.   <u>Disposition</u>.  The Motion [ECF No. 12] is granted on a final basis on the terms set forth herein.  Any objections to the relief sought in the Motion, and any reservations of rights with respect to such relief, that have not been previously resolved or withdrawn are overruled on the merits.  This Final Order shall be valid,

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT  LAW
SAN  FRANCISCO  , C ALIFORNIA

**FNAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION- 8 4**
DOCS_SF: 105111.6 105111.8 20375/002

21-00141-WLH11    Doc 425    Filed 03/22/21    Entered 03/22/21 14:55:11    Pg 5 of 51

binding, and enforceable on all parties in interest and fully effective immediately upon entry.

2. <u>Jurisdiction and Venue</u>. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. <u>No Waivers</u>. The Debtor makes no representation, warranty, acknowledgement or admission regarding whether it has (or does not have) any defenses, setoffs, counterclaims or recoupments that could be asserted against the Cash Collateral Parties and the Debtor reserves all rights, claims and defenses with respect thereto. In addition, the Debtor make no representation, warranty, acknowledgement or admission with respect to the enforceability, perfection, priority, avoidability or validity of the Cash Collateral Parties' respective security interests in the Debtor's assets, including cash collateral.

4. <u>Cause Shown</u>. Good cause has been shown for the entry of this Final Order.

5. <u>Business Justification</u>. The Debtor has a critical need to use cash collateral, including funds advanced by Tyson, in order to permit, among other things, preservation and maintenance of the Debtor's cattle and other assets. The Debtor's access to sufficient working capital and liquidity through the use of cash collateral is vital to maximizing the value of the Debtor's estate.

6. <u>Fair and Reasonable Terms</u>. Based on the record presented to this court at the final hearing, the terms of use of the cash collateral are fair and reasonable and reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties.

7. <u>Authorization to Use Cash Collateral</u>. Subject to the terms of this Final Order, the Debtor is hereby authorized to use cash collateral, including any funds to be advanced by Tyson to the Debtor, from the date hereof through the


PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**FNAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION-8̶4**
DOCS_SF:1̶0̶5̶1̶1̶1̶.6̶105111.8 20375/002

21-00141-WLH11    Doc 425    Filed 03/22/21    Entered 03/22/21 14:55:11    Pg 6 of 51

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS   AT LAW
SAN FRANCISCO , C ALIFORNIA

earliest of:  (i) November 14, 2021; (ii) the effective date of a confirmed plan of reorganization in this chapter 11 case, (iii) the closing of a sale of substantially all assets of the Debtor; and (iv) the date of a material breach by the Debtor under this Final Order (the "Budget Period"), or such other date as the Debtor, Washington Trust, and CHS may agree to in writing when, as and to the extent permitted under the budget attached hereto as **Exhibit 1**, or when, as and to the extent permitted by such other budget as the Debtor, Washington Trust, and CHS may agree to in writing from time to time (the "Budget"), provided that any such other budget shall be provided, at least three (3) business days before going into effect, to the other Cash Collateral Parties and the Committee.

8. Disbursements Subject to Budget. The Debtor is only authorized to use cash collateral during the Budget Period in a manner consistent with the Budget; provided that, disbursements may occur earlier or later than the dates forecasted in the Budget so long as such disbursements occur during the Budget Period, including to fund or reserve amounts necessary to pay professional fees accrued to the extent set forth in the Budget.

9. Events of Default. The following shall constitute Events of Default under this Final Order:

(i) Failure to abide by any material term, covenant or condition approved by or incorporated into this Final Order;

(ii) Termination of the automatic stay with respect to any cash collateral;

(iii) Absent the prior written approval of Washington Trust and CHS, disbursements by the Debtor for "Operating Disbursements" on an aggregate basis during the Budget Period may deviate up to 20% from the amounts specified in the Budget for each month;

(iv) The Debtor fails to maintain adequate insurance covering the collateral;

**FNAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION-8-4**
DOCS_SF:~~105111.6~~105111.8 20375/002

(v)    Any of the collateral is converted by the Debtor, lost or stolen in any material amount due to a failure on the part of the Debtor to take reasonable precautions to protect the collateral from loss or waste, or not accounted for by the Debtor;

(vi)    The Debtor fails to timely deliver any reports required hereunder;

(vii)    Entry of an order converting the Debtor's case to a proceeding under Chapter 7; and

(viii)    Entry of an order dismissing Debtor's Chapter 11 Case.

10.    <u>Remedies Upon Default</u>.  Upon the occurrence of an Event of Default, any Cash Collateral Party may immediately, without notice or demand withdraw its consent for the use of cash collateral.   Nothing in this Order limits or otherwise impairs the ability of any Cash Collateral Party to seek relief from the automatic stay or other relief from the Court.

11.    <u>Reporting</u>.   The Debtor shall provide to the Cash Collateral Lenders and the Committee, without limitation, the following items:

(i)    Weekly, a cash flow report for all periods since the Petition Date, including a comparison of actual results to the projections set forth in the Budget; and

(ii)    Any other information that the Cash Collateral Lenders reasonably request subject to appropriate confidentiality restrictions.

The Debtor further agrees to permit representatives from Washington Trust and CHS to, upon reasonable prior notice, visit any of Debtor's properties during regular business hours to review and inspect any of their prepetition collateral together with any non-privileged books and records related thereto.

12.    <u>Adequate Protection</u>.  The Cash Collateral Parties are entitled, pursuant to sections 361, 362(d) and 363(e) of the Bankruptcy Code, to adequate protection of their respective interests in the Debtor's property, for and equal in amount to the aggregate diminution in the value of the Cash Collateral Parties'

**FINAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION-8~~4~~**
DOCS_SF:~~105111.6~~105111.8 20375/002

21-00141-WLH11    Doc 425    Filed 03/22/21    Entered 03/22/21 14:55:11    Pg 8 of 51

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS  AT LAW
SAN FRANCISCO , C ALIFORNIA

interests in the Debtor's property (including cash collateral) with the same validity (or invalidity), perfection (imperfection or avoidable perfection) and priority (or lack of priority) as exists as of the Petition Date (the "Diminution in Value") resulting from the use, sale or lease by the Debtor (or other decline in value) of the cash collateral and any other asset of the Debtor that is the subject of existing liens and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code. As adequate protection, the Cash Collateral Parties are hereby granted the following (subject to the same priorities that exist as between the Cash Collateral Parties as of the Petition Date and subject in all cases to the Carve-Out (as defined below)):

     (i)    a continuing security interest in and lien on all collateral of the Debtor of the same type and nature that exists as of the Petition Date with the same validity (or invalidity), perfection (imperfection or avoidable perfection) and priority (or lack of priority) as exists as of the Petition Date, including the proceeds thereof (the "Replacement Lien"),

     (ii)    solely to the extent of any Diminution in Value, an additional and replacement security interest in and lien on all property and assets of the Debtor's estate (the "Adequate Protection Lien"), provided however, that (a) such security interest and lien shall be junior to any existing, valid, senior, enforceable and unavoidable prior perfected security interests and liens, (b) in the event that the Debtor obtains postpetition financing in this chapter 11 case, such security interest and lien may be junior to any valid, senior, enforceable security interests and liens granted to the postpetition lenders and authorized by this court in connection with such postpetition financing, provided, however, that each of the Cash Collateral Parties and the Committee reserves its right to object to such financing or to the granting of any such liens, and (c) such security interest and lien shall not attach to any claims, defenses, causes of action or rights of the Debtor arising under sections 542-553 of the Bankruptcy Code and applicable state fraudulent transfer law (including all proceeds thereof, the "Avoidance Actions"), and

**FNAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION-84**
DOCS_SF:105111.6105111.8 20375/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO , C ALIFORNIA

(iii) solely to the extent of any Diminution in Value, to the extent provided by sections 503(b) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative claim in this chapter 11 case (the "Adequate Protection Claim"), provided however, that (a) the Adequate Protection Claim shall not be payable from Avoidance Actions and (b) in the event that the Debtor obtains postpetition financing in this chapter 11 case, such administrative claim, if any, may be junior to the administrative claim granted to such postpetition lenders and authorized by this court in connection with such postpetition financing.

