SAMUEL R. MAIZEL
(admitted *pro hac vice*)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300
Fax: (213) 623-9924
Email: samuel.maizel@dentons.com

SAM J. ALBERTS (WSBA #22255)
DENTONS US LLP
1900 K. Street, NW
Washington, DC 20006
Tel: (202) 496-7500
Fax: (202) 496-7756
Email: sam.alberts@dentons.com

*Proposed Counsel to the Official
Committee of Unsecured Creditors
of Easterday Ranches, Inc.*

HONORABLE WHITMAN L. HOLT

Hearing Date: March 23, 2021
Time: 10:00 a.m. (PST)
Location:
  **United States Bankruptcy Court**
  **Tower Building**
  **2nd Floor Courtroom**
  **402 East Yakima Avenue**
  **Yakima, Washington**
  Telephonic Access:
  Phone Number: 1-877-402-9757
  Conference Code: 7036041

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Chapter 11 |
| EASTERDAY RANCHES, INC., et al., | Lead Case No. 21-00141-11 (WLH) |
| Debtors.[1] | Jointly Administered |
| | **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EASTERDAY RANCHES, INC.'S OMNIBUS RESPONSE AND RESERVATION OF RIGHTS CONCERNING 1) USE OF CASH COLLATERAL AND 2) MOTIONS OF FEED SUPPLIERS FOR ADEQUATE PROTECTION** |
| | [Related Docket Nos. 12, 214, 273, 274, 275, 280, 282, 283, 285, 323, and 324] |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

**COMMITTEE'S OMNIBUS RESPONSE AND RESERVATION OF RIGHTS**

DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Phone: (202) 496-7500
Fax: (213) 496-7756

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

21-00141-WLH11  Doc 427  Filed 03/22/21  Entered 03/22/21 15:52:10  Pg 1 of 9

The Official Committee of Unsecured Creditors of Easterday Ranches, Inc. (the "Ranches Committee"), by and through its proposed undersigned counsel, hereby files this omnibus response and reservation of rights (the "Response") (i) to approval of the *Debtor's Emergency Motion For Interim And Final Orders Authorizing Debtor To Use Cash Collateral And Granting Adequate Protection; Memorandum Of Points And Authorities* [Docket No. 12] (the "Ranches Cash Collateral Motion")[2] filed by Easterday Ranches, Inc. ("Ranches" or the "Debtor"), and (ii) to requests seeking payment of adequate protection for feed supplied to Ranches (the "Adequate Protection Motions", and referred to along with the Ranches Cash Collateral Motion as the "Motions"), including but not limited to requests by Easterday Farms ("Farms", and together with Ranches, the "Debtors") as a creditor of Ranches,[3] as well as to Sunray Farms, LLC ("Sunray") [*see* Docket Nos. 275 and 280], Weyns Farms, LLC ("Weyns") [*see* Docket Nos. 273, 274, and 282], Brad Curtis Farms, LLC ("Curtis") [*see* Docket Nos. 283 and 285], and J.R. Simplot Company, d/b/a Simplot Western Stockmen's ("Simplot", and together with Sunray, Weyns, and Curtis, the "Third Party Feed Suppliers") [*see* Docket

---

[2] Although the Ranches Committee does not raise specific objections to the Easterday Farms proposed budget, it reserves the right to do so if it finds specific issues of concern.

[3] The Ranches Committee is informed and believes that Farms has already received payment for all of any alleged Washington statutory secret super-priority preparer liens, which the Ranches Committee believes is subject to avoidance or disallowance and as such, reserves the right to bring such actions or seek defenses to payment on account of them.

**COMMITTEE'S OMNIBUS RESPONSE AND RESERVATION OF RIGHTS**

DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Phone: (202) 496-7500
Fax: (213) 496-7756

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

Nos. 214, 323, and 324] absent further hearing on the validity and avoidability of any such liens, and respectfully states as follows:

1. Prior to filing this Response, the Ranches Committee worked diligently with the Debtors to address and resolve several concerns raised by the Ranches Committee about the cash collateral usage and related budget and issues about the Third Party Feed Suppliers' demand for adequate protection. Toward that end, the Debtors provided additional information requested by the Ranches Committee late last week, on Saturday, and held discussions up through today. Based on such information and communications, the Ranches Committee has agreed to limit its Response to the Motions at this time, and seeks to resolve its concerns consensually during what it avers should be a further two-week interim cash collateral period.

