Alan D. Smith  (WSBA 24964)
Bradley A. Cosman  (*pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue
Seattle, WA  98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
E-mail:  ADSmith@perkinscoie.com
          BCosman@perkinscoie.com

*Attorneys for Tyson Fresh Meats, Inc.*

HON. WHITMAN L. HOLT

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>EASTERDAY RANCHES, INC., and EASTERDAY FARMS<br><br>Debtors. | Chapter 11<br><br>Lead Case No.  21-00141 WLH11<br>Jointly Administered<br><br>**TYSON'S STATEMENT OF POSITION REGARDING CASH COLLATERAL MOTIONS** |

Tyson Fresh Meats, Inc. ("**Tyson**") respectfully submits this statement of position with respect to final approval of cash collateral and the proposed cash collateral Budgets as attached to the *Supplemental Declaration of T. Scott Avila in Support of Debtors' Omnibus Reply in Support of Cash Collateral Motions* ("**Avila Supplemental Declaration**") [Doc 414].

First—notwithstanding anything in the Cash Collateral Motions or supporting documents to the contrary—Tyson advances may only be used to pay postpetition feed suppliers and other Tyson-approved cattle-related expenses that are in accordance with the Ranches Budget (attached as Exhibit A to the Avila Supplemental Declaration) and in accordance with the Court-approved Cattle Term Sheet and Settlement Term Sheet.[1] As noted in the Debtors' Omnibus Response, the Debtors

---

[1] Capitalized terms not otherwise defined in this statement of position retain the definition given to them in the *Debtors' Omnibus Reply in Support of Cash Collateral Motions* ("**Debtors' Omnibus Response**") [Doc 297].

1

must hold and reserve any portion of the Tyson advances that is not used to pay for postpetition deliveries of feed and feed-related items pending an analysis of the feed on hand on the petition date, presumably the feed delivered prepetition by third parties. Failure to use the Tyson advances for those purposes would violate the terms of the Cattle Term Sheet and the Settlement Term Sheet.

Second, Tyson has serious reservations regarding Farms' Wheat Plan. Tyson is not convinced that the Wheat Plan is necessary or appropriate to maximize the value the Debtors receive from sale of their real properties. Notwithstanding, Tyson understands the Wheat Plan is to be funded entirely from the Farms Budget and Farms' cash collateral. If, as it appears, the Wheat Plan relies exclusively on Farms' cash collateral and not on Ranches' cash (whether or not it is cash collateral), Tyson takes no position with respect to the Wheat Plan. However, if any portion of the Tyson advances or cash collateral from the Ranches' estate is used to fund the Wheat Plan, Tyson objects to such use.

Dated: March 22, 2021.

Respectfully submitted,

/s/ Alan D. Smith
Alan D. Smith, WSBA No. 24964
ADSmith@perkinscoie.com
Bradley A. Cosman (*pro hac vice*)
BCosman@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
*Attorneys for Tyson Fresh Meats, Inc.*