1  TREVOR R. PINCOCK
   WSBA #36818
2  JED W. MORRIS
   WSBA #13832
3  LUKINS & ANNIS, P.S.
   1600 Washington Trust Financial Center
4  717 W Sprague Ave
   Spokane, WA  99201-0466
5  Telephone: (509) 455-9555
   Facsimile: (509) 747-2323
6
   Attorneys for Creditor
7  Washington Trust Bank

8              UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF WASHINGTON
9
   In Re:                              | Chapter 11
10
   EASTERDAY RANCHES, INC., *et al,*   | Lead Case No. 21-00141-WLH11
11                                     | Jointly Administered
                          Debtors.[1]  |
12                                     | **WASHINGTON TRUST BANK'S
                                       | OBJECTION TO THE PROPOSED
13                                     | *REVISED* FINAL ORDER
                                       | AUTHORIZING DEBTOR
14                                     | EASTERDAY FARMS TO USE
                                       | CASH COLLATERAL AND
15                                     | GRANTING ADEQUATE
                                       | PROTECTION**
16

17
                     I.  **INTRODUCTION**
18

19        Washington Trust Bank ("Washington Trust"), by and through its attorneys

20 Trevor R. Pincock and Jed W. Morris of Lukins & Annis, P.S., objects to the

21 proposed Final Order Authorizing Debtor Easterday Farms to Use Cash Collateral

22

23 and Granting Adequate Protection (the "Final Order").

24

25 [1] The Debtors along with their case numbers are as follows: Easterday Ranches,
26 Inc., (21-00141-WLH11) ("Ranches") and Easterday Farms, a Washington general
   partnership (21-00176-WLH) ("Farms").

**WASHINGTON TRUST BANK'S OBJECTION
TO THE PROPOSED *REVISED* FINAL ORDER
AUTHORIZING DEBTOR EASTERDAY
FARMS TO USE CASH COLLATERAL AND
GRANTING ADEQUATE PROTECTION: 1**

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

## II. OBJECTIONS

1.    Washington Trust does not consent and objects to the proposed Final Order's provisions for a Carve-Out and segregated account for professional fees.

The Bankruptcy Code does not provide any basis for the proposed Carve-Out or segregated account for professional fees contemplated in the Final Order over a secured creditor's objection. These provisions in the Final Order are an improper attempt to subordinate Washington Trust's secured claim to the fees of the Debtor's professionals.

In an effort to convince the Court that a Carve-Out and/or segregated account is appropriate, Debtor asserts that there is sufficient adequate protection in the form of an equity cushion in certain real property in which it has an ownership interest. Debtor provided a real estate appraisal for a storage complex it owns (the "Storage Complex"). Debtor also provided an appraisal for farm ground known as the "Cox Farm" in which it only owns 7.1 percent; Easterday Ranches, Inc. owns 66.1 percent; and the remaining 26.8 percent interest is owned by several non-debtor individuals.

With respect to the Cox Farm, based on the multiple ownership interests (most notably the 26.8 percent ownership by several non-debtor individuals) a suggestion that the Cox Farm can be sold to provide adequate protection is

**WASHINGTON TRUST BANK'S OBJECTION TO THE PROPOSED *REVISED* FINAL ORDER AUTHORIZING DEBTOR EASTERDAY FARMS TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION: 2**

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

speculative at best. Debtor has not provided any evidence that the several non-debtor individuals will agree to sell the Cox Farm. As a result, equity in the Cox Farm does not provide any adequate protection to Washington Trust.

Therefore, equity in the Storage Complex is the only asset available in which the Debtor can provide adequate protection for Washington Trust's $45 million claim. The Debtor asserts that there is a $14.1 million equity cushion in the Storage Complex, which is based on an assumption that the appraisal is accurate and that the property will actually sell for that amount. This equity cushion does not account for selling costs, which are estimated at 10 percent and reduces the equity to approximately $12,600,000.00.

Washington Trust does not believe that a $12.6 million equity cushion is sufficient adequate protection under the circumstances.

Washington Trust has no confidence in the budget numbers provided by Debtor's management team. Paladin has repeatedly revised the budget numbers without explanation or justification and told Washington Trust that the budget numbers are guesses. See Declaration of Claire M. Baker, ¶¶ 4, 5. Based on the best information that Washington Trust has available, the net diminution in value of the bank's collateral, including the loss of the Ranches feed payments, is

**WASHINGTON TRUST BANK'S OBJECTION TO THE PROPOSED *REVISED* FINAL ORDER AUTHORIZING DEBTOR EASTERDAY FARMS TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION: 3**

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

approximately $21,000,000, for which Debtor is offering approximately

$12,600,000 in equity in the Storage Complex as adequate protection. Id. at ¶ 14.

In addition to the uncertainty regarding the proposed budget and diminution

of Washington Trust's collateral, in the event Debtor needs or seeks DIP financing

the Storage Facility is the only asset Debtor has in which it can provide security for

a DIP loan[2]. Therefore, any available equity in the Storage Complex must be

reduced by the amount of an anticipated DIP loan.

