TREVOR R. PINCOCK
WSBA #36818
JED W. MORRIS
WSBA #13832
LUKINS & ANNIS, P.S.
1600 Washington Trust Financial Center
717 W Sprague Ave
Spokane, WA 99201-0466
Telephone: (509) 455-9555
Facsimile: (509) 747-2323

Chapter 11

Attorneys for Creditor
Washington Trust Bank

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In Re: | Chapter 11 |
|---|---|
| EASTERDAY RANCHES, INC., | Lead Case No. 21-00141-WLH11 |
| Debtors[1]. | Jointly Administered |
| | **DECLARATION OF CLAIRE M. BAKER IN SUPPORT OF WASHINGTON TRUST BANK'S OBJECTION TO REVISED FINAL ORDER AUTHORIZING DEBTOR EASTERDAY FARMS TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION** |

I, Claire M. Baker, hereby make the following declaration:

1. I am over the age of eighteen, competent to testify as to the matters set forth herein, and I make this declaration based upon my own personal knowledge.

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141-WLH11) ("Ranches") and Easterday Farms, a Washington general partnership (21-00176-WLH) ("Farms").

**DECLARATION OF CLAIRE M. BAKER: 1**

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

2. I am Vice President Special Assets Team Lead at Washington Trust Bank. I have been on the Special Assets Team at Washington Trust for 11 years.

3. Since before and after the continuance of the March 8th hearing on a final cash collateral order, I have been engaged in numerous telephone calls with representatives of Paladin Management regarding a budget for Debtor Easterday Farms ("Farms").

4. During telephone calls I have been told numerous times by Paladin representatives that their line items for receipts and disbursement in the proposed budgets are "guesses" or "in the ballpark," or that they are "spit balling." As a result, I have no confidence in the figures set forth in the proposed budget.

5. For instance, during a phone call on March 15 I raised a concern about expected receipts from Washington Trust's collateral. In response to my concern, on March 18 Paladin provided me with a revised budget that reported approximately $7 million more in receipts from collateral compared to the March 15 budget. I questioned where the additional collateral or proceeds came from and was told that nothing in the budget is exact, but upon further review it appeared there was more collateral than initially estimated.

6. On March 15 I also questioned Paladin representatives about a proposed disbursement for "Feed – 3rd Party (Consumed & Not Paid)" because

**DECLARATION OF CLAIRE M. BAKER**: 2

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

this appeared to be an expense for Debtor Easteday Ranches, not Farms. Paladin representatives could not explain how it was calculated, but said they were told they had to pay it because they filed liens. When Paladin provided me a revised budget on March 18, the amount was reduced by $500,000 because Paladin representatives now thought there was less feed than originally estimated.

7. When I questioned the March 15 budget's disbursement to pay $875,000 for "Real Estate Leases" I was told it was for storage, but it might not need to be paid if the stored crop was removed before the payment became due. I requested supporting documentation regarding the terms of the lease and was later told that the payment amount and date are based on an oral lease with Easterday Dairy, but was never provided a justifiable reason for the proposed date or amount of the disbursement.

8. In recent conversations, Paladin representatives requested Washington Trust to provide some DIP financing on the cash collateral Wheat Plan presented, in case there were timing issues with the receipt of funds. In response to a question earlier in the day about a budget expense, Paladin responded at 7:20 p.m. on March 22 that they appear to have secured other DIP financing and were no longer paying the storage fee I questioned.

**DECLARATION OF CLAIRE M. BAKER: 3**

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

9. Since the outset of this case Washington Trust has received multiple versions of a budget extending from full crop production using DIP financing, to a 25,000 acres all wheat plan requiring an additional $16 million to fund, to a cash collateral plan for 12,000 acres with a smaller DIP financing request, to learning that Debtor will obtain DIP financing elsewhere. The wide swing in budgets and financing needs, Paladin's inability to timely or thoroughly answer questions regarding line items, and the changes in use of cash collateral have made it nearly impossible to understand or agree to a budget.

10. On or about January 27, 2021, Washington Trust received from Easterday Farms a crop inventory report and based on that inventory report Washington Trust determined that the value of the crops and feed at that time was approximately $40,780,289.00, plus accounts receivable.

11. Based on the most recent budget provided by the Debtor, the ending cash collateral is $24,792,000.00$^2$.

12. The Debtor proposes adequate protection in the form of two parcels of real estate. They claim $14.1 million in equity in the Storage Complex, but that doesn't account for costs of sale, which are estimated to be 10 percent, leaving net

---

[2] The ending cash collateral may be reduced by an additional $5,450,000.00 if the Ranches unsecured creditors committee prevails on an argument that Ranches should no longer pay Farms for feed.

**DECLARATION OF CLAIRE M. BAKER: 4**

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

equity of approximately $12,600,000.00. Washington Trust places no value on the Cox Farm because the Debtor only has a minor fractional interest in that property and has no way to sell it without authority from several non-debtor individuals.

13. Based on the forgoing, the adequate protection proposed by the Debtor is insufficient to protect the diminution in value of Washington Trust's collateral.

14. In summary getting information from Paladin regarding the cash collateral budget has been a significant challenge. The receipt and disbursement figures they provide change with little or no explanation or supporting documentation. Based on the best information that Washington Trust has available, the net diminution in value of the bank's collateral, including the loss of the Ranches feed payments, is approximately $21,000,000, for which Debtor is offering approximately $12,000,000 in equity in the Storage Complex as adequate protection.

//

//

//

//

//

**DECLARATION OF CLAIRE M. BAKER: 5**

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

I hereby declare under penalty of perjury of the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge and belief.

EXECUTED this 23rd day of March, 2021, at Spokane, Washington.

_____
CLAIRE M. BAKER

**DECLARATION OF CLAIRE M. BAKER**: 6

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

21-00141-WLH11    Doc 433    Filed 03/23/21    Entered 03/23/21 08:57:09    Pg 6 of 6