**So Ordered.**

**Dated: March 25th, 2021**

_Whitman L. Holt_
_Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC., et al.,[1]<br><br>Debtors. | No. 21-00141-WLH11<br><br>**ORDER AUTHORIZING AND APPROVING THE STIPULATION WITH RESPECT TO LAMB WESTON POTATO AGREEMENTS** |

This matter having come before the ~~C~~court on the Motion of Debtor Easterday Farms for the Entry of an Order Authorizing and Approving the Stipulation with Respect to Lamb Weston Potato Agreements, filed on March 12, 2021 (the "Motion")[2] for the entry of an order, pursuant to sections 363(b), 363(f) and 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141-WLH11) and Easterday Farms, a Washington general partnership (21-00176-WLH11).

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

ORDER AUTHORIZING AND APPROVING THE
STIPULATION WITH RESPECT TO LAMB
WESTON POTATO AGREEMENTS – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Procedure ("Bankruptcy Rule") 6004, to approve that certain *Stipulation With Respect To Lamb Weston Potato Agreements* (the "Stipulation") between debtor and debtor in possession Easteray Farms (the "Debtor") and Lamb Weston, Inc. ("Lamb Weston"). The ~~C~~court, having reviewed the Motion, the Stipulation, and the Declaration of Peter Richter filed in support of the Motion, and in consideration of the arguments of counsel at the hearing on the Motion and the record and files herein, finds cause exists to grant the relief requested in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion [Docket No. 361] is **GRANTED**.

2. The Stipulation is attached hereto as Exhibit 1 and the terms therein are hereby approved.

3. The Debtor is hereby authorized to honor the terms and conditions of the Stipulation. The Debtor is hereby authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order.

4. The Potato Agreements, as defined in the Stipulation and the Motion, shall be deemed rejected as of the Effective Date, as defined in the Stipulation.

5. Nothing contained herein or in the Stipulation shall be considered a determination of a party's lien rights, it being understood that all such rights, if any, shall attach to the proceeds of the sale of the Debtor's 2020 Potatoes, as defined in the Stipulation, to the same extent, validity and priority as existed pre-petition. Notwithstanding the foregoing, Debtors shall be entitled to utilize such proceeds as provided for in the ~~C~~court's cash collateral orders and any other applicable orders.

ORDER AUTHORIZING AND APPROVING THE STIPULATION WITH RESPECT TO LAMB WESTON POTATO AGREEMENTS – Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec23ms0144

21-00141-WLH11    Doc 476    Filed 03/26/21    Entered 03/26/21 12:00:45    Pg 2 of 13

6. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules of the United States Bankruptcy Court for the Eastern District of Washington to the contrary, this order shall be effective upon entry.

7. The stay imposed pursuant to Federal Rule 6004(h) is waived.

8. The Debtor will keep clear records of the proceeds from the sale.

9. The ~~C~~court shall retain jurisdiction and power to hear and determine all matters arising from or related to the implementation of this order or the Stipulation.

/// END OF ORDER ///

PRESENTED BY:


/s/ Thomas A. Buford
THOMAS A. BUFORD, III (WSBA 52969)
RICHARD B. KEETON (WSBA 51537)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
JASON H. ROSELL (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Proposed Attorneys for Debtors and Debtors in Possession*

\* Changes made by court

ORDER AUTHORIZING AND APPROVING THE STIPULATION WITH RESPECT TO LAMB WESTON POTATO AGREEMENTS – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec23ms0144

21-00141-WLH11    Doc 476    Filed 03/26/21    Entered 03/26/21 12:00:45    Pg 3 of 13

# **EXHIBIT 1**

# **Stipulation**

# STIPULATION WITH RESPECT TO LAMB WESTON POTATO AGREEMENTS

This STIPULATION WITH RESPECT TO LAMB WESTON POTATO AGREEMENTS (this "Stipulation") is made as of this 11th day of March, 2021, between and among (i) EASTERDAY FARMS, a Washington general partnership ("Easterday Farms" or "Debtor") and (ii) LAMB WESTON, INC., a Delaware corporation ("Lamb Weston");.

