ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
MAXIM B. LITVAK (CA Bar #215852)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
mlitvak@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for the Chapter 11
Debtors and Debtors in Possession*

HONORABLE WHITMAN L. HOLT

HEARING DATE: April 28, 2021
HEARING TIME: 2:00 p.m. PST
RESPONSE DUE: April, 21, 2021
LOCATION: Telephonic

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re

EASTERDAY RANCHES, INC., *et al.*

Debtors.[1]

Chapter 11

Lead Case No. 21-00141-11
Jointly Administered

**NOTICE AND MOTION OF DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE COOPERATION AGREEMENT WITH THE NON-DEBTOR SELLERS; MEMORANDUM OF POINTS AND AUTHORITIES**

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec26kz01sm

21-00141-WLH11    Doc 487    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 1 of 19

**PLEASE TAKE NOTICE** that Easterday Ranches, Inc., and Easterday Farms, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), hereby file this notice and *Motion of Debtors for the Entry of an Order Authorizing and Approving the Cooperation Agreement with the Non-Debtor Sellers*[2] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on this Notice and Motion, the arguments of counsel, and any other admissible evidence properly brought before this Court at or before the hearing on his Motion.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on **April 28, 2021 at 2:00 p.m. (Pacific Time)** by telephone as set forth below.

**PLEASE TAKE FURTHER NOTICE that, pursuant to court orders responding to the COVID-19 pandemic, any party that wishes to address the court, or appear without addressing the court, must appear by telephonic appearance. The telephone conference call-in number is (877) 402-9757, Access Code: 7036041.**

Dated: March 26, 2021         BUSH KORNFELD LLP

*/s/ Thomas A. Buford*
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
MAXIM B. LITVAK (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for the Debtors and Debtors in Possession*

---

[2] The "Non-Debtor Sellers" are Cody Easterday, Debby Easterday, Karen Easterday (in her individual capacity and as representatives of the estate of Gale Easterday).

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec26kz01sm

21-00141-WLH11    Doc 487    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 2 of 19

## RELIEF REQUESTED

Easteday Ranches, Inc., ("Ranches") and Easterday Farms, a Washington general partnership ("Farms"),[1] debtors and debtors in possession (the "Debtors" in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby move (the "Motion"), pursuant to sections 105 and 363(b) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order authorizing the Debtor to enter into and honor that certain *Stipulation By and Between Debtors and Non-Debtor Sellers Regarding Cooperation With Respect to the Sale of Debtor and Non-Debtor Assets* (the "Cooperation Agreement") by and between the Debtors and Cody Easterday ("CE"), Karen Easterday (in her individual capacity and as representatives of the estate of Gale Easterday, "KE"), and Debby Easterday ("DE" together with CE and KE, the "Non-Debtor Sellers"). A copy of the proposed Cooperation Agreement in substantially final form is attached hereto as **Exhibit A**.

In support of this Motion, the Debtors submit the Declaration of T. Scott Avila, Co-Chief Restructuring Officer of the Debtors, filed concurrently herewith. In further support of the Motion, the Debtors respectfully represent as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES
## JURISDICTION AND VENUE

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief sought herein are sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004.

---

[1] The Non-Debtor Sellers are also the general partners of Farms.

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 487    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 3 of 19

# BACKGROUND

A. **Background**

On February 1, 2021 (the "Ranches Petition Date"), Ranches filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before this Court.

On February 8, 2021 (the "Farms Petition Date," together with the Ranches Petition Date, the "Petition Dates"), Farms also filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before this Court.

The Debtors continue to operate and manage their business and affairs as debtors in possession in their chapter 11 cases pursuant to sections 1107 and 1108 of the Bankruptcy Code.

On February 16, 2021, the Office of the United States Trustee (the "U.S. Trustee") appointed the following creditors to the Ranches Official Committee of Unsecured Creditors, as amended [Docket Nos. 152, 154, and 155] (the "Ranches Committee"): (i) J.R. Simplot; (ii) Alto Nutrients; and (iii) Animal Health International.

