# EXHIBIT A

**Cooperation Agreement**

ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for the Chapter 11
Debtors and Debtors in Possession*

HONORABLE WHITMAN L. HOLT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Lead Case No. 21-00141-11<br>Jointly Administered<br><br>**STIPULATION BY AND BETWEEN DEBTORS AND NON-DEBTOR SELLERS REGARDING COOPERATION WITH RESPECT TO THE SALE OF DEBTOR AND NON-DEBTOR ASSETS** |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec26nw01ge

21-00141-WLH11    Doc 487-1    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 2 of 17

Debtor Easterday Farms, a Washington General Partnership ("Farms"), Debtor Easterday Ranches, Inc., a Washington Corporation ("Ranches"), Cody Easterday ("CE"), Karen Easterday ("KE") (in her individual capacity and as the representative of Gale Easterday,[2]), and Debby Easterday ("DE" together with CE and KE, the "Non-Debtor Sellers",[3] and collectively with Farms and Ranches, the "Parties" and each a "Party"), by and through their undersigned counsel of record, hereby enter into this stipulation (the "Stipulation"), pursuant to which the Parties stipulate and agree as follows:

**WHEREAS**, on February 1, 2021, Ranches filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Eastern District of Washington, Yakima Division (the "Bankruptcy Court").

**WHEREAS**, on February 8, 2021, Farms also filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on February 16, 2021, the Office of the United States Trustee (the "UST") filed its notice of appointment of the Ranches Official Committee of Unsecured Creditors, as amended [Docket Nos. 152, 154, and 155] (the "Ranches Committee").

**WHEREAS**, on February 22, the UST filed its notice of appointment of the Farms Official Committee of Unsecured Creditors, as amended [Docket Nos. 187, and 188] (the "Farms Committee" and, together with the Ranches Committee, the "Committees").

---

[2] Gale Easterday passed away on December 10, 2020.

[3] The Non-Debtor Sellers are also the general partners of Farms.

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec26nw01ge

21-00141-WLH11    Doc 487-1    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 3 of 17

WHEREAS, on March 25, the Bankruptcy Court entered the (i) Final Order Authorizing Debtor Easterday Farms (the "Farms Cash Collateral Order" to Use Cash Collateral and Granting Adequate Protection [Dkt. No.471] and (ii) the Final Order Authorizing Debtor Easterday Ranches, Inc. (the "Ranches Cash Collateral Order," and together with the Farms Cash Collateral Order, the "Final Cash Collateral Orders") to use Cash Collateral and Granting Adequate Protection [Dkt. No 470], which provide in the Budget (as defined in the applicable Final Cash Collateral Order) for certain benefits for KE and DE and payments for KE and DE in the approximate monthly aggregate amount of $6,500.

**WHEREAS**, Farms and Ranches are the owners of certain real property identified on **Exhibit A** hereto (the "Debtor Properties").

**WHEREAS**, certain of the Non-Debtor Sellers and Debtors each own separate parcels of real property contained within the larger boundaries of the real property identified on **Exhibit A** hereto (the "Joint Properties").

**WHEREAS**, the Non-Debtor Sellers own certain real property adjacent or connected to the Debtor Properties or the Joint Properties identified on **Exhibit A** hereto (the "Non-Debtor Properties" together with the Debtor Properties and the Joint Properties, the "Sale Properties").

**WHEREAS**, the lenders identified on **Exhibit A** hereto assert mortgage liens with respect to the Sale Properties (the "Mortgagees").

**WHEREAS**, the Parties desire to maximize the value of the Sale Properties and to pursue sales of the Sale Properties through a Bankruptcy Court approved process.

**WHEREAS**, there may be disputes, claims or other causes of action between and among the Parties, or other estate representative, which, if pursued, could limit the ability of the Parties to fully market and sell the Sale Properties and would potentially decrease the value of the Sale Properties.

