TREVOR R. PINCOCK
WSBA #36818
JED W. MORRIS
WSBA #13832
BURKE D. JACKOWICH
WSBA #31722
LUKINS & ANNIS, P.S.
1600 Washington Trust Financial Center
717 W Sprague Ave
Spokane, WA 99201-0466
Telephone: (509) 455-9555
Facsimile: (509) 747-2323

Attorneys for Creditor
Washington Trust Bank

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In Re:

EASTERDAY RANCHES, INC., *et al,*

Debtors.[1]

Chapter 11

Lead Case No. 21-00141-WLH11
Jointly Administered

**WASHINGTON TRUST BANK'S OBJECTION TO DEBTORS' MOTION TO ESTABLISH INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES**

## I. INTRODUCTION

Washington Trust Bank ("Washington Trust"), by and through its attorneys Lukins & Annis, P.S., objects to the Debtors' Motion to Establish Interim Fee Application Procedures (the "Motion").

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141-WLH11) ("Ranches") and Easterday Farms, a Washington general partnership (21-00176-WLH) ("Farms").

WASHINGTON TRUST BANK'S OBJECTION TO DEBTORS' MOTION TO ESTABLISH INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES: 1

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

The Debtors should not be allowed to pay professional fees, prior to secured creditors using secured creditors' cash collateral, when the Debtors have failed to provide sufficient proof that the estate is administratively solvent. The issue is particularly acute given the lack of sufficient available information into the actual financial status of the estates. Debtors requested and were granted an extension on filing their bankruptcy schedules until April 9, 2021. Creditors were unable to evaluate these schedules prior to the deadline for filing objections to this Motion. In addition, Local Bankruptcy Rule 2016-1 requires that applicants for interim compensation exceeding $10,000 provide a summary describing, among other things, the financial condition of the estate. LBR-2016-1. With no disclosures and no schedules, there is insufficient evidence to establish that these estates are administratively solvent. Given the fact that the real property involved in these estates is inextricably entwined with non-debtor third parties, there are very real concerns about whether the estate is actually administratively solvent.

11 U.S.C. § 331 establishes the framework for payment of fees to professionals. Congress established that the appropriate timeline for submission of interim fee applications is no more than once every 120 days. Although Debtors argue that this timeline is outdated[2], Congress has not seen fit to change the law.

---

[2] Debtor's Motion for an Order Establishing Interim Fee Application at pp. 9-10.

WASHINGTON TRUST BANK'S OBJECTION TO DEBTORS' MOTION TO ESTABLISH INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES: 2

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

21-00141-WLH11    Doc 530    Filed 04/07/21    Entered 04/07/21 15:26:01    Pg 2 of 14

The general rule remains 120 days. Understanding that the courts may need some flexibility, Congress provided the courts discretion to make an exception in setting the interim fee application period. However, this exception should be exercised within the context of the general rule of 120 days. Understanding this, Debtors request the Court provide extraordinary relief and establish a 30-day fee application schedule relying on the "rare" exception to the rule as outlined by the Ninth Circuit B.A.P. ruling in <u>In re Knudsen Corp.</u>, 84 B.R. 668, 672 (B.A.P. 9th Cir. 1988). However, in their motion the Debtors do not apply the four-factor analysis framework created by the <u>Knudsen</u> court. Moreover, Debtors fail to meet their evidentiary burden in establishing the need for such extraordinary relief as required by <u>Knudsen</u>. Debtors argument seems to encourage the Court to adopt the exception to Section 331 as the rule. However, none of the cases cited by the Debtors stand for such a proposition. Rather, they require a showing by Debtors of special, extraordinary circumstances that may give rise to a need to disregard the general rule established by Congress. Debtors have failed to explain to the Court any facts that would support such an extraordinary remedy.

Because of the lack of sufficient information and evidence before the Court on the administrative solvency of the estates and because Debtors have failed to

WASHINGTON TRUST BANK'S OBJECTION
TO DEBTORS' MOTION TO ESTABLISH
INTERIM FEE APPLICATION AND EXPENSE
REIMBURSEMENT PROCEDURES: 3

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

21-00141-WLH11    Doc 530    Filed 04/07/21    Entered 04/07/21 15:26:01    Pg 3 of 14

meet their burden under Knudsen to establish the necessity of overruling the 120 general rule in section 331, the Motion should be denied.

