ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for the Chapter 11
Debtors and Debtors in Possession*

HON. WHITMAN L. HOLT
HEARING DATE: May 19, 2021
HEARING TIME: 11:00 a.m.
RESPONSE DUE: May 12, 2021
LOCATION: Telephonic

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re

EASTERDAY RANCHES, INC., *et al.*

Debtors.[1]

Chapter 11

Lead Case No. 21-00141-11
Jointly Administered

**NOTICE AND DEBTORS' MOTION FOR ORDER EXTENDING THE TIME PERIODS DURING WHICH THE DEBTORS HAVE THE EXCLUSIVE RIGHT TO FILE A PLAN AND TO SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121(D) OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES**

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

MOTION TO EXTEND DEBTORS'
PLAN EXCLUSIVITY DEADLINES –
Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby file this *Notice and Debtors' Motion for Order Extending the Time Periods During Which the Debtors Have the Exclusive Right to File a Plan and to Solicit Acceptances Thereof Pursuant to Section 1121(d) of the Bankruptcy Code* (the "Motion"). The Debtors request entry of an order (a) extending their exclusive period for filing a plan by one-hundred-twenty-seven (127) days for Ranches and by one-hundred-twenty (120) days for Farms, through and including October 6, 2021, (b) extending their exclusive period for obtaining acceptances of such plan by one-hundred-twenty-eight (128) days for Ranches and by one-hundred twenty-one (121) days for Farms through and including December 6, 2021, and (c) preserving the right to seek further extensions for cause shown.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on this Notice and Motion, the declaration of T. Scott Avila, the Debtors' Co-Chief Restructuring Officer, the arguments of counsel, and any other admissible evidence properly brought before this court at or before the hearing on his Motion.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on **May 19, 2021 at 11:00 a.m. (Pacific Time)** by telephone as set forth below.

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the relief sought in the Motion must be filed with the Bankruptcy Court on or before **May 12, 2021 at 5:00 p.m. (Pacific Time)**.

**PLEASE TAKE FURTHER NOTICE that, pursuant to court orders responding to the COVID-19 pandemic, any party that wishes to address the court, or appear without addressing the court, must appear by telephonic appearance. The telephone conference call-in number is (877) 402-9757, Access Code: 7036041.**

MOTION TO EXTEND DEBTORS'
PLAN EXCLUSIVITY DEADLINES –
Page 2

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ed26bz019x

21-00141-WLH11    Doc 631    Filed 04/27/21    Entered 04/27/21 14:17:29    Pg 2 of 12

DATED April 26, 2021  BUSH KORNFELD LLP

*/s/ Thomas A. Buford, III*
_____
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (Admitted *Pro Hac Vice*)
JEFFREY W. DULBERG (Admitted *Pro Hac Vice*)
JASON H. ROSELL (*Admitted Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors and Debtors in Possession*

MOTION TO EXTEND DEBTORS'
PLAN EXCLUSIVITY DEADLINES –
Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

By this Motion, each of the Debtors, pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), is seeking entry of an order (a) extending the exclusive periods to file and solicit a plan through and including October 6, 2021 and December 6, 2021, respectively, (b) preserving the right to seek further extensions upon cause, and (c) any other relief that is necessary and proper. This Motion is based upon this Motion and Memorandum of Points and Authorities, the Notice of Motion, and the Declaration of T. Scott Avila filed concurrently herewith and incorporated herein by reference, all pleadings and papers on file in this case, the oral argument of counsel, and any evidence submitted to the court prior to or during the hearing on this Motion.

# STATEMENT OF FACTS

**A.     Jurisdiction and Venue**

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**B.     General Background**

On February 1, 2021, Easterday Ranches, Inc. ("Ranches") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before this court.

On February 8, 2021, Easterday Farms, a Washington general partnership ("Farms" and together with Ranches, the "Debtors"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before this court.

