# **EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al*., | Lead Case No. 21-00141-11 Jointly Administered |
| Debtors.[2] | **NOTICE OF RULE 2004 EXAMINATION OF THE DEBTORS AND NON-DEBTOR PARTIES WITH ACCOMPANYING REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO:    [*See* list of Debtors and Non-Debtor Parties in **Exhibit 2**.]

Please take notice that pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Washington, the Official Committee of Unsecured Creditors of Easterday Ranches, Inc. (the "Ranches Committee") in the above-captioned matter pending in the United States Bankruptcy Court for the Eastern District of Washington, you are hereby commanded to produce for inspection and copying all documents and communications set forth in the in accordance with the Definitions and Instructions attached hereto as **Attachment A**.

---

[2] The Debtors, along with their case numbers, are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

21-00141-WLH11    Doc 644-1    Filed 04/27/21    Entered 04/27/21 18:01:58    Pg 2 of 24

Dated: _____ __, 2021

Christopher B. Durbin (WSBA #41159)
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101
Tel.: (206) 452-8700
Fax: (206) 452-8800
Email: cdurbin@cooley.com

Cullen D. Speckhart (*pro hac vice*)
Jay R. Indyke (*pro hac vice*)
Michael Klein (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Tel.: (212) 479-6000
Fax: (212) 479-6275
Email: cspeckhart@cooley.com
        jindyke@cooley.com
        mklein@cooley.com

*Proposed Counsel to the Official
Committee of Unsecured Creditors of
Easterday Ranches, Inc.*

# ATTACHMENT A

## I.   DEFINITIONS AND INSTRUCTIONS

With regard to the following Requests for Production, the following definitions and general instructions shall apply.  In responding to each Request, furnish all such information that is in your possession, under your control, and/or available to you, not merely such information as you feel may address the request or which may solely be in your possession.  Additionally, each Request requires you to produce information in the possession and/or control of your agents, representatives, and attorneys.

**A.**  The following **DEFINITIONS** shall apply to these Requests:

1.    "**ADVISOR**" means any advisor, including accountants, tax or other financial or legal advisors to one or more EASTERDAY or EASTERDAY ENTITY.

2.    "**AGENCY**" means any federal or state law-enforcement or regulatory agency, INCLUDING the United States Department of Justice, the United States Attorney's Office for the Eastern District of Washington, the United States Securities and Exchange Commission, the United States Department of Agriculture, and the Commodities Futures Trading Commission.

3.    "**AND**" and "**OR**" shall be construed in its broadest sense and, conjunctively or disjunctively, as necessary to make the Interrogatory or Request inclusive rather than exclusive.

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

21-00141-WLH11    Doc 644-1    Filed 04/27/21    Entered 04/27/21 18:01:58    Pg 3 of 24

4. **"BANKRUPTCY CASE"** means the chapter 11 cases of the Debtors filed in the U.S. Bankruptcy Court for the Eastern District of Washington, and jointly administered under case no. 21-00141-11.

5. **"COMMUNICATION(S)"** is used in its broadest sense, and means any transmission of information from one PERSON or entity to another, by any means.

6. **"CONCERNING"** shall be construed in its broadest sense to require information, things, COMMUNICATIONS, or DOCUMENTS that reflect, relate to, identify, constitute, embody, describe, discuss, summarize, evidence, reference, comment on, or concern in any way the subject matter of the request.

7. **"CONSIDERATION"** means the amount of any cash or any type of property, or any right, provided for in exchange for any type of property.

8. **"DEBTOR(S)"** means (a) Easterday Farms, GP, a Washington General Partnership (**"FARMS"**); and (b) Easterday Ranches, Inc., a Washington Corporation (**"RANCHES"**); including the accountants, affiliates, agents, consultants, employees, financial advisors, legal counsel, officers, representatives of any kind, and subordinates of Farms and/or Ranches.

