ARMAND J. KORNFELD (WSBA #17214)   HONORABLE WHITMAN L. HOLT
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
MAXIM B. LITVAK (CA Bar #215852)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel.: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
mlitvak@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-11 |
| Debtors.[1] | Jointly Administered |
| | **DEBTORS' OBJECTION TO: (I) DLL FINANCE, LLC'S MOTION FOR RELIEF FROM STAY AND (II) FARM CREDIT SERVICES OF AMERICA'S MOTION FOR RELIEF FROM STAY** |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141-WLH11) and Easterday Farms, a Washington general partnership (21-00176-WLH11).

DEBTORS' OBJECTION TO MOTIONS TO
RELIEF FROM STAY – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ee10mq0196

21-00141-WLH11    Doc 687    Filed 05/10/21    Entered 05/10/21 16:24:05    Pg 1 of 13

Easteray Ranches, Inc. ("Ranches) and Easteday Farms, a Washington general partnership ("Farms"), the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, hereby submit this objection (the "Objection") to (i) *DLL Finance, LLC's Motion for Relief From Stay* [Docket No. 616] (the "DLL Motion") and (ii) *Farm Credit Services of America's Motion for Relief From Stay* [Docket No. 660] (the "FC Motion", and together with the DLL Motion, the "Motions") filed by DLL Finance, LLC ("DLL") and Farm Credit Services of America, PCA ("Farm Credit", and together with DLL, the "Lenders"), respectively. In support of this Objection, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

The Debtors are well underway in a court-approved process designed to liquidate the Debtors' assets, including the Lenders' collateral, through a competitive and value maximizing sale. Pursuant to certain Milestones (defined below), the Debtors are required to receive court approval of the sale(s) of substantially all of their assets by July 15, 2021 and to confirm a plan of liquidation no later than October 15, 2021. As the Lenders are undoubtedly aware, in either liquidation scenario, the Lenders will receive the return of their respective collateral or the value thereof in the near term. However, rather than allow the Debtors to continue down a path designed to inure to the benefit of *all* of the Debtors' stakeholders, the Motions urge the court to grant the Lenders relief for their sole and exclusive benefit to the detriment of other stakeholders. The court should reject the Lenders' requests and deny the Motions.

It is no surprise then that the legal arguments asserted by the Lenders in the Motions, all of which seek relief from the automatic stay on substantially the same grounds—section 362(d)(1) and (2) of Title 11 of the United States Code (the "Bankruptcy Code")—fall short. No cause exists within the meaning of section 362(d)(1) in light of the Debtors' ongoing sale process, the duration of which is

DEBTORS' OBJECTION TO MOTIONS TO
RELIEF FROM STAY – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 687    Filed 05/10/21    Entered 05/10/21 16:24:05    Pg 2 of 13

guaranteed by the Milestones. Furthermore, and as detailed below, the Debtors are proposing the Adequate Protection Liens (defined below), which will preserve the value of the Lenders' respective interests in the Equipment (defined below) to the extent of any diminution in value thereof, if any. The Adequate Protection Liens coupled with the Debtors' sale process and the Milestones more than adequately protect the Lenders for the limited duration of these cases.

Furthermore, the Lenders are also not entitled to relief under section 362(d)(2) of the Bankruptcy Code. As a gating issue, the Debtors' property at issue is required for the Debtors' ongoing operations, and as such, the continued inclusion of the Equipment in the basket of assets to be sold by the Debtors is required to maximize the value of the Debtors' estates for the benefit of all creditors—not just the Lenders.

Accordingly, and as more fully set forth below, the Motions should be denied.

## BACKGROUND

**A.  General Background**

On February 1, 2021 (the "Ranches Petition Date"), Ranches filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the Eastern District of Washington, Yakima Division.

On February 8, 2021 (the "Farms Petition Date", and together with the Ranches Petition Date, the "Petition Dates"), Farms filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before this court.

The Debtors continue to operate and manage their business and affairs as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

On February 16, 2021, the Office of the United States Trustee (the "UST") appointed the following creditors to the Ranches Official Committee of Unsecured

DEBTORS' OBJECTION TO MOTIONS TO
RELIEF FROM STAY – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Creditors, as amended [Docket Nos. 152, 154, and 155] (the "<u>Ranches Committee</u>"): (i) J.R. Simplot; (ii) Alto Nutrients; and (iii) Animal Health International.

