**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-WLH11<br>Jointly Administered |
| Debtors.[1] | |
| | **SUPPLEMENTAL ORDER (A) APPROVING DESIGNATION OF STALKING HORSE BIDDER AND RELATED BID PROTECTIONS IN CONNECTION WITH AUCTION FOR SALE OF ASSETS; AND (B) GRANTING RELATED RELIEF** |

Upon the *Debtors' Supplemental Motion for Approval of (A) Designation of Stalking Horse Bidder and Related Bid Protections in Connection with Auction for Sale of Assets; and (B) Granting Related Relief* (the "Motion");[2] and the court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the court having found this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the court may enter a final order consistent with Article III of the United States Constitution; and the court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the court having

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

ee27mq0198

considered the statements of counsel, the First Day Declaration, any objections raised, and the evidence presented at the hearing before this court (the "Hearing"); and it appearing that the relief requested in the Motion is reasonable and in the best interests of the Debtors' bankruptcy estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    The statutory predicates for the relief granted herein are sections 105, 363, 503 and 507 of the Bankruptcy Code.

B.    The Debtors' notice of the Motion, the Hearing, and the proposed entry of this Order was sufficient under the circumstances of these Chapter 11 Cases and complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the applicable Local Rules.  Accordingly, no other or further notice of the Motion or the entry of this Order is necessary or required.

C.    The Sellers and the Stalking Horse Bidder negotiated the Stalking Horse APA at arm's length and in good faith, without collusion.  The Stalking Horse APA represents the highest or otherwise best offer for the Property that the Sellers have received to date.  Entry of this Order, including authorization for the Debtors to perform under the Stalking Horse APA (subject to solicitation of higher or otherwise better offers) and approval of the Break-Up Fee and Expense Reimbursement as set forth in the Stalking Horse APA (collectively, the "Bid Protections"), is in the best interests of the Debtors and their respective estates, creditors, and all other parties in interest.

D.    The Stalking Horse Bidder has acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the Stalking Horse Bidder's negotiation of the Stalking Horse APA, subject to (1) its ongoing compliance with the Bidding Procedures and (2) entry of the Sale Order.

E.    The Bid Protections, as set forth in the Stalking Horse APA, are (1) commensurate with the real and substantial benefits conferred upon the Debtors' estates by the Stalking Horse Bidder; (2) reasonable and appropriate in light of the size and

ee27mq0198

nature of the proposed sale contemplated by the Stalking Horse APA, the commitments that have been made by the Stalking Horse Bidder, and the efforts that have been and will be expended by the Stalking Horse Bidder; and (3) necessary to induce the Stalking Horse Bidder to continue to pursue such sale and continue to be bound by the Stalking Horse APA.

F.      Moreover, the Bid Protections are an essential inducement to, and condition of, the Stalking Horse Bidder's entry into, and continuing obligations under, the Stalking Horse APA.  Unless it is assured that the Bid Protections will be available, the Stalking Horse Bidder is unwilling to be bound under the Stalking Horse APA (including the obligation to maintain its committed offer in accordance with the terms of the Stalking Horse APA while such offer is subject to higher or otherwise better bids as contemplated by the Bidding Procedures).  The Bid Protections induced the Stalking Horse Bidder to submit a bid that will serve as a minimum or floor bid for the Property on which the Debtors, their creditors, and other bidders can rely.  The Stalking Horse Bidder has provided a material benefit to the Debtors and their creditors by providing a baseline value, increasing the likelihood of competitive bidding at the Auction, and facilitating participation of other bidders in the sale process, thereby increasing the likelihood that the value of the Property will be maximized through the Debtors' sale process.

G.      Accordingly, the Bid Protections are (i) fair, reasonable and appropriate and designed to maximize value for the benefit of the Debtors' estates; and (ii) actual and necessary costs and expenses of preserving the Debtors' estates within the meaning of sections 503(b) and 507(a) of the Bankruptcy Code; provided, however, that no Bid Protections shall be payable, nor shall the Stalking Horse Bidder seek to compel payment of the Break-Up Fee or Expense Reimbursement other than as set forth in the Stalking Horse APA.

H.      The court further finds that the proposed revised Sale Notice and Publication Notice are reasonably calculated to provide notice to parties-in-interest with

proper notice of the (1) Auction, (2) Sale Objection Deadline, (3) Assumption and Assignment Procedures, (4) Sale Hearing, and (5) Sale.

I.    The findings and conclusions set forth herein constitute the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the preceding findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the preceding conclusions of law constitute findings of fact, they are adopted as such.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion [ECF No. 724] is granted to the extent set forth herein.

