ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for the Chapter 11
Debtors and Debtors in Possession*

HONORABLE WHITMAN L. HOLT

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-WLH11 |
| Debtors.[1] | Jointly Administered |
| | **NOTICE OF FURTHER REVISED FORM OF SALE ORDER** |

 **PLEASE TAKE NOTICE** that, on April 29, 2021, the court entered the *Order*

*(A) Approving Bidding Procedures for the Sale of Assets; (B) Approving Procedures*

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

NOTICE OF FURTHER REVISED
SALE ORDER – Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105697.1

*for the Assumption and Assignment of Executory Contracts and Unexpired Leases;* *(C) Scheduling the Auction and Sale Hearing; and (D) Granting Related Relief* [Docket No. 664] (the "Bidding Procedures Order"), which among other things, approved the Debtors' proposed bidding procedures (the "Bidding Procedures"), including the entry into one or more stalking horse agreements and granting of bid protections thereunder.

PLEASE TAKE FURTHER NOTICE that, on May 27, 2021, the court entered the *Supplemental Order Approving (A) Designation of Stalking Horse Bidder and Related Bid Protections in Connection with Auction for Sale of Assets; and (B) Granting Related Relief* [Docket No. 744] (the "Supplemental Bidding Procedures Order").[2]

PLEASE TAKE FURTHER NOTICE that, on May 25, 2021, the Debtors filed the *Notice of Revised (A) Stalking Horse APA; (B) Form of Sale Order; (C) Sale Notice; and (D) Publication Notice* [Docket No. 737] (the "Revised Sale Documents Notice"). A revised form of sale order was attached as Exhibit B (the "Revised Sale Order") to the Revised Sale Documents Notice.

PLEASE TAKE FURTHER NOTICE that, attached hereto as **Exhibit A** is a further revised form of order approving the Sale (the "Further Revised Sale Order").

PLEASE TAKE FURTHER NOTICE that, attached hereto as **Exhibit B** is a comparison of the Further Revised Sale Order to the Revised Sale Order.

---

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Stalking Horse Motion.

NOTICE OF FURTHER REVISED
SALE ORDER – Page 2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105697.1

Dated: June 25, 2021     BUSH KORNFELD LLP

_/s/ Thomas A. Buford, III_
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted _pro hac vice_)
JEFFREY W. DULBERG (admitted _pro hac vice_)
JASON H. ROSELL (admitted _pro hac vice_)
PACHULSKI STANG ZIEHL & JONES LLP

_Attorneys for Debtors and Debtors in Possession_

NOTICE OF FURTHER REVISED
SALE ORDER – Page 3

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105697.1

ef25qh011f

# **EXHIBIT A**

## **Revised Sale Order**

DOCS_SF:105697.1

ef25qh011f

ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Telephone:    (206) 292-2110
Facsimile:    (206) 292-2104
Emails:    jkornfeld@bskd.com, tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (admitted *pro hac vice*)
IRA D. KHARASCH (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
JASON H. ROSELL (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel:    (310) 277-6910
Facsimile:    (310) 201-0760
Emails:    rpachulski@pszjlaw.com, ikharasch@pszjlaw.com,
            jdulberg@pszjlaw.com, and jrosell@pszjlaw.com

*Attorneys for the Chapter 11 Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-WLH11 |
| Debtors.[1] | Jointly Administered |
| | **ORDER (A) AUTHORIZING THE DEBTORS TO ACQUIRE CERTAIN ASSETS OWNED BY THE EASTERDAYS; (B) AUTHORIZING THE SALE OF PROPERTY FREE AND CLEAR OF INTERESTS, INCLUDING** |

---

[1]    The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

SALE ORDER – Page 1

**LIENS, CLAIMS, LIABILITIES, AND ENCUMBRANCES; (C) GRANTING THE BUYER THE PROTECTIONS AFFORDED TO A GOOD FAITH PURCHASER; (D) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (E) GRANTING RELATED RELIEF**

Upon the motion filed on March 26, 2021 [Docket No. 486] (the "Sale Motion") by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), as supplemented by the Debtors' *Supplemental Motion for Approval of (A) Designation of Stalking Horse Bidder and Related Bid Protections in Connection with Auction for Sale of Assets; and (B) Granting Related Relief* [Docket No. 724], as revised by the Debtors' *Notice of Revised (A) Stalking Horse APA; (B) Form of Sale Order; (C) Sale Notice; and (D) Publication Notice* [Docket No. 737] ("Supplemental Bidding Procedures Motion," and collectively with the Sale Motion and Purchase and Sale Agreement (defined herein), the "Motion") and in accordance with and pursuant to the *Order Approving (A) Designation of Stalking Horse Bidder and Related Bid Protections in Connection with Auction for Sale of Assets; and (B) Granting Related Relief* ("Supplemental Bidding Procedures Order") [Docket No. 749], for the entry of an order (this "Order") authorizing the Debtors, the Easterdays (as defined herein), and the Buyer (as defined herein) to consummate the *Purchase and Sale Agreement* dated May 19, 2021, attached hereto as **Exhibit 1** (as amended pursuant to that certain *First Amendment to Purchase and Sale Agreement*, and together with documents referred

SALE ORDER – Page 2

therein, necessary thereto, or ancillary thereto, the "Purchase and Sale Agreement").[2] The relief requested includes, among other things:

     i.     authorization for the Debtors' estates to acquire certain assets (collectively, the "Easterday Property"), as described in Section 1 of the Purchase and Sale Agreement, including Easterday Land, Easterday Appurtenances, Easterday Mineral Rights, Easterday Improvements, Easterday Irrigation System Permits, Easterday Water Agreements, Easterday Water Rights, Easterday Intangible Property, and Easterday Assigned and Assumed Leases and Contracts, purportedly owned by Cody Easterday ("CE") and Debby Easterday ("DE"), as husband and wife, and Karen Easterday (in her individual capacity and as the personal representative in *In the Matter of the Estate of Gale A. Easterday* currently pending in the Franklin County Superior Court, case no. 21-450004-11) ("KE," and together with CE and DE, the "Easterdays" and, together with the Debtors, the "Sellers");

     ii.     approval of and authorization to consummate the sale of the Easterday Property and certain property other owned and/or leased by the Debtors, as described in Section 2 of the Purchase and Sale Agreement, including Land, Appurtenances, Mineral Rights, Improvements, Water Agreements, Irrigation System Permits, Water Rights, Intangible Property, and the Assigned and Assumed Leases and Contracts (collectively, and as further described in the Purchase and Sale Agreement, the "Property") to Farmland Reserve, Inc. or to any affiliate thereof designated in accordance with the Purchase and Sale Agreement ("FRI" or "Buyer"), free and clear of all interests (as such term is used in section 363(f) of the Bankruptcy Code), including without limitation, liens, claims, encumbrances, leases, options to purchase, agreements

---

[2]    Unless stated otherwise, all capitalized terms not defined herein shall have the same meaning as set forth in the Purchase and Sale Agreement. In the event of any inconsistency between this Order and the Motion, the Order shall govern.

SALE ORDER – Page 3

to sell, rights of first refusal or first offer (or any rights similar to the foregoing), rights of redemption, pledges, and charges (collectively, the "Claims, Rights, and Encumbrances");

      iii.   granting the Buyer the protections afforded to a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code;

      iv.   approving the assumption and assignment by the Debtors to the Buyer of the Assigned and Assumed Leases and Contracts pursuant to section 365 of the Bankruptcy Code; and

      v.   granting certain related relief pursuant to the Bankruptcy Code and/or applicable law (with the foregoing (i) through (v) collectively referred to as the "Sale").

It appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest, as well as in the best interests of the Easterdays' creditors; and this United States Bankruptcy Court for the Eastern District of Washington (this "Court") having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and opportunity for objections or requests for hearing having been filed; and notice of the Sale, including by publication, having been filed and published; and good and sufficient opportunity to object and to be heard with respect to the Sale, the Motion and the relief requested therein having been afforded to all interested persons and entities; and based on the statements of counsel and the evidence presented in support of the relief requested by the Debtors in the Motion at a hearing before this Court conducted on July 14, 2021 (the "Sale Hearing"); and it appearing that no other notice need be given; and it further appearing that the legal and factual bases set forth in the Motion and supporting declarations, and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

SALE ORDER – Page 4

**THE COURT HEREBY FINDS AND CONCLUDES THAT:[3]**

A.     This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. § 1334(a). Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2).

B.     This Order constitutes a final and appealable decision within the meaning of 28 U.S.C. § 1291. Notwithstanding Rule 6006(d) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and to any extent necessary under Bankruptcy Rule 9014, this Court expressly finds that there is no just reason for the delay in the effectiveness of this Order, nor any just reason to delay its effect on all holders of rights in and to, and against the Property and the Parties to the Purchase and Sale Agreement, and expressly directs the entry of this Order as set forth herein.

C.     The statutory and rule predicates for the relief requested in the Motion are (i) sections 105(a), 363(b), 363(f), 363(k), 363(m), 365(a), 365(b), 365(e), 365(f), and 541(a)(7) of Title 11 of the United States Code ("Bankruptcy Code"), (ii) Bankruptcy Rules 2002(a)(2), 2002(c)(1), 6004(a), 6004(c), 6004(f), 6004(h), 6006(a), 6006(c), 6006(f), 6006(g), and (iii)  Rules 6004-1 and 6006-1 of this Court ("Local Rules").

## Notice of the Sale, Auction, and Cure Amounts

D.     Actual written notice of the Sale Hearing, the Auction, the Motion, the Sale, the assumption and assignment of the Assigned and Assumed Leases and Contracts, and all notices and deadlines with respect to the foregoing, and a reasonable opportunity to object or be heard with respect to the foregoing and the relief requested therein has been afforded to all known interested persons and entities (together, the "Parties-in-Interest"), including, but not limited to the following parties:

---

[3]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. *See* Fed. R. Bankr. P. 7052.

SALE ORDER – Page 5

a. the United States Trustee;

b. any party asserting Claims, Rights, and Encumbrances;

c. all taxing authorities having jurisdiction over any of the Property, including the Internal Revenue Service and the Washington Department of Revenue;

d. all persons known or reasonably believed to have asserted liens on any of the Property;

e. the counterparties to the Assigned and Assumed Leases and Contracts;

f. all persons known or reasonably believed to have expressed an interest in purchasing the Property;

g. the Office of the Attorney General in the State of Washington;

h. the Office of the Secretary of the State of Washington;

i. all environmental authorities having jurisdiction over any of the Property, including the Environmental Protection Agency and the Washington Department of Ecology;

j. the United States Attorney General/Department of Justice;

k. the Commodity Futures Trading Commission;

l. all of the Debtors' known creditors;

m. all of the Easterdays' known creditors;

n. all of the Sellers' unknown creditors through publication ("Publication Notice"); and

o. all other parties that have filed a notice of appearance and demand for service of papers in these chapter 11 cases under Bankruptcy Rule 9010(b) and in any limited or ancillary proceeding in connection with these chapter 11 cases.

SALE ORDER – Page 6

E.	In accordance with the provisions of the Bid Procedures Order, the Supplemental Bidding Procedures Order, and the Purchase and Sale Agreement, the Sellers have served notice of the following upon the counterparties to the Sellers' executory contracts and unexpired leases: (i) the Sellers' intent to assume and assign certain executory contracts and unexpired leases (the "<u>Assigned and Assumed Leases and Contracts</u>") on the Closing Date; (ii) the title of the Assigned and Assumed Leases and Contracts, (iii) the name of the counterparty to the Assigned and Assumed Leases and Contracts, (iv) the Sellers' good faith estimates of the cure amounts required in connection with such Assigned and Assumed Leases and Contracts, (v) the identity of the Buyer, (vi) the deadline by which any such Assigned and Assumed Leases and Contracts counterparty may file an objection to the proposed assumption and assignment and/or cure amount, and the procedures relating thereto, and (vii) that such Assigned and Assumed Leases and Contracts counterparty's failure to object timely to the proposed assumption or cure amount will be deemed to be consent to such assumption and cure amount. The service of such notices was good, sufficient, and appropriate under the circumstances and no further notice need be given in respect of the assumption and assignment of or establishment of a cure amount for the Assigned and Assumed Leases and Contracts.  Each of the counterparties to the Assigned and Assumed Leases and Contracts has had an opportunity to object to the assumption and assignment of its applicable Assigned and Assumed Leases and Contracts and the cure amounts set forth in such notices.

