ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for the Chapter 11
Debtors and Debtors in Possession*

HON. WHITMAN L. HOLT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Lead Case No. 21-00141-11<br>Jointly Administered<br><br>**DECLARATION OF T. SCOTT AVILA IN SUPPORT OF DEBTORS' MOTION FOR AN ORDER (A) APPROVING THE SALE OF PROPERTY FREE AND CLEAR OF INTERESTS, INCLUDING LIENS, CLAIMS, LIABILITIES, AND ENCUMBRANCES; AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES** |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

DECLARATION IN SUPPORT OF
SALE MOTION – Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_NY:43533.7

I, T. Scott Avila, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a co-Chief Restructuring Officer of the above-captioned debtors and debtors in possession (the "Debtors"). I am generally familiar with the Debtors' businesses and financial affairs and their books and records. I am over 18 years of age and am competent to testify to the facts and circumstances set forth herein.

2. I am authorized to submit this declaration on behalf of the Debtors. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, and information I have received from the Debtors' advisors. If I were called upon to testify, I could and would testify competently to the facts set forth herein on that basis.

3. I submit this declaration (the "Declaration") in support of the Debtors' sale of certain real property and related interests as more fully set forth herein.

4. On March 26, 2021, the Debtors filed a motion [Docket No. 486] in the United States Bankruptcy Court for the Eastern District of Washington, seeking entry of (i) an order (the "Bidding Procedures Order") approving Bidding Procedures for the sale (the "Sale") of certain real property interests (collectively, the "Assets"),[2] (b) approving procedures for the assumption and assignment of designated executory contracts and unexpired leases (the "Transferred Contracts"), (c) scheduling the Auction and Sale Hearing, and (d) granting related relief, and (ii) an order (the "Sale Order") (a) authorizing the Sale(s) of the Assets free and clear of all liens claims, interests, and other encumbrances, other than assumed liabilities (if any), to the

---

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Bidding Procedures or Bidding Procedures Order, or other motion as set forth herein and/or as may be applicable.

DECLARATION IN SUPPORT OF SALE MOTION – Page 2

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_NY:43533.7

21-00141-WLH11    Doc 897    Filed 07/12/21    Entered 07/12/21 17:02:34    Pg 2 of 11

Successful Bidder(s) submitting the highest or otherwise best bid, (b) authorizing the assumption and assignment of the Transferred Contracts to the Successful Bidder(s) and authorizing the sale and transfer of other designated contracts, and (c) granting certain related relief.

5. On April 29, 2021, this court entered the Bidding Procedures Order [Docket No. 664].

6. On May 19, 2021, the Debtors filed a *Supplemental Motion for Approval of (A) Designation of Stalking Horse Bidder and Related Bid Protections in Connection with Auction for Sale of Assets; and (B) Granting Related Relief* [Docket No. 724] (the "Supplemental Motion").

7. On May 28, 2021, the court entered the *Supplemental Order (A) Approving Designation of Stalking Horse Bidder and Related Bid Protections in Connection With Auction for Sale of Assets; and (B) Granting Related Relief* [Docket No. 749] (the "Supplemental Order"). The Supplemental Order approved of, among other things, the Debtors' designation of Farmland Reserve, Inc. ("Farmland Reserve") as the Stalking Horse Bidder in connection with the Sale, certain required bid protections in connection therewith, and the Debtors' entry into the Purchase and Sale Agreement (the "Farmland Reserve PSA") annexed thereto [Docket No. 737].

8. At all times, the sale process conformed to the Bidding Procedures and Bidding Procedures Order, which in turn, were designed to maximize the value of the Assets. As more fully set forth herein and as is evident from the value derived from the Auction, the Bidding Procedures provided a defined but flexible set of rules intended to ensure a collaborative and fair process for accepting Qualified Bids and ensuring open and robust bidding at the Auction.

9. As more fully set forth in the Bidding Procedures Motion, given the interrelatedness of the land (contiguous but individual parcels making up the Sale

DECLARATION IN SUPPORT OF
SALE MOTION – Page 3

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_NY:43533.7

21-00141-WLH11    Doc 897    Filed 07/12/21    Entered 07/12/21 17:02:34    Pg 3 of 11

Properties), the operations conducted thereon, and purported ownership of these individual parcels, the Debtors determined that the highest and best price for the Sale Properties was only obtainable if all the property was marketed and sold in a single sale process.

10. Thus, notwithstanding the purported ownership issues[3] relating to the various parcels that comprise the Sale Properties, the Farmland Reserve PSA requires that the Sale Order provide Farmland Reserve with, among other findings, an 11 U.S.C. § 363(f) "free and clear" finding with respect to all of the real property constituting the Sale Properties. As such, and to the extent the Debtors do not already own certain of the real property being sold pursuant to the Farmland Reserve PSA, the Farmland Reserve PSA requires that the Debtors acquire all rights, title, and interest in and to the purported Easterday Property as a condition to consummating the Sale and to then sell that property to Farmland Reserve pursuant to 11 U.S.C. § 363.

