# EXHIBIT B



May 28th, 2021

<u>Via email</u>

Pachulski Stang Ziehl & Jones LLP
Attn: Richard Pachulski
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
rpachulski@pszjlaw.com

Cooley LLP
Attn: Jay R. Indyke
55 Hudson Yards
New York, NY 10001
jindyke@cooley.com

## LETTER OF INTENT

RE:    Proposed Purchase of North Lot Facility

Gentlemen:

This letter of intent sets forth the basic terms and conditions by which Tyson Fresh Meats, Inc. or its designee ("**Tyson**") is prepared to purchase the Facility (defined below) from the bankruptcy estate of Easterday Ranches, Inc. ("**Seller**"). This letter of intent outlines the basic business terms and understandings with respect to Tyson's proposed purchase of the Facility, but Tyson's offer to purchase the Facility remains subject to negotiation and execution of a definitive purchase and sale agreement in a customary market form for a transaction of this nature. The proposed basic terms and conditions of Tyson's offer for the Facility are:

1.    **Facility**. Tyson is prepared to purchase the cattle feed operation located at 8230 Blanton Road, Pasco, WA 99301 and certain improvements and fixtures related thereto which are collectively defined as the "**Facility**" in the Purchase and Sale Agreement dated January 15, 2021 between Seller and AB Livestock, LLC ("**AB Livestock PSA**").[1] Tyson is prepared to purchase the Facility from Seller in its current, "AS IS", "WHERE IS", with all faults condition, without further responsibility on the part of Seller for any construction, repairs, alterations, or additions thereto.

2.    **Purchase Price**. The total purchase price ("**Purchase Price**") will be $25,000,000, all cash. The Purchase Price will be paid to Seller as follows: (1) an initial earnest money deposit of $1,250,000 (together with all interest earned thereon, the "**Deposit**"), paid to Seller within two business days after mutual

---

[1] The Facility includes certain real property identified in Schedule 1.1(a) of the AB Livestock PSA, certain improvements and fixtures set forth on Schedule 1.1(b) of the AB Livestock PSA, and certain additional related assets defined in Section 1.1 of the AB Livestock PSA.

Tyson Foods   2200 W. Don Tyson Parkway   Springdale, Arkansas 72762
800-643-3410   479-290-400



execution and delivery of the Purchase Agreement (defined below); and (2) the balance of the Purchase Price (reduced by the credit for the Deposit) payable at closing by wire transfer of immediately available funds.

3. **Deposit**. The Deposit will be held in an interest-bearing account for the benefit of Seller and Tyson. Unless (1) Tyson terminates the Purchase Agreement on account of the Environmental Contingency or Due Diligence Contingency as provided in Paragraph 5 below, or (2) the Sunset Date passes before the Closing Date, the Deposit is non-refundable to Buyer. If Tyson terminates the Purchase Agreement on account of the limited contingencies as provided in Paragraph 5 of this letter of intent, or if the Sunset Date occurs before the Closing Date, then the Deposit must be immediately refunded to Tyson. If Tyson fails or refuses to consummate the purchase of the Facility pursuant to the Purchase Agreement at the Closing or defaults under the Purchase Agreement, and such default is not caused by Seller's default under the Purchase Agreement, then Seller will have the right to terminate the Purchase Agreement and receive the Deposit as liquidated damages, which will be Seller's sole remedy for such default, whereupon neither party shall have any further rights or obligations hereunder.

4. **Closing**. The consummation of the purchase and sale of the Facility between Tyson and Seller will occur 5 days after the order approving avoidance of the prepetition transfer of the Facility to AB Livestock, LLC becomes a final, non-appealable order ("**Closing Date**"), provided, however, that in no circumstance may the Closing Date be more than 120 days after mutual execution and delivery of the Purchase Agreement by Tyson and Seller ("**Sunset Date**"), unless Tyson (in its sole discretion) agrees in writing to extend such date.

5. **Contingencies; Diligence & Title Materials**.

    A. *Contingencies*. Other than the environmental contingency and the due diligence contingency discussed below, Tyson's offer to purchase the Facility is not subject to any buyer contingencies.

    B. *Environmental Contingency*. Tyson acknowledges that Seller does not currently own the Facility but leases the Facility. Tyson will accept the Facility in its present "**AS IS**", "**WHERE IS**", **with all faults condition**, with any changes caused by normal wear and tear before the Closing provided Tyson is given reasonable and sufficient access to the Facility prior to the Closing Date to complete an environmental audit (at Tyson's sole expense). Should Tyson in its sole discretion disapprove of the results of the environmental audit (or should Tyson not be granted reasonable and sufficient access to the Facility to conduct an environmental access in advance of the Closing Date), then any Purchase Agreement between Tyson and Seller will be null and void and of no further force and effect, escrow shall be cancelled, the Deposit will be returned to Tyson, and neither party shall have any further rights or obligations to the other. The environmental contingency will expire 30 days after Tyson and its consultants first get access to the Facility for the purpose of conducting such environmental audit.

21-00141-WLH11    Doc 979-2    Filed 08/09/21    Entered 08/09/21 15:26:07    Pg 3 of 4



C. *Due Diligence Contingency*. Seller will provide Tyson with a copy of all Due Diligence Materials (as that term is defined in Section 4 of the AB Livestock PSA), title reports, title policies, and title exception documents that were provided to AB Livestock, LLC in connection with the AB Livestock PSA. After Seller confirms to Tyson in writing that Seller has provided Tyson with all Due Diligence Materials, title reports, title policies, and title exception documents called for in the AB Livestock PSA, Tyson will have 15 days ("**Due Diligence Period**") to review such information. On or before expiration of the Due Diligence Period, Tyson will deliver a written notice to Seller state either (i) that Tyson, subject only to the Environmental Contingency, accepts the condition of the Facility and elects to proceed to Closing, or (ii) that Tyson has determined that Facility is unacceptable (in Tyson's sole discretion) and that Tyson elects not to proceed to Closing.

6. **Condition Precedent to Seller's Obligation**. This letter of intent is subject to Seller obtaining title to the Facility by avoiding the prepetition transfer of the Facility, and subject to Seller obtaining any court approvals that are required of Seller in order to consummate the transaction on the Closing Date.

7. **Purchase Agreement Negotiations**. Tyson and Seller will both use their commercially reasonable efforts to diligently and continuously pursue and negotiate, as early as practicably possible, the execution and delivery of a definitive purchase and sale agreement for the Facility on terms and conditions mutually acceptable to Tyson and Seller and consistent with the terms of this letter of intent ("**Purchase Agreement**"). Tyson shall present a draft Purchase Agreement to Buyer as the starting point for such negotiations. If Tyson and Seller are unable (for any reason) to agree on a definitive form of the Purchase Agreement within 45 days after the date of this letter of intent, Tyson and Seller will have no further rights or obligations under this letter of intent. For the avoidance of doubt, Tyson acknowledges that such Purchase Agreement, though executed by the parties, will specifically limit Seller's obligations as set forth in the preceding paragraph.

Please advise no later than June 7, 2021 if the general terms and conditions outlined in this letter of intent are an acceptable basis on which to enter into further negotiations.

Regards,

*Shane Miller*
Shane Miller (May 28, 2021 15:45 CDT)

Shane Miller
Group President, Fresh Meats
Tyson Fresh Meats, Inc.