Alan D. Smith  (WSBA 24964)
Bradley A. Cosman  (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue
Seattle, WA  98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
E-mail:  ADSmith@perkinscoie.com
         BCosman@perkinscoie.com

*Attorneys for Tyson Fresh Meats, Inc.*

HON. WHITMAN L. HOLT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re: | Chapter 11 |
|---|---|
| EASTERDAY RANCHES, INC., *et al*. | Lead Case No.:  21-00141 WLH11<br>Jointly Administered |
| Debtors | **OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING PRIVATE SALE OF ASSETS TO AB LIVESTOCK LLC, AND (B) GRANTING RELATED RELIEF** |

Tyson Fresh Meats, Inc. ("**Tyson**") objects to the *Notice of Debtors' Motion for Entry of an Order (A) Approving Private Sale of Assets to AB Livestock LLC, and (B) Granting Related Relief; Memorandum of Points and Authorities; Declaration of Peter Richter* ("**AB Sale Motion**") [Doc 920]. This objection is filed in conjunction with Tyson's contemporaneously filed *Motion for Derivative Standing and Authority to Prosecute Fraudulent Transfer Claims Against AB Livestock LLC on Behalf of Easterday Ranches' Estate* ("**Derivative Standing Motion**") [Doc 979]. By this reference, Tyson incorporates the Derivative Standing Motion into this objection.

As detailed in the Derivative Standing Motion, the Debtor sold its most valuable unencumbered asset, commonly referred to as the North Lot, on the eve of bankruptcy through a fire-sale process to AB Livestock, LLC ("**Agri Beef**"). Tyson contends the prepetition sale failed to realize reasonably equivalent value and hindered, delayed, and defrauded creditors. Now, through the AB

Objection to Sale Motion – 1

Sale Motion, the Debtor seeks approval of a follow-on sale of equipment and other personal property to Agri Beef, apparently all for use in connection with the North Lot. The present sale is predicated on Agri Beef's prepetition acquisition of the North Lot. If the Court grants the Derivative Standing Motion, however, Agri Beef's ownership of the North Lot will be subject to challenge and potential avoidance. The prospect of an avoidance action seeking to avoid the North Lot sale may affect the proposed sale to Agri Beef under the AB Sale Motion. Accordingly, and in fairness to the parties (including Agri Beef), Tyson asks this Court to postpone ruling on the AB Sale Motion until the Court rules on the Derivative Standing Motion. After that ruling is made, the Court and the parties can discuss further steps.

A brief postponement of the proposed sale will not prejudice the estates. The estates are flush with cash from sale of the real properties and do not immediately need proceeds from this sale. Further, the Derivative Standing Motion could be resolved on an expedited basis. Nonetheless, to the extent necessary to ensure postponement of the sale does not prejudice the estate, Tyson is prepared to indemnify the estate to the extent postponement of the sale causes actual net sale proceeds realized by the estate to be less than the current projected net sale proceeds assuming Agri Beef were to acquire the equipment as set forth in the AB Sale Motion. Tyson is prepared to work with the Debtors' counsel to negotiate appropriate terms of a continuance order reflecting such an indemnity.

For the reasons above, and in light of the issues arising from the Derivative Standing Motion, Tyson requests the Court postpone approval of the AB Sale Motion until the Court has ruled on the Derivative Standing Motion.

Objection to Sale Motion – 2

153372182.1

Dated: August 9, 2021.

Respectfully submitted,

    */s/ Alan D. Smith*
Alan D. Smith, WSBA No. 24964
ADSmith@perkinscoie.com
Bradley A. Cosman (admitted *pro hac vice*)
BCosman@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Tyson Fresh Meats, Inc.*

Objection to Sale Motion – 3

153372182.1