So Ordered.

Dated: August 27th, 2021



Whitman L. Holt
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| In re | Chapter 11 |
|---|---|
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-WLH11<br>Jointly Administered |
| Debtors.[1] | **ORDER (A) APPROVING PRIVATE SALE OF AIRCRAFT TO ALBERT G. LEE JR. AND (B) GRANTING RELATED RELIEF** |

Upon *Debtor Easterday Farms' Motion for Entry of an Order (A) Approving Private Sale of Aircraft to Albert G. Lee Jr. and (B) Granting Related Relief* (the "Motion");[2] and the court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the court having found this matter is a core proceeding pursuant to

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

ORDER APPROVING PRIVATE SALE OF
AIRCRAFT TO ALBERT G. LEE JR. – Page 1

28 U.S.C. § 157(b)(2) and the court may enter a final order consistent with Article III of the United States Constitution; and the court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the court having considered the statements of counsel, the First Day Declaration, the declaration of Peter Richter in support of the Motion, any objections raised, and the evidence presented at the hearing on the Motion; and it appearing that the relief requested in the Motion is reasonable and in the best interests of the Debtors' bankruptcy estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion [ECF No. 992] is granted to the extent set forth herein.

2. All formal and informal objections, if any, to the relief requested in the Motion that have not been withdrawn, waived, or settled are overruled on the merits.

3. The sale of the 1985 Beechcraft King Air C-90A turbojet aircraft (N-No. N190EF, Serial No. LJ-1122) (the "Aircraft") together with all original and consecutive logbooks, maintenance manuals, wiring diagrams, and any other records that pertain to the Aircraft in Debtor's possession to Albert G. Lee Jr. ("Purchaser") pursuant to the Purchase Agreement is hereby approved pursuant to sections 105(a) and 363 of the Bankruptcy Code. Farms and Purchaser are authorized to consummate and perform all of their respective or collective obligations under the Purchase Agreement and to execute such other documents and take such other actions as may be necessary and appropriate to effectuate the terms and conditions of the Purchase Agreement and this order.

4. The Aircraft is being sold pursuant to sections 363(b) and 363(f) of the Bankruptcy Code free and clear of any and all liens, claims, interests, and encumbrances, provided, that, any such liens, claims, interests, and encumbrances shall

attach to the sale proceeds ultimately attributable to the Aircraft in the same order of priority, with the same validity, force and effect that any creditor had prior to the sale, subject to any claims and defenses the Debtors may possess with respect thereto.

5. Farms is authorized, without further order of the court, to pay at the closing of a transaction pursuant to the Purchase Agreement any commissions owed to J&D Aircraft Sales, LLC, in accordance with that certain *Order Authorizing Employment and Compensation of J&D Aircraft Sales, LLC, as Aviation Broker for Debtor Easterday Farms Nunc Pro Tunc to May 6, 2021* [Docket No. 727].

6. Pursuant to the terms of the Purchase Agreement, the Aircraft, together with all original and consecutive logbooks, maintenance manuals, wiring diagrams, and any other records that pertain to the Aircraft in Debtor's possession, are being sold to the Purchaser on an as is, where is basis with all faults. Following the closing of the sale of the Aircraft pursuant to the Purchase Agreement, the Purchaser shall expressly assume any and all claims, demands, obligations, liabilities, causes of action, damages, losses, costs and expenses of any kind or character, known or unknown, in connection with such Aircraft and related records, and shall indemnify and hold harmless Seller, its affiliates, principals, partners, directors, officers, employees, attorneys, agents, and representatives to the fullest extent permitted by law or in equity, for any and all claims, demands, obligations, liabilities, causes of action, damages, losses, costs and expenses of any kind or character, known or unknown, in connection with such Aircraft and related records.

7. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

8. The court shall retain jurisdiction over any matter or dispute arising from or relating to the Purchase Agreement or this order.

/// END OF ORDER ///

Presented by:

By */s/ Thomas A. Buford, III*
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *Pro Hac Vice*)
JEFFREY W. DULBERG (admitted *Pro Hac Vice*)
JASON H. ROSELL (admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors and Debtors in Possession*

ORDER APPROVING PRIVATE SALE OF AIRCRAFT TO ALBERT G. LEE JR. – Page 4