Alan D. Smith  (WSBA 24964)
Bradley A. Cosman (*pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue
Seattle, WA  98101
Telephone: (206) 359-8000
E-mail:  ADSmith@perkinscoie.com
         BCosman@perkinscoie.com

*Attorneys for Tyson Fresh Meats, Inc.*

HON. WHITMAN L. HOLT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>EASTERDAY RANCHES, INC., *et al.*<br><br>Debtors | Chapter 11<br><br>Lead Case No.:  21-00141 WLH11<br>Jointly Administered<br><br>**OBJECTION TO MOTION TO APPROVE SETTLEMENT WITH COMMODITY FUTURES TRADING COMMISSION UNDER FED. R. BANKR. P. 9019** |

Tyson's objection to the Motion[1] is limited to the circumstances for subordination of the Restitution Obligation. Subordination of the Restitution Obligation under the Consent Order is predicated on Tyson maintaining a separate and distinct general unsecured claim against Ranches.[2] Indeed, Tyson has no objection to subordination of the Restitution Obligation so long as Tyson maintains a direct general unsecured claim against Ranches.[3] However, the Restitution Obligation should not be subordinated if and to the extent Tyson's direct claim is subsequently subordinated under Bankruptcy Code § 510(c) or disallowed under § 502(d).

---

[1] *Motion to Approve Settlement with Commodity Futures Trading Commission Under Fed. R. Bankr. P. 9019* ("**Motion**") [Doc 1203]. Unless otherwise defined in this objection, capitalized terms retain the definition given to them in the Motion.

[2] Motion at p. 7, n. 4.

[3] Tyson filed Proof of Claim No. 61 in these cases on May 26, 2021 which asserts a general unsecured claim in the amount of more than $232 million.

The Commodity Exchange Act ("**CEA**") empowers the CFTC to bring an action against any registered entity or person for violations of the CEA.[4] Among the compliance remedies, the CEA authorizes the CFTC to seek and the court to order "*restitution to persons who have sustained losses proximately caused by such violation (in the amount of such losses).*"[5] As one court described it: "Restitution under the CEA is . . . *for the use and benefit of the persons who have sustained losses* proximately caused by . . . violations of the CEA."[6]

Consistent with the CEA's express language in § 13a-1(d)(3)(A), courts consistently order that the restitution payments awarded under the CEA be routed by the CFTC to the identified victims who sustained the losses. *See, e.g.*, *CFTC v. Arrington*, 998 F. Supp. 2d 847, 877-78 (D. Neb. 2014) (ordering National Futures Association to oversee receipt of restitution funds for CFTC and then distribute the funds to victims); *CFTC v. Millennium Trading Group, Inc.*, 2007 U.S. Dist. LEXIS 65784 at *34-35, Case No. 07-CV-11626 (E.D. Mich. Sep. 6, 2007) (same).

Here, the Restitution Obligation is based on losses sustained by Tyson due to Ranches' violations of the CEA.[7] Absent Tyson's separate and direct claim against Ranches for the losses, the CFTC would have the power to seek payment of the Restitution Obligation from Ranches and the obligation to route restitution recoveries to Tyson. Tyson appreciates, however, that so long as Tyson maintains a direct general unsecured claim against Ranches, subordination of the Restitution Obligation is appropriate to avoid duplicative payment, dilution of pro rata payment calculations, and class voting tabulation issues.

---

[4] 7 U.S.C. § 13a-1.
[5] *Id.* at § 13a-1(d)(3)(A) (emphasis added).
[6] *CFTC v. Escobio*, 946 F.3d 1242, 1252 n.10 (11th Cir. 2020).
[7] The exact amount of the Restitution Obligation ($233,008,042) comes directly from Cody Easterday's criminal *Plea Agreement* where Cody Easterday agreed the restitution amount owed to Tyson was $233,008,042. Cody Easterday's *Plea Agreement* is attached as Exhibit A to Tyson's Proof of Claim

But there should be no subordination of the Restitution Obligation to the extent Tyson's direct claim were to be subordinated under Bankruptcy Code § 510(c) or disallowed under § 502(d). This is because equitable subordination and disallowance—to the extent they apply at all, which they do not—would be personal disabilities of Tyson that do not inhere in the underlying claim.[8] Said another way: CFTC's claim for restitution—which is a separate and distinct claim of the CFTC—is not subject to equitable subordination or disallowance based on the conduct of Tyson.

Tyson does not believe its direct claim is subject to subordination or disallowance, and indeed believes any such contention would be frivolous. Tyson has been advised, however, that the Ranches Committee continues to investigate such matters. Accordingly, the proposed subordination of the Restitution Obligation presents a staging problem. Subordination of the Restitution Obligation is appropriate to the extent it would lead to double recovery. But unconditional subordination of the Restitution Obligation is inappropriate to the extent Tyson is still exposed to subordination or disallowance. The estate should not be allowed to prejudice Tyson by sequencing the matters in such a way.

For the reasons above, Tyson requests the court modify the subordination of the Subordinated Restitution Claim[9] to provide that the subordination is null and void to the extent Tyson's direct claim against Ranches is subordinated or disallowed, and provide any further relief the court deems just and proper.

---

[8] *See, e.g., In re Enron Corp.*, 379 B.R. 425 (S.D.N.Y. 2007) (finding equitable subordination and disallowance are both personal disabilities that do not inhere in the claim; unless there was a pure assignment of the claim, the claim in the hands of the transferee is not subject to equitable subordination or disallowance based solely on the conduct of the transferor).

[9] Tyson does not object to the unconditional subordination of the separate Subordinated CMP Claim which, as a claim for penalties, is properly subordinated under Bankruptcy Code § 726(a)(4).

Objection to CFTC Settlement – 3

21-00141-WLH11    Doc 1250    Filed 11/09/21    Entered 11/09/21 14:57:31    Pg 3 of 4

Dated: November 9, 2021.

Respectfully submitted,

    */s/ Alan D. Smith*
Alan D. Smith, WSBA No. 24964
ADSmith@perkinscoie.com
Bradley A. Cosman (*pro hac vice*)
BCosman@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Tyson Fresh Meats, Inc.*

154528101.2