ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com, tbuford@bskd.com,
and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
MAXIM B. LITVAK (CA Bar #215852)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for the Chapter 11
Debtors and Debtors in Possession*

HONORABLE WHITMAN L. HOLT

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

In re

EASTERDAY RANCHES, INC., et al., [1]

　　　　　　　　　　Debtors.

No. 21-00141-WLH11

NOTICE OF FILING REDLINED AND CLEAN REVISED EXHIBIT A COOPERATION AGREEMENT TO MOTION OF DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE COOPERATION AGREEMENT WITH THE NON-DEBTOR SELLERS;

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141-WLH11) and Easterday Farms, a Washington general partnership (21-00176-WLH11).

NOTICE OF FILING OF REDLINED AND CLEAN REVISED
EXHIBIT A TO MOTION FOR ORDER AUTHORIZING
AND APPROVING COOPERATION AGREEMENT – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ATTACHMENT 6
Page 1 of 67

| | |
|---|---|
| 1 | MEMORANDUM OF POINTS AND AUTHORITIES |
| 2 | |
| 3 | [RELATED DKT. NOS. 487, 493 and 576] |

**PLEASE TAKE NOTICE** that on March 26, 2021, the Debtors filed their *Motion for an Order Authorizing and Approving Cooperation Agreement* [Docket No. 487] (the "Motion") with Exhibit A, the Cooperation Agreement ("Exhibit A").

**PLEASE TAKE FURTHER NOTICE** that on March 29, 2021, the Debtors filed redlined and clean versions of revised Exhibit A to the Motion [Docket No. 493].

**PLEASE TAKE FURTHER NOTICE** that on April 14, 2021, the Debtors filed their second redlined and clean versions of revised Exhibit A to the Motion [Docket No. 576].

**PLEASE TAKE FURTHER NOTICE** that Exhibit A to the Motion has been further revised and attached hereto are relined and clean versions.

DATED this 27th day of April, 2021.

> BUSH KORNFELD LLP
>
> */s/ Thomas A. Buford*
> THOMAS A. BUFORD, III (WSBA 52969)
> RICHARD B. KEETON (WSBA 51537)
> BUSH KORNFELD LLP
>
> RICHARD M. PACHULSKI (admitted *pro hac vice*)
> JEFFREY W. DULBERG (admitted *pro hac vice*)
> MAXIM B. LITVAK (admitted *pro hac vice*)
> PACHULSKI STANG ZIEHL & JONES LLP
> *Attorneys for the Chapter 11*
> *Debtor and Debtor-in-Possession*

NOTICE OF FILING OF REDLINED AND CLEAN REVISED
EXHIBIT A TO MOTION FOR ORDER AUTHORIZING
AND APPROVING COOPERATION AGREEMENT – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ed27ke01bd

21-01041-WLH11   Doc 1679   Filed 03/27/22   Entered 03/27/22 16:08:55   Pg 2 of 87

# <u>EXHIBIT A</u>

Cooperation Agreement

21-11111-WLH Doc 1679 Filed 03/24/22 Entered 03/24/22 16:08:55 Pg 3 of 87

ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.:  (206) 292-2110
Facsimile:  (206) 292-2104
Emails:  jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile:   (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for the Chapter 11
Debtors and Debtors in Possession*

HONORABLE WHITMAN L. HOLT

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Lead Case No. 21-00141-11<br>Jointly Administered<br><br>**STIPULATION BY AND BETWEEN DEBTORS AND NON-DEBTOR SELLERS REGARDING COOPERATION WITH RESPECT TO THE SALE OF DEBTOR AND NON-DEBTOR ASSETS** |

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

DOCS_NY:42487.1942487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page  1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Debtor Easterday Farms, a Washington General Partnership ("Farms"), Debtor Easterday Ranches, Inc., a Washington Corporation ("Ranches" and together with Farms, the "Debtors"), Cody Easterday ("CE"), Karen Easterday ("KE") (in her individual capacity and as the representative of Gale Easterday,[2]), and Debby Easterday ("DE" and together with CE and KE, the "Non-Debtor Sellers",[3] and collectively with Farms and Ranches, the "Parties" and each a "Party"), by and through their undersigned counsel of record, hereby enter into this stipulation (the "Stipulation"), pursuant to which the Parties stipulate and agree as follows:

**WHEREAS**, on February 1, 2021, Ranches filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Eastern District of Washington, Yakima Division (the "Bankruptcy Court").

**WHEREAS**, on February 8, 2021, Farms ~~also~~ filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on February 16, 2021, the Office of the United States Trustee (the "UST") filed its notice of appointment of the Ranches Official Committee of Unsecured Creditors, as amended [Docket Nos. 152, 154, and 155] (the "Ranches Committee").

**WHEREAS**, on February 22, the UST filed its notice of appointment of the Farms Official Committee of Unsecured Creditors, as amended [Docket Nos. 187, and 188] (the "Farms Committee" and, together with the Ranches Committee, the "Committees").

---

[2] Gale Easterday passed away on December 10, 2020.
[3] The Non-Debtor Sellers are also the general partners of Farms.

DOCS_NY:~~42487.19~~42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

WHEREAS, on March 25, the Bankruptcy Court entered the (i) Final Order Authorizing Debtor Easterday Farms (the "Farms Cash Collateral Order" to Use Cash Collateral and Granting Adequate Protection [Dkt. No.471] and (ii) the Final Order Authorizing Debtor Easterday Ranches, Inc. (the "Ranches Cash Collateral Order," and together with the Farms Cash Collateral Order, the "Final Cash Collateral Orders") to use Cash Collateral and Granting Adequate Protection [Dkt. No 470], which provide in the Budget (as defined in the applicable Final Cash Collateral Order) for certain benefits for KE and DE and payments for KE and DE in the approximate monthly aggregate amount of $6,500.

**WHEREAS**, Farms and Ranches are the owners of certain real property identified on **Exhibit A** hereto (the "Debtor Properties").

**WHEREAS**, certain of the Non-Debtor Sellers and the Debtors each own separate parcels of real property contained within the larger boundaries of the real property identified on **Exhibit A** hereto (the "Joint Properties").

**WHEREAS**, the Non-Debtor Sellers own certain real property adjacent or connected to the Debtor Properties or the Joint Properties identified on **Exhibit A** hereto (the "Non-Debtor Properties" together with the Debtor Properties and the Joint Properties, the "Sale Properties").

**WHEREAS**, the lenders identified on **Exhibit A** hereto assert mortgage liens with respect to the Sale Properties (the "Mortgagees").

**WHEREAS**, the Parties desire to maximize the value of the Sale Properties and to pursue sales of the Sale Properties through a Bankruptcy Court approved process.

DOCS_NY:42487.1942487.25 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 3

PACHULSKI STANG
ZIEHL & JONES LLP
LAW OFFICES
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

WHEREAS, there may be disputes, claims or other causes of action between and among the Parties, or other estate representative, which, if pursued, could limit the ability of the Parties to fully market and sell the Sale Properties and would potentially decrease the value of the Sale Properties.

WHEREAS, the Parties desire to pursue a process for the sale of the Sale Properties, sell the Sale Properties, place all proceeds of sale after payment sufficient to satisfy the Mortgagees into escrow pending final determination by the Bankruptcy Court, and reserve all of their respective rights with respect to any claims relating to the proceeds of the sale of any the Sale Properties (the "Sale Proceeds").

**Based on the foregoing recitals, the Parties hereby stipulate and agree as follows:**

1.      <u>Development of Bidding Procedures</u>: The Debtors shall seek an order of the Bankruptcy ~~Code~~Court establishing bidding procedures (the "<u>Bidding Procedures</u>") relating to the sale of the Sale Properties and such form of bidding procedures shall be in form and substance reasonably acceptable to the Non-Debtor Sellers. The Non-Debtor Sellers hereby further agree to the milestones relating to the Bidding Procedures as set forth on **Exhibit B** hereto.

2.      <u>Entry into Sales Transactions</u>.

    a. The Bidding Procedures will establish a process for the Debtors to determine the highest and best offer for the Sale Properties (including for individual Sale Properties or groups of Sale Properties) and for entering into transactions for the sales with respect to the Sale Properties (each a "<u>Sale Transaction</u>").

DOCS_NY:~~42487.19~~42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 4

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

b. To the extent that, pursuant to and in accordance with the Bidding Procedures, the Bankruptcy Court enters an order approving any Sales Transaction, any of the Non-Debtor Sellers with an interest in such Sale Property or Sale Properties (each a "Selling Party") hereby agrees to cooperate with any such Sale Transaction, including but not limited to, taking any action and entering into and executing any documentation with respect to such Sale Transaction necessary to relinquish any ownership rights in such Sale Property and to provide the buyer with clean title to such Sale Property. Each Non-Debtor Seller hereby consents to the jurisdiction of the Bankruptcy Court with respect to the sale of the Non-Debtor Property and entry by the Bankruptcy Court of any order approving the sale of such Non-Debtor Property, including the sale of such Non-Debtor Property free and clear of any interests of the Non-Debtor. For the avoidance of doubt, nothing herein shall prejudice any other party's right to contest the Bankruptcy Court's jurisdiction with respect to the sale of Non-Debtor Property. Each Non-Debtor Seller shall also execute a power of attorney providing either or both of the Debtors' Co-Chief Restructuring Officers (as the Debtors shall deem appropriate) with authority to execute any and all agreements or other documents necessary for the sale and transfer of such Sale Property including, but not limited to grants, deeds, mortgage reconveyances, or other documents of transfer necessary to effectuate any Sale Transaction on behalf of such Non-Debtor Seller.

c. The Non-Debtor Sellers shall retain the right to object to any proposed Sales Transaction, except that no such objection shall be based on any argument that the Debtors lack authority or otherwise may not sell a Sale Property, or with respect to the sale milestones set forth in Exhibit B, and any such objection and any such objection shall be resolved by the Bankruptcy Court, and each Non-Debtor Seller agrees to be bound by any resolution of the Bankruptcy Court of such objection and hereby waives any right to appeal such order of the Bankruptcy Court.

3. Distribution and Deposit of Sale Proceeds:

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

a. Following the closing of any Sale Transaction, the proceeds of any such Sales Transaction (the "Sale Proceeds") shall be distributed as follows:

*First,* to the applicable Mortgagee for such Sale Property in satisfaction of the obligations owed to such Mortgagee that are secured by the applicable mortgage (the "Mortgagee Amounts"), *provided however,* that to the extent that any party has filed a challenge (a "Mortgage Challenge") with respect to the amount, validity, perfection or priority of any lien asserted by a Mortgagee prior to the closing of the applicable Sales Transaction, then the undisputed portion (if any) of the Mortgagee Amounts shall be distributed to the Mortgagee, and the disputed portion of the Mortgagee Amounts with respect to such Mortgagee shall be placed in an escrow account (on terms and conditions reasonably agreed by the Debtors and such Mortgagee) pending a final order of the Bankruptcy Court with respect to such Mortgage Challenge; *provided, further*, there can be no bankruptcy-related Mortgage Challenge with respect to any Non-Debtor Seller Property by any Non-Debtor Seller and any such challenges are limited to remedies, if any, available under applicable non-bankruptcy law. For the avoidance of doubt, nothing in this Stipulation shall limit or expand the rights of the Debtors and their estates with respect to any claims relating to Non-Debtor Seller Property nor shall it grant standing to assert a Mortgage Challenge to any party that does not have standing to do so pursuant to applicable law. Any payments made by the Debtors to the Mortgagees in accordance with the Allocation Protocol or applicable final order of the Bankruptcy Court shall be final and not subject to disgorgement by the Debtors, their estates or any successors or assigns thereto, including any trustee.

