ARMAND J. KORNFELD (WSBA #17214)   HON. WHITMAN L. HOLT
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*
*Attorneys for the Chapter 11*
*Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-WLH11 |
| Debtors.[1] | Jointly Administered |
| EASTERDAY RANCHES, INC. and EASTERDAY FARMS, | Adv. Proc. No. 22-_____ |
| Plaintiffs, | **COMPLAINT FOR INJUNCTIVE RELIEF** |
| vs. | |
| ESTATE OF GALE A. EASTERDAY (DECEASED), KAREN L. EASTERDAY, CODY A. EASTERDAY, AND DEBBY EASTERDAY, | |
| Defendants. | |

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fc14vb01pj

Easterday Ranches, Inc. ("Ranches") and Easterday Farms ("Farms") are the debtors and debtors in possession and plaintiffs in the above-captioned adversary proceeding (the "Debtors" or "Plaintiffs"). The Debtors, by this Complaint, seek (i) a declaration that actions taken by the general partners of Farms and shareholders of Ranches, Cody Easterday, Debby Easterday and Karen Easterday (in her individual capacity and as the representative of her recently deceased husband, Gale Easterday) (collectively, the "Partners" or "Defendants") to remove the individual members of the Board of Directors for each of the Debtors (collectively, the "Independent Directors" or "Current Boards") was a clear abuse in violation of the automatic stay of section 362 of the Bankruptcy Code and so void ab initio, and (ii) an injunction from any further attempts by the Partners to remove the Independent Directors or otherwise modify the governing documents of the Debtors.[2] The declaratory and injunctive relief requested by this Complaint is necessitated because, on March 12, 2022, the Defendants executed (i) a unanimous written consent of the shareholders of Ranches purporting to remove the Current Board and (ii) an amendment to the Easterday Farms partnership agreement purporting to replace the Current Board with a manager (together, the "Disputed Corporate Actions"). These Disputed Corporate Actions come after a month-long series of settlement discussions and on the eve of a hearing on approval of a disclosure statement and motions to approve settlements with third parties that the Defendants do not believe are in *their* best interests. At the center of the dispute are the Defendants' continuing assertions that there is a conflict of interest between the Farms' estate and Ranches' estate because the Defendants believe that Farms' creditors can be paid in full with a return to equity (*i.e.*, the Defendants) and the duties of Ranches are somehow in direct conflict with those objectives. These are the same arguments made by the Defendants in their *Motion to Disqualify Pachulski Stang Ziehl & Jones LLP and Bush*

---

[2] The Independent Directors are Mr. R. Todd Neilson, Mr. Craig Barbarosh, and Mr. Thomas Saunders, V.

COMPLAINT FOR INJUNCTIVE RELIEF – Page 2

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

*Kornfeld LLP as Counsel for Debtors* [Adv. Pro. No. 21-80050 (WLH) (the "Allocation Adversary," Adv. Dkt. No. 28] (the "Disqualification Motion"), which was rejected by the court on December 21, 2021.  *See* Adv. Pro. Docket No. 39.  However, rather than seek appropriate relief from the automatic stay or otherwise renew their Disqualification Motion, the Defendants have taken the extraordinary step of willfully violating the automatic stay by taking the Disputed Corporate Actions, which are void *ab initio* under *In re In re Schwartz*, 954 F.2d 569 (9th Cir. 1992).

Pursuant to this Complaint, the Debtors request that the court enter the declaratory and injunctive relief to stop the Defendants' gamesmanship against the Independent Directors.

In addition, a majority of the stakeholders in these chapter 11 cases agree that a consensual amended chapter 11 plan is near.  Replacing the Independent Directors at this juncture is not simply a ploy for additional leverage, but is a clear abuse of the process by Defendants that seriously jeopardizes the plan process and, similar to the Nortel case, risks squandering the tremendous result of the sale process on years of litigation and tens of millions of dollars in legal fees.

Conspicuously absent from any of the pleadings filed by the Partners regarding the alleged conflict of interest, including, most recently, in *Karen L. Easterday's Status Conference Report and Notice of Amendment to the Farms Partnership Agreement* [Docket No. 1472], is any mention of the responsibility of the Partners for these bankruptcy cases in the first instance.  As this court is aware, these chapter 11 cases are the result of a fraud in excess of $200 million dollars concocted by Cody Easterday while the co-Defendants – partners and/or board members of the Debtors throughout the fraud – did nothing to stop it.

