DEBORAH A. CRABBE
WSBA #22263
FOSTER GARVEY PC
1111 3rd Ave., #3000
Seattle, WA 98101
Telephone: 206-447-5325
deborah.crabbe@foster.com
Attorneys for Bank of the West

HONORABLE WHITMAN L. HOLT
Chapter 11

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In Re:

EASTERDAY RANCHES, INC.
et. al.,

        Debtors.[1]

Chapter 11

Lead Case No. 21-00141-WLH11
Jointly Administered

**MOTION FOR PAYMENT OF ADEQUATE PROTECTION AND IN THE ALTERNATIVE RELIEF FROM STAY**

COMES NOW, Bank of the West, ("BOTW"), by and through its attorneys Foster Garvey PC and Deborah A. Crabbe, who moves for the entry of an order authorizing, as adequate protection pursuant to 11 U.S.C. §§ 361 and 363(e), the payment to BOTW of all sums due and owing from Easterday Farms, a Washington general partnership ("Easterday Farms") to BOTW under a certain contract for the lease of a Mack Truck that was sold without notice to BOTW in

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc., (21-00141) and Easterday Farms, a Washington general partnership (21-00`76-WLH11).

MOTION - 1

FOSTER GARVEY P.C.
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

FG:100126564.1
21-00141-WLH11    Doc 1504-1    Filed 03/24/22    Entered 03/24/22 13:50:10    Pg 1 of 11

the current sum of $61,001.52, and in the alternative, relief from stay pursuant to 11 U.S.C. §362(d)(1), Local Rule 4001 and Fed. R. Bankr. P. 4001, 9013, and 9014, so that BOTW may take collection action against Easterday Farms for all sums due and owing to BOTW from the bankruptcy sale of a 2015 Mack Truck[2], without notice to BOTW. BOTW also moves the Court for an order directing that enforcement of the order not be stayed for fourteen (14) days as provided for in F.R.B.P 4001(a)(3).

## I. JURISDICTION AND VENUE

This Court has jurisdiction over this matter, pursuant to 28 U.S.C. 157 and 1334. This is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2).

Venue is proper before this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL BACKGROUND

1. On or about December 27, 2019 Easterday Farms entered into a financing contract number 501-76102390-006 (the "Contract") with Mack Financial Services, a division of VFS US LLC ("VFS") for the purchase of a 2015 Mack CHU613, VIN # 1M1AX07YXFM025968 (the "Truck") at which time, the Contract was simultaneously assigned to VFS US LLC ("VFS"). *See* Declaration of Tyerone Tye (hereinafter "Tye Declaration"), ¶ 9, **Ex. A, B**.

---

[2] BOTW considered seeking an order from the Court confirming that the stay was not in effect pursuant to 11 U.S.C. § 362(c)(4)(A)(ii) and LR 4001-1(b) so that it could take possession of the truck at issue in this matter, but the language of the Court's sale order at Dkt No. 1144 at 3:15-21 appears to preclude any rights BOTW may assert with respect to the recovery of the truck.

MOTION - 2

FOSTER GARVEY P.C.
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

FG:100126564.1
21-00141-WLH11    Doc 1504-1    Filed 03/24/22    Entered 03/24/22 13:50:10    Pg 2 of 11

2. As security for repayment of the purchase price for the Truck, VFS retained a security interest in the Truck and had its name placed on the title to the Truck as evidence of the security interest. *Tye Dec.,* ¶ *11,* **Ex. C.**

3. Under the terms of the Contract, Easterday Farms was to make quarterly payments in the sum of $5,083.46 on or before the 27th day of March, June, September and December for a total annual payment of $20,333.84. *Tye Dec.,* ¶ *12*, **Ex. A** at 5.

4. On or about February 8, 2021, Easterday Farms filed bankruptcy. *See* Case No. 21-00176-WLH11.

5. At the time the Easterday Farms bankruptcy case was filed, the Court ordered procedural consolidation and joint administration of the Chapter 11 cases of Easterday Ranches, Inc. (Case No. 21-00141-WLH11) with the Easterday Farms bankruptcy (Case No. 21-00176-WLH11) with Case No. 21-00141-WLH11 designated the case for filing all matters affecting the cases. *See* Case No. 21-00176-WLH11 at Dkt No. 5.

