ARMAND J. KORNFELD (WSBA #17214)     HONORABLE WHITMAN L. HOLT
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and jrosell@pszjlaw.com
*Admitted *Pro Hac Vice*

*Attorneys for the Chapter 11 Debtors and
Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-WLH11<br>Jointly Administered |
| Debtors.[1] | **NOTICE OF FILING OF STIPULATED FORM OF ORDER APPROVING THE SETTLEMENT AGREEMENT WITH WASHINGTON TRUST BANK** |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

NOTICE OF STIPULATED
PROPOSED ORDER APPROVING
WTB SETTLEMENT MOTION –
Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**PLEASE TAKE NOTICE** that, on February 17, 2022, the above-captioned debtors and debtors in possession (together, the "Debtors") filed that certain *Debtors' Motion Under Bankruptcy Rule 9019 for Order Approving Settlement Agreement and Release with Washington Trust Bank* [Docket No. 1431] (the "WTB Settlement Motion").[2] As more fully set forth therein, the WTB Settlement Motion seeks approval of that certain Settlement Agreement between the Debtors and Washington Trust Bank ("WTB"). On March 11, 2022, Karen Easterday (in both her individual capacity and as representative of the Estate of Gale A. Easterday) and Cody and Debby Easterday (collectively, the "Easterday Family") filed objections [Docket Nos. 1465 and 1468] (the "Easterday Objections") to the WTB Settlement Motion.

**PLEASE TAKE FURTHER NOTICE** that, on April 14, 2022, the Debtors filed that certain *Motion to Approve Global Settlement Term Sheet* [Docket No. 1543] (the "Global Settlement Motion"). The Global Settlement Motion seeks approval of that certain *Global Settlement Term Sheet*, dated as of April 14, 2022 (the "Term Sheet"), among the Debtors, the Easterday Family, and certain other parties in interest. The Term Sheet provides for, among other things, the resolution of the Easterday Objections to the WTB Settlement Motion, subject to (a) a release of WTB's claims against the Easterday Family, as more fully set forth in the Term Sheet, and (b) the Easterday Family's approval of the form of order approving the WTB Settlement Motion.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Term Sheet, attached hereto as **Exhibit A** is a revised proposed form of order approving the WTB Settlement Motion (the "Revised Proposed Order"), which has been approved by the Debtors, WTB, and the Easterday Family. Subject to court approval of the Term Sheet

---

[2]  A capitalized term used but not defined herein shall have the meaning ascribed to it in the WTB Settlement Motion.

NOTICE OF STIPULATED
PROPOSED ORDER APPROVING
WTB SETTLEMENT MOTION –
Page 2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Motion, the Revised Proposed Order provides for, *inter alia*, (1) a mutual release of claims among the Debtors, WTB, and the Easterday Family, (2) the release of funds from the Escrow Account (as defined in the Sale Order)[3] in an amount to sufficient to pay WTB in accordance with the Settlement Agreement (as modified), and (3) the payment in full of WTB's allowed discounted claim within fourteen (14) days of the entry of the Revised Proposed Order.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit B** is a comparison of the Revised Proposed Order against the version of the proposed order filed with the WTB Settlement Motion.

Dated: April 19, 2022        BUSH KORNFELD LLP

*/s/ Thomas A. Buford, III*

THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
JASON H. ROSELL (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors and Debtors in Possession*

---

[3] Docket No. 927.

NOTICE OF STIPULATED
PROPOSED ORDER APPROVING
WTB SETTLEMENT MOTION –
Page 3

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# EXHIBIT A

## Revised Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

In re

EASTERDAY RANCHES, INC., *et al.*

                                        Debtors.[1]

Chapter 11

Lead Case No. 21-00141-WLH11
Jointly Administered

**STIPULATED ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE WITH WASHINGTON TRUST BANK**

        Upon the *Debtors' Motion Under Bankruptcy Rule 9019 for Order Approving Settlement Agreement and Release With Washington Trust Bank* [Docket No. 1431] (the "Motion");[2] and the court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the court having found this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the court may enter a final order consistent with Article III of the United States Constitution; and the court having found that venue of this

---

[1]   The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

[2]   A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

STIPULATED ORDER APPROVING
SETTLEMENT AGREEMENT AND
RELEASE WITH WASHINGTON
TRUST BANK – Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the court having considered the statements of counsel, the declaration of Peter Richter submitted in support of the Motion, any objections raised, and the evidence presented at the hearing before this court (the "Hearing"); and it appearing that the relief requested in the Motion is reasonable and in the best interests of the Debtors' bankruptcy estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion [ECF No. 1431] is granted as set forth herein.

2.      All formal objections have been withdrawn and any informal objections, to the relief requested in the Motion that have not been withdrawn, waived, or settled by the provisions hereof are overruled on the merits. The Easterday Family, as defined herein, has waived its right, if any, to appeal this order.

