
# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-11<br>Jointly Administered |
| Debtors.[1] | **ORDER GRANTING DEBTORS' MOTION TO APPROVE SETTLEMENT WITH CHS INC. UNDER FED. R. BANKR. P. 9019** |

Upon *Motion to Approve Settlement with CHS Inc. under Fed. R. Bankr. P. 9019* [Docket No. 1433] (the "Motion");[2] and the court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the court having found this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the court may enter a final order

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

ORDER APPROVING SETTLEMENT WITH CHS – Page 1

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 1568    Filed 04/21/22    Entered 04/21/22 09:57:54    Pg 1 of 12

consistent with Article III of the United States Constitution; and the court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the court having considered the statements of counsel, the declaration of Peter Richter submitted in support of the Motion, any objections raised, and the evidence presented at the hearing before this court (the "Hearing"); and it appearing that the relief requested in the Motion is reasonable and in the best interests of the Debtors' bankruptcy estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion [Docket No. 1433] is granted to the extent set forth herein.

2. All formal and informal objections, if any, to the relief requested in the Motion that have not been withdrawn, waived, or settled are overruled on the merits.

3. The settlement embodied in the *Settlement Agreement* attached hereto as Exhibit 1 (the "Settlement Agreement") is hereby approved pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, Rule 9019 of the Federal Rule of Bankruptcy Procedure, and Rule 9019-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Washington. The Debtors and the CHS Parties are hereby authorized to enter into and perform pursuant to the Settlement Agreement, as applicable.

4. Upon the occurrence of the Effective Date (as such term is defined in the Settlement Agreement), Claim Nos. 102 and 141 filed against Ranches and Farms, respectively, by CHS are hereby deemed withdrawn with prejudice in every respect.

5. In the event of any inconsistencies between this order and the Motion, or with any prior order or pleading, this order shall govern in all respects.

6. This order shall be binding on and inure to the benefit of the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates

ORDER APPROVING SETTLEMENT WITH CHS – Page 2

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 1568    Filed 04/21/22    Entered 04/21/22 09:57:54    Pg 2 of 12

of the Debtors.

7. Notwithstanding anything in the Bankruptcy Code or the Bankruptcy Rules to the contrary, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized and empowered to take such steps and do such other things as may be necessary or appropriate to implement and effectuate the relief granted in this order.

9. The court shall retain jurisdiction over any matter or dispute arising from or relating to this order or the Settlement Agreement.

///END OF ORDER///

Submitted by:

*/s/ Thomas A. Buford, III*
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
JASON H. ROSELL (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors and Debtors in Possession*

ORDER APPROVING SETTLEMENT WITH CHS – Page 3

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 1568    Filed 04/21/22    Entered 04/21/22 09:57:54    Pg 3 of 12

# Exhibit 1

**Settlement Agreement**

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on February 17, 2022, by and among Easterday Farms, a Washington general partnership ("Farms"), Easterday Ranches, Inc. ("Ranches," and together with Farms, the "Debtors"), and CHS Inc. ("CHS"). The Debtors and CHS are collectively referred to herein as the "Parties" and each individually as a "Party."

# RECITALS

## I. The Chapter 11 Cases

A. On February 1, 2021 (the "Ranches Petition Date"), Ranches filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court").

B. On February 8, 2021 (the "Farms Petition Date" and, together with the Ranches Petition Date, the "Petition Dates"), Farms filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

C. On February 16, 2021, the Office of the United States Trustee for the Eastern District of Washington (the "U.S. Trustee") appointed the following creditors to the Ranches Official Committee of Unsecured Creditors, as amended [Docket Nos. 152, 154, and 155] (the "Ranches Committee"): (i) J.R. Simplot; (ii) Alto Nutrients; and (iii) Animal Health International.

D. On February 22, 2021, the U.S. Trustee appointed the following creditors to the Farms Official Committee of Unsecured Creditors, as amended [Docket Nos. 187 and 188] (the "Farms Committee") and together with the Ranches Committee, the "Committees"): (i) Labor Plus Solutions, Inc.; (ii) the McGregor Company; (iii) John Deere Financial; (iv) Dykman Electrical; (v) Two Rivers Terminal; and (vi) Frank Bushman.

## II. CHS Hedging Investigation

E. CHS Hedging, LLC ("CHS Hedging") an affiliate of CHS, provides hedging and risk management services and solutions designed to help farmers, ranches, cooperatives, and commercial agribusinesses, including full-service brokerage services and commodity price risk management tools.

