1
2
3
4
5
6
7

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-WLH11 |
| Debtors.[1] | Jointly Administered |
| | **ORDER APPROVING: (I) PROPOSED DISCLOSURE STATEMENT; (II) SOLICITATION AND VOTING PROCEDURES; (III) NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THIRD AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION; AND (IV) RELATED RELIEF** |

This matter came before the court on the *Joint Motion for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Reorganization; and (IV) Granting Related Relief* [Docket No. 966] (the "Motion") filed by Easterday Ranches, Inc. ("Ranches") and Easterday Farms, a Washington general partnership ("Farms" and together with Ranches, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). On May 11, 2022, the Debtors filed the *Third Amended Joint*

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES            1

fe27k5016z

*Chapter 11 Plan of Liquidation of Easterday Ranches, Inc. and Easterday Farms* [Docket No. 1606] and related disclosure statement [Docket No. 1607]. On May 24, 2022, the Debtors filed their *Modified Third Amended Joint Chapter 11 Plan of Liquidation of Easterday Ranches, Inc. and Easterday Farms* [Docket No. 1641] and related disclosure statement [Docket No. 1642]. On May 27, 2022, the Debtors filed their *Second Modified Third Amended Joint Chapter 11 Plan of Liquidation of Easterday Ranches, Inc. and Easterday Farms* [Docket No. 1653] (the "<u>Plan</u>") and related Disclosure Statement [Docket No. 1654] (the "<u>Disclosure Statement</u>")

The court, having reviewed the Motion, the Disclosure Statement, the Plan, the record in these Chapter 11 Cases and all other matters of which this court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence; the court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; all objections to the Motion having been withdrawn, continued, overruled, settled by stipulation approved by the court, or otherwise settled as reflected on the record at the hearing on the Motion; and after due deliberation and sufficient good cause appearing therefor:

**THE COURT HEREBY FINDS AND CONCLUDES THAT:[2]**

A. <u>Jurisdiction and Venue</u>. This court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) (2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] The findings and conclusions set forth herein constitute the court's findings of fact and conclusions of law pursuant to Rule 7052, made applicable to this proceeding pursuant to Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES    2

B. <u>Notice</u>. As evidenced by the declarations of service previously filed with the court, the Debtors have provided proper, timely, adequate, and sufficient notice with respect to the Motion and the relief sought therein, including, but not limited to, (i) approving the Disclosure Statement as containing "adequate information," as that term is defined in § 1125(a)(1);[3] (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (a) approving the form and manner of the solicitation packages, (b) approving the form and manner of notice of the hearing to confirm the Plan, (c) establishing a voting record date and approving procedures for distributing the solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing procedures with respect to, and the deadline for filing objections to, confirmation of the Plan; and (iv) granting related relief.

C. <u>Adequate Information</u>. The Disclosure Statement contains "adequate information" within the meaning of § 1125.

D. <u>Objections</u>. All objections, responses to, and statements and comments, including, but not limited to, the Objections, in opposition to the Motion or approval of the Disclosure Statement, other than those withdrawn with prejudice or resolved in their entirety, shall be, and hereby are, overruled in their entirety and, notwithstanding the foregoing, no objection shall be considered an objection to confirmation of the Plan unless such objection is interposed in accordance with the procedures for objecting to confirmation of the Plan set forth herein.

E. <u>Approval of Forms of Notice</u>. The notices substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Confirmation Hearing Notice</u>") and <u>Exhibit B</u> (the

---

[3] Unless specified otherwise, all chapter and section references are to the "Bankruptcy Code," 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "LBR" references are to the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Washington.

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES          3

"<u>Notice of Non-Voting Accepting Status and Confirmation Hearing</u>"), and the procedures set forth below for providing such notice to all relevant creditors and interest holders constitute sufficient notice of the time, date, and place of the hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>").

F. <u>Approval of Forms of Ballot</u>. The forms of Ballot attached hereto as <u>Exhibits C through F</u> are sufficiently consistent with Official Form No. B314 and adequately address the particular needs of these Chapter 11 Cases and are appropriate for each of the respective classes of claims that is entitled to vote to accept or reject the Plan.

G. <u>The Solicitation Package and Procedures</u>. The content and proposed distribution of the Solicitation Packages complies with Rule 3017(d). The contents of the Solicitation Packages comply with Rules 2002 and 3017, and service of such materials as set forth herein constitutes sufficient notice to all interested parties. Ballots need not be provided to holders of Administrative Claims, Professional Fee Claims, Priority Tax Claims, or Class 1 Claims (Secured Claims) or Class 2 Claims (Priority Claims) (each as defined in the Plan, and, collectively, the "<u>Unclassified/Unimpaired Claimholders</u>"), because such claims are either unclassified pursuant to § 1123(a)(1) or deemed to accept the Plan pursuant to § 1126(f). Ballots are also not required to be provided to holders of Subordinated Claims in Class 7 and holders of Interests in Class 9 as neither Class 7 (Subordinated Claims) nor Class 9 (Interests) shall receive any distributions in accordance with the Plan and are deemed to reject the Plan pursuant to § 1126(g). Nor are Ballots required to be provided to holders of Class 8 (Intercompany Claims), because such holders are not entitled to distributions under the Plan and are Plan proponents, and will therefore conclusively be deemed to have accepted this Plan.

H. <u>The Solicitation Procedures</u>. The procedures for solicitation of acceptances of the Plan (the "<u>Solicitation Procedures</u>") and tabulation of votes to accept or reject the plan (as more fully set forth in the Motion and below) provide for a fair

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES          4

and equitable voting process and are consistent with § 1126. The period, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors to make an informed decision to accept or reject the Plan.

**IT IS HEREBY ORDERED, AND NOTICE IS HEREBY GIVEN, THAT:**

1.      The Motion [ECF No. 966] is GRANTED and all remaining objections to the Motion or approval of the Disclosure Statement, if any, are OVERRULED on their merits and DENIED.

2.      The Disclosure Statement is APPROVED.

3.      The record date for purposes of determining the claimholders that are entitled to vote (subject to the voting procedures set forth below) on the Plan or, in the case of non-voting classes, for purposes of determining the claimholders to receive certain Plan-related materials approved by this Order shall be May 25, 2022 (the "Voting Record Date").

4.      Pachulski Stang Ziehl & Jones LLP ("PSZJ") will serve as the Debtors' Solicitation Agent (the "Solicitation Agent") and provide access to the Solicitation Packages. Solicitation Packages (except for Ballots) shall be available (i) for download at https://cases.creditorinfo.com/EasterdayRanches, (ii) by sending a written request via standard overnight or hand delivery to: Easterday Ballot Processing Center, c/o PSZJ, 10100 Santa Monica Blvd, 13th Floor Los Angeles, CA 90067-4003, Attn: Patricia Jeffries, and (iii) by e-mail request to: pjeffries@pszjlaw.com. Additionally, copies of the Motion, Disclosure Statement, and Plan are on file with the office of the Clerk of Court for review.

5.      The Confirmation Hearing Notice and Notice of Non-Voting Status and Confirmation Hearing are APPROVED.

6.      The Debtors are authorized and empowered to commence distribution of the Confirmation Hearing Notice and Solicitation Package to the Voting Classes

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES          5

fe27k5016z

immediately following the entry of this Order (the "Solicitation Commencement Date") and shall serve the same via First Class Mail.

7. To the extent the Debtors are required to distribute copies of the Plan and/or Disclosure Statement, the Debtors, through their Solicitation Agent, may distribute either paper copies or electronic copies in "pdf" format on CDROM or USB Flash Drive, at their sole discretion; *provided that*, the Debtors shall make paper copies available in the manner specified above.

8. Within seven (7) calendar days after the Solicitation Commencement Date, the Debtors shall have caused to be distributed by First Class Mail or electronic mail, this Order, the Confirmation Hearing Notice, the Disclosure Statement (together with the Plan and other exhibits attached thereto), and such other materials as the court may direct (excluding a Ballot) to, among other parties (to the extent such parties did not otherwise receive the Solicitation Package):

    (i)     the U.S. Trustee;

    (ii)     the Internal Revenue Service;

    (iii)     the Washington Attorney General;

    (iv)     the CFTC; and

    (v)     all persons and entities that have filed a request for service of filings in the Debtors' Cases pursuant to Rule 2002.

9. The Ballots, substantially in the forms attached hereto as Exhibit C, D, E, and F are APPROVED.

10. Solicitation Packages, which shall include individual Ballots, shall be distributed to the Voting Classes, which classes are designated under the Plan as entitled to vote to accept or reject the Plan.

11. Only a Notice of Non-Voting Status and Confirmation Hearing shall be distributed to the Unclassified/Unimpaired Claimholders, which are either unclassified or conclusively deemed to accept or deemed to reject the Plan. The Debtors are not

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES     6

fe27k5016z

required to distribute copies of the Plan, Disclosure Statement, or this Order to any Unclassified/Unimpaired Claimholder, unless such holder makes a specific request in writing to the Debtors for the same.

12. The Debtors are excused from distributing Solicitation Packages to those addresses from which one or more prior notices served in these Chapter 11 Cases were returned as undeliverable or from which mailings made pursuant to this Order are returned as undeliverable unless the Debtors are provided with updated addresses for such entities before the Solicitation Commencement Date. The Debtors are excused from any obligation to re-deliver Solicitation Packages to entities with addresses that are deemed undeliverable and are not provided with a forwarding or more updated address.

