ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com, tbuford@bskd.com,
and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
MAXIM B. LITVAK (CA Bar #215852)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and mlitvak@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Lead Case No. 21-00141-11<br>Jointly Administered |

**NOTICE OF (A) HEARING TO
CONSIDER CONFIRMATION OF
DEBTORS' THIRD AMENDED JOINT CHAPTER 11
PLAN OF LIQUIDATION; (B) DEADLINE FOR VOTING
TO ACCEPT OR REJECT PLAN; AND (C) RELATED MATTERS**

On May 27, 2022, Easterday Ranches, Inc. ("Ranches") and Easterday Farms, a Washington general partnership ("Farms" and together with Ranches, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") filed the *Second Modified Third Amended Joint Chapter 11 Plan of Liquidation of Easterday Ranches, Inc. and Easterday Farms* [Docket No. 1653] (the "Plan") and related disclosure statement [Docket No. 1654] (the "Disclosure Statement"). On May 31, 2022, the court entered an order approving the Disclosure Statement [Docket No. 1658] (the "Disclosure Statement Order") and certain related materials (collectively, the "Solicitation Materials").

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

**A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held on July 19, 2022 at 10:00 a.m. (Pacific Time), before the Honorable Whitman L. Holt, and shall be conducted in person at 402 East Yakima Avenue, Suite 200, Yakima, Washington 98901 and by telephone, unless otherwise ordered by the court.**

The record date for determining which holders of claims or interests in the Debtors may vote on the Plan is **May 25, 2022 at 5:00 p.m. (Pacific Time)** (the "Voting Record Date"). If you have received a ballot form (a "Ballot") with this Notice, you are eligible to vote to accept or reject the Plan.

For your Ballot to be counted, you must complete all required information on the Ballot, execute the Ballot and **return the completed Ballot to the address indicated on the Ballot so that it is received by July 5, 2022 at 5:00 p.m. (Pacific Time)** (the "Voting Deadline"). Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify your Ballot and your vote.

If you wish to have your claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), you are required to file a motion to estimate such claim pursuant to Bankruptcy Rule 3018(a) (a "Claims Estimation Motion") for such temporary allowance by the later of (i) **June 28, 2022 at 5:00 p.m. (Pacific Time)** (the "Voting Objection Deadline") or (ii) if your claim is the subject of an objection or motion seeking a determination of such claim (a "Determination Motion"), seven (7) calendar days after the filing of the applicable objection or Determination Motion. In the event that a Determination Motion or Claims Estimation Motion is filed, the non-moving party shall be required to file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven (7) calendar days after the filing of the applicable motion (the "Voting Objection Reply Deadline"). A hearing will be scheduled (subject to the court's availability) on such motion within seven (7) calendar days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing. Any ruling by the court on any Determination Motion or Claims Estimation Motion shall be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) be counted, for voting purposes only, in the amount determined by the court.

The court has established **July 8, 2022 at 5:00 p.m. (Pacific Time)**, as the last date and time for filing and serving objections to the confirmation of the Plan (the "Plan Objection Deadline"). All objections must state with particularity the legal and factual grounds for such objection; (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection; (iv) be filed with the court and served so as to be received by the Plan Objection Deadline; and (v) served on the following parties (collectively, the "Notice Parties"):

    i. Counsel to the Debtors: (a) Bush Kornfeld LLP, 601 Union Suite, Suite 500, Seattle, WA 98101, Attention: Armand J. Kornfeld (jkornfeld@bskd.com) and Thomas A. Buford (tbuford@bskd.com); and (b) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067, Attention: Richard M. Pachulski (rpachulski@pszjlaw.com), Ira D. Kharasch (ikharasch@pszjlaw.com), Jeffrey W. Dulberg (jdulberg@pszjlaw.com) and Jason Rosell (jrosell@pszjlaw.com);

    ii. United States Trustee: the Office of the United States Trustee for the Eastern District of Washington, 920 W Riverside Ave, Suite 593, Spokane, WA 99201, Attn: Gary W. Dyer (Gary.W.Dyer@usdoj.gov);

    iii. Counsel to the Ranches Committee: (a) Cooley LLP, 1700 Seventh Avenue, Suite 1900, Seattle, WA 98101, Attention: Christopher Durbin (cdurbin@cooley.com); and (b) Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attention: Michael Klein (mklein@cooley.com);

    iv.  Counsel to the Farms Committee: Buchalter, a Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612, Attention: Joseph M. Welch (jwelch@buchalter.com) and Julian I. Gurule (jgurule@buchalter.com); and

    v.  any party that has requested notice pursuant to Bankruptcy Rule 2002.

