ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com,
tbuford@bskd.com, and rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and
jrosell@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for former Chapter 11 Debtors and Debtors in Possession*

HON. WHITMAN L. HOLT
HEARING DATE: Oct. 11, 2022
HEARING TIME: 1:30 p.m. PST
LOCATION: Telephonic

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-WLH11 Jointly Administered |
| Debtors.[1] | **REPLY IN SUPPORT OF FINAL APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR** |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

REPLY IN SUPPORT OF PACHULSKI STANG ZIEHL & JONES LLP FINAL FEE APPLICATION – Page 1

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 1879    Filed 10/03/22    Entered 10/03/22 13:44:15    Pg 1 of 12

**THE PERIOD FEBRUARY 1, 2021 THROUGH AUGUST 1, 2022**

Pachulski Stang Ziehl & Jones LLP ("PSZJ"), attorneys for Easterday Ranches, Inc. ("Ranches") and Easterday Farms ("Farms"), debtors and debtors in possession (the "Debtors"), hereby files this reply (this "Reply") to the *Objection to Fourth Interim Fee Application of Pachulski, Stang, Ziehl, & Jones* [Docket No. 1783] and *Supplement to Objection to Fourth Interim Fee Application of Pachulski, Stang, Ziehl, & Jones; and Objection to Final Fee Application* [Docket No. 1865] (the "Objections") filed by the Acting United States Trustee (the "UST"), and in support of the *Fifth Interim and Final Application of Pachulski Stang Ziehl & Jones LLP for Compensation and Reimbursement of Expenses for The Period February 1, 2021 Through August 1, 2022* [Docket No. 1850] (the "Application").[2] In support of this Reply, PSZJ respectfully represents as follows:

## I.

## PRELIMINARY STATEMENT

The UST's Objection is a rehashed argument premised upon PSZJ having a purported conflict of interest due to its joint representation of the two related Debtors, Farms and Ranches, during the negotiation with third parties of their combined chapter 11 plan. The UST now contends that this "conflict" was a disqualifying one but did not in fact seek to disqualify PSZJ from representing the Debtors when the purported "conflict" surfaced. Nor has the UST sought to disqualify or reduce the fees of the Debtors' other professionals despite the fact that their joint representations of the Debtors presumably have suffered from the same debilitating conflict. Only now, after PSZJ's efforts helped the Debtors to achieve a universally lauded solution to these

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Application.

REPLY IN SUPPORT OF PACHULSKI STANG ZIEHL & JONES LLP FINAL FEE APPLICATION – Page 2

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

cases, has the UST objected to PSZJ's fees specifically to the extent that they were incurred in the negotiation of the very global settlement that paved the way for confirmation of a fully consensual plan that provides for 100% recovery of Farms' creditors and had the support of the Easterday family. Importantly, as discussed below, PSZJ's duties ran to Farms not its creditors and shareholders and all proposed plans accorded with PSZJ's fiduciary responsibilities. While Bankruptcy Code section 328(c) serves as a gatekeeper on counsel that fails to disclose or adequately address conflicts of interest, the UST's overly rigid reading of Bankruptcy Code section 328(c) is misplaced here: PSZJ was duly employed after full disclosure and a hearing on the merits of the joint representation, and PSZJ has ably and vigorously represented the estates. Each of the other constituencies in this case including Farms' creditors' committee and the Easterdays (i.e. equity holders) were skillfully represented. For the foregoing reasons, and as discussed below, the UST's Objection should be overruled and the Application approved in its entirety.

## II.

## THE UST'S OBJECTION SHOULD BE OVERRULED

A. **The UST's Objection to the Application Is Premised Upon a Non-Existent Conflict of Interest.**

Section 328(c), by its terms, provides that a court may deny compensation to professionals in certain circumstances. The relevant language of § 328(c) reads:

> Except as provided in section 327(c), 327(e), or 1107(b) of this title, the court *may* deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an

REPLY IN SUPPORT OF PACHULSKI STANG ZIEHL & JONES LLP FINAL FEE APPLICATION – Page 3

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 1879    Filed 10/03/22    Entered 10/03/22 13:44:15    Pg 3 of 12

interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.[3]

The idiom "interest adverse" is not defined by statute. "Disinterested person," in turn, is defined but only in similarly opaque terms, as including, *inter alia*, one who does not have "an interest ***materially*** adverse to the interest of the estate or of any class of creditors or equity security holders."[4]