The Replacement Lien and any Adequate Protection Lien will be deemed to be perfected automatically upon entry of this Order, without the necessity of filing any UCC-1 financing statement, state or federal notice, mortgage, or similar instrument or document in any state or public record or office and without the necessity of taking possession or control of any collateral.

13. ~~Payments Under Budget~~Carve-Out. The "Carve-Out" for purposes herein means (x) professional fees and disbursements incurred by professional persons employed by the Debtor or the Committee (including any expenses of the members of the Committee) (collectively, "Professional Fees"), ~~if any set forth in the Budget, and (y~~whenever allowed, up to the amounts incurred through the date of a Trigger Event (as defined below), (y) the aggregate sum of $250,000 on account of Professional Fees incurred from and after the occurrence of a Trigger Event, and (z) fees and charges assessed against the estate under 28 U.S.C. § 1930 and any fees payable to the clerk of the court ~~(collectively, "U.S. Trustee Costs") may be paid to the extent authorized in the Budget and permitted by this court~~. The "Trigger Event" for purposes herein means the delivery of a written notice to the Debtor's counsel and the Committee's counsel by a Cash Collateral Lender of the occurrence of an Event of Default under this Final Order.

14. Funding of Segregated Account. The amounts set forth in the Budget, ~~if any,~~ for the payment of Professional Fees ~~and U.S. Trustee Costs shall~~may

**FNAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION-~~8~~4**
DOCS_SF:~~105111.6~~105111.8 20375/002

be deposited by the Debtor, at the times identified in the Budget, into a trust account of the Debtor's general bankruptcy counsel or other segregated account ("Segregated Account") for the ~~exclusive~~intended purpose of subsequently paying such amounts on the later of (x) the due date, or (y) the date of their allowance by this court (or when otherwise authorized to be paid pursuant to a customary order of this court pursuant to section 331 of the Bankruptcy Code). The Replacement Lien, Adequate Protection Lien, and Adequate Protection Claim shall be subject and subordinate to the Carve-Out and all amounts deposited in the Segregated Account for the payment of Professional Fees.

15. <u>Binding Effect; Successors and Assigns</u>. The provisions of this Final Order, including all findings herein, shall be binding upon all parties in interest in the chapter 11 case, including, without limitation, the Cash Collateral Parties, the Committee, and the Debtor, and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the Debtor's estate) and shall inure to the benefit of the Cash Collateral Parties, the Committee, and the Debtor, and their respective successors and assigns.

16. <u>Reservation of Rights</u>. The Debtor reserves all rights to seek other or additional use of cash collateral or debtor in possession financing on such further or different terms and conditions as may be approved by this court. Nothing in this Final Order may be construed as a consent to any such request by any Cash Collateral Party or the Committee, and the Cash Collateral Parties and the Committee reserve all rights to object to such requests.

17. <u>Effectiveness</u>. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Final Order as provided in such Rules.

**FNAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION-~8~4**
DOCS_SF:~105111.6~105111.8 20375/002

//END OF ORDER//

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FNAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION- 84**

DOCS_SF:~~105111.6~~105111.8 20375/002

Submitted by:

By _____ /s/ _____
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
MAXIM B. LITVAK (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

~~Proposed~~ *Attorneys for Debtors and Debtors in Possession*

**FNAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION-~~8~~4**
DOCS_SF:~~105111.6~~105111.8 20375/002

21-00141-WLH11   Doc 425   Filed 03/22/21   Entered 03/22/21 14:55:11   Pg 13 of 51

## **Exhibit 1**

### **Budget**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO , C ALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOCS_SF:105111.6105111.8 20375/002

Document comparison by Workshare 9.5 on Thursday, March 18, 2021 11:17:53 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_SF/105111/6 |
| Description | DOCS_SF-#105111-v6-Easterday_Ranches_-_Final_Cash_Collateral_Order |
| Document 2 ID | PowerDocs://DOCS_SF/105111/8 |
| Description | DOCS_SF-#105111-v8-Easterday_Ranches_-_Final_Cash_Collateral_Order |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 23 |
| Deletions | 14 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 37 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re: | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al*. | Lead Case No. 21-00141 (WLH) |
| Debtors.[1] | |
| | **[PROPOSED] FINAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION** |

Upon the motion (the "Motion")[2] of one of the above-captioned debtors and debtors in possession, Easterday Ranches, Inc. (the "Debtor"), under sections 361, 363, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-3 of the United States Bankruptcy Court Eastern District of Washington Local Rules ("LBR"), for interim and final orders authorizing the Debtor to use

---

[1]  The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

[2]  Capitalized terms not defined herein shall have the meanings set forth in the Motion.

**FINAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

**EXHIBIT B**

cash collateral in which Washington Trust Bank ("Washington Trust"), CHS Capital, LLC ("CHS"), Prudential Insurance Company of America ("Prudential"), Equitable Financial Life Insurance Company f/k/a AXA Equitable Life Insurance Company ("Equitable Financial") (Washington Trust, CHS, Prudential, and Equitable Financial, collectively the "Cash Collateral Lenders"), Weyns Farms, LLC ("Weyns Farms"), Sunray Farms, LLC ("Sunray Farms"), J.R. Simplot Company ("Simplot"), and Brad Curtis (Weyns Farms, Sunray Farms, Simplot, and Brad Curtis, together with the Cash Collateral Lenders, together the "Cash Collateral Parties"), may assert an interest, including any funds to be advanced by Tyson Fresh Meats, Inc. ("Tyson") to the Debtor, and granting adequate protection.

The Debtor has served notice of the Motion as is appropriate under the circumstances, as required under sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001(b), and LBR 4001-3. The Office of U.S. Trustee has appointed the Official Committee of Unsecured Creditors (the "Committee") in the Debtor's case.

An emergency interim hearing on the Motion having been held by this court on February 3, 2021 and an interim order having been entered on February 3, 2021 [ECF No. 56]. A final hearing on the Motion having been held on March 23, 2021. Upon the record made by the Debtor at such final hearing, after considering the Motion and the arguments and evidence presented, and after due deliberation and consideration and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, ORDERED AND ADJUDGED that:

1. <u>Disposition</u>. The Motion [ECF No. 12] is granted on a final basis on the terms set forth herein. Any objections to the relief sought in the Motion, and any reservations of rights with respect to such relief, that have not been previously resolved or withdrawn are overruled on the merits. This Final Order shall be valid,

**FNAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION-2**
DOCS_SF:105111.8 20375/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

binding, and enforceable on all parties in interest and fully effective immediately upon entry.

       2.   <u>Jurisdiction and Venue</u>.  This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

       3.   <u>No Waivers</u>.  The Debtor makes no representation, warranty, acknowledgement or admission regarding whether it has (or does not have) any defenses, setoffs, counterclaims or recoupments that could be asserted against the Cash Collateral Parties and the Debtor reserves all rights, claims and defenses with respect thereto.  In addition, the Debtor make no representation, warranty, acknowledgement or admission with respect to the enforceability, perfection, priority, avoidability or validity of the Cash Collateral Parties' respective security interests in the Debtor's assets, including cash collateral.

       4.   <u>Cause Shown</u>.  Good cause has been shown for the entry of this Final Order.

       5.   <u>Business Justification</u>.  The Debtor has a critical need to use cash collateral, including funds advanced by Tyson, in order to permit, among other things, preservation and maintenance of the Debtor's cattle and other assets.  The Debtor's access to sufficient working capital and liquidity through the use of cash collateral is vital to maximizing the value of the Debtor's estate.

       6.   <u>Fair and Reasonable Terms</u>.  Based on the record presented to this court at the final hearing, the terms of use of the cash collateral are fair and reasonable and reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties.