2. The Ranches Committee's concerns arise largely from the fact that notwithstanding efforts to gain a fulsome understanding of critical facts, several key facts remains unclear, including how, when, and where feed was delivered from both Farms and other feed suppliers, and how, when, and to what degree payments were made on account of such feed supplies and other alleged obligations. An understanding of such facts is critical to several important issues, including: 1) whether Ranches' prepetition payment of approximately $12 million in proceeds from the North Lot sale to Farms is subject to avoidance (and also to rendering payments to Farms on otherwise allowable claims subject to denial under § 502(d) of title 11 of the United States Code, §§ 101 *et*

**COMMITTEE'S OMNIBUS RESPONSE AND RESERVATION OF RIGHTS**

DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Phone: (202) 496-7500
Fax: (213) 496-7756

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

US_Active\116417125\V-3    21-30641-hcm    Doc 427    Filed 03/22/21    Entered 03/22/21 15:52:10    Pg 3 of 9

*seq.* (the "Bankruptcy Code")); 2) the extent to which postpetition payments from Ranches to Farms is on account of prepetition feed delivered by Farms or feed suppliers, which would be improper; and 3) whether any lien asserted by Farms or feed suppliers fall within the statutory requirements of applicable law and, if even otherwise valid, whether such lien may be avoided.

3. At bottom, answers to all of these questions are important to Ranches, as well as to Farms and other parties in interest. For example, if payments made by Ranches are avoidable, they may be recoverable by the Ranches estate, and such a recovery could have a significant impact on distributions to unsecured creditors of Ranches.

4. Moreover, other cash collateral issues remain unresolved, including the disparity of reporting periods between the Ranches and Farms budgets, which makes it difficult to (i) track the budgets, which should be reconciled before entry of any further order, and (ii) seek to reconcile the disparity between the Farms Committee's professional fees line item that total $130,000 per month for eight months ($1,040,000 in total), and the line item for the Ranches Committee, which in its entirety totals $130,000 for more than four months through June 30, 2020.[4]

---

[4] At minimum, it should be recognized that such line items do not operate as a cap on fees and that more equitable treatment may be revisited as necessary.

**COMMITTEE'S OMNIBUS RESPONSE AND RESERVATION OF RIGHTS**

DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Phone: (202) 496-7500
Fax: (213) 496-7756

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

5.      Importantly, the Ranches Committee does not seek to deprive the care and feeding of any cattle located at Ranches. However, it does seek to avoid payments that are unwarranted or that cannot be recovered if it is ultimately determined that Farms or other parties are not in a position to return such payments if other transfers are determined to be avoidable or subject to disallowance. As recognized by the Ninth Circuit Bankruptcy Appellate Panel, § 502(d) of the Bankruptcy Code may be a defense to an administrative claim in addition to prepetition claims. *See In re MicroAge, Inc.*, 291 B.R. 503, 508 (9th Cir. B.A.P. 2002) ("For the reasons discussed below, we believe that the better analysis is that § 502(d) may be raised in response to the allowance of an administrative claim.").

6.      The Ranches Committee is also concerned about making further payments from Ranches to Farms on account of feed and feed supplies that may have existed prepetition. In addition, to the extent that such payments have already been made by Ranches to Farms (or any other party) for feed and supplies regardless of when "delivered," no further payment should be made on account of it to avoid a double recovery.

7.      Lastly, absent further proof, it is unclear why Farms must receive further payment from Ranches at this time, whether for immediately delivered feed and supplies or as prepayments. The Farms cash collateral budget has total projected receipts of $44.121 million, of which only $5.45 million is to be payable from Ranches. Indeed,

**COMMITTEE'S OMNIBUS RESPONSE AND RESERVATION OF RIGHTS**

DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Phone: (202) 496-7500
Fax: (213) 496-7756