Any equity cushion in the Storage Complex is further eroded by the

possibility that there is not as much cash collateral available as anticipated. For

example, the Unsecured Creditors Committee for Easterday Ranches, Inc. filed an

Omnibus Response (Doc 427) stating that Ranches should not make $5.450 million

in payments to Farms for feed. If Ranches prevails on this argument, there will be

less cash collateral available to fund the Wheat Plan and farm operation and the

necessity of DIP financing in an increased amount will become more likely,

thereby reducing any equity cushion in the Storage Complex.

For these same reasons, Washington Trust objects to the proposed Final

Order's provision to provide an additional deposit of $250,000 for Professional

Fees in the event of default on the final cash collateral order.

---

[2] The Second Supplement to Debtors' Omnibus Reply in Support of Cash Collateral Motions (Doc 428) states that Debtor is continuing to review its funding options, including the possibility of debtor in possession financing if necessary, ...

**WASHINGTON TRUST BANK'S OBJECTION TO THE PROPOSED *REVISED* FINAL ORDER AUTHORIZING DEBTOR EASTERDAY FARMS TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION: 4**

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

Based on the forgoing, a Carve-out or segregated account of professional fees is not appropriate.

2.     Washington Trust also objects to the proposed budget's disbursement for "Real Estate Pre-Sale Costs" to the extent these costs are not related to real estate owned by Farms.

Upon information and belief, the $500,000 disbursement for "Real Estate Pre-Sale Costs" includes costs associated with selling real estate owned by Easterday Ranches, Inc.  Washington Trust's cash collateral should not be used to pay administrative expenses associated with selling property owned by Ranches unless the Final Order provides: 1) for an allocation and reimbursement to Farms of any and all Farms' funds used to pay Ranches administrative expenses, and 2) that Ranches provides Washington Trust with adequate protection in the form of a lien or security interests in its assets and property.  Adequate protection in Ranches' assets and property is appropriate if Farms' funds are being used to protect Ranches' assets and property.

3.     Based on the Ranches' Unsecured Creditors Committee's assertion in its Omnibus Response that Ranches should make no further payments to Farms for

**WASHINGTON TRUST BANK'S OBJECTION TO THE PROPOSED *REVISED* FINAL ORDER AUTHORIZING DEBTOR EASTERDAY FARMS TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**: 5

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

feed, Washington Trust objects to the budget's proposed operating disbursement of $1.358 million for Feed – 3rd Party (Consumed & Not Paid). Washington Trust understands that these are payments to third parties for feed that was ultimately delivered to Ranches and for which said third-parties asserted statutory liens against Ranches. These appear to be payments that Ranches should ultimately be responsible to pay, and it's unclear why Farms is paying for these Ranches expenses.

As set forth above, Washington Trust's cash collateral should not be used to pay Ranches' administrative expenses unless the Final Order provides: 1) for an allocation and reimbursement to Farms of any and all Farms' funds used to pay Ranches administrative expenses, and 2) that Ranches provides Washington Trust with adequate protection in the form of a lien or security interests in its assets and property.

4.　　　Washington Trust objects to disbursements for Real Estate Lease payments of $230,000 in April and $979,000 in May. Debtor has not explained the $230,000 expense in April so Washington Trust objects on the basis that this is not a justified business expense. As for the $979,000 lease payment in May, upon information provided by Debtor this payment is payment on an oral lease with

**WASHINGTON TRUST BANK'S OBJECTION TO THE PROPOSED *REVISED* FINAL ORDER AUTHORIZING DEBTOR EASTERDAY FARMS TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**: 6

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1 Easterday Dairy. Debtor has not provided evidence satisfactory to Washington

2 Trust that this is a justified business expense.

3

4      In order to resolve this objection for the time being, Debtor has agreed to

5 insert language into a Final Order substantially in the following form:

6 Notwithstanding anything to the contrary herein or in the Budget, the payments for

7

8 Real Estate Leases set forth in the Budget for April and May 2021 shall not be

9 made by the Debtor absent written consent of Washington Trust or by court order.

10
      In the event language substantially in that form is inserted into a Final Order,
11

12 Washington Trust's objection on this disbursement will be tentatively resolved and

13 it will reserve its objection on this disbursement.

14
      DATED this 23rd day of March, 2021.
15

16                                LUKINS & ANNIS, P.S.

17

18                                By s/Trevor R. Pincock
                                     TREVOR R. PINCOCK
19                                   WSBA #36818
                                     JED W. MORRIS
20                                   WSBA #13832
                                     Attorneys for Washington Trust
21                                   Bank

22

23

24

25

26

**WASHINGTON TRUST BANK'S OBJECTION TO THE PROPOSED *REVISED* FINAL ORDER AUTHORIZING DEBTOR EASTERDAY FARMS TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION: 7**

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323