## RECITALS

WHEREAS, on February 1, 2021, Easterday Ranches, Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing Case No. 21-00141-WLH (the "Easterday Ranches Bankruptcy Case") in the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court"); and

WHEREAS, on February 8, 2021, Easterday Farms filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing Case No. 21-00176-WLH (the "Easterday Farms Bankruptcy Case") in the Bankruptcy Court; and

WHEREAS, the Easterday Ranches Bankruptcy Case and the Easterday Farms Bankruptcy Case are being jointly administered under the Easterday Ranches Bankruptcy Case (Case No. 21-00141-WLH) (the "Bankruptcy Case"); and

WHEREAS, Easterday Farms and Conagra Foods Lamb Weston, Inc. (n/k/a Lamb Weston) are parties to that Potato Supply Agreement (Multi-Year) dated February 14, 2011 (the "Original Agreement"), as subsequently amended from time to time, including but not limited to that certain Amendment to Multi-Year Potato Supply Agreement dated on or around December, 2017 (the "Amendment," and, collectively with the Original Agreement, the "Multi-Year Agreement"); and

WHEREAS, Easterday Farms and Lamb Weston are parties to that Potato Purchase Agreement dated June 3, 2020 (the "2020 Agreement," and collectively with the Multi-Year Agreement, the "Potato Agreements"); and

WHEREAS, Easterday Farms has made the decision that it wishes to reject the Potato Agreements; and

WHEREAS, given the Easterday Farms Bankruptcy Case, the parties wish to reach a satisfactory agreement to provide certainty to one another with respect to their intentions as to the 2020 potato crop, the 2021 growing season, and the Potato Agreements more generally, in light of the Debtor's anticipated rejection of the Potato Agreements.

NOW, THEREFORE, in consideration of the mutual covenants and conditions set forth herein, the Parties agree as follows:

# AGREEMENT

1. **DEFINITIONS**

In addition to terms defined elsewhere in this Stipulation, certain capitalized terms used in this Stipulation are defined as follows.

1.1 "Annual Contract" means Annual Contract as defined in the Original Agreement.

1.2 "Debtor's 2020 Potatoes" means approximately 42,500 tons of potatoes from Debtor's 2020 crop in Debtor's possession as of the Petition Date, being stored at the locations identified at Exhibit 1.2 hereto.

1.3 "Debtors" means Easterday Ranches, Inc. and Easterday Farms.

1.4 "Effective Date" means the date that the Approval Order has been entered and becomes a final order not subject to appeal, stay, or reconsideration.

1.5 "Initial Payment" means Lamb Weston's first post-petition payment to Debtor in the amount of $1,311,639.77.

1.6 "Parties" means Debtor and Lamb Weston.

1.7 "Petition Date" means February 8, 2021.

1.8 "Prepetition Payments" means all payments of Lamb Weston to Debtor made prior to the Petition Date for any potatoes from the 2020 crop season raised by Debtor or Weyns.

1.9 "Weyns" means Weyns Farms, LLC, a Washington limited liability company.

1.10 "Weyns' 2020 Potatoes" means approximately 22,000 tons of potatoes from Weyns 2020 crop in Weyns' possession as of the Petition Date, being stored at the locations identified at Exhibit 1.10 hereto.

2. **DEBTOR'S REPRESENTATIONS.**

Debtor represents as follows:

2.1 As of the Petition Date, it had possession and ownership of Debtor's 2020 Potatoes at the locations identified in Exhibit 1.2, which are identified to the Agreements.

2.2 It wishes to sell Debtor's 2020 Potatoes to Lamb Weston substantially in accordance with the terms of the Potato Agreements except as modified herein.

2.3 It does not intend to perform its material obligations under the Multi-Year Agreement with respect its 2021 potato crop or any subsequent years.

STIPULATION WITH RESPECT TO LAMB WESTON POTATO AGREEMENTS - 2

2.4     It owns, or may own, approximately 6,100 tons of potatoes from its 2020 crop year not subject to the Potato Agreements (the "Overage Potatoes").