On February 22, 2021, the U.S. Trustee appointed the following creditors to the Farms Official Committee of Unsecured Creditors, as amended [Docket Nos. 187, and 188] (the "Farms Committee" and together with the Ranches Committee, the "Committees"): (i) Labor Plus Solutions, Inc.; (ii) The McGregor Company; (iii) John Deer Financial; (iv) Dykman Electrical Inc.; (v) Two Rivers Terminal; and (vi) Frank Bushman.

Additional information about the Debtors' historical business operations, capital structure, and the events leading up to the commencement of these chapter 11 cases, is set forth in the *Declaration of T. Scott Avila in Support of First Day Motions* [Docket No. 93], which is incorporated herein by reference.

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec26kz01sm

21-00141-WLH11    Doc 487    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 4 of 19

B. **The Debtors' Business Operations and the Properties**

The Debtors operate commercial farming and ranching operations which require significant acreage to accommodate the Debtors' expansive operations. In this regard, the Debtors' operations span approximately 22,500 acres over multiple farms, lots/ranches, and other complexes and facilities, which are generally referred to by their common names: (i) Goose Gap Farm, (ii) River Farm, (iii) Nine Canyon Farm, (iv) Cox Farm, and (v) a storage complex (the "Storage Complex") on River Farm (collectively, the "Sale Properties"). The Sale Properties consist of approximately 81 parcels, all of which are located in Benton County, Washington and are owned, leased, or otherwise utilized, in whole or in part by the Debtors. As described more fully below, title to the property is held by (i) Ranches with respect to Nine Canyon Farm, (ii) Farms with respect to the Storage Complex, (iii) Farms and the Non-Debtor Sellers with respect to River Farm, (iv) Ranches, Farms and the Non-Debtor Sellers with respect to Cox Farm, and (v) the Non-Debtor Sellers with respect to Goose Gap Farm.[2] (Avila Dec. ¶ 8). A more detailed description of the Properties follows:

1. **Goose Gap Farm**

Goose Gap Farm comprises approximately 6,300 acres, and includes, among other things, pivot irrigated farmland, dry pasture land, and a pump house. Goose Gap Farm also includes additional leasehold acreage. Title to Goose Gap Farm is held in the names of Gale, Karen, Cody and Debby Easterday, as 100% owners. Goose Gap Farm is subject to a lien asserted by Prudential Insurance Company of America

---

[2] The Debtors are analyzing information relating to the state of title to each of the Sale Properties and any ownership percentages referred to herein are solely for illustrative purposes; accordingly, they should not be construed as an admission or position with respect to same. All rights of all parties are expressly reserved with respect to any ownership issues or competing claims with respect thereto.

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

("Prudential"), securing an obligation in the asserted principal amount of approximately $49 million (the "Prudential Mortgage").

2. **River Farm**

River Farm comprises approximately 5,800 acres and includes, among other things, an approximately 8,400 square foot shop, storage facilities with an approximate capacity of 95,000 bushels of grain, and three manufactured homes. River also includes additional leasehold acreage. Title to River Farm is held in the names of Farms and Gale, Karen, Cody and Debby Easterday, with Farms owning 0.7% and Gale, Karen, Cody and Debby Easterday owning 99.3%. River Farm is subject to the Prudential Mortgage.

3. **Nine Canyon Farm**

Nine Canyon Farm comprises approximately 3,000 acres, and includes, among other things, a grape vineyard, cherry orchard, 40,000 square feet of storage facilities, including the facilities suitable to hold 5,000 tons of potatoes, four manufactured homes, and a mobile home park with six mobile homes. Title to Nine Canyon Farm is held in the name of Ranches, as 100% owner. Nine Canyon Farm is subject to the Prudential Mortgage.