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 3

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 487-1    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 4 of 17

**WHEREAS**, the Parties desire to pursue a process for the sale of the Sale Properties, sell the Sale Properties, place all proceeds of sale after payment sufficient to satisfy the Mortgagees into escrow pending final determination by the Bankruptcy Court, and reserve all of their respective rights with respect to any claims relating to the proceeds of the sale of any the Sale Properties (the "Sale Proceeds").

**Based on the foregoing recitals, the Parties hereby stipulate and agree as follows:**

1. Development of Bidding Procedures: Debtors shall seek an order of the Bankruptcy Code establishing bidding procedures (the "Bidding Procedures") relating to the sale of the Sale Properties and such form of bidding procedures shall be in form and substance reasonably acceptable to the Non-Debtor Sellers. The Non-Debtor Sellers hereby further agree to the milestones relating to the Bidding Procedures as set forth on **Exhibit B** hereto.

2. Entry into Sales Transactions.

    a. The Bidding Procedures will establish a process for Debtors to determine the highest and best offer for the Sale Properties (including for individual Sale Properties or groups of Sale Properties) and for entering into transactions for the sales with respect to the Sale Properties (each a "Sale Transaction").

    b. To the extent that, pursuant to and in accordance with the Bidding Procedures, the Bankruptcy Court enters an order approving any Sales Transaction, any of the Non-Debtor Sellers with an interest in such Sale Property or Sale Properties (each a "Selling Party") hereby agrees to cooperate with any such Sale Transaction, including but not limited to, taking any action and entering into and executing any documentation with respect to such Sale Transaction necessary to relinquish any ownership rights in such Sale Property and to provide the buyer with clean title to such Sale Property. Each Non-Debtor Seller shall also execute a power of attorney providing either or both of the Debtors' Co-Chief Restructuring Officers (as Debtors shall

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 4

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 487-1    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 5 of 17

deem appropriate) with authority to execute any and all agreements or other documents necessary for the sale and transfer of such Sale Property including, but not limited to grants, deeds, mortgage reconveyances, or other documents of transfer necessary to effectuate any Sale Transaction on behalf of such Non-Debtor Seller.

    c. The Non-Debtor Sellers shall retain the right to object to any proposed Sales Transaction, except that no such objection shall be based on any argument that Debtors lack authority or otherwise may not sell a Sale Property, and any such objection shall be resolved by the Bankruptcy Court, and each Non-Debtor Seller agrees to be bound by any resolution of the Bankruptcy Court of such objection and hereby waives any right to appeal such order of the Bankruptcy Court.

3. <u>Distribution and Deposit of Sale Proceeds:</u>

    a. Following the closing of any Sale Transaction, the proceeds of any such Sales Transaction (the "<u>Sale Proceeds</u>") shall be distributed as follows:

*First,* to the applicable Mortgagee for such Sale Property in satisfaction of the obligations owed to such Mortgagee that are secured by the applicable mortgage (the "<u>Mortgagee Amounts</u>"), *provided however*, that to the extent that any party has filed a challenge (a "<u>Mortgage Challenge</u>") with respect to the amount, validity, perfection or priority of any lien asserted by a Mortgagee prior to the closing of the applicable Sales Transaction, then the undisputed portion (if any) of the Mortgagee Amounts shall be distributed to the Mortgagee, and the disputed portion of the Mortgagee Amounts with respect to such Mortgagee shall be placed in an escrow account (on terms and conditions reasonably agreed by Debtors and such Mortgagee) pending a final order of the Bankruptcy Court with respect to such Mortgage Challenge;

*Second,* to the applicable party for the payment of transaction costs (the "<u>Transaction Costs</u>") relating to such Sale Transaction (including, but not limited to, commissions, break-up fees, costs and expenses) approved by the Bankruptcy Court as part of the Bid Procedures or in conjunction with the Sale Transaction;

and

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 5

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 487-1    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 6 of 17