## II. OBJECTIONS

Washington Trust does not consent and objects to the Motion, specifically the proposed procedure for interim fee applications.

## III. LEGAL ANALYSIS

### A. Debtors' Failed to Meet Their Burden of Establishing the Necessity for Disregarding the Bankruptcy Code.

The United States Bankruptcy Code establishes the proper timing and procedure for seeking interim fee compensation. Section 331 provides, in relevant part, that "a debtor's attorney, or any other professional person employed under section 327 or 1103 of this title **may apply to the court not more than once every 120 days … or more often if the court permits**, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title." 11 U.S.C. § 331 (emphasis added). Debtors would have the Court focus on the "or more often if the court permits" portion of the rule. However, such an approach results in the "exception becoming the rule" and it disregards Congressional authority in establishing 120 days as the proper general time frame for interim fee applications.

WASHINGTON TRUST BANK'S OBJECTION
TO DEBTORS' MOTION TO ESTABLISH
INTERIM FEE APPLICATION AND EXPENSE
REIMBURSEMENT PROCEDURES: 4

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

21-00141-WLH11    Doc 530    Filed 04/07/21    Entered 04/07/21 15:26:01    Pg 4 of 14

Debtors rely heavily on the Knudsen case. In re Knudsen Corp., 84 B.R. 668 (B.A.P. 9th Cir. 1988). In Knudsen, the Ninth Circuit B.A.P. explored the limits of the authority granted to Courts by the Codes "or more often if the courts permit" exception to the 120-day limit imposed by §331. Notably, Knudsen remarked that it is "rare" to deviate from the statutory rule of 120-day application intervals. In re Knudsen Corp., 84 B.R. 668 at 672. The Panel established a four-factor analysis for Bankruptcy Courts to analyze prior to granting relief from the 120-day general rule:

(1) the case is an unusually large estate with exceptionally large amounts of fees accrued each month;

(2) the court is convinced waiting an extended period for payments would place an undue hardship on counsel when compared to the typical 120-day schedule;

(3) the court is satisfied that the professionals can respond to any reassessments, adjustments, or disgorgements; and

(4) whether the fee retainer procedure itself is subject to a hearing.

Knudsen, at 672-673, see also Haven Eldercare, LLC, 382 B.R. 180, 184-86 (Bankr. D. Conn. 2008) (citing and discussing Knudsen).

WASHINGTON TRUST BANK'S OBJECTION TO DEBTORS' MOTION TO ESTABLISH INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES: 5

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

21-00141-WLH11    Doc 530    Filed 04/07/21    Entered 04/07/21 15:26:01    Pg 5 of 14

Debtors, as moving party, have not provided the Court evidence to support the elements established by <u>Knudsen</u> in order to satisfy the Court that the 120-day statutory timeline should be disregarded. Importantly, the burden of proof is squarely on the moving party who seeks such an exception to the rule:

> **The burden of proof is on the professional to establish to the satisfaction of the bankruptcy court that the terms and conditions proposed for interim compensation, including any reduction in the 120-day period, are reasonable.**

3 Collier on Bankruptcy P 331.03(2)(b) (16th 2021) (citing to <u>In re W & W Prot. Agency, Inc.</u>, 200 B.R. 615, 620 (Bankr. S.D. Ohio 1996) (citing <u>In re NBI, Inc.</u>, 129 B.R. 212, 219 (Bankr. D. Colo. 1991)), <u>see also,</u> <u>In re Commercial Consortium of Cal.</u>, 135 B.R. 120, 125 (Bankr. C.D. Cal. 1991), ("The burden lies with the professional seeking payment to furnish sufficient evidence to satisfy the court that it is prudent to allow the disbursement of estate funds for interim fees.")).

In particular, the "hardship" factor should be given close attention. "It is necessary that hardship be established *individually* for *each* Professional that desires to participate in the proposed Monthly Payment Procedure." <u>Haven Eldercare, LLC</u>, 382 B.R. 180, 185 (Bankr. D. Conn. 2008) (emphasis in original);

> Section 331 permits the Court to grant leave to file more frequent interim applications for compensation and reimbursement. This Court will permit such relief to professionals who present credible evidence that

WASHINGTON TRUST BANK'S OBJECTION TO DEBTORS' MOTION TO ESTABLISH INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES: 6

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

21-00141-WLH11    Doc 530    Filed 04/07/21    Entered 04/07/21 15:26:01    Pg 6 of 14

complying with the 120–day rule will impose serious financial hardship.