On February 16, 2021, the Office of the United States Trustee (the "UST") filed its *Notice of Appointment of Committee of Unsecured Creditors in a Chapter 11*

MOTION TO EXTEND DEBTORS'
PLAN EXCLUSIVITY DEADLINES –
Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 631    Filed 04/27/21    Entered 04/27/21 14:17:29    Pg 4 of 12

*Reorganization Case*, as amended [Docket Nos. 152, 154, and 155], thereby appointing the unsecured creditors committee in Ranches' case (the "Ranches Committee").

On February 22, 2021, the UST filed its *Notice of Appointment of Committee of Unsecured Creditors in a Chapter 11 Reorganization Case*, as amended [Docket Nos. 187, and 188], thereby appointing the unsecured creditors committee in Farms' case (the "Farms Committee" and together with the Ranches Committee, the "Committees").

The Debtors continue to operate and manage their business and affairs as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

Additional information about the Debtors' historical business operations, capital structure, and the events leading up to the commencement of these chapter 11 cases, is set forth in the *Declaration of T. Scott Avila in Support of First Day Motions* [Docket No. 93], which is incorporated herein by reference.

### C. The Plan Filing and Solicitation Deadlines

Under section 1121 of the Bankruptcy Code, the Debtors have the exclusive right to file a plan for the 120 days after each of their respective Petition Dates and the exclusive right to solicit acceptances thereto for the 180 days after such Petition Dates.

The current plan filing and solicitation exclusivity periods (the "Exclusivity Deadlines") expires for each of the Debtors is set forth in the chart below:

| Exclusivity Period | Ranches | Farms |
|---|---|---|
| Plan Filing Expiration | June 1, 2021 | June 8, 2021 |
| Plan Solicitation Expiration | July 31, 2021 | August 7, 2021 |

### RELIEF REQUESTED

The Debtors have been actively working to administer these cases as expeditiously as possible. Among other things, the Debtors' efforts thus far in these cases have included the following:

MOTION TO EXTEND DEBTORS'
PLAN EXCLUSIVITY DEADLINES –
Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 631    Filed 04/27/21    Entered 04/27/21 14:17:29    Pg 5 of 12

- Successfully negotiating with Tyson Fresh Meats, Inc. ("Tyson") regarding a support agreement to ensure Ranches' continued access to funds for the maintenance of cattle and operations;
- Addressing two motions filed by Tyson and Washington Trust Bank, respectively, for the appointment of a chapter 11 trustee;
- Negotiating with vendors and suppliers to ensure continued and reliable access to business-related supplies;
- Building and finalizing cash forecasts and budgets for continued operations, and negotiating regarding those budgets with numerous stakeholders in these cases;
- Negotiating with Lamb Weston, a key customer of Farms, regarding their accelerated purchase and payment for specialized potatoes, providing vital liquidity to the Debtors' estates (see Dkt. Nos. 361and 476);
- Retaining a real estate broker, and working with the broker to complete material third party due diligence regarding the Debtors' real estate assets and to continue a robust marketing and auction process. Through these efforts, the Debtors have contacted more than 1,000 third parties regarding their potential interest in the sale process and have compiled a robust data room with information relating to the marketed assets (see Dkt. Nos. 360 and 538);
- Responding to extensive information and diligence requests from *each* of the two Committees in these cases; and
- Preparing and finalizing Schedules of Assets and Liabilities and Statements of Financial Affairs for both Debtors.

In addition to the foregoing, when these cases were filed they were facing a short window of time remaining for planting crops on their producing properties. The Debtors expended significant efforts to finalize grow plans or otherwise address upcoming lease obligations for these properties. These efforts included:

- Completing a marketing process regarding leases for real property in the Basin City, Washington area, ultimately resulting in entry of orders rejecting those leases (see Dkt. Nos. 260 and 388);
- Negotiating with the landlord for the Debtors' Lindsay Canyon lease, ultimately resulting in a favorable agreement that provided for rejection of the lease, $2.0 million in cash payments to the Debtors, plus extension of a $2.0 million unsecured debtor-in-possession financing facility (see Dkt. Nos. 465 and 518);

MOTION TO EXTEND DEBTORS' PLAN EXCLUSIVITY DEADLINES – Page 6

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 631    Filed 04/27/21    Entered 04/27/21 14:17:29    Pg 6 of 12

- Completing a solicitation process to locate financing or third-party lease arrangements for productive farming operations on the Debtors' real property in Benton County, Washington. These efforts ultimately resulted in the Debtors' finalization of a 2021 grow plan involving the planting of wheat on these properties.