9. **"DOCUMENT(S)"** shall have the widest meaning accorded to it, INCLUDING all paper, film, tape or other material upon which any verbal, graphic or pictorial information or image is written, printed, typed, drawn, punched, produced or reproduced in any fashion, including but not limited to, all correspondence, memoranda, emails, SMS text messages and any other electronic messaging format

(*e.g.*, WhatsApp, Slack, etc.), inter-office and intra-office communications, notes, agreements, contracts, charts, quotations, accounting records, audit work paper, work sheets, cost sheets, ledgers, price quotations, proposals, bids, receipts, manuals, lists, tables, financial analyses, diagrams, leases, sales records, requisitions, vouchers, envelopes, acknowledgments, purchase orders, invoices, canceled and not-cancelled checks or drafts, studies, records, reports, minutes, photographs, drawings, sketches, brochures, schedules, calendars, diaries, video or audio tape recordings, photographs, photocopies and computer-sorted or computer-retrievable information, computer print-outs, discs, tapes, and programs or other data compilations from which information can be obtained or translated into usable form. "DOCUMENT" also INCLUDES not only originals but also any copies containing or having attached thereto any alterations, notes, comments or other material not appearing on the original, and shall also include drafts, revisions of drafts and other preliminary material, from whatever source, underlying, supporting or used in the preparation of any document. "DOCUMENT" also INCLUDES any removable "post-it" notes or other attachments affixed to any of the foregoing and any other physical evidence of any kind.

10. "**EASTERDAY(S)**" means, individually and collectively:

    a.   Cody Easterday;

    b.   Debby Easterday;

    c.   Karen Easterday;

21-00141-WLH11   Doc 644-1   Filed 04/27/21   Entered 04/27/21 18:01:58   Pg 5 of 24

| | | |
|---|---|---|
| 1 | d. | Gale Easterday, INCLUDING his estate; |
| 2 | e. | Kimberly Easterday; |
| 3 | f. | Scott English; |
| 4 | g. | Jody Easterday; |
| 5 | h. | Andrew Willis; |
| 6 | i. | Cully Easterday; and |
| 7 | j. | Shani Easterday. |

11. "**EASTERDAY ENTITY/IES**" means, individually and collectively:

    a. Easterday Farms Dairy, LLC;

    b. Easterday Farms Produce Co.;

    c. English Hay Company, Inc.;

    d. EPO, LLC;

    e. 3E Properties, LLC; and

    f. G2E2, LLC.

12. "**IDENTIFY**" means,

    a. when used with a reference to a natural person, to state the full name and address, and, where applicable, the present position and business affiliation and address thereof if known, and if known, each prior position and business affiliation for the time period covered by these requests;

    b. when used with reference to any entity other than a natural person, to state its full name and the present or last known address of its principal office and

21-00141-WLH11    Doc 644-1    Filed 04/27/21    Entered 04/27/21 18:01:58    Pg 6 of 24

place of business and the type of entity (corporation, partnership, etc.) where applicable, the state and date of incorporation or other creation, and the identity of each person or entity holding an ownership interest in the entity for the time period covered by these requests; and

   c. when used with reference to a DOCUMENT, to state the date and author (and if difference, the signer or signers), the address, type of document (*e.g.*, letter, memorandum, chart) and its present or last known location or custodian; and, if any such DOCUMENT was, but is no longer in your possession or subject to your control, to state the disposition which was made of it, the reason for such disposition and the date thereof; provided that, in lieu of identifying any DOCUMENT, YOU may make it available to counsel for inspection and copying by so stating in YOUR response to the Request.

13. "**INCLUDING**" shall be construed in its broadest sense to mean "including without limitation."

14. "**NON-DEBTOR PARTIES**" means the EASTERDAYS, EASTERDAY ENTITIES, Weyns Farms LLC, TYSON, Segale Properties LLC, and CHS Hedging, LLC.

15. "**NOTICE OF EXAMINATION**" means the Notice of Rule 2004 Examination of the Debtors and Non-Debtor Parties with Accompanying Request for Production of Documents.

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

16. **"NORTH LOT"** means the property known as Easterday Ranches North Feedyard, described as approximately 1,545.69 acres and having a capacity of 26,000 head of cattle weighing over 700 pounds, with improvements include among the main office, maintenance shop, processing/ hospital barns, horse barn, generator shed, feed mill complex, and several ancillary buildings, grain storage bins, pipe and cable pens, continuous pour, concrete feed bunks, watering system, and all-weather roads.

17. **"NORTH LOT SALE"** means the purchase and sale transaction CONCERNING the NORTH LOT that closed on or about January 22, 2021.

18. **"PERSON"** means the plural as well as the singular, and includes any natural persons, corporations, and their subsidiaries, affiliates, or parents, associations, organizations, joint ventures, firms, partnerships, sole proprietorships, trusts, estates, or any other business, governmental, or legal entities, including any divisions or departments within any of the aforementioned.