On February 22, 2021, the UST appointed the following creditors to the Farms Official Committee of Unsecured Creditors, as amended [Docket Nos. 187 and 188] (the "<u>Farms Committee</u>" and together with the Ranches Committee, the "<u>Committees</u>"): (i) Labor Plus Solutions, Inc.; (ii) The McGregor Company; (iii) John Deer Financial; (iv) Dykman Electrical Inc.; (v) Two Rivers Terminal; and (vi) Frank Bushman.

Further information regarding the Debtors' business and affairs, capital structure, prepetition indebtedness, and the events leading up to the Petition Dates can be found in the *Declaration of T. Scott Avila in Support of Debtor's Bankruptcy Petition and Emergency "First Day" Motions* [Docket No. 14] and the *Declaration of T. Scott Avila in Support First Day Motions* [Docket No. 93] (together, the "<u>First Day Declarations</u>"), which are incorporated herein by reference.

**B.      Relevant Procedural Background of These Chapter 11 Cases**

On March 4, 2021, the court entered that certain (a) *Order Authorizing Debtor Easterday Ranches, Inc. to Enter Into Settlement Term Sheet with Tyson Fresh Meats, Inc.* [Docket No. 265] and (b) *Order Approving Stipulation by and between Debtor Easterday Fars and Washington Trust Bank (I) Resolving Motion to Appoint Trustee Filed by Washington Trust Bank and (II) Imposing Certain Milestones* [Docket No. 266] (together, the "<u>Milestone Orders</u>"). Pursuant to the terms of the Milestone Orders, each of the Debtors must comply with the following case deadlines (collectively, the "<u>Milestones</u>"):[2]

---

[2] The following summary is provided exclusively for illustrative purposes. In the event of any conflict with the following and the terms of the Milestone Orders, the Milestone Orders shall control.

DEBTORS' OBJECTION TO MOTIONS TO RELIEF FROM STAY – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| EVENT | DEADLINE |
|---|---|
| Deadline to file application to employ real estate broker | March 26, 2021 |
| Deadline to file bid and sale procedures order for the sale of substantially all of the Debtors' assets | March 26, 2021 |
| Outside deadline to obtain court approval of real estate broker retention | May 10, 2021 |
| Outside deadline for entry of an order approving the Debtors' bid and sale procedures order for the sale of substantially all of the Debtors' assets | May 10, 2021 |
| Deadline for the Debtors to file motions for approval of one or more sales, collectively comprising substantially all of the Debtors' assets | June 15, 2021 |
| Deadline for Debtors to file plan(s) of reorganization and disclosure statement(s) | July 1, 2021 |
| Deadline for court approval of the sale(s) of substantially all the Debtors' assets | July 15, 2021 |
| Deadline for entry of an order approving the Debtors' disclosure statement(s) | August 15, 2021 |
| Deadline for entry of an order approving any plan of reorganization filed by the Debtors | October 15, 2021 |
| Outside deadline for the occurrence of an effective date of any plan of reorganization | November 15, 2021 |

On March 12, 2021, the Debtors filed the *Application for an Order Authorizing Employment and Compensation of Root Realty LLC as Broker for the Debtors Nunc Pro Tunc to Petition Dates* [Docket No. 360] (the "Real Estate Broker Retention Application"). On April 9, 2021, the court entered an order approving the Real Estate Broker Retention Application [Docket No. 538].

On March 26, 2021, the Debtors filed the *Motion for (I) an Order Approving Bid Procedures for the Sale of Assets; Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; Scheduling the Auction and*

DEBTORS' OBJECTION TO MOTIONS TO RELIEF FROM STAY – Page 5

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ee10mq0196

21-00141-WLH11   Doc 687   Filed 05/10/21   Entered 05/10/21 16:24:05   Pg 5 of 13

*Sale Hearing; and Granting Related Relief; and (II) an Order Approving the Sale Free and Clear of All Claims, Liens, and Encumbrances; and Approving the Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases* [Docket No. 486] (the "Bid Procedures Motion"). On April 29, 2021, the court entered an order [Docket No. 664] (the "Bid Procedures Order") approving the Bid Procedures Motion.[3] Pursuant to the Bid Procedures Order, the court established procedures for the sale of real property interests "*and related farm equipment and other personal property.*" Bid Procedures Motion at 4:12-13.