2.    All formal and informal objections, if any, to the relief requested in the Motion that have not been withdrawn, waived, or settled are overruled on the merits.

3.    The Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to enter into and perform under the Stalking Horse APA, subject to solicitation of higher or otherwise better offers for the Property.  The Stalking Horse APA is authorized and approved, in the form attached as <u>Exhibit A</u> to the *Notice of Revised (A) Stalking Horse APA; (B) Form of Sale Order; (C) Sale Notice; and (D) Publication Notice* [Docket No. 737], as the stalking horse bid for the Property (the "<u>Stalking Horse Bid</u>").  The Stalking Horse Bidder shall be deemed a Qualified Bidder, and the Stalking Horse Bid shall be deemed a Qualified Bid, for all purposes under the Bidding Procedures Order and Bidding Procedures.

4.    Subject to paragraph 7, the Stalking Horse APA shall be binding and enforceable on the parties thereto in accordance with its terms.  The failure to describe specifically or include any provision of the Stalking Horse APA or related documents herein shall not diminish or impair the effectiveness of such provision.  The Stalking Horse APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, solely in accordance with the terms thereof, without further order of the court; *provided, however*, the parties may

not amend the purchase price, Bid Protections, or make any other changes to the Stalking Horse APA which are materially adverse to the Debtors without further order of the court.

5.     The Bid Protections, set forth in the Stalking Horse APA, are approved. Notwithstanding the foregoing sentence, if the Stalking Horse Bidder is not the Successful Bidder for all the Property and elects to bid on individual farms and the Storage Complex, which it is authorized to do, then the Stalking Horse Bidder's Break-Up Fee (but not its Expense Reimbursement) shall be reduced as follows: (1) as to the Storage Complex, if the Stalking Horse Bidder is not the Successful Bidder, then the Break-Up Fee shall be 2.75% of the dollar amount of the Successful Bidder's purchase price of the Storage Complex (the "Storage Complex Break-Up Fee"); and (2) excluding the Storage Complex Break-Up Fee, if the Stalking Horse Bidder is not the Successful Bidder on any individual farm, the Break-Up Fee shall be reduced by the total acreage that is included in the Stalking Horse Bidder's Successful Bid divided by the total acreage of the Property. The Bid Protections shall be (i) subject to the terms of the Stalking Horse APA, (ii) paid by the Debtors from the sale proceeds of an alternative transaction, (iii) the joint and several obligations of the Debtors, (iv) entitled to administrative expense status under sections 503(b) and 507 of the Bankruptcy Code and senior to other administrative expense claims against the Debtors and (v) survive the termination of the Stalking Horse APA, or dismissal or conversion of the Chapter 11 Cases.

6.     The revised Sale Notice and Publication Notice substantially in the forms attached to this Order as Exhibit 1 and Exhibit 2, respectively, are approved in all respects. No other or further notice of the Bidding Procedures, this Order, the Assumption and Assignment Procedures, the Sale Objection Deadline, the Sale Hearing, relevant objection or other deadlines, or the Sale is required.

7.     For the avoidance of doubt and notwithstanding anything to the contrary contained in this Order, this Order does not approve the sale of Property under the

ee27mq0198

Stalking Horse APA or authorize the consummation of the Sale, such approval and authorization (if any) to be considered only at the Sale Hearing and all rights of all parties in interest to object to such approval and authorization are reserved.

8.     Notwithstanding any term of the Stalking Horse APA or this Order, the court does not make any substantive determination regarding any (i) rights, claims, liens, causes of action, defenses or arguments held by any party or (ii) allocation, ownership, or valuation issues, and, with respect to the foregoing, the rights of all parties, including, without limitation, the Debtors and the Committees, are expressly reserved.

9.     The failure to include or reference a particular provision of the Bidding Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such provision.

10.     In the event of any inconsistencies between this Order and the Motion, or with any prior order or pleading, this Order shall govern in all respects.

11.     This Order shall be binding on and inure to the benefit of the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

12.     This Order shall constitute the findings of fact and conclusions of law.

13.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     The Debtors are authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary or appropriate to implement and effectuate the terms and requirements established and relief granted in this Order.