F.	The Sellers have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, including, without limitation, the Debtors' estates' acquisition of the Easterday Property pursuant to section 363(b) of the Bankruptcy Code, the Sale of the Property by the Debtors pursuant to section 363(b) of the Bankruptcy Code, and the Debtors' assumption and assignment of the Assigned and

SALE ORDER – Page 7

Assumed Leases and Contracts and determination of the final cure amounts to the Buyer.

G.     The Sale Notice, Publication Notice, the Assumption and Assignment/Cure Notice, and the *Supplemental Notice of Intent to Assume and Assign Designated Executory Contracts and Unexpired Leases and to Pay Proposed Cure Amounts* [Docket No. 837] (the "<u>Supplemental Assumption and Assignment/Cure Notice</u>") provided all Parties-in-Interest with timely and proper notice of the Sale, Auction, Sale Hearing, and any deadlines to object to the Sale and/or the assumption and assignment of any Assigned and Assumed Leases and Contracts.

H.     In accordance with the Purchase and Sale Agreement, if the Buyer elects to amend Schedules 2.5 and 8.7 to the Purchase and Sale Agreement by including any executory contracts or unexpired leases not already identified on Schedules 2.5 and 8.7, the Debtors shall file with the Court a supplemental notice and serve the supplemental notice to the counterparties to the executory contracts or unexpired leases included on the supplemental notice. Each such counterparty shall have seven (7) calendar days to file any objection to the proposed cure amount or objection to the assumption and assignment of the executory contract or unexpired lease. The service of such notice will be deemed good, sufficient, and appropriate under the circumstances and no further notice shall need to be given in respect of the assumption and assignment of or establishment of a cure amount of the executory contracts or unexpired leases included in the supplemental notice. Each added executory contract or unexpired lease is an Assigned and Assumed Lease and Contract.

I.     As evidenced by the affidavits of service previously filed with this Court, proper, timely, adequate, and sufficient notice of the Motion, Auction, Sale Hearing, and Sale has been provided in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, and 9014 to all Parties-in-

SALE ORDER – Page 8

Interest. The Debtors have also complied with all obligations to provide notice of the Motion, Auction, Sale Hearing, and Sale required by the Bid Procedures Order and Supplemental Bidding Procedures Order, including notice by publication of the designation of the Buyer as the Stalking Horse Bidder and the deadline to object to the Sale of the Property to the Stalking Horse Bidder or Successful Bidder. The notices described above were good, sufficient, and appropriate under the circumstances, and no further or other notice of the Motion, Auction, Sale Hearing, Sale, or assumption and assignment of the Assigned and Assumed Leases and Contracts is required.

J.     Disclosures of the Purchase and Sale Agreement, Auction, Sale, Sale Hearing, and the assumption and assignment of the Assigned and Assumed Leases and Contracts were good, complete, and adequate, and a reasonable opportunity to object or to be heard regarding the Sale was afforded to all Parties-in-Interest.

## **<u>Good Faith of the Buyer</u>**

K.     The Buyer is not an "insider" or otherwise an "affiliate" of any of the Sellers, as those terms are defined in section 101(31) of the Bankruptcy Code or under the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, the Uniform Voidable Transaction Act, and any laws of the United States, any state, territory, possession thereof, or the District of Columbia.

L.     The Buyer is purchasing the Property in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and under the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, the Uniform Voidable Transaction Act, and any laws of the United States, any state, territory, possession thereof, or the District of Columbia, and is therefore entitled to the full protection of those provisions, and otherwise has proceeded in good faith in all respects in connection with the Sale in that, *inter alia*: (i) the Sellers were free to deal with any other party interested in acquiring the Property in accordance with the Bid

SALE ORDER – Page 9

Procedures Order and the Supplemental Bid Procedures Order; (ii) the Buyer complied with the provisions of the Bid Procedures Order and the Supplemental Bid Procedures Order; (iii) the Buyer agreed to submit its bid, in the form of the Purchase and Sale Agreement, to the competitive Bid Procedures set forth in the Bid Procedures Order and the Supplemental Bid Procedures Order; (iv) all payments and other consideration to be provided by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Sale have been disclosed; (v) the Buyer has not engaged in any action or inaction that would cause or permit the Purchase and Sale Agreement or the Sale to be avoided or would impose any costs or damages under section 363(n) of the Bankruptcy Code; (vi) no common identity of directors or controlling stockholders exists between the Buyer and the Sellers; (vii) the negotiation and execution of the Purchase and Sale Agreement was at arms' length and in good faith at all times, and each Party was represented by separate and competent counsel and other professionals; and (viii) the Purchase and Sale Agreement was not entered into for the purpose of hindering, delaying, or defrauding present or future creditors of the Sellers, and neither the Sellers nor the Buyer is entering into the Purchase and Sale Agreement, or proposing to consummate the Sale, fraudulently, for the purpose of statutory and common law fraudulent conveyance, fraudulent transfer, or voidable transfer claims whether under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable jurisdiction with laws substantially similar to the foregoing.

        M.     In the absence of a stay pending appeal, the Buyer is authorized to rely on this Order in closing the Sale on the terms and conditions set forth in the Purchase and Sale Agreement and this Order.

SALE ORDER – Page 10

### Highest and Best Offer

N.     With the full cooperation of the Easterdays, the Debtors conducted an extensive marketing and sale process in accordance with, and have otherwise complied in all material respects with, the Bid Procedures Order. The sale process set forth in the Bid Procedures Order and Supplemental Bid Procedures Order afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Property.

O.     On June 17, 2021, the Debtors, in accordance with the Bid Procedures, the Bid Procedures Order, and the Supplemental Bid Procedures Order conducted the Auction virtually via videoconference with the participation of five (5) Qualified Bidders.

P.     At the conclusion of the Auction, based upon the Bid Procedures approved pursuant to the Bid Procedures Order and the Supplemental Bid Procedures Order, the Debtors determined that (i) the bid evidenced by the Purchase and Sale Agreement is the highest and best offer for the Property and (ii) the bid submitted by 100C, LLC (the "Backup Bidder"), as evidenced by the *Purchase and Sale Agreement* attached as Exhibit B to the *Notice of Auction Results* [Docket No. 830] (the "Backup Bidder PSA") was the next highest and best offer for the Property.

Q.     The Sale memorialized in the Purchase and Sale Agreement constitutes the highest and best offer for the Property and will provide a greater recovery for the Sellers, the Debtors' estates, and the Easterdays' creditors than would be provided by any other available alternative. The Debtors' determination that the Purchase and Sale Agreement constitutes the highest and best offer constitutes a valid and sound exercise of business judgment by the respective Sellers.

R.     The Property was adequately marketed by the Sellers and their advisors, and the consideration provided by the Buyer under the Purchase and Sale Agreement

SALE ORDER – Page 11

constitutes the highest and best offer for the Property and will provide greater recoveries for the Debtors' estates and the Sellers' creditors than would be provided by any other available alternative.

S.     The Purchase and Sale Agreement represents a fair and reasonable offer to purchase the Property under the circumstances of the Chapter 11 Cases.  No other person or entity or group of entities has offered to purchase the Property for greater economic value to the Debtors' estates or to the Easterdays than the Buyer.

T.     Approval of the Motion and the Purchase and Sale Agreement and the consummation of the Sale are in the best interests of the Debtors, their creditors, their estates, and the creditors of each of the Easterdays and any other Parties-in-Interest.

U.     The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale.

### No Fraudulent Transfer

V.     The consideration provided by the Buyer to the Sellers, and received by the Debtors' estates on behalf of the Sellers, is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia, or any other applicable jurisdiction with laws substantially similar to the foregoing.

W.     The Buyer is not a successor to the Sellers or their respective estates by reason of any theory of law or equity, and the Buyer shall not assume or in any way be responsible for any liability or obligation of any of the Sellers or their respective estates by reason thereof. The Buyer is not a mere continuation of the Debtors or their estates or the Easterdays or their respective estates, as applicable, and there is no continuity between the Buyer and any of the Sellers. The Buyer is not holding itself out to the

SALE ORDER – Page 12

public as a continuation of the Sellers. The Sale does not amount to a consolidation, merger, or *de facto* merger of the Buyer and any of the Sellers.

### **Validity of Transfer**

X.     The Sellers have full corporate power and authority to execute and deliver the Purchase and Sale Agreement and all other documents contemplated thereby and to perform their obligations thereunder, and no further consents or approvals are required for the Sellers to consummate the Sale, except as otherwise set forth in the Purchase and Sale Agreement.

Y.     The two-step transfer of the Property and the assumption and assignment of the Assigned and Assumed Leases and Contracts to the Buyer will be as of the Closing Date a legal, valid, and effective transfer of such Property and the Assigned and Assumed Leases and Contracts, and vests or will vest the Buyer with all rights, title, and interest of the Sellers in and to the Property, free and clear of all Claims, Rights, and Encumbrances accruing, arising or relating thereto any time prior to or on the Closing Date, except as set forth in the Purchase and Sale Agreement.

### **Section 541(a)(6)-(7) of the Bankruptcy Code**

Z.     The Purchase and Sale Agreement, the Easterday Property upon its acquisition by the Debtors' estates from the Easterdays, and the proceeds from the Sale constitute property of the Debtors' estates pursuant to section 541(a)(6)-(7) of the Bankruptcy Code. The Debtors are properly exercising their business judgment consummating the Sale in accordance with and pursuant to the Purchase and Sale Agreement, which requires the Debtors' estates to acquire all rights, title, and interest in and to the Easterday Property as a condition to consummating the Sale to the Buyer, which the Debtors have determined will maximize the value of the Property for the benefit of all Parties-in-Interest.  Notwithstanding the Debtors' acquisition of the Easterday Property and sale of the Property (including the Easterday Property) to the

SALE ORDER – Page 13

Buyer, the Easterdays shall retain their right to the proceeds from the sale of the Easterday Property as determined by the Court in accordance with the Cooperation Agreement.

### Section 363(f) of the Bankruptcy Code

AA.   The Buyer's obligation to consummate the Sale pursuant to the Purchase and Sale Agreement is conditioned upon the sale of the Property to the Buyer, and the assumption, assignment, and/or sale of the Assigned and Assumed Leases and Contracts to the Buyer, free and clear of all Claims, Rights, and Encumbrances.

BB.   The Sellers may sell the Property free and clear of all Claims, Rights, and Encumbrances because, in each case, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. Those holders of Claims, Rights, and Encumbrances who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code.  As to any other holders of Claims, Rights, and Encumbrances who filed objections to the Motion not otherwise withdrawn at the Sale Hearing, such Claims, Rights, and Encumbrances fall within one or more of the other subsections of section 363(f) and are adequately protected by having their Claims, Rights, and Encumbrances either paid in full or assumed by the Buyer upon the Closing Date, or attach to the cash proceeds of the Sale ultimately attributable to the Property in which such creditor alleges an interest, in the same order of priority, with the same validity, force, and effect that such creditor had prior to the Sale, subject to any and all claims and defenses the Sellers may possess with respect thereto.

CC.   The Buyer shall have no obligations with respect to any liabilities of the Sellers except as specifically set forth in, and solely to the extent provided pursuant to, the Purchase and Sale Agreement, and the Sale will not subject the Buyer, the Property, or any of the Buyer's assets to any liability for any Claims, Rights, and Encumbrances

SALE ORDER – Page 14

whatsoever (including, without limitation, under any theory of equitable law, antitrust, setoff, or successor or transferee liability).