11. In order to ensure all Qualified Bidders were afforded sufficient time to review the Supplemental Order and the Farmland Reserve PSA, the Bid Deadline was extended from May 31, 2021, to June 4, 2021 (the "<u>Bid Deadline</u>").

12. The Debtors received five (5) Qualified Bids by the Bid Deadline, including bids to purchase (i) a subset of the Sale Properties, (ii) all of the Sale Properties, and (iii) credit bids on particular Sale Properties. In order to provide the Consultation Parties with sufficient time to evaluate the Qualified Bids, the Debtors,

---

[3] As more fully set forth in the Reply, title to the parcels comprising the Sale Properties set forth various names, including without limitation, (i) the name of the partners "d/b/a Easterday Farms, A Partnership" (ii) the names of the partners "as husband and wife," and (iii) one of the Debtor entities. For illustrative purposes only, attached to this Declaration as Exhibits "A" and "B" are the cover pages of deeds on certain parcels comprising Goose Gap and River Farm. In addition, the Debtors have paid the carrying costs, including without limitation, maintenance expenses, tax payments, and mortgage amounts, on the Sale Properties.

DECLARATION IN SUPPORT OF SALE MOTION – Page 4

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_NY:43533.7

1. upon notice to all parties in interest, rescheduled the Auction from June 14, 2021 to June 17, 2021.

13. At the start of the Auction on June 17, 2021, and in accordance with the Bidding Procedures, the Debtors designated the Stalking Horse Bid, on the terms set forth in the Farmland Reserve PSA, as the Baseline Bid.

14. Thereafter, the Debtors indicated on the record at the Auction that they had received a bid from 100C, LLC that, as last modified prior to the Auction, met the Initial Overbid requirements and that the Debtors, in consultation with the Consultation Parties, were prepared to designate 100C, LLC's overbid as the Initial Overbid. 100C, LLC confirmed the terms of its bid and the 100C, LLC bid was designated an Initial Overbid.

15. Competitive bidding lasted five (5) rounds, with various bids submitted on all of the properties, single properties, and a subset of the properties. As noted above, the Debtors received two credit bids, one by Prudential and one by AXA/Equitable. It should be noted that Prudential's asset purchase agreement was modeled on the Farmland Reserve PSA and, therefore, utilized the same two-step process as the Farmland Reserve PSA (whereby to the extent the Easterdays owned any portion of the Sale Properties, they would first sell those portions to the Debtors in exchange for an allocable interest of the purchase price, and then the Debtors would sell all of the Sale Properties pursuant to 11 U.S.C. §363(b),(f) and (m)).

16. Bidders were provided, and often took, considerable time to determine whether to make each bid. The process was designed to ensure that (a) the various details of a potential purchase of Sale Properties was clearly understood by all auction attendees and (b) the auction participants would make the highest and best bid possible. At the conclusion of the Auction, the Farmland Reserve bid for all of the

DECLARATION IN SUPPORT OF SALE MOTION – Page 5

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_NY:43533.7

Sale Properties outweighed the various other bids, taken in the aggregate, on a subset of a portion of the Sale Properties and the credit bids.

17. As such, the Debtors designated Farmland Reserve as the Successful Bidder for the Assets (the "Successful Bidder"), with the highest and otherwise best bid of $209 million (the "Successful Bid"). Also, and in accordance with the Bidding Procedures, the Debtors declared 100C, LLC as the Backup Bidder for the Assets (the "Backup Bidder") with a bid of $208 million (the "Backup Bid").

18. On June 21, 2021, the Debtors filed the *Notice of Auction Results* [Docket No. 830], as required by the Bidding Procedures, naming Farmland Reserve as the Successful Bidder and 100C, LLC as the Backup Bidder.

19. To the extent of my knowledge, neither the Successful Bidder nor the Backup Bidder are "insiders" of the Debtors and have no connection to the Debtors other than with respect to the sale process. Moreover, both the sale process and the Auction were conducted in good faith and in all respects in accordance with the Bidding Procedures and Bidding Procedures Order.

20. To date, and to the best of my knowledge, there has been no bidder or other party in interest in the Debtors' chapter 11 cases who has indicated any objection or other issue relating to the sale process and/or the Auction, or the Debtors' judgement on naming the Successful Bidder as having submitted the highest and best bid for the Assets or the Backup Bidder for submitting the Backup Bid.

21. The Debtors have determined, in the exercise of their respective business judgment, that the Successful Bid represents the highest and best offer for the Assets.

22. As set forth above, the Bidding Procedures and Cooperation Agreement were designed to provide for a sale process that was both efficient and maximized value for all of the Debtors' stakeholders. Given the timing of the chapter 11 case, the Debtors immediately recognized that to maximize value, any sale would need to close

DECLARATION IN SUPPORT OF SALE MOTION – Page 6

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eg12nf01z4    DOCS_NY:43533.7

21-00141-WLH11    Doc 897    Filed 07/12/21    Entered 07/12/21 17:02:34    Pg 6 of 11

prior to the following grow season (2021-2022), so that a buyer would be incentivized to offer maximum value and quickly reap the benefits of a new harvest. As the new grow season is quickly approaching, time is of the essence to close the Sale to the Buyer.