*Second,* to the applicable party for the payment of transaction costs (the "Transaction Costs") relating to such Sale Transaction (including, but not limited to, commissions, break-up fees, costs and expenses) approved by the Bankruptcy Court as part of the Bid Procedures or in conjunction with the Sale Transaction;

and

*Third*, any remaining Sale Proceeds after funding the Transaction Costs and Mortgagee Amounts (the "Net Sale Proceeds"), shall be deposited in an escrow account pursuant to an escrow agreement, the terms of which shall be

DOCS_NY:42487.19 42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 6

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 9 of 67

21-00141-WLH11    Doc 640-9    Filed 03/24/21    Entered 03/24/21 15:01:33    Pg 9 of 67

negotiated and agreed by all the Parties, in each case acting reasonably (the "Escrow Account").

      b.  In no case shall there be any distribution from the Escrow Account in advance of either (A) an order of the Bankruptcy Court approving a stipulation of all of the Selling Parties relating to the allocation and distribution of the Sale Proceeds, which shall be brought by motion on no less than 14 days' notice, unless the Committees, the Mortgagees and Enjoined Parties agree to a shorter notice period or (B) an order of the Bankruptcy Court following a motion on no less than 14 days' notice and hearing regarding allocation of the Net Sale Proceeds.

    4.   <u>Development of Allocation Protocol</u>: The Parties shall, as soon as reasonably practicable following the execution of this Stipulation, negotiate in good faith and attempt to reach agreement on a timely basis on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from Sale Transactions (the "<u>Allocation Protocol</u>"), which Allocation Protocol shall provide procedures for determining allocation of Net Sales Proceeds where the Selling Parties in such Sale Transaction have been unable to reach agreement regarding such allocation with any allocation determination being subject to approval by the Bankruptcy Court. The Debtors will include the Committees, the Mortgagees and the Enjoined Parties in ~~such~~the negotiations regarding the Allocation Protocol but the consent of those parties shall not be required for the Debtors' agreement with the Non-Debtor Sellers with respect to any Allocation Protocol, *provided further*, that any Allocation Protocol shall be subject to approval by the Bankruptcy Court upon notice and

DOCS_NY:~~42487.19~~42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 7

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

hearing, and the rights of the Parties, the Debtors, the Committees, the Mortgagees and the Enjoined Parties shall all be reserved with respect to any proposed Allocation Protocol. The Parties agree that the Allocation Protocol will provide a mechanism for the participation of the Committees, the Enjoined Parties and the Mortgagees with respect to any negotiations concerning allocation of the Net Sale Proceeds. The Parties further agree that the Allocation Protocol will provide, among other things, any adjudication of the allocation of Net Sale Proceeds will be made exclusively by the Bankruptcy Court and each Non-Debtor Seller agrees to be bound by the Bankruptcy Court's order resolving the allocation dispute. Unless this Stipulation is otherwise terminated in accordance with its terms, to the extent a distribution is made to the Non-Debtor Sellers in accordance with the Allocation Protocol such funds shall be placed in a separate escrow account subject in all respects to further order of the Bankruptcy Court. Nothing in this section 4 prejudices any parties' rights with respect to the Allocation Protocol nor constitutes court approval of any such protocol.

　　　　5.　　Maintenance of Properties Pending Sale. Pending the sale of any of the Sale Properties, the Party or Parties currently responsible for the maintenance of such Sale Property, including payment of any taxes, insurance or other expenses relating to such Property shall remain responsible for the maintenance of such Sale Property in the same manner and proportion as prior to execution of this Stipulation.

DOCS_NY:42487.1942487.25 20375/001
COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 8

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

6. <u>Entry Into Stipulation is Without Prejudice</u>.

a. Nothing in this Stipulation shall prejudice the rights of any Party or otherwise constitute an amendment, modification or waiver of the rights of any Party to assert such party's interests in the Net Sale Proceeds from any Sale Transaction (other than provisions with respect to the Allocation Protocol through which Non-Debtor Sellers agree to be bound by the Bankruptcy Court's ruling with respect to allocation of Net Sale Proceeds).

b. Nothing in this Stipulation shall prejudice or impair the rights of any Party with respect to any claim or cause of action against any other Party or the defenses and/or counterclaims of any Party with respect thereto.

c. Nothing in this Stipulation shall prejudice or impair the rights of any Mortgagees and any valid and properly perfected liens of any Mortgagee in any of the Sale Properties. Any such liens shall attach to the Sale Proceeds relating to the sale of such Sale Property with the same validity and priority as of the date of such Sale Transaction, *provided*, *however*, nothing in this Stipulation shall prejudice the rights of any Party to challenge the validity, perfection or priority of any lien asserted by a Mortgagee and any and all defenses of such Mortgagee are also reserved.

d. Nothing in this Stipulation shall prejudice or impair the rights of any Enjoined Party with respect to any valid and properly perfected liens (including Adequate Protection Liens, as defined in the Final Cash Collateral Orders), claims, rights, interests, and encumbrances in any *of* the Sale Properties or personal property, if any, included in the sale of the Sale Properties. Any such liens, claims, rights, interests, and encumbrances shall attach to the Sale Proceeds relating to the sale of such Sale Properties or personal property in the same order of priority, with the same validity, force and effect as of the date of such Sale Transaction, *provided*, *however*, nothing in this Stipulation shall prejudice the rights, if any, of the Debtors, the Non-Debtor Sellers or the Committees to challenge the validity, perfection or order of priority of any lien asserted by any Enjoined Party and any and all defenses of any Enjoined Party are also reserved.

COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 9

DOCS_NY:42487.1942487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 9

PACHULSKI STANG
ZIEHL & JONES LLP
LAW OFFICES
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

Page 12 of 67

21-00141-WLH11   Doc 647   Filed 03/12/21   Entered 03/12/21 15:08:54   Pg 12 of 67

7.      _Non-Debtor Sellers Not to Transfer Assets_.    The Non-Debtor Sellers hereby agree that for so long as this Stipulation is in effect, the Non-Debtor Sellers shall not transfer or otherwise lease or encumber ***any*** of the Sale Properties except as expressly provided in Section 2 hereof.  The Non-Debtor Sellers further hereby agree that for so long as this Stipulation is in effect,  the Non-Debtor Sellers shall not, without the prior-written consent, which consent will not be unreasonably withheld, of the Debtors, transfer or otherwise lease or encumber ***any*** of their other material assets or properties (for purposes of this Section 7, "material" shall mean any individual assets or properties having a fair market value equal to or greater than $37,500.00, outside of the ordinary course of business (a "Non-Debtor Seller Transaction"), provided further that the aggregate amount of such Non-Debtor Seller Transactions may not exceed $100,000 with respect to each Non-Debtor Seller, *provided however,* that the Debtors their estates are hereby deemed as part of this Stipulation to ~~consent to~~agree that the transactions described in **Exhibit C** hereto ~~and the Non-Debtor Sellers may engage in the Non-Debtor Seller Transactions in Exhibit C hereto~~are not breaches of this Stipulation.  Except with respect to the transactions identified in Exhibit C hereto which shall be deemed ~~approved~~permitted upon entry by the Bankruptcy Court of an order approving this Stipulation (and which, for the avoidance of doubt shall not be included in calculation of the aggregate limit with

DOCS_NY:~~42487.19~~42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 10

PACHULSKI STANG
ZIEHL & JONES LLP
LAW OFFICES
10100 Santa Monica Blvd., 13th Flr.
Los Angeles CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 13 of 67

21-00141-WLH11    Doc 640-9    Filed 03/24/21    Entered 03/24/21 15:08:33    Pg 13 of 53

respect to Non-Debtor Seller Transactions), the Debtors shall provide five (5) business days' written notice (including via electronic mail) to the Committees, the Enjoined Parties and the Mortgagees of the Debtors' consent to any additional Non-Debtor Seller Transaction and any parties receiving such notice shall have five (5) business days to indicate in writing (including via electronic mail) to the Debtors that such party objects to any such Non-Debtor Seller Transaction. If the Debtors are unable to resolve such objection, then the Debtors shall seek Bankruptcy Court approval with respect to the Debtors' consent to such Non-Debtor Seller Transaction and the rights of all parties with respect to any such proposed Non-Debtor Seller Transaction are reserved, *provided further*, that the failure to obtain Bankruptcy Court approval for such proposed Non-Debtor Seller Transaction shall not be a default under this Stipulation if the Debtors sought approval, where appropriate, but such approval was denied by the Bankruptcy Court for such proposed Non-Debtor Seller Transaction. If such request for consent is denied, it shall be a breach of this Stipulation for any Non-Debtor Seller to engage in such Non-Debtor Seller Transaction. Any breach of this Section 7 by any Non-Debtor Seller shall be a basis for termination of any injunction against such breaching Non-Debtor Seller provided for in Section 8 hereof, *provided, however*, all of the obligations of each of the Non-Debtor Sellers under this Stipulation shall continue in full force and effect

DOCS_NY:42487.19 42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 11

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 14 of 67

21-00141-WLH11    Doc 6407-9    Filed 03/24/21    Entered 03/24/21 15:08:33    Pg 14 of 67

notwithstanding such termination of the injunction against such breaching Non-Debtor Seller. To the extent any Non-Debtor Seller disposes of any personal property, except as provided above, that is subject to the lien of an Enjoined Party while this Stipulation is in effect, the Enjoined Party's lien shall attach to the proceeds of such sale and the Non-Debtor Seller shall place those proceeds into an escrow account (on terms and conditions reasonably agreed by the Non-Debtor Sellers and the Enjoined Parties asserting liens in the related assets).

8.     Injunction ~~for the Protection~~ Regarding Property and Assets of ~~the~~ Non-Debtor Sellers. In exchange for the cooperation of the Non-Debtor Sellers with respect to the sale of the Sale Properties through these Bankruptcy Cases as contemplated herein, and as a condition to the effectiveness of this Stipulation, the Debtors shall (i) obtain, either through stipulation[4] with the parties identified on **Exhibit D** hereto (along with any successors-in-interest or assignees, the "Enjoined Parties"), or (ii) an order of the Bankruptcy Court with respect to the Enjoined Parties, an agreement or injunction, respectively, prohibiting the Enjoined Parties from taking the following actions (the "Enjoined Actions") with respect to assets or property of any of the Non-Debtor Sellers pursuant to Sections 362 and 105 of the Bankruptcy Code, including, but not limited to:

---

[4] Attached as Exhibit E hereto is a form of consent for each Enjoined Party with respect to the injunction set forth in this Section 8.