Prior to the commencement of these chapter 11 case, Tyson Fresh Meats, Inc. ("Tyson") and Washington Trust Bank ("WTB") each sought the appointment of a

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 3

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fc14vb01pj

receiver over the Debtors. In an effort to placate Tyson and WTB, the Independent Directors were appointed to commence and manage these chapter 11 cases in the best interests of **all** stakeholders.

Since their appointment, the Independent Directors have worked tirelessly to maximize value of the Debtors' estates and propose a chapter 11 plan that provides substantial recoveries to the general unsecured creditors of Farms and meaningful recoveries to the general unsecured creditors of Ranches, including the direct victims of "Cattlegate." For example, the Independent Directors have overseen the sale of substantially all of the Debtors' assets, the resolution of myriad disputes with creditors, including each of the Debtors' material secured lenders, and are now on the verge of reaching a consensual chapter 11 plan with the Debtors' key creditor constituents, including Tyson, Segale Properties LLC, the Official Committee of Unsecured Creditors of Farms, and the Official Committee of Unsecured Creditors of Ranches. Notably, a consensual chapter 11 plan will resolve complex issues concerning substantive consolidation and avoid protracted and expensive litigation related thereto.

The Independent Directors have attempted to engage the Defendants throughout these chapter 11 cases. Unfortunately, because of the Defendants' inherent conflict of wanting a maximum recovery at Farms to provide them with equity value, rather than achieving an equitable resolution, the Defendants have been unyielding and have fought tooth and nail against the Ranches estate, doubling down on the harm to the Ranches estate and the direct victims of the fraud. Ironically, it is the fact that the Independent Directors are operating independently and in the best interests of **both** estates that troubles the Defendants.

The Defendants' latest attempt to replace the Independent Directors puts the anticipated consensual chapter 11 plan at risk and may lead to the appointment of independent chapter 11 trustees or the conversion of these cases to chapter 7.

COMPLAINT FOR INJUNCTIVE RELIEF – Page 4

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

In support of this Complaint, the Debtors allege as follows:

## JURISDICTION, VENUE AND PARTIES

1. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. Venue is proper in this District under 28 U.S.C. § 1409.

3. The proceeding has been brought in accordance with 11 U.S.C. §§ 105(a) and 362 and Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure.

4. Debtor Easterday Ranches, Inc. is a Washington State corporation.

5. Debtor Easterday Farms is a Washington State general partnership.

## THE DEFENDANTS

6. Defendant Cody Easterday is an individual residing in Franklin County, Washington, and he is a general partner of Farms and shareholder of Ranches.

7. Defendant Debby Easterday is an individual residing in Franklin County, Washington, and she is a general partner of Farms and a shareholder of Ranches.

8. Defendant Karen Easterday is an individual residing in Franklin County, Washington, and she is a general partner of Farms and a shareholder of Ranches. Karen Easterday is also the personal representative of the estate of Gale Easterday. Gale Easterday was a general partner of Farms and a shareholder of Ranches.

## BACKGROUND FACTS

9. Plaintiffs incorporate herein and re-allege the allegations above.

A. **General Case Background**

10. On January 24, 2021, Tyson filed a lawsuit against Ranches (the "Tyson Lawsuit") in the Superior Court of the State of Washington for Franklin County (the "Washington State Court") and concurrently filed a Motion for the Appointment of Receiver (the "Tyson Receiver Motion"). The Tyson Lawsuit alleged, *inter alia*, that

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 5

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Ranches' former president, Cody Easterday, purportedly engaged in fraudulent "forward billing" practices, resulting in Tyson's overpayment of over $200 million for the purchase and feeding of "non-existent" or "missing" cattle due to the submission of fraudulent invoices and records pursuant to the Cattle Feeding Agreement. The Tyson Receiver Motion was set for hearing during the afternoon of February 1, 2021.

11. On January 29, 2021, the Ranches' shareholders, who also comprised the then-constituted Board of Directors of Ranches - Cody Easterday, Debby Easterday, and Karen L. Easterday (collectively, the "Former Board") - executed that certain Action by Written Consent to elect the Independent Directors as Ranches' directors. Thereafter and on that same date, each member of the Former Board resigned their positions as directors and officers of Ranches.