6. On or about February 12, 2021, VFS assigned the Lease, including the security interest in the Truck, to BOTW and provided notice of the assignment to Easterday Farms. *Tye Dec.,* ¶ *13*, **Ex. D.**

7. No attempt was made by Easterday Farms to amend its mailing matrix to add BOTW to the notice list. *See* Case No. 21-00176-WLH11 (Mailing Matrix) and Case No. 21-00141-WLH11 (Mailing Matrix) despite the fact that VFS

MOTION - 3

FOSTER GARVEY P.C.
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

FG:100126564.1
21-00141-WLH11    Doc 1504-1    Filed 03/24/22    Entered 03/24/22 13:50:10    Pg 3 of 11

provided notice to Easterday Farms of the assignment to BOTW of the Lease and security interest in the Truck. *Tye Dec., ¶ 13,* **Ex. D**.

8. As a result, BOTW did not receive notice of matters undertaken in the bankruptcy affecting the Truck. *Tye Dec., ¶ 18*.

9. Specifically, in September 2021, the Truck was sold to Blue Tag Farms, LLC as part of the sale of equipment approved by the Court in its Order (A) Approving Sale of Equipment to Blue Tag Farms, LLC, and (B) Granting Related Relief (collectively the "Sale Order"). *See* Dkt No. 1144. BOTW did not receive notice of the motion to sell the Truck, copies of a subsequent notices regarding the sale of the equipment, including the Truck, or a copy of the notice of the entry of the Sale Order. *See* Dkt Nos. 1053, 1056, 1082, 1101, 1117.

10. The Sale Order provides that any "liens, claims, interests, and encumbrances shall attach to the sale proceeds ultimately attributable to the Equipment in which any creditor alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the sale…." *See* Dkt No. 1144 at 3:17-20.

11. On or about October 27, 2021, equipment buyer Blue Tag Farms, LLC sent a letter to VFS requesting that VFS turn over the title and release the liens to certain vehicles sold pursuant to the Sale Order, including the Truck. *Tye Dec., ¶¶ 15-16,* **Ex. E.**

12. VFS sent the letter to BOTW in order for BOTW to resolve the issue with respect to the Truck. *Tye Dec., ¶ 16*.

MOTION - 4

FOSTER GARVEY P.C.
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

FG:100126564.1

21-00141-WLH11    Doc 1504-1    Filed 03/24/22    Entered 03/24/22 13:50:10    Pg 4 of 11

13. On or about November 3, 2021 and November 10, 2021, BOTW advised counsel to Easterday Farms that BOTW did not receive notice of the sale of the Truck and reserved all of its rights with respect to the Truck. *Tye Dec., ¶ 19; Crabbe Dec.,* **Ex. A**.

14. On or about November 11, 2021, as a follow up to the discussion with Easterday Farms counsel, BOTW sent a letter to counsel for Easterday Farms memorializing the issues with respect to the sale of the Truck and the conversation regarding the Truck. *Crabbe Dec.* **Ex. B**.

15. On November 11, 2021, BOTW was advised that it was the intent of Easterday Farms to pay BOTW in full for the Truck. *Tye Dec., ¶ 19; Crabbe Dec.,* **Ex. C**.

16. Despite efforts to resolve the issue, BOTW has heard nothing further from Easterday Farms' counsel with respect to the payment for the Truck. *Tye Dec., ¶ 20.*

17. At the present time, the balance due and owing to BOTW for Easterday Farms' purchase of the Truck equals $61,001.52, which includes a credit in the sum of $5,083.36 against the original purchase price of $66,084.88 for one payment made by Easterday Farms. BOTW has not received a single payment from Easterday Farms since the bankruptcy filing. *Tye Dec., ¶ 21.*

18. BOTW believes the current liquidation value of the Truck equals is approximately $58,833.45 based upon internal records from recent equipment sales in the last 180 days. *Tye Dec., ¶ 22.*

FOSTER GARVEY P.C.
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

## III. RELIEF REQUESTED AND EVIDENTIARY SUPPORT

By way of this Motion, BOTW seeks an order authorizing, as adequate protection, the payment to BOTW of all sums due and owing to BOTW under the terms of the Contract as a result of the sale of the Truck. In the alternative, BOTW requests an order for relief from stay for cause, including lack of adequate protection pursuant to 11 U.S.C. §362(d)(1), so that BOTW may collect sums owed by Easterday Farms to BOTW for the lease of the Truck in accordance with the terms of the Contract in the present sum of $61,001.52. BOTW relies upon the Tye Declaration and exhibits thereto in support and the Declaration of Deborah A. Crabbe and exhibits thereto in support.