3.      The Settlement Agreement with Washington Trust Bank ("WTB") attached hereto as **Exhibit 1** is approved, as modified herein.

4.      The Debtors are authorized to execute and consummate the terms of the Settlement Agreement and to do such other things as may be necessary or appropriate to implement and effectuate the terms and requirements of the Settlement Agreement.

5.      Notwithstanding anything to the contrary contained herein or the Settlement Agreement, paragraph 7 of the Settlement Agreement is hereby deleted in its entirety.

6.      Notwithstanding anything to the contrary contained herein or the Settlement Agreement, paragraph 10 of the Settlement Agreement is hereby replaced in its entirety with the following:

10. Mutual Releases. Upon the Parties' compliance with this Agreement, including WTB's receipt of the final payment required in Paragraph 6

STIPULATED ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE WITH WASHINGTON TRUST BANK – Page 2

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

above, as good and valid consideration for the Parties' respective performance of the obligations set forth in this Agreement:

A. <u>Release of Claims by Debtors' Estates and Easterday Family</u>: The Debtors, on behalf of their estates, and Cody and Debby Easterday, Karen Easterday, individually and as personal representative of the probate estate of Gale A. Easterday (together with Cody and Debby Easterday, the "<u>Easterday Family</u>"), hereby release, waive, and discharge any and all claims, interests, obligations rights, suits, damages, causes of action, remedies, and liabilities whatsoever, asserted or assertable by or on behalf of the Debtors' estates as well as those asserted or assertable by the Easterday Family, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, against WTB and its officers, directors, managers, members, employees, investors, principals, representatives, participants, and affiliates, arising from or relating to, or in connection with the Debtors or the Easterday Family (whether prepetition or postpetition), their chapter 11 cases, and any claims asserted by WTB against the Debtors or the Easterday Family.

B. <u>Release by WTB of Claims Against the Debtors and Easterday Family</u>: WTB, on behalf of itself and as successor to CHS Capital, LLC ("<u>CHS</u>") under the CHS Loan Documents, hereby releases, waives, and discharges any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, asserted or assertable by or on behalf of WTB or CHS under the CHS Loan Documents, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, against the (i) Debtors, their estates, and their present and former officers, directors, managers, members, employees, investors, principals, representatives, and affiliates, and (ii) the Easterday Family and their present and former officers, directors, managers, members, employees, investors, principals, advisors, agents, representatives, and affiliates (together the "<u>Easterday Family Released Parties</u>"), of any and all claims arising from, or in any way related to, or in connection with the Debtors (whether prepetition or postpetition), or their chapter 11 cases, including but

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

not limited to any claims by WTB or CHS under the WTB Loan Documents, CHS Loan Documents, and any and all guarantees associated therewith as against the Debtors or the Easterday Family Released Parties. For the avoidance of doubt, except as otherwise provided herein, WTB, on behalf of itself and as successor to CHS under the CHS Loan Documents, shall have no further claims against the Debtors or the Easterday Family Released Parties.

7.     Notwithstanding anything to the contrary in the Settlement Agreement, the Sale Order,[3] or any other order of the court in these chapter 11 cases, the Debtors are hereby authorized and directed to (a) direct the release of the Net Sale Proceeds from the Escrow Account in an amount sufficient to pay WTB in accordance with the terms of the Settlement Agreement, and (b) use such funds to pay WTB in full within fourteen (14) days of the entry of this order in accordance with the terms of the Settlement Agreement. For the avoidance of doubt, (a) the Debtors are authorized to pay the entire WTB Allowed Claim upon entry of this order and (b) nothing herein affects or otherwise modifies the Debtors' obligation to make the Initial Payment in accordance with Paragraph 4 of the Settlement Agreement.

8.     As of the Agreement Effective Date, (a) WTB shall have an allowed claim as provided for in the Settlement Agreement, (b) the Debtors and the Easterday Family shall not challenge WTB's allowed claim, and (c) any plan filed by the Debtors shall provide for the same treatment of WTB's allowed claim as provided for in the Settlement Agreement.

9.     WTB's agreement to allow the use of cash collateral as set forth in the Settlement Agreement shall not constitute a waiver of any adequate protection provided to WTB in the Cash Collateral Order.

---

[3]   Docket. No. 927.

STIPULATED ORDER APPROVING
SETTLEMENT AGREEMENT AND
RELEASE WITH WASHINGTON
TRUST BANK – Page 4

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

10.     **Notwithstanding any terms of the Settlement Agreement, the court makes no determination pursuant to this order regarding the proper allocation between the estates of the $8 million in cash collateral contemplated under section 5 of the Settlement Agreement and, accordingly, the rights of all parties, including, without limitation, the Committees, to argue and seek a determination from the court regarding such issue is hereby reserved.**

11.     Notwithstanding Bankruptcy Rule 6004(h), this order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this order as provided in such Rule.