F. Prior to the Petition Dates, Ranches utilized CHS Hedging's services to hedge against fluctuations in the price of cattle. CHS Hedging earned commissions related to Ranches' hedging activity.

G. On April 27, 2021, the Ranches Committee filed the *Notice and Motion for an Order Directing Rule 2004 Examinations of the Debtors and Non-Debtor Parties* (the "Rule 2004 Motion"). Pursuant to the Rule 2004 Motion, the Ranches Committee sought relief to conduct a Rule 2004 examination of, among others, CHS Hedging.

H.  On May 28, 2021, the Ranches Committee and CHS Hedging, LLC entered into that certain *Stipulation Regarding Discovery and Document Production* [Docket No. 764], pursuant to which the Ranches Committee withdrew the Rule 2004 Motion and CHS Hedging authorized the Ranches Committee to serve subpoenas, deposition notices, and other requests for disclosure on CHS Hedging and its related entity CHS Capital, LLC, as permitted by the Federal Rules of Bankruptcy Procedure.

I.  On June 9, 2021, the Ranches Committee issued *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case* (the "CHS Subpoena") to CHS, which requested the production of documents and communications from CHS relating to Cody Easterdays' alleged hedging transactions.

J.  On June 23, 2021, the Ranches Committee and CHS entered into that certain *Stipulated Protective Order* [Docket No. 839] governing the production of documents in response to the CHS Subpoena.

K.  In accordance with the CHS Subpoena, CHS Hedging produced responsive documents to the Ranches Committee, copies of which were provided to the Debtors.

## III. Turnover Demand

L.  CHS is a diversified global agribusiness cooperative owned by farms and local cooperatives across the United States. Prior to the Petition Dates, the Debtors were members of CHS and utilized the cooperative's products, supplies, and services. As is commonplace in cooperative structures, CHS utilizes a cooperative patronage model, which returns a proportion of the cooperative's profits to owners, including the Debtors.

M.  In accordance with the bylaws of CHS, the Debtors historically earned and received allocated patronage equities ("Patronage Equity").

N.  As of the Ranches Petition Date, Ranches had accrued approximately $6.7 million in Patronage Equity, exclusive of amounts accrued in CHS fiscal year 2021 (the "Ranches Accrued Patronage").

O.  As of the Farms Petition Date, Farms had accrued approximately $1 million in Patronage Equity, exclusive of amounts accrued in CHS fiscal year 2021 (the "Farms Accrued Patronage" and together with the Ranches Accrued Patronage, the "Accrued Patronage").

P.  On November 3, 2021, the Debtors sent CHS a *Request for Redemption and Payment on Account of Patrons' Equity and Cash Percentage* (the "Redemption Letter"), pursuant to which the Debtors requested, pursuant to the CHS Redemption Policy dated September 1, 2016, the redemption and payment of the Accrued Patronage, inclusive of the cash patronage amounts for 2020 that were authorized by CHS but not yet paid to the Debtors' estates.

## IV. Proofs of Claim

Q.  On May 28, 2021, CHS Inc. filed a general unsecured claim (Claim No. 102) with the Clerk of the Bankruptcy Court against Ranches for $460,986.55 on account of feed and fuel that CHS sold to Ranches prior to the Ranches Petition Date.

R.  On May 28, 2021, CHS Inc. filed a general unsecured claim (Claim No. 141) with the Clerk of the Bankruptcy Court against Farms for $239.34 on account of feed and fuel that CHS sold to Farms prior to the Farms Petition Date. Claim No. 102 and Claim No. 141 are collectively referred to herein as the "Proofs of Claim").

S.  The Parties have decided to fully and finally resolve the disputes that currently exist between them and their affiliates, as well as any related, contingent, or potential disputes that may exist between the Parties and their affiliates, pursuant to the terms of this Agreement.

## AGREEMENT

Now therefore, the Parties acknowledge and agree that the foregoing Recitals are accurate, and in consideration of the covenants contained herein, the receipt and sufficiency of which are hereby acknowledged, further agree as follows:

1.  Incorporation of Recitals. The recitals set forth above are fully incorporated herein by reference.

2.  Effective Date. This Agreement shall become binding and effective on each of the Parties (the "Effective Date") on the later of (a) each of the Parties executing this Agreement, (b) the Bankruptcy Court entering an order approving this Agreement and all periods for appeal or reconsideration of such order have expired with no appeal, motion for reconsideration, or similar proceeding challenging such order having been filed, or if any such proceeding has been filed, it has been finally adjudicated and the Bankruptcy Court's approval order remains in effect, and such order has not been stayed, and (c) payment of the Settlement Payment (as defined below).