13. All Ballots must be properly executed, completed, and delivered to the Solicitation Agent so as to be received by the Solicitation Agent no later than **July 5, 2022 at 5:00 p.m. (Pacific Time)** (the "Voting Deadline") as set forth below. Except as provided below, Ballots must be submitted to the Solicitation Agent at the following address in accordance with the voting procedures set forth below:

**Physical Mail:**

**Easterday Ballot Processing Center**

**c/o Pachulski Stang Ziehl & Jones LLP**

**10100 Santa Monica Blvd, 13th Floor**

**Los Angeles, CA 90067-4003**

**Attn: Patricia Jeffries**

**-or-**

**Electronic Mail:**

**Email Address: pjeffries@pszjlaw.com**

**Subject Line: Easterday Ballot Submission**

**Attachment: A completed and signed ballot must be attached in PDF format.**

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES                7

14. Ballots are not required to be filed with the court. Debtors are not required to file a List of Classifying Claims pursuant to LBR 3018-1(c)(4).

15. **BALLOTS TRANSMITTED TO THE DEBTORS BY FACSIMILE OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THIS ORDER MAY BE ACCEPTED BY THE DEBTORS, AFTER CONSULTATION WITH THE COMMITTEES, ON A CASE-BY-CASE BASIS.**

16. For purposes of voting on the Plan, with respect to all creditors of the Debtors, the amount and/or eligibility of a claim used to tabulate acceptance or rejection of the Plan shall be, as applicable:

    (i)    The amount of the claim listed in the Debtors' schedules of assets and liabilities (the "Schedules") shall be the amount of the claim for voting purposes; *provided that* (a) such claim is not scheduled as contingent, unliquidated, undetermined, disputed, and/or in a zero dollar amount, and (b) no proof of claim has been timely filed (or otherwise deemed timely filed by the court under applicable law) with respect to such claim.

    (ii)    The noncontingent and liquidated amount specified in a proof of claim timely filed with the court (or otherwise deemed timely filed by the court under applicable law) shall be the amount of the claim for voting purposes to the extent the proof of claim is not the subject of an objection filed by **June 28, 2022 at 5:00 p.m. (Pacific Time)** (the "Voting Objection Deadline") (or, if such claim has been resolved for allowance and/or voting purposes pursuant to a stipulation or order entered by the court, or otherwise resolved by the court, the amount set forth in such stipulation or order).

    (iii)    If a proof of claim has been timely filed prior to the applicable bar date and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

    (iv)    Notwithstanding anything to the contrary in these tabulation rules, the holder of any claim that has been indefeasibly paid, in full or in

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES    8

part, shall only be permitted to vote the unpaid amount of such claim, if any, to accept or reject the Plan.

(v)   The amount temporarily allowed or estimated by the court for voting purposes, pursuant to Rule 3018(a), subject to notice consistent with the procedures set forth herein, the Bankruptcy Code, the Rules, and the LBRs shall be the amount of the claim for voting purposes.

(vi)  If a claim for which a proof of claim has been timely filed for unknown or undetermined amounts (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

(vii) If a claim is listed on a timely filed proof of claim as either wholly or partially contingent or unliquidated, such claim is temporarily allowed in the amount that is the greater of (i) the liquidated and non-contingent amount and (ii) $1.00, for voting purposes only, and not for purposes of allowance or distribution.

(viii) If a claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan.

(ix)  If a claim is not listed in the Schedules or is listed in the Schedules as contingent, unliquidated, or disputed (or in a zero amount) and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the court or (ii) deemed timely filed by an order of the court prior to the Voting Deadline, such claim shall be disallowed for voting purposes.

(x)   If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the court,

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES          9

any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

17.     The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors, the Committees, or any other party-in-interest in any other context, including, without limitation, to contest the amount, classification or validity of any claim for purposes of allowance under the Plan.

18.     Additionally, the Debtors, after consultation with the Committees, may object to any Claim (as defined in § 101(5)) solely for Plan voting purposes by filing a determination motion (the "Determination Motion"), no later than the Voting Objection Deadline.  If an objection to a Claim (made by way of a Determination Motion or otherwise) is filed by the Debtors on or before the Voting Objection Deadline requesting that such Claim be reduced or reclassified, such claimant's Ballot shall, subject to such claimant's right to file a responsive pleading (including, but not limited to, a Claims Estimation Motion (as defined below)) as set forth herein, be counted in such reduced amount or as falling into the reclassified category, unless otherwise ordered by the court. Further, if a creditor casts a Ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the court under applicable law), but the creditor's claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting Objection Deadline, in accordance with Rule 3018, that creditor's Ballot shall not be counted to the extent it is challenged by the objection, unless such claim is temporarily allowed by the court for voting purposes pursuant to Rule 3018(a) after the creditor files a motion for such temporary allowance (the "Claims Estimation Motion").[4]

---

[4] This proposed procedure is consistent with § 1126, which provides that a plan may be accepted or rejected by the holder of a claim allowed under § 502. In turn, § 502(a) provides that a filed proof of claim is deemed allowed "unless a party in interest . . . objects." 11 U.S.C. § 502(a).

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES          10

19.     If a creditor seeks to have its claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Rule 3018(a) (including in response to a Determination Motion filed by the Debtors or any other party granted standing), such creditor shall file a Claims Estimation Motion for such temporary allowance by the later of (i) the Voting Objection Deadline or (ii) 5:00 p.m. on the date that is 7 calendar days after the filing of the applicable claim objection or Determination Motion if such claim is the subject of an objection or a Determination Motion, seven (7) calendar days after the filing of the applicable objection or Determination Motion.

20.     In the event that a Determination Motion or Claims Estimation Motion is filed, the non-moving party shall file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven (7) calendar days after the filing of the applicable motion (the "Voting Objection Reply Deadline").  Subject to the court's availability, a hearing will be scheduled on such motion within seven (7) calendar days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing (as defined below).  The ruling by the court on any Determination Motion or Claims Estimation Motion shall be considered a ruling with respect to the allowance of the claim(s) under Rule 3018 and such claim(s) shall be counted, for voting purposes only, in the amount determined by the court.

21.     In the event a claimant reaches an agreement with the Debtors, in consultation with the Committees, as to the treatment of its claim for voting purposes, the claim may be treated in such manner without further order of the court.

22.     The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

(i)     For purposes of the numerosity requirement of § 1126(c) and based on the reasonable efforts of the Debtors, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the

fe27k5016z

votes related to such claims will be treated as a single vote to accept or reject the Plan.

(ii)    Any creditor who holds duplicate claims within the same class (against one Debtor or across multiple Debtors) shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims.

(iii)    Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

(iv)    Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

(v)    Only Ballots that are timely received with signatures will be counted. Unsigned Ballots will not be counted.

(vi)    Ballots sent by mail or overnight delivery that are postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

(vii)    Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

(viii)    Ballots transmitted to the Debtors by facsimile or other means not specifically approved by the court may be accepted by the Debtors, after consultation with the Committees, on a case-by-case basis.

(ix)    Whenever a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior received Ballots.

(x)    If a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same claim, such Ballots shall not be counted.

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES    12

fe27k5016z

(xi)     Each creditor shall be deemed to have voted the full amount of its claim in a class.  Unless otherwise ordered by the court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Debtors, after consultation with the Committees, which determination shall be final and binding.

(xii)    Any Ballot containing a vote that the court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted.

(xiii)   Any Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan shall not be counted.

(xiv)    Notwithstanding anything contained herein to the contrary, the Debtors may contact parties that submitted Ballots to cure any defects in the Ballots.

(xv)     Any class that does not contain any claim eligible to vote to accept or reject the Plan (by reason of temporary allowance by the court or otherwise) as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to § 1129(a)(8).

(xvi)    Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors, in consultation with the Committees, or the court determines. Neither the Debtors nor any other person or entity, including the Solicitation Agent, shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor shall any incur any liabilities for failure to provide such notification. Unless otherwise directed by the court, delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES          13

(xvii)    The Debtors, and subject to contrary order of the court, may waive any defect in any Ballot at any time, either before or after the Voting Deadline and without notice, and any such waivers shall be documented in the voting results filed with the court.

(xviii)   Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors, in consultation with the Committees, may reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the court; provided, however, that such invalid Ballots shall be documented in the voting results filed with the court.

(xix)     Subject to contrary order of the court, the Debtors reserve the absolute right, after consultation with the Committees, to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors, not be in accordance with the provisions of the Bankruptcy Code; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with the court.

23.    The court shall hold a hearing on confirmation of the Plan (the "Confirmation Hearing") on **July 19, 2022 at 10:00 a.m. (Pacific Time)**.  The Debtors shall serve the Confirmation Hearing Notice as set forth herein.