**Objections not timely filed and served by the Plan Objection Deadline in accordance with the provisions of this Notice will not be heard and will be overruled.**

The Plan contains certain provisions relating to (a) the release of the Released Parties, (b) exculpation of the Exculpated Parties, and (c) certain injunctions protecting the assets of the Estates to be distributed under the Plan as more specifically described in Section 10 of the Plan, and, if the Plan is confirmed and the Effective Date occurs, such releases, exculpations, and injunctions shall be binding on the Holders of Claims and Interests except as otherwise described in Section 10 of the Plan.

**Section 10 of the Plan contains the proposed injunction, exculpation, and release provisions set forth on Annex 1 hereto.**

**ON THE EFFECTIVE DATE, AND EFFECTIVE AS OF THE EFFECTIVE DATE, THE PLAN WILL BIND, AND WILL BE DEEMED BINDING UPON, ALL HOLDERS OF CLAIMS AGAINST, AND INTERESTS IN, THE DEBTORS AND SUCH HOLDER'S RESPECTIVE SUCCESSORS AND ASSIGNS, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, NOTWITHSTANDING WHETHER OR NOT SUCH HOLDER (I) WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, (II) HAS FILED A PROOF OF CLAIM OR INTEREST IN THE CHAPTER 11 CASE OR (III) FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR AFFIRMATIVELY VOTED TO REJECT THE PLAN.**

Any party in interest wishing to obtain copies of the Disclosure Statement or the Plan may do so free or charge by (i) sending a written request via standard overnight or hand delivery to: **Easterday Ballot Processing Center, c/o PSZJ, 10100 Santa Monica Blvd, 13th Floor Los Angeles, CA 90067-4003, Attn: Patricia Jeffries**, (ii) e-mail request to pjeffries@pszjlaw.com or, (iii) accessing such documents online at https://cases.creditorinfo.com/EasterdayRanches.

The Confirmation Hearing may be continued from time to time without further notice except for (i) an announcement made at the Confirmation Hearing or any adjourned confirmation hearing or (ii) a written notice filed with the court and served on all parties who have filed objections to confirmation of the Plan, the United States Trustee, and all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

Dated: May 31, 2022    BUSH KORNFELD LLP

           */s/ Thomas A. Buford, III*
           THOMAS A. BUFORD, III (WSBA 52969)
           BUSH KORNFELD LLP

           RICHARD M. PACHULSKI (admitted *pro hac vice*)
           JEFFREY W. DULBERG (admitted *pro hac vice*)
           MAXIM B. LITVAK (admitted *pro hac vice*)
           PACHULSKI STANG ZIEHL & JONES LLP

           *Attorneys for Debtors and Debtors in Possession*

# ANNEX 1[1]

## RELEASES, INJUNCTION, AND RELATED PROVISIONS

**10.1** **Debtors' Releases.**

**(a)    On the Effective Date and to the fullest extent authorized by applicable law, the Released Parties and their respective property will be expressly, unconditionally, generally, individually, and collectively released, acquitted, and discharged by the Debtors on behalf of themselves, their estates, the Post-Effective Date Debtors, and the Plan Administrator (such that the Post-Effective Date Debtors and Plan Administrator will not hold any Claims or Causes of Action released pursuant to this Plan), for the good and valuable consideration provided by each of the Released Parties, from any and all actions, claims, debts, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative or deficiency claims asserted or that could be asserted by or on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, by state law (including Washington State partnership law), statute, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way to the Debtors, any of the Debtors' present or former assets, the Released Parties' interests in or management of the Debtors, this Plan, the Disclosure Statement, these Chapter 11 Cases, or the Sale Transaction, including those that the Debtors, the Post-Effective Date Debtors, or the Plan Administrator would have been legally entitled to assert or that any Holder of a Claim against or interest in the Debtors or any other Entity could have been legally entitled to assert derivatively or on behalf of the Debtors or their Estates; *provided*, *however*, that the foregoing Debtors' Releases shall not operate to waive or release any Claims or Causes of Action of the Debtors or their Estates against a Released Party arising under any contractual obligation owed to the Debtors, the Post-Effective Date Debtors, or the Plan Administrator that is entered into pursuant to this Plan.**

**(b)    Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtors' Releases set forth in Section 10.1(a) above, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Debtors' Releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of the Claims released by the Debtors' Releases; (3) in the best interests of the Estates and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar against any of the Estates, the Post-Effective Date Debtors, or the Plan Administrator, asserting any Claim or Cause of Action released pursuant to the Debtors' Releases.**

**(c)    The foregoing Debtors' Releases are an integral component of the Global Settlement.**

---

[1]   A capitalized term used but not defined in this Annex 1 shall have the meaning ascribed to it in the Plan. For reference purposes only, annexed hereto are key definitions excerpted from the Plan.