A generally accepted definition of "adverse interest" is the (1) possession or assertion of an economic interest that would tend to lessen the value of the bankruptcy estate; or (2) possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant; or (3) possession of a predisposition under circumstances that create a bias against the estate.[5]

The Debtors' proposals for treatment of Farms' creditors and equity holders in the initial plan negotiations as set forth in the First and Second Amended Plans, is not the concern of section 328(c). As bankruptcy counsel to Farms and Ranches, PSZJ's fiduciary duties were to Farms and Ranches as entities, not to their principals.[6] In light of Ranches' substantive consolidation claim against Farms and other related asset allocation issues, it was in the best interests of the estates of Farms and Ranches – and all constituencies – that a fully consensual plan be negotiated. Any plan proposal that completely ignored Ranches' substantive consolidation claims against Farms would have been a non-starter to the Ranches creditors' committee and only have prolonged negotiations or destroyed them altogether.

---

[3] 11 U.S.C. § 328(c) (emphasis added).

[4] Bankruptcy Code § 101(14), 11 U.S.C. § 101(14) (emphasis added).

[5] *Dye v. Brown (In re AFI Holding, Inc.)*, 355 B.R. 139, 151 (BAP 9th Cir. 2006).

[6] *In re Graybill Corp.*, 113 B.R. 966 (Bankr. N.D. Ill. 1990); *In re Wild Horse Enterprises, Inc.*, 136 B.R. 830 (Bankr. C.D. Cal. 1991) (citing *Graybill*).

REPLY IN SUPPORT OF PACHULSKI STANG ZIEHL & JONES LLP FINAL FEE APPLICATION – Page 4

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 1879    Filed 10/03/22    Entered 10/03/22 13:44:15    Pg 4 of 12

## B. The UST's Rigid Construction of Section 328(c) Is Improper.

As noted above, the statute provides that bankruptcy court "may" disallow fees if the standards of Bankruptcy Code section 328(c) are met.[7] Congress's use of the word "may" instead of "shall" in the statute makes clear that denial of fees is not mandatory.[8]

Against this backdrop, courts are rightly circumspect about dismissing or replacing a conflicted estate representative during a litigious, complex case.[9] Counsel, moreover, is at that point in the untenable position of choosing between a solution to resolve the conflict that might not best serve the client (withdrawal and substitution of new counsel for one or more of the debtors) or continuing to provide services in good faith at risk of non-payment. The UST's proposed rigid enforcement of section 328(c) does not reflect the reality of complex, multiple debtor cases such as these, where creditors' committees are appointed and constituencies employ their own counsel to avoid prejudice from such conflicts.

---

[7] 11 U.S.C. § 328(c).

[8] *Matter of Haldeman Pipe and Supply Co.*, 417 F.2d 1302, 1305-06 (9th Cir. 1969) (the existence of a dual representation alone does not strip counsel of right to compensation for work performed in good faith for the estate; the bankruptcy court must exercise its discretion); *In re Roberts*, 75 B.R. 402, 413 (D. Utah 1987) (same); *In re Shafer Bros. Constr. Inc.*, 525 B.R. 607, 613–14 (Bankr. N.D. W. Va. 2015) ("The decision whether to deny fees to a professional who is not disinterested is within the discretion of the bankruptcy court."); *Roberts*, 75 B.R. at 412 (section 328(c) penalty inappropriate where the equities outweighed the need for attorney discipline); *see also* 3 COLLIER ON BANKRUPTCY ¶ 328.05 ("Because the denial of compensation and reimbursement of expenses after services have been performed may be draconian and inherently unfair, this sanction should not be rigidly applied in the absence of actual injury or prejudice to the debtor's estate.").

[9] *In re BHP, Inc.*, 949 F.2d 1300, 1310 (3d Cir. 1991) (holding that it would be unfair and unsound from a standpoint of administrative efficiency and economy to disqualify a trustee on the basis that he was a "creditor" because he was trustee of multiple debtors that filed claims against each other); *Dye v. Brown (In re AFI Holding, Inc.)*, 530 F.3d 832, 838 (9th Cir. 2008) (in assessing motion to remove chapter 7 trustee due to connections with insiders, a *per se* rule is not appropriate; courts must consider the totality of circumstances that takes into account impact on the estate) (adopting BAP's reasoning at *Dye v. Brown (In re AFI Holding, Inc.)*, 355 B.R. 139, 151 (BAP 9th Cir. 2006), citing *In re BH P*); *In re OPM Leasing Services, Inc.*, 16 B.R. 932, 938 (Bankr. S.D.N.Y. 1982) ("The realities and practicalities of bankruptcy administration in large, complex cases, such as these, makes it doubtful that a court will sever an established trusteeship over multi-related corporations in cases that are well progressed unless there is a showing of actual, present conflict incapable of any other equitable resolution, especially where, as here, full disclosure of the potential for conflict was made at the outset of appointment.").