       7.   <u>Authorization to Use Cash Collateral</u>.  Subject to the terms of this Final Order, the Debtor is hereby authorized to use cash collateral, including any funds to be advanced by Tyson to the Debtor, from the date hereof through the earliest

**FNAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION-3**
DOCS_SF:105111.8 20375/002

of: (i) November 14, 2021; (ii) the effective date of a confirmed plan of reorganization in this chapter 11 case, (iii) the closing of a sale of substantially all assets of the Debtor; and (iv) the date of a material breach by the Debtor under this Final Order (the "Budget Period"), or such other date as the Debtor, Washington Trust, and CHS may agree to in writing when, as and to the extent permitted under the budget attached hereto as **Exhibit 1**, or when, as and to the extent permitted by such other budget as the Debtor, Washington Trust, and CHS may agree to in writing from time to time (the "Budget"), provided that any such other budget shall be provided, at least three (3) business days before going into effect, to the other Cash Collateral Parties and the Committee.

8. <u>Disbursements Subject to Budget</u>. The Debtor is only authorized to use cash collateral during the Budget Period in a manner consistent with the Budget; provided that, disbursements may occur earlier or later than the dates forecasted in the Budget so long as such disbursements occur during the Budget Period, including to fund or reserve amounts necessary to pay professional fees accrued to the extent set forth in the Budget.

9. <u>Events of Default</u>. The following shall constitute Events of Default under this Final Order:

(i) Failure to abide by any material term, covenant or condition approved by or incorporated into this Final Order;

(ii) Termination of the automatic stay with respect to any cash collateral;

(iii) Absent the prior written approval of Washington Trust and CHS, disbursements by the Debtor for "Operating Disbursements" on an aggregate basis during the Budget Period may deviate up to 20% from the amounts specified in the Budget for each month;

(iv) The Debtor fails to maintain adequate insurance covering the collateral;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

(v)    Any of the collateral is converted by the Debtor, lost or stolen in any material amount due to a failure on the part of the Debtor to take reasonable precautions to protect the collateral from loss or waste, or not accounted for by the Debtor;

(vi)   The Debtor fails to timely deliver any reports required hereunder;

(vii)  Entry of an order converting the Debtor's case to a proceeding under Chapter 7; and

(viii) Entry of an order dismissing Debtor's Chapter 11 Case.

10.    <u>Remedies Upon Default</u>.  Upon the occurrence of an Event of Default, any Cash Collateral Party may immediately, without notice or demand withdraw its consent for the use of cash collateral.   Nothing in this Order limits or otherwise impairs the ability of any Cash Collateral Party to seek relief from the automatic stay or other relief from the Court.

11.    <u>Reporting</u>.  The Debtor shall provide to the Cash Collateral Lenders and the Committee, without limitation, the following items:

(i)    Weekly, a cash flow report for all periods since the Petition Date, including a comparison of actual results to the projections set forth in the Budget; and

(ii)   Any other information that the Cash Collateral Lenders reasonably request subject to appropriate confidentiality restrictions.

The Debtor further agrees to permit representatives from Washington Trust and CHS to, upon reasonable prior notice, visit any of Debtor's properties during regular business hours to review and inspect any of their prepetition collateral together with any non-privileged books and records related thereto.

12.    <u>Adequate Protection</u>.  The Cash Collateral Parties are entitled, pursuant to sections 361, 362(d) and 363(e) of the Bankruptcy Code, to adequate protection of their respective interests in the Debtor's property, for and equal in amount to the aggregate diminution in the value of the Cash Collateral Parties'

**FNAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION-5**
DOCS_SF:105111.8 20375/002

interests in the Debtor's property (including cash collateral) with the same validity (or invalidity), perfection (imperfection or avoidable perfection) and priority (or lack of priority) as exists as of the Petition Date (the "Diminution in Value") resulting from the use, sale or lease by the Debtor (or other decline in value) of the cash collateral and any other asset of the Debtor that is the subject of existing liens and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code. As adequate protection, the Cash Collateral Parties are hereby granted the following (subject to the same priorities that exist as between the Cash Collateral Parties as of the Petition Date and subject in all cases to the Carve-Out (as defined below)):

(i)     a continuing security interest in and lien on all collateral of the Debtor of the same type and nature that exists as of the Petition Date with the same validity (or invalidity), perfection (imperfection or avoidable perfection) and priority (or lack of priority) as exists as of the Petition Date, including the proceeds thereof (the "Replacement Lien"),

(ii)    solely to the extent of any Diminution in Value, an additional and replacement security interest in and lien on all property and assets of the Debtor's estate (the "Adequate Protection Lien"), provided however, that (a) such security interest and lien shall be junior to any existing, valid, senior, enforceable and unavoidable prior perfected security interests and liens, (b) in the event that the Debtor obtains postpetition financing in this chapter 11 case, such security interest and lien may be junior to any valid, senior, enforceable security interests and liens granted to the postpetition lenders and authorized by this court in connection with such postpetition financing, provided, however, that each of the Cash Collateral Parties and the Committee reserves its right to object to such financing or to the granting of any such liens, and (c) such security interest and lien shall not attach to any claims, defenses, causes of action or rights of the Debtor arising under sections 542-553 of the Bankruptcy Code and applicable state fraudulent transfer law (including all proceeds thereof, the "Avoidance Actions"), and

(iii)   solely to the extent of any Diminution in Value, to the extent provided by sections 503(b) and 507(b) of the Bankruptcy Code,

**FNAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION-6**
DOCS_SF:105111.8 20375/002

an allowed superiority administrative claim in this chapter 11 case (the "Adequate Protection Claim"), provided however, that (a) the Adequate Protection Claim shall not be payable from Avoidance Actions and (b) in the event that the Debtor obtains postpetition financing in this chapter 11 case, such administrative claim, if any, may be junior to the administrative claim granted to such postpetition lenders and authorized by this court in connection with such postpetition financing.

The Replacement Lien and any Adequate Protection Lien will be deemed to be perfected automatically upon entry of this Order, without the necessity of filing any UCC-1 financing statement, state or federal notice, mortgage, or similar instrument or document in any state or public record or office and without the necessity of taking possession or control of any collateral.

13. <u>Carve-Out</u>. The "<u>Carve-Out</u>" for purposes herein means (x) professional fees and disbursements incurred by professional persons employed by the Debtor or the Committee (including any expenses of the members of the Committee) (collectively, "<u>Professional Fees</u>"), whenever allowed, up to the amounts incurred through the date of a Trigger Event (as defined below), (y) the aggregate sum of $250,000 on account of Professional Fees incurred from and after the occurrence of a Trigger Event, and (z) fees and charges assessed against the estate under 28 U.S.C. § 1930 and any fees payable to the clerk of the court. The "<u>Trigger Event</u>" for purposes herein means the delivery of a written notice to the Debtor's counsel and the Committee's counsel by a Cash Collateral Lender of the occurrence of an Event of Default under this Final Order.

14. <u>Funding of Segregated Account</u>. The amounts set forth in the Budget for the payment of Professional Fees may be deposited by the Debtor, at the times identified in the Budget, into a trust account of the Debtor's general bankruptcy counsel or other segregated account ("<u>Segregated Account</u>") for the intended purpose of subsequently paying such amounts on the later of (x) the due date, or (y) the date of

**FNAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION-7**
DOCS_SF:105111.8 20375/002

21-00141-WLH11    Doc 425    Filed 03/22/21    Entered 03/22/21 14:55:11    Pg 22 of 51

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

their allowance by this court (or when otherwise authorized to be paid pursuant to a customary order of this court pursuant to section 331 of the Bankruptcy Code). The Replacement Lien, Adequate Protection Lien, and Adequate Protection Claim shall be subject and subordinate to the Carve-Out and all amounts deposited in the Segregated Account for the payment of Professional Fees.