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

US_Active\116417125\V-3

21-30141-hcd    Doc 427    Filed 03/22/21    Entered 03/22/21 15:52:10    Pg 5 of 9

based upon the Farms' budget (third line item in receipts entitled "excess feed"), it does not appear that Farms must come out of pocket to provide feed to Ranches. The Bankruptcy Code does not require the Debtors to pay administrative expenses as they are incurred, and the decision regarding whether to restrict the payment of allowed administrative claims until the end of the case is left to the discretion of the Court. *In re Colortex Indus., Inc.*, 19 F.3d 1371,1384 (11th Cir. 1994) (holding that the bankruptcy court did not abuse its discretion by exercising its discretion to find that the debtor should not pay a creditor's administrative expenses in the middle of debtor's chapter 11 cases because there were other significant claims against the estate that held a potentially higher priority or importance in the case); *In re Glob. Home Prod.*, LLC, No. 06- 10340 KG, 2006 WL 3791955, at *3 (Bankr. D. Del. Dec. 21, 2006) (denying the creditor's request for immediate payment on account of its administrative expense claim); *In re Garden Ridge Corporation*, 323 B.R. 136 (Bankr. D. Del. 2005) (finding that timing of the payment of an administrative claim is within the discretion of the bankruptcy court); *In re Modern Metal Prod. Co.*, No. BKR 08 B 73908, 2009 WL 1362632, at *2 (Bankr. N.D. Ill. May 13, 2009) (same); *In re Bookbinders' Rest., Inc.*, No. BKY 06-12302ELF, 2006 WL 3858020, at *7 (Bankr. E.D. Pa. Dec. 28, 2006) (same). In exercising this discretion, courts have adopted a three-factor test to determine whether to require payment of administrative claims upon request: (a) the prejudice to the debtors in making an early payment; (b) the hardship to the claimant in waiting for payment; and (c) the

**COMMITTEE'S OMNIBUS RESPONSE AND RESERVATION OF RIGHTS**

DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Phone: (202) 496-7500
Fax: (213) 496-7756

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

potential detriment to other creditors that could result from an early payment. *See Garden Ridge*, 323 B.R. at 143; *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002); *Modern Metal Prod. Co.*, 2009 WL 1362632, at *2. This delay is especially justified here given the long-standing and, at minimum, insider relationship of Farms and Ranches who, based upon information and belief, operated without written contracts—and where legitimate issues exist as to one or more potential avoidable transfers.

8. Finally, the issue of the Third Party Feed Suppliers' request for adequate protection can be resolved in the immediate instance by escrowing the disputed amounts. This will provide adequate protection until the issue of lien rights and issues of avoidance may be properly addressed.

## **FURTHER RESERVATION OF RIGHTS**

The Committee expressly reserves all rights, claims, arguments, defenses, and remedies with respect to the Motions, or any other issues in these Chapter 11 cases, and to supplement, modify, and amend this Response, to seek discovery, and to raise additional concerns or objections in writing or orally at the final hearing on the Motions. The Committee further reserves the right to object to a proposed budget and postpetition payments to insiders as these Chapter 11 cases progress.

WHEREFORE, the Committee respectfully requests that this Court: 1) grant the pending cash collateral request on a two-week interim basis only; 2) resolve the Third

**COMMITTEE'S OMNIBUS RESPONSE AND RESERVATION OF RIGHTS**

DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Phone: (202) 496-7500
Fax: (213) 496-7756

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

Party Feed Suppliers' requests for adequate protection on an interim basis by allowing amounts alleged as owed to be held in escrow pending further determination; 3) grant all relief consistent with the position of the Ranches Committee noted above; and 4) grant all further relief as this Court deems just and proper.

DATED this 22nd day of March, 2021.

          DENTONS US LLP

By /s/ *Sam J. Alberts*
Samuel R. Maizel (admitted *pro hac vice*)
Sam J. Alberts (WSBA #22255)
Sarah M. Schrag (admitted *pro hac vice*)
David F. Cook (admitted *pro hac vice*)

*Proposed Counsel to the Official
Committee of Unsecured Creditors
of Easterday Ranches, Inc.*

**COMMITTEE'S OMNIBUS RESPONSE
AND RESERVATION OF RIGHTS**

DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Phone: (202) 496-7500
Fax: (213) 496-7756

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924

# CERTIFICATE OF SERVICE

I certify that on March 22, 2021, I caused the foregoing to be electronically filed with the Clerk of the Bankruptcy Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF system in this case. The Notice of Electronic Filing for the foregoing identifies all recipients.

By    /s/ *Sam J. Alberts*
Sam J. Alberts, WSBA #22255

**COMMITTEE'S OMNIBUS RESPONSE AND RESERVATION OF RIGHTS**

DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Phone: (202) 496-7500
Fax: (213) 496-7756

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Phone: (213) 623-9300
Fax: (213) 623-9924