**3. LAMB WESTON'S REPRESENTATIONS.**

Lamb Weston represents as follows:

3.1     It wishes to purchase Debtor's 2020 Potatoes.

3.2     It believes the Debtor's 2020 Potatoes have been identified to the Potato Agreements.

**4. [INTENTIONALLY OMITTED.]**

**5. PARTIES' COVENANTS WITH RESPECT TO POTATOES SUBJECT TO THE POTATO AGREEMENTS RAISED DURING THE 2020 CROP SEASON.**

The Parties covenant and agree as follows with respect to potatoes subject to the Potato Agreements raised during the 2020 crop season.

5.1     From and after the Petition Date through the March 4, 2021, Lamb Weston has taken delivery of approximately 12,621 tons of Debtor's 2020 Potatoes. Lamb Weston has not made any postpetition payments for such potatoes.

5.2     Notwithstanding Section 6.2 hereof, Debtor agrees to sell Debtor's 2020 Potatoes to Lamb Weston free and clear of liens and security interests substantially in accordance with the terms of the Potato Agreements. Without limitation, the pricing and settlement methodology set forth in the Potato Agreements shall control as if the Potato Agreements had been assumed with respect to Debtor's 2020 potato crop. Notwithstanding the foregoing, the Potato Agreements shall be deemed to have been modified pursuant to the terms of Exhibit 5.2 hereof.

5.3     Debtor releases and waives all of its rights as to the Weyns 2020 Potatoes.

5.4     From and after the Petition Date, Lamb Weston has not taken delivery of any Weyns 2020 Potatoes.

5.5     If the Effective Date never occurs, the Initial Payment shall be applied to Lamb Weston's post-petition obligations to Debtor for the potatoes identified in Section 5.1 of this Stipulation.

5.6     Lamb Weston shall have the option of purchasing the Overage Potatoes on the same terms provided for in this Stipulation as to Debtor's 2020 Potatoes.

5.7     Lamb Weston shall have an option, exercisable no later than seven (7) days from entry of the Approval Order, as hereinafter defined, to purchase the Overage Potatoes (the "Lamb Weston Overage Option"). To the extent Lamb Weston timely exercises the Lamb

Weston Overage Option, the term "Debtor's 2020 Potatoes" as used herein shall be deemed to include the Overage Potatoes.

**6. PARTIES' COVENANTS WITH RESPECT TO THE POTATO AGREEMENTS, OTHER THAN THE POTATOES RAISED DURING THE 2020 CROP SEASON.**

6.1 Debtor shall not be growing potatoes under the Potato Agreements during the 2021 crop season, or during any crop season thereafter.

6.2 Upon the Effective Date, the Potato Agreements shall be deemed rejected. Nonetheless, as provided in Section 5.2 hereof, the Parties' obligations with respect to Debtor's 2020 Potatoes only shall be as if the Potato Agreements had been assumed, subject to Exhibit 5.2.

6.3 Debtor has no objection to Lamb Weston and Weyns reaching agreements between themselves with respect to the 2021 crop season and all subsequent crop seasons. Debtor disclaims any interest in such contracts so long as Weyns does not utilize any assets of Debtor's bankruptcy estate in performing under such contracts, except in accordance with subsequent enforceable agreements reached between Debtor and Weyns.

**7. RESERVATION OF RIGHTS.**

The Parties reserve all of their rights except as expressly stated herein. Without limitation,

7.1 Lamb Weston reserves its rights to assert any unsecured prepetition claims it may have for Debtor's rejection of the Potato Agreements; provided however that Lamb Weston agrees that these portions of any such claim shall not be allowable if Debtor performs its obligations under this Stipulation: (1) damages in respect of the 2020 crop season and prior years; and (2) damages as to that portion of the Potato Agreements that the parties reasonably anticipated would have been performed by Weyns.

7.2 Lamb Weston hereby waives and releases any administrative expense and/or priority claim it may assert against the Debtor to the extent such an expense or claim arose on or prior to the date first set forth above or to the extent such a claim arises from Debtor satisfying its obligations under this Stipulation or the Potato Agreements as modified by the terms of this Stipulation.