4. **Cox Farm**

Cox Farm comprises approximately 7,500 acres, and includes, among other things, feedlot facilities capable of housing and feeding approximately 35,000 head of cattle, pivot irrigated farmland, a 4,300 square foot horse barn, and a 2,500 square foot residence. Cox also includes additional leasehold acreage, a steel dry commodity and hay storage shed, and nearly 67,000 square feet of storage facilities, including facilities to store over 5,200 tons of onions, 175,000 bushels of dry grain, 30,000 tons of high moisture corn, as well as an additional 30,000 tons of silage storage. Title to Cox Farm is held in the names of Ranches, Farms and Gale, Karen, Cody and Debby

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Easteday, with Ranches owning 66.1%, Farms owning 7.1% and Gale, Karen, Cody and Debby Easteday owning 26.8%. Cox Farm is subject to a lien asserted by AXA Equitable, securing an obligation in the asserted principal amount of approximately $25.5 million.

5. **The Storage Complex**

Title to the Storage Complex is held in the name of Farms, as 100% owner. The Storage Complex is subject to a lien asserted by LTM Investments, securing an obligation in the principal amount of approximately $638,000.

C. **Debtors' Efforts to Sell the Sale Properties**

Contemporaneously herewith, the Debtors filed a motion seeking approval of bidding procedures and a process for selling the Sale Properties. The Debtors submit that a sale of the Sale Properties will maximize the value of these estates and the recoveries of their creditors.

Though the Storage Complex and Nine Canyon Farm (the "Debtor Properties") are owned by Debtors, the Non-Debtor Sellers, Farms and Ranches own separate parcels of real property contained within the larger boundaries of Cox Farm and River Farm (the "Joint Properties"). Goose Gap Farm, which is adjacent to or connected with the Joint Properties and/or the Debtors Properties, is owned by the Non-Debtor Sellers (the "Non-Debtor Property").

Because of the location and relationship of the Sale Properties, it is critical that Debtors are able to market and sell all of the Sale Properties in one sale process. Doing so will maximize value for all of the Debtors' stakeholders, and conversely, the failure to do so would have a material negative impact on the proceeds that could be realized from the sale of only the Debtor Properties. *Avila Decl.*, ¶ 11.

The inter-relationship between the Non-Debtor Sellers (who are also the general partners of Farms) and the Debtors, the ownership of individual parcels making up the

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 7

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

boundaries of the Joint Properties and the interrelationship of the businesses and activities conducted on the Sale Properties, including among other things, water delivery systems, create complicated issues, including allocation and application of proceeds, that are more appropriately addressed in a sale process that incorporates all of the Sale Properties. The Debtors and Non-Debtor Sellers agree through the Cooperation Agreement that those complicated issues should not delay or hinder the effort to sell the Sale Properties. Rather, the parties to the Cooperation Agreement agree to work together to maximize the value of the sale and then determine how the resulting proceeds should be allocated and the resolution of claims among the parties. *Id.* ¶¶ 9-10.

Without the cooperation of the Non-Debtor Sellers, the Debtors would be in a position to only sell the Debtor Properties. Even then, given water rights on the Debtor Properties and proximity to the Non-Debtor Properties, selling only the Debtor Properties will have a material negative effect on the sale of other parcels owned by the Debtors and ultimately on total value received by the Debtors' estates. Moreover, even if a later agreement were ultimately reached with respect to the sale of the Joint Properties and/or the Non-Debtor Properties, the failure to market and sell them together would materially impair their value. Thus, Debtors submit that entry into the Cooperation Agreement and the sale of the Sale Properties and later determination of any allocation issues is in the best interests of these estates. *Id.* ¶¶ 11, 13.

### D. The Cooperation Agreement

The proposed agreement between the parties is encompassed in the Cooperation Agreement, the material terms of which are as follows:[3]

---

[3] This summary is provided for convenience and is qualified by and subject to the terms as set forth in the Cooperation Agreement. Parties should refer to Cooperation Agreement for complete terms.