*Third*, any remaining Sale Proceeds after funding the Transaction Costs and Mortgagee Amounts (the "<u>Net Sale Proceeds</u>"), shall be deposited in an escrow account pursuant to an escrow agreement, the terms of which shall be negotiated and agreed by all the Parties, in each case acting reasonably (the "<u>Escrow Account</u>").

    b. In no case shall there be any distribution from the Escrow Account in advance of either (A) an order of the Bankruptcy Court approving a stipulation of all of the Selling Parties relating to the allocation of the Sale Proceeds and the distribution of Sale Proceeds in accordance with such allocation, which shall be brought by motion on no less than 14 days' notice, unless the Committees, the Mortgagees and Enjoined Parties agree to a shorter notice period or (B) an Order of the Bankruptcy Court following a motion on no less than 14 days' notice and hearing regarding allocation of the Net Sale Proceeds.

4. <u>Development of Allocation Protocol</u>: The Parties shall, as soon as reasonably practicable following the execution of this Stipulation, negotiate in good faith and attempt to reach agreement on a timely basis on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from Sale Transactions (the "<u>Allocation Protocol</u>"), which Allocation Protocol shall provide procedures for determining allocation of Net Sales Proceeds where the Selling Parties in such Sale Transaction have been unable to reach agreement regarding such allocation with any allocation determination being subject to approval by the Bankruptcy Court. The Debtors will include the Committees, the Mortgagees and the Enjoined Parties in such negotiations but the consent of those parties shall not be required for Debtors' agreement with the Non-Debtor Sellers with respect to any Allocation Protocol, *provided further*, that any Allocation Protocol shall be subject to approval by the Bankruptcy Court upon notice and hearing, and the rights of the Parties, the Debtors, the Committees, the Mortgagees and the Enjoined Parties shall all be reserved with respect to any proposed Allocation Protocol. The Parties further agree that the

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 6

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Allocation Protocol will provide, among other things, that any adjudication of the allocation of Net Proceeds will be made exclusively by the Bankruptcy Court and each Non-Debtor Seller agrees to be bound by the Bankruptcy Court's order resolving the allocation dispute.

5. <u>Maintenance of Properties Pending Sale</u>. Pending the sale of any of the Sale Properties, the Party or Parties currently responsible for the maintenance of such Sale Property, including payment of any taxes, insurance or other expenses relating to such Property shall remain responsible for the maintenance of such Sale Property in the same manner and proportion as prior to execution of this Stipulation.

6. <u>Entry Into Stipulation is Without Prejudice</u>.

   a. Nothing in this Stipulation shall prejudice the rights of any Party or otherwise constitute an amendment, modification or waiver of the rights of any Party to assert such party's interests in the Net Sale Proceeds from any Sale Transaction (other than provisions with respect to the Allocation Protocol through which Non-Debtor Sellers agree to be bound by the Bankruptcy Court's ruling with respect to allocation of Net Proceeds).

   b. Nothing in this Stipulation shall prejudice or impair the rights of any Party with respect to any claim or cause of action against any other Party or the defenses and/or counterclaims of any Party with respect thereto.

   c. Nothing in this Stipulation shall prejudice or impair the rights of any Mortgagees and any valid and properly perfected liens of any Mortgagee in any of the Sale Properties. Any such liens shall attach to the Sale Proceeds relating to the sale of such Sale Property with the same validity and priority as of the date of such Sale Transaction, *provided*, *however*, nothing in this Stipulation shall prejudice the rights of any Party to challenge the validity, perfection or priority of any lien asserted by a Mortgagee and any and all defenses of such Mortgagee are also reserved.