In re Com. Fin. Servs., Inc., 231 B.R. 351, 357 (Bankr. N.D. Okla. 1999). The Court in In re Affinity Health Care Mgmt., Inc., No. 08-22175, 2009 WL 596825, at *3 (Bankr. D. Conn. Jan. 28, 2009) held that relief under the hardship factor should be denied when "[t]here is no basis, other than the bald, conclusory assertions in the Affidavits, to support a requisite finding of individualized hardship."

Debtors argue that its counsel should not have to bear the cost of financing the representation of Debtors. However, trailing fee reimbursement is a well-known fact of the practice and in and of itself is not a cognizable basis for granting relief from the 120-day general rule. "Attorneys who specialize in bankruptcy matters have often worked (particularly under the Bankruptcy Act) on cases for extended periods of time without interim compensation." In re W. Farmers Ass'n, 13 B.R. 132, 135 (Bankr. W.D. Wash. 1981). Such a situation is "not novel." Id.[3]

"[T]he argument that 'professionals should not be required to finance a

---

[3] There is "no legal entitlement to payment prior to the final fee award." In re Pub. Serv. Co. of New Hampshire, 138 B.R. 660, 662 (Bankr. D.N.H. 1992). A bankruptcy court "does not make interim fee *awards*; the Court makes interim fee *allowances* to applicants in extended and complex bankruptcy proceedings." Id. (emphasis in original).

WASHINGTON TRUST BANK'S OBJECTION
TO DEBTORS' MOTION TO ESTABLISH
INTERIM FEE APPLICATION AND EXPENSE
REIMBURSEMENT PROCEDURES: 7

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

21-00141-WLH11    Doc 530    Filed 04/07/21    Entered 04/07/21 15:26:01    Pg 7 of 14

debtor's bankruptcy case' is unavailing. **Congress has already determined that professionals ordinarily will finance their own administrative claims for 120 days at a time.**" In re Com. Fin. Servs., Inc., 231 B.R. at 357 (emphasis added). In addition, "professional firms' usual fee practices for non-bankruptcy matters" are generally irrelevant to evaluations of the statutory requirements and limitations of §§ 330 and 331 of the Bankruptcy Code[.]" Affinity Health Care, 2009 WL 596825, at *3.

Furthermore, in evaluating Section 331 and requests from a debtor's counsel for fees and costs, "[t]he Courts have little business in creating new protections for debtor's counsel—whose involvement and 'investment' in a Chapter 11 case, unlike that of creditors, is completely voluntary." In re Cal-Inland, Inc., 124 B.R. 551, 554 (Bankr. D. Minn. 1991). Indeed, "[j]udicial approbation of devices which divert even more property of the Chapter 11 estate to attorneys and other professionals unduly tips the pre-existing balance of benefits among the constituencies to the case, and would lend credence to sensationalistic accusations that Chapter 11 is nothing more than a 'feast for lawyers.'" Id. Accordingly, "[d]ue to the status given secured creditors by the Code, attorney's fees cannot be paid at the expense of the secured creditor." In re KNM Roswell Ltd. P'ship, 126 B.R. 548, 558 (Bankr. N.D. Ill. 1991). "There is no justification for the conclusion

WASHINGTON TRUST BANK'S OBJECTION TO DEBTORS' MOTION TO ESTABLISH INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES: 8

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

21-00141-WLH11    Doc 530    Filed 04/07/21    Entered 04/07/21 15:26:01    Pg 8 of 14

that § 331 acts to override the Code's protection of secured creditors." Id., see also In re IML Freight, Inc., 52 B.R. 124, 138-39 (Bankr. D. Utah 1985) ("Attorneys and other professionals employed in bankruptcy cases ... must accept that when they are to be compensated out of funds of the estate, the Court will take into account the effect of such payment on other administrative claimants, which enjoy the same priority.").