Clearly, the Debtors have been making steady progress in these cases, having received court authority to reject multiple leases, engage in short-term leasing procedures for idle farm equipment, and enter into DIP financing among many other achievements. To expeditiously administer these bankruptcy cases while maximizing the value of their estates, and in accordance with the Debtors' settlements of disputes with Tyson and Washington Trust Bank, the Debtors are moving forward with an orderly marketing process for the sale of their assets in accordance with the negotiated *Stipulation By and Between Debtors and Non-Debtor Sellers Regarding Cooperation With Respect to the Sale of Debtor and Non-Debtor Assets between the Debtors and the non-Debtor parties thereto* (the "Cooperation Agreement").

Notwithstanding their outstanding progress, neither of the Debtors is in a position to propose a plan at this time. The Cooperation Agreement is yet to be finalized or approved and, more critically, the disentangling of claims and interests between the two Debtors, as well as between the Debtors and non-Debtor holders of related real property interests, has yet to occur. Accordingly, the Debtors request entry of an order (a) extending the Exclusivity Deadline for filing a plan by one-hundred-twenty-seven (127) days for Ranches and by one-hundred twenty (120) days for Farms, through and including October 6, 2021, (b) extending the Exclusivity Deadline for obtaining acceptances of such plan by one-hundred-twenty-eight (128) days for Ranches and by

MOTION TO EXTEND DEBTORS' PLAN EXCLUSIVITY DEADLINES – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

one-hundred twenty-one (121) days[2] for Farms through and including December 6, 2021, and (c) preserving the right to seek further extensions for cause shown.

## ARGUMENT

Section 1121(d) of the Bankruptcy Code authorizes bankruptcy courts to extend the exclusive periods to file a plan and solicit votes (the "Exclusive Periods") "for cause" after notice and a hearing. Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (*quoting* H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), *reprinted in* 1978, U.S.C.C.A.N. 5963, 6190); *In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility").

To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors. *See, e.g., In re McLean Indus., Inc.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

Courts have relied on a variety of factors when determining whether cause exists for an extension of the Exclusive Periods, each of which may provide sufficient grounds for extending the Exclusive Periods. These factors include (a) the size and complexity of the case, (b) the necessity of sufficient time to negotiate and prepare adequate information, (c) the existence of good faith progress toward reorganization, (d) whether the debtor is paying its debts as they come due, (e) whether the debtor has demonstrated

---

[2] The 120th day falls on a Sunday.

MOTION TO EXTEND DEBTORS' PLAN EXCLUSIVITY DEADLINES – Page 8

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

reasonable prospects for filing a viable plan, (f) whether the debtor has made progress in negotiating with creditors, (g) the length of time the case has been pending, (h) whether the debtor is seeking the extension to pressure creditors, and (i) whether unresolved contingencies exist. *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997). In assessing a debtor in possession's first request for an extension of the Exclusive Periods under section 1121(d), "bankruptcy courts apply a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied." *In re Apex Pharmaceuticals, Inc.*, 203 B.R. 432, 441 (N.D. Ind. 1996).

Under these standards, cause has been found to extend the exclusive periods where the debtor has worked diligently to propose a plan, the case is large and complex and the extension was neither indefinite nor used to force a creditor to accept an undesirable plan. *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989) (affirming an extension for one and one half years where the debtor had not yet proposed a plan acceptable to creditors, but progress had been made); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) (the pace of the turnaround effort had been reasonably rapid, even though the debtor had produced only losses and the ultimate success of the turnaround efforts was as yet unknowable); *In re Texaco, Inc.*, 76 B.R. at 327 (where the extension was not for the purpose of allowing the debtor to prolong reorganization while pressuring a creditor to accept an undesirable plan); *In re Texaco, Inc.*, 81 B.R. 806, 812-13, (Bankr. S.D.N.Y. 1987) (granting subsequent extension where several constituencies supported debtor's plan, there was no evidence the debtor was using the extension to pressure acceptance of the plan, and there was no evidence the plan violated any requirements under section 1123 of the Bankruptcy Code).