19. **"RELATING TO"** shall be construed in its broadest sense to require information, things, COMMUNICATIONS, or DOCUMENTS that reflect, relate to, identify, constitute, embody, describe, discuss, summarize, evidence, reference, comment on, or concern in any way the subject matter of the request.

20. **"TRANSFER"** means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of, conveying, or parting in full or in part, with an asset or any direct or indirect interest in an asset, INCLUDING

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101
21-00141-WLH11    Doc 644-1    Filed 04/27/21    Entered 04/27/21 18:01:58    Pg 9 of 24

payment or reimbursement of money or any other form of consideration, release, lease, and creation of a lien or other encumbrance.

21. "**TYSON**" means Tyson Fresh Meats, Inc.

22. "**YOU**" or "**YOUR**" means the DEBTOR or NON-DEBTOR PARTY to whom this NOTICE OF EXAMINATION is directed.

**B.** The following **INSTRUCTIONS** shall apply to these Requests:

1. YOUR written responses to these Requests must be served no later than _____, 2021.

2. Unless otherwise stated in a specific Request, the relevant time period applicable to each Request is January 1, 2011 to present.

3. If any DOCUMENT or thing is withheld under claim of privilege, YOU shall provide a list identifying each such DOCUMENT or thing withheld, the privilege(s) claimed with respect thereto, and the following (as applicable): (a) the date of the DOCUMENT; (b) the identity and capacity of the author, sender and addressee of the DOCUMENT; (c) the identity and capacity of each person to whom the original or a copy of the DOCUMENT was furnished; (d) the type of Document or thing (*e.g.*, memorandum, note, letter, etc.); (e) the present location of the DOCUMENT or thing, and the identity and capacity of the PERSON presently in possession, custody or control of it; (f) the subject matter of the DOCUMENT; and (g) the basis for the privilege claimed.

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

4.     If any portion of a DOCUMENT responsive to these Requests is withheld or redacted under a claim of privilege or protection, the non-privileged or unprotected portion of the DOCUMENT must be produced.

5.     In the event that any DOCUMENT is not in YOUR possession, custody or control, specify what disposition was made of it and identify the PERSON in whose possession, custody or control the DOCUMENT or thing is now.

6.     In the event that any DOCUMENT or thing referred to in or encompassed by any Request has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the DOCUMENT or thing at the time of its destruction.

7.     In the event that no DOCUMENT or thing exists which is responsive to a particular request, a written response indicating same shall be provided.

8.     The fact that a DOCUMENT has been or could be produced by another PERSON does not relieve YOU of the obligation to produce YOUR copy of the DOCUMENT, even if both DOCUMENTS are identical.

9.     Produce all DOCUMENTS responsive to these Requests in single-page TIFF or PDF format, with load files demarcating document breaks, providing parent-child information, and including Optical Character Recognition ("OCR") data or full text extraction and certain metadata to be agreed upon by the parties. Responsive documents that are not electronically stored are to be produced (a) in a single-page TIFF format, with load files demarcating document breaks, and containing

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

searchable document text (*i.e.*, OCR data), (b) in a manner which reflects physical boundaries such as boxes, folders, tabs, etc., and (c) in a manner which reflects the DOCUMENT custodian. All spreadsheets (in Excel or similar software programs) are to be produced in native format, together with formulae within the cells of each spreadsheet and any metadata contained in the file. Ranches Committee reserves the right to request other DOCUMENTS in native format and YOU are to maintain any and all documents in their native format. If any DOCUMENT to be produced requires passwords, proprietary platforms or encryption keys to view, they are to be included with YOUR production.

10. This is a continuing request for the production of DOCUMENTS. Accordingly, if YOU obtain or become aware of any DOCUMENTS responsive to these Requests at any time after production, YOU are required to produce such additional DOCUMENTS.

## II. DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1:** DOCUMENTS AND COMMUNICATIONS sufficient to show the information identified in the "First Priority Requests" sent by the Ranches Committee to the DEBTORS via email on or about March 14–15, 2021, INCLUDING:

a. DOCUMENTS sufficient to show the operation of feed sales and delivery procedures from FARMS to RANCHES.

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

**b.** DOCUMENTS sufficient to show the series of events of a sale of feed to RANCHES, *e.g.*, orders, delivery receipts, bills of lading, invoices, lien notices, etc.

**c.** DOCUMENTS confirming all valid liens in favor of FARMS for feed on-site at RANCHES immediately prior to the commencement of the BANKRUPTCY CASE.