On April 20, 2021, the Debtors filed the *Application to Approve Employment of HYPERAMS LLC* (the "Appraiser") [Docket No. 599] (the "Appraiser Retention Application") to appraise all of the Debtors' equipment. On April 28, 2021, the court entered an order approving the Appraiser Retention Application [Docket No. 657]. The Appraiser is expected to complete its work within the next few weeks.

C. **The Equipment Loans**

   i. **The Farm Credit Loan**

On April 7, 2020, Farms, Cody Easterday, and Gayle Easterday, as borrowers, entered into that certain *Retail Installment Contract and Security Agreement* (collectively, with any additions, supplements, modifications, and amendments thereto, the "FC Loan Documents", and the obligations evidenced thereby, the "FC Loans") with RDO Equipment Co. ("RDO") for the purchase of certain equipment more fully described therein (the "FC Equipment").

---

[3] The Debtors have also filed other motions in furtherance of their liquidation efforts. In this regard, on April 27, 2021, the Debtors filed the *Motion to Approve Procedures for Sale and Abandonment of De Minimis Assets* [Docket No. 638] and on May 6, 2021, the *Application to Approve Employment of J&D Aircraft Sales, LLC as Aviation Broker for Debtor Easterday Farms* [Docket No. 675]. The relief requested in the foregoing pleadings is scheduled to be heard at the Debtors' omnibus May 19, 2021 hearing date.

DEBTORS' OBJECTION TO MOTIONS TO
RELIEF FROM STAY – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 687    Filed 05/10/21    Entered 05/10/21 16:24:05    Pg 6 of 13

On April 10, 2020, RDO assigned its interest in the FC Loans to Farm Credit. Farm Credit filed a UCC-1 with respect to the FC Equipment on April 15, 2020.

ii. **The DLL Loans**

At various times prepetition, each of the Debtors entered into certain loans (collectively, the "DLL Loans"), pursuant to the terms of certain *Loan Contract and Security Agreements* (collectively, with any additions, supplements, modifications, and amendments thereto, the "DLL Loan Documents") for the purchase of certain equipment more fully specified therein (the "DLL Equipment", and together with the FC Equipment, the "Equipment") which are summarized as follows:

| DEBTOR | CONTRACT DATE |
|---|---|
| Farms | January 24, 2018 |
| Farms | February 16, 2018 |
| Farms | February 19, 2018 |
| Farms | March 22, 2018 |
| Farms | January 30, 2019 |
| Farms | February 9, 2019 |
| Farms | March 12, 2019 |
| Farms | March 12, 2019 |
| Farms | April 22, 2019 |
| Farms | May 16, 2019 |
| Farms | October 17, 2019 |
| Farms | February 20, 2020 |
| Farms | March 19, 2020 |
| Farms | April 22, 2020 |
| Farms | April 28, 2020 |
| Farms | June 3, 2020 |
| Ranches | June 9, 2020 |

DEBTORS' OBJECTION TO MOTIONS TO RELIEF FROM STAY – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Each of the DLL Loans are guaranteed by each of Gale A. Easterday, Cody A. Easterday, Karen L. Easterday, and Debby Easterday. Additionally, the DLL Loans with respect to Farms are also guaranteed by Ranches.[4]

## OBJECTION

Section 362(d) of the Bankruptcy Code provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization

Section 362(g) provides that the party seeking relief from the automatic stay has the burden of proof with respect to a debtor's equity in property but that the party opposing the termination of the automatic stay carries the burden with respect to all other issues.

**A. Cause Does Not Exist to Terminate the Automatic Stay**

Section 362(d)(1) of the Bankruptcy Code provides for relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." "There is no clear definition of 'cause' so it is left to the bankruptcy court to make a determination on a case-by-case basis." *In re Nelson*, No. 16-44597, 2017 Bankr. LEXIS 529, at *11 (Bankr. W.D. Wash. Feb. 24, 2017)

---

[4] Curiously, DLL has included, and apparently asserts, that certain unsecured guaranty obligations, if any, of Farms and Ranches bear upon the relief sought in the DLL Motion. However, the presence of additional, contingent unsecured liabilities has no bearing upon the relief DLL has requested in the DLL Motion.