15.     The court shall retain jurisdiction over any matter or dispute arising from or relating to this Order.

/// END OF ORDER ///

ee27mq0198

Presented by:

 /s/ Thomas A. Buford, III
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (Admitted *Pro Hac Vice*)
IRA D. KHARASCH (Admitted *pro hac vice*)
JEFFREY W. DULBERG (Admitted *Pro Hac Vice*)
JASON H. ROSELL (Admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors and Debtors in Possession*

# Exhibit 1

## Form of Sale Notice

ARMAND J. KORNFELD (WSBA #17214)    HONORABLE WHITMAN L. HOLT
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: akornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
IRA D. KHARASCH (CA Bar #109084)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
ikharasch@pszjlaw.com, jdulberg@pszjlaw.com,
and jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for the Chapter 11 Debtors and
Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.*, | Lead Case No. 21-00141-WLH11 |
| Debtors.[1] | Jointly Administered |
| | **NOTICE OF PROPOSED (A) ACQUISITION BY DEBTORS OF CERTAIN ASSETS OWNED BY THE EASTERDAYS; (B) SALE OF PROPERTY, FREE AND CLEAR OF ALL INTERESTS, INCLUDING LIENS, CLAIMS, LIABILITIES AND** |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141-WLH11) and Easterday Farms, a Washington general partnership (21-00176-WLH11).

**ENCUMBRANCES; (C) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (D) SCHEDULING OF SALE HEARING RELATED THERETO**

**YOU ARE RECEIVING THIS NOTICE BECAUSE IT MAY AFFECT YOUR RIGHTS AS A CREDITOR OF THE ABOVE-CAPTIONED DEBTORS, AS A CREDITOR OF THE EASTERDAYS, OR AS A BIDDER FOR THE PROPERTY DESCRIBED BELOW**

## BACKGROUND

On February 1, 2021, and February 8, 2021, Easterday Ranches, Inc. and Easterday Farms (together, the "Debtors"), respectively, commenced the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court").

The Debtors operate commercial farms and ranches that utilize multiple farms, feedlots, ranches, and other facilities that are commonly referred to as Nine Canyon Farm, Goose Gap Farm, River Farm, Cox Farm, Farm Manager House, and Storage Complex (the "Property"). The Property is owned in part by the Debtors (the "Debtor Property") and in part by Cody Easterday and Debby Easterday, husband and wife, and Karen Easterday, in her individual capacity and as the personal representative of the estate of Gale Easterday, [2] (collectively, the "Easterdays," owners of the "Easterday Property").

To maximize the value of the Debtor Property, the Debtors determined that the Debtor Property should be marketed for sale with the Easterday Property. Likewise, to maximize the value of the Easterday Property, the Easterdays determined that the Easterday Property should be marketed for sale with the Debtor Property. Accordingly, on March 26, 2021, the Debtors filed two motions with the Bankruptcy Court: (i) a motion to approve a cooperation agreement (the "Cooperation Agreement") between the Debtors and the Easterdays (together, the "Sellers") and (ii) a motion (x) establishing a process to sell the Property and (y) to approve the sale of the Property at the conclusion of such process (the "Sale Motion").

---

[2] The administration of the Estate of Gale Easterday is currently pending in Franklin County Superior Court, Case No. 21-450004-11.

On April 28, 2021, the Bankruptcy Court entered an order (the "Cooperation Agreement Order") approving the Cooperation Agreement between and among the Debtors and the Easterdays.

The Sale Motion sought entry of two Bankruptcy Court orders at different times in the sale process: a "Bidding Procedures Order" approving a sale process, including bidding procedures, an auction, sale objection deadline and sale hearing, and a "Sale Order" relating to the Sale itself.

On April 29, 2021, the Bankruptcy Court entered the Bidding Procedures Order which, among other things, (i) approved certain procedures for submitting offers and bidding at an auction ("Bidding Procedures"), including the Debtors' ability to designate a stalking horse bidder for the Property, (ii) approved the procedures for the assumption and assignment of certain executory contracts and unexpired leases, (iii) scheduled a hearing on the sale, and (iv) granted related relief.

On May 19, 2021, in accordance with the Bidding Procedures, the Sellers entered into a Purchase and Sale Agreement (the "Stalking Horse APA") with Farmland Reserve, Inc. (the "Stalking Horse Bidder"), pursuant to which – subject only to higher and better offers:

(i) the Easterdays shall sell, assign, transfer, convey and deliver to the Debtors, and the Debtors shall acquire and accept, all rights, title and interest in and to the Easterday Property, upon which transfer all of the Easterday Property shall constitute property of the Debtors' bankruptcy estates and for which the Easterdays shall receive, subject to the approval of the Bankruptcy Court, an allocable interest in the Net Sale Proceeds, as such term is defined in the Cooperation Agreement;

(ii) the Debtors shall sell, assign, transfer, convey and deliver to FRI, and FRI shall acquire and accept from Debtors, free and clear of all Claims, Rights, and Encumbrances (as defined in the proposed Sale Order), all of the Debtors' rights, title and interest in and to the Property; and

(iii) FRI shall pay $188,000,000 plus any transfer taxes or the like "Purchase Price" for the Property ((i) through (iii), the "Sale").