DD.   The Buyer would not have entered into the Purchase and Sale Agreement and would not consummate the Sale, thus adversely affecting the Debtors, their estates, creditors, employees, the Easterdays and their creditors, and other Parties-in-Interest, if the sale of the Property was not free and clear of all Claims, Rights, and Encumbrances or if the Buyer would, or in the future could, be liable for any Claims, Rights, and Encumbrances. The Buyer would not consummate the Sale unless the Purchase and Sale Agreement specifically provides, and this Court specifically orders, that none of the Buyer, its assets, including the Property, will have any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Claims, Rights, and Encumbrances, or any successor or transferee liability relating to any of the Sellers.

### Assigned and Assumed Leases and Contracts

EE.   The assumption and assignment of the Assigned and Assumed Leases and Contracts pursuant to the terms of this Order is integral to the Purchase and Sale Agreement and is in the best interests of the Sellers and their Parties-in-Interest, and represents the reasonable exercise of sound and prudent business judgment by the Sellers.

FF.   The respective amounts set forth on **Exhibit 2** attached hereto are the sole amounts necessary under sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to cure all monetary defaults and pay all actual pecuniary losses under the Assigned and Assumed Leases and Contracts (the "Cure Amounts").

GG.   Adequate assurance exists that the Cure Amounts required to be paid under the Purchase and Sale Agreement will be paid and the Buyer will fully perform all future obligations under the Assigned and Assumed Leases and Contracts assumed and

SALE ORDER – Page 15

assigned to the Buyer under the Purchase and Sale Agreement within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable), and 365(f)(2)(B) of the Bankruptcy Code.

## Compelling Circumstances for an Immediate Sale

HH.   To maximize the value of the Property, it is essential that the Sale occur within the time constraints set forth in the Purchase and Sale Agreement.  Time is of the essence in consummating the Sale.

II.   Given all of the circumstances of these Chapter 11 Cases and the adequacy and fair value of the purchase price under the Purchase and Sale Agreement, the proposed Sale to the Buyer on the terms set forth in the Purchase and Sale Agreement constitutes a reasonable and sound exercise of the Sellers' business judgment and should be approved.

JJ.   The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 365(b), and 365(f) and all applicable requirements of such sections have been complied with in respect of the Sale.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

## General Provisions

1.   The relief request in the Motion is granted and approved, and the Sale contemplated thereby and by the Purchase and Sale Agreement is approved as set forth in this Order.

2.   All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to this Court or by stipulation filed with this Court, and all reservations of rights included therein, are hereby overruled on

SALE ORDER – Page 16

the merits or the interests of such objections have been otherwise satisfied or adequately provided for.

## Approval of the Purchase and Sale Agreement

3.    The Purchase and Sale Agreement, and all the terms and conditions thereof, are hereby approved.

4.    Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) cause their estates to acquire the Easterday Property, (b) consummate the Sale of the Property to the Buyer pursuant to and in accordance with the terms of the Purchase and Sale Agreement, (c) close the Sale as contemplated by the Purchase and Sale Agreement and this Order, and (d) execute and deliver, perform under, consummate, implement, and close fully the Purchase and Sale Agreement, together with all additional instruments and documents that may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Purchase and Sale Agreement and such other ancillary documents.

5.    This Order shall be binding in all respects upon the Sellers, all creditors of any Seller, all holders of equity interests in any Seller, all holders of any interests, liens, claims, liabilities and encumbrances (whether known or unknown) against any Seller or on all or any portion of the Property, all counterparties to the Assigned and Assumed Leases and Contracts, the Buyer and all successors and assigns of the Buyer, and any trustees, if any, subsequently appointed in either of the Chapter 11 Cases or upon a conversion to chapter 7 of the Bankruptcy Code of either of the Chapter 11 Cases. This Order and the Purchase and Sale Agreement shall inure to the benefit of the Debtors, their estates, and the Easterdays' creditors, their estates, as applicable, the Buyer, and any of the successors and assigns of the foregoing.  In the event either of the Chapter

SALE ORDER – Page 17

11 Cases are dismissed, this Order shall remain enforceable by the Buyer in any court of competent jurisdiction notwithstanding any order dismissing the Chapter 11 Cases.

### **Transfer of the Assets**

6.     Pursuant to sections 105(a), 363(b), 363(f), 365(b), 365(f), and 541(a)(7) of the Bankruptcy Code, the Sellers are authorized to consummate the Sale as set forth in the Purchase and Sale Agreement and transfer the Property on the Closing Date.  Such Property shall be transferred pursuant to the Purchase and Sale Agreement to the Buyer "as is where is" with all faults subject to and in accordance with the Purchase and Sale Agreement upon and as of the Closing Date, and upon Buyer's payment in full of the Purchase Price, such transfer shall constitute a legal, valid, binding, and effective transfer of the Property free and clear of all Claims, Rights, and Encumbrances. Pursuant to section 363(f) of the Bankruptcy Code, the transfer of title to the Property, including but not limited to the Assigned and Assumed Leases and Contracts, shall be free and clear of any and all Claims, Rights, and Encumbrances (including, without limitation, any and all claims pursuant to any successor-in-interest or fraudulent transfer liability theory). To the extent such Claims, Rights, and Encumbrances are not paid in full or assumed by the Buyer upon the Closing Date, all Claims, Rights, and Encumbrances on the Property shall attach solely to the proceeds of the Sale with the same validity, priority, force, and effect that they now have as against the Property, subject to any and all claims and defenses the Sellers and their estates may possess with respect thereto.

7.     Except as expressly permitted or otherwise specifically provided in the Purchase and Sale Agreement or this Order, all persons or entities holding Claims, Rights, and Encumbrances in all or any portion of the Property arising under or out of, in connection with, or in any way relating to the Sellers, the Property, the operation of the Sellers' business prior to the Closing Date, the consummation of the Sale and

SALE ORDER – Page 18

transfer of the Property to the Buyer, hereby are forever barred, estopped, and permanently enjoined from asserting against the Buyer, or its successors or assigns, and the Property, such persons' or entities' Claims, Rights, and Encumbrances in and to the Property and/or against the Buyer. On the Closing Date, each creditor is authorized to execute such documents and take all other actions as may be necessary to release Claims, Rights, and Encumbrances on the Property, if any, as provided herein, as such Claims, Rights, and Encumbrances may have been recorded or may otherwise exist. The Sale authorized herein shall be of full force and effect, regardless of any Sellers' lack of good standing in any jurisdiction in which such Seller is formed or authorized to transact business. Upon consummation of the Sale as set forth in the Purchase and Sale Agreement, the Buyer shall be authorized to file termination statements or lien terminations in any required jurisdiction to remove any record, notice filing, or financing statement recorded to attach, perfect, or otherwise notice any lien or encumbrance with respect to the Property (but not the proceeds thereof) that is extinguished or otherwise released pursuant to this Order under section 363 and the related provisions of the Bankruptcy Code.

8. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Sellers to sell and transfer the Property to the Buyer in accordance with the terms of the Purchase and Sale Agreement and this Order.

9. All persons and entities that are in possession of some or all of the Property on the Closing Date are directed to surrender possession of such Property to the Buyer or its assignee at Closing in accordance with the Purchase and Sale Agreement.

10. The provisions of this Order authorizing the Sale of the Property by the Sellers free and clear of Claims, Rights, and Encumbrances shall be self-executing, and none of the Sellers, the Buyer, or any other party shall be required to execute or file

SALE ORDER – Page 19

releases, termination statements, assignments, cancellations, consents, or other instruments to effectuate, consummate, and/or implement the provisions hereof with respect to the Sale; *provided*, *however*, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the Purchase and Sale Agreement.

11.     Without limiting the foregoing, a certified copy of this Order may be filed by the Buyer with the appropriate clerk or clerks and/or agencies or departments and/or recorded to act to cancel any of the Claims, Rights, and Encumbrances on the Property of record.

12.     If any person or entity that has filed statements or other documents or agreements evidencing interests, liens, claims, liabilities, and encumbrances on all or a portion of the Property shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary or desirable to the Buyer for the purpose of documenting the release of all Claims, Rights, and Encumbrances on the Property, which the Person or entity has or may assert with respect to all or any portion of the Property, the Sellers and Buyer are hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Property.

13.     This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons or entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any

SALE ORDER – Page 20

title or state of title in or to any agreement or lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase and Sale Agreement, including, but not limited to, (i) the written and duly executed statement of the U.S. Department of Justice, attached hereto as **Exhibit 3**, stating that such agency has received actual notice of the Sale and has no objection to such Sale, and (ii) the written and duly executed statement of the Federal Commodities Futures Trading Commission, attached hereto as **Exhibit 4**, stating that such agency has received actual notice of the Sale and has no objection to such Sale .

14. Any and all governmental recording offices and all other parties, persons, or entities are authorized to accept this Order for recordation on or after the Closing as conclusive evidence of the free and clear, and unencumbered, transfer of all rights, title, interest in, and ownership of and to the Property conveyed to the Buyer at Closing.

## Assigned and Assumed Leases and Contracts

15. The Debtors are authorized to assume and assign each contract or lease that becomes an Assigned and Assumed Lease and Contract to the Buyer free and clear of all interests, liens, claims, liabilities, and encumbrances as described herein and in the Purchase and Sale Agreement. The payment of the applicable Cure Amounts (if any) in accordance with the Purchase and Sale Agreement shall (a) effect a cure of all defaults existing thereunder as of the Closing Date and (b) compensate for any actual pecuniary loss to such non-Debtor party resulting from such default. The Buyer shall have assumed the Assigned and Assumed Lease and Contract and, pursuant to section 365(f) of the Bankruptcy Code, the assignment by the Debtors of such Assigned and Assumed Lease and Contract shall not be a default thereunder. After the Closing Date, the Sellers shall not have any further liabilities to the counterparties to the Assigned and Assumed Lease and Contract.

SALE ORDER – Page 21

16.     Any provisions in any Assigned and Assumed Lease and Contract that prohibit or condition the assignment of such Assigned and Assumed Lease and Contract or allow the counterparty to such Assigned and Assumed Lease and Contract to terminate, recapture, impose any penalty, condition a renewal or extension or modify any term or condition upon the assignment of such Assigned and Assumed Lease and Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect.  All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Buyer of any of the Assigned and Assumed Leases and Contracts have been satisfied.  Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested with all rights, title, and interest of the Sellers under the Assigned and Assumed Leases and Contracts.

17.     Upon the assumption of any of the Assigned and Assumed Leases and Contracts and the payment of the relevant Cure Amounts, if any, in accordance with the Purchase and Sale Agreement, the Buyer shall be deemed to be substituted for the Sellers as a party to the applicable Assigned and Assumed Leases and Contracts, and the Sellers shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, of any further liability under those Assigned and Assumed Leases and Contracts.

18.     Upon the payment of the applicable Cure Amount, if any, the Assigned and Assumed Leases and Contracts will remain in full force and effect, and no default shall exist under any of the Assigned and Assumed Leases and Contracts nor shall there exist any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default.

19.     The Buyer has provided adequate assurance of future performance under the relevant Assigned and Assumed Leases and Contracts within the meaning of

SALE ORDER – Page 22

sections 365(b)(1)(C), 365(b)(3) (to the extent applicable), and 365(f)(2)(B) of the Bankruptcy Code.

20. There shall be no rent accelerations, assignment fees, increases or any other fees charged to the Buyer or the Sellers as a result of the assumption and assignment of the Assigned and Assumed Leases and Contracts.

21. Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, all counterparties to the Assigned and Assumed Leases and Contracts are forever barred and permanently enjoined from raising or asserting against the Debtors or the Buyer any assignment fee, default, breach or claim of pecuniary loss, or condition to assignment, arising under or related to the applicable Assigned and Assumed Leases and Contracts existing as of the Closing Date or arising by reason of the Closing.