23. Moreover, closing the sale to the Buyer as expeditiously as possible will ensure that the Debtors' resources and attention can be trained on the Allocation Protocol (as defined in the Cooperation Agreement) – which will take some time to establish, and the ultimate goal of confirming a chapter 11 plan.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 12th day of July, 2021.

*/s/ T. Scott Avila*
T. Scott Avila

DECLARATION IN SUPPORT OF
SALE MOTION – Page 7

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

DOCS_NY:43533.7

# EXHIBIT A



EXCISE TAX PAID
21,068.10
1FE-6 14 K00454
J.C.
BENTON COUNTY WA

After recording return to
CRANE BERGDAHL, Attorney at Law
PO Box 2755
Pasco WA 99302

**WARRANTY DEED (Statutory Form) AND BOUNDARY LINE ADJUSTMENT DEED**

**Grantor:** KENNEWICK PUBLIC HOSPITAL DISTRICT
**Grantee:** GALE A. EASTERDAY, KAREN L. EASTERDAY, CODY A. EASTERDAY, DEBBY EASTERDAY dba EASTERDAY FARMS, A PARTNERSHIP

**Abbreviated Legal Description:** Land within §§ 1, 11, 12, 13, 14, 23, 24, 25 & 26 of Township 7N, Range 30E, Willamette Meridian, and land within §§ 8, 17, 18, 19, 20, all of Township 7N, Range 31E, Willamette Meridian, as set forth in Exhibit A hereto.

**Assessor's Property Tax Parcel or Account Nos.:** 101703000001000, 111701000000000, 112702000000000, 108713000000000, Portion of 117712000002000, 118710000000000, 113702000000000, 114703000000000, 123700000000000, 124701000000000, 119710000000000, Portion of 120712000000000, Portion of 120711000002000, 125700000000000, 126701000000000

KENNEWICK PUBLIC HOSPITAL DISTRICT, Grantor, for and in consideration of a Boundary Line Adjustment of parcels (F, Parcel No. 117712000002000, M, Parcel No. 120712000000000, N, Parcel No. 120711000002000), Ten Dollars and other valuable consideration, in hand paid, conveys and warrants to Gale A. Easterday, Karen L. Easterday, Cody A. Easterday and Debby Easterday, d/b/a Easterday Farms, a partnership, as Grantees, all right, title and interest in the following described real estate, situated in Benton County, State of Washington:

See Exhibit A attached hereto.

DATED 02/05/14

Kennewick Public Hospital District, a Municipal Corporation

BY: _____
Gilbert G. Marshall, Chief Executive Officer

# EXHIBIT B

108852

WARRANTY DEED

The Grantor, RIVERWOOD FARMS, INC., an Oregon corporation, for and in consideration of $949,050.00 and other good and valuable consideration, in hand paid, conveys and warrants to **GALE A. EASTERDAY** and **KAREN L. EASTERDAY**, husband and wife, as to an undivided one-half (1/2) interest, and to **CODY A. EASTERDAY** and **DEBBY EASTERDAY**, husband and wife, as to an undivided one-half (1/2) interest, as tenants in common, as Grantees, an undivided seventy-four percent (74%) interest in the following described real estate situated in the County of Benton, State of Washington:

See Attached Exhibit "A"

TOGETHER WITH appurtenances thereunto belonging.

TOGETHER WITH all right, title and interest held by BARBAROSA FARMS, INC., in SPAW Canyon Irrigation System.

TOGETHER WITH all water rights, appurtenent to said property as reflected by, and subject to the terms and conditions of, the following: State of Washington Water Permit No. 54-23978P, as granted by the State of Washington, Department of Ecology, dated May 20, 1975, recorded under Auditor's File No. 761250; State of Washington Water Permit No. S4-28998-P, as granted by the Department of Ecology dated September 4, 1987; Department of Army Permit dated August 27, 1976, recorded under Auditor's File No. 761253; State of Washington Permit dated February 12, 1976, recorded under Auditor's File No. 761255; and State of Washington Permit dated February 13, 1976, recorded under Auditor's File No. 761254.

SUBJECT TO the terms and conditions of that agreement by and between BURLINGTON NORTHERN, INC. and BARBAROSA FARMS, INC. dated February 16, 1978, recorded June 9, 1978 under Auditor's FIle No. 761251.

SUBJECT TO the terms and conditions of Primary Irrigation System Agreement by and between CRAWFORD AND SONS, INC. and BARBAROSA FARMS, INC. dated June 5, 1978, recorded August 9, 1978 under Auditor's File No. 766692, as modified by instrument dated March 16, 1990, recorded March 19, 1990 under Auditor's File No. 90-4257.

After Recording Return To: _____

Nov 24 12 38 PM '93

...ER
...UDITOR

PAGE 1 - WARRANTY DEED