DOCS_NY:~~42487.19~~42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 12

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

a. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against any Non-Debtor Sellers;

b. the enforcement, against any Non-Debtor Sellers of any judgment obtained against such Non-Debtors Seller;

c. any act to obtain possession of property of any of the Non-Debtor Sellers or to exercise control over property of any Non-Debtor Sellers;

d. any act to create, perfect, or enforce any lien against property of the any Non-Debtor Sellers;

e. any act to collect, assess, or recover a claim against any Non-Debtor Sellers;

*provided further*, that the Debtors will use reasonable efforts to obtain a similar stipulation or injunction against any other party that seeks to take any Enjoined Action with respect to the property or assets of any Non-Debtor Sellers, or, ~~before or at the time of the hearing on approval of this Stipulation,~~ the Debtors may seek an injunction that more broadly protects the Non-Debtor Sellers with respect to actions by their creditors, and the Debtors' failure to obtain such injunction, including the denial of a request for such an injunction by the Bankruptcy Court, shall be a breach of this Stipulation and, on written notice to the Debtors (including via electronic mail), the Non-Debtor Sellers may terminate their continued performance hereunder. In addition, if the Debtors fail to seek or obtain an injunction against a party that seeks to take an Enjoined Action to the property or assets of any Non-Debtor Sellers,

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

any Enjoined Party with an interest in such property or assets of such Non-Debtor Sellers, may, on five (5) business days' notice, seek an order from the Court terminating the injunction against such Enjoined Party with respect to such property or assets of the Non-Debtor Sellers, *provided, further*, the rights of the Parties with respect to any such request are reserved.  Notwithstanding the above, such injunction shall not prohibit the Debtors or the Committees from seeking reasonable informal or formal discovery in the Bankruptcy Cases pursuant to Bankruptcy Rule 2004 with respect to any Non-Debtor Sellers subject to the rights of such Non-Debtor Sellers to object to such discovery.    The Enjoined Parties and the ~~Mortgagee Parties~~Mortgagees shall have the right to receive promptly any written discovery and attend any depositions in connection with any discovery conducted by the Debtors or the Committees.  To the extent that any Enjoined Party or Mortgagee ~~Party~~ believes additional discovery is necessary or appropriate, nothing in this Stipulation shall prohibit such Enjoined Party or Mortgagee ~~Party~~ from filing a motion before the Bankruptcy Court seeking discovery relating only to an analysis of the assets and liabilities of the Non-Debtor Sellers and the rights of all Parties with respect to any such motion or discovery requests are expressly reserved.    Notwithstanding the foregoing, nothing in this Stipulation will prevent any party from filing a claim in the probate proceedings regarding the estate of Gale Easterday.  Additionally,

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

notwithstanding the above, nothing herein shall prevent the Committees from filing motions seeking standing to bring derivative actions against any of the Non-Debtor Sellers or filing objections to claims of any Non-Debtor Sellers, *provided, further,* that all rights of the Parties are reserved with respect to such standing motion or objections to claims, and, *provided, further,* that if any such motion for standing is granted, or any objection to any such claim is permitted to go forward, including requiring a response by any Non-Debtor Seller, prior to the termination of this Stipulation, then this Stipulation shall be deemed terminated and no Party, including any Enjoined Party, shall have any further obligation hereunder. The Debtors agree to oppose any such motion for standing and to seek to adjourn any proceedings with respect to such objection to claim, and any failure timely to do so or failure to be successful in such opposition or in obtaining such adjournment to be successful shall be a breach by the Debtors of this Stipulation and shall entitle the Non-Debtor Sellers to terminate this Stipulation and cease their performance hereunder.

9.    Financial Information of Non-Debtor Sellers.  It shall be a condition to entry into this Stipulation that each of the Non-Debtor Sellers shall provide the Debtors, the Committees, the Enjoined Parties and the ~~Mortgagee Parties~~Mortgagees with a statement of personal assets and liabilities and other financial information

DOCS_NY:~~42487.19~~42487.25 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 15

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNBLD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

reasonably requested by the Debtors and the Committees within five (5) days from the entry of an order approving this Stipulation.

10.     Representation and Warranty Regarding Estate of Gale Easterday.  Karen Easterday hereby represents and warrants that she is the sole legal representative of the estate of Gale Easterday and has the power and authority to execute this Stipulation and to perform all of the acts required hereunder, including, but not limited to, selling the interests of Gale Easterday in any of the Non-Debtor Seller Properties.

11.     Waiver of Default.    The Debtors shall provide notice to the Non-Debtor Sellers, the Committees, the ~~Mortgagee Parties~~Mortgagees and the Enjoined Parties of any default by any Non-Debtor Seller hereunder.    The Debtors shall further provide five (5) business days' notice to the Non-Debtor Sellers, the Committees, the ~~Mortgagee Parties~~Mortgagees and the Enjoined Parties of any determination by the Debtors to waive any such default.    Any of the Committees, the ~~Mortgagee Parties~~Mortgagees and Enjoined Parties may challenge the waiver of such default and the rights of all Parties with respect to any such challenge are reserved.    This Stipulation shall remain in full force and effect notwithstanding such waived default unless the Debtors agree in writing or there is an order of the Bankruptcy Court denying the ability of the Debtors to waive such default.

DOCS_NY:~~42487.19~~42487.25 20375/001
COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 16

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 19 of 67

21-001141-WLH11    Doc 6407-1    Filed 03/24/21    Entered 03/24/21 15:08:33    Pg 19 of 63

12. <u>Participation of Committees</u>.  Farms and Ranches hereby agree that with respect to any of the matters referred to herein as to which the agreement or determination of either of the Debtors are required, such Debtor shall include both of the Committees in any negotiations on such issues.

13. <u>Term of Agreement</u>.  This Stipulation will terminate upon the earlier of (i) the effective date of any confirmed plan of reorganization or liquidation in the Bankruptcy Cases, (ii) August 31, 2021 if no Sale Transaction is approved by the Bankruptcy Court prior to such date, or (ii) December 31, 2021.  If there is a material adverse change with respect to the treatment of KE and DE pursuant to the Final Cash Collateral Orders, then KE and DE may, on written notice to the Debtors and the Enjoined Parties (including via electronic mail), terminate their continued performance hereunder, provided that such performance shall continue with respect to any Sale Transaction that has been approved by the Bankruptcy Court prior to the provision of such notice of termination.

14. <u>Immediate Effect of this Stipulation Upon the Court's Approval</u>.  Notwithstanding anything to the contrary in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, of the Local Bankruptcy Rules, the effectiveness of this Stipulation shall not be stayed in any respect.  The Stipulation shall be effective immediately upon entry.

DOCS_NY:42487.19 42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 17

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

15. <u>Binding Effect</u>. This Stipulation is binding upon the Parties, their successors, assigns, affiliates, officers, directors, shareholders, partners, investors, members, employees, agents, and professionals.

16. <u>Jurisdiction</u>. The court shall retain sole and exclusive jurisdiction to hear and determine all matters arising from or relating to the interpretation and/or enforcement of this Stipulation.

17. <u>Notice</u>.  Any notice to be given under this stipulation may be given by electronic mail at counsel for the applicable party at the address for notice as provided in Exhibit ~~E~~F hereto.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

[SIGNATURES TO FOLLOW]

DOCS_NY:~~42487.19~~42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 18

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

# EXHBIT A

## Sale Properties

*Debtor Properties*

| Property | Owners | Mortgagees |
|---|---|---|
| Nine Canyon Farms | Ranches | Prudential Insurance Company of America ("Prudential") |
| Storage Complex | Farms | LTM Investments LLC |

*Joint Properties*

| Property | Owners | Mortgagees |
|---|---|---|
| Cox Farm | Ranches, Farms, Non-Debtor Sellers | Equitable Financial Life Insurance Company f/k/a AXA Equitable Life Insurance Company |
| River Farm | Farms, Non-Debtor Sellers | Prudential |

*Non-Debtor Properties*

| Property | Owners | Mortgagees |
|---|---|---|
| Goose Gap Farm | Non-Debtor Sellers | Prudential |

DOCS_NY:42487.19 42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page  1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

**EXHIBIT B**

**SALE PROCEDURES MILESTONES[1]**

| Event | Proposed Deadlines |
|---|---|
| Deadline to File Notice of Intent to Assume and Assign Transferred Contracts and Proposed Cure Amounts | May 5, 2021 |
| Hearing on any Stalking Horse or Bid Protections Objections (if any) or, alternatively, to set dates and deadlines for a naked auction process (subject to Court availability) | Eight (8) days after the Stalking Horse Bidder Motion or No Stalking Horse Notice, as applicable, is filed |
| Deadline to File ~~Notice of Intent to Assume and Assign Transferred Contracts and~~ Objections to Proposed Cure Amounts | ~~Three (3) days after entry of Court's order approving the Stalking Horse Bidder Motion (the "Stalking Horse Bidder Approval Order")~~ May 17, 2021 |
| Deadline to File and Serve Sale Notice | Four (4) days after entry of the Stalking Horse Approval Order |
| Deadline to Submit Bids | ~~Fifteen (15) days after entry of the Stalking Horse Bidder Approval Order~~ May 31, 2021 at 4:00 p.m. (Pacific Time) |
| Survey Contingency Waiver Deadline ~~to File Objections to Cure Amounts~~ | ~~Twelve (12) days after the filing and service of the Assumption and Assignment/Cure Notice,~~ June 8, 2021 |

[1] The Proposed Deadlines remain subject to approval of the Bankruptcy Court in connection with the Bidding Procedures Motion.

DOCS_NY:~~42487.19~~42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

| Event | Proposed Deadlines |
|---|---|
| | at ~~4~~5:00 p.m. (Pacific Time) |
| Deadline for Debtors to Notify Bidders of Status as Qualified Bidders | ~~Four (4) business days after the Bid Deadline,~~ June 10, 2021, at 5:00 p.m. (Pacific Time) |
| Auction (if necessary) | ~~Fourteen (14) days after the Bid Deadline,~~ June 14, 2021, at 10:00 a.m. (Pacific Time) |
| Deadline to File Notice of (a) Successful Bid and Backup Bid and (b) Identity of Successful Bidder and Backup Bidder | One day following conclusion of the Auction |
| Deadline to File (a) Objections to Sale and (b) Objections to Assumption and Assignment of Contracts | ~~July 8,~~ [●], 2021 at 4:00 p.m. (Pacific Time) |
| Reply Deadline | ~~July 13,~~ [●], 2021 at 4:00 p.m. (Pacific Time) |
| Sale Hearing Date | ~~July 15,~~ [●], 2021 at 4:00 p.m. (Pacific Time) |
| ~~Hearing on any Stalking Horse or Bid Protections Objections (if any) or, alternatively, to set dates and deadlines for a naked auction process (subject to Court availability)~~ | ~~Eight (8) days after the Stalking Horse Bidder Motion or No Stalking Horse Notice, as applicable, is filed~~ |

DOCS_NY:~~42487.19~~42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

**EXHIBIT C**

**APPROVED NON-DEBTOR SELLER TRANSACTIONS**

The encumbrance of certain property and assets of the entities described below (certain of the Non-Debtor Sellers hold ownership interests in these entities) in connection with the transactions (the "Lindsay Canyon Transactions") contemplated pursuant to that *Binding Term Sheet* or final terms approved at the hearing thereon (the "Term Sheet")[1] by and among (i) Farms, (ii) Ranches, (iii) Canyon Farm, LLC and Canyon Farm II, LLC ("Canyon Farm"), (iv) 3C Farms, LLC ("3C Farms"), and (v) Easterday Farms Dairy, LLC ("Dairy"), including, but not limited to, pledge or guaranty of any of the property or interests of 3E Properties, 3C Farms, Easterday Farm Produce, Co., and Dairy as collateral to secure financing related to the entry of 3C Farms and Dairy into the Lindsay Canyon Transactions. For the avoidance of doubt, the property or assets to be pledged are the assets of the separate corporate entities in which Non-Debtor Sellers hold equity or other ownership interests and are not assets or property owned directly by any Non-Debtor Seller, and Debtors are including their consents to the transactions of these entities in connection with the Lindsay Canyon Transactions for purposes of full disclosure and out of an abundance of caution in light of Debtors' role in the Lindsay Canyon Transactions.