12. On January 31, 2021, the Partners executed that certain Amendment No. 1 to Easterday Farms Partnership Agreement, thereby transferring control of Farms to the Independent Directors. The Independent Directors were selected for their experience and expertise in the cattle and/or restructuring industry.

13. On February 1, 2021, WTB filed a lawsuit against each of the Debtors as well as the Debtors' principals in Washington State Court (the "WTB Lawsuit") and concurrently filed a Motion to Appoint Receiver (the "WTB Receiver Motion," and collectively with the Tyson Receiver Motion, the "Receiver Motions"). The WTB Lawsuit alleged, *inter alia*, certain defaults arising under the Debtors' loan with WTB principally relating to the filing of the Tyson Lawsuit and the Tyson Receiver Motion as well as the death of Gale Easterday. The WTB Receiver Motion was set for hearing concurrently with the Tyson Receiver Motion.

14. On the morning of February 1, 2021 (the "Ranches Petition Date"), Ranches filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, staying the Tyson Lawsuit and Tyson Receiver Motion. The WTB Lawsuit and the

COMPLAINT FOR INJUNCTIVE RELIEF – Page 6

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fc14vb01pj

WTB Receiver Motion were also stayed, solely as to Ranches. At the hearing on the Receiver Motions, the Debtors disclosed Ranches' chapter 11 filing and Farms' imminent chapter 11 filing. As a result, the Washington State Court stayed the proceedings with respect to Ranches and issued a Temporary Restraining Order against Farms, which generally prohibited it from transferring property outside the ordinary course of business.

15. On February 8, 2021, Tyson filed its *Motion for Appointment of Chapter 11 Trustee* in the Ranches case [Docket No. 79] (the "Trustee Motion"). On February 19, 2021, WTB filed Washington *Trust Bank's Motion to Appoint Ch. 11 Trustee and Joinder in Tyson Fresh Meat, Inc. Motion for Appointment of Chapter 11 Trustee* [Docket No. 177] (the "WTB Trustee Motion," and together with the Tyson Trustee Motion, the "Trustee Motions"), seeking to appoint a chapter 11 trustee over Farms' chapter 11 estate and joining the Tyson Trustee Motion. The Debtors reached settlements of the Trustee Motions that provided for the withdrawal of each of the Trustee Motions conditioned upon the Debtors achieving certain case milestones.[3] The Trustee Motions were each withdrawn without prejudice should the Debtors fail to achieve the milestones, or, in the case of the stipulation with Tyson, based upon acts or omissions of the Debtors found by the Bankruptcy Court to constitute gross negligence or willful misconduct occurring on a postpetition basis.

16. On February 8, 2021 (the "Farms Petition Date," and together with the Ranches Petition Date, the "Petition Dates"), Farms filed a voluntary petition for relief

---

[3] *See Order Authorizing Debtor Easterday Ranches, Inc. to Enter into Settlement Term Sheet with Tyson Fresh Meats, Inc.* [Docket No. 265]; *Stipulation by and between Debtor Easterday Farms and Washington Trust Bank (I) Resolving Motion to Appoint Trustee filed by Washington Trust Bank and (II) Imposing Certain Case Milestones* [Docket No. 266].

COMPLAINT FOR INJUNCTIVE RELIEF – Page 7

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

under chapter 11 of the Bankruptcy Code, staying the WTB Lawsuit and the WTB Receiver Motion against it.

17.     On February 8, 2021 (the "Farms Petition Date," and together with the Ranches Petition Date, the "Petition Dates"), Farms filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, staying the WTB Lawsuit and the WTB Receiver Motion against it.

18.     On February 16, 2021, the Office of the United States Trustee (the "U.S. Trustee") appointed the following creditors to the Ranches Official Committee of Unsecured Creditors, as amended [Docket Nos. 152, 154, and 155] (the "Ranches Committee"): (i) J.R. Simplot; (ii) Alto Nutrients; and (iii) Animal Health International.

19.     On February 22, 2021, the U.S. Trustee appointed the following creditors to the Farms Official Committee of Unsecured Creditors, as amended [Docket Nos. 187 and 193] (the "Farms Committee" and together with the Ranches Committee, the "Committees"): (i) Labor Plus Solutions, Inc.; (ii) The McGregor Company; (iii) John Deer Financial; (iv) Dykman Electrical Inc.; (v) Two Rivers Terminal; and (vi) Frank Bushman.