## IV. LEGAL ARGUMENT

### 1. Payment of Adequate Protection.

BOTW requests that the Court enter an order directing Easterday Farms to immediately pay to BOTW from the sales proceeds of the equipment, which included the Truck., all sums due and owing to BOTW in the current sum of $61,001.52 in accordance the terms of the Contract, pursuant to 11 U.S.C. §§ 361 and 363. BOTW reserves the right to increase this sum for late fees and legal fees and costs if this matter is not resolved by way of this motion.

Under 11 U.S.C. § 361, the Court may order adequate protection in conjunction with the sale of property under 11 U.S.C. § 363(e). "While … adequate protection is not defined in the Bankruptcy Code, 11 U.S.C. § 361 sets forth three non-exclusive examples of what may constitute adequate protection: 1)

MOTION - 6

FOSTER GARVEY P.C.
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:100126564.1

21-00141-WLH11    Doc 1504-1    Filed 03/24/22    Entered 03/24/22 13:50:10    Pg 6 of 11

periodic cash payments equivalent to decrease in value, 2) an additional or replacement lien on other property, or 3) other relief that provides the indubitable equivalent." *In re Mellor,* 734 F.2d 1396, 1400 (9th Cir.1984) *citing In re Curtis*, 9 B.R. 110, 111-112 (B.Ct.E.D.Penn.1981).

As previously represented herein, Easterday Farms failed to make a single post-petition payment to BOTW for the use of the Truck prior to the September 2021 sale, despite the fact that Easterday Farms received notice in February 2021 that BOTW was the successor-in-interest to the original lender, VSF. *Tye Dec.,* ¶ *13, 21,* **Ex. D**. Accordingly, there were no periodic cash payments made to BOTW prior to the sale of the Truck and certainly, no cash payment made to BOTW since the wrongful sale of the Truck without notice to BOTW. *Tye Dec., ¶ 21.*

And while BOTW received a replacement lien in the sales proceeds, BOTW has no idea what Easterday Farms will allege is the purported lien value given the complete lack of information on how the sales price will be apportioned for the sold equipment, including the Truck. *See* Dkt. The only reference in the docket to how each item of equipment was valued is a recital in the purchase agreement that an appraisal was performed and delivered on July 12, 2021, and that the buyer received a redacted copy of an appraisal for the equipment detailing the orderly liquidation value of the equipment in conjunction with the due diligence process. *See* Dkt No. 1048 at 38, Recital E. This gives BOTW no assurance that it will be made whole from the sale irrespective of the lien granted to BOTW via the Sale

MOTION - 7

FOSTER GARVEY P.C.
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

FG:100126564.1

21-00141-WLH11    Doc 1504-1    Filed 03/24/22    Entered 03/24/22 13:50:10    Pg 7 of 11

Order so it is BOTW's position that the replacement lien does not constitute any assurances of adequate protection.

Finally, BOTW has not been provided with any other relief that would constitute the indubitable equivalent to BOTW of the amount Easterday Farms owes to BOTW pursuant to the terms of the Lease.

Thus, it is BOTW's position that it is not adequately protected. BOTW's collateral has been sold without notice to BOTW, and Easterday Farms has failed to pay off the amount owed to BOTW pursuant to the terms of the Contract. BOTW is entitled to be paid in full from the proceeds for the sale of the equipment, which included the Truck. Accordingly, BOTW requests the Court order such payment including principal and accruing interest, legal fees and costs, as adequate protection.