12.     The court shall retain jurisdiction over any matter or dispute arising from or relating to this order.

/// END OF ORDER ///

STIPULATED ORDER APPROVING
SETTLEMENT AGREEMENT AND
RELEASE WITH WASHINGTON
TRUST BANK – Page 5

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**IT IS SO STIPULATED AND PRESENTED BY**:

**BUSH KORNFELD LLP**

*/s/ Thomas A. Burford, III*
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (Admitted *Pro Hac Vice*)
JEFFREY W. DULBERG (Admitted *Pro Hac Vice*)
MAXIM B. LITVAK (Admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors and Debtors in Possession*

**LUKINS & ANNIS, P.S.**

*/s/ Burke Jackowich*
BURKE JACKOWICH
LUKINS & ANNIS, P.S

*Attorneys for Washington Trust Bank*

**SUSSMAN SHANK**

*/s/ Jeffrey C. Misley*
JEFFREY C. MISLEY (WSBA 33397)
SUSSMAN SHANK

*Attorneys for Cody and Debby Easterday*

**TONKON TORP LLP**

*/s/ Timothy J. Conway*
TIMOTHY J. CONWAY (WSBA 52204)
TONKON TORP LLP

*Attorneys for Karen L. Easterday*
*individually and as personal*
*representative of the estate of Gale A.*
*Easterday*

STIPULATED ORDER APPROVING
SETTLEMENT AGREEMENT AND
RELEASE WITH WASHINGTON
TRUST BANK – Page 6

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# EXHIBIT 1

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is entered into as of February 17, 2022, by and among: (A) Easterday Ranches, Inc. ("Ranches") and Easterday Farms ("Farms"), as debtors and debtors in possession (together, the "Debtors"), and (B) Washington Trust Bank ("WTB"). The Debtors and WTB are the "Parties" hereto and each is a "Party" hereto.

### RECITALS

WHEREAS, on February 1, 2021, Ranches commenced a voluntary bankruptcy case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court"), which chapter 11 case is jointly administered with the Farms' chapter 11 case addressed below under Case No. 21-00141-11;

WHEREAS, on February 8, 2021, Farms commenced a voluntary bankruptcy case under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, which is jointly administered with the Ranches' chapter 11 case;

WHEREAS, the Debtors, as borrowers, and WTB, as lender, are parties to that certain Loan Agreement dated as of September 3, 2020, and related Promissory Note and Agricultural Security Agreement (collectively with any other ancillary documents, the "WTB Loan Documents");

WHEREAS, Cody and Debby Easterday and Gale and Karen Easterday (collectively, the "Easterday Family") are guarantors under the WTB Loan Documents.

WHEREAS, pursuant to the WTB Loan Documents, WTB made available to the Debtors a line of credit in the amount of up to $45,000,000, in consideration of which WTB was granted a first priority lien in certain of the Debtors' personal property, all as more fully set forth in the WTB Loan Documents;

WHEREAS, the Debtors and the Easterday Family, as borrowers, and CHS Capital, LLC ("CHS"), as lender, are parties to that certain Agricultural Loan Agreement, and related Promissory Note and Agricultural Security Agreement, each dated as of April 13, 2020 (collectively with any other ancillary documents, the "CHS Loan Documents");

WHEREAS, pursuant to the CHS Loan Documents, CHS made available to the Debtors loan advances in the amount of $6,000,000, in consideration of which CHS was granted a first priority lien in certain of the Debtors' personal property, all as more fully set forth in the CHS Loan Documents and subject to that certain Subordination Agreement dated August 20, 2020 with WTB;

WHEREAS, on or about May 21, 2021, CHS assigned all of its interests in the CHS Loan Documents to WTB;

WHEREAS, on or about March 25, 2021, the Bankruptcy Court entered the *Final Order Authorizing Debtors Easterday Ranches, Inc. to Use Cash Collateral and Granting Adequate Protection* (the "Cash Collateral Order"). Pursuant to the Cash Collateral Order, WTB and CHS

were granted certain adequate protection for the use of their cash collateral, all as more fully set forth therein;

WHEREAS, WTB filed proofs of claim with the Clerk of the Bankruptcy Court against Ranches (Claim Nos. 60 and 101) and Farms (Claim Nos. 126 and 140) (collectively, the "WTB Proofs of Claim") evidencing all amounts due and owing under the WTB Loan Documents and the CHS Loan Documents;

WHEREAS, pursuant to the terms of this Agreement, the Parties have decided to fully and finally resolve the disputes that currently exist between them;

AGREEMENT

NOW, THEREFORE, in consideration of the promises and agreements contained herein, and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.      Incorporation of Recitals.  The Recitals set forth above are incorporated by reference.