3.  Releases by Debtors' Estates. On the Effective Date, the Debtors, on behalf of their estates, hereby release, waive, and discharge any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, asserted or assertable by or on behalf of the Debtors' estates, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in state or federal law, equity, or otherwise, against CHS and any of its subsidiaries or affiliates, including but not limited to CHS Hedging, LLC, and CHS Capital, LLC, and their respective officers, directors, managers, members, employees, investors, principals, representatives, and affiliates, arising from, related to, or in connection with the Debtors (whether prepetition or postpetition) and their chapter 11 cases, including but not limited to any avoidance actions under the Bankruptcy Code, and any and all current or future rights to seek redemption and payment of (a) Patronage Equity issued or to be issued to the Debtors, and (b) cash patronage issued or to be issued by CHS to the Debtors.

4.  Releases by CHS Parties. On the Effective Date, CHS, on behalf of itself and each of its subsidiaries and affiliates, including but not limited to CHS Hedging, LLC, and CHS Capital, LLC (collectively, the "CHS Releasing Parties"), hereby release, waive, and discharge any and all

3

claims, interests, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, asserted or assertable by or on behalf of the CHS Releasing Parties, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in state or federal law, equity, or otherwise, against the Debtors and their respective officers, directors, managers, members, employees, investors, principals, representatives, and affiliates, arising from, related to, or in connection with the Debtors (whether prepetition or postpetition).

5. <u>Settlement Payment</u>. As good and valid consideration for the Debtors' performance of the obligations and the releases set forth in this Agreement, CHS agrees to pay $7,400,000 (the "<u>Settlement Payment</u>") to the Debtors within seven (7) calendar days of entry of an order of the Bankruptcy Court approving this Agreement.

6. <u>Withdrawal of Proofs of Claim</u>. Upon the Effective Date, the Proofs of Claim shall be deemed withdrawn in their entirety with prejudice.

7. <u>Cooperative Membership and Cancellation of Accrued Patronage.</u> Upon the Effective Date, Debtors' membership in CHS shall be deemed terminated, any and all previously issued Accrued Patronage will be cancelled, and no additional Patronage Equity will be issued based on the Debtors' business with CHS, without further action of the Parties.

8. <u>Termination of Agreements</u>. The Parties hereto acknowledge and agree that any agreements, instruments, or other documents executed by and among the Parties (or any combination of the Parties) are each hereby terminated and of no further force and effect from and after the Effective Date.

9. <u>No Admissions.</u> This Agreement, and the negotiation thereof, shall in no way constitute, be construed as, or be evidence of: an admission or concession of any violation of any statute or law; any fault, liability, or wrongdoing; or, any infirmity in the claims or defenses of any of the Parties.

10. <u>Notices.</u> Any notices or other communications required under or in connection with this Agreement shall be in writing and shall be deemed to have been given when delivered in person, by email, or by registered or certified mail (postage prepaid, return receipt requested) addressed as follows:

If to the Debtors:

        Easterday Ranches, Inc. and Easterday Farms
        c/o Paladin Management Group
        200 South Wacker Drive, 31st Floor
        Chicago, IL 60606
        Attn: Peter Richter
        Email: prichter@paladinmgmt.com

        -and-

        Pachulski Stang Ziehl & Jones LLP
        10100 Santa Monica Blvd., 13th Floor

Los Angeles, CA 9067
Attn: Richard M. Pachulski and Jason Rosell
Email: rpachulski@pszjlaw.com;
jrosell@pszjlaw.com

If to CHS:

CHS Inc.
5500 Cenex Drive
Inver Grove Heights, MN 55077
Attn: Meghann Kantke
Email: meghann.kantke@chsinc.com

-and-

Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center, 90 South Seventh Street
Minneapolis, MN 55402
Attn: Michael R. Stewart
Email: michael.stewart@faegredrinker.com

11. Voluntary Agreement. The Parties agree, represent, and warrant that they have voluntarily executed this Agreement, after consulting with counsel and without being pressured or influenced by any statement or representation of any person acting on behalf of any other Party, including any other party's officers, directors, employees, agents, and attorneys. The Parties have read this Agreement and know and fully understand its contents.

12. Successors and Assigns. Upon the Effective Date, this Agreement shall be binding upon the Parties and upon their heirs, personal representatives, successors, and assigns.