24.    Pursuant to Rule 3020(b)(1), objections to the confirmation of the Plan or proposed modifications to the Plan (a "Confirmation Objection"), if any, must:

(i)      be in writing;

(ii)     comply with the Rules and the LBRs;

(iii)    set forth the name of the objector and the nature and amount of any Claim asserted by the objector against or in the Debtors;

(iv)     state with particularity the legal and factual bases for the objection *and, if practicable, a proposed modification to the Plan that would resolve such objection*; and

(v)      be filed with the court, together with proof of service, and served so that they are actually received by the Notice Parties (as defined

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES          14

fe27k5016z

below) no later than **July 8, 2022 at 5:00 p.m. (Pacific Time),** which deadline may be extended by the Debtors (the "<u>Confirmation Objection Deadline</u>").

25.    Any Confirmation Objection must be served on the following parties (collectively, the "<u>Notice Parties</u>"):

(i)    <u>Counsel to the Debtors</u>: (a) Bush Kornfeld LLP, 601 Union Suite, Suite 500, Seattle, WA 98101, Attention: Armand J. Kornfeld (jkornfeld@bskd.com) and Thomas A. Buford (tbuford@bskd.com); and (b) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067, Attention: Richard M. Pachulski (rpachulski@pszjlaw.com), Jeffrey W. Dulberg (jdulberg@pszjlaw.com), and Jason H. Rosell (jrosell@pszjlaw.com);

(ii)    <u>United States Trustee</u>: The Office of the United States Trustee for the Eastern District of Washington, 920 W Riverside Ave, Suite 593, Spokane, WA 99201, Attn: Gary W. Dyer (Gary.W.Dyer@usdoj.gov);

(iii)    <u>Counsel to the Ranches Committee</u>: (a) Cooley LLP, 1700 Seventh Avenue, Suite 1900, Seattle, WA 98101, Attention: Christopher Durbin (cdurbin@cooley.com); and (b) Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attention: Michael Klein (mklein@cooley.com);

(iv)    <u>Counsel to the Farms Committee</u>:  Buchalter, a Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612, Attention: Joseph M. Welch (jwelch@buchalter.com) and Julian I. Gurule (jgurule@buchalter.com); and

(v)    any party that has requested notice pursuant to Rule 2002.

26.    Confirmation Objections that are not timely filed and served in the manner set forth above shall not be considered by the court and shall be overruled.

27.    On or before July 16, 2022, the Debtors shall file with the court (a) a tabulation report for Plan voting, (b) a memorandum of law in support of confirmation of the Plan addressing the requirements of § 1129, and any evidence in support thereof,

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES          15

(c) any responses to objections to confirmation of the Plan, and (d) a proposed form of confirmation order.

28. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the court, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

29. The Debtors, after consultation with the Committees, are authorized to make non-substantive changes or modifications to the Disclosure Statement, Plan, Ballots, Confirmation Hearing Notice, Notice of Non-Voting Status and Confirmation Hearing, and related documents without further order of the court, including, but not limited to, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their distribution.

30. The court shall retain jurisdiction with respect to all matters related to this Order.

/// END OF ORDER ///

Presented by:

*/s/ Thomas A. Buford, III*
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
JASON H. ROSELL (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors and Debtors in Possession*

ORDER APPROVING
DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES          16

# EXHIBIT A
## NOTICE OF CONFIRMATION HEARING

fe27k5016z

1  ARMAND J. KORNFELD (WSBA #17214)
   THOMAS A. BUFORD (WSBA #52969)
2  RICHARD B. KEETON (WSBA #51537)
   BUSH KORNFELD LLP
3  601 Union Street, Suite 5000
   Seattle, WA 98101
4  Tel.: (206) 292-2110
   Facsimile: (206) 292-2104
5  Emails: jkornfeld@bskd.com, tbuford@bskd.com,
   and rkeeton@bskd.com
6
   RICHARD M. PACHULSKI (CA Bar #90073)*
7  JEFFREY W. DULBERG (CA Bar #181200)*
   MAXIM B. LITVAK (CA Bar #215852)*
8  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
9  Los Angeles, CA 90067-4003
   Tel: (310) 277-6910
10 Facsimile: (310) 201-0760
   Emails: rpachulski@pszjlaw.com,
11 jdulberg@pszjlaw.com, and mlitvak@pszjlaw.com

12 *Admitted *Pro Hac Vice*

13 *Attorneys for Debtors and Debtors in Possession*

14              UNITED STATES BANKRUPTCY COURT
15               EASTERN DISTRICT OF WASHINGTON

16 In re                              | Chapter 11

17 EASTERDAY RANCHES, INC., *et al.*   | Lead Case No. 21-00141-11
                                       | Jointly Administered
18          Debtors.[1]

19

20          NOTICE OF (A) HEARING TO
            CONSIDER CONFIRMATION OF
21 DEBTORS' THIRD AMENDED JOINT CHAPTER 11
   PLAN OF LIQUIDATION; (B) DEADLINE FOR VOTING
22 TO ACCEPT OR REJECT PLAN; AND (C) RELATED MATTERS

23          On May 27, 2022, Easterday Ranches, Inc. ("Ranches") and Easterday Farms, a Washington
   general partnership ("Farms" and together with Ranches, the "Debtors") in the above-captioned
24 chapter 11 cases (the "Chapter 11 Cases") filed the *Second Modified Third Amended Joint Chapter 11
   Plan of Liquidation of Easterday Ranches, Inc. and Easterday Farms* [Docket No. 1653] (the "Plan")
25 and related disclosure statement [Docket No. 1654] (the "Disclosure Statement"). On May [●], 2022,
   the court entered an order approving the Disclosure Statement [Docket No. ●] (the "Disclosure
26 Statement Order") and certain related materials (collectively, the "Solicitation Materials").

27 ─────────────────────
   [1]  The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141)
28       and Easterday Farms, a Washington general partnership (21-00176).

**A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held on July 19, 2022 at 10:00 a.m. (Pacific Time), before the Honorable Whitman L. Holt, and shall be conducted in person at 402 East Yakima Avenue, Suite 200, Yakima, Washington 98901 and by telephone, unless otherwise ordered by the court.**

The record date for determining which holders of claims or interests in the Debtors may vote on the Plan is **May 25, 2022 at 5:00 p.m. (Pacific Time)** (the "Voting Record Date"). If you have received a ballot form (a "Ballot") with this Notice, you are eligible to vote to accept or reject the Plan.

For your Ballot to be counted, you must complete all required information on the Ballot, execute the Ballot and **return the completed Ballot to the address indicated on the Ballot so that it is received by July 5, 2022 at 5:00 p.m. (Pacific Time)** (the "Voting Deadline"). Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify your Ballot and your vote.

If you wish to have your claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), you are required to file a motion to estimate such claim pursuant to Bankruptcy Rule 3018(a) (a "Claims Estimation Motion") for such temporary allowance by the later of (i) **June 28, 2022 at 5:00 p.m. (Pacific Time)** (the "Voting Objection Deadline") or (ii) if your claim is the subject of an objection or motion seeking a determination of such claim (a "Determination Motion"), seven (7) calendar days after the filing of the applicable objection or Determination Motion. In the event that a Determination Motion or Claims Estimation Motion is filed, the non-moving party shall be required to file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven (7) calendar days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). A hearing will be scheduled (subject to the court's availability) on such motion within seven (7) calendar days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing. Any ruling by the court on any Determination Motion or Claims Estimation Motion shall be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) be counted, for voting purposes only, in the amount determined by the court.

The court has established **July 8, 2022 at 5:00 p.m. (Pacific Time)**, as the last date and time for filing and serving objections to the confirmation of the Plan (the "Plan Objection Deadline"). All objections must state with particularity the legal and factual grounds for such objection; (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection; (iv) be filed with the court and served so as to be received by the Plan Objection Deadline; and (v) served on the following parties (collectively, the "Notice Parties"):

   i.   Counsel to the Debtors: (a) Bush Kornfeld LLP, 601 Union Suite, Suite 500, Seattle, WA 98101, Attention: Armand J. Kornfeld (jkornfeld@bskd.com) and Thomas A. Buford (tbuford@bskd.com); and (b) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067, Attention: Richard M. Pachulski (rpachulski@pszjlaw.com), Ira D. Kharasch (ikharasch@pszjlaw.com), Jeffrey W. Dulberg (jdulberg@pszjlaw.com) and Jason Rosell (jrosell@pszjlaw.com);

   ii.  United States Trustee: the Office of the United States Trustee for the Eastern District of Washington, 920 W Riverside Ave, Suite 593, Spokane, WA 99201, Attn: Gary W. Dyer (Gary.W.Dyer@usdoj.gov);

   iii. Counsel to the Ranches Committee: (a) Cooley LLP, 1700 Seventh Avenue, Suite 1900, Seattle, WA 98101, Attention: Christopher Durbin (cdurbin@cooley.com); and (b) Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attention: Michael Klein (mklein@cooley.com);

fe27k5016z

iv.  Counsel to the Farms Committee: Buchalter, a Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612, Attention: Joseph M. Welch (jwelch@buchalter.com) and Julian I. Gurule (jgurule@buchalter.com); and

v.  any party that has requested notice pursuant to Bankruptcy Rule 2002.

**Objections not timely filed and served by the Plan Objection Deadline in accordance with the provisions of this Notice will not be heard and will be overruled.**

The Plan contains certain provisions relating to (a) the release of the Released Parties, (b) exculpation of the Exculpated Parties, and (c) certain injunctions protecting the assets of the Estates to be distributed under the Plan as more specifically described in Section 10 of the Plan, and, if the Plan is confirmed and the Effective Date occurs, such releases, exculpations, and injunctions shall be binding on the Holders of Claims and Interests except as otherwise described in Section 10 of the Plan.