**10.2    Third Party Releases.**

(a)    On the Effective Date and to the fullest extent authorized by applicable law, the Releasing Parties shall be deemed to have expressly, unconditionally, generally, individually, and collectively, released and acquitted the Released Parties and their respective property from any and all actions, Claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative or deficiency claims asserted or that could be asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, that such Holder (whether individually or collectively) ever had, now has, or hereafter can, shall or may have, based on or relating to, or in any manner arising from or related in any way to the Debtors, any of the Debtors' present or former assets, the Released Parties' interests in or management of the Debtors, the business, or contractual arrangements between the Debtors and any Released Party, this Plan, the Disclosure Statement, the Chapter 11 Cases, or the Sale Transaction, including those that the Debtors, the Post-Effective Date Debtors, or the Plan Administrator would have been legally entitled to assert or that any Holder of a Claim against or interest in the Debtors or any other Entity could have been legally entitled to assert derivatively or on behalf of the Debtors or their Estates, including any deficiency claim under Washington State partnership law, except for (1) Tyson-Segale Preserved Claims, (2) Cody Easterday Preserved Claims, and (3) the right to receive Distributions from the Debtors, the Post-Effective Date Debtors, or the Plan Administrator on account of an Allowed Claim against the Debtors pursuant to this Plan. For the avoidance of doubt, the Releasing Parties shall include (1) the Released Parties, (2) Holders of Interests except as carved out for certain Creditors, and (3) all Holders of Claims that (a) vote to accept the Plan and (b) do not affirmatively opt out of the Third Party Release provided by this section pursuant to a duly executed ballot. Notwithstanding anything to the contrary contained herein, in no event shall an Entity that (1) does not vote to accept or reject this Plan, (2) votes to reject this Plan, or (3) appropriately marks the ballot to opt out of the Third Party Release provided in this section and returns such ballot in accordance with the Solicitation Procedures Order, be a Releasing Party unless they have otherwise agreed to a release.

(b)    Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Releases set forth in Section 10.2(a) above, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third Party Releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of the Claims released by the Third Party Releases; (3) in the best interests of the Debtors, their Estates, and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar against any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third Party Releases.

(c)    The foregoing Third Party Releases are an integral component of the Global Settlement.

**10.3    Exculpation and Limitation of Liability.**

(a)    The Exculpated Parties will neither have nor incur any liability to any entity for any claims or Causes of Action arising on or after the Petition Date and prior to the Effective

**Date for any act taken or omitted to be taken in connection with, or related to (i) the Chapter 11 Cases, (ii) the Sale Transaction (including the leaseback by FRI of certain FRI Assets to the Debtors pursuant to the Temporary Lease Agreement), (iii) any other sales consummated during the Chapter 11 Cases, (iv) the Global Settlement Term Sheet, (v) formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the consummation of this Plan, or any other contract, instrument, release or other agreement or document created or entered into in connection with this Plan, including the Disclosure Statement, (vi) any other postpetition act taken or omitted to be taken in connection with or in contemplation of Confirmation of this Plan, or (vii) the approval of the Disclosure Statement and Plan or Confirmation or Consummation of the Plan,** *provided*, *however*, **that the foregoing provisions will have no effect on the liability of any entity that results from any such act or omission that is determined in a Final Order of the Bankruptcy Court or other court of competent jurisdiction to have constituted gross negligence, actual fraud, or willful misconduct.**

**(b) The Exculpated Parties have, and upon Confirmation of this Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and Distributions pursuant to the Plan, and, therefore, are not, and on account of such Distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or such Distributions made pursuant to the Plan.**

**10.4** <u>**Injunction**</u>**.**

(a) FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER ANY CAUSE OF ACTION RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.

(b) FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN SECTIONS 10.1 THROUGH 10.3, THE APPLICABLE RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST OR REMEDY RELEASED OR TO BE RELEASED UNDER THIS PLAN OR THE CONFIRMATION ORDER.

(c) EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED PURSUANT TO THE PLAN OR THAT ARE SUBJECT TO THE EXCULPATORY PROVISIONS OF SECTION 10.2, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN

CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN; AND (V) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM WITH THE PROVISIONS OF THE PLAN TO THE FULL EXTENT PERMITTED BY APPLICABLE LAW.

(d) THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS HEREIN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTORS OR ANY OF THEIR ASSETS, PROPERTY, OR ESTATES.

(e) ALL ENTITIES SHALL BE PRECLUDED FROM ASSERTING AGAINST THE PLAN ADMINISTRATOR, THE POST-EFFECTIVE DATE DEBTORS, THE ADMINISTRATIVE AGENT, AND EACH OF THEIR RESPECTIVE ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS, OR ANY ACT OR OMISSION, TRANSACTION OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE. NOTHING IN THIS SECTION 10.4 SHALL ENJOIN ANY CLAIM OR CAUSE OF ACTION THAT IS NOT RELEASED OR EXCULPATED PURSUANT TO SECTIONS 10.1, 10.2, AND 10.3 OF THIS PLAN OR THE CONFIRMATION ORDER.