REPLY IN SUPPORT OF PACHULSKI STANG ZIEHL & JONES LLP FINAL FEE APPLICATION – Page 5

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 1879    Filed 10/03/22    Entered 10/03/22 13:44:15    Pg 5 of 12

The decision of the Bankruptcy Court for the District of Arizona in *In re Guy Apple Masonry Contractor, Inc.*,[10] is instructive. In *Guy Apple Masonry*, on application for payment of fees to counsel for the debtor in possession, the bankruptcy court held that: (i) a proper affidavit and application were to be filed; (ii) the court had the power to enter a *nunc pro tunc* order approving appointment and would determine whether to do so following receipt of said affidavit and application; and (iii) counsel's representation of a related entity was not so materially adverse as to warrant withholding approval of appointment as debtor's counsel, in view of fact that two prior applications for fees had been approved without objection and fact that debtor had proposed a plan calling for 100 percent payment of all creditors, but counsel would not receive payment of further interim or final compensation until plan was confirmed and implemented. In so holding, the court reasoned:

> **"It cannot be denied that conflicts of interest exist in the present case. Both the inter-company unsecured and administrative claims create actual conflicts of interest."** . . . . **"The most compelling reason for the Court's decision is the fact debtor has proposed a plan calling for the 100% payment of all creditors."** . . . . Even at the time of hearing on University Block's motion to dismiss, that entity attempted to justify the propriety of its motion on the grounds the creditors of Guy Apple would be paid 100%. While the debtor's ability to pay creditors in full may be contingent upon the amount of the allowed claims arising from rejection or expiration of the collective bargaining agreement, no one can now say that result is improbable or impossible. Debtor has stated it has a current asset-to-debt ratio of 1.4 to 1 and that Mr. Apple, personally, has committed to supplying at least some of the funds necessary for the plan. It is difficult to see how the estate will have been prejudiced by this conduct if all creditors are paid 100%. This lack of prejudice to the estate,

---

[10] 45 B.R. 160 (Bankr. D. Ariz. 1984).

REPLY IN SUPPORT OF PACHULSKI STANG ZIEHL & JONES LLP FINAL FEE APPLICATION – Page 6

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 1879    Filed 10/03/22    Entered 10/03/22 13:44:15    Pg 6 of 12

coupled with the ability to solve the conflict by the appointment of special counsel, in addition to the factors cited above, leads to the conclusion a formal order approving retention of counsel for the debtor is not prohibited. **The primary factors involved in this determination is the lack of prejudice to the estate if creditors are paid 100% and the ability to cure present conflicts by the appointment of special counsel."**[11]

The Bankruptcy Court for the Southern District of Florida held similarly in *In re General Coffee Corp.*[12] In *General Coffee*, the bankruptcy court approved the fees of counsel to four related debtors. It had been argued that because the interests of the several debtors are, in some respects, in conflict, the debtors' counsel should be denied any compensation under § 328(c). The court observed that it had become apparent since counsel's initial employment that a conflict exists as to some matters. However, no party had sought the removal of counsel or, until the hearing on interim compensation, voiced any concern. The court reasoned that it would be "completely unfair to disqualify counsel from all compensation on this account. I am satisfied that counsel has moved and will continue to move promptly to avoid any foreseeable conflicts of interest."[13]

Here, as in *Guy Apple Masonry* and *General Coffee*, the circumstances clearly establish that the equities favor approval of the Application and a finding of the lack of any prejudice to the estates, as set forth below.

---

[11] *Id.* at 166-67 (emphasis added).