15.    <u>Binding Effect; Successors and Assigns</u>. The provisions of this Final Order, including all findings herein, shall be binding upon all parties in interest in the chapter 11 case, including, without limitation, the Cash Collateral Parties, the Committee, and the Debtor, and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the Debtor's estate) and shall inure to the benefit of the Cash Collateral Parties, the Committee, and the Debtor, and their respective successors and assigns.

16.    <u>Reservation of Rights</u>. The Debtor reserves all rights to seek other or additional use of cash collateral or debtor in possession financing on such further or different terms and conditions as may be approved by this court. Nothing in this Final Order may be construed as a consent to any such request by any Cash Collateral Party or the Committee, and the Cash Collateral Parties and the Committee reserve all rights to object to such requests.

17.    <u>Effectiveness</u>. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Final Order as provided in such Rules.

//END OF ORDER//

**FINAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION-8**
DOCS_SF:105111.8 20375/002

Submitted by:


By  /s/
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
MAXIM B. LITVAK (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors and Debtors in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**FNAL ORDER AUTHORIZING DEBTOR EASTERDAY RANCHES, INC. TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION-9**
DOCS_SF:105111.8 20375/002

# Exhibit 1

## Budget

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOCS_SF:105111.8 20375/002

**Easterday Ranches**
**Cash Collateral Budget**
**3/1/2021 - 6/30/2021**

| ($000s) | Period #:  Period Ending: | Projected 1 3/15/21 | Projected 2 3/31/21 | Projected 3 4/15/21 | Projected 4 4/30/21 | Projected 5 5/15/21 | Projected 6 5/31/21 | Projected 7 6/15/21 | Projected 8 6/30/21 | Projected 1 - 8 Total |
|---|---|---|---|---|---|---|---|---|---|---|
| Receipts | | | | | | | | | | |
| Tyson Advances | | $ 1,860 | $ 2,156 | $ 1,698 | $ 1,377 | $ 1,067 | $ 712 | $ 424 | $ 239 | $ 9,534 |
| | | | | | | | | | | |
| Operating Disbursements | | | | | | | | | | |
| Feed - 3rd Party (paid/consumed) | | 519 | 501 | 403 | 326 | 235 | 171 | 94 | 57 | 2,307 |
| Feed - Farms (paid/consumed) | | 1,227 | 1,184 | 952 | 770 | 556 | 403 | 223 | 135 | 5,450 |
| Salaries, Wages & Benefits | | 191 | 187 | 148 | 122 | 86 | 64 | 35 | 21 | 853 |
| Maintenance | | 74 | 61 | 58 | 40 | 34 | 21 | 13 | 7 | 307 |
| Freight | | 72 | 59 | 56 | 39 | 33 | 20 | 13 | 7 | 299 |
| Fuel/Propane | | 58 | 49 | 45 | 32 | 26 | 17 | 11 | 6 | 242 |
| Repairs | | 57 | 48 | 44 | 31 | 26 | 16 | 10 | 5 | 236 |
| Supplies | | 22 | 21 | 17 | 13 | 10 | 7 | 4 | 2 | 97 |
| North Feedlot Rent | | - | - | - | - | 87 | - | 46 | 6 | 140 |
| Utilities & Deposits | | - | 22 | - | 14 | - | 7 | - | 3 | 46 |
| Other Miscellaneous | | 18 | 28 | 14 | 18 | 8 | 10 | 3 | 3 | 103 |
| Total Operating Disbursements | | 2,238 | 2,160 | 1,738 | 1,404 | 1,102 | 735 | 453 | 253 | 10,081 |
| | | | | | | | | | | |
| Restructuring Disbursements | | | | | | | | | | |
| Professional Fees - Debtor | | - | 67 | 67 | 67 | 67 | 67 | 67 | 67 | 470 |
| Professional Fees - Committee | | - | 19 | 19 | 19 | 19 | 19 | 19 | 19 | 130 |
| US Trustee & Misc. Reserve | | 24 | - | 42 | - | - | - | - | 72 | 138 |
| Total Restructuring Disbursements | | 24 | 86 | 128 | 86 | 86 | 86 | 86 | 157 | 738 |
| | | | | | | | | | | |
| Net Cash Flow | | $ (402) | $ (89) | $ (167) | $ (112) | $ (121) | $ (109) | $ (114) | $ (171) | $ (1,286) |
| | | | | | | | | | | |
| Tyson Cash Roll-Forward | | | | | | | | | | |
| Tyson Cash Beginning Balance | | $ 1,206 | $ 828 | $ 824 | $ 785 | $ 758 | $ 723 | $ 700 | $ 672 | $ 1,206 |
| Tyson Advances | | 1,860 | 2,156 | 1,698 | 1,377 | 1,067 | 712 | 424 | 239 | 9,534 |
| Tyson Bills | | (2,238) | (2,160) | (1,738) | (1,404) | (1,102) | (735) | (453) | (253) | (10,081) |
| Restructuring Draws | | - | - | - | - | - | - | - | - | - |
| Tyson Cash Ending Balance | | $ 828 | $ 824 | $ 785 | $ 758 | $ 723 | $ 700 | $ 672 | $ 658 | $ 658 |
| | | | | | | | | | | |
| Ranches Cash Roll-Forward | | | | | | | | | | |
| Ranches Beginning Cash | | $ 706 | $ 528 | $ 515 | $ 385 | $ 336 | $ 299 | $ 218 | $ 152 | $ 706 |
| Ranches Receipts | | 107 | 103 | 83 | 67 | 48 | 35 | 19 | 12 | 473 |
| Non-Reimbursed Expenses | | | | | | | | | | |
| D&O Insurance | | (200) | - | - | - | - | - | - | - | (200) |
| Independent Directors Fees | | (60) | (30) | - | (30) | - | (30) | - | - | (150) |
| Professional Fees - Debtor | | - | (67) | (67) | (67) | (67) | (67) | (67) | (67) | (470) |
| Professional Fees - Committee | | - | (19) | (19) | (19) | (19) | (19) | (19) | (19) | (130) |
| US Trustee Fees | | (24) | - | (42) | - | - | - | - | (72) | (138) |
| Property Taxes | | - | - | (85) | - | - | - | - | - | (85) |
| Total Non-Reimbursed Expenses | | (284) | (116) | (213) | (116) | (86) | (116) | (86) | (157) | (1,173) |
| Ranches Ending Cash | | $ 528 | $ 515 | $ 385 | $ 336 | $ 299 | $ 218 | $ 152 | $ 6 | $ 6 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-11 |
| | Jointly Administered |
| Debtors.[1] | |
| | **[PROPOSED] FINAL ORDER AUTHORIZING DEBTOR EASTERDAY FARMS TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION** |

Upon the motion (the "Motion")[2] of above-captioned debtor and debtor in possession, Easterday Farms, a Washington general partnership (the "Debtor"), under sections 361, 363, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-3 of the United States Bankruptcy Court Eastern District of Washington Local Rules ("LBR"), for interim and final orders authorizing the Debtor to use cash collateral in which Washington Trust Bank

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH
COLLATERAL AND GRANTING ADEQUATE
PROTECTION – Page  1

**EXHIBIT C**

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105118.3105118.5 20375/003

21-00141-WLH11    Doc 425    Filed 03/22/21    Entered 03/22/21 14:55:11    Pg 27 of 51

("Washington Trust"), CHS Capital, LLC ("CHS"), Prudential Insurance Company of America ("Prudential"), Equitable Financial Life Insurance Company f/k/a AXA Equitable Life Insurance Company ("Equitable Financial"), LTM Investments LLC ("LTM Investments") (Washington Trust, CHS, Prudential, Equitable Financial and LTM Investments, collectively the "Cash Collateral Lenders"), J.R. Simplot Company ("Simplot"), Weyns Farms, LLC ("Weyns Farms"), and Sunray Farms, LLC ("Sunray Farms") (Simplot, Weyns Farms, and Sunray Farms, together with the Cash Collateral Lenders, the "Cash Collateral Parties") may assert an interest and granting adequate protection.