7.3 Debtor reserves the right to contest any claim made by Lamb Weston against it in respect of Debtor's rejection of the Potato Agreements.

**8. EFFECTIVENESS OF THIS STIPULATION.**

8.1 This Stipulation shall be deemed effective only upon the Effective Date, <u>provided however</u>, the Initial Payment shall be due and payable on March 12, 2021.

STIPULATION WITH RESPECT TO LAMB WESTON POTATO AGREEMENTS - 4

8.2 Debtor shall file the necessary motion (the "Motion") with the Bankruptcy Court in a form reasonably satisfactory to Lamb Weston seeking entry of an order approving this Stipulation and authorizing Debtor to perform its obligations hereunder in a form reasonably satisfactory to Lamb Weston (the "Approval Order").

8.3 Debtor shall give notice of the Motion, this Stipulation, and the deadline to object to the Motion in accordance with Bankruptcy Rule 2002(a)(2) and any other applicable rules.

8.4 Debtor shall prosecute the Motion and seek entry of the Approval Order in good faith. The Approval Order shall provide that it is not subject to a stay, notwithstanding Bankruptcy Rule 6004(h).

8.5 This Stipulation shall become null and void if the conditions set forth in sections 8.2 and 8.3 have not been satisfied on or prior to March 12, 2021, unless waived in writing by Lamb Weston, or the Initial Payment has not been received by the Debtor as provided for in Section 8.1, unless waived in writing by Debtor. This Stipulation shall become null and void if the Effective Date has not occurred on or prior to March 26, 2021, unless waived in writing by Lamb Weston.

8.6 There shall be no third-party beneficiaries of this Stipulation.

## 9. GOVERNING LAW.

The Stipulation shall be construed and interpreted in accordance with the local law that would apply to the construction and interpretation of the Original Agreement. The Bankruptcy Court shall retain exclusive jurisdiction to hear any dispute arising under or related to this Stipulation.

## 10. BINDING NATURE OF THIS STIPULATION.

Upon and after the occurrence of the Effective Date, this Stipulation shall be binding upon the agents, servants, administrators, representatives, assigns, heirs, estates, and any and all successors of the parties hereto, including a successor bankruptcy trustee.

WHEREFORE, the parties to this Stipulation have set forth their signatures below.

| **EASTERDAY FARMS** | **LAMB WESTON, INC.** |
|---|---|
| By: Peter Richter | By: Steve Bannworth |
| Its: Co-Chief Restructuring Officer | Its: Vice President |

STIPULATION WITH RESPECT TO LAMB WESTON POTATO AGREEMENTS - 5

8.2     Debtor shall file the necessary motion (the "Motion") with the Bankruptcy Court in a form reasonably satisfactory to Lamb Weston seeking entry of an order approving this Stipulation and authorizing Debtor to perform its obligations hereunder in a form reasonably satisfactory to Lamb Weston (the "Approval Order").

8.3     Debtor shall give notice of the Motion, this Stipulation, and the deadline to object to the Motion in accordance with Bankruptcy Rule 2002(a)(2) and any other applicable rules.

8.4     Debtor shall prosecute the Motion and seek entry of the Approval Order in good faith. The Approval Order shall provide that it is not subject to a stay, notwithstanding Bankruptcy Rule 6004(h).

8.5     This Stipulation shall become null and void if the conditions set forth in sections 8.2 and 8.3 have not been satisfied on or prior to March ~~10,~~ 12, 2021, unless waived in writing by Lamb Weston, or the Initial Payment has not been received by the Debtor as provided for in Section 8.1, unless waived in writing by Debtor. This Stipulation shall become null and void if the Effective Date has not occurred on or prior to March 26, 2021, unless waived in writing by Lamb Weston.

8.6     <u>There shall be no third-party beneficiaries of this Stipulation.</u>

## 9. GOVERNING LAW.

The Stipulation shall be construed and interpreted in accordance with the local law that would apply to the construction and interpretation of the Original Agreement. The Bankruptcy Court shall retain exclusive jurisdiction to hear any dispute arising under or related to this Stipulation.