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec26kz01sm

21-00141-WLH11    Doc 487    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 8 of 19

| Parties | Debtors and Non Debtor Sellers |
|---|---|
| Sale Properties | (i) Goose Gap Farm, (ii) River Farm, (iii) Nine Canyon Farm, (iv) Cox Farm, and (v) the Storage Complex. |
| Sale Process/ Cooperation of Non- Debtor Sellers | The Bidding Procedures will establish a process for Debtors to determine the highest and best offer for the Sale Properties (including for individual Sale Properties or groups of Sale Properties) and for entering into transactions for the sales with respect to the Sale Properties (each a "Sale Transaction").<br><br>To the extent that, pursuant to and in accordance with the Bidding Procedures, the Bankruptcy Court enters an order approving any Sales Transaction, any of the Non-Debtor Sellers with an interest in such Sale Property or Sale Properties (each a "Selling Party") agrees to cooperate with any such Sale Transaction, including but not limited to, taking any action and entering into and executing any documentation with respect to such Sale Transaction necessary to relinquish any ownership rights in such Sale Property and to provide the buyer with clean title to such Sale Property. Each Non-Debtor Seller shall also execute a power of attorney providing either or both of the Debtors' Co-Chief Restructuring Officers (as Debtors shall deem appropriate) with authority to execute any and all agreements or other documents necessary for the sale and transfer of such Sale Property including, but not limited to grants, deeds, mortgage reconveyances, or other documents of transfer necessary to effectuate any Sale Transaction on behalf of such Non-Debtor Seller.<br><br>The Non-Debtor Sellers shall retain the right to object to any proposed Sales Transaction, except that no such objection shall be based on any argument that Debtors may not sell a Sale Property, and any such objection shall be resolved by the Bankruptcy Court, and each Non-Debtor Seller agrees to be bound by any resolution of the Bankruptcy Court of such objection and hereby waives any right to appeal such order of the Bankruptcy Court |
| Distribution of Sale Proceeds | The Proceeds of any Sales Transaction (the "Sale Proceeds") shall be distributed as follows: |

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND APPROVING COOPERATION AGREEMENT – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | |
|---|---|
| | ***First***, to the applicable Mortgagee for such Sale Property in satisfaction of the obligations owed to such Mortgagee that are secured by the applicable mortgage (the "Mortgagee Amounts"), *provided however*, that to the extent that any party has filed a challenge (a "Mortgage Challenge") with respect to the amount, validity, perfection or priority of any lien asserted by a Mortgagee prior to the closing of the applicable Sales Transaction, then the undisputed portion (if any) of the Mortgagee Amounts shall be distributed to the Mortgagee, and the disputed portion of the Mortgagee Amounts with respect to such Mortgagee shall be placed in an escrow account (on terms and conditions reasonably agreed by Debtors and such Mortgagee) pending a final order of the Bankruptcy Court with respect to such Mortgage Challenge; ***Second***, to the applicable party for the payment of transaction costs (the "Transaction Costs") relating to such Sale Transaction (including, but not limited to, break-up fees, costs and expenses) approved by the Bankruptcy Court as part of the Bid Procedures or in conjunction with the Sale Transaction; and ***Third***, any remaining Sale Proceeds after funding the Transaction Costs and Mortgagee Amounts (the "Net Sale Proceeds"), shall be deposited in an escrow account pursuant to an escrow agreement, the terms of which shall be negotiated and agreed by all the Parties, in each case acting reasonably (the "Escrow Account"). In no case shall there be any distribution from the Escrow Account in advance of either (A) an order of the Bankruptcy Court approving a stipulation of all of the Selling Parties relating to the allocation of the Sale Proceeds and the distribution of Sale Proceeds in accordance with such allocation, or (B) an Order of the Bankruptcy Court following a motion and hearing regarding allocation of the Net Sale Proceeds. |
| Development of Allocation Protocol | The Parties shall, as soon as reasonably practicable following the execution of this Stipulation, negotiate in good faith and attempt to reach agreement on a timely basis on a protocol for resolving disputes |