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 7

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec26nw01ge

21-00141-WLH11    Doc 487-1    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 8 of 17

7. <u>Non-Debtor Sellers Not to Transfer Assets</u>.  The Non-Debtor Sellers hereby agree that for so long as this Stipulation is in effect, the Non-Debtor Sellers shall not transfer or otherwise lease or encumber ***any*** of the Sale Properties except as expressly provided in Section 2 hereof.  The Non-Debtor Sellers further hereby agree that for so long as this Stipulation is in effect,  the Non-Debtor Sellers shall not, without the prior-written consent, which consent will not be unreasonably withheld, of the Debtors, transfer or otherwise lease or encumber ***any*** of their other material assets or properties (for purposes of this Section 7, "material" shall mean assets or properties having a fair market value equal to or greater than $50,000.00), outside of the ordinary course of business (a "<u>Non-Debtor Seller Transaction</u>"), *provided however,* that the Debtors are hereby deemed as part of this Stipulation to consent to the transactions in **Exhibit C** hereto provided that the Committees shall have fourteen (14) days from the filing of this Motion to file an objection to these transactions.  Except with respect to the transactions identified in Exhibit C hereto which shall be deemed approved upon entry by the Bankruptcy Court of an order approving this Stipulation, the Debtors shall provide five (5) business days' written  notice (including via electronic mail)  to the Committees, the Enjoined Parties and the Mortgagees of the Debtors' consent to any additional Non-Debtor Seller Transaction and any parties receiving such notice shall have five (5) business days to indicate in writing (including via electronic mail) to the Debtors that such party objects to any such Non-Debtor Seller Transaction.  If the Debtors are unable to resolve such objection, then the Debtors shall seek Bankruptcy Court approval with respect to the Debtors' consent to such Non-Debtor Seller Transaction and the rights of all parties with respect to any such proposed Non-Debtor Seller Transaction are reserved, *provided further*, that the failure to obtain Bankruptcy Court approval for such proposed Non-Debtor Seller Transaction shall not be a default under this Stipulation if Debtors sought approval, where appropriate, but

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 8

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

such approval was denied by the Bankruptcy Court for such proposed Non-Debtor Seller Transaction. Any breach of this Section 7 by any Non-Debtor Seller shall be a basis for termination of any injunction with respect to such breaching Non-Debtor Seller provided for in Section 8 hereof, *provided, however*, all of the obligations of each of the Non-Debtor Sellers under this Stipulation shall continue in full force and effect notwithstanding such termination of the injunction with respect to one or more of the Non-Debtor Sellers.

8. <u>Injunction for the Protection of the Non-Debtor Sellers</u>. In exchange for the cooperation the Non-Debtor Sellers with respect to the sale of the Sale Properties through these Bankruptcy Cases as contemplated herein, as a condition to the effectiveness of this Stipulation, Debtors shall (i) obtain, either through stipulation with the parties identified on **Exhibit D** hereto (along with any successors-in-interest or assignees, the "<u>Enjoined Parties</u>"), or an order of the Bankruptcy Court with respect to the Enjoined Parties, an agreement or injunction, respectively, prohibiting the Enjoined Parties from taking the following actions (the "<u>Enjoined Actions</u>") with respect to assets or property of any of the Non-Debtor Sellers pursuant to Sections 362 and 105 of the Bankruptcy Code, including, but not limited to:

  a. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against any Non-Debtor Sellers;

  b. the enforcement, against any Non-Debtor Sellers of any judgment obtained against such Non-Debtors Seller;

  c. any act to obtain possession of property of any of the Non-Debtor Sellers or to exercise control over property of any Non-Debtor Sellers;

  d. any act to create, perfect, or enforce any lien against property of the any Non-Debtor Sellers;

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 9

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 487-1    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 10 of 17

e. any act to collect, assess, or recover a claim against any Non-Debtor Sellers;