Applying the authorities discussed above, Washington Trust submits that Debtors have not come close to establishing that a deviation from the 120-day schedule is appropriate. Indeed, the relevant factors set forth in Knudsen and Haven weigh against such a result. There is no showing of individual hardship whatsoever. The 120-day application schedule is the standard, presumptive, commonly known practice that cannot, in and of itself, prejudice or create hardship for professionals familiar with the Bankruptcy Code. Debtors' attorneys and other professionals seemingly perform regular work within the confines of the Bankruptcy Code. Thus, they undoubtedly knew and understood the relevant timing regarding interim payments before they agreed to perform services for Debtor.

Debtor's motion could have the improper effect of paying professional fees at the expense of Debtor's secured creditors—including Washington Trust. Put

WASHINGTON TRUST BANK'S OBJECTION
TO DEBTORS' MOTION TO ESTABLISH
INTERIM FEE APPLICATION AND EXPENSE
REIMBURSEMENT PROCEDURES: 9

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

21-00141-WLH11    Doc 530    Filed 04/07/21    Entered 04/07/21 15:26:01    Pg 9 of 14

simply, doing so is not permitted. See KNM Roswell Ltd. P'ship, 126 B.R. at 558. In Knudsen, the principal secured creditor approved of the monthly fee procedures, Knudsen, 84 B.R. at 670. Indeed, the secured creditor's approval in Knudsen was a determinative factor in overruling the Trustee's objection to the reduced fee petition schedule. Here, Washington Trust does not approve of Debtor's proposed procedures.[4]

In summary, there is no basis for the Court to deviate from § 331's 120-day general rule. In fact, the distinct lack of evidence provided to the Court in support of any of the Knudsen factors gives the Court no evidentiary basis for allowing such rare relief. The Court should not allow "the exception to become the rule." Debtors' counsel and other professionals, knowing that 120-day fee applications were the rule, entered into representation of the Debtors in this matter and provide no basis for deviating from the rule.

**B. Debtors' Proposed Procedure for Interim Fee Applications is Inappropriate because there has not been an Evaluation of the Financial Condition of the Estate or its Administrative Solvency.**

---

[4] See also In re ACT Mfg., Inc., 281 B.R. 468, 478 (Bankr. D. Mass. 2002) ("the establishment of compensation procedures permitting professionals to receive payment in advance of court review is appropriate in certain cases, **especially those in which the secured creditor permits its cash collateral to be used to pay the administrative expenses** or the post-petition lender includes such a provision in the debtor-in-possession financing agreements.") (emphasis added).

WASHINGTON TRUST BANK'S OBJECTION TO DEBTORS' MOTION TO ESTABLISH INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES: 10

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

21-00141-WLH11   Doc 530   Filed 04/07/21   Entered 04/07/21 15:26:01   Pg 10 of 14

### 1. Debtors have yet to provide bankruptcy schedules that would allow evaluation of the financial condition of the estate.

Debtors' Motion for Proposed Procedure for Interim Fee Applications should also be denied because of the lack of information concerning the financial condition of the Debtors' estate. The Debtors requested and received relief from this Court extending the timeline for filing its bankruptcy schedules. A key factor in determining the appropriateness of the interim fee applications is the administrative solvency of the estate. Allowing applications every 120 days provides the Court time for the record regarding estate solvency to be developed. Yet, in this instance, the Court and the creditors are without the basic information necessary to evaluate the financial status of the estates. This problem is even more acute when the bankruptcy was caused by the admitted financial fraud of a key officer and owner of the Debtors. The timing of this Motion is therefore simply inappropriate and strips the creditors and the Court of the ability to evaluate the appropriateness of the fee application process.