MOTION TO EXTEND DEBTORS'
PLAN EXCLUSIVITY DEADLINES –
Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 631    Filed 04/27/21    Entered 04/27/21 14:17:29    Pg 9 of 12

Applying these standards, the Ninth Circuit Bankruptcy Appellate Panel affirmed the extension of exclusivity where the bankruptcy court "saw the situation as: (a) a first extension; (b) in a complicated case; (c) that had not been pending for a long time, relative to its size and complexity; (d) in which the debtor did not appear to be proceeding in bad faith; (e) had improved operating revenues so that it was paying current expenses; (f) had shown a reasonable prospect for filing a viable plan; (g) was making satisfactory progress negotiating with key creditors; (h) did not appear to be seeking an extension of exclusivity to pressure creditors; and (i) was not depriving the Committee of material or relevant information." *In re Henry Mayo Newhall Memorial Hosp.*, 282 B.R. 444, 452 (9th Cir. BAP 2002). The panel further noted: "We also agree with the *Dow Corning* court that a transcendent consideration is whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution." *Id.* (citing *In re Dow Corning*, 208 B.R. at 670).

The Debtors believe that cause exists to grant the requested relief for the following reasons:

First, the Debtors are engaged with the Committees. Immediately after the Committees' selection of counsel, the Debtors and their advisors began communicating and exchanging information with the Committees and their advisors. The Committees have been fully engaged in the sale process and have generally expressed support for the Cooperation Agreement which provides the best opportunity to achieve efficient value in these cases. On April 19, 2021, the Ranches Committee terminated its employment with its counsel, Dentons US LLP ("Dentons") and hired Cooley LLP ("Cooley") as its successor counsel. The Debtors have been actively working with Cooley to get them up to speed on the cases and not duplicate efforts taken to date by Dentons, and anticipate working closely with the Committees during the coming weeks as the sales process progresses.

MOTION TO EXTEND DEBTORS'
PLAN EXCLUSIVITY DEADLINES –
Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

<u>Second</u>, the Debtors have been actively engaged in administering their chapter 11 cases. See, e.g., pp. 5-6 herein.

<u>Third</u>, the Debtors' cases have been pending for a very short period of time, less than 90 days.

<u>Fourth</u>, the Debtors have obtained inexpensive debtor-in-possession financing, are paying their debts as they come due and are filing their monthly operating reports timely.

<u>Fifth</u>, this Motion constitutes the Debtors' first request to extend the plan exclusivity periods. The Debtors request an extension of the Exclusivity Deadlines to file a plan and solicit acceptances thereof through and including October 6, 2021 and December 6, 2021, respectively. The relief requested is not a delay tactic or a means to pressure the Committees or creditors. In fact, the Debtors believe that additional time is necessary so that the Debtors can effectuate the sale of assets in conjunction with the Cooperation Agreement and then begin formulating the terms of plan.

Based on the foregoing, the Debtors submit that good cause exists for the relief requested herein and that such relief is in the best interest of the estates.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the court enter an Order (a) extending each of the Debtors' exclusive periods to file a plan through and including October 6, 2021; (b) extending each of the Debtors' exclusive periods to solicit acceptance of such plan through and including December 6, 2021; and (c) granting such other and further relief as the court deems proper.

DATED April 26, 2021    BUSH KORNFELD LLP

*/s/ Thomas A. Buford, III*
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

MOTION TO EXTEND DEBTORS' PLAN EXCLUSIVITY DEADLINES – Page 11

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 631    Filed 04/27/21    Entered 04/27/21 14:17:29    Pg 11 of 12

RICHARD M. PACHULSKI (Admitted *Pro Hac Vice*)
JEFFREY W. DULBERG (Admitted *Pro Hac Vice*)
JASON H. ROSELL (*Admitted Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors and Debtors in Possession*

MOTION TO EXTEND DEBTORS'
PLAN EXCLUSIVITY DEADLINES –
Page 12

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104