**d.** DOCUMENTS confirming all valid liens post-petition.

**e.** DOCUMENTS evidencing terms of sales of feed from FARMS to RANCHES.

**f.** DOCUMENTS evidencing ownership of the feed storage facilities located on RANCHES' property.

**g.** DOCUMENTS evidencing all sales and legal delivery of feed from FARMS to RANCHES from January 1, 2020 to present.

**h.** DOCUMENTS evidencing the current status of all onions, potatoes, and other produce stored on RANCHES' property.

**i.** Financial data for FARMS and RANCHES, INCLUDING any such data created or maintained in QuickBooks or similar software programs, in the form of a complete backup file.

**REQUEST NO. 2**: DOCUMENTS and COMMUNICATIONS sufficient to show the information identified in the "Second Priority Requests" sent by the

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

1  Ranches Committee to the DEBTORS via email on or about March 14–15, 2021,

2  INCLUDING:

3    **a.**    IDENTIFY every current and former member, officer, director, and

4  other PERSONS with any management position of each EASTERDAY ENTITY.

5    **b.**    A description of each and every TRANSFER, whether direct or indirect,

6  of any asset or property owned or held by RANCHES, in an amount greater than

7  $10,000 to any other EASTERDAY ENTITY or EASTERDAY, and any subsequent

8  recipient(s) or beneficiary(ies) of each such TRANSFER.

9    **c.**    IDENTIFY all assets of owned or held by each EASTERDAY with a

10  value (whether or not encumbered) equal to or greater than $1,000, INCLUDING

11  investments, bank or market accounts, pensions, insurance policies, businesses,

12  houses, airplanes, horses, automobiles, boats, motorcycles or other motorized

13  vehicles, art, jewelry, and/or watches.

14    **d.**    IDENTIFY any action taken by CODY EASTERDAY or any other

15  EASTERDAY that resulted in a loss equal or greater than $10,000.

16    **e.**    IDENTIFY every alleged hedging transaction by or on behalf of CODY

17  EASTERDAY, whether resulting in a short or long term gain or loss.

18    **f.**    IDENTIFY all PERSONS with knowledge of (i) CODY

19  EASTERDAY's alleged hedging transactions,[3] and/or (ii) CODY EASTERDAY's

20

21

---

[3] INCLUDING as alleged in the Complaint in the matter captioned *Commodity Futures Trading Commission v. Cody Easterday, et al.*, No. 4:21-cv-05050-SAB (E.D. Wash.) [Dkt. No. 1] .

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

alleged improper conduct with respect to TYSON,[4] prior to the commencement of the BANKRUPTCY CASE, and the date(s) on which each such PERSON first became aware of such alleged hedging losses and/or improper conduct.

**g.** IDENTIFY all PERSONS employed by or acting on behalf of TYSON with respect to CODY EASTERDAY, RANCHES, FARMS, or any other EASTERDAY or EASTERDAY ENTITY.

**h.** IDENTIFY all PERSONS employed by or acting on behalf of RANCHES or any other EASTERDAY ENTITY with respect to any business relationship with TYSON.

**i.** IDENTIFY any TRANSFER of any cattle to TYSON commencing within one year prior to the RANCHES Petition Date by RANCHES, any other EASTERDAY ENTITY, or any EASTERDAY, INCLUDING the date of TRANSFER, the value of the cattle TRANSFERRED, the CONSIDERATION exchanged on account of such TRANSFER, and the names of all PERSONS involved in such TRANSFERS.

**j.** IDENTIFY any TRANSFER by RANCHES, any other EASTERDAY ENTITY, or any EASTERDAY of any cattle not owned, or not believed to be owned, by TYSON, , INCLUDING the date of TRANSFER, the value of the cattle

---

[4] INCLUDING as set forth in the pleadings and filings in the matter captioned *United States v. Cody Allen Easterday*, No. 2:21-cr-06012-SAB-1 (E.D. Wash.) (*e.g.*, Dkt. Nos. 10 & 12).