DEBTORS' OBJECTION TO MOTIONS TO
RELIEF FROM STAY – Page 8

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(emphasis in original) (citing *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990)).

"While the term 'adequate protection' is not defined in the Code, 11 U.S.C. § 361 sets forth three non-exclusive examples of what may constitute adequate protection: 1) periodic cash payments equivalent to decrease in value, 2) an additional or replacement lien on other property, or 3) other relief that provides the indubitable equivalent." *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984). The determination of adequate protection is a question of fact for the trial court. *In re Bear River Orchards*, 56 B.R. 976, 979 (Bankr. E.D. Calif. 1986).

"Courts have recognized the breadth of adequate protection. 'The goal of adequate protection is to safeguard the secured creditor from diminution in the value of its interest during the Chapter 11 reorganization.'" *In re Pac. Lifestyle Homes, Inc.*, No. 08-45328, 2009 Bankr. LEXIS 711, at *22-23 (Bankr. W.D. Wash. Mar. 16, 2009) (quoting *In re Mosello*, 195 B.R. 277, 288 (Bankr. S.D. N.Y. 1996)).

The Debtors propose to provide the Lenders, solely to the extent of any Diminution in Value,[5] an additional and replacement security interest in and lien on all property and assets of the applicable Debtor's estate (the "<u>Adequate Protection Liens</u>"),[6] provided however, that (a) such security interest and lien shall be (i) junior to any existing, valid, senior, enforceable and unavoidable prior perfected security interests and liens and (ii) *pari passu* with any other adequate protection liens granted by this

---

[5] Diminution in Value shall mean the amount equal to the aggregate diminution in the value of the Lenders' respective interests in the Equipment, with the same validity (or invalidity), perfection (imperfection or avoidable perfection), and priority (or lack of priority) as it exists as of the applicable Debtor's Petition Date (the "<u>Diminution in Value</u>") resulting from the use, sale or lease by the Debtor (or other decline in value) of the Equipment.

[6] For the avoidance of doubt, the Adequate Protection Liens proposed herein are intended to secure a potential adequate protection claim solely with respect to the applicable contracting Debtor's estate.

RELIEF FROM STAY – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

court, including those certain adequate protection liens granted at Docket Nos. 470 and 471, as applicable, (b) with respect to any postpetition financing in these chapter 11 cases, such security interest and lien may be junior to any valid, senior, enforceable security interests and liens granted to any postpetition lenders and authorized by this court in connection with such postpetition financing, and (c) such security interest and lien shall not attach to any claims, defenses, causes of action or rights of the Debtors arising under sections 542-553 of the Bankruptcy Code and applicable state fraudulent transfer law (including all proceeds thereof).

The Adequate Protection Liens proposed hereunder are designed to preserve the value of respective Lender's interests in the Equipment, as of the respective Debtor's Petition Date, until the Equipment is disposed of as part of the Debtors' on going liquidation efforts. The Adequate Protection Liens, coupled with certainty provided to the Lenders that the Debtors' liquidation process must be completed by the deadlines set forth in the Milestones, provide more than ample adequate protection to the Lenders. Accordingly, no cause exists within the meaning of section 362(d)(1) of the Bankruptcy Code.

B. **The Elements of Section 362(d)(2) Are Not Met**

As an alternative to the cause standard in section 362(d)(1), the Bankruptcy Code also allows for termination of the automatic stay if the debtor has no equity in the estate property at issue and such property is not required for an effective reorganization. Here, the Equipment is required for an effective reorganization within the meaning of section 362(d)(2)(B) because the Equipment is necessary for the Debtors' ongoing liquidation process. *See In re Associated Inv'rs Joint Venture*, 91 B.R. 555, 558 (Bankr. C.D. Cal. 1988) (holding "a liquidation plan may satisfy the necessity element of § 362(d)(2)(B)"); *In re EM Lodgings, LLC*, 580 B.R. 803, 813 (Bankr. C.D. Ill. 2018) (holding that an orderly liquidation is within the ambit of effective reorganization