Also on May 19, 2021, in connection with the entry of the Stalking Horse APA, and in accordance with the Bidding Procedures Order, the Debtors filed with the Bankruptcy Court a motion to supplement the Sale Motion for entry of an order authorizing the Debtors to designate the Stalking Horse Bidder and provide it with certain bid protections as described therein, and granting related relief (the

"Supplemental Bidding Procedures Motion"). The Supplemental Bidding Procedures Motion further supplemented the relief requested in the Sale Motion to include authorization for the Debtors to acquire all rights, title and interest in and to the Easterday Property for the purpose of including the Easterday Property in the sale of the Debtor Property, pursuant to the Stalking Horse APA. On May [●], 2021, the Bankruptcy Court entered an order approving the Supplemental Bidding Procedures Motion (the "Supplemental Bidding Procedures Order").

As described in greater detail below, the proposed Sale Order, if approved, would, among other things, authorize (i) the Debtors to acquire the Easterday Property, including certain executory contracts and unexpired leases, and (ii) the Debtors to consummate the Sale to FRI, free and clear of all Claims, Rights, and Encumbrances, as further set forth in the proposed Sale Order attached as Exhibit F to the Stalking Horse APA.

Copies of the Sale Motion, the Bidding Procedures Order, Supplemental Bidding Procedures Order, the Stalking Horse APA, the proposed form of Sale Order, and all exhibits and documents relating to the foregoing are available through the Bankruptcy Court or may be obtained from the Debtors' bankruptcy counsel by email to Jason Rosell (email: jrosell@pszjlaw.com).

## NOTICE

**PLEASE TAKE NOTICE OF THE FOLLOWING MATTERS RELATING TO THE SALE OF THE PROPERTY:**

## I.      Bidding Procedures and Stalking Horse Bid

Pursuant to the Bidding Procedures Order, **in order for a Potential Bidder's bid to be qualified  for the Auction, it must comply with the Bidding Procedures, including that it must be delivered, so as to be received on or before June 4, 2021 at 4:00 p.m. (Pacific Time) (the "Bid Deadline")**, to: (a) the Debtors, T. Scott Avila, Chief Restructuring Officer (savila@paladinmgmt.com); (b) counsel to the Debtors, Richard M. Pachulski (machulski@pszjlaw.com), Ira D. Kharasch (ikharasch@pszjlaw.com), Jeffrey Dulberg (jdulberg@pszjlaw.com), and Jason Rosell (jrosell@pszjlaw.com); (c) the Debtors' broker, Skye Root (skye@rootagadvisory.com); (d) counsel to the Ranches Committee, Christopher Durbin (cdurbin@cooley.com), Jay R. Indyke (jindyke@cooley.com), Cullen D. Speckhart (cspeckhart@cooley.com), and Michael Klein (mklein@cooley.com); and (e) counsel to the Farms Committee, Joseph M. Welch (jwelch@buchalter.com) and Julian I. Gurule (jgurule@buchalter.com) (collectively, the "Notice Parties").

In order to receive copies of (i) the form of confidentiality agreement to become a Potential Bidder, or (ii) the form asset purchase agreement, kindly submit a request by email to <u>both</u> (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, Attention: Jason Rosell (<u>email: jrosell@pszjlaw.com</u>) <u>and</u> (b) the Debtors' broker, Skye Root (<u>skye@rootagadvisory.com</u>).

In order for a Potential Bidder to obtain access to the Debtors' data room for information concerning the Property, a Potential Bidder must first sign and deliver a confidentiality agreement to the Debtors and provide certain financial data, which must be acceptable to the Debtors. Please refer to the Bidding Procedures for further information concerning submitting a Qualified Bid to participate at the Auction.

## II.     Sale Hearing and Closing

The Sale Hearing is scheduled for **July 14, 2021 at 11:00 a.m. (Pacific Time)** before the Honorable Whitman L. Holt in the United States Bankruptcy Court for the Eastern District of Washington, 402 E. Yakima Avenue, Second Floor Courtroom, Yakima, WA 98901 to consider approval of (i) the acquisition by Debtors of the Easterday Property; (ii) the Sale to the Stalking Horse Bidder or other Successful Bidder(s); and (iii) such other and further relief as may be just and appropriate. Parties may appear at the Sale Hearing by telephone. To make a telephonic appearance, parties must call 877-402-9757; code 7036041. The Sale Hearing is being held to approve the highest or otherwise best offer received for the Property at the Auction, which, if any, will take place on **June 14, 2021, commencing at 10:00 a.m. (Pacific Time),** via videoconference unless otherwise determined by the Debtors and communicated to all Consultation Parties and Qualified Bidders. The Sale Hearing may be adjourned or rescheduled with prior notice filed on the docket of these Chapter 11 Cases or without prior notice by an announcement of the adjourned date at the Sale Hearing.