## Protections of the Buyer

22. Effective upon the Closing Date, all persons and entities are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against the Buyer, its successors and assigns, its property, or the Property, with respect to any (a) Claims, Rights, and Encumbrances arising under, out of, in connection with or in any way relating to the Sellers, the Buyer, the Property, or the operation of the businesses to which the Property relates prior to or in connection with or relating to the Closing of the Sale, or (b) successor liability or liability under any other theory at law or in equity with respect to transferee liability, including, without limitation, with respect to the foregoing (a) and (b), the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Buyer or its successors, assigns, assets, or properties; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against the Buyer or its successors, assigns, assets, or properties; (iii) creating, perfecting, or

SALE ORDER – Page 23

enforcing any Claims, Rights, and Encumbrances against the Buyer or its successors, assigns, assets, or properties; (iv) asserting any setoff, right or subrogation, or recoupment of any kind against any obligation due the Buyer or its successors or assigns; (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect thereof; (vi) revoking, terminating or failing or refusing to issue or renew any licenses, permits, or authorizations to operate any of the Property or conduct any of the businesses operated with the Property or (vii) commencing any action, in any manner or place, arising from, out of, or in connection with the negotiation and formulation of the Purchase and Sale Agreement, and the consummation of the Sale, including any actions necessary in aid thereof.

23.     Except for the Assigned and Assumed Leases and Contracts, or as otherwise expressly set forth in this Order or the Purchase and Sale Agreement, the Buyer shall not have any liability or other obligation of the Sellers arising under or related to any of the Property.  Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Purchase and Sale Agreement, the Buyer shall not be liable for any claims against the Sellers or any of their predecessors or affiliates, and the Buyer shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, *de facto* merger or substantial continuity, whether known or unknown as of the Closing Date, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Sellers or any obligations of the Sellers arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of any of the Property prior to

SALE ORDER – Page 24

the Closing. The Buyer has given, and the Debtors' estates have received on behalf of the Sellers, substantial, fair and reasonably equivalent consideration under the Purchase and Sale Agreement for the benefit of the holders of any Claims, Rights, and Encumbrances. The consideration given by the Buyer shall constitute valid and valuable consideration for the releases of any potential claims of successor or transferee liability of the Buyer, which releases shall be deemed to have been given in favor of the Buyer by all holders of Claims, Rights, and Encumbrances against any of the Sellers or in any of the Property.

24. The Sale contemplated by the Purchase and Sale Agreement is undertaken by the Buyer without collusion and in good faith, as those terms are understood in sections 363(m) and 363(n) of the Bankruptcy Code and applicable law, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the assumption and assignment of the Assigned and Assumed Leases or Contracts), unless such authorization and consummation of the Sale are duly stayed pending such appeal. The Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and applicable law and as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

25. The Sale contemplated in the Purchase and Sale Agreement may not be avoided, and no damages may be assessed against the Buyer under section 363(n) of the Bankruptcy Code or applicable law.

## Backup Bid

26. The Backup Bidder PSA is binding on the parties in accordance with the terms thereof in the event that the Debtors fail to close the Sale with FRI. The Debtors will submit a separate form of sale order with the Backup Bidder if the Debtors propose to proceed to Closing with the Backup Bidder in the event the Sale with FRI does not

SALE ORDER – Page 25

close. The Deposit of the Backup Bidder will be returned no later than three (3) business days following the Closing of the Sale with FRI or, if the Debtors determine to proceed to Closing with the Backup Bid, applied in accordance with the terms thereof.

### Reservation of Rights

27. Notwithstanding anything contained in this Order, the Purchase and Sale Agreement, or any ancillary agreements thereto, neither the (a) form of title in which the Debtors' estates take title to the Easterday Property nor (b) the Debtor estate that accepts title to the Easterday Land or assignment of any of the Easterday Assigned and Assumed Leases and Contracts, shall prejudice, impair, or otherwise affect any Parties-In-Interests' rights (including the Debtors' rights) with respect to the allocation of the Sale Proceeds as contemplated by the Cooperation Agreement. Notwithstanding anything contained in this Order, the Purchase and Sale Agreement, or any ancillary agreements thereto, the Easterdays shall retain their rights to the proceeds from the sale of the Easterday Property, if any, as determined pursuant to the Cooperation Agreement.

28. For the avoidance of doubt, section 3(a) of the Cooperation Agreement, pertaining to the distribution and deposit of Sale proceeds, including in the event of a Mortgage Challenge (as defined in the Cooperation Agreement), shall govern the distribution of the proceeds of the Sale at Closing and the rights of parties to assert a Mortgage Challenge, and is incorporated herein by reference; *provided that* the protections granted to the Buyer in and pursuant to this Order shall govern with respect to the Buyer and its obligations under the Purchase and Sale Agreement, and the Buyer shall have no obligations to any Party-In-Interest with respect to the Cooperation Agreement, including without limitation any disputes that may arise under the Cooperation Agreement in connection with the distribution and deposit of Sale proceeds.

SALE ORDER – Page 26

29.     Nothing herein shall be deemed a finding of fact or law with respect to title or ownership regarding the Easterday Property as between the Debtors and the Easterdays and each party's rights are hereby reserved with respect to the title or ownership of such property.

## **Other Provisions**

30.     This Order and the Purchase and Sale Agreement shall be binding in all respects upon all creditors (whether known or unknown), counterparties, and Parties-in-Interest, the Debtors and their affiliates, the Buyer, the Easterdays and their affiliates, and any subsequent trustees appointed in the Chapter 11 Cases or upon a conversion to chapter 7 under the Bankruptcy Code, and the Purchase and Sale Agreement shall not be subject to rejection.

31.     Nothing contained in any plan of reorganization or liquidation, or order of any type or kind (including any order dismissing the Chapter 11 Cases) entered in (a) these Chapter 11 Cases, (b) any subsequent chapter 7 case into which either Chapter 11 Case may be converted, or (c) any related proceeding subsequent to the entry of this Order, shall conflict with or derogate from the provisions of the Purchase and Sale Agreement or the terms of this Order.

32.     Pursuant to Bankruptcy Rules 7062, 9014, 6004(h), and 6006(d), this Order shall be effective immediately upon entry and the Sellers and the Buyer are authorized to close the Sale immediately upon entry of this Order. The Buyer shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Purchase and Sale Agreement or any other sale-related document. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence; *provided*, *however*, that this Court shall retain exclusive jurisdiction over any

SALE ORDER – Page 27

and all disputes and matters arising from or related to the Purchase and Sale Agreement, the Sale and the implementation, interpretation, and enforcement of this Order.

33.     No bulk sales or any similar law of any state or jurisdiction applies in any way to the Sale.

34.     Except for Root Realty, there are no other brokers involved in consummating the Sale for the Sellers and no other brokers' commissions are due and owed by the Sellers.

35.     The Debtors are authorized, without further order of the Court, to pay at Closing any commission or other compensation owed to Root Realty in connection with the Sale, in accordance with the *Order Authorizing Employment and Compensation of Root Realty LLC, as Broker for the Debtors Nunc Pro Tunc to Petition Dates* [Docket No. 538] and the *Listing Agreement* approved therein.

36.     The failure to specifically include any particular provision of the Purchase and Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the terms and conditions of the Purchase and Sale Agreement be authorized and approved in their entirety.

37.     The Purchase and Sale Agreement and any related agreements, documents, or other instruments (other than this Order) may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates, the Sellers, and any estate of any of the Sellers, if applicable, or any Parties-in-Interest to any of the foregoing.

38.     To the extent there are any inconsistencies between the terms of this Order and the Purchase and Sale Agreement (including any ancillary documents executed in connection therewith), the terms of this Order shall govern.

SALE ORDER – Page 28

39.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

40.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Order shall govern.

41.     This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms of the Order and the Purchase and Sale Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Sellers and/or Debtors are a party or which had been assigned by the Sellers and/or Debtors to the Buyer, to protect the Buyer and its assets, including the Property, against any Claims, Rights, and Encumbrances and to adjudicate, if necessary, any and all disputes relating in any way to the Sale.

/// END OF ORDER ///

Presented by:

*/s/ Draft*
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
JASON H. ROSELL (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors and Debtors in Possession*

DOCS_SF:105437.11

SALE ORDER – Page 30

# EXHIBIT 1

**Purchase and Sale Agreement**

**[Intentionally Omitted]**

# **EXHIBIT 2**

## **Assigned and Assumed Leases and Contracts**[4]

| Contract or Lease | Cure Amount |
|---|---|
| 1. Irrigated Cash Lease 12-D57294 commencing January 1, 2017, by the Stateof Washington, Department of Natural Resources (Lessor) and Cody Easterday, Debby Easterday, Gale Easterday, and Karen Easterday (Lessee). | $0 |
| 2. Sublease of Dryland Cash Lease commencing October 1, 2017, by the Stateof Washington, Department of Natural Resources (Lessor) and Brian Wake and Brad Wake (Lessee). | $0 |
| 3. Farm Lease commencing June 1, 2013, by Wake Family Properties, L.L.C.,dba Brad Wake and Brian Wake dba B&B Farms (Lessor) and Cody A. Easterday, Debby Easterday, Gale A. Easterday, and Karen L. Easterday dba Easterday Farms (Lessee). | $21,962.50 + 12% interest |
| 4. Farm Lease dated November 12,2014, by Brad Wake and Brian Wake (Lessor) and Cody A. Easterday, Debby Easterday, Gale A. Easterday, and Karen L. Easterday dba Easterday Farms(Lessee). | $9,640.00 + 12% |

---

[4] The inclusion of a contract or lease on this Exhibit or on Schedules 2.5 or 8.7 to the Purchase and Sale Agreement is not an admission by the Sellers or Buyer that such contract or lease is executory or unexpired. Sellers and Buyer reserve all rights to dispute whether such contract or lease is subject to the requirements of section 365 of the Bankruptcy Code.

| Contract or Lease | Cure Amount |
|---|---|
| 5. The Barker Ranch's Consent to Shaw Vineyards, Inc.'s Partial Assignment and Sublease to Easterday Farms, Partnership of a Portion of the Water Rights Leased to Shaw Vineyards, Inc. Under The Barker Ranch/Shaw Vineyards, Inc. Water Rights Lease Agreement of February 26, 2013, dated April 29th, 2013 between Barker Ranch, Ltd (Lessor) and Shaw Vineyards, Inc. (Lessee 1) and Easterday Farms (Lessee 2). | $1,800.00 late fee |
| 6. Yakima Adjudication ConditionalFinal Order Certificate No. S4-83818-J, pursuant to The Barker Ranch, Ltd. and Shaw Vineyards, Inc. Water Right Lease Agreement (Feb. 26, 2013), as amended; The Barker Ranch's Consent to Shaw Vineyards, Inc.'s Partial Assignment and Sublease to Easterday Farms, Partnership of a Portion of the Water Rights Leased toShaw Vineyards, Inc. Under the Barker Ranch/ Shaw Vineyards, Inc. Water Rights Lease Agreement of February 26, 2013 (April 29, 2013); and Order Pendente Lite Re Temporary Change, Barker Ranch, Claim Nos. 01858, 01859, Yakima County Superior Court No. 77-2-01484 5 (Dec. 12, 2013). | $0 |
| 7. Indefinite Term Lease from Burlington Norther (BNSF) to Easterday Farms dated January 1, 1997. | $0 |
| 8. Agreement for Private Crossing from Burlington Norther (BNSF) to Easterday Farms dated June 21, 2017 | $0 |

# EXHIBIT 3

**DOJ Acknowledgement Letter**

**[Intentionally Omitted]**

# EXHIBIT 4

**CFTC Acknowledgement Letter**

**[Intentionally Omitted]**

# **EXHIBIT B**

## **Comparison of Further Revised Sale Order to Revised Sale Order**

DOCS_SF:105697.1

ef25qh011f

ARMAND J. KORNFELD (WSBA #17214)

~~The Sale Order shall be in the following form, subject to changes to reflect the filing of additional pleadings and entry of additional orders relating to the Sale since the date on which the following form was prepared, and any such other changes to the following form of order as may be necessary to reflect the Purchase and Sale Agreement or as may reasonably be requested by Buyer and approved by Sellers, with such approval not to be unreasonably withheld or delayed.~~

THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Telephone:    (206) 292-2110
Facsimile:    (206) 292-2104
Emails:        jkornfeld@bskd.com, tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (admitted *pro hac vice*)
IRA D. KHARASCH (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
JASON H. ROSELL (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel:        (310) 277-6910
Facsimile:    (310) 201-0760
Emails:        rpachulski@pszjlaw.com, ikharasch@pszjlaw.com,
            jdulberg@pszjlaw.com, and jrosell@pszjlaw.com