---

[1] The Term Sheet was filed with the Bankruptcy Court as part of the Emergency Motion For An Order Approving (I) Lindsay Canyon Binding Term Sheet And Authorizing Entry Into Definitive Documentation; (II) Scheduling Hearing To Approve Entry Into Dip Financing Loan; And (III) Granting Related Relief [Dkt. No. 465]

DOCS_NY:42487.1942487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

1

2

3  Any disposition by CE and DE of their ownership interests in Easterday Farms Dairy,

4  LLC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  DOCS_NY:42487.1942487.25 20375/001

COOPERATION AGREEMENT
28  REGARDING SALE OF ASSETS –
Page  2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

**EXHIBIT D**

**ENJOINED PARTIES[2]**

Washington Trust Bank

Tyson Fresh Meats, Inc.

Prudential Insurance Company of America

Deere & Company  d/b/a John Deere Financial

Rabo Agrifinance LLC

CHS Capital, LLC

---

[2] The parties identified on this Exhibit D have asserted or threatened to assert claims or take action seeking to enforce rights against one or more of the Non-Debtor Sellers.  As noted in paragraph 8 of the Stipulation, Debtors reserve the right to seek to enjoin any other party asserting claims or seeking to enforce rights against any of the Non-Debtor Sellers.

DOCS_NY:42487.19 42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page  1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

# EXHIBIT E

## FORM OF CONSENT TO INJUNCTION

ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

HONORABLE WHITMAN L. HOLT

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile:  (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for the Chapter 11*
*Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-11<br>Jointly Administered |
| | **CONSENT TO INJUNCTION RELATING TO NON-DEBTOR SELLERS IN CONNECTION WITH COOPERATION AGREEMENT** |

³ The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

DOCS_NY:~~42487.19~~42487.25 20375/001

~~COOPERATION AGREEMENT REGARDING SALE OF ASSETS~~CONSENT TO INJUNCTION – Page  2

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

**WHEREAS**, Debtor Easterday Farms, a Washington General Partnership ("Farms"), Debtor Easterday Ranches, Inc., a Washington Corporation ("Ranches" and together with Farms, the "Debtors"), Cody Easterday ("CE"), Karen Easterday ("KE") (in her individual capacity and as the representative of Gale Easterday,[4]), and Debby Easterday ("DE" and together with CE and KE, the "Non-Debtor Sellers"), entered into that certain *Stipulation By and Between Debtors and Non-Debtor Sellers Regarding Cooperation with Respect to the Sale of Debtor and Non-Debtor Assets* (the "Cooperation Agreement").[5]

**WHEREAS**, on February 1, 2021, Ranches filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Eastern District of Washington, Yakima Division (the "Bankruptcy Court").

**WHEREAS**, on February 8, 2021, Farms filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on April 28, 2021, the Bankruptcy Court entered an order approving the Debtors' entry into the Cooperation Agreement [Docket No. ▮▮▮].

**WHEREAS**, pursuant to the terms of the Cooperation Agreement, the Debtors are required to enter into a stipulation or otherwise obtain an injunction with respect to any party taking action to enforce rights or remedies against property or assets of the Non-Debtor Sellers.

---

[4] Gale Easterday passed away on December 10, 2020.

[5] A copy of the Cooperation Agreement is attached hereto as **Exhibit A**. Capitalized Terms used and not otherwise defined herein have the meaning ascribed thereto in the Cooperation Agreement.

DOCS_NY:42487.1942487.25 20375/001

~~COOPERATION AGREEMENT REGARDING SALE OF ASSETS~~CONSENT TO INJUNCTION – Page 3

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 29 of 67

**WHEREAS** [Name of Party] (the "Enjoined Party") asserts interests in the property or assets of the Non-Debtor Sellers.

**WHEREAS**, the Enjoined Party has reviewed the terms and conditions of the Cooperation Agreement.

**WHEREAS**, in an effort to maximize the value of the Sale Properties, the Enjoined Party is willing to consent to certain provisions of the Cooperation Agreement on the terms and conditions set forth herein and in the Cooperation Agreement.

**Based on the foregoing recitals, the Parties hereby stipulate and agree as follows:**

18.    Consent to Injunction.    Subject to the terms and conditions of the Cooperation Agreement, the Enjoined Party consents to be bound by the terms of the injunction set forth in the "Injunction Regarding Property and Assets of Non-Debtor Sellers" section of the Cooperation Agreement. For the avoidance of doubt, this injunction will terminate upon the termination of the Cooperation Agreement or as such injunction may otherwise be terminated pursuant to the terms of the Cooperation Agreement.

19.    Entry Into this Consent is Without Prejudice.

a.    Except for the consent to injunction set forth in section 1 above, nothing in this Consent shall prejudice or impair the rights of the Enjoined Party with respect to any claim or cause of action against any of the Non-Debtor Sellers or the Debtors, including, without limitation, the right of the Enjoined Party to move under 28 U.S.C. § 157 to withdraw the reference following termination of the injunction.

DOCS_NY:42487.19 42487.25 20375/001

~~COOPERATION AGREEMENT REGARDING SALE OF ASSETS~~ CONSENT TO INJUNCTION – Page  4

PACHULSKI STANG ZIEHL & JONES LLP
LAW OFFICES
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 30 of 67

b. Nothing in this Consent shall prejudice or impair the rights of the Enjoined Party with respect to any valid and properly perfected liens (including Adequate Protection Liens, as defined in the Final Cash Collateral Orders), claims, rights, interests, and encumbrances in any *of* the Sale Properties or personal property, if any, included in the sale of the Sale Properties. Any such liens, claims, rights, interests, and encumbrances shall attach to the Sale Proceeds relating to the sale of such Sale Properties or personal property in the same order of priority, with the same validity, force and effect as of the date of such Sale Transaction, *provided, however,* nothing in this Stipulation shall prejudice the rights, if any, of the Debtors, the Non-Debtor Sellers or the Committees to challenge the validity, perfection or order of priority of any lien asserted by any party and any and all defenses of the Enjoined Party are also reserved.

20. Binding Effect. This Consent is binding upon the Enjoined Party, its successors, assigns, affiliates, officers, directors, shareholders, partners, investors, members, employees, agents, and professionals.

21. Jurisdiction. The Bankruptcy Court shall retain sole and exclusive jurisdiction to hear and determine all matters arising from or relating to the interpretation and/or enforcement of this Consent, provided, however, that the District Court shall have jurisdiction over any motion filed pursuant to 28 U.S.C. § 157.

**IT IS SO CONSENTED, THROUGH COUNSEL OF RECORD**

**[SIGNATURES TO FOLLOW]**

DOCS_NY:42487.19 42487.25 20375/001

COOPERATION AGREEMENT REGARDING SALE OF ASSETS CONSENT TO INJUNCTION – Page 5

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 31 of 67

21-001141-WLH11    Doc 6407-9    Filed 03/24/21    Entered 03/24/21 15:08:53    Pg 32 of 63

DOCS_NY:~~42487.19~~42487.25 20375/001

~~COOPERATION AGREEMENT REGARDING SALE OF ASSETS~~CONSENT TO INJUNCTION – Page 6

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## **EXHIBIT F**

## **ADDRESSES FOR NOTICE**

| Notice Party | Counsel Name and Address | Email Address |
|---|---|---|
| Cody Easterday & Debby Easterday | Sussman Shank LLP<br>1000 SW Broadway<br>Suite 1400<br>Portland, OR 97205<br><br>Attn: Jeffrey C. Misley | jmisley@sussmanshank.com<br>jhume@sussmanshank.com |
| Karen Easterday (in her personal capacity and as the representative of Gale Easterday) | Tonkon Torp LLP<br>1600 Pioneer Tower<br>888 SW Fifth Avenue<br>Portland, Oregon 97204<br><br>Attn: Timothy J. Conway | tim.conway@tonkon.com |
| Farms | Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067-4003<br><br>Attn: Richard Pachulski<br>Jeffrey Dulberg<br><br>Bush Kornfeld LLP<br>601 Union St., Suite 5000<br>Seattle, WA 98101<br><br>Attn: Thomas Buford | rpachulski@pszjlaw.com<br>jdulberg@pszjlaw.com<br>PLabov@pszjlaw.com<br>kdine@pszjlaw.com<br>tbuford@bskd.com<br>rkeeton@bskd.com |
| Ranches | Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067-4003<br><br>Attn: Richard Pachulski<br>Jeffrey Dulberg<br><br>Bush Kornfeld LLP<br>601 Union St., Suite 5000<br>Seattle, WA 98101 | rpachulski@pszjlaw.com<br>jdulberg@pszjlaw.com<br>PLabov@pszjlaw.com<br>kdine@pszjlaw.com<br>tbuford@bskd.com<br>rkeeton@bskd.com |

DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 1

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 33 of 67

21-00141-WLH11    Doc 647-1    Filed 03/24/21    Entered 03/24/21 15:08:33    Pg 33 of 67

| | | |
|---|---|---|
| | Attn: Thomas Buford | |
| Ranches Committee | ~~Dentons US~~Cooley LLP ~~1900 K Street, NW~~ 1700 Seventh Avenue, Suite 1900 Seattle, Washington ~~DC 20006~~ 98101<br><br>Attn: ~~Sam J~~Jay R. ~~Alberts~~Indyke | ~~sam.alberts@dentons.com~~cspeckhart@cooley.com jindyke@cooley.com ~~samuel.maizel@dentons.com~~ ~~sarah.schrag@dentons.com~~mklein@cooley.com |
| Farms Committee | Buchalter 1000 Wilshire Boulevard, Suite 1500 Los Angeles, CA 90017-1730<br><br>Attn: Julian Gurule | jgurule@buchalter.com jwelch@Buchalter.com |
| Washington Trust Bank | Lukins & Annis, P.S. 717 W Sprague Ave, Suite 1600 Spokane, WA 99201-0466<br><br>Attn: Trevor Pincock | tpincock@lukins.com bjackowich@lukins.com |
| Tyson Fresh Meats, Inc. | Perkins Coie LLP 1201 Third Avenue Suite 4900 Seattle, WA 98101-3099<br><br>Attn: Alan D. Smith | ADSmith@perkinscoie.com BCosman@perkinscoie.com |
| Prudential Insurance Company of America | Bryan Cave Leighton Paisner LLP 161 North Clark Street Suite 4300 Chicago, IL 60601-3315<br><br>Attn: Jason J. Dejonker | jason.dejonker@bclplaw.com Timothy.bow@bclplaw.com Marc.cox@bclplaw.com Brian.walsh@bclplaw.com |
| Deere & Company d/b/a John Deere Financial | Hillis Clark Martin & Peterson P.S. 999 Third Avenue Suite 4600 Seattle, WA 98104<br><br>Attn: Amit D. Ranade | amit.ranade@hcmp.com |

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

| | | |
|---|---|---|
| Rabo Agrifinance LLC | Ray Quinney & Nebeker P.C.<br>36 South State Street, 14th Floor<br>Salt Lake City, Utah 84145-0385<br><br>Attn: David H. Leigh | dleigh@rqn.com<br>mjohnson@rqn.com |
| CHS Capital, LLC | Faegre Drinker Biddle & Reath LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, Minnesota 55402, USA<br><br>Attn: Michael F. Doty<br>Michael R. Stewart<br><br>Lane Powell PC<br>1420 Fifth Avenue, Suite 4200<br>P.O. Box 91302<br>Seattle, WA 98111-9402<br><br>Attn: Gregory R. Fox<br>William Brunnquell | foxg@lanepowell.com<br>brunnquellw@lanepowell.com<br>michael.stewart@faegredrinker.com<br>michael.doty@faegredrinker.com |
| Equitable Financial Life Insurance Company f/k/a AXA Equitable Life Insurance Company | Paukert & Troppmann, PLLC<br>522 W. Riverside Avenue Suite 560<br>Spokane, WA 99201<br><br>Attn: Michael J. Paukert | mpaukert@pt-law.com |
| LTM Investments LLC | Cairncross & Hempelmann, P.S.<br>524 Second Avenue Suite 500<br>Seattle, WA 98104-2323<br><br>Attn: John R. Rizzardi | jrizzardi@cairncross.com<br>jfaubion@cairncross.com<br>aparanjpye@cairncross.com |

DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page  3

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 35 of 67

21-001141-WLH11    Doc 640-9    Filed 03/24/21    Entered 03/24/21 15:08:33    Pg 35 of 67

Document comparison by Workshare 9 on Tuesday, April 27, 2021 1:17:55 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_NY/42892/1 |
| Description | DOCS_NY-#42892-v1-Cooperation_Agreement_filed_4/14 |
| Document 2 ID | PowerDocs://DOCS_NY/42487/25 |
| Description | DOCS_NY-#42487-v25-Cooperation_Agreement_Sale_of_Properties |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 159 |
| Deletions | 46 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 205 |

ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

HONORABLE WHITMAN L. HOLT

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for the Chapter 11
Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-11 |
| Debtors.[1] | Jointly Administered |
| | **STIPULATION BY AND BETWEEN DEBTORS AND NON-DEBTOR SELLERS REGARDING COOPERATION WITH RESPECT TO THE SALE OF DEBTOR AND NON-DEBTOR ASSETS** |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

Debtor Easterday Farms, a Washington General Partnership ("Farms"), Debtor Easterday Ranches, Inc., a Washington Corporation ("Ranches" and together with Farms, the "Debtors"), Cody Easterday ("CE"), Karen Easterday ("KE") (in her individual capacity and as the representative of Gale Easterday,[2]), and Debby Easterday ("DE" and together with CE and KE, the "Non-Debtor Sellers",[3] and collectively with Farms and Ranches, the "Parties" and each a "Party"), by and through their undersigned counsel of record, hereby enter into this stipulation (the "Stipulation"), pursuant to which the Parties stipulate and agree as follows:

WHEREAS, on February 1, 2021, Ranches filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Eastern District of Washington, Yakima Division (the "Bankruptcy Court").

WHEREAS, on February 8, 2021, Farms filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, on February 16, 2021, the Office of the United States Trustee (the "UST") filed its notice of appointment of the Ranches Official Committee of Unsecured Creditors, as amended [Docket Nos. 152, 154, and 155] (the "Ranches Committee").

WHEREAS, on February 22, the UST filed its notice of appointment of the Farms Official Committee of Unsecured Creditors, as amended [Docket Nos. 187, and 188] (the "Farms Committee" and, together with the Ranches Committee, the "Committees").

---

[2] Gale Easterday passed away on December 10, 2020.

[3] The Non-Debtor Sellers are also the general partners of Farms.

DOCS_NY:42487.25 20375/001
COOPERATION AGREEMENT REGARDING SALE OF ASSETS – Page 2

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

WHEREAS, on March 25, the Bankruptcy Court entered the (i) Final Order Authorizing Debtor Easterday Farms (the "Farms Cash Collateral Order" to Use Cash Collateral and Granting Adequate Protection [Dkt. No.471] and (ii) the Final Order Authorizing Debtor Easterday Ranches, Inc. (the "Ranches Cash Collateral Order," and together with the Farms Cash Collateral Order, the "Final Cash Collateral Orders") to use Cash Collateral and Granting Adequate Protection [Dkt. No 470], which provide in the Budget (as defined in the applicable Final Cash Collateral Order) for certain benefits for KE and DE and payments for KE and DE in the approximate monthly aggregate amount of $6,500.

WHEREAS, Farms and Ranches are the owners of certain real property identified on **Exhibit A** hereto (the "Debtor Properties").

WHEREAS, certain of the Non-Debtor Sellers and the Debtors each own separate parcels of real property contained within the larger boundaries of the real property identified on **Exhibit A** hereto (the "Joint Properties").

WHEREAS, the Non-Debtor Sellers own certain real property adjacent or connected to the Debtor Properties or the Joint Properties identified on **Exhibit A** hereto (the "Non-Debtor Properties" together with the Debtor Properties and the Joint Properties, the "Sale Properties").

WHEREAS, the lenders identified on **Exhibit A** hereto assert mortgage liens with respect to the Sale Properties (the "Mortgagees").

WHEREAS, the Parties desire to maximize the value of the Sale Properties and to pursue sales of the Sale Properties through a Bankruptcy Court approved process.

WHEREAS, there may be disputes, claims or other causes of action between and among the Parties, or other estate representative, which, if pursued, could limit the

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ability of the Parties to fully market and sell the Sale Properties and would potentially decrease the value of the Sale Properties.

**WHEREAS**, the Parties desire to pursue a process for the sale of the Sale Properties, sell the Sale Properties, place all proceeds of sale after payment sufficient to satisfy the Mortgagees into escrow pending final determination by the Bankruptcy Court, and reserve all of their respective rights with respect to any claims relating to the proceeds of the sale of any the Sale Properties.

**Based on the foregoing recitals, the Parties hereby stipulate and agree as follows:**

1. <u>Development of Bidding Procedures</u>: The Debtors shall seek an order of the Bankruptcy Court establishing bidding procedures (the "<u>Bidding Procedures</u>") relating to the sale of the Sale Properties and such form of bidding procedures shall be in form and substance reasonably acceptable to the Non-Debtor Sellers. The Non-Debtor Sellers hereby further agree to the milestones relating to the Bidding Procedures as set forth on **Exhibit B** hereto.

2. <u>Entry into Sales Transactions</u>.

   a. The Bidding Procedures will establish a process for the Debtors to determine the highest and best offer for the Sale Properties (including for individual Sale Properties or groups of Sale Properties) and for entering into transactions for the sales with respect to the Sale Properties (each a "<u>Sale Transaction</u>").

   b. To the extent that, pursuant to and in accordance with the Bidding Procedures, the Bankruptcy Court enters an order approving any Sales Transaction, any of the Non-Debtor Sellers with an interest in such Sale Property or Sale Properties (each a "<u>Selling Party</u>") hereby agrees to

DOCS_NY:42487.25 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 4

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

**ATTACHMENT 6**
**Page 40 of 67**

cooperate with any such Sale Transaction, including but not limited to, taking any action and entering into and executing any documentation with respect to such Sale Transaction necessary to relinquish any ownership rights in such Sale Property and to provide the buyer with clean title to such Sale Property. Each Non-Debtor Seller hereby consents to the jurisdiction of the Bankruptcy Court with respect to the sale of the Non-Debtor Property and entry by the Bankruptcy Court of any order approving the sale of such Non-Debtor Property, including the sale of such Non-Debtor Property free and clear of any interests of the Non-Debtor. For the avoidance of doubt, nothing herein shall prejudice any other party's right to contest the Bankruptcy Court's jurisdiction with respect to the sale of Non-Debtor Property. Each Non-Debtor Seller shall also execute a power of attorney providing either or both of the Debtors' Co-Chief Restructuring Officers (as the Debtors shall deem appropriate) with authority to execute any and all agreements or other documents necessary for the sale and transfer of such Sale Property including, but not limited to grants, deeds, mortgage reconveyances, or other documents of transfer necessary to effectuate any Sale Transaction on behalf of such Non-Debtor Seller.

c.  The Non-Debtor Sellers shall retain the right to object to any proposed Sales Transaction, except that no such objection shall be based on any argument that the Debtors lack authority or otherwise may not sell a Sale Property, or with respect to the sale milestones set forth in Exhibit B, and any such objection and any such objection shall be resolved by the Bankruptcy Court, and each Non-Debtor Seller agrees to be bound by any resolution of the Bankruptcy Court of such objection and hereby waives any right to appeal such order of the Bankruptcy Court.

3.  <u>Distribution and Deposit of Sale Proceeds:</u>

a.  Following the closing of any Sale Transaction, the proceeds of any such Sales Transaction (the "<u>Sale Proceeds</u>") shall be distributed as follows:

*First,* to the applicable Mortgagee for such Sale Property in satisfaction of the obligations owed to such Mortgagee that are secured by the applicable mortgage (the "<u>Mortgagee Amounts</u>"), *provided however*, that to the extent that any party has filed a challenge (a "<u>Mortgage Challenge</u>") with respect to the amount,

DOCS_NY:42487.25 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 5

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 41 of 67

21-00141-WLH11    Doc 64092    Filed 03/12/21    Entered 03/12/21 15:08:54    Pg 45 of 87

validity, perfection or priority of any lien asserted by a Mortgagee prior to the closing of the applicable Sales Transaction, then the undisputed portion (if any) of the Mortgagee Amounts shall be distributed to the Mortgagee, and the disputed portion of the Mortgagee Amounts with respect to such Mortgagee shall be placed in an escrow account (on terms and conditions reasonably agreed by the Debtors and such Mortgagee) pending a final order of the Bankruptcy Court with respect to such Mortgage Challenge; *provided, further*, there can be no bankruptcy-related Mortgage Challenge with respect to any Non-Debtor Seller Property by any Non-Debtor Seller and any such challenges are limited to remedies, if any, available under applicable non-bankruptcy law. For the avoidance of doubt, nothing in this Stipulation shall limit or expand the rights of the Debtors and their estates with respect to any claims relating to Non-Debtor Seller Property nor shall it grant standing to assert a Mortgage Challenge to any party that does not have standing to do so pursuant to applicable law. Any payments made by the Debtors to the Mortgagees in accordance with the Allocation Protocol or applicable final order of the Bankruptcy Court shall be final and not subject to disgorgement by the Debtors, their estates or any successors or assigns thereto, including any trustee.