20.     Additional information about the Debtors' historical business operations, capital structure, and the events leading up to the commencement of these chapter 11 cases, is set forth in the *Declaration of T. Scott Avila in Support of First Day Motions* [Docket No. 93], which is incorporated herein by reference.

**B.     The Debtors' Business Operations and the Properties**

21.     Until recently, the Debtors operated commercial farming and ranching operations which required significant acreage to accommodate the Debtors' expansive operations.  In this regard, the Debtors' operations spanned approximately 22,500 acres over multiple farms, lots/ranches, and other complexes and facilities, which were generally referred to by their common names: (i) Goose Gap Farm, (ii) River Farm, (iii)

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 8

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fc14vb01pj

Nine Canyon Farm, (iv) Cox Farm, and (v) a storage complex and farmhouse on River Farm (the "Storage Complex," and, collectively, the "Sale Properties").

**C.     The Sale of the Properties**

22.     On March 26, 2021, the Debtors filed the *Notice and Motion for (I) an Order (A) Approving Bid Procedures for the Sale of Assets; (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (C) Scheduling the Auction and Sale Hearing; and (D) Granting Related Relief; and (II) an Order (A) Approving the Sale Free and Clear of All Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases* (the "Bid Procedures Motion"). [Docket No. 486].

23.     On May 19, 2021, the Debtors filed the *Supplemental Motion for Approval of (A) Designation of Stalking Horse Bidder and Related Bid Protections in Connection with Auction for Sale of Assets; and (B) Granting Related Relief* [Docket No. 724] (the "Stalking Horse Motion") seeking, among other things, approval of a Stalking Horse Bidder (as defined in the Stalking Horse Motion) and approval of certain bid protections for the Stalking Horse Bidder.  On May 27, 2021, the court entered an order approving the Stalking Horse Motion [Docket No. 744].  The auction regarding the sale of the Sale Properties was held on June 16, 2021 and resulted in a winning bid of $209 million.  On June 21, 2021, the Debtors filed the *Notice of Auction Results* [Docket No. 830].

24.     Shortly before the sale closed, the Debtors determined that in fact, the Sale Properties, including all individual parcels, were owned by the Debtors and not the individual partners.  Following the closing of the sale, the Debtors engaged with all stakeholders, including the Defendants, in an effort to resolve disputes concerning the ownership of the Sale Properties and the allocation of the sale proceeds and other assets in connection with the formulation of a confirmable plan with the consent of the stakeholders.  While substantial progress was made amongst all of the key stakeholders,

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 9

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

the Debtors were unable to reach agreement with the Defendants. In order to progress the plan process, the Debtors determined that there needed to be resolution of the ownership issues.

25. Thus, on November 16, 2021, the Debtors filed a complaint seeking a declaratory judgment that the Debtors owned all of the Sale Properties (the "Allocation Complaint") [Adv. Pro. No. 21-80050, Adv. Dkt. No. 1].

26. Although the Debtors are confident that either Farms or Ranches own all of the Sale Properties, including all individual parcels that make up the Sale Properties, the Debtors believe they can confirm a chapter 11 plan regardless of the outcome of the Allocation Complaint.

**D.    The Plan Process**

27. On December 1, 2021, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Liquidation of Easterday Ranches, Inc. and Easterday Farms* [Docket No. 1383] (the "Plan") and *Disclosure Statement for the Second Amended Joint Chapter 11 Plan of Liquidation of Easterday Ranches, Inc. and Easterday Farms* [Docket No. 1382] (the "Disclosure Statement").

28. On March 11, 2022, the Easterdays each filed objections to the Disclosure Statement [Docket Nos. 1467 and 1470] alleging that (i) the Disclosure Statement and Plan create irresolvable conflicts that require the resignation of the Debtors' Counsel, the Board of Directors, and Management of Easterday Farms and Easterday Ranches; (ii) the Disclosure Statement and Plan improperly attempt to substantively consolidate the Ranches and Farms Estates; (iii) the Plan is not confirmable; (iv) the Disclosure Statement fails to provide adequate information to Creditors; (v) the Debtors have exceeded the scope of their authority to act joint of behalf of the estates; and (vi) the case is not moving toward a fair and equitable resolution.