**2. Relief from Stay.**

Under 11 U.S.C. § 362(d)(1), the court shall grant a motion for relief from the stay by terminating, annulling, modifying, or conditioning the stay "for cause, including the lack of adequate protection" of the moving party's interest in property of the debtor. The use of the word "including" in the section, however, is not a limiting term. 11 U.S.C. § 102(3). Thus, "[l]ack of adequate protection is but one example of 'cause' for relief from stay." *In re Ellis*, 60 B.R. 432, 435 (9th Cir. BAP 1985). In fact, "cause" for lifting the automatic stay has no clear definition and is determined on a case-by-case basis. *Benedor Corp. v. Conejo*

MOTION - 8

FOSTER GARVEY P.C.
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:100126564.1

21-00141-WLH11    Doc 1504-1    Filed 03/24/22    Entered 03/24/22 13:50:10    Pg 8 of 11

Enters. (*In re Conejo Enters, Inc.*), 96 F.3d 346, 352 (9th Cir. 1996); *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); *Delaney–Morin v. Day (In re Delaney–Morin)*, 304 B.R. 365, 369 (9th Cir. BAP 2003) *(citing MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir. 1985)).

Here, BOTW requests that if the Court is not inclined to order the adequate protection payment requested above, that the Court enter an order granting relief from stay so that BOTW may proceed with its state court remedies to collect sums due and owing to BOTW from Easterday Farms in accordance with the Contract for the Lease of the Truck and the post-petition sale of the Truck without notice to BOTW in the current sum of $61,001.52. BOTW reserves the right to increase this sum for late fees and legal fees and costs if this matter is not resolved by way of this motion.

There are a number of causal bases for granting the relief requested by BOTW. First, Easterday Farms obtained an Order from the Court authorizing the sale of certain equipment, including the Truck, without notice to BOTW despite the representation to the Court that notice would be provided to "known secured creditors". *See* Dkt No. 1048 at 22:1-8. Easterday Farms was provided with notice of the transfer of the Lease from VFS to BOTW and therefore, BOTW was a known creditor. *See Tye Dec., ¶ 13,* **Ex. D**.

Second, this sale occurred in September 2021 and it is now the beginning of March 2022. More than five months have passed since the entry of the Sale Order and, despite promises from Easterday Farms counsel in early November 2021 that

MOTION - 9

FOSTER GARVEY P.C.
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

FG:100126564.1
21-00141-WLH11    Doc 1504-1    Filed 03/24/22    Entered 03/24/22 13:50:10    Pg 9 of 11

BOTW would be paid in full for the Truck, BOTW has received no payment and no further communication from Easterday Farms. *Crabbe Dec.,* **Ex. B**.

Third, in accordance with the Sale Order at Dkt No. 1144, the Court conditioned the sale of the equipment, including the Truck, free and clear of liens provided that such liens attach to the proceeds in the same order and priority as existed in the equipment prior to the sale. *See* Dkt No. 1144 at 3:15-21. Accordingly, BOTW, as the holder of a first lien in the Truck, holds a property interest in the proceeds and should not have to continue to wait ad infinitum for the payment it is entitled to receive from the sale of the Truck.

Fourth, and perhaps most important, it is not clear that BOTW is adequately protected as previously set forth above.

Accordingly, if the Court is not inclined to grant adequate protection to BOTW, BOTW requests relief from stay so that it may proceed with its State Court remedies against Easterday Farms for all sums due and owing under the Contract, including principal and accruing interest, legal fees and costs.

## V. CONCLUSION

Based on the foregoing arguments, BOTW respectfully request that this Court enter an order directing Easterday Farms to immediately pay to BOTW all sums due and owing to BOTW under the terms of the Lease in the current sum of $61,001.52. In the alternative, BOTW respectfully requests that the Court enter an order terminating the automatic stay for cause to permit BOTW to exercise all of its rights and remedies under applicable law with respect to the proceeds from the

MOTION - 10

FOSTER GARVEY P.C.
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

FG:100126564.1

21-00141-WLH11    Doc 1504-1    Filed 03/24/22    Entered 03/24/22 13:50:10    Pg 10 of 11

sale of the Truck to collect the sum of $61,001.52. BOTW reserves the right to increase this sum for late fees and legal fees and costs if this matter is not resolved by way of this motion. BOTW also requests that the Court direct that the enforcement of the order not be stayed for fourteen (14) days as provided for in F.R.B.P 4001(a)(3).

DATED this 24th day of March, 2022.

**FOSTER GARVEY P.C.**

By */s/ Deborah A. Crabbe*
    Deborah A. Crabbe, WSBA #22263
    ***Attorneys for Bank of the West***

MOTION - 11

FOSTER GARVEY P.C.
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:100126564.1

21-00141-WLH11    Doc 1504-1    Filed 03/24/22    Entered 03/24/22 13:50:10    Pg 11 of 11