2.      Agreement Effective Date.  This Agreement shall become effective and binding on each of the Parties (the "Agreement Effective Date") once all of the Parties execute this Agreement and the Bankruptcy Court enters an order in form and substance acceptable to the Parties approving this Agreement that is in effect and has not been stayed (the "Approval Order").  Following execution of this Agreement by the Parties, the Debtors shall promptly file a motion for the Approval Order pursuant to Federal Rule of Bankruptcy Procedure 9019 in form and substance acceptable to the Parties, and all Parties shall support such motion as needed.  The Parties shall use their best efforts to schedule a hearing on the Approval Order by March 16, 2022, subject in all respects to the Court's calendar.  WTB represents, warrants, and acknowledges to the Debtors, as of the Agreement Effective Date and except as set forth herein, that: (A) all of its rights and claims against the Debtors are (i) resolved by this Agreement and (ii) beneficially owned and controlled by WTB, including all rights under the CHS Loan Documents, and (B) no portion of its rights and claims under either the WTB Loan Documents or the CHS Loan Documents has been transferred, assigned, or otherwise conveyed to any other person or entity.

3.      Allowed Claim:  Upon the occurrence of the Agreement Effective Date, WTB, on behalf of itself and as successor to CHS under the CHS Loan Documents, shall be deemed to have a single allowed secured claim against the Debtors in the amount of $49,886,366.94 (the "WTB Allowed Claim"), which claim shall include, without limitation, all obligations under the WTB Loan Documents and the CHS Loan Documents.  The WTB Allowed Claim shall be treated as a secured claim, secured by any assets that are subject to WTB's and CHS's existing prepetition liens or the proceeds thereof, and the adequate protection liens and superpriority administrative claims provided for in the Cash Collateral Order.  Notwithstanding anything to the contrary contained herein, and for the avoidance of doubt, the Approval Order shall provide that upon the Agreement Effective Date (i) the WTB Allowed Claim shall be deemed allowed as provided in this Agreement, (ii) the Debtors will not further challenge the WTB Allowed Claim, and (iii) any

plan filed by Ranches and/or Farms shall provide for the payment of the WTB Allowed Claim as provided in this Agreement.

4. <u>Distributions to WTB</u>: Within three (3) business days of the Agreement Effective Date, the Debtors will distribute the sum of $20,000,000 in cash (the "<u>Initial Payment</u>") from the proceeds of WTB's collateral to WTB on account of the WTB Allowed Claim in partial satisfaction thereof. If the Initial Payment is not made in accordance with this Paragraph 4, this Agreement shall become null and void and of no further force or effect.

5. <u>Use of WTB Collateral</u>: Upon WTB's receipt of the Initial Payment, WTB consents to the release of $8,000,000 of its cash collateral to the Debtors to pay allowed professional fees and costs incurred in the Debtors' cases, including without limitation, those fees and costs incurred by the Debtors' professionals, the Debtors' board of directors, the Debtors' co-chief restructuring officers and their firm, and the official creditors' committees and their professionals. The Approval Order shall provide that WTB's consent to the release of cash collateral pursuant to this paragraph shall not constitute a waiver of any adequate protection provided to WTB under the Cash Collateral Order.

6. <u>Discount on WTB Allowed Claim</u>: Subject to the occurrence of the Agreement Effective Date, WTB agrees to a discount of 10% or the sum of $4,988,636.69 on the WTB Allowed Claim, provided that the Debtors distribute, whether under a chapter 11 plan or otherwise, full and final payment to WTB of the remaining WTB Allowed Claim (inclusive of the Initial Payment) by no later than June 30, 2022 (the "<u>Outside Payment Date</u>"). Notwithstanding the foregoing, if the WTB Allowed Claim is not paid in full by the Outside Payment Date, WTB shall retain the benefit of its full WTB Allowed Claim, without the above discount, net of any payments received from the Debtors' estates or any other party, and WTB shall retain all of its available rights against non-Debtors (as defined below).

7. <u>Waiver and Assignment of Remaining Claims</u>: If WTB is paid in full on account of the WTB Allowed Claim by the Outside Payment Date, WTB shall be deemed to assign to the Debtors' estates or its designee, including any successor thereto, all of WTB's rights under the WTB Loan Documents and the CHS Loan Documents, including any right to pursue deficiency claims against non-Debtors. WTB shall further waive any entitlement to proceeds of any claim against non-Debtors resulting from the above assignment. For purposes of this Agreement, the term "<u>non-Debtors</u>" shall include the Easterday Family and any other party or parties that is not a Debtor. Pending the occurrence of the Outside Payment Date, WTB shall suspend all litigation against any non-Debtors with respect to any obligations arising under the WTB Loan Documents or the CHS Loan Documents.

8. <u>WTB Support of Plan</u>: WTB agrees to vote in favor of any chapter 11 plan filed by the Debtors in their cases that is consistent with this Agreement and WTB will support confirmation of such chapter 11 plan with a filing by WTB on the docket.

9. <u>Full Resolution</u>. Upon the Parties' compliance with this Agreement, including WTB's receipt of the final payment required in Paragraph 6 above, (a) WTB shall retain any prior distributions from the Debtors in their chapter 11 cases, (b) the WTB Proofs of Claim shall be

deemed fully and finally satisfied, and (c) WTB shall have no further claims under the WTB Loan Documents, the CHS Loan Documents, or otherwise in the Debtors' chapter 11 cases.