13. Governing Law; Submission to Jurisdiction; Selection of Forum. This Agreement is to be governed by and construed in accordance with the laws of the State of Washington applicable to contracts made and to be performed in such state, without giving effect to the conflict of laws principles thereof, except as governed by the Bankruptcy Code. Each Party hereto agrees that it shall bring any action or proceeding in respect of any claim arising solely out of this Agreement in the Bankruptcy Court, so long as the Debtors' chapter 11 cases are pending, or in the event not so pending, in the state or federal courts located in the State of Washington or other court of proper appellate jurisdiction in respect of the foregoing (the "Chosen Courts"), and solely in connection with claims arising under this Agreement related to its enforcement or interpretation: (a) irrevocably submits to the exclusive jurisdiction of the Chosen Courts; (b) waives any objection to laying venue in any such action or proceeding in the Chosen Courts; and (c) waives any objection that the Chosen Courts are an inconvenient forum or do not have jurisdiction over any Party hereto.

14. Bankruptcy Court Approval. This Agreement and the occurrence of the Effective Date is subject to and conditioned upon the entry of an order of the Bankruptcy Court in form and substance acceptable to the Parties.

15. **Construction**. This Agreement is the product of negotiations among the Parties and is to be interpreted and enforced in a neutral manner, and any presumption regarding interpretation for or against any Party by reason of that Party having drafted or caused to be drafted this Agreement, or any portion hereof, shall not be effective regarding the interpretation hereof. The Parties were each represented by counsel during the negotiations and drafting of this Agreement and continue to be represented by counsel. This Agreement shall also be interpreted in accordance with section 102 of the Bankruptcy Code.

16. **Headings**. The descriptive headings of the sections of this Agreement are inserted for reference only and do not constitute a part of this Agreement, nor do they in any way affect the interpretation of any provision of this Agreement.

17. **Severability**. If any provision of this Agreement is held to be illegal, invalid, void, or unenforceable under any present or future laws, such provision shall be fully severable, and the remaining provisions shall constitute the Parties' agreement.

18. **Remedies Cumulative**. All rights, powers, and remedies provided under this Agreement or otherwise available in respect hereof at law or in equity shall be cumulative and not alternative, and the exercise of any right, power, or remedy thereof by any Party shall not preclude the simultaneous or later exercise of any other such right, power, or remedy by such Party.

19. **Further Assurances**. Subject to the other terms of this Agreement, the Parties agree to execute and deliver such other instruments and perform such acts, in addition to the matters herein specified, as may be reasonably appropriate or necessary, or as may be required by order of the Bankruptcy Court, from time to time, to effectuate and implement the terms of this Agreement.

20. **Counterpart Execution**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall be considered one and the same agreement. Facsimile and e-mail pdf signatures are permitted and are fully binding and shall be treated as originals for all purposes. This Agreement may be executed by facsimile or electronic transmission of signature pages, in counterparts, each of which shall be treated as an original.

21. **Entire Agreement**. This Agreement contains the entire agreement between the Parties and embody and express the entire intent of the Parties with regard to the matters set forth herein. This Agreement supersedes, merges, and replaces all prior or contemporaneous understandings, negotiations, offers, promises, representations, and agreements between the Parties or their attorneys to the extent such prior understandings, negotiations, and agreements are inconsistent herewith.

**Signatures on the Following Pages**

IN WITNESS WHEREOF, each of the Parties has caused this Agreement to be executed on its behalf by its authorized officer, all as of the date written.

EASTERDAY FARMS, A WASHINGTON GENERAL PARTNERSHIP

Dated: February 17, 2022          By: *Peter Richter*
                                  Name: Peter Richter
                                  Title:  Co-Chief Restructuring Officer


EASTERDAY RANCHES, INC.

Dated: February 17, 2022          By: *Peter Richter*
                                  Name: Peter Richter
                                  Title:  Co-Chief Restructuring Officer

7

DOCS_SF:106801.3

21-00141-WLH11    Doc 1568    Filed 04/28/22    Entered 04/28/22 09:57:34    Pg 21 of 22

IN WITNESS WHEREOF, each of the Parties has caused this Agreement to be executed on its behalf by its authorized officer, all as of the date written.

CHS INC.

Dated: 02 / 17 , 2022

By: *[signature]*
Name: Brandon B. Smith
Title: Executive Vice President and General Counsel

8

DOCS_SF:106801.3

21-00141-WLH11    Doc 1568    Filed 04/28/22    Entered 04/28/22 09:54:54    Pg 22 of 22