**Section 10 of the Plan contains the proposed injunction, exculpation, and release provisions set forth on Annex 1 hereto.**

**ON THE EFFECTIVE DATE, AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE PLAN WILL BIND, AND WILL BE DEEMED BINDING UPON, ALL HOLDERS OF CLAIMS AGAINST, AND INTERESTS IN, THE DEBTORS AND SUCH HOLDER'S RESPECTIVE SUCCESSORS AND ASSIGNS, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NOTWITHSTANDING WHETHER OR NOT SUCH HOLDER (I) WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, (II) HAS FILED A PROOF OF CLAIM OR INTEREST IN THE CHAPTER 11 CASE OR (III) FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR AFFIRMATIVELY VOTED TO REJECT THE PLAN.**

Any party in interest wishing to obtain copies of the Disclosure Statement or the Plan may do so free or charge by (i) sending a written request via standard overnight or hand delivery to: **Easterday Ballot Processing Center, c/o PSZJ, 10100 Santa Monica Blvd, 13th Floor Los Angeles, CA 90067-4003, Attn: Patricia Jeffries**, (ii) e-mail request to pjeffries@pszjlaw.com or, (iii) accessing such documents online at https://cases.creditorinfo.com/EasterdayRanches.

The Confirmation Hearing may be continued from time to time without further notice except for (i) an announcement made at the Confirmation Hearing or any adjourned confirmation hearing or (ii) a written notice filed with the court and served on all parties who have filed objections to confirmation of the Plan, the United States Trustee, and all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

Dated: May __, 2022          BUSH KORNFELD LLP

                             */s/ Thomas A. Buford, III*
                             THOMAS A. BUFORD, III (WSBA 52969)
                             BUSH KORNFELD LLP

                             RICHARD M. PACHULSKI (admitted *pro hac vice*)
                             JEFFREY W. DULBERG (admitted *pro hac vice*)
                             MAXIM B. LITVAK (admitted *pro hac vice*)
                             PACHULSKI STANG ZIEHL & JONES LLP

                             *Attorneys for Debtors and Debtors in Possession*

fe27k5016z

**ANNEX 1 TO EXHIBIT A**
**(SECTION 10 OF THE PLAN)**
**[Intentionally Omitted]**

# EXHIBIT B

## NOTICE OF NON-VOTING STATUS

fe27k5016z

DOCS_NY:45734.3

1    ARMAND J. KORNFELD (WSBA #17214)
     THOMAS A. BUFORD (WSBA #52969)
2    RICHARD B. KEETON (WSBA #51537)
     BUSH KORNFELD LLP
3    601 Union Street, Suite 5000
     Seattle, WA 98101
4    Tel.: (206) 292-2110
     Facsimile: (206) 292-2104
5    Emails: jkornfeld@bskd.com, tbuford@bskd.com,
     and rkeeton@bskd.com
6

7    RICHARD M. PACHULSKI (CA Bar #90073)*
     JEFFREY W. DULBERG (CA Bar #181200)*
     MAXIM B. LITVAK (CA Bar #215852)*
8    PACHULSKI STANG ZIEHL & JONES LLP
     10100 Santa Monica Blvd., 13th Floor
9    Los Angeles, CA 90067-4003
     Tel: (310) 277-6910
10   Facsimile: (310) 201-0760
     Emails: rpachulski@pszjlaw.com,
11   jdulberg@pszjlaw.com, and mlitvak@pszjlaw.com

12   *Admitted *Pro Hac Vice*

13   *Attorneys for Debtors and Debtors in Possession*

14

             UNITED STATES BANKRUPTCY COURT
15               EASTERN DISTRICT OF WASHINGTON

16   In re                     Chapter 11

17

18   EASTERDAY RANCHES, INC., *et al.*      Lead Case No. 21-00141-11
                              Jointly Administered
                 Debtors.[1]

19

20

### NOTICE OF NON-VOTING STATUS WITH RESPECT TO CLASSES <u>DEEMED TO ACCEPT OR REJECT DEBTORS' CHAPTER 11 PLAN</u>

21

22       **PLEASE TAKE NOTICE** that, on May 27, 2022, Easterday Ranches, Inc. ("<u>Ranches</u>") and Easterday Farms, a Washington general partnership ("<u>Farms</u>" and together with Ranches, the "<u>Debtors</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>") filed the *Second Modified Third Amended Joint Chapter 11 Plan of Liquidation of Easterday Ranches, Inc. and Easterday Farms* [Docket No. 1653] (the "<u>Plan</u>") and related disclosure statement [Docket No. 1654] (the "<u>Disclosure Statement</u>"). On May [●], 2022 the court entered an order approving the Disclosure Statement [Docket No. ●] (the "<u>Disclosure Statement Order</u>") and certain related materials (collectively, the "<u>Solicitation Materials</u>").

26

27

---

[1]   The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

PLEASE TAKE FURTHER NOTICE that, pursuant to section 1126(f) of the Bankruptcy Code, Holders of Class 1 Claims (Secured Claims) and Class 2 Claims (Priority Claims) under the Plan, which are Unimpaired, are deemed to have accepted the Plan and are not entitled to vote. Also, pursuant to section 1126(g) of the Bankruptcy Code, Holders of Class 7 Claims (Subordinated Claims) and Holders of Class 9 Interests (Interests) under the Plan, which are Impaired and shall neither receive nor retain any property under the Plan on account of such Subordinated Claims or Interests, are deemed to have rejected the Plan, and are not entitled to vote. Accordingly, the Debtors are not required to transmit a Solicitation Package to holders of Claims, Subordinated Claims, and/or Interests in Classes 1, 2, 7, and 9 of the Plan (each, a "Non-Voting Class") pursuant to the Disclosure Statement Order. Instead, you have been sent this notice because you have been identified as a holder of a Claim or Equity Interest in a Non-Voting Class.

PLEASE TAKE FURTHER NOTICE that a hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held on July 19, 2022 at 10:00 a.m. (Pacific Time), before the Honorable Whitman L. Holt, and shall be conducted in person at 402 East Yakima Avenue, Suite 200, Yakima, Washington 98901 and by telephone, unless otherwise ordered by the court.

PLEASE TAKE FURTHER NOTICE that the court has established **July 8, 2022 at 5:00 p.m. (Pacific Time)** as the last date and time for filing and serving objections to confirmation of the Plan (the "Plan Objection Deadline"). All objections must state with particularity the legal and factual grounds for such objection; (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection; (iv) be filed with the court and served so as to be received by the Plan Objection Deadline; and (v) served on the following parties (collectively, the "Notice Parties"):

    i.   Counsel to the Debtors: (a) Bush Kornfeld LLP, 601 Union Suite, Suite 500, Seattle, WA 98101, Attention: Armand J. Kornfeld (jkornfeld@bskd.com) and Thomas A. Buford (tbuford@bskd.com); and (b) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067, Attention: Richard M. Pachulski (rpachulski@pszjlaw.com), Ira D. Kharasch (ikharasch@pszjlaw.com), Jeffrey W. Dulberg (jdulberg@pszjlaw.com) and Jason Rosell (jrosell@pszjlaw.com);

    ii.   United States Trustee: the Office of the United States Trustee for the Eastern District of Washington, 920 W Riverside Ave, Suite 593, Spokane, WA 99201, Attn: Gary W. Dyer (Gary.W.Dyer@usdoj.gov);

    iii.   Counsel to the Ranches Committee: (a) Cooley LLP, 1700 Seventh Avenue, Suite 1900, Seattle, WA 98101, Attention: Christopher Durbin (cdurbin@cooley.com); and (b) Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attention: Michael Klein (mklein@cooley.com);

    iv.   Counsel to the Farms Committee: Buchalter, a Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612, Attention: Joseph M. Welch (jwelch@buchalter.com) and Julian I. Gurule (jgurule@buchalter.com); and

    v.   any party that has requested notice pursuant to Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE that objections not timely filed and served by the Plan Objection Deadline in accordance with the provisions of this Notice will not be heard and will be overruled.

PLEASE TAKE FURTHER NOTICE that the Plan contains certain provisions relating to (a) the release of the Released Parties, (b) exculpation of the Exculpated Parties, and (c) certain injunctions protecting the assets of the Estates to be distributed under the Plan as more specifically described in Section 10 of the Plan, and, if the Plan is confirmed and the Effective Date occurs, such

fe27k5016z

releases, exculpations and injunctions shall be binding on the Holders of Claims and Interests except as otherwise described in Section 10 of the Plan.