(f) NOTWITHSTANDING ANY OTHER PROVISION OF THIS PLAN TO THE CONTRARY, THE DEBTORS SHALL NOT RECEIVE A DISCHARGE.

**KEY DEFINITIONS FROM PLAN**

**1.51** **Debtor Exculpated Parties:** The Debtors and their respective Related Parties. For the avoidance of doubt, Debtor Exculpated Parties shall include, the Independent Directors, Pachulski Stang Ziehl & Jones LLP, Paladin Management Group, Peter Richter, and T. Scott Avila.

**1.64** **Easterday Family**: Cody A. Easterday, Karen L. Easterday (in her individual capacity and as the personal representative of the Estate of Gale A. Easterday), and Debby Easterday.

**1.66** **Easterday Family Related Parties**: Any Related Parties of the Easterday Family, including, for the avoidance of doubt, Sussman Shank LLP, Tonkon Torp LLP, Jordan Ramis PC, Northwest CPA Group, PLLC, Widner Consulting, LLC, and Lindy Widner.

**1.67** **Easterday Family Released Parties**: The Easterday Family and their Related Parties, including, but not limited to, those persons and entities identified on Exhibit H that have executed a Mutual Release Agreement on or prior to the Effective Date; provided, however, that any person or entity identified in Part One on Exhibit H that has not executed a Mutual Release Agreement on or prior to the Effective Date shall not be an Easterday Family Released Party.

4

DOCS_SF:107479.1

**1.68** **Easterday Family Releasing Parties:** The Easterday Family Released Parties.

**1.74** **Estate Released Parties**: Collectively, (a) the Debtors and their respective Related Parties, including the Independent Directors, Pachulski Stang Ziehl & Jones LLP, Paladin Management Group, Peter Richter, and T. Scott Avila, (b) the Ranches Committee and its Related Parties, (c) the Farms Committee and its Related Parties, (d) Tyson and its Related Parties, and (e) Segale and its Related Parties.

**1.76** **Exculpated Parties**: Collectively, (a) the Debtor Exculpated Parties, (b) the Easterday Family and their Related Parties, (c) the Replacement Directors and their Related Parties, (d) the Ranches Committee and its Related Parties, (e) the Farms Committee and its Related Parties, (f) Tyson and its Related Parties, (g) Segale and its Related Parties, and (h) FRI and its Related Parties.

**1.137** **Related Parties**: Collectively, all of the respective accountants, agents, attorneys, bankers, consultants, financial advisors, investment bankers, professional persons, representatives, and successors and assigns of the referenced Person; *provided, however*, that the Debtors' Related Parties will be limited to the following Persons: R. Todd Neilson; Craig Barbarosh; Thomas Saunders V; T. Scott Avila; Peter Richter; Paladin Management Group, LLC (and each of their subcontractors and their respective Related Parties); Pachulski Stang Ziehl & Jones LLP; Bush Kornfeld LLP; and Davis Wright Tremaine LLP; *provided further*, for the avoidance of doubt, with respect to each Committee, "Related Parties" shall include the members of such Committee but solely in their capacity as a member of such Committee, each of such member's representatives with respect to the Committee, and their counsel, if any; *provided further*, with respect to the Easterday Family, "Related Parties" shall also include any and all related family members and entities (except for Weyns Farms LLC) in which the Easterday Family or their related family members own an interest and those Persons' Related Parties.

**1.138** **Released Parties:** Collectively, (a) the Debtors' and their Related Parties, (b) the Easterday Family Released Parties and their Related Parties, (c) the Farms Committee and its Related Parties, (d) the Ranches Committee and its Related Parties, (e) Tyson and its Related Parties, (f) Segale and its Related Parties, and (g) FRI and its Related Parties.

**1.139** **Releasing Parties:** Collectively, (a) the Released Parties; (b) all Holders of Claims that (i) vote to accept the Plan and (ii) do not affirmatively opt out of the Third Party Release provided by Section 10.2(a) hereof pursuant to a duly executed Ballot; *provided that*, notwithstanding anything contained herein to the contrary, in no event shall the Holder of a Claim that (x) does not vote to accept or reject this Plan, (y) votes to reject this Plan, or (z) appropriately marks the Ballot to opt out of the Third Party Release provided in Section 10.2(a) hereof and returns such Ballot in accordance with the Solicitation Procedures Order, be a Releasing Party; and (c) with the respect to the Easterday Family Released Parties, Releasing Parties shall also include the Additional Easterday Family Releasing Parties.