[12] 39 B.R. 7 (Bankr. S.D. Fla. 1984). *See also In re Global Marine, Inc.*, 108 B.R. 998 (Bankr. S.D. Tex. 1987) (the mere existence of intercompany claim between parent-holding company and its subsidiary did not show actual conflict of interest by law firm representing both parent and subsidiary in consolidated chapter 11 proceedings which required disqualification of law firm from representing either party; corporations had agreed to dual representation, and there was no showing of any instance in which dual representation had caused any injury to estate of subsidiary).

[13] *Id.* at 8.

REPLY IN SUPPORT OF PACHULSKI STANG ZIEHL & JONES LLP FINAL FEE APPLICATION – Page 7

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 1879    Filed 10/03/22    Entered 10/03/22 13:44:15    Pg 7 of 12

### 1. The Firm Has Successfully Served as an "Honest Broker" to Balance the Competing Interests of the Two Estates to the Benefit of All Parties

These cases involved a significant number of competing interests as between lenders, creditors and equity holders. Moreover, the UST appointed two unsecured creditors' committees – one for each estate. Accordingly, the number of parties with their separate professionals at the table is larger than a typical case. Naturally, the two creditors' committees maintained competing interests – alongside the interests of Washington Trust Bank, Tyson Fresh Meats, Inc., Segale, various lenders including Prudential, Equitable and others, as well as the Easterday family. The Debtors have benefited from PSZJ's vast restructuring experience enabling them to effectively serve as an honest broker, to maintain peace, and to keep these cases from spiraling out of control given the various competing interests.

### 2. The Compensation Sought Is Commensurate with the Amount Involved and the Results Achieved

Ultimately, notwithstanding the overall contentious nature of these chapter 11 cases, the global settlement and plan were overwhelmingly either supported or unopposed by the parties in interest, including the Official Committees of Unsecured Creditors of the Debtors, Tyson, Segale, Washington Trust Bank, and the Easterday family.

The plan negotiations required sophisticated and experienced corporate restructuring counsel. The Debtors conducted simultaneous negotiations with multiple parties that were extremely complex. These negotiations necessarily drew upon PSZJ's expertise and the factual and legal issues developed over the several months of their representation of the Debtors.

REPLY IN SUPPORT OF PACHULSKI STANG ZIEHL & JONES LLP FINAL FEE APPLICATION – Page 8

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 1879    Filed 10/03/22    Entered 10/03/22 13:44:15    Pg 8 of 12

The Debtors' strategy and diligence, as assisted in part by PSZJ, were rewarded when the global settlement was reached. Additionally, the Debtors' strategy with PSZJ's continued representation reaped further dividends when the Plan was confirmed.

The outcome of these cases will enable payment in full of Farms' unsecured creditors and a significant distribution to Ranches' unsecured creditors. There has been no objection to the reasonableness of PSZJ's fees other than the UST's Objection.

### 3. Key Constituencies in These Cases – All of Which Executed the Global Resolution – Were Represented by Skilled Counsel Throughout the Plan Negotiations

Key constituents in these cases all hired skilled law firms and financial advisors, among them Bryan Cave Leighton Paisner, B. Riley Advisory Services, Buchalter, Cooley LLP, Debevoise & Plimpton LLP, Dundon Advisers LLC, Perkins Coie LLP, and Stoel Rives LLP.

### 4. PSZJ Was Duly Employed by the Bankruptcy Court Upon Full Disclosure of All Relevant Connections

PSZJ's employment was duly filed and approved by the bankruptcy court pursuant to Bankruptcy Code section 327(a). There is no contention that PSZJ failed to disclose any relevant connections in connection with its employment application.

### 5. The Other Two Law Firms Employed by the Debtors Joint Counsel Presumably Have the Same Purported Disqualifying Conflict as PSZJ Yet the UST Inexplicably Solely Objected to PSZJ's Fees

As noted above, the UST has not objected to the fees of Bush Kornfeld LLP or Davis Wright Tremaine LLP despite the fact that they would have the same disqualifying conflicts of interest as PSZJ.