The Debtor has served notice of the Motion as is appropriate under the circumstances, as required under sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001(b), and LBR 4001-3. The Office of U.S. Trustee has appointed the Official Committee of Unsecured Creditors (the "Committee") in the Debtor's case.

An emergency interim hearing on the Motion having been held by this court on February 11, 2021 and an interim order having been entered on February 12, 2021 [ECF No. 142]. A final hearing on the Motion having been held on March 8,23, 2021. Upon the record made by the Debtor at such final hearing, after considering the Motion and the arguments and evidence presented, and after due deliberation and consideration and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, ORDERED AND ADJUDGED that:

1. <u>Disposition</u>. The Motion [ECF No. 91] is granted on a final basis on the terms set forth herein. Any objections to the relief sought in the Motion, and any reservations of rights with respect to such relief, that have not been previously

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

resolved or withdrawn are overruled on the merits. This Final Order shall be valid, binding, and enforceable on all parties in interest and fully effective immediately upon entry.

2. <u>Jurisdiction and Venue</u>. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. <u>No Waivers</u>. The Debtor makes no representation, warranty, acknowledgement or admission regarding whether it has (or does not have) any defenses, setoffs, counterclaims or recoupments that could be asserted against the Cash Collateral Parties, and the Debtor reserves all rights, claims and defenses with respect thereto. In addition, the Debtor make no representation, warranty, acknowledgement or admission with respect to the enforceability, perfection, priority, avoidability or validity of the security interests of the Cash Collateral Parties in the Debtor's assets, including cash collateral.

4. <u>Cause Shown</u>. Good cause has been shown for the entry of this Final Order.

5. <u>Business Justification</u>. The Debtor has a critical need to use cash collateral, in order to permit, among other things, preservation and maintenance of the Debtor's business operation and assets. The Debtor's access to sufficient working capital and liquidity through the use of cash collateral is vital to maximizing the value of the Debtor's estate.

6. <u>Fair and Reasonable Terms</u>. Based on the record presented to this court at the final hearing, the terms of use of the cash collateral are fair and reasonable and reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties.

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

7. <u>Authorization to Use Cash Collateral</u>. Subject to the terms of this Final Order, the Debtor is hereby authorized to use cash collateral, from the date hereof through the earliest of: (i) November 14, 2021; (ii) the effective date of a confirmed plan of reorganization in this chapter 11 case, (iii) the closing of a sale of substantially all assets of the Debtor; and (iv) the occurrence of an Event of Default (as defined below) by the Debtor under this Final Order (the "<u>Budget Period</u>"), or such other date as the Debtor, Washington Trust, and CHS may agree to in writing when, as and to the extent permitted under the budget attached hereto as **Exhibit 1**, or when, as and to the extent permitted by such other budget as the Debtor, Washington Trust, and CHS may agree to in writing from time to time (the "<u>Budget</u>"), provided that any such other budget shall be promptly provided, at least three (3) business days before going into effect, to the other Cash Collateral Parties and the Committee.

8. <u>Disbursements Subject to Budget</u>. The Debtor is only authorized to use cash collateral during the Budget Period in a manner consistent with the Budget; provided that, disbursements may occur earlier or later than the dates forecasted in the Budget so long as such disbursements occur during the Budget Period, including to fund or reserve amounts necessary to pay professional fees accrued to the extent set forth in the Budget.

9. <u>Events of Default</u>. The following shall constitute Events of Default under this Final Order:

(i)    Failure to abide by any material term, covenant or condition approved by or incorporated into this Final Order;

(ii)   Termination of the automatic stay with respect to any cash collateral;

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:~~105118.3~~105118.5 20375/003

21-00141-WLH11    Doc 425    Filed 03/22/21    Entered 03/22/21 14:55:11    Pg 30 of 51

(iii) Absent the prior written approval of Washington Trust and CHS, the Debtor's "Ending Cash" is lower than the Budget by more than 20% for the week ending week 2, the week ending week 4 and bi-weekly thereafter;

(iv) The Debtor fails to maintain adequate insurance covering the collateral;

(v) Any of the collateral is converted by the Debtor, lost or stolen in any material amount due to a failure on the part of the Debtor to take reasonable precautions to protect the collateral from loss or waste, or not accounted for by the Debtor;

(vi) The Debtor fails to timely deliver any reports required hereunder;

(vii) Entry of an order converting the Debtor's case to a proceeding under Chapter 7; and

(viii) Entry of an order dismissing Debtor's Chapter 11 Case.

10. <u>Remedies Upon Default</u>. Upon the occurrence of an Event of Default, any Cash Collateral Party may immediately, without notice or demand withdraw its consent for the use of cash collateral. Nothing in this Order limits or otherwise impairs the ability of any Cash Collateral Party to seek relief from the automatic stay or other relief from the Court.

11. <u>Reporting</u>. The Debtor shall provide to the Cash Collateral Lenders and the Committee, without limitation, the following items:

(i) Weekly, a cash flow report for all periods since the Petition Date, including a comparison of actual results to the projections set forth in the Budget; and

(ii) Any other information that the Cash Collateral Lenders reasonably request.

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105118.3105118.5 20375/003

The Debtor further agrees to permit representatives from Washington Trust and CHS to, upon reasonable prior notice, visit any of Debtor's properties during regular business hours to review and inspect any of their prepetition collateral together with any non-privileged books and records related thereto

        12.   <u>Adequate Protection</u>.  The Cash Collateral Parties are entitled, pursuant to sections 361, 362(d) and 363(e) of the Bankruptcy Code, to adequate protection of their respective interests in the Debtor's property, for and equal in amount to the aggregate diminution in the value of the interests of the Cash Collateral Parties in the Debtor's property (including cash collateral) with the same validity (or invalidity), perfection (imperfection or avoidable perfection) and priority (or lack of priority) as exists as of the Petition Date (the "<u>Diminution in Value</u>") resulting from the use, sale or lease by the Debtor (or other decline in value) of the cash collateral and any other asset of the Debtor that is the subject of existing liens and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code. As adequate protection, the Cash Collateral Parties,[3] are hereby granted the following (subject to the same priorities that exist as among such prepetition secured creditors as of the Petition Date and subject in all cases to the Carve-Out (as defined below)):

        (i)     a continuing security interest in and lien on all collateral of the Debtor of the same type and nature that exists as of the Petition Date with the same validity (or invalidity), perfection (imperfection or avoidable perfection) and priority (or lack of priority) as exists as of the Petition Date, including the proceeds thereof (the "<u>Replacement Liens</u>"),

---

[3] In connection with providing adequate protection to Prudential and Equitable, Debtor Farms has included the payment of rent and taxes related to applicable leaseholds in the Budget.

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(ii)     solely to the extent of any Diminution in Value, an additional and replacement security interest in and lien on all property and assets of the Debtor's estate (the "Adequate Protection Liens"), provided however, that (a) such security interest and lien shall be junior to any existing, valid, senior, enforceable and unavoidable prior perfected security interests and liens, (b) in the event that the Debtor obtains postpetition financing in this chapter 11 case, such security interest and lien may be junior to any valid, senior, enforceable security interests and liens granted to the postpetition lenders and authorized by this court in connection with such postpetition financing, provided, however, that each of the Cash Collateral Parties and the Committee reserves its right to object to such financing or to the granting of any such liens, and (c) such security interest and lien shall not attach to any claims, defenses, causes of action or rights of the Debtor arising under sections 542-553 of the Bankruptcy Code and applicable state fraudulent transfer law (including all proceeds thereof, the "Avoidance Actions"), and

(iii)    solely to the extent of any Diminution in Value, to the extent provided by sections 503(b) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative claim in this chapter 11 case (the "Adequate Protection Claims"), provided however, that (a) the Adequate Protection Claim shall not be payable from Avoidance Actions and (b) in the event that the Debtor obtains postpetition financing in this chapter 11 case, such administrative claim, if any, may be junior to the administrative claim granted to such postpetition lenders and authorized by this court in connection with such postpetition financing.