## 10. BINDING NATURE OF THIS STIPULATION.

Upon and after the occurrence of the Effective Date, this Stipulation shall be binding upon the agents, servants, administrators, representatives, assigns, heirs, estates, and any and all successors of the parties hereto, including a successor bankruptcy trustee.

WHEREFORE, the parties to this Stipulation have set forth their signatures below.

**EASTERDAY FARMS**

By: Peter Richter
Its: Co-Chief Restructuring Officer

**LAMB WESTON, INC.**

By: Steve Bannworth
Its: Vice President

STIPULATION WITH RESPECT TO LAMB WESTON POTATO AGREEMENTS - 5

# EXHIBIT 1.2

Storage Locations of Debtor's 2020 Potatoes

| Grower | Storage | Storage # | LAT | LONG | Country | State |
|---|---|---|---|---|---|---|
| Easterday Farms | Bench 1 | 631 | 46.79491 | -119.16607 | Adams | WA |
| | Bench 3 | | 46.794782 | -119.166713 | Adams | WA |
| | Bench 4 | | 46.794791 | -119.167008 | Adams | WA |
| | Basin City 1 | 6311 | 46.593169 | -119.137147 | Franklin | WA |
| | Basin City 2 | 6312 | 46.593195 | -119.136788 | Franklin | WA |
| | Cox 1 | 5851 | 46.011212 | -119.120153 | Benton | WA |
| | Cox 2 | 5852 | 46.011198 | -119.119804 | Benton | WA |
| | Cox 3 | 5853 | 46.011198 | -119.119251 | Benton | WA |
| | Cox 4 | 5854 | 46.011181 | -119.118906 | Benton | WA |
| | Cox 5 | 5855 | 46.011184 | -119.118362 | Benton | WA |
| | Cox 6 | 5856 | 46.011174 | -119.118027 | Benton | WA |

EXHIBIT 1.2

DOCS_NY:42490.2 00001/000

# EXHIBIT 1.10

Storage Locations of Weyns' 2020 Potatoes

5845 Hatton 5

5846. Hatton 6

5847. Hatton 7

6751. Sds 2

6752. Sds1

683. H8

EXHIBIT 1.10

DOCS_NY:42490.2 00001/000

# EXHIBIT 5.2

Modifications to Terms of Potato Agreements with Respect to Lamb Weston's
Purchase of Debtor's 2020 Potatoes

The terms of the Potato Agreements are hereby modified to the extent inconsistent with the following terms, which shall control from the date hereof:

5.2.1. Advance payments by Lamb Weston for Debtor's 2020 Potatoes shall no longer be required.

5.2.2. Lamb Weston shall pull full fields of Debtor's Potatoes and shall reconcile that tonnage in accordance with the pricing and settlement methodology set forth in the Potato Agreements, except that payment for such tonnage shall be due within 20 days after final delivery of all potatoes from each field.

5.2.3. Lamb Weston shall make the Initial Payment to the Debtor's bankruptcy estate in the amount of $1,311,639.77 no later than March 12. The Parties agree that Weyns shall have no rights in that payment.

5.2.4. Lamb Weston shall pick up all remaining inventory of the Debtor's 2020 Potatoes within 7 weeks of the date set forth in the first sentence of this Stipulation.

5.2.5. [Intentionally omitted.]

5.2.6. In determining the amount of payments due from Lamb Weston from time to time on and after the Petition Date for Debtor's 2020 Potatoes under the terms of this Stipulation, Lamb Weston shall receive full credit for all of its prior payments for potatoes from the 2020 crop season, including the Prepetition Payments. Credits in Lamb Weston's favor arising in respect of the Prepetition Payments and the Initial Payment shall be applied against Lamb Weston's subsequent payment obligations for Debtor's 2020 Potatoes. For avoidance of doubt, the Parties agree and acknowledge that if Lamb Weston purchases the Overage Potatoes, those purchases shall not increase the amount of such credits.

16354271_v4

EXHIBIT 5.2

DOCS_NY:42490.2 00001/000