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 487    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 10 of 19

| | |
|---|---|
| | concerning the allocation of Net Sale Proceeds from Sale Transactions (the "Allocation Protocol"), which Allocation Protocol shall provide procedures for determining allocation of Net Sales Proceeds where the Selling Parties in such Sale Transaction have been unable to reach agreement regarding such allocation with any allocation determination being subject to approval by the Bankruptcy Court. The Debtors will include the Committees, the Mortgagees and the Enjoined Parties in such negotiations but the consent of those parties shall not be required for Debtors' agreement with the Non-Debtor Sellers with respect to any Allocation Protocol, *provided further*, that any Allocation Protocol shall be subject to approval by the Bankruptcy Court upon notice and hearing, and the rights of the Parties, the Debtors, the Committees, the Mortgagees and the Enjoined Parties shall all be reserved with respect to any proposed Allocation Protocol. The Parties further agree that the Allocation Protocol will provide, among other things, that any adjudication of the allocation of Net Proceeds will be made exclusively by the Bankruptcy Court and each Non-Debtor Seller agrees to be bound by the Bankruptcy Court's order resolving the allocation dispute. |
| Maintenance of Sale Properties Pending Sale | Pending the sale of any of the Sale Properties, the Party or Parties currently responsible for the maintenance of such Sale Property, including payment of any taxes, insurance or other expenses relating to such Property shall remain responsible for the maintenance of such Sale Property in the same manner and proportion as prior to execution of the Cooperation Agreement. |
| Entry into Stipulation is Without Prejudice | Nothing in the Cooperation Agreement shall prejudice the rights of any Party or otherwise constitute an amendment, modification or waiver of the rights of any Party to assert such party's interests in the Net Sale Proceeds from any Sale Transaction.<br><br>Nothing in the Cooperation Agreement shall prejudice or impair the rights of any Party with respect to any claim or cause of action against any other Party or the defenses and/or counterclaims of |

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND APPROVING COOPERATION AGREEMENT – Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | |
|---|---|
| | any Party with respect thereto.

Nothing in the Cooperation Agreement shall prejudice or impair the rights of any Mortgagee Parties and any valid and properly perfected liens of any Mortgagee Party in any of the Sale Properties. Any such liens shall attach to the Sale Proceeds relating to the sale of such Sale Property with the same validity and priority as of the date of such Sale Transaction, *provided*, *however*, nothing in the Cooperation Agreement shall prejudice the rights of any Party to challenge the validity, perfection or priority of any lien asserted by a Mortgagee Party and any and all defenses of such Mortgagee Party are also reserved. |
| Non-Debtor Sellers Not to Transfer Other Assets | The Non-Debtor Sellers agree that for so long as the Cooperation Agreement is in effect, the Non-Debtor Sellers shall not transfer or otherwise lease or encumber **any** of the Sale Properties except as expressly provided in the Cooperation Agreement. The Non-Debtor Sellers also agree that for so long as the Cooperation Agreement is in effect, the Non-Debtor Sellers shall not, without the prior-written consent, which consent will not be unreasonably withheld, of the Debtors, transfer or otherwise lease or encumber **any** of their other material assets or properties (for purposes of the Cooperation Agreement, "material" means assets or properties having a fair market value equal to or greater than $50,000.00), outside of the ordinary course of business (a "<u>Non-Debtor Seller Transaction</u>").

As set forth more fully in the Cooperation Agreement, the Debtors are consenting to certain Non-Debtor Seller Transactions as part of the Cooperation Agreement. |

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 12

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | |
|---|---|
| | If the Non-Debtor Sellers breach this obligation, then the injunction with respect to certain parties described below shall be terminated. |
| Injunction against Certain Parties | In exchange for the cooperation the Non-Debtor Sellers with respect to the sale of the Sale Properties through the Bankruptcy Cases as contemplated in the Cooperation Agreement, as a condition to the effectiveness of the Cooperation Agreement, the Debtors agree to obtain, either through stipulation with the Enjoined Parties (as defined in the Cooperation Agreement), or an order of the Bankruptcy Court with respect to the Enjoined Parties, an agreement or injunction, respectively, prohibiting the Enjoined Parties from taking certain Enjoined Actions (as defined in the Cooperation Agreement) with respect to assets or property of any of the Non-Debtor Sellers pursuant to Sections 362 and 105 of the Bankruptcy Code.<br><br>Debtors will use reasonable efforts to obtain a similar stipulation or injunction against any other party that seeks to take any Enjoined Action with respect to the property or assets of any Non-Debtor Sellers, or, before or at the time of the hearing on approval of the Cooperation Agreement, the Debtors may seek an injunction that more broadly protects the Non-Debtor Sellers with respect to actions by their creditors, and the Debtors' failure to obtain such injunction, including the denial of a request for such an injunction by the Bankruptcy Court, shall be a breach of the Stipulation and, on written notice to the Debtors (including via electronic mail), the Non-Debtor Sellers may terminate their continued |