*provided further*, that Debtors will use reasonable efforts to obtain a similar stipulation or injunction against any other party that seeks to take any Enjoined Action with respect to the property or assets of any Non-Debtor Sellers, or, before or at the time of the hearing on approval of the Cooperation Agreement, the Debtors may seek an injunction that more broadly protects the Non-Debtor Sellers with respect to actions by their creditors, and the Debtors' failure to obtain such injunction, including the denial of a request for such an injunction by the Bankruptcy Court, shall be a breach of this Stipulation and, on written notice to the Debtors (including via electronic mail), the Non-Debtor Sellers may terminate their continued performance hereunder. Notwithstanding the above, such injunction shall not prohibit the Debtors or the Committees from seeking reasonable informal or formal discovery in the Bankruptcy Cases pursuant to Bankruptcy Rule 2004 with respect to any Non-Debtor Sellers subject to the rights of such Non-Debtor Sellers to object to such discovery.

　　9.　　Participation of Committees. Farms and Ranches hereby agree that with respect to any of the matters referred to herein as to which the agreement or determination of either of the Debtors are required, such Debtor shall include both of the Committees in any negotiations on such issues.

　　10.　　Term of Agreement. This Stipulation will terminate upon the earlier of (i) the effective date of any confirmed plan of reorganization or liquidation in the Bankruptcy Cases, (ii) August 31, 2021 if no Sale Transaction is approved by the Bankruptcy Court prior to such date, or (ii) December 31, 2021. If there is a material adverse change with respect to the treatment of KE and DE pursuant to the Final Cash Collateral Orders, then KE and DE may, on written notice to the Debtors (including

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 10

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec26nw01ge

21-00141-WLH11    Doc 487-1    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 11 of 17

via electronic mail), terminate their continued performance hereunder, provided that such performance shall continue with respect to any Sale Transaction that has been approved by the Bankruptcy Court prior to the provision of such notice of termination.

11. <u>Immediate Effect of this Stipulation Upon the Court's Approval</u>. Notwithstanding anything to the contrary in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, of the Local Bankruptcy Rules, the effectiveness of this Stipulation shall not be stayed in any respect. The Stipulation shall be effective immediately upon entry.

12. <u>Binding Effect</u>. This Stipulation is binding upon the Parties, their successors, assigns, affiliates, officers, directors, shareholders, partners, investors, members, employees, agents, and professionals.

13. <u>Jurisdiction</u>. The court shall retain sole and exclusive jurisdiction to hear and determine all matters arising from or relating to the interpretation and/or enforcement of this Stipulation.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

[SIGNATURES TO FOLLOW]

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 11

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 487-1    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 12 of 17

# EXHBIT A

## Sale Properties[1]

*Debtor Properties*

| Property | Owners (Percentage Ownership) | Mortgagees |
|---|---|---|
| Nine Canyon Farms | Ranches (100%) | Prudential Insurance Company of America ("Prudential") |
| Storage Complex | Farms (100%) | LTM Investments LLC |

*Joint Properties*

| Property | Owners (Percentage Ownership) | Mortgagees |
|---|---|---|
| Cox Farm | Ranches (66.1%); Farms (7.1%); Non-Debtor Sellers (26.8%) | Equitable Financial Life Insurance Company f/k/a AXA Equitable Life Insurance Company |
| River Farm | Farms (0.7%); Non-Debtor Sellers (99.3%) | Prudential |

*Non-Debtor Properties*

| Property | Owners (Percentage Ownership) | Mortgagees |
|---|---|---|
| Goose Gap Farm | Non-Debtor Sellers (100%) | Prudential |

---

[1] The ownership percentages provided for herein are for illustrative purposes and the rights of all parties with respect to the determination of such ownership percentages is hereby reserved.

COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 1

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 487-1    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 13 of 17

# EXHIBIT B
# SALE PROCEDURES MILESTONES[5]

| Event | Proposed Deadlines |
|---|---|
| Hearing on any Stalking Horse or Bid Protections Objections (if any) or, alternatively, to set dates and deadlines for a naked auction process (subject to Court availability) | Eight (8) days after the Stalking Horse Bidder Motion or No Stalking Horse Notice, as applicable, is filed |
| Deadline to File Notice of Intent to Assume and Assign Transferred Contracts and Proposed Cure Amounts | Three (3) days after entry of Court's order approving the Stalking Horse Bidder Motion (the "Stalking Horse Bidder Approval Order") |
| Deadline to File and Serve Sale Notice | Four (4) days after entry of the Stalking Horse Approval Order |
| Deadline to Submit Bids | Fifteen (15) days after entry of the Stalking Horse Bidder Approval Order, at 4:00 p.m. (Pacific Time) |
| Deadline to File Objections to Cure Amounts | Twelve (12) days after the filing and service of the Assumption and Assignment/Cure Notice, at 4:00 p.m. (Pacific Time) |

---

[5] The Proposed Deadlines remain subject to approval of the Bankruptcy Court in connection with the Bidding Procedures Motion.

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 1

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| Event | Proposed Deadlines |
|---|---|
| Deadline for Debtors to Notify Bidders of Status as Qualified Bidders | Four (4) business days after the Bid Deadline, at 5:00 p.m. (Pacific Time) |
| Auction (if necessary) | Fourteen (14) days after the Bid Deadline, at 10:00 a.m. (Pacific Time) |
| Deadline to File Notice of (a) Successful Bid and Backup Bid and (b) Identity of Successful Bidder and Backup Bidder | One day following conclusion of the Auction |
| Deadline to File (a) Objections to Sale and (b) Objections to Assumption and Assignment of Contracts | July 8, 2021 at 4:00 p.m. (Pacific Time) |
| Reply Deadline | July 13, 2021 at 4:00 p.m. (Pacific Time) |
| Sale Hearing Date | July 15, 2021 |
| Hearing on any Stalking Horse or Bid Protections Objections (if any) or, alternatively, to set dates and deadlines for a naked auction process (subject to Court availability) | Eight (8) days after the Stalking Horse Bidder Motion or No Stalking Horse Notice, as applicable, is filed |

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 2

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec26nw01ge

21-00141-WLH11    Doc 487-1    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 15 of 17

# EXHIBIT C
# APPROVED NON-DEBTOR SELLER TRANSACTIONS

The encumbrance of certain property and assets of the entities described below (certain of the Non-Debtor Sellers hold ownership interests in these entities) in connection with the transactions (the "Transactions") contemplated pursuant to that *Binding Term Sheet* or final terms approved at the hearing thereon (the "Term Sheet")[1] by and among (i) Farms, (ii) Ranches, (iii) Canyon Farm II, LLC ("Canyon Farm"), (iv) 3C Farms, LLC ("3C Farms"), and (v) Easterday Farms Dairy, LLC ("Dairy"), including, but not limited to, pledge of any of the property or interests of 3E Properties, 3C Farms and Dairy as collateral to secure financing related to the entry of 3C Farms and Dairy into the Transactions. For the avoidance of doubt, the property or assets to be pledged are the assets of the separate corporate entities in which Non-Debtor Sellers hold equity or other ownership interests and are not assets or property owned directly by any Non-Debtor Seller.

Any disposition by CE and DE of their ownership interests in Easterday Farms Dairy, LLC.

---

[1] The Term Sheet was filed with the Bankruptcy Court as part of the Emergency Motion For An Order Approving (I) Lindsay Canyon Binding Term Sheet And Authorizing Entry Into Definitive Documentation; (II) Scheduling Hearing To Approve Entry Into Dip Financing Loan; And (III) Granting Related Relief [Dkt. No. 465]

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 1

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# EXHIBIT D
# ENJOINED PARTIES

Washington Trust Bank

Tyson Fresh Meat, Inc.

Prudential Insurance Company of America

Deere & Company d/b/a John Deere Financial

Rabo Agrifinance LLC

DOCS_NY:42487.12 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ec26nw01ge

21-00141-WLH11    Doc 487-1    Filed 03/26/21    Entered 03/26/21 17:49:14    Pg 17 of 17