Courts should weigh the appropriateness of interim fees against the solvency of the estate. "The decision to authorize payment of interim fees in any given chapter 11 case . . . depends upon evaluation of the financial condition of the estate and its administrative solvency." In re Commercial Consortium of California, 135 B.R. 120, 125 (Bankr. C.D. Cal. 1991) (citing see, e.g., In re Nana Daly's Pub,

WASHINGTON TRUST BANK'S OBJECTION TO DEBTORS' MOTION TO ESTABLISH INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES: 11

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

21-00141-WLH11    Doc 530    Filed 04/07/21    Entered 04/07/21 15:26:01    Pg 11 of 14

Ltd., 67 B.R. 782, 787 (Bankr. E.D.N.Y.1986) (ability of chapter 11 debtor to pay interim attorney's fees is a major factor in deciding whether to allow interim compensation); In re Codesco, Inc., 15 B.R. 354, 356 (Bankr. S.D.N.Y.1981) (denial of interim chapter 11 fees for creditors' committee counsel based primarily upon lack of unencumbered funds from which fees could be paid)). On the issue of awarding interim compensation where there are concerns of possible administrative insolvency, "bankruptcy courts generally have been unwilling to allow full payment of administrative claims where there is a likelihood that there will be insufficient funds to pay all claimants in full and proration is necessary." In re IML Freight, Inc., 52 B.R. 124, 139 (Bankr. D. Utah 1985); see e.g., In re W. Farmers Asso., 13 B.R. 132, 135 (Bankr. W.D. Wash. 1981) (stating that in some cases, "it is proper in lengthy Chapter 11 cases to allow full interim compensation" but that such action is improper where "the facts of [the] case show there may be a shortfall of funds necessary to pay all administrative expenses in full.").

Debtors cite several cases in Washington Bankruptcy Courts, including In re Astria Health, in support of their to argument that allowing a 30-day fee petition period is a standard procedure[5]. However, a review of the record of those cases shows that in each case the bankruptcy schedules and financial disclosures were

---

[5] Debtors' Motion at p. 10.

WASHINGTON TRUST BANK'S OBJECTION TO DEBTORS' MOTION TO ESTABLISH INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES: 12

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

21-00141-WLH11    Doc 530    Filed 04/07/21    Entered 04/07/21 15:26:01    Pg 12 of 14

filed well before the motion seeking relief from the 120-day general rule. Those cases are distinguishable because there would have been a developed record of administrative solvency that is absent in this case.

2. **Without sufficient financial information, fee applicants will not be able to comply with the Local Rules requiring a summary of the financial condition of the estates prior to interim fee approvals.**

Local Bankruptcy Rule 2016-1 requires applicants for interim compensation that exceeds $10,000 to provide a summary describing, among other things, the financial condition of the estate. LBR-2016-1. This rule assures the court of a relatively complete picture of the current administrative obligations of the estate in determining whether to allow payment of interim fees. See Commercial Consortium, 135 B.R. at 125. Debtors have not discussed the financial condition of the estate or its administrative solvency. Until a sufficient record is established in the Court, no fee petitioner can meet this requirement. Evidence supporting administrative solvency has yet to be provided.

Lacking information, Debtor's proposed fee application procedure cannot be evaluated for its potential impact against secured creditors and is not appropriate. If Debtors' interim fee application procedure is approved by the Court, there may not be sufficient funds remaining to pay Washington Trust's secured claim, a result

WASHINGTON TRUST BANK'S OBJECTION
TO DEBTORS' MOTION TO ESTABLISH
INTERIM FEE APPLICATION AND EXPENSE
REIMBURSEMENT PROCEDURES: 13

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

that should not be permitted. As such, Debtors' proposed procedure for interim fee applications are improper.

The Court should not authorize Debtors' proposed procedure for interim fee applications without evaluating the financial condition of the Debtors' estates. Since the bankruptcy schedules will not be filed until after the objections to this Motion are due, the Court, at a minimum, should abstain from ruling until it and the creditors have had reasonable time to evaluate the schedules. Such an evaluation may reveal a likelihood of administrative insolvency and would thus make an award of interim compensation inappropriate.

## IV. CONCLUSION

For the reasons set forth above, Washington Trust requests that the Court deny the Motion.

DATED this 7th day of April, 2021.

LUKINS & ANNIS, P.S.

By _____
TREVOR R. PINCOCK
WSBA #36818
JED W. MORRIS
WSBA #13832
BURKE D. JACKOWICH
WSBA #31722
Attorneys for Washington Trust Bank

WASHINGTON TRUST BANK'S OBJECTION TO DEBTORS' MOTION TO ESTABLISH INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES: 14

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

21-00141-WLH11    Doc 530    Filed 04/07/21    Entered 04/07/21 15:26:01    Pg 14 of 14