Cooley LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

21-00141-WLH11    Doc 644-1    Filed 04/27/21    Entered 04/27/21 18:01:58    Pg 16 of 34

TRANSFERRED, the CONSIDERATION exchanged on account of such TRANSFER, and the names of all PERSONS involved in such TRANSFERS.

k.      IDENTIFY each EASTERDAY and other PERSON who works or worked with the EASTERDAYS or an EASTERDAY ENTITY, with knowledge of the NORTH LOT SALE.

l.      IDENTIFY all TRANSFERS from RANCHES to any EASTERDAY or EASTERDAY ENTITY made within one year of the RANCHES Petition Date in an amount equal to or greater than $10,000.

m.      IDENTIFY all TRANSFERS made from RANCHES to any EASTERDAY or EASTERDAY ENTITY made for no value or less than reasonably equivalent value.

n.      IDENTIFY all TRANSFERS made to RANCHES from any EASTERDAY or EASTERDAY ENTITY that was made for no value or less than reasonably equivalent value.

o.      IDENTIFY all ADVISORS to RANCHES or FARMS, their dates of retention, the subject matter of their retention, and the amount paid to them all work performed.

p.      IDENTIFY any formal or informal DOCUMENT or information request by any AGENCY from January 1, 2015 to present, directed to RANCHES, FARMS, or any other EASTERDAY ENTITY or EASTERDAY.

21-00141-WLH11    Doc 644-1    Filed 04/27/21    Entered 04/27/21 18:01:58    Pg 15 of 24

**REQUEST NO. 3:** All DOCUMENTS and COMMUNICATIONS requested by the Ranches Committee via email to the DEBTORS on or about March 14–15, 2021, INCLUDING:

a. All DOCUMENTS, COMMUNICATIONS, or other information provided or produced by RANCHES, FARMS, or any other EASTERDAY ENTITY or EASTERDAY in response to any formal or informal DOCUMENT or information request by any AGENCY from January 1, 2015 to present.

b. All minutes of board meetings of each EASTERDAY ENTITY.

c. DOCUMENTS RELATING TO TYSON, INCLUDING the alleged fraud against TYSON.

d. DOCUMENTS RELATING TO the value of the NORTH LOT.

e. DOCUMENTS RELATING TO the NORTH LOT SALE.

f. DOCUMENTS RELATING TO any TRANSFER made to CODY EASTERDAY.

g. Bank, investment, trading, accounting, and tax DOCUMENTS (*i.e.*, copies of any and all financial records) of each EASTERDAY and EASTERDAY ENTITY, and any RELATED COMMUNICATIONS.

h. All COMMUNICATIONS between (i) TYSON and (ii) CODY EASTERDAY and/or GALE EASTERDAY.

i. All COMMUNICATIONS between (i) CODY EASTERDAY and/or GALE EASTERDAY, and (ii) any commodities broker.

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

**j.** All COMMUNICATIONS between or among any EASTERDAY or EASTERDAY ENTITY CONCERNING any TRANSFER with a value equal to or greater than $10,000.

**k.** With respect to each EASTERDAY and each EASTERDAY ENTITY, all DOCUMENTS RELATING TO:

    i.      all deeds and title TRANSFERS, INCLUDING with respect to real properties located at (A) 1427 North First Avenue, Pasco, WA; (B) 5235 North Industrial Way, Pasco, WA; and (C) 4030 Deerpark Boulevard, 100, Elkton, FL.

    ii.      all TRANSFERS to or from RANCHES of an amount equal to or greater than $10,000;

    iii.      bank accounts and bank records, INCLUDING checking accounts, savings accounts, credit-card accounts, IRAs, money market accounts, pension, annuity, retirement fund, 401(k) or equivalent, mutual fund or brokerage accounts, or safety deposit boxes or vaults, bank statements, cancelled checks (both sides), check registers, wire transfer memoranda, and deposit tickets and items (*e.g.*, ATM and direct deposits);

    iv.      share registers;

    v.      financial statements;

    vi.      contracts with RANCHES or FARMS;

    vii.      invoices from or to RANCHES and FARM;

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

viii.    liens against any properties owned by any EASTERDAY or EASTERDAY ENTITY;

ix.    liens held by any EASTERDAY or EASTERDAY ENTITY against RANCHES or FARMS;

x.    as-filed federal, state, and local tax returns, INCLUDING any and all amendments thereto filed during the tax years in question;

xi.    state personal property tax statements; and

xii.    third-party contracts for property and improvements.

**l.**    DOCUMENTS sufficient to show all transactions involving personal residences and other real estate of each EASTERDAY.

**m.**    All UCC and lien search results for any EASTERDAY ENTITY or EASTERDAY.

**REQUEST NO. 4:** All DOCUMENTS RELATING TO the relationship between the DEBTORS and Segale Properties LLC, INCLUDING livestock transactions, real estate transactions, and loan transactions.