DEBTORS' OBJECTION TO MOTIONS TO RELIEF FROM STAY – Page 10

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

pursuant to section 362(d)(2)(B) of the Bankruptcy Code and collecting cases); *In re Kadlubek Family Revocable Living Tr.*, 545 B.R. 660, 666 (Bankr. D.N.M. 2016) (stating, "[e]ither liquidation or rehabilitation plans may be an "effective reorganization" under § 362(d)(2)(B)"). *See also United Sav. Assn. of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 371 n.14 (5th Cir. 1987), aff'd, 484 U.S. 365 (1988)("[T]here may be circumstances under which the debtor is able to satisfy the "effective reorganization" test of §362(d)(2) by showing that the property at issue is necessary to an effective liquidation of the debtor under Chapter 11, as distinguished from an effective rehabilitation of the debtor.").

As more fully set forth above, the Debtors are well underway in a fulsome marketing and sale process which will culminate in a plan of liquidation by the deadlines set forth in the Milestones. To date, the Debtors have promptly, or more expediently, complied with each and every Milestone that has arisen. In this regard, the Debtors' liquidation efforts are not merely illusory; rather, the Debtors have made substantial progress in their extensive marketing efforts and are on track to propose sale(s) of substantially all of their assets on or before the Milestone to do so. Furthermore, and more fundamentally, the Debtors' orderly liquidation efforts are designed to inure to the benefit of *all* of the Debtors' creditors, not just the Lenders, who seek to recover the equipment for their sole and exclusive benefit.

The automatic stay was enacted to protect debtors *and* creditors by preventing an unfair distribution of estate assets among creditors. *Superior Paint Mfg. v. Lopez-Soto* (*In re Lopez-Soto*), 764 F.2d 23, 27 (1st Cir. 1985), citing House Rep. No. 595, 95th Cong., 2d Sess. 340, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5963, 6297 ("[W]ithout it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors."). Any disruption to the Debtors'

DEBTORS' OBJECTION TO MOTIONS TO RELIEF FROM STAY – Page 11

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ongoing sale efforts, notwithstanding the existing disruptions and distractions of the Motions, may adversely impact the Debtors' ongoing efforts to maximize value for all of the Debtors' stakeholders and is inconsistent with objectives of the automatic stay.

With respect to the existence of the Debtors' equity in the Equipment, the Lenders hold the burden. As more fully set forth in the Appraiser Retention Application, the Debtors' own hundreds of pieces of equipment, including the Equipment, at numerous locations. As part of their diligence process in connection with their efforts to liquidate the Debtors' assets for the benefit of all stakeholders, the Appraiser is in the midst of evaluating and valuing all of the Debtors' equipment, including the Equipment. Accordingly, the Debtors' reserve all rights with respect to their equity in in the Equipment following the conclusion of the Appraiser's evaluation and appraisal of the Equipment.[7]

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that the court enter an (i) order denying the motions, (ii) authorizing the Adequate Protection Liens, and (iii) granting such other and further relief as may be just and proper under the circumstances.

Dated: May 10, 2021         BUSH KORNFELD LLP

/s/ Thomas A. Buford III
THOMAS A. BUFORD, III (WSBA #52969)
BUSH KORNFELD LLP

---

[7] At this critical juncture, the Lenders should not be entitled to catch the Debtors *flatfooted* on a non-substantive, procedural basis due to the disconnect between the deadline to respond to the Motion and conclusion of the Appraiser's evaluation of the Equipment. Accordingly, to the extent that the court determines that the Debtors have not carried their burden in connection with section 362(d)(2)(B), the issue of the Debtors' equity in the Equipment should be continued to a final hearing on the Motions, consistent with section 362(e) of the Bankruptcy Code.

DEBTORS' OBJECTION TO MOTIONS TO
RELIEF FROM STAY – Page 12

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ee10mq0196

21-00141-WLH11    Doc 687    Filed 05/10/21    Entered 05/10/21 16:24:05    Pg 12 of 13

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
MAXIM B. LITVAK (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors and Debtors in Possession*

DEBTORS' OBJECTION TO MOTIONS TO
RELIEF FROM STAY – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104