**THE DEADLINE TO OBJECT TO THE DEBTORS' REQUEST FOR AUTHORIZATION AND APPROVAL TO (1) ACQUIRE THE EASTERDAY PROPERTY, AND (2) SELL THE PROPERTY FREE AND CLEAR OF ALL CLAIMS, RIGHTS, AND ENCUMBRANCES TO THE STALKING HORSE BIDDER OR OTHER SUCCESSFUL BIDDER(S) (EACH, A "<u>SALE OBJECTION</u>") IS JUNE 30, 2021 at 4:00 P.M. (PACIFIC TIME) (THE "<u>SALE OBJECTION DEADLINE</u>").**

Any person or entity wishing to submit a Sale Objection must do so in writing and state with particularity the grounds for such objection or other statement of position. All Sale Objections shall be served so as to be actually received by no later than the Sale Objection Deadline by (i) counsel to the Debtors: (a) Bush Kornfeld LLP, 601 Union Suite, Suite 500, Seattle, WA 98101, Attention: Armand J. Kornfeld

(jkornfeld@bskd.corn) and Thomas A. Buford (tbuford@bskd.com); and (b) Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067, Attention: Richard M. Pachulski (machulski@pszjlaw.com), Ira D. Kharasch (ikharasch@pszjlaw.com), Jeffrey W. Dulberg (jdulberg@pszjlaw.com) and Jason H. Rosell (jrosell@pszjlaw.com); (ii) the Office of the United States Trustee for the Eastern District of Washington, 920 W Riverside Ave, Suite 593, Spokane, WA 99201, Attn: Gary W. Dyer (Gary.W.Dyer@usdoj.gov); (iii) counsel to the Stalking Horse Bidder, Stoel Rives LLP, 600 University Street, Suite 3600, Seattle, WA 98101, Attention: Oren B. Haker (oren.haker@stoel.com) and Ellen E. Ostrow (ellen.ostrow@stoel.com); and (iv) those parties who have filed notices of appearance and/or requested service of all motions and pleadings in these Chapter 11 Cases prior to the date of service thereof.

The failure of any person or entity to file and serve a Sale Objection on or before the Sale Objection Deadline, as applicable, (i) may be deemed to consent to the sale or assignment approved by the Bankruptcy Court and the other relief requested in the Sale Motion and the Supplemental Bidding Procedures Motion, and (ii) may be a bar to the assertion of any objection to the Sale (including in any such case, without limitation, the transfer of the Property free and clear of all Claims, Rights, and Encumbrances).

### III. Assumption and Assignment of the Contracts and Leases

The Sale Order, if approved, shall authorize the assumption and assignment of certain executory contracts and unexpired leases ("Assigned and Assumed Leases and Contracts") to the Stalking Horse Bidder or other Successful Bidder(s). In accordance with the Bidding Procedures Order, individual notices setting forth the Assigned and Assumed Leases and Contracts to be assumed by the Debtors and assigned or sold and transferred to the Stalking Horse Bidder or Successful Bidder(s), and the proposed Cure Amounts for such contracts, will be given to all counterparties to the Assigned and Assumed Leases and Contracts. Such counterparties will be given the opportunity to object to the assumption and assignment, or sale and transfer, of any Assigned and Assumed Leases and Contracts and the proposed Cure Amount. This Notice is subject to the full terms and conditions of the Bidding Procedures and the Bidding Procedures Order, which shall control in the event of any conflict. The Debtors encourage all persons that are parties to Assigned and Assumed Leases and Contracts to review such documents and all other Sale-related documents in their entirety and to consult an attorney if they have questions or want advice.