*Attorneys for the Chapter 11 Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-WLH11 |
| Debtors.[1] | |

[1]    The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

~~FORM OF~~ SALE ORDER – Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Jointly Administered

**[PROPOSED] ORDER (A)
AUTHORIZING THE DEBTORS TO
ACQUIRE CERTAIN ASSETS OWNED
BY THE EASTERDAYS; (B)
AUTHORIZING THE SALE OF
PROPERTY FREE AND CLEAR OF
INTERESTS, INCLUDING LIENS,
CLAIMS, LIABILITIES, AND
ENCUMBRANCES; (C) GRANTING
THE BUYER THE PROTECTIONS
AFFORDED TO A GOOD
FAITH PURCHASER; (D) APPROVING
THE ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES; AND (E)
GRANTING RELATED RELIEF**

Upon the motion filed on March 26, 2021 [Docket No. 486] (the "Sale Motion") by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), as supplemented by the Debtors' *Supplemental Motion for Approval of (A) Designation of Stalking Horse Bidder and Related Bid Protections in Connection with Auction for Sale of Assets; and (B) Granting Related Relief* [Docket No. 724], as revised by the Debtors' *Notice of Revised (A) Stalking Horse APA; (B) Form of Sale Order; (C) Sale Notice; and (D) Publication Notice* [Docket No. 737] ("Supplemental Bidding Procedures Motion,") [Docket No. 724] and collectively with the Sale Motion and Purchase and Sale Agreement (defined herein), the "Motion") and in accordance with and pursuant to the *Order Approving (A) Designation of Stalking Horse Bidder and Related Bid Protections in Connection with Auction for Sale of Assets; and (B) Granting Related Relief* ("Supplemental Bidding Procedures Order") [Docket No. [●]] (collectively, with the Sale Motion and Purchase and Sale Agreement (defined herein), the "Motion")749], for the entry of an order (this "Order") authorizing the Debtors, the Easterdays (as defined herein), and the Buyer (as defined herein) to consummate the *Purchase and Sale Agreement* dated

FORM OF SALE ORDER – Page 2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

May 19, 2021, attached hereto as **Exhibit 1** (*as amended pursuant to that certain First Amendment to Purchase and Sale Agreement*, and together with documents referred therein, necessary thereto, or ancillary thereto, the "Purchase and Sale Agreement").[2] The relief requested includes, among other things:

      i.    authorization for the Debtors' estates to acquire certain assets (collectively, the "Easterday Property"), as described in Section 1 of the Purchase and Sale Agreement, including Easterday Land, Easterday Appurtenances, Easterday Mineral Rights, Easterday Improvements, Easterday Irrigation System Permits, Easterday Water Agreements, Easterday Water Rights, Easterday Intangible Property, and Easterday Assigned and Assumed Leases and Contracts , purportedly owned by Cody Easterday ("CE") and Debby Easterday ("DE"), as husband and wife, and Karen Easterday (in her individual capacity and as the personal representative in *In the Matter of the Estate of Gale A. Easterday* currently pending in the Franklin County Superior Court, case no. 21-450004-11) ("KE," and together with CE and DE, the "Easterdays" and, together with the Debtors, the "Sellers");

      ii.    approval of and authorization to consummate the sale of the Easterday Property and certain property other owned and/or leased by the Debtors, as described in Section 2 of the Purchase and Sale Agreement, including Land, Appurtenances, Mineral Rights, Improvements, Water Agreements, Irrigation System Permits, Water Rights, Intangible Property, and the Assigned and Assumed Leases and Contracts (collectively, and as further described in the Purchase and Sale Agreement, the "Property") to Farmland Reserve, Inc. ("FRI") or to any affiliate thereof designated in accordance with the Purchase and Sale Agreement (the"FRI" or "Buyer"), free and

---

[2]   Unless stated otherwise, all capitalized terms not defined herein shall have the same meaning as set forth in the Purchase and Sale Agreement. In the event of any inconsistency between this Order and the Motion, the Order shall govern.

FORM OF SALE ORDER – Page 3

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

clear of all interests (as such term is used in section 363(f) of the Bankruptcy Code), including without limitation, liens, claims, encumbrances, leases, options to purchase, agreements to sell, rights of first refusal or first offer (or any rights similar to the foregoing), rights of redemption, pledges, and charges (collectively, the "Claims, Rights, and Encumbrances");

iii. granting the Buyer the protections afforded to a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code;

iv. approving the assumption and assignment by the Debtors to the Buyer of the Assigned and Assumed Leases and Contracts pursuant to section 365 of the Bankruptcy Code; and

v. granting certain related relief pursuant to the Bankruptcy Code and/or applicable law (with the foregoing (i) through (v) collectively referred to as the "Sale").

It appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest, as well as in the best interests of the Easterdays' creditors; and this United States Bankruptcy Court for the Eastern District of Washington (this "Court") having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and opportunity for objections or requests for hearing having been filed; and notice of the Sale, including by publication, having been filed and published; and good and sufficient opportunity to object and to be heard with respect to the Sale, the Motion and the relief requested therein having been afforded to all interested persons and entities; and based on the statements of counsel and the evidence presented in support of the relief requested by the Debtors in the Motion at a hearing before this Court conducted on July 14, 2021 (the "Sale Hearing"); and it appearing that no

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

other notice need be given; and it further appearing that the legal and factual bases set forth in the Motion and supporting declarations, and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**THE COURT HEREBY FINDS AND CONCLUDES THAT:[3]**

A. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. § 1334(a). Venue is proper in this ~~District~~district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion is a ~~"~~core~~"~~ proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2).

B. This Order constitutes a final and appealable decision within the meaning of 28 U.S.C. § 1291. Notwithstanding ~~Bankruptcy~~ Rule 6006(d) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and to any extent necessary under Bankruptcy Rule 9014, this Court expressly finds that there is no just reason for the delay in the effectiveness of this Order, nor any just reason to delay its effect on all holders of rights in and to, and against the Property and the Parties to the Purchase and Sale Agreement, and expressly directs the entry of this Order as set forth herein.

C. The statutory and rule predicates for the relief requested in the Motion are (i) sections 105(a), 363(b), 363(f), 363(k), 363(m), 365(a), 365(b), 365(e), 365(f), and 541(a)(7) of Title 11 of the United States Code ("Bankruptcy Code"), (ii) Bankruptcy Rules 2002(a)(2), 2002(c)(1), 6004(a), 6004(c), 6004(f), 6004(h), 6006(a), 6006(c), 6006(f), 6006(g), and ~~Local~~(iii) Rules 6004-1 and 6006-1 of this Court ("Local Rules").

---

[3]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. *See* Fed. R. Bankr. P. 7052.

~~FORM OF~~ SALE ORDER – Page 5

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

**Notice of the Sale, Auction, and Cure Amounts**

D.     Actual written notice of the Sale Hearing, the Auction, the Motion, the Sale, the assumption and assignment of the Assigned and Assumed Leases and Contracts ~~and Leases~~, and all notices and deadlines with respect to the foregoing, and a reasonable opportunity to object or be heard with respect to the foregoing and the relief requested therein has been afforded to all known interested persons and entities (together, the "Parties-in-Interest"), including, but not limited to the following parties:

  a. the United States Trustee;

  b. any party asserting Claims, Rights, and Encumbrances;

  c. all taxing authorities having jurisdiction over any of the Property, including the Internal Revenue Service and the Washington Department of Revenue;

  d. all persons known or reasonably believed to have asserted liens on any of the Property;

  e. the counterparties to the Assigned and Assumed Leases and Contracts ~~and Leases~~;

  f. all persons known or reasonably believed to have expressed an interest in purchasing the Property;

  g. the Office of the Attorney General in the State of Washington;

  h. the Office of the Secretary of the State of Washington;

  i. all environmental authorities having jurisdiction over any of the Property, including the Environmental Protection Agency and the Washington Department of Ecology;

  j. the United States Attorney General/Department of Justice;

  k. the Commodity Futures Trading Commission;

~~FORM OF~~ SALE ORDER – Page 6

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

l.    all of the Debtors' known creditors;

m.    all of the Easterdays' known creditors;

n.    all of the Sellers' unknown creditors through publication ("Publication Notice"); and

o.    all other parties that have filed a notice of appearance and demand for service of papers in these chapter 11 cases under Bankruptcy Rule 9010(b) and in any limited or ancillary proceeding in connection with these chapter 11 cases.

E.    In accordance with the provisions of the Bid Procedures Order, the Supplemental Bidding Procedures Order, and the Purchase and Sale Agreement, the Sellers have served notice of the following upon the counterparties to the Sellers' executory contracts and unexpired leases: (i) that the Sellers may seek' intent to assume and assign certain executory contracts and unexpired leases (the "Assigned and Assumed Leases and Contracts") on the Closing Date; (ii) the title of the Assigned and Assumed Leases and Contracts and Leases, (iii) the name of the counterparty to the Assigned and Assumed Leases and Contracts and Leases, (iv) the Sellers' good faith estimates of the cure amounts required in connection with such Assigned and Assumed Leases and Contracts and Leases, (v) the identity of the Buyer, (vi) the deadline by which any such Assigned and Assumed Leases and Contracts and Leases counterparty may file an objection to the proposed assumption and assignment and/or cure amount, and the procedures relating thereto, and (vii) that such Assigned and Assumed Leases and Contracts and Leases counterparty's failure to object timely to the proposed assumption or cure amount will be deemed to be consent to such assumption and cure amount. The service of such noticenotices was good, sufficient, and appropriate under the circumstances and no further notice need be given in respect of the assumption and assignment of or establishment of a cure

FORM OF SALE ORDER – Page 7

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

amount for the Assigned and Assumed Leases and Contracts. Each of the counterparties to the Assigned and Assumed Leases and Contracts has had an opportunity to object to the assumption and assignment of its applicable Assigned and Assumed Leases and Contracts and the cure amounts set forth in such ~~notice~~notices.

F. The Sellers have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, including, without limitation, the Debtors' estates' acquisition of the Easterday Property pursuant to section 363(b) of the Bankruptcy Code, the Sale of the Property by the Debtors pursuant to section 363(b) of the Bankruptcy Code, and the Debtors' assumption and assignment of the Assigned and Assumed ~~Lease~~Leases and Contracts and determination of the final cure amounts to the Buyer.

G. The Sale Notice, Publication Notice, ~~and~~ the Assumption and Assignment/Cure Notice*, and the Supplemental Notice of Intent to Assume and Assign Designated Executory Contracts and Unexpired Leases and to Pay Proposed Cure Amounts* [Docket No. 837] (the "Supplemental Assumption and Assignment/Cure Notice") provided all Parties-in-Interest with timely and proper notice of the Sale, Auction, Sale Hearing, and any deadlines to object to the Sale and/or the assumption and assignment of any Assigned and Assumed Leases and Contracts.

H. In accordance with the Purchase and Sale Agreement, if the Buyer elects to amend Schedules 2.5 and 8.7 to the Purchase and Sale Agreement by including any executory contracts or unexpired leases not already identified on Schedules 2.5 and 8.7, the Debtors shall file with the Court a supplemental notice and serve the supplemental notice to the counterparties to the executory contracts or unexpired leases included on the supplemental notice. Each such counterparty shall have seven

~~FORM OF~~ SALE ORDER – Page 8

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(7) calendar days to file any objection to the proposed cure amount or objection to the assumption and assignment of the executory contract or unexpired lease. The service of such notice will be deemed good, sufficient, and appropriate under the circumstances and no further notice shall need to be given in respect of the assumption and assignment of or establishment of a cure amount of the executory contracts or unexpired leases included in the supplemental notice. Each added executory contract or unexpired lease is an Assigned and Assumed Lease and Contract.