*Second,* to the applicable party for the payment of transaction costs (the "Transaction Costs") relating to such Sale Transaction (including, but not limited to, commissions, break-up fees, costs and expenses) approved by the Bankruptcy Court as part of the Bid Procedures or in conjunction with the Sale Transaction;

and

*Third*, any remaining Sale Proceeds after funding the Transaction Costs and Mortgagee Amounts (the "Net Sale Proceeds"), shall be deposited in an escrow account pursuant to an escrow agreement, the terms of which shall be negotiated and agreed by all the Parties, in each case acting reasonably (the "Escrow Account").

    b. In no case shall there be any distribution from the Escrow Account in advance of either (A) an order of the Bankruptcy Court approving a stipulation of all of the Selling Parties relating to the allocation and distribution of the Sale Proceeds, which shall be brought by motion on no less than 14 days' notice, unless the Committees, the Mortgagees and Enjoined Parties agree to a shorter notice period or (B) an order of

DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 6

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 42 of 67

21-00141-WLH11    Doc 64792    Filed 03/27/21    Entered 03/27/21 15:08:54    Pg 42 of 67

the Bankruptcy Court following a motion on no less than 14 days' notice and hearing regarding allocation of the Net Sale Proceeds.

4. Development of Allocation Protocol: The Parties shall, as soon as reasonably practicable following the execution of this Stipulation, negotiate in good faith and attempt to reach agreement on a timely basis on a protocol for resolving disputes concerning the allocation of Net Sale Proceeds from Sale Transactions (the "Allocation Protocol"), which Allocation Protocol shall provide procedures for determining allocation of Net Sales Proceeds where the Selling Parties in such Sale Transaction have been unable to reach agreement regarding such allocation with any allocation determination being subject to approval by the Bankruptcy Court. The Debtors will include the Committees, the Mortgagees and the Enjoined Parties in the negotiations regarding the Allocation Protocol but the consent of those parties shall not be required for the Debtors' agreement with the Non-Debtor Sellers with respect to any Allocation Protocol, *provided further*, that any Allocation Protocol shall be subject to approval by the Bankruptcy Court upon notice and hearing, and the rights of the Parties, the Debtors, the Committees, the Mortgagees and the Enjoined Parties shall all be reserved with respect to any proposed Allocation Protocol. The Parties agree that the Allocation Protocol will provide a mechanism for the participation of the Committees, the Enjoined Parties and the Mortgagees with respect to any negotiations concerning allocation of the Net Sale Proceeds. The Parties further agree that the Allocation

DOCS_NY:42487.25 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 7

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

Protocol will provide, among other things, any adjudication of the allocation of Net Sale Proceeds will be made exclusively by the Bankruptcy Court and each Non-Debtor Seller agrees to be bound by the Bankruptcy Court's order resolving the allocation dispute. Unless this Stipulation is otherwise terminated in accordance with its terms, to the extent a distribution is made to the Non-Debtor Sellers in accordance with the Allocation Protocol such funds shall be placed in a separate escrow account subject in all respects to further order of the Bankruptcy Court. Nothing in this section 4 prejudices any parties' rights with respect to the Allocation Protocol nor constitutes court approval of any such protocol.

5. <u>Maintenance of Properties Pending Sale</u>. Pending the sale of any of the Sale Properties, the Party or Parties currently responsible for the maintenance of such Sale Property, including payment of any taxes, insurance or other expenses relating to such Property shall remain responsible for the maintenance of such Sale Property in the same manner and proportion as prior to execution of this Stipulation.

6. <u>Entry Into Stipulation is Without Prejudice</u>.

  a. Nothing in this Stipulation shall prejudice the rights of any Party or otherwise constitute an amendment, modification or waiver of the rights of any Party to assert such party's interests in the Net Sale Proceeds from any Sale Transaction (other than provisions with respect to the Allocation Protocol through which Non-Debtor Sellers agree to be bound by the Bankruptcy Court's ruling with respect to allocation of Net Sale Proceeds).

DOCS_NY:42487.25 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 8

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 44 of 67

b. Nothing in this Stipulation shall prejudice or impair the rights of any Party with respect to any claim or cause of action against any other Party or the defenses and/or counterclaims of any Party with respect thereto.

c. Nothing in this Stipulation shall prejudice or impair the rights of any Mortgagees and any valid and properly perfected liens of any Mortgagee in any of the Sale Properties. Any such liens shall attach to the Sale Proceeds relating to the sale of such Sale Property with the same validity and priority as of the date of such Sale Transaction, *provided*, *however*, nothing in this Stipulation shall prejudice the rights of any Party to challenge the validity, perfection or priority of any lien asserted by a Mortgagee and any and all defenses of such Mortgagee are also reserved.

d. Nothing in this Stipulation shall prejudice or impair the rights of any Enjoined Party with respect to any valid and properly perfected liens (including Adequate Protection Liens, as defined in the Final Cash Collateral Orders), claims, rights, interests, and encumbrances in any *of* the Sale Properties or personal property, if any, included in the sale of the Sale Properties. Any such liens, claims, rights, interests, and encumbrances shall attach to the Sale Proceeds relating to the sale of such Sale Properties or personal property in the same order of priority, with the same validity, force and effect as of the date of such Sale Transaction, *provided*, *however*, nothing in this Stipulation shall prejudice the rights, if any, of the Debtors, the Non-Debtor Sellers or the Committees to challenge the validity, perfection or order of priority of any lien asserted by any Enjoined Party and any and all defenses of any Enjoined Party are also reserved.

7. <u>Non-Debtor Sellers Not to Transfer Assets</u>. The Non-Debtor Sellers hereby agree that for so long as this Stipulation is in effect, the Non-Debtor Sellers shall not transfer or otherwise lease or encumber **any** of the Sale Properties except as expressly provided in Section 2 hereof. The Non-Debtor Sellers further hereby agree that for so long as this Stipulation is in effect, the Non-Debtor Sellers shall not, without

DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 9

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

the prior-written consent, which consent will not be unreasonably withheld, of the Debtors, transfer or otherwise lease or encumber ***any*** of their other material assets or properties (for purposes of this Section 7, "material" shall mean any individual assets or properties having a fair market value equal to or greater than $37,500.00, outside of the ordinary course of business (a "<u>Non-Debtor Seller Transaction</u>"), provided further that the aggregate amount of such Non-Debtor Seller Transactions may not exceed $100,000 with respect to each Non-Debtor Seller, *provided however,* that the Debtors their estates are hereby deemed as part of this Stipulation to agree that the transactions described in **Exhibit C** hereto are not breaches of this Stipulation.  Except with respect to the transactions identified in Exhibit C hereto which shall be deemed permitted upon entry by the Bankruptcy Court of an order approving this Stipulation (and which, for the avoidance of doubt shall not be included in calculation of the aggregate limit with respect to Non-Debtor Seller Transactions), the Debtors shall provide five (5) business days' written  notice (including via electronic mail)  to the Committees, the Enjoined Parties and the Mortgagees of the Debtors' consent to any additional Non-Debtor Seller Transaction and any parties receiving such notice shall have five (5) business days to indicate in writing (including via electronic mail)  to the Debtors that such party objects to any such Non-Debtor Seller Transaction.  If the Debtors are unable to resolve such objection, then the Debtors shall seek Bankruptcy Court approval with respect to the

DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 10

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

Debtors' consent to such Non-Debtor Seller Transaction and the rights of all parties with respect to any such proposed Non-Debtor Seller Transaction are reserved, *provided further*, that the failure to obtain Bankruptcy Court approval for such proposed Non-Debtor Seller Transaction shall not be a default under this Stipulation if the Debtors sought approval, where appropriate, but such approval was denied by the Bankruptcy Court for such proposed Non-Debtor Seller Transaction. If such request for consent is denied, it shall be a breach of this Stipulation for any Non-Debtor Seller to engage in such Non-Debtor Seller Transaction. Any breach of this Section 7 by any Non-Debtor Seller shall be a basis for termination of any injunction against such breaching Non-Debtor Seller provided for in Section 8 hereof, *provided, however*, all of the obligations of each of the Non-Debtor Sellers under this Stipulation shall continue in full force and effect notwithstanding such termination of the injunction against such breaching Non-Debtor Seller. To the extent any Non-Debtor Seller disposes of any personal property, except as provided above, that is subject to the lien of an Enjoined Party while this Stipulation is in effect, the Enjoined Party's lien shall attach to the proceeds of such sale and the Non-Debtor Seller shall place those proceeds into an escrow account (on terms and conditions reasonably agreed by the Non-Debtor Sellers and the Enjoined Parties asserting liens in the related assets).

DOCS_NY:42487.25 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 11

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

**ATTACHMENT 6**
**Page 47 of 67**

8.   <u>Injunction Regarding Property and Assets of Non-Debtor Sellers</u>.   In exchange for the cooperation of the Non-Debtor Sellers with respect to the sale of the Sale Properties through these Bankruptcy Cases as contemplated herein, and as a condition to the effectiveness of this Stipulation, the Debtors shall (i)  obtain, either through stipulation[4] with the parties identified on **Exhibit D** hereto (along with any successors-in-interest or assignees, the "<u>Enjoined Parties</u>"), or (ii) an order of the Bankruptcy Court with respect to the Enjoined Parties, an agreement or injunction, respectively, prohibiting the Enjoined Parties from taking the following actions (the "<u>Enjoined Actions</u>") with respect to assets or property of any of the Non-Debtor Sellers pursuant to Sections 362 and 105 of the Bankruptcy Code, including, but not limited to:

a. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against any Non-Debtor Sellers;

b. the enforcement, against any Non-Debtor Sellers of any judgment obtained against such Non-Debtors Seller;

c. any act to obtain possession of property of any of the Non-Debtor Sellers or to exercise control over property of any Non-Debtor Sellers;

d. any act to create, perfect, or enforce any lien against property of the any Non-Debtor Sellers;

e. any act to collect, assess, or recover a claim against any Non-Debtor Sellers;

---

[4] Attached as <u>Exhibit E</u> hereto is a form of consent for each Enjoined Party with respect to the injunction set forth in this Section 8.

DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 12

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

*provided further*, that the Debtors will use reasonable efforts to obtain a similar stipulation or injunction against any other party that seeks to take any Enjoined Action with respect to the property or assets of any Non-Debtor Sellers, or, the Debtors may seek an injunction that more broadly protects the Non-Debtor Sellers with respect to actions by their creditors, and the Debtors' failure to obtain such injunction, including the denial of a request for such an injunction by the Bankruptcy Court, shall be a breach of this Stipulation and, on written notice to the Debtors (including via electronic mail), the Non-Debtor Sellers may terminate their continued performance hereunder.   In addition, if the Debtors fail to seek or obtain an injunction against a party that seeks to take an Enjoined Action to the property or assets of any Non-Debtor Sellers, any Enjoined Party with an interest in such property or assets of such Non-Debtor Sellers, may, on five (5) business days' notice, seek an order from the Court terminating the injunction against such Enjoined Party with respect to such property or assets of the Non-Debtor Sellers, *provided, further*, the rights of the Parties with respect to any such request are reserved.   Notwithstanding the above, such injunction shall not prohibit the Debtors or the Committees from seeking reasonable informal or formal discovery in the Bankruptcy Cases pursuant to Bankruptcy Rule 2004 with respect to any Non-Debtor Sellers subject to the rights of such Non-Debtor Sellers to object to such discovery. The Enjoined Parties and the Mortgagees shall have the right to receive promptly any

DOCS_NY:42487.25 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 13

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

**ATTACHMENT 6
Page 49 of 67**

written discovery and attend any depositions in connection with any discovery conducted by the Debtors or the Committees. To the extent that any Enjoined Party or Mortgagee believes additional discovery is necessary or appropriate, nothing in this Stipulation shall prohibit such Enjoined Party or Mortgagee from filing a motion before the Bankruptcy Court seeking discovery relating only to an analysis of the assets and liabilities of the Non-Debtor Sellers and the rights of all Parties with respect to any such motion or discovery requests are expressly reserved. Notwithstanding the foregoing, nothing in this Stipulation will prevent any party from filing a claim in the probate proceedings regarding the estate of Gale Easterday. Additionally, notwithstanding the above, nothing herein shall prevent the Committees from filing motions seeking standing to bring derivative actions against any of the Non-Debtor Sellers or filing objections to claims of any Non-Debtor Sellers, *provided, further*, that all rights of the Parties are reserved with respect to such standing motion or objections to claims, and, *provided, further*, that if any such motion for standing is granted, or any objection to any such claim is permitted to go forward, including requiring a response by any Non-Debtor Seller, prior to the termination of this Stipulation, then this Stipulation shall be deemed terminated and no Party, including any Enjoined Party, shall have any further obligation hereunder. The Debtors agree to oppose any such motion for standing and to seek to adjourn any proceedings with respect to such objection to claim, and any

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

failure timely to do so or failure to be successful in such opposition or in obtaining such adjournment to be successful shall be a breach by the Debtors of this Stipulation and shall entitle the Non-Debtor Sellers to terminate this Stipulation and cease their performance hereunder.

9.     Financial Information of Non-Debtor Sellers.  It shall be a condition to entry into this Stipulation that each of the Non-Debtor Sellers shall provide the Debtors, the Committees, the Enjoined Parties and the Mortgagees with a statement of personal assets and liabilities and other financial information reasonably requested by the Debtors and the Committees within five (5) days from the entry of an order approving this Stipulation.

10.     Representation and Warranty Regarding Estate of Gale Easterday.  Karen Easterday hereby represents and warrants that she is the sole legal representative of the estate of Gale Easterday and has the power and authority to execute this Stipulation and to perform all of the acts required hereunder, including, but not limited to, selling the interests of Gale Easterday in any of the Non-Debtor Seller Properties.

11.     Waiver of Default.   The Debtors shall provide notice to the Non-Debtor Sellers, the Committees, the Mortgagees and the Enjoined Parties of any default by any Non-Debtor Seller hereunder.  The Debtors shall further provide five (5) business days' notice to the Non-Debtor Sellers, the Committees, the Mortgagees and the Enjoined

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

Parties of any determination by the Debtors to waive any such default. Any of the Committees, the Mortgagees and Enjoined Parties may challenge the waiver of such default and the rights of all Parties with respect to any such challenge are reserved. This Stipulation shall remain in full force and effect notwithstanding such waived default unless the Debtors agree in writing or there is an order of the Bankruptcy Court denying the ability of the Debtors to waive such default.

12. <u>Participation of Committees</u>. Farms and Ranches hereby agree that with respect to any of the matters referred to herein as to which the agreement or determination of either of the Debtors are required, such Debtor shall include both of the Committees in any negotiations on such issues.

13. <u>Term of Agreement</u>. This Stipulation will terminate upon the earlier of (i) the effective date of any confirmed plan of reorganization or liquidation in the Bankruptcy Cases, (ii) August 31, 2021 if no Sale Transaction is approved by the Bankruptcy Court prior to such date, or (ii) December 31, 2021. If there is a material adverse change with respect to the treatment of KE and DE pursuant to the Final Cash Collateral Orders, then KE and DE may, on written notice to the Debtors and the Enjoined Parties (including via electronic mail), terminate their continued performance hereunder, provided that such performance shall continue with respect to any Sale

DOCS_NY:42487.25 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 16

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 52 of 67

21-001141-WLH11    Doc 647-2    Filed 03/24/21    Entered 03/24/21 15:08:33    Pg 52 of 61

Transaction that has been approved by the Bankruptcy Court prior to the provision of such notice of termination.

14.    <u>Immediate Effect of this Stipulation Upon the Court's Approval</u>. Notwithstanding anything to the contrary in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, of the Local Bankruptcy Rules, the effectiveness of this Stipulation shall not be stayed in any respect. The Stipulation shall be effective immediately upon entry.

15.    <u>Binding Effect</u>. This Stipulation is binding upon the Parties, their successors, assigns, affiliates, officers, directors, shareholders, partners, investors, members, employees, agents, and professionals.

16.    <u>Jurisdiction</u>. The court shall retain sole and exclusive jurisdiction to hear and determine all matters arising from or relating to the interpretation and/or enforcement of this Stipulation.

17.    <u>Notice</u>. Any notice to be given under this stipulation may be given by electronic mail at counsel for the applicable party at the address for notice as provided in Exhibit F hereto.

DOCS_NY:42487.25 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 17

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 53 of 67

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

[SIGNATURES TO FOLLOW]

DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 18

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

**EXHBIT A**

**Sale Properties**

*Debtor Properties*

| Property | Owners | Mortgagees |
|----------|--------|------------|
| Nine Canyon Farms | Ranches | Prudential Insurance Company of America ("Prudential") |
| Storage Complex | Farms | LTM Investments LLC |

*Joint Properties*

| Property | Owners | Mortgagees |
|----------|--------|------------|
| Cox Farm | Ranches, Farms, Non-Debtor Sellers | Equitable Financial Life Insurance Company f/k/a AXA Equitable Life Insurance Company |
| River Farm | Farms, Non-Debtor Sellers | Prudential |

*Non-Debtor Properties*

| Property | Owners | Mortgagees |
|----------|--------|------------|
| Goose Gap Farm | Non-Debtor Sellers | Prudential |

DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 55 of 67

# EXHIBIT B
## SALE PROCEDURES MILESTONES[5]

| Event | Proposed Deadlines |
|---|---|
| Deadline to File Notice of Intent to Assume and Assign Transferred Contracts and Proposed Cure Amounts | May 5, 2021 |
| Hearing on any Stalking Horse or Bid Protections Objections (if any) or, alternatively, to set dates and deadlines for a naked auction process (subject to Court availability) | Eight (8) days after the Stalking Horse Bidder Motion or No Stalking Horse Notice, as applicable, is filed |
| Deadline to File Objections to Proposed Cure Amounts | May 17, 2021 |
| Deadline to File and Serve Sale Notice | Four (4) days after entry of the Stalking Horse Approval Order |
| Deadline to Submit Bids | May 31, 2021 at 4:00 p.m. (Pacific Time) |
| Survey Contingency Waiver Deadline | June 8, 2021 at 5:00 p.m. (Pacific Time) |
| Deadline for Debtors to Notify Bidders of Status as Qualified Bidders | June 10, 2021, at 5:00 p.m. (Pacific Time) |
| Auction (if necessary) | June 14, 2021, at 10:00 a.m. (Pacific Time) |

---

[5] The Proposed Deadlines remain subject to approval of the Bankruptcy Court in connection with the Bidding Procedures Motion.

DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

| Event | Proposed Deadlines |
|---|---|
| Deadline to File Notice of (a) Successful Bid and Backup Bid and (b) Identity of Successful Bidder and Backup Bidder | One day following conclusion of the Auction |
| Deadline to File (a) Objections to Sale and (b) Objections to Assumption and Assignment of Contracts | [●], 2021 at 4:00 p.m. (Pacific Time) |
| Reply Deadline | [●], 2021 at 4:00 p.m. (Pacific Time) |
| Sale Hearing Date | [●], 2021 at 4:00 p.m. (Pacific Time) |

DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 57 of 67

21-00141-WLH11    Doc 640-2    Filed 03/24/21    Entered 03/24/21 15:08:33    Pg 57 of 67

# EXHIBIT C
## APPROVED NON-DEBTOR SELLER TRANSACTIONS

The encumbrance of certain property and assets of the entities described below (certain of the Non-Debtor Sellers hold ownership interests in these entities) in connection with the transactions (the "Lindsay Canyon Transactions") contemplated pursuant to that *Binding Term Sheet* or final terms approved at the hearing thereon (the "Term Sheet")[1] by and among (i) Farms, (ii) Ranches, (iii) Canyon Farm, LLC and Canyon Farm II, LLC ("Canyon Farm"), (iv) 3C Farms, LLC ("3C Farms"), and (v) Easterday Farms Dairy, LLC ("Dairy"), including, but not limited to, pledge or guaranty of any of the property or interests of 3E Properties, 3C Farms, Easterday Farm Produce, Co., and Dairy as collateral to secure financing related to the entry of 3C Farms and Dairy into the Lindsay Canyon Transactions. For the avoidance of doubt, the property or assets to be pledged are the assets of the separate corporate entities in which Non-Debtor Sellers hold equity or other ownership interests and are not assets or property owned directly by any Non-Debtor Seller, and Debtors are including their consents to the transactions of these entities in connection with the Lindsay Canyon Transactions for purposes of full disclosure and out of an abundance of caution in light of Debtors' role in the Lindsay Canyon Transactions.

---

[1] The Term Sheet was filed with the Bankruptcy Court as part of the Emergency Motion For An Order Approving (I) Lindsay Canyon Binding Term Sheet And Authorizing Entry Into Definitive Documentation; (II) Scheduling Hearing To Approve Entry Into Dip Financing Loan; And (III) Granting Related Relief [Dkt. No. 465]

DOCS_NY:42487.25 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

.

Any disposition by CE and DE of their ownership interests in Easterday Farms Dairy, LLC.

DOCS_NY:42487.25 20375/001
COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
Page 59 of 67

# EXHIBIT D
## ENJOINED PARTIES[7]

Washington Trust Bank

Tyson Fresh Meats, Inc.