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 10

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**E.     Washington Trust Bank Settlement**

29.     On February 17, 2022, the Debtors filed a motion [Docket No. 1431] (the "WTB Settlement Motion") to approve that certain Settlement Agreement and Release (the "WTB Settlement Agreement") between the Debtors and Washington Trust Bank ("WTB") to fully and finally resolve the disputes that currently exist between them pursuant to the terms of the WTB Settlement Agreement.  Specifically, the WTB Settlement Agreement reduces WTB's allowed secured claim by 10% and, upon payment, assigns to the Debtors' estates or any successor thereto all of WTB's rights under the applicable loan documents, including any right to pursue deficiency claims against non-Debtors (*i.e.*, the Defendants).

30.     On March 11, 2022, the Defendants filed objections to the WTB Settlement Motion, asserting, among other things, that the terms of the settlement (i) are not reasonable, appropriate, fair or equitable, (ii) are designed to exert maximum pressure on the Defendants, and (iii) are the product of conflicts of interest and a breach of various fiduciary duties.  In other words, because the Defendants are not receiving a release (under a settlement for which they are not providing any consideration), the Defendants oppose the settlement – regardless of the tremendous benefit to the estates (*i.e.*, the nearly $5 million reduction of a secured claim).

**F.     CHS Settlement**

31.     On February 18, 2022, the Debtors filed a motion [Docket No. 1433] (the "CHS Settlement Motion" and together with the WTB Settlement Motion, the "Settlement Motions") to approve that certain Settlement Agreement between the Debtors and CHS (the "CHS Settlement Agreement") in full resolution of the claims asserted by the CHS Parties against the Debtors. The CHS Settlement Agreement is a global settlement among the Debtors and the CHS Parties that resolves numerous inbound and outbound claims, such as (i) claims asserted by the CHS Parties against

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 11

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fc14vb01pj

the Debtors on account of feed and fuel supplies and (ii) claims asserted by the Debtors against the CHS Parties relating to their role in the hedging activities. Under the terms of the CHS Settlement Agreement, the Debtors will receive $7.4 million and a release of any claims by the CHS Parties – avoiding years of protracted and expensive litigation. Moreover, both the Farms Committee and the Ranches Committee support the settlement given their lack of objection.

32. However, the Defendants oppose the CHS Settlement Agreement and claim they have an ownership interest in the accrued patronage (one element of the settlement).

33. A hearing on the Settlement Motions is scheduled for March 16, 2022 at 11:00 a.m. Accordingly, as a result of the Disputed Corporate Actions, the Defendants are intending to undo previously approved, and widely supported settlement agreements that do not directly enrichen the Defendants.

**G. The Initial Letter**

34. On December 29, 2021, approximately one week after the court rejected the Disqualification Motion, the Defendants sent a letter by email to the Independent Directors (the "Letter") stating that it was "clear" that there is an "irresolvable conflict" in serving on the Boards of Directors for both Farms and Ranches. Among other baseless allegations, the Defendants stated that they have "become increasingly concerned" that the Independent Directors "cannot carry out" their responsibilities to Farms while also performing their duties for Ranches, and the Defendants believe they are no longer able to do so. The Defendants also state that:

> We do not see any alternative other than your resignations from the Board of Directors for each Debtor so that each Board can be replaced with new independent directors and negotiations can resume between both Estates towards a mutually beneficial settlement untainted by conflicts of interest.

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 12

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fc14vb01pj

35. Through the Letter, the Defendants demanded the Independent Directors resign for an unsubstantiated conflict of interest.

## H. Global Settlement Negotiations

36. Following the Letter, beginning on February 11, 2022, the Debtors and the Defendants entered into a series of stipulated standstill agreements, requiring the parties to standstill on all adversarial actions through and including March 10, 2022. During this standstill period, the Debtors and Defendants engaged in extensive settlement negotiations, resulting in the exchange of approximately six (6) settlement term sheets – the last several of which incorporated terms that were acceptable to Tyson Fresh Meats, Inc., Segale Properties LLC, and the Ranches Committee. In other words, from the Debtors' perspective, the parties were extremely close to reaching a consensual global settlement. In fact, the Debtors felt that the parties were so close that a mediation on the last remaining points was unnecessary and could be consensually resolved with another exchange of term sheets. To the Debtors' disappointment, the Defendants rejected the Debtors' last settlement offer on March 10, 2022, and re-asserted their March 3, 2022 offer. The standstill period expired on March 11, 2022, and the Defendants took the Disputed Corporate Actions in violation of the automatic stay.