10. <u>Mutual Releases</u>. Upon the Parties' compliance with this Agreement, including WTB's receipt of the final payment required in Paragraph 6 above, and as good and valid consideration for the Parties' respective performance of the obligations set forth in this Agreement:

    A.    Release by Debtors' Estates:

        The Debtors, on behalf of their estates, hereby release, waive, and discharge any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, asserted or assertable by or on behalf of the Debtors' estates, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, against WTB and its officers, directors, managers, members, employees, investors, principals, representatives, participants, and affiliates, arising from, related to, or in connection with the Debtors (whether prepetition or postpetition), their chapter 11 cases, and any claims asserted by WTB against the Debtors.

    B.    Release by WTB:

        WTB, on behalf of itself and as successor to CHS under the CHS Loan Documents, hereby releases, waives, and discharges any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, asserted or assertable by or on behalf of WTB or CHS under the CHS Loan Documents, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, against the Debtors, their estates, and their postpetition officers, directors, managers, members, employees, investors, principals, representatives, and affiliates, arising from, related to, or in connection with the Debtors (whether prepetition or postpetition), their chapter 11 cases, or any claims asserted by WTB or CHS under the CHS Loan Documents against the Debtors. For the avoidance of doubt, except as otherwise provided herein, WTB, on behalf of itself and as successor to CHS under the CHS Loan Documents, shall have no further claims against the Debtors.

11. <u>Covenant Not to Sue</u>. Upon the Parties' compliance with this Agreement, including WTB's receipt of the final payment required in Paragraph 6 above, each of the Parties agrees that it will not file, commence or otherwise assert, formally or informally, any claim, cause of action, or other matter released under this Agreement against any other Party hereto.

12. <u>No Admissions</u>. This Agreement, and the negotiation thereof, shall in no way constitute, be construed as, or be evidence of an admission or concession of any violation of any statute or law; of any fault, liability, or wrongdoing; or of any infirmity in the claims or defenses of any of the Parties with regard to any of the complaints, claims, allegations, or defenses asserted or that could have been asserted in connection with the subject matter of this Agreement or the

disputes described herein or settled or released hereby. This Agreement shall not be used, directly or indirectly, in any way, in litigation or other proceedings between or involving any of the Parties to prove liability or damages against any of the Parties, and this Agreement shall not be admissible as evidence in any legal proceeding between or involving any of the Parties, other than in litigation or a proceeding to enforce the terms of this Agreement or to provide evidence of the claims being released.

13. <u>Notices</u>. Unless otherwise specified, all notices required or permitted under this Agreement shall be in writing and shall be delivered both by email and (1) hand or (2) prepaid delivery service with package tracking capabilities. Such notices shall be addressed as follows (or at such other addresses as shall subsequently be specified by like notice):

    A.    For notices (but not service of process) to the Debtors:

    Easterday Ranches, Inc. and Easterday Farms
    c/o Paladin Management Group
    200 South Wacker Drive, 31st Floor
    Chicago, IL 60606
    Attn: Peter Richter
    Email: prichter@paladinmgmt.com

       -and-

    Pachulski Stang Ziehl & Jones LLP
    10100 Santa Monica Blvd., 13th Floor
    Los Angeles, CA 9067
    Attn: Richard M. Pachulski, Esq. and Jeff Dulberg
    Email: rpachulski@pszjlaw.com; jdulberg@pszjlaw.com

    B.    For notices (but not service of process) to WTB:

    Washington Trust Bank
    Attn. Claire Baker, VP
    PO Box 2127
    Spokane WA, 99210-2127
    Email:

       -and-

    Lukins & Annis, P.S.
    717 W. Sprague Ave., Suite 1600
    Spokane, WA 99201
    Attention: Trevor Pincock, Esq.
    Email: tpincock@lukins.com

14. <u>Entire Agreement</u>. This Agreement contains the entire understanding of the Parties and supersedes all prior oral, written, or other understandings relating to the subject matter hereof,

and shall not be altered, amended, or otherwise modified except by a written instrument signed by each of the Parties.

15.     GOVERNING LAW; SUBMISSION TO JURISDICTION; SELECTION OF FORUM.     THIS AGREEMENT IS TO BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF WASHINGTON APPLICABLE TO CONTRACTS MADE AND TO BE PERFORMED IN SUCH STATE, WITHOUT GIVING EFFECT TO THE CONFLICT OF LAWS PRINCIPLES THEREOF, EXCEPT AS GOVERNED BY THE BANKRUPTCY CODE.  Each Party hereto agrees that it shall bring any action or proceeding in respect of any claim arising out of or related to this Agreement, in the Bankruptcy Court so long as the Debtors' chapter 11 cases are pending, or in the event not so pending, in the state or federal courts located in the State of Washington or other court of proper appellate jurisdiction in respect of the foregoing (the "Chosen Courts"), and solely in connection with claims arising under this Agreement: (a) irrevocably submits to the exclusive jurisdiction of the Chosen Courts; (b) waives any objection to laying venue in any such action or proceeding in the Chosen Courts; and (c) waives any objection that the Chosen Courts are an inconvenient forum or do not have jurisdiction over any Party hereto.