**PLEASE TAKE FURTHER NOTICE that Section 10 of the Plan contains the proposed injunction, exculpation, and release provisions set forth on Annex 1 hereto.**

**PLEASE TAKE FURTHER NOTICE THAT ON THE EFFECTIVE DATE, AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE PLAN WILL BIND, AND WILL BE DEEMED BINDING UPON, ALL HOLDERS OF CLAIMS AGAINST, AND INTERESTS IN, THE DEBTORS AND SUCH HOLDER'S RESPECTIVE SUCCESSORS AND ASSIGNS, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NOTWITHSTANDING WHETHER OR NOT SUCH HOLDER (I) WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, (II) HAS FILED A PROOF OF CLAIM OR INTEREST IN THE CHAPTER 11 CASE, OR (III) FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR AFFIRMATIVELY VOTED TO REJECT THE PLAN.**

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to obtain copies of the Disclosure Statement or the Plan may do so free or charge by (i) sending a written request via standard overnight or hand delivery to: **Easterday Ballot Processing Center, c/o PSZJ, 10100 Santa Monica Blvd, 13th Floor Los Angeles, CA 90067-4003, Attn: Patricia Jeffries**, (ii) e-mail request to pjeffries@pszjlaw.com or, (iii) accessing such documents online at https://cases.creditorinfo.com/EasterdayRanches.

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing may be continued from time to time without further notice except for (i) an announcement made at the Confirmation Hearing or any adjourned confirmation hearing or (ii) a written notice filed with the court and served on all parties who have filed objections to confirmation of the Plan, the United States Trustee, and all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

Dated: _____, 2022        BUSH KORNFELD LLP

*/s/ Thomas A. Buford, III*
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
MAXIM B. LITVAK (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Debtors and Debtors in Possession*

fe27k5016z

**ANNEX 1 TO EXHIBIT B**
**(FROM SECTION 10 OF THE PLAN)**
**[Intentionally Omitted]**

DOCS_NY:45734.3

**EXHIBIT C**

**FORM OF BALLOT FOR CLASS 3 CLAIMS**

DOCS_NY:45734.3

fe27k5016z

ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
MAXIM B. LITVAK (CA Bar #215852)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
mlitvak@pszjlaw.com

*Admitted *Pro Hac Vice*

Attorneys for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-11 |
| Debtors.[1] | Jointly Administered |

## BALLOT TO ACCEPT OR REJECT
## THIRD AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF
## EASTERDAY RANCHES, INC. AND EASTERDAY FARMS

### CLASS 3: FARMS GENERAL UNSECURED CLAIMS

   **PLEASE TAKE NOTICE** that, on May 27, 2022, Easterday Ranches, Inc. ("Ranches") and Easterday Farms, a Washington general partnership ("Farms" and, together with Ranches, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") filed the *Second Modified Third Amended Joint Chapter 11 Plan of Liquidation of Easterday Ranches, Inc. and Easterday Farms* [Docket No. 1653] (the "Plan") and related disclosure statement [Docket No. 1654] (the "Disclosure

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

fe27k5016z

Statement"). On May [●], 2022, the court entered an order approving the Disclosure Statement [Docket No. ●] (the "Disclosure Statement Order") and certain related materials (collectively, the "Solicitation Materials").

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF HOLDERS OF CLASS 3 CLAIMS (FARMS GENERAL UNSECURED CLAIMS) FOR VOTING. PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY. IF THE SOLICITATION AGENT HAS NOT RECEIVED THIS BALLOT BY JULY 5, 2022 AT 5:00 P.M. (PACIFIC TIME) (THE "VOTING DEADLINE"), UNLESS EXTENDED AT THE SOLE DISCRETION OF THE DEBTORS, IT WILL NOT BE COUNTED. FACSIMILE BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the Plan. The Plan is described in the related Disclosure Statement. The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim(s) under the Plan.

The Plan can be confirmed by the court and thereby made binding on you if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in Class 3 and who vote on the Plan and if the Plan otherwise satisfies applicable legal requirements.

The Plan contains certain provisions relating to (a) the release of the Released Parties, (b) exculpation of the Exculpated Parties, and (c) certain injunctions protecting the assets of the Estates to be distributed under the Plan as more specifically described in Section 10 of the Plan and as set forth in Annex 1 hereto, and, if the Plan is confirmed and the Effective Date occurs, such releases, exculpations, and injunctions shall be binding on the Holders of Claims and Interests except as otherwise described in Section 10 of the Plan.

**SECTION 10 OF THE PLAN CONTAINS THE PROPOSED INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH ON ANNEX 1 HERETO.**

**ON THE EFFECTIVE DATE, AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE PLAN WILL BIND, AND WILL BE DEEMED BINDING UPON, ALL HOLDERS OF CLAIMS AGAINST, AND INTERESTS IN, THE DEBTORS AND SUCH HOLDER'S RESPECTIVE SUCCESSORS AND ASSIGNS, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NOTWITHSTANDING WHETHER OR NOT SUCH HOLDER (I) WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, (II) HAS FILED A PROOF OF CLAIM OR INTEREST IN THE CHAPTER 11 CASES, OR (III) FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR AFFIRMATIVELY VOTED TO REJECT THE PLAN**

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR IF YOU LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT.

PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, the holder of a Class 3 Claim (Farms General Unsecured Claim) hereby votes, in the amount set forth below, as follows (check one box):

☐ **Accept** the Plan          ☐ **Reject** the Plan.

**Amount of Claim: $_____**

**Item 2. THIRD PARTY RELEASES**: IF YOU VOTE TO ACCEPT THE PLAN AND DO NOT EXERCISE YOUR RIGHT TO OPT OUT OF THE RELEASE BY HOLDERS OF CLAIMS (A "THIRD PARTY RELEASE" AS SET FORTH IN SECTION 10.2 OF THE PLAN AND AS DESCRIBED IN ANNEX1 HERETO), YOU HAVE CONSENTED TO THE THIRD PARTY RELEASE. IF YOU VOTE TO REJECT THE PLAN, YOU AUTOMATICALLY ARE DEEMED TO OPT OUT OF THE THIRD PARTY RELEASE.

**YOU MAY ELECT TO OPT OUT OF THE THIRD PARTY RELEASE IF YOU VOTED TO ACCEPT THE PLAN IN ITEM 1. IF YOU VOTED TO REJECT THE PLAN IN ITEM 1, YOU ARE AUTOMATICALLY DEEMED TO OPT OUT OF THE THIRD PARTY RELEASE.**

THE HOLDER OF THE CLAIMS SET FORTH IN ITEM 1 ELECTS TO:

☐      OPT OUT OF THE THIRD PARTY RELEASE

**Item 3. Acknowledgments**. By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

| | |
|---|---|
| _____ | _____ |
| Name of Creditor | Social Security or Federal Tax I.D. No. (optional) |
| _____ | _____ |
| Signature | Date Completed |
| _____ | |
| If by Authorized Agent, Name and Title | Street Address |
| | _____ |
| | City, State, Zip Code |
| | _____ |
| | Telephone Number |

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1.      In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date, and return the Ballot by mail, overnight courier, personal delivery, or email to the Solicitation Agent at the following address:

<u>Physical Mail:</u>
**Easterday Ballot Processing Center**
**c/o Pachulski Stang Ziehl & Jones LLP**
**10100 Santa Monica Blvd, 13th Floor**
**Los Angeles, CA 90067-4003**
**Attn: Patricia Jeffries**
**-or-**
<u>Electronic Mail:</u>
**Email Address: pjeffries@pszjlaw.com**
**Subject Line: Easterday Ballot Submission**
**Attachment: A completed and signed ballot must be attached in PDF format.**

An envelope addressed to the Solicitation Agent is enclosed for your convenience.

**Ballots must be received by the Solicitation Agent by July 5, 2022 at 5:00 p.m. (Pacific Time) (the "<u>Voting Deadline</u>").  If a Ballot is received after the Voting Deadline, it will not be counted.**

2.      If you vote to accept the Plan and wish to exercise your right to opt out of the Third Party Release, you must check the box in Item 2.  IF YOU VOTE TO ACCEPT THE PLAN AND DO NOT EXERCISE YOUR RIGHT TO OPT OUT OF THE THIRD PARTY RELEASE, YOU HAVE CONSENTED TO THE THIRD PARTY RELEASE. If you vote to reject the Plan, you automatically are deemed to opt out of the Third Party Release.

3.      **Please sign and date your ballot as required in Item 3 above.  Your signature is required before your ballot may be counted.**

4.      If you wish to have your claim temporarily allowed at a different amount for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), you are required to file a motion to estimate such claim pursuant to Bankruptcy Rule 3018(a) (a "<u>Claims Estimation Motion</u>") for such temporary allowance by the later of (i) **June 28, 2022 at 5:00 p.m. (Pacific Time)** (the "<u>Voting Objection Deadline</u>") or (ii) if your claim is the subject of an objection or motion seeking a determination of such claim (a "<u>Determination Motion</u>"), seven (7) days after the filing of the applicable objection or Determination Motion. In the event that a Determination Motion or Claims Estimation Motion is filed, the non-moving party shall be required to file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven (7) calendar days after the filing of the applicable motion (the "<u>Voting Objection Reply Deadline</u>").  A hearing will be scheduled (subject to the court's availability) on such motion within seven (7) calendar days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing.  Any ruling by the court on any Determination Motion or Claims Estimation Motion shall be considered a ruling with respect to the allowance

DOCS_NY:45734.3

fe27k5016z

of the claim(s) under Bankruptcy Rule 3018 and such claim(s) be counted, for voting purposes only, in the amount determined by the court.