REPLY IN SUPPORT OF PACHULSKI STANG ZIEHL & JONES LLP FINAL FEE APPLICATION – Page 9

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 1879    Filed 10/03/22    Entered 10/03/22 13:44:15    Pg 9 of 12

## C. Each of the Cases Cited by the UST Have No Bearing on the Issues.

The cases cited by the UST in the Objection are not even remotely on point. *Rome v. Braunstein*, 19 F.3d 54 (1st Cir. 1994), involved counsel who, while he was representing a corporate chapter 11 debtor, also simultaneously represented the debtor's sole shareholder against whom the debtor held claims for prepetition looting <u>and</u> one of the debtor's former officers as purchaser of assets from the debtor's estate. Counsel filed three aborted plans of reorganization on behalf of the debtor, none of which was confirmed. The court disqualified counsel on the grounds of his failure to make full and spontaneous disclosure of the financial transactions among the debtor, its sole shareholder and family members shortly before counsel filed the chapter 11 petition or to obtain court authorization to represent the debtor's former officer in connection with the section 363 sale. Notably, the First Circuit acknowledged that in certain cases the bankruptcy court could allow fees of conflicted counsel if it found, "in the sound exercise of its discretion, that any potential impairment of its institutional integrity, or risk of divided loyalty by counsel, was substantially outweighed by the benefits to be derived from counsel's continued representation of multiple entities or the impracticability of disentangling multiple interests 'without unreasonable delay and expense.'" *Id.* at 63 n.3.

In *In re Land*, 116 B.R. 798 (D. Col. 1990), an attorney was paid a prepetition retainer by the debtors and for years represented the debtors in exchange for payment by the debtors' relatives but failed to file an employment application until compelled to do so by the bankruptcy court. When the attorney finally filed the application *nunc pro tunc*, the court ordered disgorgement of fees based on a lack of extraordinary circumstances justifying the attorney's delay in filing the application.

In *Security Pacific Bank Washington v. Steinberg (In re Westwood Shake & Shingle, Inc.)*, 971 F.2d 387 (9th Cir. 1992), the Ninth Circuit dismissed an appeal of a

REPLY IN SUPPORT OF PACHULSKI STANG ZIEHL & JONES LLP FINAL FEE APPLICATION – Page 10

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

fj03gy01hy

21-00141-WLH11    Doc 1879    Filed 10/03/22    Entered 10/03/22 13:44:15    Pg 10 of 12

district court's order affirming a bankruptcy court order approving employment of special litigation counsel over objection that counsel was conflicted by its dual representation of the debtor's principals in the state court litigation. In dicta, the Ninth Circuit stated that if counsel was not disinterested, the bankruptcy court could waive counsel's fees under section 328(c).

Next, *Adorno & Yoss LLP v. United States Tr. (In re 3DFX Interactive, Inc.)*, 2008 Bankr. LEXIS 4702 (9th Cir. BAP Feb. 6, 2008), involved the disqualification of special litigation counsel to a creditors committee on the grounds that it also represented a creditor in litigation against the trustee that, if the trustee prevailed, would generate recovery for creditors.

Finally, each of the cases *In re Wheatfield Bus. Park LLC*, 286 B.R. 412 (Bankr. C.D. Cal. 2002), *In re McKinney Ranches Assoc.*, 62 B.R. 249 (Bankr. C.D. Cal. 1986), and *Interwest Business Equip. v. United States Trustee (In re Interwest Business Equip.)*, 23 F.3d 311 (10th Cir. 1994), are also inapposite. None of these cases involved a section 328(c) motion but rather whether a joint representation of debtors should be approved.

None of the UST's cases involve the application of Bankruptcy Code section 328(c) to complex, multiple debtor representations that were approved by the court and where the interests of the various constituencies have their own counsel. Here, not only were the representations previously approved and all parties had their own sophisticated counsel, but they also coalesced in support of the confirmed chapter 11 plan just as hoped by the Debtors at the outset of their retention of PSZJ to handle these matters.

## III.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, and such additional reasons as may be advanced at or prior to the hearing regarding the Application, the Debtors

REPLY IN SUPPORT OF PACHULSKI STANG ZIEHL & JONES LLP FINAL FEE APPLICATION – Page 11

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 1879    Filed 10/03/22    Entered 10/03/22 13:44:15    Pg 11 of 12

respectfully request (a) the entry of an Order approving the Application, and (b) such other and further relief as the court may deem just and proper.

Dated: October 3, 2022          BUSH KORNFELD LLP

/s/ Thomas A. Buford, III
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
JASON H. ROSELL (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for former Chapter 11 Debtors and Debtors in Possession*

REPLY IN SUPPORT OF PACHULSKI STANG ZIEHL & JONES LLP FINAL FEE APPLICATION – Page 12

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067-4003
Telephone (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

21-00141-WLH11    Doc 1879    Filed 10/03/22    Entered 10/03/22 13:44:15    Pg 12 of 12