The Replacement Liens and Adequate Protection Liens will be deemed to be perfected automatically upon entry of this Final Order, without the necessity of filing any UCC-1 financing statement, state or federal notice, mortgage or similar instrument or document in any state or public record or office and without the necessity of taking possession or control of any collateral.

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page  7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105118.3105118.5 20375/003

13.    ~~Payments Under Budget~~Carve-Out.  The "Carve-Out" for purposes herein means (x) professional fees and disbursements incurred by professional persons employed by the Debtor or the Committee (including any expenses of the members of the Committee) (collectively, "Professional Fees"), ~~if any set forth in the Budget, and (y~~whenever allowed, up to the amounts incurred through the date of a Trigger Event (as defined below), (y) the aggregate sum of $250,000 on account of Professional Fees incurred from and after the occurrence of a Trigger Event, and (z) fees and charges assessed against the estate under 28 U.S.C. § 1930 and any fees payable to the clerk of the court ~~(collectively, "U.S. Trustee Costs") may be paid to the extent authorized in the Budget and permitted by this court~~.  The "Trigger Event" for purposes herein means the delivery of a written notice to the Debtor's counsel and the Committee's counsel by a Cash Collateral Lender of the occurrence of an Event of Default under this Final Order.

14.    Funding of Segregated Account.  The amounts set forth in the Budget~~, if any,~~ for the payment of Professional Fees ~~and U.S. Trustee Costs shall~~may be deposited by the Debtor, at the times identified in the Budget, into a trust account of the Debtor's general bankruptcy counsel or other segregated account ("Segregated Account") for the ~~exclusive~~intended purpose of subsequently paying such amounts on the later of (x) the due date, or (y) the date of their allowance by this court (or when otherwise authorized to be paid pursuant to a customary order of this court pursuant to section 331 of the Bankruptcy Code).  The Replacement Lien, Adequate Protection Lien, and Adequate Protection Claim shall be subject and subordinate to the Carve-Out and all amounts deposited in the Segregated Account for the payment of Professional Fees.

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:~~105118.3~~105118.5 20375/003

15. <u>Section 552</u>. Each of the Cash Collateral Lenders is entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code and, except as to any issues or objections that may be raised by the Committee, the "equities of the case" exception will not apply. For the avoidance of doubt, this paragraph ~~16~~15 is only applicable with respect to Debtor Easterday Farms and is not applicable to Debtor Easterday Ranches, Inc.

16. <u>Binding Effect; Successors and Assigns</u>. The provisions of this Final Order, including all findings herein, shall be binding upon all parties in interest in the chapter 11 case, including, without limitation, the Cash Collateral Parties, the Committee, and the Debtor, and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the Debtor's estate) and shall inure to the benefit of the Cash Collateral Parties, the Committee, and the Debtor, and their respective successors and assigns.

17. <u>Reservation of Rights</u>. The Debtor reserves all rights to seek other or additional use of cash collateral or debtor in possession financing on such further or different terms and conditions as may be approved by this court. Nothing in this Final Order may be construed as a consent to any such request by any Cash Collateral Party or the Committee, and the Cash Collateral Parties and the Committee reserve all rights to object to such requests.

18. <u>Effectiveness</u>. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Final Order as provided in such Rules.

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:~~105118.3~~105118.5 20375/003

1

2                              //END OF ORDER//

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 10

B̲U̲S̲H̲ ̲K̲O̲R̲N̲F̲E̲L̲D̲ LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:~~105118.3~~105118.5 20375/003

PRESENTED BY


_____ /s/ _____
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP


RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
MAXIM B. LITVAK (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

~~Proposed~~ Attorneys for Debtors
and Debtors in Possession

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:~~105118.3~~105118.5 20375/003

# <u>Exhibit 1</u>

## Budget

DOCS_SF:~~105118.3~~105118.5 20375/003

Document comparison by Workshare 9.5 on Thursday, March 18, 2021 11:15:31 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_SF/105118/3 |
| Description | DOCS_SF-#105118-v3-Easterday_Farms_-_Final_Cash_Collateral_Order |
| Document 2 ID | PowerDocs://DOCS_SF/105118/5 |
| Description | DOCS_SF-#105118-v5-Easterday_Farms_-_Final_Cash_Collateral_Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 22 |
| Deletions | 13 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 35 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-11 |
| Debtors.[1] | Jointly Administered |

**[PROPOSED] FINAL ORDER AUTHORIZING DEBTOR EASTERDAY FARMS TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

Upon the motion (the "Motion")[2] of above-captioned debtor and debtor in possession, Easterday Farms, a Washington general partnership (the "Debtor"), under sections 361, 363, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-3 of the United States Bankruptcy Court Eastern District of Washington Local Rules ("LBR"), for interim and final orders authorizing the Debtor to use cash collateral in which Washington Trust Bank ("Washington Trust"), CHS

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH
COLLATERAL AND GRANTING ADEQUATE
PROTECTION – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**EXHIBIT D**

Capital, LLC ("CHS"),  Prudential Insurance Company of America ("Prudential"), Equitable Financial Life Insurance Company f/k/a AXA Equitable Life Insurance Company ("Equitable Financial"), LTM Investments LLC ("LTM Investments") (Washington Trust, CHS, Prudential, Equitable Financial and LTM Investments, collectively the "Cash Collateral Lenders"), J.R. Simplot Company ("Simplot"), Weyns Farms, LLC ("Weyns Farms"), and Sunray Farms, LLC ("Sunray Farms") (Simplot, Weyns Farms, and Sunray Farms, together with the Cash Collateral Lenders, the "Cash Collateral Parties") may assert an interest and granting adequate protection.

The Debtor has served notice of the Motion as is appropriate under the circumstances, as required under sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001(b), and LBR 4001-3.  The Office of U.S. Trustee has appointed the Official Committee of Unsecured Creditors (the "Committee") in the Debtor's case.

An emergency interim hearing on the Motion having been held by this court on February 11, 2021 and an interim order having been entered on February 12, 2021 [ECF No. 142].  A final hearing on the Motion having been held on March 23, 2021.  Upon the record made by the Debtor at such final hearing, after considering the Motion and the arguments and evidence presented, and after due deliberation and consideration and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, ORDERED AND ADJUDGED that:

1.    Disposition.  The Motion [ECF No. 91] is granted on a final basis on the terms set forth herein.  Any objections to the relief sought in the Motion, and any reservations of rights with respect to such relief, that have not been previously resolved or withdrawn are overruled on the merits.  This Final Order shall be valid, binding, and enforceable on all parties in interest and fully effective immediately upon entry.

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105118.5 20375/003

21-00141-WLH11    Doc 425    Filed 03/22/21    Entered 03/22/21 14:55:11    Pg 41 of 51

2. <u>Jurisdiction and Venue</u>. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. <u>No Waivers</u>. The Debtor makes no representation, warranty, acknowledgement or admission regarding whether it has (or does not have) any defenses, setoffs, counterclaims or recoupments that could be asserted against the Cash Collateral Parties, and the Debtor reserves all rights, claims and defenses with respect thereto. In addition, the Debtor make no representation, warranty, acknowledgement or admission with respect to the enforceability, perfection, priority, avoidability or validity of the security interests of the Cash Collateral Parties in the Debtor's assets, including cash collateral.

4. <u>Cause Shown</u>. Good cause has been shown for the entry of this Final Order.

5. <u>Business Justification</u>. The Debtor has a critical need to use cash collateral, in order to permit, among other things, preservation and maintenance of the Debtor's business operation and assets. The Debtor's access to sufficient working capital and liquidity through the use of cash collateral is vital to maximizing the value of the Debtor's estate.