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 13

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

|  | performance thereunder. |
|---|---|
|  | Notwithstanding the above, such injunction shall not prohibit the Debtors or the Committees from seeking reasonable informal or formal discovery in the Bankruptcy Cases pursuant to Bankruptcy Rule 2004 with respect to any Non-Debtor Sellers subject to the rights of such Non-Debtor Sellers to object to such discovery. |
| Termination | The Cooperation Agreement will terminate upon the earlier of (i) the effective date of any confirmed plan of reorganization or liquidation in the Bankruptcy Cases, (ii) August 31, 2021 if no Sale Transaction is approved by the Bankruptcy Court prior to such date, or (iii) December 31, 2021. |

## RELIEF REQUESTED

By this Motion, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004, the Debtors request the entry of an order, substantially in the form of **Exhibit B** attached hereto, authorizing the Debtors to enter into and honor the Cooperation Agreement.

## BASIS FOR RELIEF REQUESTED

### A. The Cooperation Agreement is a Sound Exercise of the Debtors' Business Judgment

Section 363 of the Bankruptcy Code provides, in relevant part, that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Under applicable case law throughout the country, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 14

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

judgment on part of the debtor, such use should be approved. *See*, *e.g.*, *In re Equity Funding Corp. of Am.*, 519 F.2d 1274, 1277 (9th Cir. 1975); *In re Claar Cellars LLC*, Nos. 20-00044-WLH11, 20-00045-WLH11, 2020 Bankr. LEXIS 682, at *9 (Bankr. E.D. Wash. Mar. 13, 2020) (the business judgment standard "is a 'deferential' standard pursuant to which a 'bankruptcy court will generally approve' a reasoned decision by the debtor.") (citations omitted); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.3d 513, 515 (7th Cir. 1991); *In re Delaware & Hudson R.R. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363)(b)); *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)) ("[T]he business judgment rule is a 'presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the actions were in the best interests of the company.'").

Where, as here, the requested relief necessarily involves insiders, Courts will apply a heightened standard in reviewing the transaction. "When the transaction involves or will benefit an 'insider' of the debtor, however, bankruptcy courts must apply a heightened level of scrutiny to ensure the insider is not improperly benefitting from its control, access, or familiarity at the expense of outside stakeholders." *In re Claar Cellars LLC*, 2020 Bankr. LEXIS 682, * 9 (Bankr. E.D. Wash. March 13, 2020) (citations omitted); *In re Family Christian, LLC*, 533 B.R. 600, 622 (Bankr. W.D. Mich. 2015) (applying heightened scrutiny to the court's evaluation of "the fairness of the value provided by the sale and the good faith of the parties in executing the transaction" when a sale that benefited an insider); *In re WK Lang Holdings, LLC*, No. 13-11934, 2013 Bankr. LEXIS 5224, at *22 (Bankr. D. Kan. Dec. 11, 2013) ("While

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 15

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

sales to fiduciaries are not per se prohibited, they should be carefully examined for fraud or collusion.")

Additionally, the court's general equitable powers codified in section 105(a) of the Bankruptcy Code provide ample authority for the relief requested herein. Section 105(a) of the Bankruptcy Code empowers the court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). *See also United States v. Energy Resources Co.*, 495 U.S. 545, 549 (1990); *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1070 (9th Cir. 2004) (acknowledging equitable powers of bankruptcy courts pursuant to section 105(a) of the Bankruptcy Code); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code.").