**REQUEST NO. 5:** All DOCUMENTS and COMMUNICATIONS RELATING TO any insurance applications, coverage correspondence, reservations of rights letters, and/or claims submitted by or on behalf of any DEBTOR, EASTERDAY, or EASTERDAY ENTITY from January 1, 2011 to present.

**REQUEST NO. 6:** All DOCUMENTS RELATING TO, and COMMUNICATIONS with, CHS Hedging, LLC.

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

**REQUEST No. 7:** All DOCUMENTS RELATING TO Easterday Farms Ltd (Canada).

**REQUEST No. 8:** All DOCUMENTS RELATING TO TYSON's setoff against fee reimbursement obligations on December 2, 2020, as disclosed in part 2, item 6 of RANCHES' Statement of Financial Affairs [Dkt. No. 542].

**REQUEST No. 9:** All DOCUMENTS RELATING TO the election of Craig A. Barbarosh, R. Todd Neilson, and Thomas Saunders, V, as RANCHES' directors on or about January 29, 2021.

**REQUEST No. 10:** All DOCUMENTS RELATING TO the appointment of Peter Richter and Scott Avila as RANCHES' co-Chief Restructuring Officers on or about January 31, 2021.

**REQUEST No. 11:** All DOCUMENTS, INCLUDING flight records, RELATING TO any aircraft owned by DEBTORS or in which DEBTORS have any direct or indirect interest, INCLUDING the Beechcraft King Air C90 identified by Tail No. N190EF.

**REQUEST No. 12:** All DOCUMENTS RELATING TO the estate of GALE EASTERDAY,[5] INCLUDING DOCUMENTS CONCERNING probate proceedings and KAREN EASTERDAY's role and responsibilities as personal representative of the estate.

---

[5] With reference to the action in the Superior Court of Washington for Franklin County, captioned *In re Estate of Gale A. Easterday*, No. 21-4-50004-11, and all other similar or related actions.

21-00141-WLH11    Doc 644-1    Filed 04/27/21    Entered 04/27/21 18:01:58    Pg 19 of 24

**REQUEST NO. 13:** Copies of CODY EASTERDAY's United States Passport(s) used at any time from January 1, 2011 to present, inclusive of all pages of such Passports.

**REQUEST NO. 14:** For each DEBTOR and EASTERDAY ENTITY, copies of all articles of incorporation, membership agreements, operating agreements, partnership agreements, and any other DOCUMENTS CONCERNING the formation, existence, governance or operation thereof.

**REQUEST NO. 15:** For each business entity that is affiliated directly or indirectly with any DEBTOR, EASTERDAY, or EASTERDAY ENTITY, all articles of incorporation, membership agreements, operating agreements, partnership agreements, and any other DOCUMENTS CONCERNING the formation, existence, governance, or operation of each such affiliated business entity.

**REQUEST NO. 16:** All DOCUMENTS CONCERNING any direct or indirect interest held by any DEBTOR, EASTERDAY, or EASTERDAY ENTITY in any foreign or domestic corporation, partnership, joint venture, limited liability company or other business or legal entity from January 1, 2011 to present.

**REQUEST NO. 17:** All DOCUMENTS CONCERNING any direct or indirect interest held by any DEBTOR, EASTERDAY, or EASTERDAY ENTITY from January 1, 2011 to present in (a) any equipment, supplies, cattle, other livestock (including horses and dogs), and any other property used by RANCHES or FARMS in their business operations; (b) any stocks, bonds, securities, mutual funds, or other

publicly or privately traded commodities; and (c) any motor vehicles, INCLUDING all certificates of title, registrations, leasing or rental agreements, and any other evidence of ownership or interest therein.

**REQUEST NO. 18:** All DOCUMENTS CONCERNING, substantiating or listing the purchase, acquisition, or sale by any of the DEBTORS, EASTERDAYS, or EASTERDAY ENTITIES of any precious metals or precious gems, such as gold or silver, jewelry, currency, collectible stamps, or artwork in which any of the DEBTORS, EASTERDAYS, or EASTERDAY ENTITIES currently hold an interest or have held an interest from January 1, 2011 to present, INCLUDING copies of any receipts or invoices and any appraisals or valuation.