### IV. Sale of the Easterday Property (including Certain Leases and Contracts)

The Easterday Property will be acquired by the Debtors in consideration for an allocable interest in the Net Sale Proceeds to be determined by the Bankruptcy Court

at a later date, then immediately sold by the Debtors (together with the Debtor Property) to the Stalking Horse Bidder or Successful Bidder(s) free and clear of Claims, Rights and Encumbrances. The Sale Order also is expected to include terms that directly or indirectly protect the Stalking Horse Bidder or other Successful Bidder(s) against claims by the Easterdays' creditors, including successor liability claims and fraudulent transfer claims, including without limitation findings of fact and conclusions of law to the effect that the transfer of the Property to the Stalking Horse Bidder or the Successful Bidder(s) is not intended to hinder, delay, or defraud any of the Sellers' creditors; that the Property is being sold at arms'-length for fair consideration and reasonably equivalent value; and that the Stalking Horse Bidder or the Successful Bidder(s) is a good faith purchaser.

As a result of these terms, the structure of the Sale and the terms of the Sale Order are both intended and expected to limit the Sellers' creditors' rights against the Stalking Horse Bidder or the Successful Bidder(s) and the Property. The Sellers believe that such effects are appropriate and justified by the benefits expected to be received by the Sellers and their creditors, and will request that the Bankruptcy Court approve them pursuant to the Sale Order.

Any of the Sellers' creditors who are opposed to the acquisition of the Easterday Property by the Debtors and/or the Sale to the Stalking Horse Bidder or the Successful Bidder(s) must timely object to the Sale Motion, failing which they may be deemed to have consented to the Sale, regardless of whether such creditors are parties in interest in the Chapter 11 Cases.

\*　　　　　　　\*　　　　　　　\*

**IF YOU FAIL TO TIMELY AND PROPERLY FILE AND SERVE AN OBJECTION AS PROVIDED HEREIN YOU MAY (I) BE DEEMED TO HAVE FOREVER WAIVED AND RELEASED ANY RIGHT TO ASSERT AN OBJECTION TO THE SALE OR THE RELIEF SET FORTH IN THE PROPOSED SALE ORDER, (II) BE DEEMED TO HAVE OTHERWISE CONSENTED TO THE SALE OF THE EASTERDAY PROPERTY TO THE DEBTORS AND THE DEBTORS' SALE OF THE PROPERTY TO THE STALKING HORSE BIDDER OR SUCCESSFUL BIDDER(S) ON THE TERMS SET FORTH IN THE STALKING HORSE APA AND THE SALE ORDER, FREE AND CLEAR OF CLAIMS, RIGHTS, AND ENCUMBRANCES, AND (III) AS A RESULT OF THE FOREGOING BE BARRED AND FOREVER ESTOPPED FROM ASSERTING ANY CLAIMS, RIGHTS, AND ENCUMBRANCES AGAINST THE STALKING HORSE BIDDER OR SUCCESSFUL BIDDER(S) AND THE PROPERTY.**

**THESE CONSEQUENCES MAY APPLY WHETHER OR NOT YOU ARE A CREDITOR OF THE DEBTORS OR OTHERWISE A PARTY IN INTEREST IN THE CHAPTER 11 CASES.**

Dated: May [●], 2021    BUSH KORNFELD LLP

             */s/ Thomas A. Buford, III*
             THOMAS A. BUFORD, III (WSBA 52969)
             BUSH KORNFELD LLP

             RICHARD M. PACHULSKI (admitted *pro hac vice*)
             IRA D. KHARASCH (admitted *pro hac vice*)
             JEFFREY W. DULBERG (admitted *pro hac vice*)
             JASON H. ROSELL (admitted *pro hac vice*)
             PACHULSKI STANG ZIEHL & JONES LLP

             *Attorneys for Debtors and Debtors in Possession*

ee27mq0198

DOCS_SF:105604.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Exhibit 2</u>**

**Form of Publication Notice**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

In re

EASTERDAY RANCHES, INC., *et al.*

Debtors.[1]

Chapter 11

Lead Case No. 21-00141-11
Jointly Administered

## NOTICE OF SALE OF PROPERTY BY AUCTION,
## SALE OBJECTION DEADLINE, AND SALE HEARING

**NOTICE TO CREDITORS OF EASTERDAY RANCHES, INC. ("RANCHES"); EASTERDAY FARMS ("FARMS"); CODY EASTERDAY AND DEBBY EASTERDAY, HUSBAND AND WIFE, KAREN EASTERDAY, IN HER INDIVIDUAL CAPACITY AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF GALE EASTERDAY[2] (COLLECTIVELY, THE "EASTERDAYS").**

**PLEASE TAKE NOTICE OF THE FOLLOWING MATTERS THAT MAY AFFECT YOUR RIGHTS:**

On February 1, 2021, and February 8, 2021, respectively, Ranches and Farms (together, the "Debtors") commenced chapter 11 bankruptcy cases (the "Bankruptcy Cases") in the U.S. Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court").