I. H. As evidenced by the affidavits of service previously filed with this Court, proper, timely, adequate, and sufficient notice of the Motion, Auction, Sale Hearing, and Sale has been provided in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, and 9014 to all Parties-in-Interest. The Debtors have also complied with all obligations to provide notice of the Motion, Auction, Sale Hearing, and Sale required by the Bid Procedures Order and Supplemental Bidding Procedures Order, including notice by publication of the designation of the Buyer as the Stalking Horse Bidder and the deadline to object to the Sale of the Property to the Stalking Horse Bidder or Successful PurchaserBidder. The notices described above were good, sufficient, and appropriate under the circumstances, and no further or other notice of the Motion, Auction, Sale Hearing, Sale, or assumption and assignment of the Assigned and Assumed Leases and Contracts and Leases is required.

J. I. Disclosures of the Purchase and Sale Agreement, Auction, Sale, Sale Hearing, and the assumption and assignment of the Assigned and Assumed Leases and Contracts were good, complete, and adequate, and a reasonable opportunity to object or to be heard regarding the Sale was afforded to all Parties-in-Interest.

FORM OF SALE ORDER – Page 9

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

21-00141-WLH11   Doc 850   Filed 06/25/21   Entered 06/25/21 19:00:15   Pg 49 of 78

## Good Faith of the Buyer

K. ~~J.~~ The Buyer is not an "insider" or otherwise an "affiliate" of any of the Sellers, as those terms are defined in section 101(31) of the Bankruptcy Code or under the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, the Uniform Voidable Transaction Act, and any laws of the United States, any state, territory, possession thereof, or the District of Columbia.

L. ~~K.~~ The Buyer is purchasing the Property in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and under the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, the Uniform Voidable Transaction Act, and any laws of the United States, any state, territory, possession thereof, or the District of Columbia, and is therefore entitled to the full protection of those provisions, and otherwise has proceeded in good faith in all respects in connection with the Sale in that, *inter alia*: (i) the Sellers were free to deal with any other party interested in acquiring the Property in accordance with the Bid Procedures Order and the Supplemental Bid Procedures Order; (ii) the Buyer complied with the provisions of the Bid Procedures Order and the Supplemental Bid Procedures Order; (iii) the Buyer agreed to submit its bid, in the form of the Purchase and Sale Agreement, to the competitive Bid Procedures set forth in the Bid Procedures Order and the Supplemental Bid Procedures Order; (iv) all payments and other consideration to be provided by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Sale have been disclosed; (v) the Buyer has not engaged in any action or inaction that would cause or permit the Purchase and Sale Agreement or the Sale to be avoided or would impose any costs or damages under section 363(n) of the Bankruptcy Code; (vi) no common identity of directors or controlling stockholders exists between the Buyer and the Sellers; (vii) the negotiation and execution of the Purchase and Sale

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

Agreement was at arms' length and in good faith at all times, and each Party was represented by separate and competent counsel and other professionals; and (viii) the Purchase and Sale Agreement was not entered into for the purpose of hindering, delaying, or defrauding present or future creditors of the Sellers, and neither the Sellers nor the Buyer is entering into the Purchase and Sale Agreement, or proposing to consummate the Sale, fraudulently, for the purpose of statutory and common law fraudulent conveyance, fraudulent transfer, or voidable transfer claims whether under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable jurisdiction with laws substantially similar to the foregoing.

M. ~~L.~~ In the absence of a stay pending appeal, the Buyer is authorized to rely on this Order in closing the Sale on the terms and conditions set forth in the Purchase and Sale Agreement and this Order.

**Highest and Best Offer**

N. ~~M.~~ With the full cooperation of the Easterdays, the Debtors conducted an extensive marketing and sale process in accordance with, and have otherwise complied in all material respects with, the Bid Procedures Order. The sale process set forth in the Bid Procedures Order and Supplemental Bid Procedures Order afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Property.

O. On June 17, 2021, the Debtors, in accordance with the Bid Procedures, the Bid Procedures Order, and the Supplemental Bid Procedures Order conducted the Auction virtually via videoconference with the participation of five (5) Qualified Bidders.

P. ~~N. Based~~ At the conclusion of the Auction, based upon the Bid Procedures approved pursuant to the Bid Procedures Order and the Supplemental Bid

~~FORM OF~~ SALE ORDER – Page 11

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Procedures Order, the Debtors determined that (i) the bid evidenced by the Purchase and Sale Agreement is the highest and best offer for the Property and (ii) the bid submitted by 100C, LLC (the "Backup Bidder"), as evidenced by the *Purchase and Sale Agreement* attached as Exhibit B to the *Notice of Auction Results* [Docket No. 830] (the "Backup Bidder PSA") was the next highest and best offer for the Property.

Q. ~~O.~~ The Sale memorialized in the Purchase and Sale Agreement constitutes the highest and best offer for the Property and will provide a greater recovery for the ~~Debtors~~Sellers, the Debtors' estates, and the Easterdays' creditors than would be provided by any other available alternative. The Debtors' determination that the Purchase and Sale Agreement constitutes the highest and best offer constitutes a valid and sound exercise of business judgment by the respective Sellers.

R. ~~P.~~ The Property was adequately marketed by the Sellers and their advisors, and the consideration provided by the Buyer under the Purchase and Sale Agreement constitutes the highest and best offer for the Property and will provide greater recoveries for the Debtors' estates and the Sellers' creditors than would be provided by any other available alternative.

S. ~~Q.~~ The Purchase and Sale Agreement represents a fair and reasonable offer to purchase the Property under the circumstances of the Chapter 11 Cases. No other person or entity or group of entities has offered to purchase the Property for greater economic value to the Debtors' estates or to the Easterdays than the Buyer.

T. ~~R.~~ Approval of the Motion and the Purchase and Sale Agreement and the consummation of the Sale are in the best interests of the Debtors, their creditors, their estates, and the creditors of each of the Easterdays and any other ~~parties~~Parties-in-~~interest~~Interest.

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

U. ~~S.~~ The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale.

### No Fraudulent Transfer

V. ~~T.~~ The consideration provided by the Buyer to the Sellers, and received by the Debtors' estates on behalf of the Sellers, is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia, or any other applicable jurisdiction with laws substantially similar to the foregoing.

W. ~~U.~~ The Buyer is not a successor to the Sellers or their respective estates by reason of any theory of law or equity, and the Buyer shall not assume or in any way be responsible for any liability or obligation of any of the Sellers or their respective estates by reason thereof. The Buyer is not a mere continuation of the Debtors or their estates or the Easterdays or their respective estates, as applicable, and there is no continuity between the Buyer and any of the Sellers. The Buyer is not holding itself out to the public as a continuation of the Sellers. The Sale does not amount to a consolidation, merger, or *de facto* merger of the Buyer and any of the Sellers.

### Validity of Transfer

X. ~~V.~~ The Sellers have full corporate power and authority to execute and deliver the Purchase and Sale Agreement and all other documents contemplated thereby and to perform their obligations thereunder, and no further consents or approvals are required for the Sellers to consummate the Sale, except as otherwise set forth in the Purchase and Sale Agreement.

Y. ~~W.~~ The two-step transfer of the Property and the assumption and assignment of the Assigned and Assumed Leases and Contracts to the Buyer will be

~~FORM OF~~ SALE ORDER – Page 13

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

~~DOCS_SF:105437.7 20375/001~~

as of the Closing Date a legal, valid, and effective transfer of such Property and the Assigned and Assumed Leases and Contracts, and vests or will vest the Buyer with all rights, title, and interest of the Sellers in and to the Property, free and clear of all Claims, Rights, and Encumbrances accruing, arising or relating thereto any time prior to or on the Closing Date, except as set forth in the Purchase and Sale Agreement.

### Section 541(a)(6)-(7) of the Bankruptcy Code

Z. X. The Purchase and Sale Agreement and, the Easterday Property upon its acquisition by the Debtors' estates from the Easterdays, and the proceeds from the Sale constitute property of the Debtors' bankruptcy estates pursuant to section 541(a)(6)-(7) of the Bankruptcy Code. The Debtors are properly exercising their business judgment in acquiringconsummating the Sale in accordance with and pursuant to the Purchase and Sale Agreement, which requires the Debtors' estates to acquire all rights, title, and interest in and to the Easterday Property toas a condition to consummating the Sale to the Buyer, which the Debtors have determined will maximize the value of the Property for the benefit of all Parties-in-Interest. Notwithstanding the Debtors' acquisition of the Easterday Property and sale of the Property (including the Easterday Property) to the Buyer, the Easterdays shall retain their right to the proceeds from the sale of the Easterday Property as determined by the Court in accordance with the Cooperation Agreement.

### Section 363(f) of the Bankruptcy Code

AA. Y. The Buyer's obligation to consummate the Sale pursuant to the Purchase and Sale Agreement is conditioned upon the sale of the Property to the Buyer, and the assumption, assignment, and/or sale of the Assigned and Assumed Leases and Contracts to the Buyer, free and clear of all Claims, Rights, and Encumbrances.

FORM OF SALE ORDER – Page 14

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

**BB.** ~~Z.~~ The Sellers may sell the Property free and clear of all Claims, Rights, and Encumbrances because, in each case, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. Those holders of Claims, Rights, and Encumbrances who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code.  As to any other holders of Claims, Rights, and Encumbrances who filed objections to the Motion not otherwise withdrawn at the Sale Hearing, such Claims, Rights, and Encumbrances fall within one or more of the other subsections of section 363(f) and are adequately protected by having their Claims, Rights, and Encumbrances either paid in full or assumed by the Buyer upon the Closing Date, or attach to the cash proceeds of the Sale ultimately attributable to the Property in which such creditor alleges an interest, in the same order of priority, with the same validity, force, and effect that such creditor had prior to the Sale, subject to any and all claims and defenses the Sellers may possess with respect thereto.

**CC.** ~~AA.~~ The Buyer shall have no obligations with respect to any liabilities of the Sellers except as specifically set forth in, and solely to the extent provided pursuant to, the Purchase and Sale Agreement, and the Sale will not subject the Buyer, the Property, or any of the Buyer's assets to any liability for any Claims, Rights, and Encumbrances whatsoever (including, without limitation, under any theory of equitable law, antitrust, setoff, or successor or transferee liability).

**DD.** ~~BB.~~ The Buyer would not ~~enter~~have entered into the Purchase and Sale Agreement and would not consummate the Sale, thus adversely affecting the Debtors, their estates, creditors, employees, the Easterdays and their creditors, and other ~~parties in interest~~Parties-in-Interest, if the sale of the Property was not free and clear of all Claims, Rights, and Encumbrances or if the Buyer would, or in the future

~~FORM OF~~ SALE ORDER – Page 15

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

could, be liable for any Claims, Rights, and Encumbrances. The Buyer would not consummate the Sale unless the Purchase and Sale Agreement specifically provides, and this Court specifically orders, that none of the Buyer, its assets, ~~and~~including the Property, will have any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Claims, Rights, and Encumbrances, or any successor or transferee liability ~~for~~relating to any of the Sellers.

### Assigned and Assumed Leases and Contracts

EE. ~~CC.~~ The assumption and assignment of the Assigned and Assumed Leases and Contracts pursuant to the terms of this Order is integral to the Purchase and Sale Agreement and is in the best interests of the Sellers and their ~~parties~~Parties-in-~~interest~~Interest, and represents the reasonable exercise of sound and prudent business judgment by the Sellers.

FF. ~~DD.~~ The respective amounts set forth on **Exhibit 2** attached hereto are the sole amounts necessary under sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to cure all monetary defaults and pay all actual pecuniary losses under the Assigned and Assumed Leases and Contracts ~~and Leases~~ (the "Cure Amounts").

GG. ~~EE.~~ Adequate assurance exists that the Cure Amounts required to be paid under the Purchase and Sale Agreement will be paid and the Buyer will fully perform all future obligations under the Assigned and Assumed Leases and Contracts assumed and assigned to the Buyer under the Purchase and Sale Agreement within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable), and 365(f)(2)(B) of the Bankruptcy Code.

~~FORM OF~~ SALE ORDER – Page 16

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

21-00141-WLH11    Doc 850    Filed 06/25/21    Entered 06/25/21 19:00:15    Pg 56 of 78

## Compelling Circumstances for an Immediate Sale

HH. FF. To maximize the value of the Property, it is essential that the Sale occur within the time constraints set forth in the Purchase and Sale Agreement. Time is of the essence in consummating the Sale.