Prudential Insurance Company of America

Deere & Company  d/b/a John Deere Financial

Rabo Agrifinance LLC

CHS Capital, LLC

---

[7] The parties identified on this Exhibit D have asserted or threatened to assert claims or take action seeking to enforce rights against one or more of the Non-Debtor Sellers.  As noted in paragraph 8 of the Stipulation, Debtors reserve the right to seek to enjoin any other party asserting claims or seeking to enforce rights against any of the Non-Debtor Sellers.

DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

1
2
3
4
5
6
7
8
9

ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

HONORABLE WHITMAN L. HOLT

10
11
12
13
14
15

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
jrosell@pszjlaw.com

16   *Admitted *Pro Hac Vice*

17   *Attorneys for the Chapter 11
     Debtors and Debtors in Possession*

18   **UNITED STATES BANKRUPTCY COURT
19   EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-11 Jointly Administered |
| Debtors.[8] | **CONSENT TO INJUNCTION RELATING TO NON-DEBTOR SELLERS IN CONNECTION WITH COOPERATION AGREEMENT** |

20
21
22
23
24

[8] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

25
26

DOCS_NY:42487.25 20375/001

27   CONSENT TO INJUNCTION – Page 2
28

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

WHEREAS, Debtor Easterday Farms, a Washington General Partnership ("Farms"), Debtor Easterday Ranches, Inc., a Washington Corporation ("Ranches" and together with Farms, the "Debtors"), Cody Easterday ("CE"), Karen Easterday ("KE") (in her individual capacity and as the representative of Gale Easterday,[9]), and Debby Easterday ("DE" and together with CE and KE, the "Non-Debtor Sellers"), entered into that certain *Stipulation By and Between Debtors and Non-Debtor Sellers Regarding Cooperation with Respect to the Sale of Debtor and Non-Debtor Assets* (the "Cooperation Agreement").[10]

WHEREAS, on February 1, 2021, Ranches filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Eastern District of Washington, Yakima Division (the "Bankruptcy Court").

WHEREAS, on February 8, 2021, Farms filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, on April 28, 2021, the Bankruptcy Court entered an order approving the Debtors' entry into the Cooperation Agreement [Docket No. _____].

WHEREAS, pursuant to the terms of the Cooperation Agreement, the Debtors are required to enter into a stipulation or otherwise obtain an injunction with respect to any party taking action to enforce rights or remedies against property or assets of the Non-Debtor Sellers.

---

[9] Gale Easterday passed away on December 10, 2020.

[10] A copy of the Cooperation Agreement is attached hereto as **Exhibit A**. Capitalized Terms used and not otherwise defined herein have the meaning ascribed thereto in the Cooperation Agreement.

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

**WHEREAS** [Name of Party] (the "Enjoined Party") asserts interests in the property or assets of the Non-Debtor Sellers.

**WHEREAS**, the Enjoined Party has reviewed the terms and conditions of the Cooperation Agreement.

**WHEREAS**, in an effort to maximize the value of the Sale Properties, the Enjoined Party is willing to consent to certain provisions of the Cooperation Agreement on the terms and conditions set forth herein and in the Cooperation Agreement.

**Based on the foregoing recitals, the Parties hereby stipulate and agree as follows:**

18. <u>Consent to Injunction</u>. Subject to the terms and conditions of the Cooperation Agreement, the Enjoined Party consents to be bound by the terms of the injunction set forth in the "Injunction Regarding Property and Assets of Non-Debtor Sellers" section of the Cooperation Agreement. For the avoidance of doubt, this injunction will terminate upon the termination of the Cooperation Agreement or as such injunction may otherwise be terminated pursuant to the terms of the Cooperation Agreement.

19. <u>Entry Into this Consent is Without Prejudice</u>.

   a. Except for the consent to injunction set forth in section 1 above, nothing in this Consent shall prejudice or impair the rights of the Enjoined Party with respect to any claim or cause of action against any of the Non-Debtor Sellers or the Debtors, including, without limitation, the right of the Enjoined Party to move under 28 U.S.C. § 157 to withdraw the reference following termination of the injunction.

   b. Nothing in this Consent shall prejudice or impair the rights of the Enjoined Party with respect to any valid and properly perfected liens

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

(including Adequate Protection Liens, as defined in the Final Cash Collateral Orders), claims, rights, interests, and encumbrances in any *of* the Sale Properties or personal property, if any, included in the sale of the Sale Properties. Any such liens, claims, rights, interests, and encumbrances shall attach to the Sale Proceeds relating to the sale of such Sale Properties or personal property in the same order of priority, with the same validity, force and effect as of the date of such Sale Transaction, *provided*, *however*, nothing in this Stipulation shall prejudice the rights, if any, of the Debtors, the Non-Debtor Sellers or the Committees to challenge the validity, perfection or order of priority of any lien asserted by any party and any and all defenses of the Enjoined Party are also reserved.

20. <u>Binding Effect</u>. This Consent is binding upon the Enjoined Party, its successors, assigns, affiliates, officers, directors, shareholders, partners, investors, members, employees, agents, and professionals.

21. <u>Jurisdiction</u>. The Bankruptcy Court shall retain sole and exclusive jurisdiction to hear and determine all matters arising from or relating to the interpretation and/or enforcement of this Consent, provided, however, that the District Court shall have jurisdiction over any motion filed pursuant to 28 U.S.C. § 157.

**IT IS SO CONSENTED, THROUGH COUNSEL OF RECORD**

[SIGNATURES TO FOLLOW]

DOCS_NY:42487.25 20375/001
CONSENT TO INJUNCTION – Page 5

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

**ATTACHMENT 6**
**Page 64 of 67**

21-001141-WLH11   Doc 647-2   Filed 03/24/21   Entered 03/24/21 15:18:33   Pg 64 of 67

# EXHIBIT F

## ADDRESSES FOR NOTICE

| Notice Party | Counsel Name and Address | Email Address |
|---|---|---|
| Cody Easterday & Debby Easterday | Sussman Shank LLP<br>1000 SW Broadway<br>Suite 1400<br>Portland, OR 97205<br><br>Attn: Jeffrey C. Misley | jmisley@sussmanshank.com<br>jhume@sussmanshank.com |
| Karen Easterday (in her personal capacity and as the representative of Gale Easterday) | Tonkon Torp LLP<br>1600 Pioneer Tower<br>888 SW Fifth Avenue<br>Portland, Oregon 97204<br><br>Attn: Timothy J. Conway | tim.conway@tonkon.com |
| Farms | Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067-4003<br><br>Attn: Richard Pachulski<br>Jeffrey Dulberg<br><br>Bush Kornfeld LLP<br>601 Union St., Suite 5000<br>Seattle, WA 98101<br><br>Attn: Thomas Buford | rpachulski@pszjlaw.com<br>jdulberg@pszjlaw.com<br>PLabov@pszjlaw.com<br>kdine@pszjlaw.com<br>tbuford@bskd.com<br>rkeeton@bskd.com |
| Ranches | Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067-4003<br><br>Attn: Richard Pachulski<br>Jeffrey Dulberg<br><br>Bush Kornfeld LLP<br>601 Union St., Suite 5000<br>Seattle, WA 98101 | rpachulski@pszjlaw.com<br>jdulberg@pszjlaw.com<br>PLabov@pszjlaw.com<br>kdine@pszjlaw.com<br>tbuford@bskd.com<br>rkeeton@bskd.com |

DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

| | | |
|---|---|---|
| | Attn: Thomas Buford | |
| Ranches Committee | Cooley LLP<br>1700 Seventh Avenue, Suite 1900<br>Seattle, Washington 98101<br><br>Attn: Jay R. Indyke | cspeckhart@cooley.com<br>jindyke@cooley.com<br>mklein@cooley.com |
| Farms Committee | Buchalter<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90017-1730<br><br>Attn: Julian Gurule | jgurule@buchalter.com<br>jwelch@Buchalter.com |
| Washington Trust Bank | Lukins & Annis, P.S.<br>717 W Sprague Ave, Suite 1600<br>Spokane, WA 99201-0466<br><br>Attn: Trevor Pincock | tpincock@lukins.com<br>bjackowich@lukins.com |
| Tyson Fresh Meats, Inc. | Perkins Coie LLP<br>1201 Third Avenue<br>Suite 4900<br>Seattle, WA 98101-3099<br><br>Attn: Alan D. Smith | ADSmith@perkinscoie.com<br>BCosman@perkinscoie.com |
| Prudential Insurance Company of America | Bryan Cave Leighton Paisner LLP<br>161 North Clark Street Suite 4300<br>Chicago, IL 60601-3315<br><br>Attn: Jason J. Dejonker | jason.dejonker@bclplaw.com<br>Timothy.bow@bclplaw.com<br>Marc.cox@bclplaw.com<br>Brian.walsh@bclplaw.com |
| Deere & Company d/b/a John Deere Financial | Hillis Clark Martin & Peterson P.S.<br>999 Third Avenue<br>Suite 4600<br>Seattle, WA 98104<br><br>Attn: Amit D. Ranade | amit.ranade@hcmp.com |

DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5 | Rabo Agrifinance LLC | Ray Quinney & Nebeker P.C.<br>36 South State Street, 14th Floor<br>Salt Lake City, Utah 84145-0385<br><br>Attn: David H. Leigh | dleigh@rqn.com<br>mjohnson@rqn.com |
| 6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15 | CHS Capital, LLC | Faegre Drinker Biddle & Reath LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, Minnesota 55402, USA<br><br>Attn: Michael F. Doty<br>Michael R. Stewart<br><br>Lane Powell PC<br>1420 Fifth Avenue, Suite 4200<br>P.O. Box 91302<br>Seattle, WA 98111-9402<br><br>Attn: Gregory R. Fox<br>William Brunnquell | foxg@lanepowell.com<br>brunnquellw@lanepowell.com<br>michael.stewart@faegredrinker.com<br>michael.doty@faegredrinker.com |
| 16<br>17<br>18<br>19<br>20 | Equitable Financial Life Insurance Company f/k/a AXA Equitable Life Insurance Company | Paukert & Troppmann, PLLC<br>522 W. Riverside Avenue<br>Suite 560<br>Spokane, WA 99201<br><br>Attn: Michael J. Paukert | mpaukert@pt-law.com |
| 21<br>22<br>23<br>24 | LTM Investments LLC | Cairncross & Hempelmann, P.S.<br>524 Second Avenue<br>Suite 500<br>Seattle, WA 98104-2323<br><br>Attn: John R. Rizzardi | jrizzardi@cairncross.com<br>jfaubion@cairncross.com<br>aparanjpye@cairncross.com |


DOCS_NY:42487.25 20375/001

COOPERATION AGREEMENT
REGARDING SALE OF ASSETS –
Page 3

PACHULSKI STANG
PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110

ATTACHMENT 6
**ATTACHMENT 6**
**Page 67 of 67**

footer red
21-00141-WLH11    Doc 640-2    Filed 03/24/21    Entered 03/24/21 15:18:33    Pg 67 of 67