## I. There Is No Conflict

37. The Defendants have not offered any evidence to show or prove an actual conflict. Rather, what has become clear to the Defendants is that the Farms Committee, Ranches Committee, Tyson, and Segale are near a global settlement – with or without the Defendants. The Disputed Corporate Actions represent a last ditch effort by the Defendants to obtain a better result for themselves, at the expense of the rest of estates' constituents.

38. Indeed, the Disputed Corporate Actions are just another attempt by the Defendants to litigate a new front in their objections to the relief sought in the Allocation

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 13

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fc14vb01pj

Complaint, their objections to the currently proposed plan, and their objections to the Settlement Motions. The court should not permit equity to oust independent management simply because equity hopes for a better deal for their own pockets. As discussed above, the Debtors are on the verge of presenting a consensual chapter 11 plan which enjoys the approval of almost all of the Debtors' stakeholders – all but the Defendants. It would be absurd – and catastrophic to the efforts of the Independent Directors and the Debtors' professionals to maximize value for all stakeholders – to permit the Defendants to remove the Independent Directors at this moment in time.

39.    To be sure, in an effort to get to a deal that satisfies them, the Defendants are comfortable leading the estates to the edge of the proverbial cliff, letting them fall-off and destroying the recoveries of stakeholders because they are not getting as much as they want.

40.    Such reckless behavior is striking given all of the protections afforded to the Defendants under the Bankruptcy Code to protect their legitimate interests to the extent they are not addressed in a plan. To the extent the Defendants intend to dispute any settlement that may occur as a result of plan negotiations, their rights are fully protected and they may do so at the appropriate time, *i.e.*, when a settlement is presented to the court for approval.

41.    In light of the critical juncture of these chapter 11 cases, the court must intervene to prevent the Defendants from taking any further actions that may harm the estates and jeopardize the Debtor' ability to maximize the value of their estates and confirm a widely consensual chapter 11 plan. The Defendants' recent efforts to remove the Independent Directors is a clear abuse that, if unchecked, could severely jeopardize the ability to accomplish these goals.

COMPLAINT FOR INJUNCTIVE RELIEF – Page 14

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fc14vb01pj

## **FIRST CLAIM FOR RELIEF**

## **(For Injunctive Relief under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065)**

42.     Plaintiffs incorporate herein and re-allege the allegations above.

43.     Plaintiffs seek a preliminary injunction, under 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 7065, (i) enjoining any actions by the Defendants to amend, alter, or otherwise affect the corporate governance of the Debtors, including, but not limited to, the appointment or removal of any directors or officers of the Debtors, (ii) enjoining any actions by the Defendants to alter, amend, or otherwise modify the governing documents of the Debtors, including the partnership agreement of Farms, and (iii) enjoining, to the extent necessary, the effectiveness of any prior actions of the Defendants to remove the Independent Directors for each of the Debtors through and including the earlier of the effective date of a plan of liquidation or conversion of these cases to chapter 7.

44.     Section 105(a) of the Bankruptcy Code authorizes the court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Relief under section 105(a) is particularly appropriate in chapter 11 cases, such as the above-captioned cases, in which the debtors' estates are impaired by the efforts from equity holders to remove independent directors acting as fiduciaries under the court's watch to maximize the value of estates and propose a plan that provides for the payment of creditors' claims.

45.     Under section 105(a) of the Bankruptcy Code, this court has the power to enjoin the Defendants from any actions by the Defendants to amend, alter, or otherwise affect the corporate governance of the Debtors that would severely threaten the progress of these chapter 11 cases and the chance of a consensual chapter 11 plan.

46.     Unless enjoined, the Defendants' conduct, including the Disputed Corporate Actions, will irreparably harm the Debtors – and their creditors – by

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 15

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fc14vb01pj

distracting the Independent Directors and Current Board at a critical point in the Debtors' cases during which the full attention of the Independent Directors is key to negotiating, formulating, and seeking approval of a chapter 11 plan.

47. The Defendants' course of conduct is clear abuse because replacing the Independent Directors will not only significantly delay the chapter 11 cases but will seriously jeopardize the delicate and substantial on-going negotiations in formulating a plan construct. If the Disputed Corporate Actions are permitted, such actions will have unnecessarily put the Debtors' resolution of these cases and distributions to stakeholders in jeopardy.

48. The potential harm to the Debtors and other creditors from not enjoining the Defendants from any attempts to remove the Independent Directors far outweighs the potential harm to the Defendants.