16.     Specific Performance/Remedies.  It is understood and agreed by the Parties that money damages would not be a sufficient remedy for any breach of this Agreement by any Party and each non-breaching Party shall be entitled to seek specific performance and injunctive or other equitable relief (including attorney's fees and costs) as a remedy for any such breach, in addition to any other remedy to which such non-breaching Party may be entitled, at law or equity, without the necessity of proving the inadequacy of money damages as a remedy, including an order of the Chosen Court or the Bankruptcy Court requiring any Party to comply promptly with any of its obligations hereunder. Each Party agrees to waive any requirement for the securing or posting of a bond in connection with such remedy.

17.     Negotiation and Drafting; Voluntary Execution; Disclaimer of Reliance.  Each Party to this Agreement represents, warrants, and acknowledges to the other Parties hereto that:

A.     this Agreement was drafted jointly by the Parties;

B.     this Agreement is the result of arm's length negotiations between the Parties;

C.     such Party is entering into this Agreement with full knowledge of any and all rights that the Parties may have;

D.     such Party has consulted with such Party's own attorneys and fully understands the terms hereof;

E.     such Party has received, or has had made available to it, all information necessary to make an informed judgment concerning the Agreement;

F.     such Party has received legal advice from such Party's own attorneys regarding the advisability of entering into the settlement provided for herein and is voluntarily executing this Agreement;

G.     in negotiating and entering into this Agreement, such Party has not relied on, and has not been induced by, any representation, warranty, statement, estimate, communication, or information, of any nature whatsoever, whether written or oral, by, on behalf of, or concerning the other Party or any agent of the other Party, or otherwise, except as expressly set forth in this Agreement, and no such representations have been made;

H.     such Party expressly disclaims reliance upon any communication or information, whether written or oral, between or among the Parties at any time prior to and during the negotiation and execution of this Agreement; and

I.     such Party affirmatively represents and acknowledges that it is relying solely on the express terms contained within this Agreement.

18.     <u>Bankruptcy Court Approval</u>.  This Agreement and the occurrence of the Agreement Effective Date is subject to and conditioned upon entry of the Approval Order that has not been stayed.

19.     <u>Successors and Assigns</u>.  This Agreement shall be binding upon the Parties hereto and their respective affiliates, successors, and assigns.

20.     <u>Severability</u>.  If any provision of this Agreement is found or held to be invalid or unenforceable by a court or other decision-making body of competent jurisdiction, the remainder of this Agreement shall remain valid and enforceable to the greatest extent allowed by such court or body under law.

21.     <u>No Third Party Beneficiaries</u>.   Except for the releases in favor of the Parties' officers, directors, managers, members, employees, investors, principals, representatives, participants, and affiliates, this Agreement is solely for the benefit of the Parties hereto, and no provision of this Agreement shall be deemed to confer upon any third parties any claim, remedy, liability, reimbursement, cause of action, or other right

22.     <u>Remedies Cumulative</u>.  All rights, powers, and remedies provided under this Agreement or otherwise available in respect hereof at law or in equity shall be cumulative and not alternative, and the exercise of any right, power, or remedy thereof by any Party shall not preclude the simultaneous or later exercise of any other such right, power, or remedy by such Party.

23.     <u>Further Assurances</u>.  Subject to the other terms of this Agreement, the Parties agree to execute and deliver such other instruments and perform such acts, in addition to the matters herein specified, as may be reasonably appropriate or necessary, or as may be required by order of the Bankruptcy Court, from time to time, to effectuate and implement the terms of this Agreement.

24.     <u>Headings</u>.  The headings of all sections of this Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

25.     <u>Interpretation and Rules of Construction</u>.   This Agreement is the product of negotiations among the Parties, and in the enforcement or interpretation hereof, is to be interpreted in a neutral manner, and any presumption with regard to interpretation for or against any Party by reason of that Party having drafted or caused to be drafted this Agreement, or any portion hereof, shall not be effective in regard to the interpretation hereof.  The Parties were each represented by counsel during the negotiations and drafting of this Agreement and continue to be represented by counsel.  In addition, this Agreement shall be interpreted in accordance with section 102 of the Bankruptcy Code.

26.     <u>Execution in Counterparts; Electronic Signatures</u>.   This Agreement may be executed in any number of counterparts, each of which, when so executed, will be deemed an original, but all such counterparts will constitute but one and the same document.  Delivery by a Party of an executed counterpart of a signature page to this Agreement by facsimile or PDF documents sent by email will be effective as delivery of an original executed counterpart. In addition, the Parties consent to the execution of this Agreement by an "electronic signature," as that term is used in either the Uniform Electronic Transactions Act, the Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7006(5), or any similar law.