5. The following voting and standard assumptions shall be used in tabulating Ballots, including yours:

a. Except to the extent the Debtors otherwise determine, or as permitted by the court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

b. Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

c. Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

d. Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

e. Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the court orders otherwise;

f. Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

g. The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h. Delivery of the original executed Ballot to the Solicitation Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile will not be accepted unless otherwise ordered by the court;

j. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l. The Debtors, subject to contrary order of the court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the

Debtors may reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m.   Unless otherwise ordered by the court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

n.   If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim shall not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the court orders otherwise;

o.   Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p.   Unless waived or as otherwise ordered by the court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q.   Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r.   No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

s.   The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

t.   The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Interest.

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**PLEASE RETURN YOUR BALLOT PROMPTLY. THE SOLICITATION AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE.**

DOCS_NY:45734.3

# ANNEX 1 TO EXHIBIT C

## (FROM SECTION 10 OF THE PLAN)
### [Intentionally Omitted]

DOCS_NY:45734.3

fe27k5016z

1

2

# EXHIBIT D

3

## FORM OF BALLOT FOR CLASS 4 CLAIMS

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
MAXIM B. LITVAK (CA Bar #215852)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
mlitvak@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-11 |
| Debtors.[1] | Jointly Administered |

## BALLOT TO ACCEPT OR REJECT
## THIRD AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF
## EASTERDAY RANCHES, INC. AND EASTERDAY FARMS

## CLASS 4: RANCHES GENERAL UNSECURED CLAIMS

**PLEASE TAKE NOTICE PLEASE TAKE NOTICE** that, on May 27, 2022, Easterday Ranches, Inc. ("Ranches") and Easterday Farms, a Washington general partnership ("Farms" and, together with Ranches, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") filed the *Second Modified Third Amended Joint Chapter 11 Plan of Liquidation of Easterday Ranches, Inc. and Easterday Farms* [Docket No. 1653] (the "Plan") and related disclosure statement [Docket No. 1654] (the "Disclosure Statement"). On May [●], 2022, the court entered an order approving the

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

Disclosure Statement [Docket No. ●] (the "<u>Disclosure Statement Order</u>") and certain related materials (collectively, the "<u>Solicitation Materials</u>").

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF HOLDERS OF CLASS 4 CLAIMS (RANCHES GENERAL UNSECURED CLAIMS) FOR VOTING. PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY. IF THE SOLICITATION AGENT HAS NOT RECEIVED THIS BALLOT BY JULY 5, 2022 AT 5:00 P.M. (PACIFIC TIME) (THE "VOTING DEADLINE"), UNLESS EXTENDED AT THE SOLE DISCRETION OF THE DEBTORS, IT WILL NOT BE COUNTED. FACSIMILE BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the Plan. The Plan is described in the related Disclosure Statement. The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim(s) under the Plan.

The Plan can be confirmed by the court and thereby made binding on you if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in Class 4 and who vote on the Plan and if the Plan otherwise satisfies applicable legal requirements.

The Plan contains certain provisions relating to (a) the release of the Released Parties, (b) exculpation of the Exculpated Parties, and (c) certain injunctions protecting the assets of the Estates to be distributed under the Plan as more specifically described in Section 10 of the Plan and as set forth in Annex1 hereto, and, if the Plan is confirmed and the Effective Date occurs, such releases, exculpations, and injunctions shall be binding on the Holders of Claims and Interests except as otherwise described in Section 10 of the Plan.

**SECTION 10 OF THE PLAN CONTAINS THE PROPOSED INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH ON ANNEX 1 HERETO.**

**ON THE EFFECTIVE DATE, AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE PLAN WILL BIND, AND WILL BE DEEMED BINDING UPON, ALL HOLDERS OF CLAIMS AGAINST, AND INTERESTS IN, THE DEBTORS AND SUCH HOLDER'S RESPECTIVE SUCCESSORS AND ASSIGNS, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NOTWITHSTANDING WHETHER OR NOT SUCH HOLDER (I) WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, (II) HAS FILED A PROOF OF CLAIM OR INTEREST IN THE CHAPTER 11 CASES OR (III) FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR AFFIRMATIVELY VOTED TO REJECT THE PLAN**

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR IF YOU LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT.

PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, the holder of a Class 4 Claim (Ranches General Unsecured Claim) hereby votes, in the amount set forth below, as follows (check one box):

☐ **Accept** the Plan          ☐ **Reject** the Plan.

**Amount of Claim: $**_____

**Item 2. THIRD PARTY RELEASES**: IF YOU VOTE TO ACCEPT THE PLAN AND DO NOT EXERCISE YOUR RIGHT TO OPT OUT OF THE RELEASE BY HOLDERS OF CLAIMS (A "THIRD PARTY RELEASE" AS SET FORTH IN SECTION 10.2 OF THE PLAN AND AS DESCRIBED IN ANNEX1 HERETO), YOU HAVE CONSENTED TO THE THIRD PARTY RELEASE. IF YOU VOTE TO REJECT THE PLAN, YOU AUTOMATICALLY ARE DEEMED TO OPT OUT OF THE THIRD PARTY RELEASE.

**YOU MAY ELECT TO OPT OUT OF THE THIRD PARTY RELEASE IF YOU VOTED TO ACCEPT THE PLAN IN ITEM 1. IF YOU VOTED TO REJECT THE PLAN IN ITEM 1, YOU ARE AUTOMATICALLY DEEMED TO OPT OUT OF THE THIRD PARTY RELEASE.**

THE HOLDER OF THE CLAIMS SET FORTH IN ITEM 1 ELECTS TO:

☐     OPT OUT OF THE THIRD PARTY RELEASE

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

| | |
|---|---|
| _____ | _____ |
| Name of Creditor | Social Security or Federal Tax I.D. No. (optional) |
| _____ | _____ |
| Signature | Date Completed |
| _____ | _____ |
| If by Authorized Agent, Name and Title | Street Address |
| | _____ |
| | City, State, Zip Code |
| | _____ |
| | Telephone Number |

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1.      In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date, and return the Ballot by mail, overnight courier, personal delivery, or email to the Solicitation Agent at the following address:

**<u>Physical Mail:</u>**
**Easterday Ballot Processing Center**
**c/o Pachulski Stang Ziehl & Jones LLP**
**10100 Santa Monica Blvd, 13th Floor**
**Los Angeles, CA 90067-4003**
**Attn: Patricia Jeffries**
**-or-**
**<u>Electronic Mail:</u>**
**Email Address: pjeffries@pszjlaw.com**
**Subject Line: Easterday Ballot Submission**
**Attachment: A completed and signed ballot must be attached in PDF format.**

An envelope addressed to the Solicitation Agent is enclosed for your convenience.

**Ballots must be received by the Solicitation Agent by July 5, 2022 at 5:00 p.m. (Pacific Time) (the "<u>Voting Deadline</u>").  If a Ballot is received after the Voting Deadline, it will not be counted.**

2.      If you vote to accept the Plan and wish to exercise your right to opt out of the Third Party Release, you must check the box in Item 2.  IF YOU VOTE TO ACCEPT THE PLAN AND DO NOT EXERCISE YOUR RIGHT TO OPT OUT OF THE THIRD PARTY RELEASE, YOU HAVE CONSENTED TO THE THIRD PARTY RELEASE. If you vote to reject the Plan, you automatically are deemed to opt out of the Third Party Release.

3.      **Please sign and date your ballot as required in Item 3 above.  Your signature is required before your ballot may be counted.**

4.      If you wish to have your claim temporarily allowed at a different amount for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), you are required to file a motion to estimate such claim pursuant to Bankruptcy Rule 3018(a) (a "<u>Claims Estimation Motion</u>") for such temporary allowance by the later of (i) **June 28, 2022 at 5:00 p.m. (Pacific Time)** (the "<u>Voting Objection Deadline</u>") or (ii) if your claim is the subject of an objection or motion seeking a determination of such claim (a "<u>Determination Motion</u>"), seven (7) days after the filing of the applicable objection or Determination Motion. In the event that a Determination Motion or Claims Estimation Motion is filed, the non-moving party shall be required to file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven (7) calendar days after the filing of the applicable motion (the "<u>Voting Objection Reply Deadline</u>").  A hearing will be scheduled (subject to the court's availability) on such motion within seven (7) calendar days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing.  Any ruling by the court on any Determination Motion or Claims Estimation Motion shall be considered a ruling with respect to the allowance

of the claim(s) under Bankruptcy Rule 3018 and such claim(s) be counted, for voting purposes only, in the amount determined by the court.

5.    The following voting and standard assumptions shall be used in tabulating Ballots, including yours:

Except to the extent the Debtors otherwise determine, or as permitted by the court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

b.    Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan.  If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

c.    Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

d.    Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

e.    Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the court orders otherwise;

f.    Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

g.    The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h.    Delivery of the original executed Ballot to the Solicitation Agent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile will not be accepted unless otherwise ordered by the court;

j.    If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k.    If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l.    The Debtors, subject to contrary order of the court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice.  Except as otherwise provided herein, the

Debtors may reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m. Unless otherwise ordered by the court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

n. If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim shall not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the court orders otherwise;

o. Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p. Unless waived or as otherwise ordered by the court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r. No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

s. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

t. The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Interest.