6. <u>Fair and Reasonable Terms</u>. Based on the record presented to this court at the final hearing, the terms of use of the cash collateral are fair and reasonable and reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties.

7. <u>Authorization to Use Cash Collateral</u>. Subject to the terms of this Final Order, the Debtor is hereby authorized to use cash collateral, from the date hereof through the earliest of: (i) November 14, 2021; (ii) the effective date of a confirmed

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105118.5 20375/003

plan of reorganization in this chapter 11 case, (iii) the closing of a sale of substantially all assets of the Debtor; and (iv) the occurrence of an Event of Default (as defined below) by the Debtor under this Final Order (the "Budget Period"), or such other date as the Debtor, Washington Trust, and CHS may agree to in writing when, as and to the extent permitted under the budget attached hereto as **Exhibit 1**, or when, as and to the extent permitted by such other budget as the Debtor, Washington Trust, and CHS may agree to in writing from time to time (the "Budget"), provided that any such other budget shall be promptly provided, at least three (3) business days before going into effect, to the other Cash Collateral Parties and the Committee.

8. Disbursements Subject to Budget. The Debtor is only authorized to use cash collateral during the Budget Period in a manner consistent with the Budget; provided that, disbursements may occur earlier or later than the dates forecasted in the Budget so long as such disbursements occur during the Budget Period, including to fund or reserve amounts necessary to pay professional fees accrued to the extent set forth in the Budget.

9. Events of Default. The following shall constitute Events of Default under this Final Order:

(i) Failure to abide by any material term, covenant or condition approved by or incorporated into this Final Order;

(ii) Termination of the automatic stay with respect to any cash collateral;

(iii) Absent the prior written approval of Washington Trust and CHS, the Debtor's "Ending Cash" is lower than the Budget by more than 20% for the week ending week 2, the week ending week 4 and bi-weekly thereafter;

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105118.5 20375/003

(iv)    The Debtor fails to maintain adequate insurance covering the collateral;

(v)    Any of the collateral is converted by the Debtor, lost or stolen in any material amount due to a failure on the part of the Debtor to take reasonable precautions to protect the collateral from loss or waste, or not accounted for by the Debtor;

(vi)    The Debtor fails to timely deliver any reports required hereunder;

(vii)    Entry of an order converting the Debtor's case to a proceeding under Chapter 7; and

(viii)    Entry of an order dismissing Debtor's Chapter 11 Case.

10.    <u>Remedies Upon Default</u>.  Upon the occurrence of an Event of Default, any Cash Collateral Party may immediately, without notice or demand withdraw its consent for the use of cash collateral.  Nothing in this Order limits or otherwise impairs the ability of any Cash Collateral Party to seek relief from the automatic stay or other relief from the Court.

11.    <u>Reporting</u>.  The Debtor shall provide to the Cash Collateral Lenders and the Committee, without limitation, the following items:

(i)    Weekly, a cash flow report for all periods since the Petition Date, including a comparison of actual results to the projections set forth in the Budget; and

(ii)    Any other information that the Cash Collateral Lenders reasonably request.

The Debtor further agrees to permit representatives from Washington Trust and CHS to, upon reasonable prior notice, visit any of Debtor's properties during regular business hours to review and inspect any of their prepetition collateral together with any non-privileged books and records related thereto

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

12. <u>Adequate Protection</u>. The Cash Collateral Parties are entitled, pursuant to sections 361, 362(d) and 363(e) of the Bankruptcy Code, to adequate protection of their respective interests in the Debtor's property, for and equal in amount to the aggregate diminution in the value of the interests of the Cash Collateral Parties in the Debtor's property (including cash collateral) with the same validity (or invalidity), perfection (imperfection or avoidable perfection) and priority (or lack of priority) as exists as of the Petition Date (the "<u>Diminution in Value</u>") resulting from the use, sale or lease by the Debtor (or other decline in value) of the cash collateral and any other asset of the Debtor that is the subject of existing liens and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code. As adequate protection, the Cash Collateral Parties,[3] are hereby granted the following (subject to the same priorities that exist as among such prepetition secured creditors as of the Petition Date and subject in all cases to the Carve-Out (as defined below)):

(i) a continuing security interest in and lien on all collateral of the Debtor of the same type and nature that exists as of the Petition Date with the same validity (or invalidity), perfection (imperfection or avoidable perfection) and priority (or lack of priority) as exists as of the Petition Date, including the proceeds thereof (the "<u>Replacement Liens</u>"),

(ii) solely to the extent of any Diminution in Value, an additional and replacement security interest and lien on all property and assets of the Debtor's estate (the "<u>Adequate Protection Liens</u>"), provided however, that (a) such security interest and lien shall be junior to any existing, valid, senior, enforceable and unavoidable prior perfected security interests and liens, (b) in the event that the Debtor obtains postpetition financing in this chapter 11 case, such security

_____

[3] In connection with providing adequate protection to Prudential and Equitable, Debtor Farms has included the payment of rent and taxes related to applicable leaseholds in the Budget.

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

interest and lien may be junior to any valid, senior, enforceable security interests and liens granted to the postpetition lenders and authorized by this court in connection with such postpetition financing, provided, however, that each of the Cash Collateral Parties and the Committee reserves its right to object to such financing or to the granting of any such liens, and (c) such security interest and lien shall not attach to any claims, defenses, causes of action or rights of the Debtor arising under sections 542-553 of the Bankruptcy Code and applicable state fraudulent transfer law (including all proceeds thereof, the "Avoidance Actions"), and

(iii) solely to the extent of any Diminution in Value, to the extent provided by sections 503(b) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative claim in this chapter 11 case (the "Adequate Protection Claims"), provided however, that (a) the Adequate Protection Claim shall not be payable from Avoidance Actions and (b) in the event that the Debtor obtains postpetition financing in this chapter 11 case, such administrative claim, if any, may be junior to the administrative claim granted to such postpetition lenders and authorized by this court in connection with such postpetition financing.

The Replacement Liens and Adequate Protection Liens will be deemed to be perfected automatically upon entry of this Final Order, without the necessity of filing any UCC-1 financing statement, state or federal notice, mortgage or similar instrument or document in any state or public record or office and without the necessity of taking possession or control of any collateral.

13. Carve-Out. The "Carve-Out" for purposes herein means (x) professional fees and disbursements incurred by professional persons employed by the Debtor or the Committee (including any expenses of the members of the Committee) (collectively, "Professional Fees"), whenever allowed, up to the amounts incurred through the date of a Trigger Event (as defined below), (y) the aggregate sum of $250,000 on account of Professional Fees incurred from and after the occurrence of a

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105118.5 20375/003

21-00141-WLH11    Doc 425    Filed 03/22/21    Entered 03/22/21 14:55:11    Pg 46 of 51

Trigger Event, and (z) fees and charges assessed against the estate under 28 U.S.C. § 1930 and any fees payable to the clerk of the court. The "Trigger Event" for purposes herein means the delivery of a written notice to the Debtor's counsel and the Committee's counsel by a Cash Collateral Lender of the occurrence of an Event of Default under this Final Order.

14. <u>Funding of Segregated Account</u>. The amounts set forth in the Budget for the payment of Professional Fees may be deposited by the Debtor, at the times identified in the Budget, into a trust account of the Debtor's general bankruptcy counsel or other segregated account ("Segregated Account") for the intended purpose of subsequently paying such amounts on the later of (x) the due date, or (y) the date of their allowance by this court (or when otherwise authorized to be paid pursuant to a customary order of this court pursuant to section 331 of the Bankruptcy Code). The Replacement Lien, Adequate Protection Lien, and Adequate Protection Claim shall be subject and subordinate to the Carve-Out and all amounts deposited in the Segregated Account for the payment of Professional Fees.

15. <u>Section 552</u>. Each of the Cash Collateral Lenders is entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code and, except as to any issues or objections that may be raised by the Committee, the "equities of the case" exception will not apply. For the avoidance of doubt, this paragraph 15 is only applicable with respect to Debtor Easterday Farms and is not applicable to Debtor Easterday Ranches, Inc.