The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See, e.g.*, *In re Food Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *Integrated Resources*, 147 B.R. at 659 ("It is a well-established principle of bankruptcy law that the. . . [trustee's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (quoting *In re Atlanta Packaging Prods*., Inc., 99 BR. 124, 130 (Bankr. N.D. Ga. 1988)). As long as the sale appears to enhance a debtor's estate, court approval of a trustee's decision to sell should only be withheld if the trustee's judgment is clearly erroneous, too speculative or contrary to the provisions of the Bankruptcy Code. *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 255 (N.D. Tex. 2005); *In re Lajijani*, 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005); *In re WPRV-TV, Inc.*, 143 B.R. 315, 319 (D.P.R. 1991) ("The trustee has ample

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 16

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec26kz01sm

21-00141-WLH11    Doc 487    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 16 of 19

discretion to administer the estate, including authority to conduct public or private sales of estate property. Courts have much discretion on whether to approve proposed sales, but the trustee's business judgment is subject to great judicial deference.").

Applying section 363, the proposed Cooperation Agreement should be approved. As set forth above, the Debtors have determined that the best method of maximizing the recovery of the Debtors' creditors would be through the Sale of the Assets. Without the Cooperation Agreement, the Debtors would be restricted to selling assets in which only they have an interest; however, the interrelationship of the Sale Properties makes the separation of the Debtor Properties from the Non Debtor Properties challenging and it would significantly diminish the value of the Debtor Properties. Further, the Debtors believe that the value their estates—and, thus, the Debtors' creditors—will receive from the Sale of the Sale Properties in a coordinated, efficient and collective process will far exceed any value the Debtors' estates could obtain for the Debtor Properties standing alone or if the Debtors are required to liquidate their assets piecemeal. As assurance of value, bids will be tested through an auction consistent with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and pursuant to any bidding procedures approved by the Court.

Moreover, the insider status of the Non-Debtor Sellers does not change the outcome. Indeed, contrary to "benefiting" from their status as insiders to the detriment of the Debtors' creditors, without the cooperation and efforts expended by the Non-Debtor Sellers, the Debtors' estates would be negatively impacted by a disjointed, inefficient and diminished sale process.

The Debtors submit that entry into the Cooperation Agreement and any use of estate property contemplated thereunder is supported by the Debtors' sound exercise of its business judgment and is appropriate based on the facts and circumstances of this case. The Cooperation Agreement will provide significant and material benefit to

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 17

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec26kz01sm

21-00141-WLH11    Doc 487    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 17 of 19

these estates while reserving Debtors' and the other parties' rights with respect to any ultimate allocation of the sale proceeds.

The Debtors have shared drafts and engaged in discussions regarding the Cooperation Agreement with the Committees, Washington Trust Bank, Tyson Fresh Meat, Inc., Prudential Insurance Company of America and certain other stakeholders, and will continue to work those and other interested parties in advance of the hearing in an effort to resolve any objections or issues relating to the Cooperation Agreement.

Thus, the Debtors urge the Court to approve the Cooperation Agreement.

**B.     Waiver of Any Applicable Stay**

The Debtors also requests that the court waive any stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief sought in this Motion will preserve value for the Debtors' estates. Accordingly, the Debtors request that the court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

Nothing in the proposed order or this Motion (i) is intended nor does it constitute any agreement or an admission as to the validity of any claim against the Debtors and their estate, or (ii) may impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates.

*[Remainder of page intentionally left blank]*

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 18

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec26kz01sm

21-00141-WLH11    Doc 487    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 18 of 19

# **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, and such additional reasons as may be advanced at or prior to the hearing regarding this Motion, the Debtors respectfully request that the court enter an order (i) authorizing the Debtors to enter into and honor the terms and conditions of the Cooperation Agreement and (ii) granting such other and further relief as may be just and proper under the circumstances.

Dated: March 26, 2021

BUSH KORNFELD LLP

*/s/ Thomas A. Buford*
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
MAXIM B. LITVAK (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for the Debtors and Debtors in Possession*

DOCS_NY:42662.4 20375/001
MOTION FOR ORDER AUTHORIZING AND
APPROVING COOPERATION AGREEMENT –
Page 19

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec26kz01sm

21-00141-WLH11    Doc 487    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 19 of 19