**REQUEST NO. 19:** All DOCUMENTS CONCERNING any accounts receivable, notes receivable, or any other form of indebtedness owed to any of the DEBTORS, EASTERDAYS, or EASTERDAY ENTITIES or any entity in which any of the DEBTORS, EASTERDAYS, or EASTERDAY ENTITIES currently hold an interest or have held an interest from January 1, 2011 to present.

**REQUEST NO. 20:** All DOCUMENTS RELATING TO any DEBTOR, EASTERDAY, or EASTERDAY ENTITY, on the one hand, and any of the entities listed below, on the other hand, from January 1, 2011 to present, INCLUDING (a) all transactions or services, (b) all payments, payment history, checks, debits, direct deposits or any form of TRANSFER of funds, or (c) all distributions, payments, TRANSFERS of assets, TRANSFERS of any real property, TRANSFERS of any

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

21-00141-WLH11    Doc 644-1    Filed 04/27/21    Entered 04/27/21 18:01:58    Pg 21 of 24

form of interest in real property, or TRANSFERS or distributions of profits, in any form whatsoever:

    **a.**    Inland Bath & Kitchen, d/b/a IBK, Inc.;

    **b.**    LULU's Craft Bar + Kitchen;

    **c.**    3 Eyed Fish Kitchen + Bar;

    **d.**    Florentyna's Restaurant;

    **e.**    Goulet Properties, LLC;

    **f.**    Segale Properties LLC; and/or

    **g.**    Weyns Farms LLC.

**REQUEST NO. 21:** All DOCUMENTS RELATING TO any domestic or foreign trust in which any DEBTOR, EASTERDAY, or EASTERDAY ENTITY is or has been a settlor, trustee, trust protector, or beneficiary from January 1, 2011 to present.

**REQUEST NO. 22:** All DOCUMENTS CONCERNING any debts in an amount greater than $10,000 paid off or otherwise discharged in any manner by any DEBTOR, EASTERDAY, or EASTERDAY ENTITY from January 1, 2011 to present.

**REQUEST NO. 23:** All DOCUMENTS RELATING TO any appraisals of personal property in which any DEBTOR, EASTERDAY, or EASTERDAY ENTITY holds or held any direct or indirect interest from January 1, 2011 to present.

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

21-00141-WLH11   Doc 644-1   Filed 04/27/21   Entered 04/27/21 18:01:58   Pg 22 of 24

**REQUEST No. 24:** All DOCUMENTS CONCERNING the sale, donation, TRANSFER, gift, or other disposition to any PERSON from January 1, 2011 to present of any stock, bond, security, mutual fund, other publicly or privately traded commodities, real property, jewelry, gemstones, bitcoin or other virtual currency, and/or personal property in which any DEBTOR, EASTERDAY, or EASTERDAY ENTITY holds or held any direct or indirect interest.

**REQUEST No. 25:** All DOCUMENTS RELATING TO any actual or purported purchase of cattle by RANCHES and for which RANCHES was reimbursed by TYSON, pursuant to that certain Cattle Feeding Agreement dated February 20, 2017, as amended, by and between RANCHES and TYSON, from January 1, 2016 to present.

**REQUEST No. 26:** All DOCUMENTS RELATING TO any actual or purported purchase of cattle by RANCHES, INCLUDING the herd of cattle known as "Cattle-3," and any TRANSFER of such cattle by RANCHES to TYSON within one year prior to the RANCHES Petition Date.

**REQUEST No. 27:** All DOCUMENTS RELATING TO Easterday Farms Dairy, LLC, INCLUDING (a) the purchase or acquisition any direct or indirect interest in, or title to, Easterday Farms Dairy, LLC, by any EASTERDAY or other EASTERDAY ENTITY; (b) all sources of funds and financing for such purchase(s) or acquisition(s); and (c) all distributions, payments, TRANSFERS of assets, TRANSFERS of any real property, TRANSFERS of any form of interest in real

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101

21-00141-WLH11    Doc 644-1    Filed 04/27/21    Entered 04/27/21 18:01:58    Pg 23 of 24

property, or TRANSFERS or distributions of profits, in any form whatsoever, to or for the benefit of Easterday Farms Dairy, LLC.

**REQUEST NO. 28:** All DOCUMENTS RELATING TO the Easterday Dairy Note Receivable in the amount of $10,485,000, the Easterday Produce Note Receivable in the amount of $1,750,000, and the Cody Easterday Notes Receivable in the aggregate amount of $2,572,000, as disclosed in part 11, item 70 of RANCHES' Statement of Financial Affairs [Dkt. No. 542].

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101