The Debtors operate commercial farms and ranches that utilize multiple farms, feedlots, ranches, and other facilities that are commonly referred to as Nine Canyon Farm, Goose Gap Farm, River Farm, Cox Farm, Farm Manager House, and Storage Complex (the "Property"). The Property is owned in part by the Debtors (the "Debtor Property") and in part by the Easterdays (the "Easterday Property").

To maximize the value of the Property, the Debtors and the Easterdays determined that the Property should be marketed for sale together. Accordingly, on March 26, 2021, the Debtors filed two motions with the Bankruptcy Court: (i) a motion to approve a cooperation agreement (the "Cooperation Agreement") between the Debtors and the Easterdays (together, the "Sellers") and (ii) a motion (x) establishing a process to sell the Property and (y) to approve the sale of the Property at the conclusion of such process (the "Sale Motion").

---

[1]    The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

[2]    The administration of the Estate of Gale Easterday is currently pending in Franklin County Superior Court, Case No. 21-450004-11.

On April 28, 2021, the Bankruptcy Court entered an order (the "<u>Cooperation Agreement Order</u>") approving the Cooperation Agreement between and among the Debtors and the Easterdays.  On April 29, 2021, the Bankruptcy Court entered the Bidding Procedures Order which, among other things, (i) approved procedures for submitting offers and bidding at an auction for the Property ("<u>Bidding Procedures</u>"), (ii) approved procedures for the assumption and assignment of certain executory contracts and unexpired leases, (iii) scheduled a hearing on the sale, and (iv) granted related relief.

On May 19, 2021, the Sellers, entered into a purchase and sale agreement (the "<u>Stalking Horse APA</u>") with Farmland Reserve, Inc. ("<u>FRI</u>" or the "<u>Stalking Horse Bidder</u>"), pursuant to which, and subject to higher and better offers in accordance with the Bidding Procedures:

(i) the Debtors shall acquire the Easterday Property, upon which transfer all of the Easterday Property shall constitute property of the Debtors' bankruptcy estates in the Bankruptcy Cases and for which the Easterdays shall receive, subject to the approval of the Bankruptcy Court, an allocable interest in the Net Sale Proceeds, as such term is defined in the Cooperation Agreement;

(ii) the Debtors shall sell, assign, transfer, convey and deliver to FRI, and FRI shall acquire and accept from Debtors, free and clear of all Claims, Rights, and Encumbrances (as defined in the proposed Sale Order attached to the Stalking Horse APA), all of the Debtors' rights, title and interest in and to the Property; and

(iii) FRI shall pay $188,000,000 plus any transfer taxes or the like "<u>Purchase Price</u>" for the Property ((i) through (iii), the "<u>Sale</u>").

Also on May 19, 2021, the Debtors supplemented the Sale Motion with their motion to designate FRI as the Stalking Horse Bidder, approve the bid protections in the Stalking Horse APA, and supplement the relief requested by the Debtors in the Sale Motion to include authorization for the Debtors to acquire all rights, title and interest in and to the Easterday Property for the purpose of including the Easterday Property in the Sale, pursuant to the Stalking Horse APA ("<u>Supplemental Bidding Procedures Motion</u>").

On May __, 2021, the Bankruptcy Court entered an order granting the Supplemental Bidding Procedures Motion, pursuant to which the Bankruptcy Court (i) approved the Stalking Horse APA as the Stalking Horse Bid and FRI as the Stalking Horse Bidder, (ii) authorized the Debtors to enter into and perform under the Stalking Horse APA, subject to higher or otherwise better offers by other qualified bidders, and (iii) approved the Debtors' request to supplement the relief requested by the Debtors in the Sale Motion to include authorization for the Debtors to acquire all rights, title and interest in and to the Easterday Property for the purpose of consummating the Sale with the Stalking Horse Bidder, subject to higher or otherwise better offers by other qualified bidders at an auction (the "<u>Auction</u>") to be held on **June 14, 2021, commencing at 10:00 a.m. (Pacific Time)** ("<u>Supplemental Bidding Procedures Order</u>").