II. GG. Given all of the circumstances of these chapterChapter 11 casesCases and the adequacy and fair value of the purchase price under the Purchase and Sale Agreement, the proposed Sale to the Buyer on the terms set forth in the Purchase and Sale Agreement constitutes a reasonable and sound exercise of the Sellers' business judgment and should be approved.

JJ. HH. The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 365(b), and 365(f) and all applicable requirements of such sections have been complied with in respect of the transactionSale.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

### General Provisions

1.      The relief request in the Motion is granted and approved, and the Sale contemplated thereby and by the Purchase and Sale Agreement is approved as set forth in this Order.

2.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to this Court or by stipulation filed with this Court, and all reservations of rights included therein, are hereby overruled on the merits or the interests of such objections have been otherwise satisfied or adequately provided for.

FORM OF SALE ORDER – Page 17

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

**Approval of the Purchase and Sale Agreement**

2        3.      The Purchase and Sale Agreement, and all the terms and conditions

3 thereof, are hereby approved.

4        4.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are

5 authorized and empowered to take any and all actions necessary or appropriate to (a)

6 cause their estates to acquire the Easterday Property, (b) consummate the Sale of the

7 Property to the Buyer pursuant to and in accordance with the terms of the Purchase

8 and Sale Agreement, (c) close the Sale as contemplated by the Purchase and Sale

9 Agreement and this Order, and (d) execute and deliver, perform under, consummate,

10 implement, and close fully the Purchase and Sale Agreement, together with all

11 additional instruments and documents that may be reasonably necessary or

12 appropriate to the performance of the obligations as contemplated by the Purchase

13 and Sale Agreement and such other ancillary documents.

14        5.      This Order shall be binding in all respects upon the Sellers, all creditors

15 of any Seller, all holders of equity interests in any Seller, all holders of any interests,

16 liens, claims, liabilities and encumbrances (whether known or unknown) against any

17 Seller or on all or any portion of the Property, all counterparties to the Assigned and

18 Assumed Leases and Contracts, the Buyer and all successors and assigns of the

19 Buyer, and any trustees, if any, subsequently appointed in ~~any~~either of the ~~Debtors'~~

20 ~~chapter~~Chapter 11 ~~cases~~Cases or upon a conversion to chapter 7 of the Bankruptcy

21 Code of ~~any~~either of the ~~Debtors' cases~~Chapter 11 Cases. This Order and the

22 Purchase and Sale Agreement shall inure to the benefit of the Debtors, their estates,

23 and the Easterdays' creditors, their estates, as applicable, the Buyer, and any of the

24 successors and assigns of the foregoing.  In the event either of the ~~Debtors'~~Chapter

25 11 Cases are dismissed, this Order shall remain enforceable by the Buyer in any court

26

27 ~~FORM OF~~ SALE ORDER – Page 18

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

28

DOCS_SF:105437.7 20375/001

of competent jurisdiction notwithstanding any order dismissing the ~~Debtors'~~Chapter 11 Cases.

### **Transfer of the Assets**

6.      Pursuant to sections 105(a), 363(b), 363(f), 365(b), 365(f), and 541(a)(7) of the Bankruptcy Code, the Sellers are authorized to consummate the Sale as set forth in the Purchase and Sale Agreement and transfer the Property on the Closing Date.  Such Property shall be transferred pursuant to the Purchase and Sale Agreement to the Buyer "as is where is" with all faults subject to and in accordance with the Purchase and Sale Agreement upon and as of the Closing Date, and upon Buyer's payment in full of the Purchase Price, such transfer shall constitute a legal, valid, binding, and effective transfer of the Property free and clear of all Claims, Rights, and Encumbrances. Pursuant to section 363(f) of the Bankruptcy Code, the transfer of title to the Property, including but not limited to the Assigned and Assumed Leases and Contracts, shall be free and clear of any and all Claims, Rights, and Encumbrances (including, without limitation, any and all claims pursuant to any successor-in-interest or fraudulent transfer liability theory). To the extent such Claims, Rights, and Encumbrances are not paid in full or assumed by the Buyer upon the Closing Date, all Claims, Rights, and Encumbrances on the Property shall attach solely to the proceeds of the Sale with the same validity, priority, force, and effect that they now have as against the Property, subject to any and all claims and defenses the Sellers and their estates may possess with respect thereto.

7.      Except as expressly permitted or otherwise specifically provided in the Purchase and Sale Agreement or this Order, all persons or entities holding Claims, Rights, and Encumbrances in all or any portion of the Property arising under or out of, in connection with, or in any way relating to the Sellers, the Property, the operation of the Sellers' business prior to the Closing Date, the consummation of the

~~FORM OF~~ SALE ORDER – Page 19

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

~~DOCS_SF:105437.7 20375/001~~

Sale and transfer of the Property to the Buyer, hereby are forever barred, estopped, and permanently enjoined from asserting against the Buyer, or its successors or assigns, and the Property, such persons' or entities' Claims, Rights, and Encumbrances in and to the Property and/or against the Buyer. On the Closing Date, each creditor is authorized to execute such documents and take all other actions as may be necessary to release Claims, Rights, and Encumbrances on the Property, if any, as provided herein, as such Claims, Rights, and Encumbrances may have been recorded or may otherwise exist. The Sale authorized herein shall be of full force and effect, regardless of any Sellers' lack of good standing in any jurisdiction in which such Seller is formed or authorized to transact business. Upon consummation of the Sale as set forth in the Purchase and Sale Agreement, the Buyer shall be authorized to file termination statements or lien terminations in any required jurisdiction to remove any record, notice filing, or financing statement recorded to attach, perfect, or otherwise notice any lien or encumbrance with respect to the Property (but not the proceeds thereof) that is extinguished or otherwise released pursuant to this Order under section 363 and the related provisions of the Bankruptcy Code.

8.     All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Sellers to sell and transfer the Property to the Buyer in accordance with the terms of the Purchase and Sale Agreement and this Order.

9.     All persons and entities that are in possession of some or all of the Property on the Closing Date are directed to surrender possession of such Property to the Buyer or its assignee at Closing in accordance with the Purchase and Sale Agreement.

10.     The provisions of this Order authorizing the Sale of the Property by the Sellers free and clear of Claims, Rights, and Encumbrances shall be self-executing,

FORM OF SALE ORDER – Page 20

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

and none of the Sellers, the Buyer, or any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents, or other instruments to effectuate, consummate, and/or implement the provisions hereof with respect to the Sale; *provided*, *however*, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the Purchase and Sale Agreement.

11. Without limiting the foregoing, a certified copy of this Order may be filed by the Buyer with the appropriate clerk or clerks and/or agencies or departments and/or recorded to act to cancel any of the Claims, Rights, and Encumbrances on the Property of record.

12. If any person or entity that has filed statements or other documents or agreements evidencing interests, liens, claims, liabilities, and encumbrances on all or a portion of the Property shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary or desirable to the Buyer for the purpose of documenting the release of all Claims, Rights, and Encumbrances on the Property, which the Person or entity has or may assert with respect to all or any portion of the Property, the Sellers and Buyer are hereby authorized, ~~and the Buyer is hereby authorized,~~ to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Property.

13. This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons or entities who may be required by

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any agreement or lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase and Sale Agreement, including, but not limited to, (i) the written and duly executed statement of the U.S. Department of Justice, attached hereto as **Exhibit 3**, stating that such agency has received actual notice of the Sale and has no objection to such Sale, and (ii) the written and duly executed statement of the Federal Commodities Futures Trading Commission, attached hereto as **Exhibit 4**, stating that such agency has received actual notice of the Sale and has no objection to such Sale .

14. Any and all governmental recording offices and all other parties, persons, or entities are authorized to accept this Order for recordation on or after the Closing as conclusive evidence of the free and clear, and unencumbered, transfer of all rights, title, interest in, and ownership of and to the Property conveyed to the Buyer at Closing.

### Assigned and Assumed Leases and Contracts

15. The Debtors are authorized to assume and assign each contract or lease that becomes an Assigned and Assumed Lease and ~~Contracts~~Contract to the Buyer free and clear of all interests, liens, claims, liabilities, and encumbrances as described herein and in the Purchase and Sale Agreement. The payment of the applicable Cure Amounts (if any) in accordance with the Purchase and Sale Agreement shall (a) effect a cure of all defaults existing thereunder as of the Closing Date and (b) compensate for any actual pecuniary loss to such non-Debtor party resulting from such default. The Buyer shall ~~then~~ have assumed the Assigned and Assumed Lease

~~FORM OF~~ SALE ORDER – Page 22

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

and Contract and, pursuant to section 365(f) of the Bankruptcy Code, the assignment by the Debtors of such Assigned and Assumed Lease and Contract shall not be a default thereunder.  After the Closing Date, the Sellers shall not have any further liabilities to the counterparties to the Assigned and Assumed Lease and Contract.

16.    Any provisions in any Assigned and Assumed Lease and Contract that prohibit or condition the assignment of such Assigned and Assumed Lease and Contract or allow the counterparty to such Assigned and Assumed Lease and Contract to terminate, recapture, impose any penalty, condition a renewal or extension or modify any term or condition upon the assignment of such Assigned and Assumed Lease and Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect.  All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Buyer of any of the Assigned and Assumed Leases and Contracts have been satisfied.  Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested with all rights, title, and interest of the Sellers under the Assigned and Assumed ~~Contract or Lease~~Leases and Contracts.

17.    Upon the assumption of any of the Assigned and Assumed Leases and Contracts and the payment of the relevant Cure Amounts, if any, in accordance with the Purchase and Sale Agreement, the Buyer shall be deemed to be substituted for the Sellers as a party to the applicable Assigned and Assumed Leases and Contracts, and the Sellers shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, of any further liability under those Assigned and Assumed Leases and Contracts.

18.    Upon the payment of the applicable Cure Amount, if any, the Assigned and Assumed Leases and Contracts will remain in full force and effect, and no default shall exist under any of the Assigned and Assumed Leases and Contracts nor

~~FORM OF~~ SALE ORDER – Page 23

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

shall there exist any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default.

19. The Buyer has provided adequate assurance of future performance under the relevant Assigned and Assumed Leases and Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable), and 365(f)(2)(B) of the Bankruptcy Code.

20. There shall be no rent accelerations, assignment fees, increases or any other fees charged to the Buyer or the Sellers as a result of the assumption and assignment of the Assigned and Assumed Leases orand Contracts.

21. Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, all counterparties to the Assigned and Assumed Leases and Contracts are forever barred and permanently enjoined from raising or asserting against the Debtors or the Buyer any assignment fee, default, breach or claim of pecuniary loss, or condition to assignment, arising under or related to the applicable Assigned and Assumed Leases and Contracts existing as of the Closing Date or arising by reason of the Closing.

## PROTECTIONS OF THE BUYER

## Protections of the Buyer

22. Effective upon the Closing Date, all persons and entities are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against the Buyer, its successors and assigns, its property, or the Property, with respect to any (a) Claims, Rights, and Encumbrances arising under, out of, in connection with or in any way relating to the Sellers, the Buyer, the Property, or the operation of the businesses to which the Property relates prior to or in connection with or relating to the Closing of the Sale, or (b) successor liability or liability under any other theory at law or in equity with

FORM OF SALE ORDER – Page 24

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

respect to transferee liability, including, without limitation, with respect to the foregoing (a) and (b), the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Buyer, or its successors or, assigns, assets, or properties; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against the Buyer, or its successors or, assigns, assets, or properties; (iii) creating, perfecting, or enforcing any Claims, Rights, and Encumbrances against the Buyer, or its successors or, assigns, assets, or properties; (iv) asserting any setoff, right or subrogation, or recoupment of any kind against any obligation due the Buyer or its successors or assigns; (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect thereof; (vi) revoking, terminating or failing or refusing to issue or renew any licenses, permits, or authorizations to operate any of the Property or conduct any of the businesses operated with the Property or (vii) commencing any action, in any manner or place, arising from, out of, or in connection with the negotiation and formulation of the Purchase and Sale Agreement, and the consummation of the Sale, including any actions necessary in aid thereof.