49. Issuance of injunctive relief will serve the public interest in that it will protect the integrity of the Debtors' plan efforts, and preserves integrity of board fiduciaries acting on behalf of debtors in chapter 11 that need independence, rather than being subject to the whims of closely-held equity family members. This is in the best interests of all creditors.

50. The Debtors lack an adequate remedy at law. Without the court's intervention and injunctive relief, the Defendants may continue to unnecessarily disrupt these chapter 11 cases, put the anticipated consensual chapter 11 plan at risk, and may also lead to the appointment of independent chapter 11 trustees or the conversion of these cases to chapter 7.

51. Thus, injunctive relief (i) enjoining any actions by the Defendants to amend, alter, or otherwise affect the corporate governance of the Debtors, including, but not limited to, the appointment or removal of any directors or officers of the Debtors, (ii) enjoining any actions by the Defendants to alter, amend, or otherwise modify the

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 16

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

governing documents of the Debtors, including the partnership agreement of Farms, and (iii) enjoining, to the extent necessary, the effectiveness of any prior actions of the Defendants to remove the Independent Directors for each of the Debtors is both necessary and appropriate under 11 U.S.C. § 105(a).

## SECOND CLAIM FOR RELIEF

### (For Violation of Automatic Stay Relief under 11 U.S.C. § 362(a) and 28 U.S.C. §§ 2201 and 2202)

52.     Plaintiffs incorporate herein and re-allege the allegations above.

53.     Pursuant to 11 U.S.C. § 362(a)(3), each Debtors' bankruptcy petition operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

54.     The Defendants' efforts in taking the Disputed Corporate Actions is an act to exercise control over property of the estate of each Debtor.  The Defendants' actions in replacing the Current Boards are an attempt to assert control over the estates' assets.

55.     Defendants' willfully violated the automatic stay under 11 U.S.C. § 362(a)(3) by taking the Disputed Corporate Actions to replace the Current Boards in their attempt to exercise control over the Debtors' assets.  The Defendants actions will result in harm to the Debtors' not only because of the unnecessary ligation costs they will generate, but also the Defendants' actions will jeopardize the Independent Directors' and other key constituencies' efforts in these Chapter 11 Cases as the Debtors work to negotiate, formulate, and seek approval of a chapter 11 plan.

56.     Violations of the automatic stay are void and have no effect.  *See, e.g., In re In re Schwartz*, 954 F.2d 569 (9th Cir. 1992).

57.     Plaintiffs dispute any of the Defendants' assertions that their efforts in taking the Disputed Corporate Actions (i) did not violate the automatic stay or (ii) have any legal effect.

COMPLAINT FOR INJUNCTIVE RELIEF – Page 17

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fc14vb01pj

58.     Accordingly, an actual, substantial, and justiciable controversy exists between Plaintiff and Defendant concerning whether Defendants' actions (i) violated the automatic stay and (ii) have any legal effect.

59.     Accordingly, the Plaintiffs seek a determination and judgment under 28 U.S.C. §§ 2201 and 2202 that the Disputed Corporate Actions (i) violated the automatic stay under 11 U.S.C. § 362(a)(3), (ii) are void *ab initio*, and (iii) and are of no legal effect.

**WHEREFORE**, the Debtors respectfully pray for judgment as follows:

A.     For a determination and judgment on the First Claim for Relief that the Debtors are entitled, under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065, to injunctive relief to prevent the Defendants from taking any and all attempts to remove the Independent Directors from the Current Boards; and

B.     For a determination and judgment under 28 U.S.C. §§ 2201 and 2202 on the Second Claim for Relief that the Defendants have willfully violated the automatic stay under 11 U.S.C. § 362(a) by taking the Disputed Corporate Actions and such actions are void *ab initio* and have no effect; and

C.     For costs of suit incurred herein; and

D.     Such other and further relief as the court deems just and proper.

DATED:  March 14, 2022          BUSH KORNFELD LLP

/s/ Thomas A. Buford
THOMAS A. BUFORD, WSBA #52969
RICHARD B. KEETON, WSBA #51537
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (Admitted *Pro Hac Vice*)
JEFFREY W. DULBERG (Admitted *Pro Hac Vice*)
JASON H. ROSELL (*Admitted Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Plaintiffs and Debtors and Debtors in Possession*

DOCS_DE:237568.7

COMPLAINT FOR INJUNCTIVE
RELIEF – Page 18

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104