*[Signature Pages Follow]*

DOCS_NY:45009.7 20375/002

WHEREFORE, the Parties below have entered into this Agreement as of the date set forth on the first page above.

**DEBTORS:**

**EASTERDAY RANCHES, INC.**
**EASTERDAY FARMS**

By: _____*/s/ Peter Richter*_____
Name:   Peter Richter
Title:    Co-Chief Restructuring Officer

**WTB:**

**WASHINGTON TRUST BANK**

By: _____*/s/ Claire Baker*_____
Name:   Claire Baker
Title:    Vice President

*[Signature Page to Settlement Agreement and Release]*

# **EXHIBIT B**

**Comparison**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re

EASTERDAY RANCHES, INC., *et al.*

Debtors.[1]

Chapter 11

Lead Case No. 21-00141-WLH11
Jointly Administered

[PROPOSED]
STIPULATED ORDER
APPROVING SETTLEMENT
AGREEMENT AND RELEASE
WITH WASHINGTON TRUST
BANK

Upon the *Debtors' Motion Under Bankruptcy Rule 9019 for Order Approving Settlement Agreement and Release* ~~with~~With *Washington Trust Bank* [Docket No. 1431] (the "Motion");[2] and the court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the court having found this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the court may enter a final order

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

DOCS_NY:45148.4 20375/002
STIPULATED ORDER APPROVING
SETTLEMENT AGREEMENT AND
RELEASE WITH WASHINGTON
TRUST BANK – Page 1

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fb16jr i016f

consistent with Article III of the United States Constitution; and the court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the court having considered the statements of counsel, the ~~Declaration~~declaration of Peter Richter submitted in support of the Motion, any objections raised, and the evidence presented at the hearing before this court (the "Hearing"); and it appearing that the relief requested in the Motion is reasonable and in the best interests of the Debtors' bankruptcy estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion [ECF No. 1431] is granted as set forth herein.

2.     All formal objections have been withdrawn and any informal objections~~,~~ ~~if any~~, to the relief requested in the Motion that have not been withdrawn, waived, or settled by the provisions hereof are overruled on the merits. The Easterday Family, as defined herein, has waived its right, if any, to appeal this order.

3.     The Settlement Agreement with Washington Trust Bank ("WTB") attached hereto as **Exhibit 1** is approved, as modified herein.

4.     The Debtors are authorized to execute and consummate the terms of the Settlement Agreement and to do such other things as may be necessary or appropriate to implement and effectuate the terms and requirements of the Settlement Agreement.

5.     Notwithstanding anything to the contrary contained herein or the Settlement Agreement, ~~any claims~~paragraph 7 of ~~WTB against~~ the ~~Easterday Family, including any deficiency claims, are~~Settlement Agreement is hereby ~~released~~deleted in its entirety.

6.     Notwithstanding anything to the contrary contained herein or the

DOCS_NY:45148.4 20375/002

STIPULATED ORDER APPROVING
SETTLEMENT AGREEMENT AND
RELEASE WITH WASHINGTON
TRUST BANK – Page 2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fb16jc016f

21-00141-WLH11    Doc 1552    Filed 04/19/22    Entered 04/19/22 10:05:49    Pg 23 of 29

Settlement Agreement, paragraph 10 of the Settlement Agreement is hereby replaced in its entirety with the following:

10. Mutual Releases. Upon the Parties' compliance with this Agreement, including WTB's receipt of the final payment required in Paragraph 6 above, as good and valid consideration for the Parties' respective performance of the obligations set forth in this Agreement:

A.    Release of Claims by Debtors' Estates and Easterday Family:  The Debtors, on behalf of their estates, and Cody and Debby Easterday, Karen Easterday, individually and as personal representative of the probate estate of Gale A. Easterday (together with Cody and Debby Easterday, the "Easterday Family"), hereby release, waive, and discharge any and all claims, interests, obligations rights, suits, damages, causes of action, remedies, and liabilities whatsoever, asserted or assertable by or on behalf of the Debtors' estates as well as those asserted or assertable by the Easterday Family, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, against WTB and its officers, directors, managers, members, employees, investors, principals, representatives, participants, and affiliates, arising from or relating to, or in connection with the Debtors or the Easterday Family (whether prepetition or postpetition), their chapter 11 cases, and any claims asserted by WTB against the Debtors or the Easterday Family.