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**PLEASE RETURN YOUR BALLOT PROMPTLY. THE SOLICITATION AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE.**

# ANNEX 1 TO EXHIBIT D

## (FROM SECTION 10 OF THE PLAN)
### [Intentionally Omitted]

**EXHIBIT E**

**FORM OF BALLOT FOR CLASS 5 CLAIMS**

DOCS_NY:45734.3

ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
MAXIM B. LITVAK (CA Bar #215852)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
mlitvak@pszjlaw.com

*Admitted *Pro Hac Vice*

Attorneys for Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-11 |
| Debtors.[1] | Jointly Administered |

**BALLOT TO ACCEPT OR REJECT**
**THIRD AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF**
**EASTERDAY RANCHES, INC. AND EASTERDAY FARMS**

### CLASS 5: TYSON CLAIMS

**PLEASE TAKE NOTICE PLEASE TAKE NOTICE** that, on May 27, 2022, Easterday Ranches, Inc. ("Ranches") and Easterday Farms, a Washington general partnership ("Farms" and, together with Ranches, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") filed the *Second Modified Third Amended Joint Chapter 11 Plan of Liquidation of Easterday Ranches, Inc. and Easterday Farms* [Docket No. 1653] (the "Plan") and related disclosure statement [Docket No. 1654] (the

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

fe27k5016z

"Disclosure Statement"). On May [●], 2022, the court entered an order approving the Disclosure Statement [Docket No. ●] (the "Disclosure Statement Order") and certain related materials (collectively, the "Solicitation Materials").

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF HOLDERS OF CLASS 5 CLAIMS (TYSON CLAIMS) FOR VOTING. PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY. IF THE SOLICITATION AGENT HAS NOT RECEIVED THIS BALLOT BY JULY 5, 2022 AT 5:00 P.M. (PACIFIC TIME) (THE "VOTING DEADLINE"), UNLESS EXTENDED AT THE SOLE DISCRETION OF THE DEBTORS, IT WILL NOT BE COUNTED. FACSIMILE BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the Plan. The Plan is described in the related Disclosure Statement. The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim(s) under the Plan.

The Plan can be confirmed by the court and thereby made binding on you if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in Class 5 and who vote on the Plan and if the Plan otherwise satisfies applicable legal requirements.

The Plan contains certain provisions relating to (a) the release of the Released Parties, (b) exculpation of the Exculpated Parties, and (c) certain injunctions protecting the assets of the Estates to be distributed under the Plan as more specifically described in Section 10 of the Plan and as set forth in Annex 1 hereto, and, if the Plan is confirmed and the Effective Date occurs, such releases, exculpations, and injunctions shall be binding on the Holders of Claims and Interests except as otherwise described in Section 10 of the Plan.

**SECTION 10 OF THE PLAN CONTAINS THE PROPOSED INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH ON ANNEX 1 HERETO.**

**ON THE EFFECTIVE DATE, AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE PLAN WILL BIND, AND WILL BE DEEMED BINDING UPON, ALL HOLDERS OF CLAIMS AGAINST, AND INTERESTS IN, THE DEBTORS AND SUCH HOLDER'S RESPECTIVE SUCCESSORS AND ASSIGNS, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NOTWITHSTANDING WHETHER OR NOT SUCH HOLDER (I) WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, (II) HAS FILED A PROOF OF CLAIM OR INTEREST IN THE CHAPTER 11 CASES OR (III) FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR AFFIRMATIVELY VOTED TO REJECT THE PLAN**

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR IF YOU LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT.

PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, the holder of a Class 5 Claim (Tyson Claims) hereby votes, in the amount set forth below, as follows (check one box):

☐ **Accept** the Plan          ☐ **Reject** the Plan.

**Amount of Claim: $261,316,000.00**

**Item 2. THIRD PARTY RELEASES**: IF YOU VOTE TO ACCEPT THE PLAN AND DO NOT EXERCISE YOUR RIGHT TO OPT OUT OF THE RELEASE BY HOLDERS OF CLAIMS (A "THIRD PARTY RELEASE" AS SET FORTH IN SECTION 10.2 OF THE PLAN AND AS DESCRIBED IN ANNEX1 HERETO), YOU HAVE CONSENTED TO THE THIRD PARTY RELEASE. IF YOU VOTE TO REJECT THE PLAN, YOU AUTOMATICALLY ARE DEEMED TO OPT OUT OF THE THIRD PARTY RELEASE.

**YOU MAY ELECT TO OPT OUT OF THE THIRD PARTY RELEASE IF YOU VOTED TO ACCEPT THE PLAN IN ITEM 1. IF YOU VOTED TO REJECT THE PLAN IN ITEM 1, YOU ARE AUTOMATICALLY DEEMED TO OPT OUT OF THE THIRD PARTY RELEASE.**

THE HOLDER OF THE CLAIMS SET FORTH IN ITEM 1 ELECTS TO:

☐        OPT OUT OF THE THIRD PARTY RELEASE

**Item 3. Acknowledgments**. By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

_____          _____
Name of Creditor                                          Social Security or Federal Tax I.D.
                                                                    No. (optional)

_____          _____
Signature                                                      Date Completed

_____          _____
If by Authorized Agent, Name and Title        Street Address

                                                                    _____
                                                                    City, State, Zip Code

_____          _____
                                                                    Telephone Number

DOCS_NY:45734.3

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1.    In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date, and return the Ballot by mail, overnight courier, personal delivery, or email to the Solicitation Agent at the following address:

<u>Physical Mail:</u>
**Easterday Ballot Processing Center**
**c/o Pachulski Stang Ziehl & Jones LLP**
**10100 Santa Monica Blvd, 13th Floor**
**Los Angeles, CA 90067-4003**
**Attn: Patricia Jeffries**
**-or-**
<u>Electronic Mail:</u>
**Email Address: pjeffries@pszjlaw.com**
**Subject Line: Easterday Ballot Submission**
**Attachment: A completed and signed ballot must be attached in PDF format.**

An envelope addressed to the Solicitation Agent is enclosed for your convenience.

**Ballots must be received by the Solicitation Agent by July 5, 2022 at 5:00 p.m. (Pacific Time) (the "<u>Voting Deadline</u>"). If a Ballot is received after the Voting Deadline, it will not be counted.**

2.    If you vote to accept the Plan and wish to exercise your right to opt out of the Third Party Release, you must check the box in Item 2. IF YOU VOTE TO ACCEPT THE PLAN AND DO NOT EXERCISE YOUR RIGHT TO OPT OUT OF THE THIRD PARTY RELEASE, YOU HAVE CONSENTED TO THE THIRD PARTY RELEASE. If you vote to reject the Plan, you automatically are deemed to opt out of the Third Party Release.

3.    **Please sign and date your ballot as required in Item 3 above. Your signature is required before your ballot may be counted.**

4.    If you wish to have your claim temporarily allowed at a different amount for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), you are required to file a motion to estimate such claim pursuant to Bankruptcy Rule 3018(a) (a "<u>Claims Estimation Motion</u>") for such temporary allowance by the later of (i) **June 28, 2022 at 5:00 p.m.** (the "<u>Voting Objection Deadline</u>") or (ii) if your claim is the subject of an objection or motion seeking a determination of such claim (a "<u>Determination Motion</u>"), seven (7) days after the filing of the applicable objection or Determination Motion. In the event that a Determination Motion or Claims Estimation Motion is filed, the non-moving party shall be required to file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven (7) calendar days after the filing of the applicable motion (the "<u>Voting Objection Reply Deadline</u>"). A hearing will be scheduled (subject to the court's availability) on such motion within seven (7) calendar days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing. Any ruling by the court on any Determination Motion or Claims Estimation Motion shall be considered a ruling with respect to the allowance of the

claim(s) under Bankruptcy Rule 3018 and such claim(s) be counted, for voting purposes only, in the amount determined by the court.

5. The following voting and standard assumptions shall be used in tabulating Ballots, including yours:

a. Except to the extent the Debtors otherwise determine, or as permitted by the court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

b. Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

c. Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

d. Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

e. Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the court orders otherwise;

f. Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

g. The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h. Delivery of the original executed Ballot to the Solicitation Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile will not be accepted unless otherwise ordered by the court;

j. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l. The Debtors, subject to contrary order of the court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the

Debtors may reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m.  Unless otherwise ordered by the court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

n.  If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim shall not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the court orders otherwise;

o.  Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p.  Unless waived or as otherwise ordered by the court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q.  Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r.  No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

s.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

t.  The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Interest.