16. <u>Binding Effect; Successors and Assigns</u>. The provisions of this Final Order, including all findings herein, shall be binding upon all parties in interest in the chapter 11 case, including, without limitation, the Cash Collateral Parties, the Committee, and the Debtor, and their respective successors and assigns (including any

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

chapter 7 or chapter 11 trustee hereinafter appointed or elected for the Debtor's estate) and shall inure to the benefit of the Cash Collateral Parties, the Committee, and the Debtor, and their respective successors and assigns.

17. <u>Reservation of Rights</u>. The Debtor reserves all rights to seek other or additional use of cash collateral or debtor in possession financing on such further or different terms and conditions as may be approved by this court. Nothing in this Final Order may be construed as a consent to any such request by any Cash Collateral Party or the Committee, and the Cash Collateral Parties and the Committee reserve all rights to object to such requests.

18. <u>Effectiveness</u>. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Final Order as provided in such Rules.

//END OF ORDER//

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105118.5 20375/003

21-00141-WLH11   Doc 425   Filed 03/22/21   Entered 03/22/21 14:55:11   Pg 48 of 51

PRESENTED BY


_____
/s/
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP


RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
MAXIM B. LITVAK (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors*
*and Debtors in Possession*

FINAL ORDER AUTHORIZING DEBTOR
EASTERDAY FARMS TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105118.5 20375/003

# Exhibit 1

## Budget

DOCS_SF:105118.5 20375/003

# Easterday Farms
## Cash Collateral Budget
### 3/1/2021 - 10/31/2021

| ($000s) | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Total Mar-Oct'21 |
|---|--:|--:|--:|--:|--:|--:|--:|--:|--:|
| **Receipts** | | | | | | | | | |
| Wheat (2021 crop) | - | - | - | - | - | 5,083 | 5,083 | - | 10,166 |
| Feed (due from Ranches) | 3,092 | 1,393 | 746 | 219 | - | - | - | - | 5,450 |
| Excess Feed | - | - | - | - | 5,090 | - | - | - | 5,090 |
| Easterday Farms Produce | 285 | 1,968 | 2,052 | 2,566 | 2,052 | 2,566 | 1,763 | 897 | 14,148 |
| LW Potatoes | 1,300 | 2,350 | 2,350 | - | - | - | - | - | 6,000 |
| Lindsay Canyon sublease revenue | 2,830 | 146 | 146 | 146 | - | - | - | - | 3,267 |
| Total Receipts | $ 7,507 | $ 5,856 | $ 5,294 | $ 2,930 | $ 7,142 | $ 7,648 | $ 6,846 | $ 897 | $ 44,121 |
| **Operating Disbursements** | | | | | | | | | |
| Direct Expenses | | | | | | | | | |
| Utilities | 316 | 359 | 412 | 370 | 117 | 117 | 363 | 2 | 2,056 |
| Feed - 3rd Party (Consumed & Not Paid) | 1,126 | 232 | - | - | - | - | - | - | 1,358 |
| Fertilizer | 176 | 702 | 527 | - | - | - | - | - | 1,404 |
| Chemical | 72 | 274 | 200 | - | - | - | - | - | 546 |
| Custom Hire | - | - | - | - | - | 267 | 267 | - | 534 |
| Seed | 434 | - | - | - | - | - | - | - | 434 |
| Indirect Expenses | | | | | | | | | |
| Payroll | 455 | 477 | 361 | 349 | 439 | 304 | 106 | 12 | 2,502 |
| Fuel & Oil | 317 | 267 | 192 | 167 | 142 | 142 | 132 | 132 | 1,487 |
| Equipment Parts & Repairs | 179 | 179 | 104 | 54 | 54 | 54 | 54 | 54 | 730 |
| Freight | - | - | - | - | - | 208 | 208 | - | 416 |
| Irrig Parts/Repairs | 100 | 50 | 20 | - | 50 | 80 | - | - | 300 |
| Licenses & Permits | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 120 |
| Maintenance | 30 | 30 | 15 | 5 | 5 | 5 | 5 | 5 | 100 |
| Farm supplies | 10 | 10 | 10 | 10 | 10 | 10 | 10 | - | 70 |
| Soil Tests | - | 10 | - | - | - | - | - | - | 10 |
| Total Oper. Disb. Before RE & Leases | $ 3,228 | $ 2,605 | $ 1,855 | $ 969 | $ 831 | $ 1,201 | $ 1,159 | $ 219 | $ 12,067 |
| **Cash Flow Before RE & Leases** | **$ 4,279** | **$ 3,251** | **$ 3,439** | **$ 1,961** | **$ 6,311** | **$ 6,447** | **$ 5,687** | **$ 677** | **$ 32,053** |
| **Fixed Operating Disbursements** | | | | | | | | | |
| Real Estate Leases | 9 | 230 | 979 | 3 | 48 | 3 | 3 | - | 1,274 |
| Equipment Leases | 51 | - | - | 51 | - | - | 51 | - | 154 |
| Property Taxes | - | 157 | - | - | - | - | 157 | - | 314 |
| Total Fixed Oper. Disb | 60 | 387 | 979 | 54 | 48 | 3 | 211 | - | 1,741 |
| **Cash Flow From Operations** | **$ 4,219** | **$ 2,865** | **$ 2,460** | **$ 1,907** | **$ 6,263** | **$ 6,445** | **$ 5,476** | **$ 677** | **$ 30,312** |
| **Corporate Overhead** | | | | | | | | | |
| Taxes | 3 | 170 | 3 | 3 | 52 | 2 | 119 | 52 | 404 |
| Professional Services | 25 | 60 | 25 | 200 | 25 | - | - | - | 335 |
| Insurance | 31 | 31 | 31 | 36 | 36 | 36 | 46 | 36 | 279 |
| Payroll | 17 | 17 | 17 | 17 | 22 | 17 | 17 | 17 | 138 |
| Utilities | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 90 |
| Other Misc. | 64 | 64 | 64 | 64 | 64 | 64 | 64 | 64 | 510 |
| Total Corp. OH | 150 | 352 | 150 | 330 | 210 | 129 | 256 | 179 | 1,756 |
| **Restructuring Disbursements** | | | | | | | | | |
| Personnel Restructuring | 182 | 182 | 100 | 50 | 50 | - | - | - | 564 |
| Real Estate Pre-sale Costs | 500 | - | - | - | - | - | - | - | 500 |
| US Trustee and Misc. Reserve | - | 99 | - | - | 58 | - | - | 40 | 198 |
| Directors Fees | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 240 |
| D&O Insurance | 200 | - | - | - | - | - | - | - | 200 |
| Professional Fees - Debtor | 420 | 420 | 420 | 420 | 420 | 420 | 420 | 420 | 3,360 |
| Professional Fees - Committee | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 1,040 |
| Total Restructuring Disb. | $ 1,462 | $ 861 | $ 680 | $ 630 | $ 688 | $ 580 | $ 580 | $ 620 | $ 6,102 |
| **Total Disbursements** | **$ (4,900)** | **$ (4,205)** | **$ (3,664)** | **$ (1,982)** | **$ (1,778)** | **$ (1,913)** | **$ (2,206)** | **$ (1,019)** | **$ (21,667)** |
| **Cash On-Hand** | | | | | | | | | |
| Beginning Book Cash | 2,338 | 4,944 | 6,596 | 8,226 | 9,174 | 14,538 | 20,274 | 24,914 | 2,338 |
| Total Net Cash Flow | 2,606 | 1,652 | 1,630 | 948 | 5,365 | 5,735 | 4,640 | (122) | $ 22,454 |
| Ending Book Cash | $ 4,944 | $ 6,596 | $ 8,226 | $ 9,174 | $ 14,538 | $ 20,274 | $ 24,914 | $ 24,792 | $ 24,792 |