**THE BANKRUPTCY COURT HAS CURRENTLY SET JUNE 30, 2021 AT 4:00 P.M. (PACIFIC TIME) AS THE DEADLINE FOR ALL OBJECTIONS TO THE SALE (THE "SALE OBJECTION DEADLINE").**

All objections to the Sale and related relief must: (a) be in writing; (b) be signed by counsel or attested to by the objecting party; (c) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court ("Local Rules"); (d) be filed with the Clerk of the Bankruptcy Court, 402 E. Yakima Avenue, Yakima, WA 98901 by no later than the Sale Objection Deadline; and (e) be served in accordance with the Local Rules so as to be received on or before the Objection Deadline by the following: (i) counsel to the Debtors: (a) Bush Kornfeld LLP, 601 Union Suite, Suite 500, Seattle, WA 98101, Attention: Armand J. Kornfeld (jkornfeld@bskd.com) and Thomas A. Buford (tbuford@bskd.com); and (b) Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067, Attention: Richard M. Pachulski (rpachulski@pszjlaw.com), Ira D. Kharasch (ikharasch@pszjlaw.com), Jeffrey W. Dulberg (jdulberg@pszjlaw.com) and Jason H. Rosell (jrosell@pszjlaw.com); (ii) the Office of the United States Trustee for the Eastern District of Washington, 920 W Riverside Ave, Suite 593, Spokane, WA 99201, Attn: Gary W. Dyer (Gary.W.Dyer@usdoj.gov); (iii) counsel to the Stalking Horse Bidder, Stoel Rives LLP, 600 University Street, Suite 3600, Seattle, WA 98101, Attention: Oren B. Haker (oren.haker@stoel.com) and Ellen E. Ostrow (ellen.ostrow@stoel.com); and (iv) those parties who have filed notices of appearance and/or requested service of all motions and pleadings in these Chapter 11 Cases prior to the date of service thereof.

**THE SALE SHALL BE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES OR OTHER INTERESTS UNDER SECTION 363 OF THE BANKRUPTCY CODE. THE ASSIGNMENT OF CERTAIN OF THE SELLERS' CONTRACTS AND LEASES MAY BE APPROVED AND AUTHORIZED BY THE BANKRUPTCY COURT ABSENT A TIMELY OBJECTION BY ANY PERSON OR ENTITY CLAIMING AN INTEREST OR RIGHT IN SUCH CONTRACT OR LEASE. THE FAILURE OF ANY PERSON OR ENTITY TO FILE AND SERVE AN OBJECTION ON OR BEFORE THE SALE OBJECTION DEADLINE MAY BE DEEMED CONSENT TO ANY SALE OR ASSIGNMENT APPROVED BY THE BANKRUPTCY COURT AND MAY BE A BAR TO THE ASSERTION OF ANY LIENS, CLAIMS, RIGHTS, ENCUMBRANCES OR OTHER INTERESTS IN THE PROPERTY SOLD, ASSIGNED OR OTHERWISE TRANSFERRED TO THE STALKING HORSE BIDDER OR THE SUCCESSFUL BIDDER(S), AND MAY BE A BAR TO ANY RECOVERY AGAINST THE STALKING HORSE BIDDER OR OTHER SUCCESSFUL BIDDER(S).**

**IF YOU ARE A CREDITOR OF THE SELLERS OR A CONTRACT OR LEASE COUNTERPARTY TO ANY OF THE SELLERS, YOUR RIGHTS MAY BE AFFECTED BY THE SALE OF THE PROPERTY TO THE STALKING HORSE BIDDER OR OTHER SUCCESSFUL BIDDER(S).** You should review the documents related to the Sale and discuss them with your attorney. If you do not have an attorney, you may wish to consult one. Sale documents, including the Stalking Horse APA, Sale Motion, Bidding Procedures Order, Supplemental Bidding Procedures Order, and proposed sale order, can be obtained

through the Bankruptcy Court or by requesting copies from the Debtors' bankruptcy counsel by email to Jason Rosell (email: jrosell@pszjlaw.com). **If you do not want the Bankruptcy Court to approve the Sale, you must file an objection with the Bankruptcy Court by the Sale Objection Deadline as set forth above.**

A hearing to confirm the results of the Auction and approve the sale of the Property (the "Sale Hearing") will be held before the Honorable Whitman Holt, United States Bankruptcy Judge, on **July 14, 2021 at 11:00 a.m. (PT)**, or at such other time as the Bankruptcy Court permits, in the United States Bankruptcy Court for the Eastern District of Washington, 402 E. Yakima Avenue, Second Floor Courtroom, Yakima, WA 98901. Parties may appear at the Sale Hearing by telephone. To make a telephonic appearance, parties must call 877-402-9757; code - 7036041. The Debtors may adjourn or reschedule the Sale Hearing one or more times with prior notice filed on the docket in the Bankruptcy Cases or without prior notice by making an announcement at the Sale Hearing.

Dates set forth in this notice are subject to change, and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices in the Bankruptcy Cases. Interested persons or entities are encouraged to monitor the electronic court docket for further updates.