23. Except for the Assigned and Assumed Leases and Contracts, or as otherwise expressly set forth in this Order or the Purchase and Sale Agreement, the Buyer shall not have any liability or other obligation of the Sellers arising under or related to any of the Property. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Purchase and Sale Agreement, the Buyer shall not be liable for any claims against the Sellers or any of their predecessors or affiliates, and the Buyer shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of

FORM OF SALE ORDER – Page 25

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

21-00141-WLH11    Doc 850    Filed 06/25/21    Entered 06/25/21 19:00:15    Pg 65 of 78

antitrust, environmental, successor or transferee liability, labor law, *de facto* merger or substantial continuity, whether known or unknown as of the Closing Date, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Sellers or any obligations of the Sellers arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of any of the Property prior to the Closing. The Buyer has given, and the Debtors' estates have received on behalf of the Sellers have received, substantial, fair and reasonably equivalent consideration under the Purchase and Sale Agreement for the benefit of the holders of any Claims, Rights, and Encumbrances. The consideration given by the Buyer shall constitute valid and valuable consideration for the releases of any potential claims of successor or transferee liability of the Buyer, which releases shall be deemed to have been given in favor of the Buyer by all holders of Claims, Rights, and Encumbrances against any of the Sellers or in any of the Property.

24. The Sale contemplated by the Purchase and Sale Agreement is undertaken by the Buyer without collusion and in good faith, as that term is defined those terms are understood in section sections 363(m) and 363(n) of the Bankruptcy Code and applicable law, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the assumption and assignment of the Assigned and Assumed Leases or Contracts), unless such authorization and consummation of the Sale are duly stayed pending such appeal. The Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and applicable law and as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

FORM OF SALE ORDER – Page 26

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

25. The Sale contemplated in the Purchase and Sale Agreement may not be avoided, and no damages may be assessed against the Buyer under section 363(n) of the Bankruptcy Code or applicable law.

**Backup Bid**

26. The Backup Bidder PSA is binding on the parties in accordance with the terms thereof in the event that the Debtors fail to close the Sale with FRI. The Debtors will submit a separate form of sale order with the Backup Bidder if the Debtors propose to proceed to Closing with the Backup Bidder in the event the Sale with FRI does not close. The Deposit of the Backup Bidder will be returned no later than three (3) business days following the Closing of the Sale with FRI or, if the Debtors determine to proceed to Closing with the Backup Bid, applied in accordance with the terms thereof.

**Reservation of Rights**

27. 26. Notwithstanding anything contained in this Order, the Purchase and Sale Agreement, or any ancillary agreements thereto, neither the (a) form of title in which the Debtors' estates take title to the Easterday Property nor (b) the Debtor entity estate that accepts title to the Easterday Land or assignment of any of the Easterday Assigned and Assumed Leases and Contracts, shall prejudice, impair, or otherwise affect any Parties-In-Interests' rights (including the Debtors' rights) with respect to the allocation of the Sale Proceeds as contemplated by the Cooperation Agreement. Notwithstanding anything contained in this Order, the Purchase and Sale Agreement, or any ancillary agreements thereto, the Easterdays shall retain their right rights to the proceeds from the sale of the Easterday Property, if any, as determined in accordance with pursuant to the Cooperation Agreement.

28. For the avoidance of doubt, section 3(a) of the Cooperation Agreement, pertaining to the distribution and deposit of Sale proceeds, including in the event of a

FORM OF SALE ORDER – Page 27

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Mortgage Challenge (as defined in the Cooperation Agreement), shall govern the distribution of the proceeds of the Sale at Closing and the rights of parties to assert a Mortgage Challenge, and is incorporated herein by reference; *provided that* the protections granted to the Buyer in and pursuant to this Order shall govern with respect to the Buyer and its obligations under the Purchase and Sale Agreement, and the Buyer shall have no obligations to any Party-In-Interest with respect to the Cooperation Agreement, including without limitation any disputes that may arise under the Cooperation Agreement in connection with the distribution and deposit of Sale proceeds.

29.     Nothing herein shall be deemed a finding of fact or law with respect to title or ownership regarding the Easterday Property as between the Debtors and the Easterdays and each party's rights are hereby reserved with respect to the title or ownership of such property.

## **Other Provisions**

30.     ~~27.~~ This Order and the Purchase and Sale Agreement shall be binding in all respects upon all creditors (whether known or unknown), counterparties, and Parties-in-Interest, the Debtors and their affiliates, the Buyer, the Easterdays and their affiliates, and any subsequent trustees appointed in the Chapter 11 Cases or upon a conversion to ~~Chapter~~chapter 7 under the Bankruptcy Code, and the Purchase and Sale Agreement shall not be subject to rejection.

31.     ~~28.~~ Nothing contained in any plan of reorganization or liquidation, or order of any type or kind (including any order dismissing the ~~Debtors' bankruptcy cases~~Chapter 11 Cases) entered in (a) these ~~chapter~~Chapter 11 ~~cases~~Cases, (b) any subsequent chapter 7 case into which ~~any such chapter~~either Chapter 11 ~~case~~Case may be converted, or (c) any related proceeding subsequent to the entry of this Order,

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

shall conflict with or derogate from the provisions of the Purchase and Sale Agreement or the terms of this Order.

32. ~~29.~~ Pursuant to Bankruptcy Rules 7062, 9014, 6004(h), and 6006(d), this Order shall be effective immediately upon entry and the Sellers and the Buyer are authorized to close the Sale immediately upon entry of this Order. The Buyer shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Purchase and Sale Agreement or any other sale-related document. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence; *provided, however*, that this Court shall retain exclusive jurisdiction over any and all disputes and matters arising from or related to the Purchase and Sale Agreement, the Sale and the implementation, interpretation, and enforcement of this Order.

33. ~~30.~~ No bulk sales or any similar law of any state or jurisdiction applies in any way to the Sale.

34. ~~31.~~ Except for Root Realty, there are no other brokers involved in consummating the Sale for the Sellers and no other brokers' commissions are due and owed by the Sellers.

35. The Debtors are authorized, without further order of the Court, to pay at Closing any commission or other compensation owed to Root Realty in connection with the Sale, in accordance with the *Order Authorizing Employment and Compensation of Root Realty LLC, as Broker for the Debtors Nunc Pro Tunc to Petition Dates* [Docket No. 538] and the *Listing Agreement* approved therein.

36. ~~32.~~ The failure to specifically include any particular provision of the Purchase and Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the terms and

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

conditions of the Purchase and Sale Agreement be authorized and approved in their entirety.

37. ~~33.~~ The Purchase and Sale Agreement and any related agreements, documents, or other instruments (other than this Order) may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates, the Sellers, and any estate of any of the Sellers, if applicable, or any Parties-in-Interest to any of the foregoing.

38. ~~34.~~ To the extent there are any inconsistencies between the terms of this Order and the Purchase and Sale Agreement (including any ancillary documents executed in connection therewith), the terms of this Order shall govern.

39. ~~35.~~ All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

40. ~~36.~~ To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these ~~chapter~~Chapter 11 ~~cases~~Cases, the terms of this Order shall govern.

41. ~~37.~~ This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms of the Order and the Purchase and Sale Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Sellers and/or Debtors are a party or which had been assigned by the Sellers and/or Debtors to the Buyer, to protect the Buyer and its assets, including the Property, against any Claims, Rights, and Encumbrances and to adjudicate, if necessary, any and all disputes relating in any way to the Sale.

~~FORM OF~~ SALE ORDER – Page 30

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

~~DOCS_SF:105437.7 20375/001~~

21-00141-WLH11    Doc 850    Filed 06/25/21    Entered 06/25/21 19:00:15    Pg 70 of 78

1    /// END OF ORDER ///

FORM OF SALE ORDER – Page 31

Pachulski Stang
Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

Presented by:

*/s/ Draft*
_____
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
~~MAXIM B~~JASON H. ~~LITVAK~~ROSELL (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors and Debtors in Possession*

DOCS_SF:105437.11

~~FORM OF~~ SALE ORDER – Page 32

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_SF:105437.7 20375/001

21-00141-WLH11    Doc 850    Filed 06/25/21    Entered 06/25/21 19:00:15    Pg 72 of 78

# EXHIBIT 1

**Purchase and Sale Agreement**

**[Intentionally Omitted]**

# EXHIBIT 2

## Assigned and Assumed Leases and Contracts[4]

| Contract or Lease | Cure Amount |
|---|---|
| 1.  Irrigated Cash Lease 12-D57294 commencing January 1, 2017, by the State of Washington, Department of Natural Resources (Lessor) and Cody Easterday, Debby Easterday, Gale Easterday, and Karen Easterday (Lessee). | $0 |
| 2.  Sublease of Dryland Cash Lease commencing October 1, 2017, by the State of Washington, Department of Natural Resources (Lessor) and Brian Wake and Brad Wake (Lessee). | $0 |
| 3.  Farm Lease commencing June 1, 2013, by Wake Family Properties, L.L.C., dba Brad Wake and Brian Wake dba B&B Farms (Lessor) and Cody A. Easterday, Debby Easterday, Gale A. Easterday, and Karen L. Easterday dba Easterday Farms (Lessee). | $21,962.50 + 12% interest |
| 4.  Farm Lease dated November 12, 2014, by Brad Wake and Brian Wake (Lessor) and Cody A. Easterday, Debby Easterday, Gale A. Easterday, and Karen L. Easterday dba Easterday Farms (Lessee). | $9,640.00 + 12% |

---

[4]  The inclusion of a contract or lease on this Exhibit or on Schedules 2.5 or 8.7 to the Purchase and Sale Agreement is not an admission by the Sellers or Buyer that such contract or lease is executory or unexpired. Sellers and Buyer reserve all rights to dispute whether such contract or lease is subject to the requirements of section 365 of the Bankruptcy Code.

| Contract or Lease | Cure Amount |
|---|---|
| 5.  The Barker Ranch's Consent to Shaw Vineyards, Inc.'s Partial Assignment and Sublease to Easterday Farms, Partnership of a Portion of the Water Rights Leased to Shaw Vineyards, Inc. Under The Barker Ranch/Shaw Vineyards, Inc. Water Rights Lease Agreement of February 26, 2013, dated April 29th, 2013 between Barker Ranch, Ltd (Lessor) and Shaw Vineyards, Inc. (Lessee 1) and Easterday Farms (Lessee 2). | $1,800.00 late fee |
| 6.  Yakima Adjudication Conditional Final Order Certificate No. S4-83818-J, pursuant to The Barker Ranch, Ltd. and Shaw Vineyards, Inc. Water Right Lease Agreement (Feb. 26, 2013), as amended; The Barker Ranch's Consent to Shaw Vineyards, Inc.'s Partial Assignment and Sublease to Easterday Farms, Partnership of a Portion of the Water Rights Leased to Shaw Vineyards, Inc. Under the Barker Ranch/ Shaw Vineyards, Inc. Water Rights Lease Agreement of February 26, 2013 (April 29, 2013); and Order Pendente Lite Re Temporary Change, Barker Ranch, Claim Nos. 01858, 01859, Yakima County Superior Court No. 77-2- 01484 5 (Dec. 12, 2013). | $0 |
| 7.  Indefinite Term Lease from Burlington Norther (BNSF) to Easterday Farms dated January 1, 1997. | $0 |
| 8.  Agreement for Private Crossing from Burlington Norther (BNSF) to Easterday Farms dated June 21, 2017 | $0 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

**DOJ Acknowledgement Letter**

**[Intentionally Omitted]**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 4

**CFTC Acknowledgement Letter**

**[Intentionally Omitted]**

Document comparison by Workshare 10.0 on Friday, June 25, 2021 6:23:12 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_SF/105437/7 |
| Description | DOCS_SF-#105437-v7-Easterday_-_Farmland_Sale_Order |
| Document 2 ID | PowerDocs://DOCS_SF/105437/11 |
| Description | DOCS_SF-#105437-v11-Easterday_-_Farmland_Sale_Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 287 |
| Deletions | 120 |
| Moved from | 1 |
| Moved to | 1 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 409 |