B.    Release by WTB of Claims Against the Debtors and Easterday Family:  WTB, on behalf of itself and as successor to CHS Capital, LLC ("CHS") under the CHS Loan Documents, hereby releases, waives, and discharges any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, asserted or assertable by or on behalf of WTB or CHS under the CHS Loan Documents, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, against the (i) Debtors, their estates, and their present and former officers, directors, managers, members, employees, investors, principals, representatives, and affiliates, and (ii) the

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fb16jr016f

Easterday Family and their present and former officers, directors, managers, members, employees, investors, principals, advisors, agents, representatives, and affiliates (together the "Easterday Family Released Parties"), of any and all claims arising from, or in any way related to, or in connection with the Debtors (whether prepetition or postpetition), or their chapter 11 cases, including but not limited to any claims by WTB or CHS under the WTB Loan Documents, CHS Loan Documents, and any and all guarantees associated therewith as against the Debtors or the Easterday Family Released Parties. For the avoidance of doubt, except as otherwise provided herein, WTB, on behalf of itself and as successor to CHS under the CHS Loan Documents, shall have no further claims against the Debtors or the Easterday Family Released Parties.

7. Notwithstanding anything to the contrary in the Settlement Agreement, the Sale Order,[3] or any other order of the court in these chapter 11 cases, the Debtors are hereby authorized and directed to (a) direct the release of the Net Sale Proceeds from the Escrow Account in an amount sufficient to pay WTB in accordance with the terms of the Settlement Agreement, and (b) use such funds to pay WTB in full within fourteen (14) days of the entry of this order in accordance with the terms of the Settlement Agreement. For the avoidance of doubt, (a) the Debtors are authorized to pay the entire WTB Allowed Claim upon entry of this order and (b) nothing herein affects or otherwise modifies the Debtors' obligation to make the Initial Payment in accordance with Paragraph 4 of the Settlement Agreement.

8. 6. As of the Agreement Effective Date, (a) WTB shall have an allowed claim as provided for in the Settlement Agreement, (b) the Debtors and the Easterday Family shall not challenge WTB's allowed claim, and (c) any plan filed by the

---

[3] Docket. No. 927.

DOCS_NY:45148.4 20375/002
STIPULATED ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE WITH WASHINGTON TRUST BANK – Page 4

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Debtors shall provide for the same treatment of WTB's allowed claim as provided for in the Settlement Agreement.

9. ~~7.~~ WTB's agreement to allow the use of cash collateral as set forth in the Settlement Agreement shall not constitute a waiver of any adequate protection provided to WTB in the Cash Collateral Order.

10. ~~8.~~ **Notwithstanding any terms of the Settlement Agreement, the court makes no determination pursuant to this order regarding the proper allocation between the estates of the $8 million in cash collateral contemplated under section 5 of the Settlement Agreement and, accordingly, the rights of all parties, including, without limitation, the Committees, to argue and seek a determination from the court regarding such issue is hereby reserved.**

11. ~~9.~~ Notwithstanding Bankruptcy Rule 6004(h), this ~~Order~~order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this ~~Order~~order as provided in such Rule.

12. ~~10.~~ The court shall retain jurisdiction over any matter or dispute arising from or relating to this order.

/// END OF ORDER ///

~~Presented by~~

~~DOCS_NY:45148.4 20375.002~~
STIPULATED ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE WITH WASHINGTON TRUST BANK – Page 5

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**IT IS SO STIPULATED AND PRESENTED BY**:

**BUSH KORNFELD LLP**


*/s/ Thomas A. Burford, III*
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (Admitted *Pro Hac Vice*)
JEFFREY W. DULBERG (Admitted *Pro Hac Vice*)
MAXIM B. LITVAK (Admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors and Debtors in Possession*


**LUKINS & ANNIS, P.S.**

*/s/ Burke Jackowich*
BURKE JACKOWICH
LUKINS & ANNIS, P.S

*Attorneys for Washington Trust Bank*

**SUSSMAN SHANK**

*/s/ Jeffrey C. Misley*
JEFFREY C. MISLEY (WSBA 33397)
SUSSMAN SHANK

*Attorneys for Cody and Debby Easterday*

**TONKON TORP LLP**

*/s/ Timothy J. Conway*
TIMOTHY J. CONWAY (WSBA 52204)
TONKON TORP LLP

~~DOCS_NY:45148.4 20375/002~~
STIPULATED ORDER APPROVING
SETTLEMENT AGREEMENT AND
RELEASE WITH WASHINGTON
TRUST BANK – Page 6

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

*Attorneys for Karen L. Easterday individually and as personal representative of the estate of Gale A. Easterday*

~~DOCS_NY:45148.4 20375/002~~
STIPULATED ORDER APPROVING
SETTLEMENT AGREEMENT AND
RELEASE WITH WASHINGTON
TRUST BANK – Page 7

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fb16jj!016f

Document comparison by Workshare 10.0 on Tuesday, April 19, 2022 9:43:04 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_NY/45148/4 |
| Description | DOCS_NY-#45148-v4-Easterday_-_WTB_9019_Order |
| Document 2 ID | PowerDocs://DOCS_NY/45576/5 |
| Description | DOCS_NY-#45576-v5-Easterday_-_WTB_9019_Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 55 |
| Deletions | 20 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 75 |