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**PLEASE RETURN YOUR BALLOT PROMPTLY. THE SOLICITATION AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE.**

fe27k5016z

# ANNEX 1 TO EXHIBIT E

## (FROM SECTION 10 OF THE PLAN)
### [Intentionally Omitted]

**EXHIBIT F**

**FORM OF BALLOT FOR CLASS 6 CLAIMS**

DOCS_NY:45734.3

fe27k5016z

1  ARMAND J. KORNFELD (WSBA #17214)
   THOMAS A. BUFORD (WSBA #52969)
2  RICHARD B. KEETON (WSBA #51537)
   BUSH KORNFELD LLP
3  601 Union Street, Suite 5000
   Seattle, WA 98101
4  Tel.: (206) 292-2110
   Facsimile: (206) 292-2104
5  Emails: jkornfeld@bskd.com,
   tbuford@bskd.com, and rkeeton@bskd.com
6
   RICHARD M. PACHULSKI (CA Bar #90073)*
7  JEFFREY W. DULBERG (CA Bar #181200)*
   MAXIM B. LITVAK (CA Bar #215852)*
8  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
9  Los Angeles, CA 90067-4003
   Tel: (310) 277-6910
10 Facsimile: (310) 201-0760
   Emails: rpachulski@pszjlaw.com,
11 jdulberg@pszjlaw.com, and
   mlitvak@pszjlaw.com
12
   *Admitted *Pro Hac Vice*
13
   Attorneys for Debtors and Debtors in Possession
14
15                UNITED STATES BANKRUPTCY COURT
                   EASTERN DISTRICT OF WASHINGTON
16

17  In re                          | Chapter 11

18  EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-11
                                      | Jointly Administered
19               Debtors.[1]

20

21            **BALLOT TO ACCEPT OR REJECT**
   **THIRD AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF
22       EASTERDAY RANCHES, INC. AND EASTERDAY FARMS**

23          **CLASS 6: SEGALE CLAIMS AGAINST RANCHES**

24        **PLEASE TAKE NOTICE PLEASE TAKE NOTICE** that, on May 27, 2022,
   Easterday Ranches, Inc. ("Ranches") and Easterday Farms, a Washington general
25 partnership ("Farms" and, together with Ranches, the "Debtors") in the above-captioned
   chapter 11 cases (the "Chapter 11 Cases") filed the *Second Modified Third Amended
26 Joint Chapter 11 Plan of Liquidation of Easterday Ranches, Inc. and Easterday Farms*
   [Docket No. 1653] (the "Plan") and related disclosure statement [Docket No. 1654] (the

27  ─────────────────
   [1]  The Debtors along with their case numbers are as follows: Easterday Ranches, Inc.
28      (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

"Disclosure Statement"). On May [●], 2022, the court entered an order approving the Disclosure Statement [Docket No. ●] (the "Disclosure Statement Order") and certain related materials (collectively, the "Solicitation Materials").

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF HOLDERS OF CLASS 6 CLAIMS (SEGALE CLAIMS AGAINST RANCHES) FOR VOTING. PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY. IF THE SOLICITATION AGENT HAS NOT RECEIVED THIS BALLOT BY JULY 5, 2022 AT 5:00 P.M. (PACIFIC TIME) (THE "VOTING DEADLINE"), UNLESS EXTENDED AT THE SOLE DISCRETION OF THE DEBTORS, IT WILL NOT BE COUNTED. FACSIMILE BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the Plan. The Plan is described in the related Disclosure Statement. The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim(s) under the Plan.

The Plan can be confirmed by the court and thereby made binding on you if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in Class 6 and who vote on the Plan and if the Plan otherwise satisfies applicable legal requirements.

The Plan contains certain provisions relating to (a) the release of the Released Parties, (b) exculpation of the Exculpated Parties, and (c) certain injunctions protecting the assets of the Estates to be distributed under the Plan as more specifically described in Section 10 of the Plan and as set forth in Annex 1 hereto, and, if the Plan is confirmed and the Effective Date occurs, such releases, exculpations, and injunctions shall be binding on the Holders of Claims and Interests except as otherwise described in Section 10 of the Plan.

**SECTION 10 OF THE PLAN CONTAINS THE PROPOSED INJUNCTION, EXCULPATION AND RELEASE PROVISIONS SET FORTH ON ANNEX 1 HERETO.**

**ON THE EFFECTIVE DATE, AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE PLAN WILL BIND, AND WILL BE DEEMED BINDING UPON, ALL HOLDERS OF CLAIMS AGAINST, AND INTERESTS IN, THE DEBTORS AND SUCH HOLDER'S RESPECTIVE SUCCESSORS AND ASSIGNS, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NOTWITHSTANDING WHETHER OR NOT SUCH HOLDER (I) WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, (II) HAS FILED A PROOF OF CLAIM OR INTEREST IN THE CHAPTER 11 CASES OR (III) FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR AFFIRMATIVELY VOTED TO REJECT THE PLAN**

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR IF YOU LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT.

fe27k5016z

PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, the holder of a Class 6 Claim (Segale Claim Against Ranches) hereby votes, in the amount set forth below, as follows (check one box):

☐ **Accept** the Plan          ☐ **Reject** the Plan.

**Amount of Claim: $7,830,641.00**

**Item 2. THIRD PARTY RELEASES**: IF YOU VOTE TO ACCEPT THE PLAN AND DO NOT EXERCISE YOUR RIGHT TO OPT OUT OF THE RELEASE BY HOLDERS OF CLAIMS (A "THIRD PARTY RELEASE" AS SET FORTH IN SECTION 10.2 OF THE PLAN AND AS DESCRIBED IN ANNEX1 HERETO), YOU HAVE CONSENTED TO THE THIRD PARTY RELEASE. IF YOU VOTE TO REJECT THE PLAN, YOU AUTOMATICALLY ARE DEEMED TO OPT OUT OF THE THIRD PARTY RELEASE.

**YOU MAY ELECT TO OPT OUT OF THE THIRD PARTY RELEASE IF YOU VOTED TO ACCEPT THE PLAN IN ITEM 1. IF YOU VOTED TO REJECT THE PLAN IN ITEM 1, YOU ARE AUTOMATICALLY DEEMED TO OPT OUT OF THE THIRD PARTY RELEASE.**

THE HOLDER OF THE CLAIMS SET FORTH IN ITEM 1 ELECTS TO:

☐          OPT OUT OF THE THIRD PARTY RELEASE

**Item 3. Acknowledgments**. By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

| | |
|---|---|
| _____ | _____ |
| Name of Creditor | Social Security or Federal Tax I.D. No. (optional) |
| _____ | _____ |
| Signature | Date Completed |
| _____ | |
| If by Authorized Agent, Name and Title | Street Address |
| | _____ |
| | City, State, Zip Code |
| _____ | _____ |
| | Telephone Number |

DOCS_NY:45734.3

fe27k5016z

# VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1. In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date, and return the Ballot by mail, overnight courier, personal delivery, or email to the Solicitation Agent at the following address:

**Physical Mail:**
**Easterday Ballot Processing Center**
**c/o Pachulski Stang Ziehl & Jones LLP**
**10100 Santa Monica Blvd, 13th Floor**
**Los Angeles, CA 90067-4003**
**Attn: Patricia Jeffries**
**-or-**
**Electronic Mail:**
**Email Address: pjeffries@pszjlaw.com**
**Subject Line: Easterday Ballot Submission**
**Attachment: A completed and signed ballot must be attached in PDF format.**

An envelope addressed to the Solicitation Agent is enclosed for your convenience.

**Ballots must be received by the Solicitation Agent by July 5, 2022 at 5:00 p.m. (Pacific Time) (the "Voting Deadline"). If a Ballot is received after the Voting Deadline, it will not be counted.**

2. If you vote to accept the Plan and wish to exercise your right to opt out of the Third Party Release, you must check the box in Item 2. IF YOU VOTE TO ACCEPT THE PLAN AND DO NOT EXERCISE YOUR RIGHT TO OPT OUT OF THE THIRD PARTY RELEASE, YOU HAVE CONSENTED TO THE THIRD PARTY RELEASE. If you vote to reject the Plan, you automatically are deemed to opt out of the Third Party Release.

3. **Please sign and date your ballot as required in Item 3 above. Your signature is required before your ballot may be counted.**

4. If you wish to have your claim temporarily allowed at a different amount for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), you are required to file a motion to estimate such claim pursuant to Bankruptcy Rule 3018(a) (a "Claims Estimation Motion") for such temporary allowance by the later of (i) **June 28, 2022 at 5:00 p.m. (Pacific Time)** (the "Voting Objection Deadline") or (ii) if your claim is the subject of an objection or motion seeking a determination of such claim (a "Determination Motion"), seven (7) days after the filing of the applicable objection or Determination Motion. In the event that a Determination Motion or Claims Estimation Motion is filed, the non-moving party shall be required to file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven (7) calendar days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). A hearing will be scheduled (subject to the court's availability) on such motion within seven (7) calendar days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing. Any ruling by the court on any Determination Motion or Claims Estimation Motion shall be considered a ruling with respect to the allowance

fe27k5016z

of the claim(s) under Bankruptcy Rule 3018 and such claim(s) be counted, for voting purposes only, in the amount determined by the court.

5.      The following voting and standard assumptions shall be used in tabulating Ballots, including yours:

   a.  Except to the extent the Debtors otherwise determine, or as permitted by the court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

   b.  Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

   c.  Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

   d.  Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

   e.  Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the court orders otherwise;

   f.  Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

   g.  The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

   h.  Delivery of the original executed Ballot to the Solicitation Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile will not be accepted unless otherwise ordered by the court;

   j.  If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

   k.  If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

   l.  The Debtors, subject to contrary order of the court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the

DOCS_NY:45734.3

Debtors may reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m.     Unless otherwise ordered by the court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

n.     If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim shall not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the court orders otherwise;

o.     Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p.     Unless waived or as otherwise ordered by the court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q.     Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r.     No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

s.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

t.     The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Interest.

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**PLEASE RETURN YOUR BALLOT PROMPTLY. THE SOLICITATION AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE.**

DOCS_NY:45734.3

**ANNEX 1 TO EXHIBIT F**

**(FROM SECTION 10 OF THE PLAN)**
**[Intentionally Omitted]**